**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| JESSICA KRAFT, INDIVIDUALLY AND AS PARENT OF MINORS L.K., S.K., and O.K.; SHELLI SCHNEIDER, INDIVIDUALLY AND AS PARENT OF MINORS A.S and W.S.; ANNE BAILEY, INDIVIDUALLY AND AS PARENT OF MINOR D.B.; AMY LAVELLE, INDIVIDUALLY AND AS PARENT OF MINORS Em.L. and El.L; ELIZABETH BEATON, INDIVIDUALLY AND AS PARENT OF MINOR M.B.; AMANDA AND TYRELL FAUSKE, INDIVIDUALLY AND AS PARENTS OF MINORS C.R.F and C.J.F.; JENNIFER REIN, INDIVIDUALLY; and JESSICA BERG, INDIVIDUALLY AND AS PARENT OF MINORS A.B. and S.B., individually and on behalf of all others similarly situated, | No. 3:20-CV-121 |
| | JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, | |
| Defendants. | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**
**TO DEFENDANT ESSENTIA HEALTH**

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiffs request that defendant Essentia Health produce for inspection the documents and electronically-stored information requested herein within 30 days, in accordance with the definitions and instructions that follow.

**DEFINITIONS**

1.    "Action" means the above-captioned putative class action.

2.    "Affected Medications" means the TTSPPs subject to the Disclosed Temperature Excursion.

3.    "CDC" means the United States Centers for Disease Control and Prevention.

4.    "Communication" and "Communications" are used in a comprehensive sense, and mean and include every conceivable manner or means of disclosure, transfer, transmittal, or exchange of oral, written, electronic, or other information, in the form of facts, ideas, inquiries, or otherwise, between or among one or more persons or entities, and include, without limitation, all documents, writings, correspondence, memoranda, messages, meetings, conversations, discussions, conferences, agreements, e-mails, or other transmittal of information, whether face-to-face, by telephone, by mail, by facsimile, by computer, or otherwise, and further include, without limitation, all forms of electronic communications and messages.

5.    "Dakota" means Dakota Clinic Pharmacy, LLC and all of its present and former officers, directors, committees, consultants, employees, experts, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

6.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" further includes, but is not limited to, any and all forms of recorded information, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, including all originals, revisions, and markups of drafts, and all files, documents, databases, e-mails, and other data maintained in computer-readable form. The term "document" specifically includes, but is not limited to: working papers; communications, including intra-company communications; minutes and records of meetings; letters; facsimile

transmissions; telegrams; telephone bills and records; cables; records; books; summaries or records of personal conversations or interviews; legal pleadings; affidavits; deposition transcripts; trial transcripts; forecasts; statistical statements; accountants' work papers; brochures; pamphlets; circulars; press releases; agreements; contracts; telephone messages, slips and logs; diary entries; electronic mail and messages of every kind; calendars; reports; evaluations; assessments; analyses; test results; correspondence; memoranda; notes; video recordings of every kind; audio recordings of every kind; electronic recordings of every kind; drawings; graphics; graphs; maps; diagrams; charts; photographs; tables; indices; recordings; tapes; microfilms; reports of investigations; opinions or reports of consultants; data processing and computer printouts, tapes, disks, and data and information stored in computers or data processing equipment, together with programs and program documentation necessary to utilize or retrieve such data or information; all other mechanical or electronic means of storing or recording data or information; and any other data compilation from which information can be obtained and translated through detection devices into reasonably usable form.

7.    "Disclosed Temperature Excursion" means the Temperature Excursion at Dakota publicly disclosed by Essentia in or about April 2020.

8.    "Essentia" means Defendant Essentia Health and all of its present and former officers, directors, committees, consultants, employees, experts, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

9.    "FAC" means the proposed First Amended Class Action Complaint.

10.    "FDA" means the U.S. Food and Drug Administration.

11.    "Identify" or "identity" means to state or a statement of:

    a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address

of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

b.  in the case of a natural person, his or her name, business address and telephone number, employer, job title or position, to whom they reported, and role;

c.  in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d.  in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e.  in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

12.    "Innovis" means Innovis Health, LLC and all of its present and former officers, directors, committees, consultants, employees, experts, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

13.    "Government Agency" means any domestic federal or state agency, or any foreign governmental agency or regulator.

14.    "Medical Provider" means, but is not limited to, hospitals, pharmacies, labs, clinics, doctors, nurses, and physician assistants.

15.    "Temperature Excursion" means an excursion event in which a TTSPP is exposed to temperatures outside the range(s) prescribed for storage and/or transport.

16.　"TTSPP" means a time and temperature sensitive pharmaceutical product.

17.　"You" or "Your" means Essentia.

## INSTRUCTIONS

1.　All documents that exist in electronic format are to be produced in their native format, or in another mutually agreeable format that provides Plaintiffs with all metadata associated with such electronic documents and allows Plaintiffs to search and organize such electronic documents in a manner that is as effective and efficient as that enjoyed by the producing party. Even if an alternative format is agreed to by the parties for some documents, (i) all excel spreadsheets, powerpoint presentations, or any other document containing embedded data, instructions, or notes should be produced in native format; and (ii) any document which contains color should be produced in color regardless of production format.

2.　All documents produced must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container unless it is not possible to do so.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.

3.　For any communication produced, any document referenced therein shall be produced.

4.　If any document was, but is no longer, in Your possession or subject to Your control, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of, and in each instance explain the circumstances of such disposition, and state the approximate date thereof.

5.    As used herein, reference to any entity, company, corporation, organization, and/or agency includes its former and present directors, members, partners, predecessors, subsidiaries, divisions, affiliates, committees, employees, staff, consultants, independent contractors, and/or actual and apparent agencies.

6.    The use of the singular form of any word includes the plural and vice versa.

## DOCUMENT REQUESTS

### A.    Background

1.    Documents sufficient to show the organizational structure of Essentia.

2.    Documents sufficient to show Essentia's document retention, destruction, deletion, and disposal policies and practices from January 1, 2016 through the present.

3.    Documents sufficient to show any relationships or agreements between Essentia and any of the following: Innovis, Dakota, any Medical Provider who administered an Affected Medication, or any manufacturer of an Affected Medication.

4.    All Documents in which you, Innovis, or Dakota represented, directly or indirectly, to the public that Innovis or Dakota are Essentia, do business as Essentia, or are owned by Essentia.

5.    All documents reflecting any insurance coverage, indemnification agreements, assignments of liability, hold harmless agreements, or other agreements relating to the facts alleged in the Action.

### B.    TTSPPs

6.    All documents relating to your policies or practices relating to, and your role with respect to, the quality or safety of TTSPPs and distributors of TTSPPs.

7.    All documents relating to Dakota's facilities, practices, or quality control as each relates to TTSPPs.

8.    Documents sufficient to identify all regulations of any Government Agency relevant to the alleged facts in the FAC, including but not limited to Your responsibility for quality

control of TTSPPs or the distribution chain for TTSPPs.

**C.      Temperature Excursion and Affected Medications**

9.      All documents relating to the Disclosed Temperature Excursion.

10.     All documents relating to any Temperature Excursion at Dakota.

11.     Documents sufficient to identify the types of Affected Medications, including but not limited to their names; NDC, J-Codes or other unique FDA-designated identifiers; and manufacturer.

**D.      Communications**

12.     All Documents relating to any information, guidance, or recommendation given by you or on your behalf to any Medical Provider relating to the treatment of or follow-up for patients who received an Affected Medication relating to the Affected Medications or Disclosed Temperature Excursion.

13.     All Documents relating to any submissions, filings, or reports – whether made by you or another entity – to any Government Agency relating to the Temperature Excursion or Affected Medications.

14.     All Communications relating to the Temperature Excursion or Affected Medications between You or any person on your behalf and any of the following:

      a.  Dakota;

      b.  Innovis;

      c.  the FDA;

      d.  the CDC;

      e.  the North Dakota Department of Health;

      f.  the Minnesota Department of Health;

      g.  any Government Agency;

      h.  any Medical Provider;

      i.  any person who paid for or received an Affected Medication;

j.  any third parties retained by you in connection with or to perform services relating to the Temperature Excursion or Affected Medications;

k.  the news media, including organizations, reporters, and journalists, whether in television, print, radio, or Internet.

### E.    Putative Class Members

15.    Documents and data sufficient to identify:

a.  Each person or entity who paid, directly or indirectly, whether in whole or in part, for an Affected Medication;

b.  The person who was administered the Affected Medication;

c.  The date of birth of the patient administered the Affected Medication;

d.  The Affected Medication received by the patient;

e.  The date the Affected Medication was administered;

f.  The Medical Provider who administered the Affected Medication;

g.  The entity and location where the Affected Medication was administered;

h.  The payment(s) made for the Affected Medication, whether or not made by the patient;

i.  The payment(s) made for the visit at which the Affected Medication was provided;

j.  Any refunds, credits or other remuneration provided by you to any patient, payor or guarantor relating to the Affected Medications; and

k.  Any free vaccinations or other services provided by you.

For purpose of this request, Plaintiffs are willing to confer regarding the provision of unique identifier codes, in in lieu of PII, in response to subsections (a) and (b), together with an agreement to otherwise preserve such PII.

Dated: January 26, 2021

By: /s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan
Brooke Achua
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Mac Schneider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
mac@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON,
GOPLERUD & WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Elizabeth A. Fegan, certify that I served the attached requests for production on counsel for Essentia via email on January 26, 2021 as follows:

Angela E. Lord
Robert B. Stock
Briana L. Rummel
VOGEL LAW FIRM
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Ph: 701.237.6983
alord@vogellaw.com
rstock@vogellaw.com
brummel@vogellaw.com

By: /s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan
Brooke Achua
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com