**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| JESSICA KRAFT, INDIVIDUALLY AND AS PARENT OF MINORS L.K., S.K., and O.K.; SHELLI SCHNEIDER, INDIVIDUALLY AND AS PARENT OF MINORS A.S and W.S.; ANNE BAILEY, INDIVIDUALLY AND AS PARENT OF MINOR D.B.; AMY LAVELLE, INDIVIDUALLY AND AS PARENT OF MINORS Em.L. and El.L; ELIZABETH BEATON, INDIVIDUALLY AND AS PARENT OF MINOR M.B.; AMANDA AND TYRELL FAUSKE, INDIVIDUALLY AND AS PARENTS OF MINORS C.R.F and C.J.F.; JENNIFER REIN, INDIVIDUALLY; and JESSICA BERG, INDIVIDUALLY AND AS PARENT OF MINORS A.B. and S.B., individually and on behalf of all others similarly situated, | No. 3:20-CV-121 |
| | |
| Plaintiffs, | JURY TRIAL DEMANDED |
| | |
| v. | |
| | |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, | |
| | |
| Defendants. | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**TO DEFENDANT ESSENTIA HEALTH**

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiffs hereby request that defendant Essentia Health answer the following interrogatories (the "Interrogatories") under oath, and separately and fully in writing, within thirty (30) days after service of these requests.

## DEFINITIONS

1.      "Action" means the above-captioned putative class action.

2.      "Affected Medications" means the TTSPPs subject to the Disclosed Temperature Excursion.

3.      "Communication" and "Communications" are used in a comprehensive sense, and mean and include every conceivable manner or means of disclosure, transfer, transmittal, or exchange of oral, written, electronic, or other information, in the form of facts, ideas, inquiries, or otherwise, between or among one or more persons or entities, and include, without limitation, all documents, writings, correspondence, memoranda, messages, meetings, conversations, discussions, conferences, agreements, e-mails, or other transmittal of information, whether face-to-face, by telephone, by mail, by facsimile, by computer, or otherwise, and further include, without limitation, all forms of electronic communications and messages.

4.      "Dakota" means Dakota Clinic Pharmacy, LLC and all of its present and former officers, directors, committees, consultants, employees, experts, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

5.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.  The term "document" further includes, but is not limited to, any and all forms of recorded information, whether handwritten, printed, typed, or otherwise visually reproduced, electronically recorded or orally recorded, including all originals, revisions, and markups of drafts, and all files, documents, databases, e-mails, and other data maintained in computer-readable form.  The term "document" specifically includes, but is not limited to: working papers; communications, including intra-company communications; minutes and records of meetings; letters; facsimile transmissions; telegrams; telephone bills and records; cables; records; books; summaries or records

of personal conversations or interviews; legal pleadings; affidavits; deposition transcripts; trial transcripts; forecasts; statistical statements; accountants' work papers; brochures; pamphlets; circulars; press releases; agreements; contracts; telephone messages, slips and logs; diary entries; electronic mail and messages of every kind; calendars; reports; evaluations; assessments; analyses; test results; correspondence; memoranda; notes; video recordings of every kind; audio recordings of every kind; electronic recordings of every kind; drawings; graphics; graphs; maps; diagrams; charts; photographs; tables; indices; recordings; tapes; microfilms; reports of investigations; opinions or reports of consultants; data processing and computer printouts, tapes, disks, and data and information stored in computers or data processing equipment, together with programs and program documentation necessary to utilize or retrieve such data or information; all other mechanical or electronic means of storing or recording data or information; and any other data compilation from which information can be obtained and translated through detection devices into reasonably usable form.

6. "Disclosed Temperature Excursion" means the Temperature Excursion at Dakota publicly disclosed by Essentia in or about April 2020.

7. "Essentia" means Defendant Essentia Health and all of its present and former officers, directors, committees, consultants, employees, experts, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

8. "FAC" means the proposed First Amended Class Action Complaint.

9. "FDA" means the U.S. Food and Drug Administration.

10. "Identify" or "identity" means to state or a statement of:

    a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other

person's telephone number, and the name of that other person's chief executive officer;

b. in the case of a natural person, his or her name, business address and telephone number, employer, job title or position, to whom they reported, and role;

c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

11. "Innovis" means Innovis Health, LLC and all of its present and former officers, directors, committees, consultants, employees, experts, partners, corporate parents, predecessors, successors, subsidiaries, affiliates, divisions, agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

12. "Government Agency" means any domestic federal or state agency, or any foreign governmental agency or regulator.

13. "Medical Provider" means, but is not limited to, hospitals, pharmacies, labs, clinics, doctors, nurses, and physician assistants.

14. "Temperature Excursion" means an excursion event in which a TTSPP is exposed to temperatures outside the range(s) prescribed for storage and/or transport.

15. "TTSPP" means a time and temperature sensitive pharmaceutical product.

16.    "You" or "Your" means Essentia.

## INSTRUCTIONS

1.    If for any reason any Interrogatory or part thereof cannot be answered in full after exercising due diligence to secure the information to do so, answer to the extent possible and state the reason for any inability to provide a complete answer.

2.    Whenever a date or figure is requested, give the exact date or figure, and the basis for such figure. If the figure is unknown, give the approximate or best estimate, stating that the date or figure provided is an approximation.

3.    Any ambiguity in interpreting a request, or a definition or instruction applicable thereto, is not a basis for refusing to respond. Instead, set forth as part of Your response the language You believe is ambiguous and the interpretation You used when responding to the Interrogatory.  This is not a waiver of Plaintiffs' right to seek a full and complete answer to the Interrogatory.

4.    If an answer to an Interrogatory is based on information and belief, specify and identify the source of information and the grounds for the belief.

5.    If you elect to produce business records in electronic format in response to an Interrogatory pursuant to Fed. R. Civ. P. 33(d), produce the documents in their native format, or in another mutually agreeable format that provides Plaintiffs with all metadata associated with such electronic documents and allows Plaintiffs to search and organize them in a manner that is as effective and efficient as that enjoyed by the producing party.  Even if an alternative format is agreed to by the parties for some documents, (i) all excel spreadsheets, powerpoint presentations, or any other document containing embedded data, instructions, or notes should be produced in native format; and (ii) any document that contains color should be produced in color regardless of production format.

6.    As used herein, reference to any entity, company, corporation, organization, and/or agency includes its former and present directors, members, partners, predecessors, subsidiaries,

divisions, affiliates, committees, employees, staff, consultants, independent contractors, and/or actual and apparent agencies.

7.    The use of the singular form of any word includes the plural and vice versa.

**INTERROGATORIES**

1.    Identify how, when, and from whom you learned of the Disclosed Temperature Excursion.

2.    Identify the dates during which the Disclosed Temperature Excursion occurred.

3.    Identify the Affected Medications, including but not limited to each Affected Medication's name; NDC, J-Code or other unique FDA-designated identifier; and Manufacturer.

4.    Identify the number of Affected Medications administered to patients at Essentia or Innovis.

5.    Identify the number of persons who were administered an Affected Medication.

6.    Identify the amount paid to Essentia or Innovis for the Affected Medications, whether by a patient or third party payor.

7.    Identify the amount paid to Essentia or Innovis for office visits in connection with the Affected Medications, whether by a patient or third party payor.

8.    Identify all steps you have taken to notify patients who were administered an Affected Medication of the Temperature Excursion.

9.    Identify all persons employed by You or on Your behalf with responsibility for or relating to:

   a.  Dakota;

   b.  the Disclosed Temperature Excursion;

   c.  any information, guidance, or recommendation given by you or on your behalf to any Medical Provider relating to the treatment of or follow-up for patients who received an Affected Medication;

   d.  communications with and any submissions, filings, or reports to any

Government Agency relating to any Temperature Excursions or Affected Medications;

e.  communications with any Medical Provider relating to the Disclosed Temperature Excursion or Affected Medications;

f.  communications with any patient, or parent or guardian thereof, relating to the Disclosed Temperature Excursion or Affected Medications h;

10.     Identify all third parties retained by you in connection with or to perform services relating to the Disclosed Temperature Excursion or Affected Medications, including identification of their employees and roles, and describe the scope and purpose of the retention.

Dated: January 25, 2021

By: /s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan
Brooke Achua
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Mac Schneider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
mac@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON,
GOPLERUD & WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Elizabeth A. Fegan, certify that I served the attached interrogatories on counsel for Essentia via email on January 26, 2021 as follows:

Angela E. Lord
Robert B. Stock
Briana L. Rummel
VOGEL LAW FIRM
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Ph: 701.237.6983
alord@vogellaw.com
rstock@vogellaw.com
brummel@vogellaw.com

By: /s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan
Brooke Achua
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com