**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

JESSICA KRAFT, individually and as
parent to minors L.K., S.K., and O.K.;
SHELLI SCHNEIDER, individually and as
parent of minors A.S. and W.S.;
individually and on behalf of all others
similarly situated,

        Plaintiffs,

    vs.

Essentia Health, John Doe Manufacturers,
and John Doe Distributor,

        Defendants.

Case No. 3:20-cv-121

**JOINT PROPOSED SCHEDULING/DISCOVERY PLAN**

Pursuant to Rule 26(f), counsel for the parties certify that on **December 22, 2020** and **January 13, 2021**, they conferred via video conference to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

(1)    The parties shall make by **February 10, 2021** Rule 26(a)(1) initial disclosures, summarized as follows:

- the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

- a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

- a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

- for inspection and copying as under Rule 34, certificates of insurance and exclusions for any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

The parties recognize that this date may be extended if additional Plaintiffs or Defendants are named or become known to Plaintiffs during early discovery.

(2)    The parties conferred regarding a discovery plan:

(a)    **Scope of Discovery.**

i.    **Plaintiffs' Position**: Plaintiffs propose that discovery be completed within eight (8) months and that their Motion for Class Certification be filed at the end of this eight-month discovery period.  Plaintiffs view this case as relatively straight-forward, focused on a single distributor or facility at which a temperature excursion occurred and affected certain medications. Plaintiffs do not anticipate any particular obstacles or complications to warrant unusual considerations in scheduling.

Plaintiffs oppose the bifurcation of discovery as between class discovery and merits discovery as proposed by Defendant. A decision on class certification requires a "rigorous analysis[] that the prerequisites of Rule 23(a) have been satisfied[.]" *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350-51 (2011) (internal quotation omitted). That analysis frequently entails overlap with the merits of the underlying claim "because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (internal quotation marks and quoted sources omitted). Therefore, courts are generally reluctant to bifurcate class and merits discovery. *Obertman v. Electrolux Home Care Prods.*, C19-2487, 2020 U.S. Dist. LEXIS 107147 at *4 (E.D. Cal. June 18, 2020) (cited cases omitted).

The bifurcation of discovery will not promote judicial efficiency or a prompt resolution of the case. "Rather, it [will] unnecessarily delay the action, prejudicing Plaintiff and the putative class, by requiring the Court to resolve the parties' anticipated disagreement as to the bright-line between merits and class certification discovery. Under these circumstances, district courts regularly refuse to bifurcate discovery." *Johansen v. LoanDepot.com LLC*, 2020 U.S. Dist. LEXIS 238375, *3-4  (C.D. Cal. Nov. 10, 2020) (denying defendant's motion to bifurcate discovery in class action) (citing *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. ED CV 15-2057 FMO (SPx), 2018 U.S. Dist. LEXIS 2286, at *8-9 (C.D. Cal. Jan. 5, 2018) (finding that bifurcation was not warranted in TCPA action and explaining, "many courts are reluctant to bifurcate class-related discovery from discovery on the merits. . . . This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst") (internal citations omitted)).

Accordingly, Plaintiffs propose an eight-month discovery schedule and schedule for their motion for class certification consistent with this plan below.

ii.   **Defendant Essentia Health's Position:**  The complexities of this case, coupled with the fact that Defendant Essentia Health is a healthcare entity whose resources are demanded by the Covid-19 pandemic, require a discovery period longer than the eight (8) months Plaintiffs propose.  Plaintiffs' proposal also assumes that there was a temperature excursion, that certain medications were affected by a temperature excursion, that Plaintiffs received certain medications affected by a temperature excursion, and that Plaintiffs suffered harm as a result.  All of these allegations are disputed.  Accordingly, the parties discussed separate phases of discovery delineated by the Plaintiffs' deadline for motion for class certification.  Defendant Essentia Health proposes a discovery plan in which sufficient discovery is completed for consideration of class certification prior to Plaintiffs' deadline for motion for class certification for consideration.  Defendant Essentia Health proposes that during the course of discovery the parties may agree that particular information is not necessary for class certification consideration and agree to defer such discovery until after the Court decides Plaintiffs' class certification motion.  As reflected below, Defendant Essentia Health proposes a discovery period after such a decision to confer on any remaining discovery to be completed and the time period for completion.

iii.   The parties anticipate that discovery will be needed related to Plaintiffs' claims and Defendants' defenses regarding UCC, consumer fraud, and unjust enrichment. Plaintiffs intend to seek discovery, including on the following:

- The number of individuals who received Defendants' Affected Medications;

- The number of times that Defendants' Affected Medications were administered to each affected individual;

- The amount, description, and name of time-and temperature-sensitive pharmaceutical products ("TTSPPs") that were allegedly affected as a result of Defendants' handling and storage;

- The costs that affected individuals incurred in paying for the Affected Medicines and associated medical visits without receiving the benefit of the bargain;

- Each Defendant's internal organizational structure;

- Each Defendant's affiliated entities, including but not limited to, separate entities, members, contractors, shareholders, subsidiaries, and parent companies;

- Defendants' practices and policies regarding the storage, handling, and maintenance of TTSPPs;

- Defendants' practices and policies regarding temperature excursion of TTSPPs;

- The steps Defendants took to ensure the proper storage and handling of the vaccines and medications before Essentia Health notified patients of the compromised medications and vaccines on or about April 6, 2020; and

- The steps Defendants took to ensure the proper storage and handling of the vaccines and medications after Essentia Health notified

patients of the compromised medications and vaccines on or about April 6, 2020.

Defendant Essentia Health intends to seek discovery, including on the following:

- Whether the medications and/or vaccinations received by the Plaintiffs were subjected to a temperature excursion or were rendered less effective by a temperature excursion;

- Efficacy rates of the medications and/or vaccinations Plaintiffs received;

- Whether Plaintiffs were later diagnosed with the disease the medications and/or vaccinations were designed to prevent;

- Whether the Plaintiffs were revaccinated and the circumstances of such revaccination, including when and where;

- Alleged affirmations of fact or promises made to the Plaintiffs which Plaintiffs allege formed the basis of the bargain; and

- The description of goods which Plaintiffs allege formed the basis of the bargain.

(b) **Disclosure, discovery, or preservation of electronically stored information should be handled as follows**: The parties agree to cooperate in good faith regarding discovery in general, including, more specifically, the disclosure and formulation of appropriate search methodologies, custodians, and potentially relevant sources of ESI in advance of any search and/or collection.

i. **<u>Plaintiffs' Position</u>**. Plaintiffs have proposed a stipulation to address discovery of electronically stored information ("ESI") in this case. So that the negotiation of the ESI protocol does not impede the collection or production of discoverable information, Plaintiffs request that the Court set a date certain, and propose within 14 days of the Rule 16(b) Conference, by which the parties should file a stipulation and proposed order or seek the Court's intervention on differences that cannot be resolved.

ii. **<u>Defendant Essentia Health's Position:</u>** The parties have discussed but not yet agreed upon a stipulation and proposed order governing the conduct of discovery in this proceeding. This stipulation will address discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Local Rules, and any other applicable orders and rules (the "Rules"). Defendant Essentia Health proposes the parties should file a stipulation and proposed order, or report to the Court on differences that cannot be resolved, within thirty (30) days of the Rule 16(b) Conference.

(c) **Preservation of evidence.** The parties have initially discussed the preservation of discoverable information. The parties recognize the responsibilities of preservation of electronically stored information related to this case. Plaintiffs do not anticipate any issues related to their responsibilities. Defendant does not anticipate any issues related to its responsibilities.

(d) **Protective Order.** The parties have discussed the possible need for a protective order as follows: The parties anticipate that discovery in this litigation, including any appeal, may involve the production of information containing trade secrets, proprietary commercial or business information,

financial information, personal identifying or personal health related information, information subject to one or more U.S. or state data privacy laws or regulations, and/or other sensitive and confidential information for which special protection from public disclosure and from use for any purpose other than this proceeding may be warranted.

i. **<u>Plaintiffs' Position</u>**. Plaintiffs have proposed a stipulation for a protective order. So that the negotiation of the protective order does not impede the collection or production of discoverable information, Plaintiffs request that the Court set a date certain, and propose within 14 days of the Rule 16(b) Conference, by which the parties should file a stipulation and proposed order or seek the Court's intervention on differences that cannot be resolved.

ii. **<u>Defendant Essentia Health's Position:</u>** The parties have discussed but not yet agreed upon a stipulation for protective order governing the production of the parties' confidential and/or proprietary information to be produced in this matter. Defendant Essentia Health proposes the parties should file a stipulation for protective order and proposed protective order, or report to the Court on differences that cannot be resolved, within thirty (30) days of the Rule 16(b) Conference.

(e)   If this is a case that will involve the discovery of medical, mental health, employment, education, tax, or workers compensation records, the parties have agreed to the following with respect to who will secure these records and how the discovery of the records will be handled (*it will not be a sufficient answer that the parties have not addressed the issue or it will be considered later*):

i.   **Plaintiffs' Position.**  Plaintiffs expect that Defendant will serve Rule 34 requests for production on Plaintiffs, and Plaintiffs will have the opportunity to respond or object in accordance with the rules. In responding to those requests, Plaintiffs will produce relevant medical records. Moreover, in the context of this joint report, Plaintiffs proposed that Defendant identify the scope of the medical records it is seeking so that Plaintiffs could be more specific on their position.  Defendant took the position that it was entitled to all medical records with only a temporal limitation. However, Plaintiffs do not agree that Defendants are entitled to all medical records. For example, gynecological records or dental records void of any reference to vaccinations or any of the medications that were subject to the temperature excursion are not relevant, and their production would serve only to harass or embarrass Plaintiffs. Therefore, Plaintiffs will not agree to provide Defendant with a blanket authorization for Defendant to obtain and review any and all medical records at its sole discretion.

ii.   **Defendant Essentia Health's Position**:  Defendant Essentia Health requests that Plaintiffs provide medical authorizations to Defendants for the acquisition of medical records from Plaintiffs' healthcare providers.  The medical authorizations are necessary to permit Defendant Essentia Health to independently acquire Plaintiffs' discoverable medical records in addition to the records which may be produced by the Plaintiffs in discovery.  The medical authorizations are also necessary to permit Defendant Essentia Health to produce the Plaintiffs' medical records which may be requested in discovery as part of this action.  Defendant Essentia Health would agree to temporal limitations beginning with the timeframe alleged in Plaintiffs' Complaint through present.

(f) **Interrogatories.** The parties have agreed to the following maximum number of interrogatories **per party: 25**. The parties reserve the right to seek modification of this number after having the opportunity to conduct discovery if necessary.

(g) **Requests for Admission.** The parties have agreed to the following maximum number of requests for admissions **per party: 25**. The parties reserve the right to seek modification of this number after having the opportunity to conduct discovery if necessary.

(h) **Requests for Production of Documents.**

    i. **Plaintiffs' Proposal:** Plaintiff proposes that the maximum number of requests for production of documents **per party be  50**.

    ii. **Defendant Essentia Health's Proposal:**  Defendant Essentia Health proposes that the maximum number of requests for production of documents **per party be 25**.

(i) **Depositions.** The parties have agreed to the following maximum number of depositions **per party: 10**, excluding expert witness depositions. The parties reserve the right to seek modification of this number after having the opportunity to conduct discovery if necessary.

(j) The parties have agreed any depositions taken only for presentation at trial will be completed at least **30** days prior to trial.

(k) **Proposed schedule through motion deadlines regarding class certification:**

    i. **Plaintiffs' Position.**

Except as set forth below, all fact discovery will be completed by **September 15, 2021**, with all written discovery to be served a minimum of thirty (30) days prior to the deadline.

Any discovery motions shall be filed by **August 30, 2021**;

An appropriate time for a mid-discovery status conference would be **April 15, 2021**. Plaintiffs also suggest it would be helpful, given the nature of the class action, to schedule regular monthly status conferences.

**Class Certification.** Plaintiffs propose the following deadlines for Plaintiff's motion for Class Certification:

**September 17, 2021:** Deadline for Plaintiffs to file their motion for class certification, together with any expert report(s) in support thereof;

**November 16, 2021:** Deadline for Defendant(s) to file their opposition to the motion for class certification, together with any expert report(s) in support thereof;

**January 14, 2022:** Deadline for Plaintiffs to file their reply in support of their motion for class certification, together with any rebuttal expert report(s).

**Post-class certification.** Within 14 days of the Court's decision on class certification, the parties will confer regarding any outstanding discovery necessary to be completed in light of the Court's class certification order, and a reasonable period within which to complete the discovery, as well as proposed deadlines for Rule 26(a)(2) expert reports and dispositive motions.

ii.  **Defendant Essentia Health's Position:**

Defendant Essentia Health proposes the following schedule through motion deadlines regarding class certification:

a) **Fact Discovery.**  Except as set forth below, all fact discovery will be completed by **December 15, 2021**, with all written discovery to be served a minimum of thirty (30) days prior to the deadline.

    i)  Except as set forth below, any discovery motions shall be filed by **January 15, 2022**;

    ii) An appropriate time for a mid-discovery status conference would be **June 1, 2021**.

b) **Class Certification.**  Defendant Essentia Health proposes the following deadlines for Plaintiffs' motion for class certification:

    i)  **October 1, 2021**:  Deadline for Plaintiffs to serve expert witness reports pertaining to class certification;

    ii) **December 1, 2021:**  Deadline for Defendant(s) to serve expert witness reports pertaining to class certification;

    iii)  **January 2, 2022:**  Deadline for Plaintiffs to serve rebuttal expert reports pertaining to class certification;

    iv) **February 1, 2022:**  Deadline for Plaintiffs to serve and file their motion for class certification;

    v)  **April 1, 2022:**  Deadline for Defendant(s) to serve and file their opposition to the motion for class certification;

    vi) **May 1, 2022:**  Deadline for Plaintiffs to serve and file their reply to the motion for class certification.

c) **Post-class certification.**  Within 14 days of the Court's decision on class certification, the parties will confer regarding any outstanding discovery necessary to be completed in light of the Court's class certification order, and a reasonable period within which to complete the discovery, as well as proposed deadlines for Rule 26(a)(2) expert reports and dispositive motions.

(3)  The parties have agreed to the following deadlines for filing other motions:

    **6/1/2021**  motions to join additional parties;

    **6/1/2021**  motions to amend pleadings;

    **9/30/2021**  motions to amend pleadings to add punitive damages claims.

(4)  The parties have discussed alternative dispute resolution and plan as follows:

☑     A court-hosted settlement conference;

□     Private mediation; or

□     Other (explain):

(5)    The parties shall be ready to evaluate the case for settlement purposes by:

**8/15/2021**

(6)    The parties **will not** waive their rights to proceed before a district judge and consent to have a magistrate judge conduct all further proceedings in the case, including the trial, and order for entry of a final judgment.

(7)    Trial of this case will be **jury**.

(8)    The estimated length of trial is **-10-15** days.

Dated: January 14, 2021

By: /s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Mac Schneider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
mac@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON,
GOPLERUD & WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com

*Counsel for Plaintiffs*

Dated: January 14, 2021


By:  s/ *Angela E. Lord*
Angela E. Lord (#05351)
Robert B. Stock (#05919)
Briana L. Rummel (#08399)
VOGEL LAW FIRM
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
Ph: 701.237.6983
alord@vogellaw.com
rstock@vogellaw.com
brummel@vogellaw.com
*Attorneys for Essentia Health*