THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B.; AMY LAVELLE, individual and as parent of minors Em.L.and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F.; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>                    Defendants. | Case No. 3:20-CV-00121<br><br><br><br><br><br>**ESSENTIA HEALTH'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Essentia Health

("Essentia") respectfully responds by generally denying all allegations in the Class Action

Complaint and Jury Demand ("the Complaint") of the Plaintiffs, Jessica Kraft, individually

and as parent to minors L.K., S.K., and O.K.; Shelli Schneider, individually and as parent of

minors A.S. and W.S.; Anne Bailey, individually and as parent of minor D.B.; Amy Lavelle,

individually and as parent of minors Em.L. and El.L; Elizabeth Beaton, individually and as

parent of minor M.B.; Amanda and Tyrell Fauske, individually and as parents of minors C.R.F. and C.J.F.; Jennifer Rein, individually; and Jessica Berg, individually and as parent to minors A.B. and S.B., individually and behalf of all others similarly situated, except as set forth below. Silence as to any allegations shall constitute a denial.

## I. INTRODUCTION

1.    The allegations contained in Paragraph 1 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 1 of the Complaint.

2.    The allegations contained in Paragraph 2 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 2 of the First Amended Complaint.

3.    Essentia states that at times material to this lawsuit, employees of Innovis Health, LLC, generally, rendered care and services to patients, including the administration of temperature-sensitive pharmaceutical products ("TTSPPs"). The details of the care and services rendered to patients are more accurately set forth in the medical records. Essentia admits that at times material to this lawsuit, Innovis Health, LLC contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services. Essentia lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 3 of the First Amended Complaint and therefore denies the same.

4.    Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the

allegations in Paragraph 4 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

5. Essentia admits that at times material to this lawsuit, Innovis Health, LLC contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services. Answering further, to the extent that the allegations in Paragraph 5 of the First Amended Complaint refer to Essentia's Answer to Plaintiffs' Complaint, Essentia states that its Answer speaks for itself. Essentia denies the allegations to the extent they misstate or mischaracterize its Answer.

6. Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 6 of the First Amended Complaint.

7. Essentia admits that patients who had received TTSPPs that may have been subjected to a temperature excursion were offered revaccination free of charge. Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 7 of the First Amended Complaint. Essentia asserts the medical services provided were performed with reasonable care and diligence and with the degree of skill and care ordinarily possess and exercised by healthcare providers in good standing in similar communities.

8. Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 8 of the First Amended Complaint. Answering further, Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 8 of the First Amended Complaint.

9.    Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 9 of the First Amended Complaint.  Answering further, Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 9 of the First Amended Complaint.

10.    The allegations contained in Paragraph 10 of the First Amended Complaint are Plaintiffs' characterization of the claims at issue in this action to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 10 of the First Amended Complaint.  Essentia denies that the Plaintiffs are entitled to any of the relief sought, as alleged in Paragraph 10 of the First Amended Complaint.

## II. JURISDICTION

11.    The allegations contained in Paragraph 11 constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 11 of the First Amended Complaint.

12.    The allegations contained in Paragraph 12 constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 12 of the First Amended Complaint.

## III. PARTIES

13.    Essentia admits Plaintiffs Kraft, L.K., S.K., and O.K. received certain care and services, the details of which are more accurately set forth in the medical records.  Essentia lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies the same.

14.    Essentia admits Plaintiffs Schneider, A.S., and W.S. received certain care and services, the details of which are more accurately set forth in the medical records.  Essentia

admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 14 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

15.    Essentia admits Plaintiff D.B. received certain care and services, the details of which are more accurately set forth in the medical records. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies the same.

16.    Essentia admits Plaintiffs Em.L and El.L received certain care and services, the details of which are more accurately set forth in the medical records. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies the same.

17.    Essentia admits Plaintiffs Beaton and M.B. received certain care and services, the details of which are more accurately set forth in the medical records. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies the same.

18.    Essentia admits Plaintiff Amanda Fauske received certain care and services, the details of which are more accurately set forth in the medical records. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 18 of the First

Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

19. Essentia admits Plaintiffs C.R.F. and C.J.F. received certain care and services, the details of which are more accurately set forth in the medical records. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 19 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

20. Essentia admits Plaintiff Rein received certain care and services, the details of which are more accurately set forth in the medical records. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 20 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

21. Essentia admits Plaintiffs A.B. and S.B. received certain care and services, the details of which are more accurately set forth in the medical records. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective.

Answering further, to the extent that the allegations in Paragraph 21 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

22.    Essentia admits that it is a Minnesota corporation with a principal place of business in Duluth, Minnesota.

23.    Essentia admits Innovis Health, LLC d/b/a Essentia Health West is a Delaware limited liability company doing business in North Dakota with a principal address of 3000 32nd Ave. S. Fargo, North Dakota 58103. Essentia admits Jessica Fetzer is listed as the registered agent for Innovis Health, LLC on the North Dakota Secretary of State's website. Essentia is the sole member of Innovis Health, LLC. Answering further, to the extent the allegations in Paragraph 23 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

24.    Essentia admits Dakota Clinic Pharmacy, LLC is a North Dakota limited liability company with a principal address of 1702 University Dr. S., Fargo, North Dakota 58103. Essentia admits Laura Morris is listed as Dakota Clinic Pharmacy, LLC's registered agent on the North Dakota Secretary of State's website.

25.    Essentia denies the allegations in Paragraph 25 of the First Amended Complaint.

26.    Essentia admits that at times material to this lawsuit Innovis Health, LLC contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services. Answering further, to the extent the allegations in Paragraph 26 of the First Amended

Complaint refer to Essentia's Answer, Essentia states that its Answer speaks for itself. Essentia denies the allegations to the extent they misstate or mischaracterize its Answer.

27. Essentia states Innovis Health, LLC, generally, rendered care and services to patients, including the administration of TTSPPs that were stored and maintained by Dakota Clinic Pharmacy, LLC. Essentia states that in early 2020, Innovis Health, LLC and Essentia discovered that certain TTSPPs that had been stored and maintained by Dakota Clinic Pharmacy, LLC may have been subjected to a temperature excursion, potentially rendering them less effective.

28. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the First Amended Complaint and therefore denies the same. Answering further, to the extent that the allegations in Paragraph 28 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

### IV. FACTS

29. The allegations contained in Paragraph 29 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 29 of the First Amended Complaint.

30. The allegations contained in Paragraph 30 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 30 of the First Amended Complaint.

31. The allegations contained in Paragraph 31 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 31 of the First Amended Complaint.

32. The allegations contained in Paragraph 32 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 32 of the First Amended Complaint.

33. The allegations contained in Paragraph 33 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 33 of the First Amended Complaint.

34. The allegations contained in Paragraph 34 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 34 of the First Amended Complaint.

35. The allegations contained in Paragraph 35 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 35 of the First Amended Complaint.

36. Essentia admits that by early 2020, Innovis Health, LLC no longer contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services.

9

37.    Essentia states that in early 2020, Innovis Health, LLC and Essentia discovered that certain TTSPPs that had been stored and maintained by Dakota Clinic Pharmacy, LLC may have been subjected to a temperature excursion, potentially rendering them less effective. Essentia lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 37 of the First Amended Complaint and therefore denies the same.

38.    Essentia admits that in or around April of 2020, patients who had received certain TTSPPs that were stored and maintained by Dakota Clinic Pharmacy, LLC were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 38 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

39.    Essentia states patients who had received certain TTSPPs that were stored and maintained by Dakota Clinic Pharmacy, LLC were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 39 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

40.    Essentia states patients who had received certain TTSPPs that were stored and maintained by Dakota Clinic Pharmacy, LLC were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective, including on a

website. Answering further, to the extent that the allegations in Paragraph 40 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

41. Essentia states patients who had received certain TTSPPs that were stored and maintained by Dakota Clinic Pharmacy, LLC were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective, including on a website. Answering further, to the extent that the allegations in Paragraph 41 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents. Essentia lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 41 of the First Amended Complaint and therefore denies the same.

42. Essentia states patients who had received certain TTSPPs that were stored and maintained by Dakota Clinic Pharmacy, LLC were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective, including on a website. Answering further, to the extent that the allegations in Paragraph 42 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

43. Essentia states patients identified as having received TTSPPs that may have been the subject of a temperature excursion were offered revaccinations free of charge. Essentia states the medical services provided by Innovis Health, LLC were performed with

11

reasonable care and diligence and with the degree of skill and care ordinarily possessed and exercised by healthcare providers in good standing in similar communities. Essentia denies that the Plaintiffs are entitled to any of the relief sought, as alleged in Paragraph 43 of the First Amended Complaint.

44. Essentia denies the allegations contained in Paragraph 44 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 44 of the First Amended Complaint refer to Essentia's Answer to the Complaint, Essentia states that its Answer speaks for itself. Essentia denies the allegations to the extent they misstate or mischaracterize its Answer.

45. Essentia denies the allegations contained in Paragraph 45 of the First Amended Complaint. Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 45 of the First Amended Complaint.

46. Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 46 of the First Amended Complaint.

47. The allegations contained in Paragraph 47 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 47 of the First Amended Complaint.

48. The allegations contained in Paragraph 48 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 48 of the First Amended Complaint.

12

49.     The allegations contained in Paragraph 49 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 49 of the First Amended Complaint.

50.     The allegations contained in Paragraph 50 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 50 of the First Amended Complaint.

51.     The allegations contained in Paragraph 51 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 51 of the First Amended Complaint.

52.     The allegations contained in Paragraph 52 of the First Amended Complaint and its subparts constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 52 of the First Amended Complaint and its subparts.

53.     Essentia denies the allegations contained in Paragraph 53 of the First Amended Complaint.

54.     The allegations contained in Paragraph 54 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 54 of the First Amended Complaint.

13

55.    Essentia denies the allegations contained in Paragraph 55 of the First Amended Complaint.

56.    The allegations contained in Paragraph 56 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 56 of the First Amended Complaint.

57.    The allegations contained in Paragraph 57 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 57 of the First Amended Complaint.

58.    The allegations contained in Paragraph 58 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 58 of the First Amended Complaint.

59.    The allegations contained in Paragraph 59 of the First Amended Complaint and its subparts constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 59 of the First Amended Complaint and its subparts.

60.    The allegations contained in Paragraph 60 of the First Amended Complaint and its subparts constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 60 of the First Amended Complaint and its subparts.

61. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 of the First Amended Complaint and therefore denies the same.

62. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the First Amended Complaint and therefore denies the same.

63. The allegations contained in Paragraph 63 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 63 of the First Amended Complaint.

64. The allegations contained in Paragraph 64 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 64 of the First Amended Complaint.

65. Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 65 of the First Amended Complaint.

66. Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 66 of the First Amended Complaint.

15

67.    Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 67 of the First Amended Complaint.

68.    Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 68 of the First Amended Complaint.

69.    Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 69 of the First Amended Complaint.

70.    Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 70 of the First Amended Complaint.

71.    The allegations contained in Paragraph 71 of the First Amended Complaint are Plaintiffs' characterization of the putative class to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 71 of the First Amended Complaint. Essentia denies that the Plaintiffs are entitled to class certification.

72.    The allegations contained in Paragraph 72 of the First Amended Complaint are Plaintiffs' characterization of the putative class to which no response is required. To the extent

that a response is required, Essentia denies the allegations contained in Paragraph 72 of the First Amended Complaint. Essentia denies that the Plaintiffs are entitled to class certification.

73.    Essentia denies the allegations contained in Paragraph 73 of the First Amended Complaint.

74.    Essentia denies the allegations contained in Paragraph 74 of the First Amended Complaint.

75.    Essentia denies the allegations contained in Paragraph 75 of the First Amended Complaint.

76.    Essentia denies the allegations contained in Paragraph 76 of the First Amended Complaint.

77.    Essentia denies the allegations contained in Paragraph 77 of the First Amended Complaint.

78.    Essentia denies the allegations contained in Paragraph 78 of the First Amended Complaint.

79.    Essentia denies the allegations contained in Paragraph 79 of the First Amended Complaint.

80.    The allegations contained in Paragraph 80 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 80 of the First Amended Complaint. Essentia denies that the Plaintiffs are entitled to class certification.

## VII. CAUSES OF ACTION

## COUNT I: BREACH OF EXPRESS WARRANTIES

81.    In response to Paragraph 81 of the First Amended Complaint, Essentia incorporates by reference its responses to the allegations in Paragraphs 1-80 of the First Amended Complaint.

82.    Essentia denies the allegations contained in Paragraph 82 of the First Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 82 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

83.    The allegations in Paragraph 83 of the First Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 83 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 83 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

84.    Essentia denies the allegations contained in Paragraph 84 of the First Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 84 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

18

85.    Essentia denies the allegations contained in Paragraph 85 of the First Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 85 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

86.    Essentia denies the allegations contained in Paragraph 86 of the First Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 86 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

87.    The allegations in Paragraph 87 of the First Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 87 of the First Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 87 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

88.    Essentia denies the allegations contained in Paragraph 88 of the First Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 88 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

19

89. Essentia denies the allegations contained in Paragraph 89 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 89 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

90. Essentia denies the allegations contained in Paragraph 90 of the First Amended Complaint.

91. Essentia denies the allegations contained in Paragraph 91 of the First Amended Complaint.

92. Essentia denies the allegations contained in Paragraph 92 of the First Amended Complaint.

93. Essentia denies the allegations contained in Paragraph 93 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 93 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

94. Essentia denies the allegations contained in Paragraph 94 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 94 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

95. Essentia denies the allegations contained in Paragraph 95 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 95 of the First

Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

## COUNT II: BREACH OF IMPLIED WARRANTIES

96. In response to Paragraph 96 of the First Amended Complaint, Essentia incorporates by reference its responses to the allegations in Paragraphs 1-95 of the First Amended Complaint.

97. Essentia denies the allegations contained in Paragraph 97 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 97 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

98. The allegations contained in Paragraph 98 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 98 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 98 of the First Amended Complaint refer to documents not attached to or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

99. Essentia denies the allegations contained in Paragraph 99 of the First Amended Complaint.

100. The allegations contained in Paragraph 100 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is

21

required, Essentia denies the allegations contained in Paragraph 100 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 100 of the First Amended Complaint refer to documents not attached or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

101.    The allegations contained in Paragraph 101 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 101 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 101 of the First Amended Complaint refer to documents not attached or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

102.    The allegations in Paragraph 102 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 102 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 102 of the First Amended Complaint refer to documents not attached or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

103.    Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103 of the First Amended Complaint and therefore denies the same. Answering further, to the extent that the allegations in Paragraph 103 of the First Amended Complaint refer to documents not attached or part of the First Amended Complaint,

22

Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

104. Essentia denies the allegations contained in Paragraph 104 of the First Amended Complaint.

105. Essentia denies the allegations contained in Paragraph 105 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 105 of the First Amended Complaint refer to documents not attached or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

106. Essentia denies the allegations contained in Paragraph 106 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 106 of the First Amended Complaint refer to documents not attached or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

107. Essentia denies the allegations contained in Paragraph 107 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 107 of the First Amended Complaint refer to documents not attached or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

## COUNT III: VIOLATION OF CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS

108. In response to Paragraph 108 of the First Amended Complaint, Essentia incorporates by reference its responses to the allegations in Paragraphs 1-107 of the First Amended Complaint.

109. Essentia denies the allegations contained in Paragraph 109 of the First Amended Complaint.

110. Essentia denies the allegations contained in Paragraph 110 of the First Amended Complaint.

111. Essentia denies the allegations contained in Paragraph 111 of the First Amended Complaint.

112. Essentia denies the allegations contained in Paragraph 112 of the First Amended Complaint.

113. The allegations contained in Paragraph 113 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 113 of the First Amended Complaint.

114. The allegations contained in Paragraph 114 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 114 of the First Amended Complaint.

115. The allegations contained in Paragraph 115 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is

24

required, Essentia denies the allegations contained in Paragraph 115 of the First Amended Complaint.

116. The allegations contained in Paragraph 116 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 116 of the First Amended Complaint.

117. The allegations contained in Paragraph 117 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 117 of the First Amended Complaint.

118. Essentia denies the allegations contained in Paragraph 118 of the First Amended Complaint.

119. The allegations contained in Paragraph 119 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 119 of the First Amended Complaint.

120. Essentia denies the allegations contained in Paragraph 120 of the First Amended Complaint.

121. Essentia denies the allegations contained in Paragraph 121 of the First Amended Complaint.

122. The allegations contained in Paragraph 122 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is

required, Essentia denies the allegations contained in Paragraph 122 of the First Amended Complaint.

123. The allegations contained in Paragraph 123 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 123 of the First Amended Complaint.

124. Essentia denies the allegations contained in Paragraph 124 of the First Amended Complaint.

125. Essentia denies the allegations contained in Paragraph 125 of the First Amended Complaint.

126. Essentia denies the allegations contained in Paragraph 126 of the First Amended Complaint.

127. Essentia denies the allegations contained in Paragraph 127 of the First Amended Complaint.

128. Essentia denies the allegations contained in Paragraph 128 of the First Amended Complaint.

129. Essentia denies the allegations contained in Paragraph 129 of the First Amended Complaint.

130. Essentia denies the allegations contained in Paragraph 130 of the First Amended Complaint.

131. Essentia denies the allegations contained in Paragraph 131 of the First Amended Complaint.

132. Essentia denies the allegations contained in Paragraph 132 of the First Amended Complaint.

133. Essentia denies the allegations contained in Paragraph 133 of the First Amended Complaint.

134. Essentia denies the allegations contained in Paragraph 134 of the First Amended Complaint and denies that the Plaintiffs are entitled to any of the relief sought specifically including punitive and/or treble damages, as alleged in Paragraph 134 of the First Amended Complaint.

### COUNT IV: UNJUST ENRICHMENT

135. In response to Paragraph 135 of the First Amended Complaint, Essentia incorporates by reference its responses to the allegations in Paragraphs 1-134 of the First Amended Complaint.

136. The allegations contained in Paragraph 136 of the First Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 136 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 136 of the First Amended Complaint refer to documents not attached or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

137. Essentia denies the allegations contained in Paragraph 137 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 137 of the First Amended Complaint refer to documents not attached or part of the First Amended Complaint,

Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

138. Essentia denies the allegations contained in Paragraph 138 of the First Amended Complaint. Answering further, to the extent that the allegations in Paragraph 138 of the First Amended Complaint refer to documents not attached or part of the First Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

139. Essentia denies the allegations contained in Paragraph 139 of the First Amended Complaint.

140. Essentia denies the allegations contained in Paragraph 140 of the First Amended Complaint.

141. Essentia denies the allegations contained in Paragraph 141 of the First Amended Complaint.

142. Essentia denies the allegations contained in Paragraph 142 of the First Amended Complaint and that the Plaintiffs are entitled to any of the relief sought, as alleged in Paragraph 142 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

143. The First Amended Complaint, in whole or in part, fails to state a claim or cause of action against Essentia upon which relief can be granted.

144. Plaintiffs' claims are barred, in whole or in part, by lack of standing.

145. Plaintiffs failed to plead their fraud claims with particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

146. Plaintiffs' claims are barred by failure to join necessary and/or indispensable parties.

147. Applicable statutes of limitations or repose bar Plaintiffs' claims, in whole or in part.

148. Plaintiffs' claims are barred, in whole or in part, by the doctrine of the assumption of risk.

149. Plaintiffs' claims are barred, in whole or in part, because the TTSPPs were not adulterated or unreasonably dangerous.

150. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of the Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries.

151. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Essentia is neither liable nor responsible. Such acts or omissions on the part of others constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

152. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

153. Plaintiffs' claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

154. Plaintiffs' claims are barred, in whole or in part, because any express and/or implied warranty, which is denied, did not form the basis of the bargain.

29

155.    Notwithstanding Plaintiffs' claims and contentions, Plaintiffs received all or substantially all of the benefit from the products that Plaintiffs hoped and intended to receive, and to that extent, any damages and/or restitution that Plaintiffs might be entitled to recover must be correspondingly reduced.

156.    To the extent that the Plaintiffs are entitled to recover damages for medical expenses incurred prior to trial, such recovery is limited to the amounts paid and accepted as payment in full by any insurance benefit.

157.    Essentia asserts all available defenses, reductions, and/or mitigation provided by or available pursuant to, or in connection with, the Patient Protection and Affordable Care Act, 42 U.S.C. § 18001 et seq. (2010) ("ACA").

158.    Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs receive from collateral sources.

159.    If Plaintiffs have been injured or damaged, which is denied, such injuries or damages were not caused by any negligence, fault or intentional conduct on the part of Essentia.

160.    Plaintiffs' claims for punitive and/or exemplary damages are barred because Plaintiffs have failed to allege conduct warranting imposition of punitive and/or exemplary damages under North Dakota, Minnesota, or other applicable state and/or federal laws.

161.    Plaintiffs' claims for punitive and/or exemplary damages are barred, in whole or in part, because Plaintiffs are not entitled to compensatory damages, no fault or other admissions being made.

162.    Plaintiffs' claims are barred to the extent that Plaintiffs seek relief under laws of states that do not govern Plaintiffs' claims.

163. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

164. Plaintiffs' claim pursuant to the Minnesota Consumer Fraud Act, Minn. Stat. §§ 325F.60, et. seq. is barred because there is no private right of action.

165. Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

166. Plaintiffs' claims may be preempted, in whole or in part.

167. Plaintiffs' claims are barred, in whole or in part, because there was no transaction for the purchase of goods by the Plaintiffs.

168. Plaintiffs' claims are barred, in whole or in part, because Essentia is not a merchant as defined by applicable law.

169. Plaintiffs' claims are barred, in whole or in part, by exclusion and/or modification, accord and satisfaction, lack of reliance, election of remedies, novation, improper notice of breach, ratification, justification, unjust enrichment, and adequate warning.

170. Essentia asserts comparative fault by application of N.D. Cent. Code § 32-03.2-02 and Minn. Stat. § 604.01.

171. Essentia hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery, including those set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure, and thus reserves its right to amend this Answer to assert such defenses.

172. In response to the WHEREFORE Paragraph following Paragraph 142 of the First Amended Complaint, Essentia demands that judgment be entered in its favor and against the Plaintiffs; that Plaintiffs' First Amended Complaint be dismissed, with prejudice; and that Essentia be awarded costs of suit and disbursements as allowed by law and such further and

31

additional relief as this Court may deem just and proper. Essentia specifically denies Plaintiffs are entitled to class certification, punitive damages, treble damages, and/or attorneys' fees.

## DEMAND FOR TRIAL BY JURY

Defendant, Essentia Health, demands a jury trial by the greatest number of jurors allowed by law as to all issues so triable.

Dated this 8th day of February, 2021.

**VOGEL LAW FIRM**

*s/ Angela E. Lord*

BY:  Angela E. Lord (#05351)
Robert B. Stock (#05919)
Briana L. Rummel (#08399)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email:  alord@vogellaw.com
        rstock@vogellaw.com
        brummel@vogellaw.com
ATTORNEYS FOR ESSENTIA HEALTH

4260495.2