FUNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as a parent to minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent to minors, A.S. and W.S.; individually and on behalf of others similarly situated,<br><br>                                  Plaintiff,<br><br>      vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>                                  Defendant. | Court File No. 3:20-CV-00121<br><br><br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT DAKOTA CLINIC PHARMACY, LLC'S MOTION TO DISMISS** |

## INTRODUCTION

[¶1]    Defendant Dakota Clinic Pharmacy, LLC ("Dakota") submits this Memorandum in support of its Motion to Dismiss. Plaintiffs seek certification of a class action against Essentia Health, Innovis Health, LLC, Dakota, and John Doe Manufacturers and John Doe Distributor. Plaintiffs' Amended Complaint asserts causes of action for breach of express and implied warranties, violation of the consumer protection laws of Minnesota and North Dakota, and for unjust enrichment against the Defendants related to alleged temperature excursions of certain vaccines Plaintiffs received. (Doc. # 28, ¶ 10).

[¶2]    Plaintiffs' warranty claims against Dakota fail because Dakota was not a "seller" under N.D.C.C. ch. 41-02. Plaintiffs' consumer protections law claims against Dakota fail because Plaintiffs did not plead any fraud against Dakota with particularity.  Finally, Plaintiffs' unjust

1

enrichment claim fails because Dakota has not been enriched, as Dakota did not receive any monetary benefit from the Plaintiffs in exchange for the Plaintiffs receiving the vaccines. Because Plaintiffs have failed to state claims against Dakota for which relief can be granted, Dakota brings this pre-Answer Motion to Dismiss, seeking dismissal of all causes of action against Dakota.

## BACKGROUND OF PLAINTIFFS' ALLEGATIONS

[¶3]   Plaintiffs allege Essentia Health and/or Innovis Health, LLC d/b/a Essentia Health (collectively "Essentia Health") sold and administered more than 100 time-and temperature-sensitive pharmaceutical products ("TTSPs") to Plaintiffs, their children and putative class members, which were allegedly manufactured by the John Doe Manufacturers and stored and distributed by Dakota.  (Doc. # 28, ¶ 3). Plaintiffs allege these "Affected Medications" were handled and stored outside the proper temperature range and thus subject to one or more temperature excursions. Id. As alleged by Plaintiffs, they were notified by Essentia Health they might have received a compromised vaccine as a result of temperature excursions. Id. at ¶ 4.

[¶4]   Plaintiffs allege that Dakota stored and distributed the TTSPs to Essentia Health. (Doc. # 28, ¶¶ 3, 13, 15, 16, 17, 28). Plaintiffs allege the purported temperature excursions occurred, in whole or in part, at one or more medication storage locations owned or maintained by Dakota. (Doc. # 28, ¶ 27).

## LAW AND ARGUMENT

### A.   *Motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6).*

[¶5]   Pursuant to Rule 12 of the Federal Rules of Civil Procedure, a defendant may assert a pre-Answer defense by motion, including the defense of failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); see also Butler v. Broward Cty. Cent. Examining Bd., 367

F. App'x 991, 992 (11th Cir. 2010) (stating, under Fed.R.Civ.P. 12(a)(4)(A), the time frame for filing an answer is stayed pending the district court's disposition of the pending motion to dismiss). Rule 12(b)(6) "mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted." Berndsen v. N. Dakota Univ. Sys., 395 F. Supp. 3d 1194, 1196 (D.N.D. 2019) (emphasis added).

[¶6]    "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Usenko v. MEMC LLC, 926 F.3d 468, 472 (8th Cir.), *cert. denied sub nom.* Usenko on Behalf of SunEdison Semiconductor Ltd. Ret. Sav. Plan v. MEMC LLC, 140 S. Ct. 607, 205 L. Ed. 2d 388 (2019) (citation and quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Factual allegations must plausibly give rise to an entitlement to relief and rise beyond mere speculation. Id.

[¶7]    Here, dismissal of all counts against Dakota is appropriate, as even if all allegations in the Complaint are taken as true, Plaintiffs have failed to allege facts to support their claims for relief against Dakota.

**B.      *Plaintiffs' claim for breach of express warranties must fail as Dakota is not a "seller."***

[¶8]    Plaintiffs first assert the Defendants breached express warranties. Specifically, Plaintiffs allege that the Defendants expressly represented and warranted to the purchasers of their products, by and through statements made by Defendants in labels, publications, package inserts, and other written materials intended for consumers and the general public, that the Affected Medications were effective, fit, and proper for their intended use.  Plaintiffs, as they do throughout their Amended Complaint, group all of the Defendants together and fail to specify what, if any,

3

alleged express warranties were made by Dakota. The answer is plainly none. Regardless, Plaintiffs' claim for breach of warranty fails against Dakota because Dakota is not a "seller" under the Uniform Commercial Code, as codified in N.D.C.C. Ch. 41-02.

[¶9]   Plaintiffs' express warranty claim is predicated on North Dakota Century Code section 41-02-30.  However, Section 41-02-30(1)(a), N.D.C.C., provides any affirmation of fact or promise made **by the seller** to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. A "seller" is defined as a "person who sells or contracts to sell goods." N.D.C.C. § 41-02-03(1)(d). A "sale" means "the passing of title from the seller to the buyer for a price."  N.D.C.C. § 41-02-06.  There is no allegation in the Amended Complaint that Dakota is a "seller" or sold the vaccines to the Plaintiffs. As such, Plaintiffs' claim for express warranty fails as a matter of law.

[¶10]   In Hart Honey Co. v. Cudworth, 446 N.W.2d 742, 743 (N.D.1989), the North Dakota Supreme Court examined the "seller" requirement under the Uniform Commercial Code. The Plaintiff, a buyer of equipment for storing honey, brought claims against a corporation, Bracken Honey, and the secretary/treasurer of the corporation, Jerry Cudworth. The Plaintiff never paid a purchase price to Bracken Honey.  Id. at 744.  Rather, the Plaintiff only paid a purchase price to Jerry Cudworth, and Bracken only then received a contractual right to use the equipment and share in the proceeds. Id.  Further, only Jerry Cudworth and not Bracken Honey retained title to the equipment.  Id. Because Bracken Honey did not receive remuneration from Jerry Cudworth and did not retain title to the equipment, Bracken Honey was neither a "seller" or a "person in the position of a seller". Id.  Therefore, the Plaintiff's warranty claims against Bracken Honey failed. Id.; see also Fode v. Capital RV Ctr., Inc., 1998 ND 65, ¶¶ 21-22, 575 N.W.2d 682, 688 (stating that revocation of acceptance cannot occur against a non-privity manufacturer because a non-

privity manufacturer does not generally qualify as a "seller" unless the manufacturer's written warranties are incorporated into the sales contract).

[¶11]   Other jurisdictions have likewise determined that a "seller" refers to a person who either was directly involved in the sale to the Plaintiff or received compensation from the sale.  For example, in Steele v. Ellis, 961 F. Supp. 1458, 1466 (D. Kan. 1997), the owner of an automobile dealership was not a "seller" when the owner played no role in negotiations with the purchaser and received no remuneration for the sale of the automobile.  Likewise, in Watts v. Mercedes-Benz USA, LLC, 254 S.W.3d 422, 425 (Tenn. Ct. App. 2007), the court held that a distributor that never received title and to whom a purchase price was never paid did not qualify as a "seller".  Moreover, in Staco Energy Prod. Co. v. Driver-Harris Co., 578 F. Supp. 700, 703 (S.D. Ohio 1983), the court opined that a "middleman" that did not quote prices, provide guarantees, did not sell the machines, and only yielded a 5% profit was not a seller.  See also Oscar Mayer Corp. v. Mincing Trading Corp., 744 F. Supp. 79, 83 (D.N.J. 1990) (stating a broker of goods that never had title to the goods at issue is not a "seller"); Rosen v. Hyundai Grp. (Korea), 829 F. Supp. 41, 50 (E.D.N.Y. 1993) (recognizing only "sellers" are liable for breach of warranty under the New York Commercial Code and thus finding a manufacturer, that did not directly sell product, could not be liable for any of the seller's express warranties).

[¶12]   The Plaintiffs also lack any privity with Dakota to make a claim for breach of express warranty against Dakota.  North Dakota recognizes the necessity of vertical privity between a Plaintiff and Defendant to make a recognized claim for breach of express warranty. Falcon for Import and Trade Co., v. North Central Commodities, Inc., 2004 WL 224676, *2 (D.N.D. Jan. 30, 2004).  If the Plaintiff lacks vertical privity with the defendant, the non-privity Plaintiff cannot recover any direct economic damages for a breach of an express warranty. Id.

Here, there is no allegation in the Amended Complaint that the Plaintiffs have any privity with Dakota. Just the opposite, Plaintiffs allege they purchased and received the vaccines directly from Essentia Health.

[¶13]   Here, Plaintiffs do not allege that Dakota was a "seller".  Plaintiffs do not allege they purchased anything, including the Affected Medications, from Dakota. Indeed, Plaintiffs specifically allege Dakota only "stored and distributed" the Affected Medications on behalf of Essentia Health. (Doc. # 28, ¶ 3). Plaintiffs do not allege that Dakota received any remuneration for storing the Affected Medications either. Plaintiffs specifically allege **Essentia Health** sold the Affected Medications to Plaintiffs. (Doc. # 28, ¶ 3). Thus, as in Hart Honey, Dakota was not a party to any sale between Essentia Health and Plaintiffs.  Plaintiffs also lack any vertical privity with Dakota. In addition, Plaintiffs have not alleged any facts as to what express "affirmations of fact or promises" were made by Dakota to Plaintiffs.

[¶14]   Because Plaintiffs have not alleged Dakota is a seller or alleged with even the *slightest* of detail what express warranties were made by Dakota, their express warranty claim must fail as a matter of law. For these reasons, Count I of Plaintiffs' Amended Complaint, as against Dakota, must be dismissed.

### C.      *Plaintiffs' claim for breach of implied warranty must fail as Dakota is not a "seller."*

[¶15]   Plaintiffs next allege Defendants impliedly warranted to Plaintiffs that the Affected Medications were of "merchantable quality and safe and fit for the use for which they were intended." (Doc. # 28, ¶ 98). The warranties Plaintiffs allege have been violated are contained in the Uniform Commercial Code, as adopted by the North Dakota Legislative Assembly in N.D.C.C. ch. 41-02. Section 41-02-31, N.D.C.C., provides unless excluded or modified, a warranty the

goods shall be merchantable is implied **in a contract** for their sale **if the seller is a merchant with respect to goods of that kind**.

[¶16]   As with express warranties, liability for a breach of implied warranties is limited to "sellers" and specifically "sellers" who are "merchants" with respect to the goods of that kind. See e.g. Oscar Mayer Corp., 744 F. Supp. at 83 (stating liability for breach of implied warranties under the New Jersey and New York Commercial Codes is limited to sellers); Charles E. Beard, Inc. v. Cameronics Tech. Corp., 729 F. Supp. 528, 530 (E.D. Tex. 1989), aff'd sub nom. Charles E. Beard, Inc. v. McDonnell Douglas Corp., 939 F.2d 280 (5th Cir. 1991) (same as to Texas Commercial Code); Harmon v. Nat'l Auto. Parts Ass'n, 720 F. Supp. 79, 82 (N.D. Miss. 1989) (same as to Mississippi Commercial Code, explaining it would make no sense to extend liability for breach of a seller's warranty to one who is not in the position of seller); see also Arceneaux v. Lykes Bros. S.S. Co., 890 S.W.2d 191, 196 n.2 (Tex. App. 1994), writ denied (June 28, 1996)(citing string of authority from states that have adopted the Uniform Commercial Code that have determined implied warranties are given only by the actual sellers of products, not by others who have played some other role in the distribution of the product).

[¶17]   For all the reasons stated in the preceding section, Dakota is not a "seller" and specifically not a "seller" who is a "merchant" with respect to the sale and administration of vaccines.  In fact, Plaintiffs do not allege Dakota is a "seller" or a "merchant." Rather, Plaintiffs merely allege Plaintiffs assisted in the storage of the Affected Medications and distributed the Affected Medications to Essentia Health.

[¶18]   Accordingly, even taking everything as true in the Plaintiffs' Amended Complaint, there is no allegation that Dakota is a "seller" or "merchant." Likewise, there is no allegation that Dakota is the manufacturer of the Affected Medications.  The Plaintiffs admit that they did not

even know of Dakota's alleged involvement with storage and distribution until Essentia Health provided its Answer to the original Complaint. Plaintiffs cannot seriously claim that Dakota, an entity it had no knowledge was even allegedly involved with the Affected Medications, provided it with an implied warranty. Any such warranty must come from the seller/merchant, and arguably, in limited cases, from the manufacturer.

[¶19]   For the reasons stated in the preceding section, Dakota is not a seller and/or merchant and therefore Plaintiffs' claim of breach of implied warranties fails as a matter of law. For these reasons, Count II of Plaintiffs' Amended Complaint, as against Dakota, must be dismissed.

**D.      Plaintiffs' claims for violations of consumer protection and deceptive trade practices laws sound in fraud, and Plaintiffs have failed to plead their claims with particularity.**

[¶20]   Plaintiffs' claims of violations of the Minnesota Consumer Fraud Act and North Dakota Consumer Protection Law sound in fraud, and thus are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). See Olin v. Dakota Access, LLC, 910 F.3d 1072, 1076 (8th Cir. 2018) (stating parties alleging claims under the North Dakota Consumer Protection Law must satisfy the requirements of 9(b)); see also Thunander v. Uponor, Inc., 887 F. Supp. 2d 850, 876 (D. Minn. 2012)(same as to the Minnesota Consumer Fraud Act).

[¶21]   "In order to satisfy the pleading requirements of [Federal Rule of Civil Procedure] 9(b), 'the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'" Dakota Access, LLC, 910 F.3d 1072, 1075 (8th Cir. 2018). "Particularly in cases with multiple defendants, 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" Id. (emphasis

added). <u>A formulaic recitation of elements of a cause of action is insufficient to survive dismissal</u>. <u>Id.</u> at 1076.  Moreover, both the Minnesota Consumer Fraud Act and the North Dakota Consumer Protection Law only apply to fraudulent acts committed by a "seller" of merchandise.  <u>Compare</u> <u>Benz Farm, LLP v. Cavendish Farms, Inc.</u>, 2011 ND 184, ¶ 19, 803 N.W.2d 818, 824 (stating a consumer fraud claim only applies to a person who sells or advertises merchandise) <u>with</u> <u>State v.</u> <u>Minnesota Sch. of Bus., Inc.</u>, 935 N.W.2d 124, 137 (Minn. 2019) (opining a Minnesota consumer fraud case requires proof the seller intend that consumer would rely on a misrepresentation).

[¶22]   Here, Plaintiffs allege they were injured by the "cumulative and indivisible nature of Defendants' conduct." (Doc. 28, ¶ 118). Plaintiffs also provide a formulaic recitation of allegations that Defendants' actions constituted unfair competition or unfair, unconscionable, deceptive or fraudulent acts, or trade practices in violation of the applicable statutes. <u>Id.</u> at ¶ 109. Plaintiffs fail to identify with <u>any</u> specificity what actions <u>Dakota</u> separately took which constitute such acts, when such purported acts of Dakota took place, or what result Dakota obtained from such acts. The complaint does not inform Dakota of the nature of its alleged participation in the fraud.

[¶23]   Plaintiffs further have not alleged Dakota was a "seller" or engaged in a sale to Plaintiffs.  Rather, Plaintiffs only assert they interacted with Essentia, which demonstrates there is no basis for Plaintiffs' consumer fraud claims against Dakota.  Because Plaintiffs have failed to satisfy the pleading requirements of Rule 9(b) or the Minnesota and North Dakota consumer fraud statutes, Count III of their Complaint cannot survive dismissal.

**E.**     ***Plaintiffs have failed to allege facts to support their claim for unjust enrichment against Dakota.***

[¶24]    Plaintiffs have failed to allege facts to show that Dakota was enriched and/or that Dakota's enrichment is connected with the Plaintiffs' impoverishment.    Therefore, Plaintiffs' unjust enrichment claim fails as a matter of law.

[¶25]    "Unjust enrichment is a broad, equitable doctrine which rests upon quasi or constructive contracts implied by law to prevent a person from unjustly enriching himself at the expense of another." Hayden v. Medcenter One, Inc., 2013 ND 46, ¶ 14, 828 N.W.2d 775. "To recover under a theory of unjust enrichment, the plaintiff must prove: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of a justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." McColl Farms, LLC v. Pflaum, 2013 ND 169, ¶ 18, 837 N.W.2d 359, 367. A determination of unjust enrichment is a conclusion of law. Apache Corp. v. MDU Res. Grp., Inc., 1999 ND 247, ¶ 13, 603 N.W.2d 891, 895.

[¶26]    The North Dakota Supreme Court has explained the applicability of the doctrine, stating:

> The doctrine of unjust enrichment is invoked when a person has and retains money or benefits which in justice and equity belong to another. A person who has been unjustly enriched at the expense of another is required to make restitution to the other. For a complainant to recover, it is sufficient if another has, without justification, obtained a benefit at the direct expense of the [complainant], who then has no legal means of retrieving it. The essential element in recovering under a theory of unjust enrichment is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value.

Id. at ¶ 14 (citations and quotations omitted) (emphasis added).

10

[¶27]   Plaintiffs allege they have "been injured by paying for the Affected Medic[ations] and associated medical visits without receiving the benefit of the bargain." Id. at ¶ 6. Plaintiffs assert they are "entitled to refunds for visits for which they did not receive proper care." Id. at ¶ 7. Plaintiffs allege "Defendants" were "unjustly enriched as a result of their wrongful conduct." Id. at ¶ 138. Plaintiffs allege "Defendants requested and received measurable benefit at the expense of Plaintiffs in the form of payment for their Affected Medications and/or payment for the associated medical visits." Id. at ¶ 139. Plaintiffs further allege the "Defendants" appreciated, recognized, and chose to accept the monetary benefits Plaintiffs conferred onto Defendants at Plaintiffs' detriment." Id. at ¶ 140. However, Plaintiffs only allege **Essentia Health** sold any Affected Medications Id. at ¶ 3.

[¶28]   While Plaintiffs make the conclusory allegation "Defendants" were enriched to the detriment of Plaintiffs, Plaintiffs fail to allege **any** facts that support Dakota was enriched to the detriment of Plaintiffs. Plaintiffs have failed to allege they conferred any benefit on Dakota. Alternatively, Plaintiffs allege any medical appointments or services were provided by **Essentia Health**. Plaintiffs allege **Essentia Health** sold and administered the Affected Medications. Plaintiffs have not alleged Dakota obtained any benefit at the direct expense of Plaintiffs. Because Plaintiffs have failed to allege any facts which support the essential elements of a claim for unjust enrichment against Dakota, their claim fails as a matter of law. For these reasons, Count IV of Plaintiffs' Amended Complaint, as against Dakota, must be dismissed.

11

## CONCLUSION

[¶29]   For the foregoing reasons, Defendant Dakota Clinic Pharmacy, LLC, respectfully requests this Court grant its motion in its entirety, dismissing all claims against Dakota for failure to state a claim upon which relief can be granted.

Dated this 17th day of February, 2021.

/s/ Peter W. Zuger
Peter W. Zuger (ID# 06282)
Ian R. McLean (ID#07320)
SERKLAND LAW FIRM
10 Roberts Street
P.O. Box 6017
Fargo, ND 58108-6017
Telephone: (701) 232-8957
pzuger@serklandlaw.com
imclean@serklandlaw.com
*ATTORNEYS FOR DEFENDANT*
*Dakota Clinic Pharmacy, LLC*