**Angie E. Lord**

Direct Dial: 701.356.6321 | alord@vogellaw.com

February 12, 2021

**VIA EMAIL ONLY**
ndd_j-senechal@ndd.uscourts.gov

Magistrate Judge Alice R. Senechal
655 1st Avenue North, Suite 440
Fargo, North Dakota 58102-4952

**Re:     Jessica Kraft et al. v. Essentia Health, et al.  Case No. 3:20-cv-121**

Dear Magistrate Judge Senechal:

Defendant Essentia Health ("Essentia") provides this position statement pursuant to the Court's direction at the Scheduling Conference on January 19, 2021, and in advance of the status conference on February 16, 2021.  Importantly, since the January conference, Plaintiffs have added several named Plaintiffs as parties and served Dakota Clinic Pharmacy, LLC ("DCP") with the First Amended Complaint.  Upon information and belief, Innovis Health, LLC, has not yet been served.  Given the current status, Essentia seeks the opportunity to revisit the scheduling plan with the addition of DCP and several additional named Plaintiffs as parties.

### Scope of Discovery

Plaintiffs propose an eight-month discovery period and oppose "bifurcation" of class and merits discovery, citing judicial efficiency and what Plaintiffs describe as a "relatively straight-forward" case. Plaintiffs' position is premised on the assumption that there was a temperature excursion, that certain medications were affected by a temperature excursion, and that Plaintiffs suffered harm as a result, all of which are disputed.  Although opposing "bifurcation," Plaintiffs' proposal reflects separate discovery periods, both before and after the deadline for Plaintiffs' motion on class certification.  Essentia likewise proposes separate phases of discovery delineated by Plaintiffs' deadline for motion for class certification, but seeks the opportunity to revisit the scheduling plan with DCP to promote judicial economy and a scheduling plan that encompasses all served parties.

"District Courts are afforded considerable discretion in determining the necessity for and scope of discovery on class certification issues." *Mehl v. Canadian Pac. Ry.*, 216 F.R.D. 627 631 (D.N.D. 2003). In determining whether phased discovery is appropriate, "courts consider the following factors:  (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning 'the potential impact a grant or denial of certification would have upon the pending litigation,' and whether the definition of the class would 'help determine the limits of discovery on the merits,' and (3) severability, meaning whether class certification and merits issues are closely enmeshed." *Ballard v. Kenan Advantage Grp., Inc.*, No. 5:20CV1042, 2020 WL 4187815, at *1 (N.D. Ohio July 20, 2020) (quoting 3 Newberg on Class Actions § 7:17 (5th ed.)).

While Plaintiffs suggest bifurcation is unwarranted, Plaintiffs have not "provide[d] specific reasons tied to the facts of this case why that is so," aside from generally alleging bifurcation "will result in greater



Magistrate Judge Alice R. Senechal
February 12, 2021
Page 2

inefficiency and endless disputes about line-drawing between class and merits-based discovery." *Id.* Indeed, Plaintiffs' plan includes phased discovery, which reflects a recognition that phased discovery would conserve judicial resources and avoid the expenditure of party resources on discovery that may not be necessary.

Plaintiffs also propose an accelerated timeframe for discovery and motion deadlines. Essentia maintains the complexities of this case, the nature of the claims and defenses, the ongoing Covid-19 pandemic affecting the healthcare industry and resources, and the addition of DCP to the litigation warrant more time for discovery than provided by the Plaintiffs' proposal.

**Medical Authorizations**

Essentia maintains the named Plaintiffs ought to be required to provide medical authorizations for the acquisition of medical records from the named Plaintiffs' healthcare providers. As was outlined in the Joint Proposed Scheduling/Discovery Plan, the purpose for the authorizations is twofold. The authorizations are necessary so that Essentia is permitted to independently acquire the named Plaintiffs' discoverable medical records, in addition to records produced by the Plaintiffs in discovery. The medical authorizations are also necessary to enable Essentia to produce the named Plaintiffs' medical records, which may be requested as part of this action. Essentia would agree to a temporal limitation to the authorizations, beginning with the timeframe alleged in Plaintiffs' Complaint through the present.

Pursuant to Rule 501 of the Federal Rules of Evidence, "state law governs privilege regarding a claim or defense for which state law supplies the rules of decision" in civil cases. FED. R. EVID. 501; *see also Bharadwaj v. Mid Dakota Clinic, P.C.*, No. 1:16-CV-262, 2017 WL 11591196, at *2 (D.N.D. Mar. 9, 2017). Here, Plaintiffs invoked the jurisdiction of this Court pursuant to subsection (d) of Section 1332, Title 28, which "authorizes diversity jurisdiction in class actions whenever the amount in controversy exceeds $5,000,000 and minimal diversity exists between 'any' plaintiff class member and 'any' defendant." 7A Fed. Prac. & Proc. Civ. § 1756.2 (3d ed.). Accordingly, state law governs applicable privileges in this case. North Dakota law specifically provides "[a] party who commences an action for malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider...or a health care facility...waives in that action any privilege...as to any medical records, opinions, or other information in the possession of any other health care provider who has examined or cared for the party...whose health or medical condition has been placed in controversy in the action." N.D. CENT. CODE § 28-01-46.1. North Dakota law is equally as clear that "[a]ppropriate authorizations permitting access to the written medical record...must be provided by the party commencing the action at the time the action is commenced." *Id.* In diversity actions in which state law supplies the rule of decision, such as this case, HIPAA and its implementing regulations do not preempt a state's more stringent medical privilege. *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 924-925 (7th Cir. 2004).

Moreover, North Dakota courts "[have] recognized the importance of the physician-patient relationship and the expectations of confidentiality which flow from that relationship." *State ex rel. Workforce Safety, & Ins. v. Altru Health Sys.*, 2007 ND 38, ¶ 18, 729 N.W.2d 113; *see also* N.D. CENT. CODE § 43-17-31(13) (violation of confidentiality may result in disciplinary action). "Courts have generally recognized a patient's right to recover damages from a physician for unauthorized disclosure of medical

Magistrate Judge Alice R. Senechal
February 12, 2021
Page 3

information" and "[t]he patient's privilege against disclosure of medical information generally extends to hospital records." *Altru*, 2007 ND 38, ¶ 18; *see also* Minn. Stat. § 144.292, subd. 2 (prohibiting the disclosure of patient health records absent consent or a specific authorization in law pursuant to the Minnesota Health Records Act). Accordingly, healthcare providers and entities have a significant interest in maintaining the confidentiality of patient records.

Even in the absence of state privilege, Essentia would be required by HIPAA and its implementing regulations to obtain patient authorization prior to disclosure of medical records. *See* 45 C.F.R. § 164.508.

**ESI Protocol**

Essentia objects to Plaintiffs' proposal to include additional TAR (technology assisted review) and search validation provisions in the ESI Protocol. Essentia has already agreed to a robust, detailed document search protocol under Section V of the protocol regarding search methodologies, including agreeing to confer in good faith with Plaintiffs regarding proposed search terms as provided in detail in Section V.7. of the protocol. The additional provisions proposed by Plaintiffs are unduly burdensome to the producing party and provide for a procedure that is far outside the requirements of the Federal Rules of Civil Procedure. Other provisions of the ESI protocol adequately protect the integrity of the Parties' document search and use of TAR.

**Protective Order**

Essentia objects to Plaintiffs' proposal to add a provision to the proposed Confidentiality Order, incorporating 45 CFR §164.512(e), a HIPAA provision that applies to disclosures by *covered entities* and permits a covered entity to disclose protected health information in certain circumstances in the absence of patient consent, written authorization, or the patient's opportunity to agree or object. Essentia does not agree to disclose protected health information in the absence of patient authorization, as set forth above. The agreed upon language in the Confidentiality Order recognizes that nothing in the proposed Confidentiality Order shall be construed as consent to production or waiver of defenses, arguments, and/or objections to production. In other words, inclusion of the proposed HIPAA provision serves no purpose in the Confidentiality Order. Plaintiffs sought to include "protected health information" in the Confidentiality Order, so that Plaintiffs could designate their clients' medical records as "confidential" and subject to the Confidentiality Order, which the current language allows, without the addition of section 164.512(e).

Thank you for your consideration.

Very truly yours,

Angie E. Lord

4318502.3