**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| JESSICA KRAFT, individually and as parent to minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B.; AMY LAVELLE, individually and as parent of minors Em.L. and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F.; JENNIFER REIN, individually, and JESSICA BERG, individually and as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>        Defendants. | Case No. 3:20-cv-121<br><br><br>**CONFIDENTIALITY ORDER** |

## A.    INTRODUCTION

1.    Following discussions with counsel at status conferences held on February 17, 2021, and February 25, 2021, the Court issues the following Confidentiality Order relating to the parties' alleged proprietary and confidential information that may be produced subject to protection pursuant to Fed. R. Civ. P. 26(c). The Court recognizes that it may be necessary to amend some provisions of the order as the litigation progresses.

2.    Discovery in this Litigation, including any appeal, may involve the production of

6

information containing trade secrets, proprietary commercial or business information, financial information, personal identifying or personal health related information, information subject to one or more U.S. or foreign data privacy laws or regulations, and/or other sensitive and confidential information for which special protection from public disclosure and from use for any purpose other than this proceeding is warranted.

3.      This Order shall govern all hard copy and electronic documents, the information contained therein, and all other information produced or disclosed during this Litigation, whether revealed in a document, deposition, other testimony, discovery responses or otherwise.

4.      Third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing or Receiving Party for purposes of this Confidentiality Order.

5.      The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rules of Civil Procedure 26(c) or 37(a).

6.      Nothing in this Order shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony or other evidence.

7.      Nothing contained in this Order shall preclude any Producing Party from using its own Confidential Information or Highly Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

8.      It is expressly understood by and among the parties that in producing Confidential Information and/or Highly Confidential Information in this proceeding, the parties shall be relying upon the terms and conditions of this Order.

9.      Nothing in this Order shall be construed as consent to production or waiver of defenses, arguments, and/or objections to production.

6

B.    **DEFINITIONS**

1.    This "Litigation," as used herein, means Case No. 3:20-cv-121, and any appeals thereof.

2.    "Document," as used herein, shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

3.    "Producing Party," as used herein, means any party to this Litigation or any nonparty who produces or provides materials or testimony containing Confidential Information and/or Highly Confidential Information.

4.    "Receiving Party," as used herein, means any party to the Litigation or any nonparty to whom the Producing Party produces materials or testimony containing Confidential Information and/or Highly Confidential Information.

5.    "Third Party," as used herein, covered by this Order is intended to include third parties who respond to discovery requests initiated by the parties or the Court.

6.    "Confidential Information," as used herein, means information of any type, kind or character that the Producing Party believes in good faith constitutes, reflects, discloses, or contains: (1) information that the Producing Party reasonably believes constitutes a trade secret under applicable statutory and case law; or (2) information that the Producing Party reasonably believes constitutes such highly sensitive technical or proprietary business information of such Producing Party that its disclosure might result in an unfair competitive, financial or commercial advantage to the Receiving Party or competitors or disadvantage to the Producing Party; (3) Protected Health Information, as defined herein; or (4) personal identifying information, personal data, sensitive personal data, or other data a party believes in good faith to be subject to federal, state, or foreign data protection laws; or (5) any other sensitive information or tangible things (regardless of how

6

they are generated, stored or maintained) that requires protection under Federal Rule of Civil Procedure 26(c).

7.     "Confidential Information" can apply to information contained within a document, revealed during a deposition or other testimony, revealed in a written discovery response, or otherwise revealed. Any transcript of an *in camera* hearing shall be treated as confidential pursuant to this Order. This Order shall be understood to encompass not only those items or things that are expressly designated as Confidential, but also Confidential Information contained in copies, excerpts, and summaries thereof, testimony, oral communications, and other work product.

8.     "Highly Confidential Information" means Confidential Information that the Producing Party believes in good faith would, if disclosed, cause a substantial risk of a significant competitive or commercial disadvantage to the Producing Party, including but not limited to information that reflects: the Producing Party's competitiveness in the market; research and development materials; or non-public dealings with or internal deliberations concerning any regulatory body such as the FDA or other authority.

9.     "Protected Health Information," as used herein, shall have the same definition as set forth in 45 CFR § 160.103.

10.     None of the above definitions shall be construed as consent to production or waiver of defenses, arguments, and/or objections to production.

## C.     **DESIGNATION PROCESS**

1.     In designating materials as "Confidential Information" or "Highly Confidential Information" the Producing Party shall do so in good faith, consistent with the provisions of this Order. Nothing contained herein shall be construed to allow global designations of all materials or documents as "Confidential Information" or "Highly Confidential Information."

2. Specific documents and discovery responses produced by a Producing Party may be designated as containing Confidential Information by marking each page of the documents with the words "Confidential Information – Subject to Protective Order" or "Highly Confidential Information – Attorneys' Eyes Only – Subject to Protective Order," as appropriate (hereinafter, collectively "Confidentiality Designation"), without obscuring any part of the text, where reasonably practicable. Such Confidentiality Designation shall subject the document and its contents to this Order. In lieu of marking the original of a document, the Producing Party may mark the copies that are produced or exchanged.

3. To the extent that information stored or recorded in the form of electronic or other media is produced in such form, the Producing Party may designate such information as Confidential Information or Highly Confidential Information by cover letter generally referring to such information, or by including "Confidential" or "Highly Confidential," as appropriate, in the file or directory name, or by affixing the appropriate Confidentiality Designation to the media containing the information (e.g., CD-ROM, DVD, Hard Drive).

4. The Receiving Party shall mark any storage medium containing such Confidential Information or Highly Confidential Information with the appropriate Confidentiality Designation as designated by the Producing Party. Whenever any Receiving Party reduces any such information to hard copy form and intends to use that hard copy in this Litigation (subject to the terms of this Order), the receiving party must prominently mark the hard copy form with the appropriate Confidentiality Designation as designated by the Producing Party.

5. No person shall attend depositions (or portions of depositions) during which Confidential or Highly Confidential Information is disclosed unless such person is authorized under the terms of this Protective Order. If, during the course of a deposition, the response to a

question would require the disclosure of Confidential or Highly Confidential Information, the witness may refuse to answer or the Producing Party or Party whose Confidential or Highly Confidential Information would be disclosed may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential or Highly Confidential Information leave the room. If all persons in the room are authorized to receive Confidential or Highly Confidential Information, no objection shall be interposed at deposition directing a party not to answer based on the fact that an answer would elicit Confidential or Highly Confidential Information. At the time of deposition or within thirty (30) days after receipt of the final (signed or unsigned) deposition transcript from the court reporter, a party may designate as Confidential or Highly Confidential Information specific portions of the transcript that contain confidential matters under the standards set forth above. This designation shall be in writing and served upon all counsel present for the deposition and all liaison counsel.  Transcripts will be treated as confidential until the expiration of this time period. Any portions of a transcript designated Confidential or Highly Confidential shall thereafter be treated as confidential in accordance with this Order. The original and all copies of transcripts containing Confidential or Highly Confidential Information shall be marked with the appropriate Confidentiality Designation.

6.      The parties agree that a Receiving Party (or any other person who receives Confidential Information or Highly Confidential Information from a Receiving Party) may use Confidential Information and Highly Confidential Information only for the purposes of the Litigation.

**D.      PERMISSIBLE USE AND DISCLOSURE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION**

1.      Except with the prior written consent of the Producing Party, Confidential Information or Highly Confidential Information, or any portion thereof, may not be disclosed to any person or entity, except as set forth below.

2.      Any document or other material that is designated Confidential Information or Highly Confidential Information, or the contents thereof, may be disclosed and used as necessary only for the purpose of this Litigation, or appeal therefrom.

3.      Information designated as Confidential Information pursuant to this Order may be shown and delivered to the following people within this Litigation as necessary:

> i.   a party to the Litigation, or an officer, director, employee, partner, conservator, guardian, trustee or executor of a party;
>
> ii.  inside and outside counsel for a party, including counsel's clerical, secretarial, and other staff employed or retained by such counsel;
>
> iii. judges, court reporters, court personnel, special masters, referees, other court-appointed officials, or videographers present at trial, conferences, hearings, arguments, or depositions held in this Litigation, including any appeals related thereto;
>
> iv.  insurers, reinsurers, auditors or other third parties who may view or inspect a party's files or records in the ordinary course of that party's business;
>
> v.   employees of third-party contractors retained by a party or outside counsel for a party, involved in one or more aspects of discovery tasks, copying, organizing, filing, coding, converting, storing, reviewing or retrieving data

7

or designating programs for handling data connected with the Litigation, including the performance of such duties in relation to a computerized litigation support system;

vi. a Receiving Party, to the extent they are not a named party to the Litigation, and any corresponding support staff, including eDiscovery vendors, trial/jury consultants, and graphics/visual-effect vendors;

vii.    testifying or consulting experts retained by a party to this Litigation for purposes of assisting the party and its attorneys of record in the preparation and/or presentation of its claims or defenses;

viii.    any deponent, provided: (1) the Receiving Party has a good-faith basis to believe the witness authored (in whole or in part), received, or had authorized access to the Confidential Information or Highly Confidential Information prior to the deposition; and (2) the witness agrees to be bound by the terms of this Confidentiality Order on the record at deposition; and

ix. any other person, if consented to in writing in advance by the Producing Party, or by court order.

4.    Notwithstanding the foregoing, counsel may disclose Confidential or Highly Confidential Information while on the record during a deposition provided that: (i) counsel believes in good faith that the witness has knowledge of or relevant testimony related to the matters contained in the Confidential or Highly Confidential Information; and (ii) counsel in good faith deems it necessary for the prosecution or defense of the action to show the Confidential or Highly Confidential Information to the deponent. The deponent shall sign the "Attestation" attached this Order before the Highly Confidential Information is disclosed.  Prior to presenting the Highly

8

Confidential Information to the deponent, the party wishing to use the information shall show the information to counsel for the Producing Party. If a dispute arises, the counsel present at the deposition shall meet and confer in an attempt to resolve the dispute. If the parties are unable to resolve the dispute, the Highly Confidential Information shall not be disclosed to the deponent until such time that the Court, or its designee, can resolve the dispute.

5.      Information designated as Highly Confidential Information pursuant to this Order may be shared only with the persons listed in paragraphs 3(ii)-(ix) above.

6.      Persons listed in paragraphs 3(i), (v)-(ix) above, to whom sharing or disclosure of Confidential Information or Highly Confidential Information (if appropriate) is made, must sign the Attestation attached hereto as Exhibit A unless such permission for such disclosure has been granted by the Court. Counsel providing access to Confidential Information or Highly Confidential Information shall retain copies of the executed Attestation(s) and provide them to another party as requested.

7.      Counsel for a party may give advice and opinions to his or her client solely relating to the Action based on his or her evaluation of Highly Confidential material, provided that such advice and opinions shall not reveal the content of such Highly Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

8.      This Order shall not affect or modify any Defendant's ability to review and report produced information to any applicable regulatory agencies.

9.      The terms of this Order shall in no way affect the right of any person to withhold production of privileged information or information subject to the work product protection.

**E.      <u>INADVERTENT FAILURE TO MAKE CONFIDENTIALITY DESIGNATION</u>**

1.      Inadvertent production, mistaken production, or *in camera* review of any document

or information without the appropriate Confidentiality Designation, or with the incorrect Confidentiality Designation, will not be deemed to waive a later claim to its Confidential or Highly Confidential nature or preclude the Producing Party from designating said document or information as Confidential Information or Highly Confidential Information at a later date.

2.    A Producing Party may designate as Confidential Information or Highly Confidential Information or withdraw such a designation from any material that it has produced by serving written notice to the Receiving Party within thirty (30) days following the discovery of the inadvertent production with incorrect designation or without designation.  The Producing Party shall produce corrected versions of the materials to conform the document to the appropriate designation within fourteen (14) days of the date the Producing Party notified the Receiving Party of the inadvertent production.  Upon receipt of the notice, the Receiving Party shall: treat such document or information with the noticed level of protection from the date such notice is received  as Confidential or Highly Confidential pursuant to the terms of this Order; take reasonable steps to notify any persons known to have possession of such material of such re-designation under this Order; promptly endeavor to procure all copies of such materials from persons known to have possession of such material who are not entitled to receipt of it pursuant to this Order; and destroy or return any copies of the undesignated or incorrectly designated materials. It is understood that the Receiving Party's good faith efforts to procure all copies may not result in the actual return of all copies of such materials.

3.    The production of any unredacted information that would otherwise be subject to redaction under this Order shall not be deemed a waiver, in whole or in part, of any party's claim to the Confidential or Highly Confidential nature of such information. To the extent any party discovers the production of such information subject to redaction, the provisions of this section shall apply.

**F.      CHALLENGE TO CONFIDENTIALITY DESIGNATION**

1.      A Receiving Party may challenge a Producing Party's designation of Confidential Information or Highly Confidential Information by notifying the Producing Party, in writing, of its good faith belief that the designation was not proper. The written notification shall specifically identify each designated document or other material that is the subject of the Receiving Party's challenge.

2.      After receipt of this written notification, the Producing Party will have an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain, in writing within twenty-one (21) days of receiving such a challenge, the basis of the designation.

3.      If the above process does not resolve the dispute over the designation, the Parties agree to abide by the Court's Order regarding Resolution of Discovery Disputes. (Doc. 16.)

4.      This procedure shall also govern any challenges related to whether Highly Confidential Information should be designated Confidential Information.

5.      The burden of proof as to a designation of Confidential Information or Highly Confidential Information rests on the Producing Party to demonstrate that such designation is proper. The document or information that is subject of the filing shall be treated as originally designated pending resolution of the dispute.

**G.      CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION OFFERED AS EVIDENCE**

1.      The use of Confidential Information or Highly Confidential Information at trial or other proceeding shall be governed by Local Civil Rule 5.1.

**H.      SUBPOENA BY OTHER COURTS OR AGENCIES**

1.      If another court or an administrative agency subpoenas or otherwise orders production of materials containing Confidential Information or Highly Confidential Information that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify the Producing Party in writing by providing a copy of the subpoena. Confidential Information or Highly Confidential Information should not be produced prior to the receipt of written notice by the Producing Party and a reasonable opportunity to object unless otherwise compelled by law or court order.

I.      **DISPOSITION OF MATERIALS AFTER LITIGATION**

1.      The provisions of this Order shall not terminate at the conclusion of this Litigation. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of the United States District Court for the District of North Dakota, for the purposes of enforcement of the confidentiality terms of this Order.

2.      Within forty-five (45) days after conclusion of this Litigation, including any appeals related thereto, at the written request of the Producing Party, such attorney and any person to whom he/she disclosed Confidential Information, and/or Highly Confidential Information shall, including any experts and consultants, at the Receiving Party's option, either (a) destroy or (b) return and surrender all Confidential Information and/or Highly Confidential Information produced pursuant to this Order, to the Producing Party. If returning the materials, such persons shall return any Confidential Information and/or Highly Confidential Information and any and all copies (electronic or otherwise), summaries, notes, compilations, and memoranda related thereto (excluding privileged communications, attorney work product, and documents filed with the Court, but such documents shall remain subject to the terms of this Order). Upon the return of all such Confidential Information and/or Highly Confidential Information the Receiving Party shall certify in writing that reasonable, good faith efforts were made to assure that all such Confidential

Information and/or Highly Confidential Information and any and all copies (electronic or otherwise), summaries, notes, compilations and memoranda related thereto have been delivered to the Producing Party in accordance with the terms of this Order. In lieu of returning the materials described in this paragraph (including copies, summaries, notes, compilations and memoranda related thereto) the Receiving Party may destroy the materials in a manner that will protect the Confidential Information and/or Highly Confidential Information and the destroying party shall certify by affidavit that it has done so.

## J.      **MODIFICATION OF PROTECTIVE ORDER**

Upon motion and Order of this Court, the terms of this Order may be modified.  This Order shall continue in force until amended or superseded by express order of the Court and shall survive and remain in effect after the termination of this proceeding.

## K.      **FILING CONFIDENTIAL DOCUMENTS WITH THE COURT**

If a party seeks to file documents designated as "Highly Confidential," or "Confidential," the party must first file a motion for leave to file under seal, accompanied by a memorandum in support, setting forth the legal basis for sealing the documents, in accordance with the Administrative Policy Governing Electronic Filing and Service. If only portions of the documents designated as "Highly Confidential" or "Confidential" contain sensitive information, and a party seeks to file the documents with the court, that party must (1) file a motion for leave to file under seal and a memorandum in support of the motion, which provides an explanation of the legal basis for redacting information from the document, and (2) attach to the motion for leave to file under seal an unredacted copy of the document and a proposed redacted copy of the document. The proposed redactions shall be highlighted or otherwise identified in a manner that enables the Court and the other party to easily review the proposed redactions.

Entered this 1st day of March, 2021.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

JESSICA KRAFT, individually and as parent to
minors L.K., S.K., and O.K.;
SHELLI SCHNEIDER, individually and as parent
of minors A.S. and W.S.;
individually and on behalf of all others
similarly situated,

Case No. 3:20-cv-121

        Plaintiffs,

   vs.

Essentia Health, John Doe Manufacturers, and
John Doe Distributor,

      Defendants.

**CONFIDENTIALITY ORDER:**

**ATTESTATION**

I,_____, hereby attest to my understanding that information or

documents designated Confidential Information or Highly Confidential Information are provided

to me subject to the Confidentiality Order ("Order") dated ___, 2021, entered by the Court in the

above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order;

and that I agree to be bound by its terms. I also understand that my execution of this Attestation to

the Confidentiality Order, indicating my agreement to be bound by the Order, is a prerequisite to

my review of any information or documents designated as Confidential Information or Highly

Confidential Information pursuant to the Order.

I further agree that I shall not disclose to others, except in accord with the Order, any

Confidential Information or Highly Confidential Information, in any form whatsoever, and that

such Confidential Information or Highly Confidential Information and the information contained

i

therein may be used only for the purposes authorized by the Order.

I further agree to return all copies of any documents or information containing Confidential Information or Highly Confidential Information I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Information or Highly Confidential Information material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the District of North Dakota, for the purposes of any proceedings relating to enforcement of the Order, even if such enforcement proceedings occur after termination of this action.

I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Attestation.

Date:_____

Printed Name: _____

Signature: _____

ii