FUNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as a parent to minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent to minors, A.S. and W.S.; individually and on behalf of others similarly situated,<br><br>                                  Plaintiff,<br><br>       vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>                                  Defendant. | Court File No. 3:20-CV-00121<br><br><br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT DAKOTA CLINIC PHARMACY, LLC'S MOTION TO DISMISS** |

## INTRODUCTION

[¶1]    Defendant Dakota Clinic Pharmacy, LLC ("Dakota") submits this Reply Memorandum in support of its Motion to Dismiss.

[¶2]    In short, Plaintiffs' argument opposing the Motion to Dismiss is based on Plaintiffs' misunderstanding of the definition of "seller" under the U.C.C. and misunderstanding of the heightened pleading standard of Federal Rule of Civil Procedure 9(b). In addition, the crux of Plaintiffs' argument is based on allegations Plaintiffs did not actually assert in their Amended Complaint, but instead is based on new allegations Plaintiffs attempt to inject now, as an effort to preclude dismissal. Because Plaintiffs have failed to state claims against Dakota in their Amended Complaint for which relief can be granted, Dakota respectfully requests this Court grant its motion and dismiss all claims against Dakota.

1

**LAW AND ARGUMENT**

### A.    *Plaintiffs' claim for breach of express warranties must fail as Dakota is not a "seller."*

[¶3]    Plaintiffs appear to concede the North Dakota Uniform Commercial Code provides express warranties are created by <u>sellers</u>. However, Plaintiffs posit the definition of a seller is based on the "context" of a particular case. Plaintiffs misunderstand the law.

[¶4]    Pursuant to N.D.C.C. § 41-02-03(1)(d), a "seller" is defined as a "person who sells or contracts to sell goods" <u>unless the context of the chapter</u> (i.e. N.D.C.C. ch. 41-02) otherwise requires. Stated another way, the context of <u>a particular statute</u> in Chapter 41-02 might change the definition of a seller, not the context of a particular factual scenario.

[¶5]    Plaintiffs attempt to stretch the definition of seller to accommodate their deficient pleadings. However, the construction of "seller" asserted by Plaintiffs is not supported by the Code. Plaintiffs suggest the definition of seller includes any person who transfers or delivers a product pursuant to a contract. However, that is not what the Code says. Pursuant to N.D.C.C. § 41-02-03(1)(d), a "seller" is defined as a "person who sells or contracts to sell goods." Section 41-02-18, N.D.C.C., identifies, generally, that a <u>seller</u> has an obligation to transfer and deliver in accordance with the contract. Nothing in that section expands the definition of seller beyond someone who sells or contracts to sell goods. Indeed, Plaintiffs do not cite to a single statute that requires a different definition of seller based on context than what is stated in Section 41-02-03(1)(d).

[¶6]    Plaintiffs attempt to use their response memorandum to correct their deficient pleadings. In their memorandum, Plaintiffs cite ¶¶ 25-26 of their Amended Complaint to support their statement that "As the distributor of Affected Medications to Essentia, <u>Dakota Clinic</u>

contracted to sell goods within the meaning of the U.C.C." However, that is not what the Amended Complaint states. Paragraph 25 of the Amended Complaint states, "According to Essentia Health, as of September 6, 2016, Dakota Clinic Pharmacy was an Essentia-owned pharmacy." (Doc. 28, ¶ 25). Paragraph 26 states, "According to Essentia Health in its Answer, Innovis Health contracted with Dakota Clinic for pharmaceutical management services." (Doc. 28, ¶ 26) (emphasis added). Plaintiffs further state, citing ¶ 84 of the Amended Complaint, they specifically alleged Dakota "expressly represented and warranted to the purchasers of their products, by and through statements made by Defendants in labels, publications, package inserts, and other written materials intended for consumers and the general public, that the Affected Medications were effective, fit, and proper for their intended use." Citing ¶ 88 of the Amended Complaint, Plaintiffs also state they alleged Dakota placed the Affected Medications in the stream of commerce for sale and recommended their use to consumers. Of note, ¶¶ 84 and 88 actually broadly identify "Defendants" and provide no allegations to any specific express warranty made by Dakota.

[¶7]    Plaintiffs also argue discovery will confirm their belated allegations Dakota is a seller in that Dakota either sold medications to Essentia or sold medications to Plaintiffs through Essentia. However, Plaintiffs' argument ignores the actual allegations of the Amended Complaint in which Plaintiffs do not allege Dakota engaged in any sales or contracted to sell anything. Plaintiffs cannot cure their defective Amended Complaint by alleging different facts than those in the Amended Complaint in response to a motion to dismiss.

[¶8]    Plaintiffs blanketly argue the caselaw cited by Dakota regarding who is a seller under the U.C.C. has no application to this case because the factual scenarios differ. In all the cases cited in Dakota's principal brief, the courts uniformly made clear: a seller is someone who

3

sells or is otherwise engaged in selling. (See Doc. 37, ¶ ¶10-11). <u>Plaintiffs have not alleged Dakota sold anything or contracted to sell anything.</u>

[¶9]    Plaintiffs also argue the relaxed privity requirements preclude dismissal of their breach of warranty claims. However, Plaintiffs' argument misses the mark. In <u>Falcon for Imp. & Trade Co. v. N. Cent. Commodities, Inc.</u>, No. CIV. A2-01-138, 2004 WL 224676, at *2 (D.N.D. Jan. 30, 2004), the Court held that a lack of vertical privity bars an express warranty claim and, as such, the Plaintiff could only recover if third-party beneficiary status could be claimed. Plaintiffs do not have vertical privity with Dakota. Therefore, their warranty claims against Dakota are barred. Moreover, third-party beneficiary status only applies to a "seller's warranty." N.D.C.C. § 41-02-35. Because Plaintiffs have not alleged Dakota is a seller or alleged with even the *slightest* of detail what express warranties were made by Dakota, their express warranty claim must fail as a matter of law. For these reasons, Count I of Plaintiffs' Amended Complaint, as against Dakota, must be dismissed.

### B.    *Plaintiffs' claim for breach of implied warranty must fail as Dakota is not a "seller."*

[¶10]   Plaintiff argues Dakota may be liable for breach of express and implied warranties as a distributor, without citation to any supporting authority. Indeed, as more fully explained in Dakota's principal brief, N.D.C.C. § 41-02-31 provides unless excluded or modified, a warranty the goods shall be merchantable is implied **in a contract** for their sale **if the seller is a merchant with respect to goods of that kind**. As with express warranties, liability for a breach of implied warranties is limited to "sellers" and specifically "sellers" who are "merchants" with respect to the goods of that kind. (<u>See</u> Doc # 37, ¶ 16 citing string of supporting authority).

[¶11]   Tellingly, Plaintiffs' argument in support of their breach of implied warranty claims ignores the seller and merchant requirement. Instead, Plaintiffs confuse the application of N.D.C.C. § 41-02-31 and 41-02-35. Section 41-02-35, N.D.C.C., provides:

> A <u>seller's warranty</u>, whether express or implied, <u>extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty</u>. A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends.

(emphasis added). Plaintiffs argue based on this section, "a <u>distributor's</u> implied warranties extend to all other persons," namely, Plaintiffs. However, Plaintiffs ignore §§ 41-02-31 and 41-02-35 do not apply to distributors; they apply expressly to <u>sellers</u>.

[¶12]   Plaintiffs further rely on <u>Lang v. Gen. Motors Corp.</u> to support their argument. However, Lang specifically dealt with a manufacturer's liability to a buyer, not a distributor's liability for a manufacturer's breach. <u>See</u> <u>Lang v. Gen. Motors Corp.</u>, 136 N.W.2d 805 (N.D. 1965). Moreover, Plaintiffs misstate the holding in <u>Harmon</u>. <u>Harmon</u> was a products liability case in which Plaintiff sued NAPA, in addition to others, for a defective battery which exploded causing harm to its user. As to NAPA's liability, the court stated in relevant part:

> <u>It would make no sense to condition the existence of the warranty on the seller's being a merchant and then extend liability for breach of the warranty to one who was not in the position of seller. The code defines a seller as "a person who sells or contracts to sell goods." Because NAPA did neither, it cannot be liable for breach of the implied warranty of merchantability.</u>
> …
> Perhaps the one overriding concern behind the court's decision is that extension of liability for a defective product to one in NAPA's position does not serve the public policy interests that have guided the development of products liability law in this country. The general idea behind that development has been to place liability for

> injuries caused by defective products on those most readily able to spread the cost among all consumers—i.e., those in a position to control the price of the product. NAPA is a nonprofit organization with apparently <u>no control over the price</u> of the products sold under its name.

<u>Harmon v. Nat'l Auto. Parts Ass'n</u>, 720 F. Supp. 79, 82 (N.D. Miss. 1989) (emphasis added) (citation omitted). The court's analysis for breach of warranty was focused on whether NAPA was a seller. Namely, whether NAPA sold or contracted to sell the goods at issue and had control over the price of the products. Similarly, here, there is not even an allegation Dakota sold or otherwise contracted to sell the Affected Medications. Nor is there any allegation that Dakota had control over the price of the products. As such, Plaintiffs' claim must fail.

[¶13]   For all the reasons stated in the preceding section, Dakota is not a "seller" and specifically not a "seller" who is a "merchant" with respect to the sale and administration of vaccines. Importantly, nowhere in the Amended Complaint do Plaintiffs allege such facts. Rather, Plaintiffs merely allege Plaintiffs assisted in the <u>storage</u> of the Affected Medications and distributed the Affected Medications to Essentia Health. Accordingly, even taking everything in Plaintiffs' Amended Complaint as true, there is no allegation that Dakota is a "seller" or "merchant."

[¶14]   For the reasons stated in the preceding section and in Dakota's principal memorandum, Dakota is not a seller and/or merchant and therefore Plaintiffs' claim of breach of implied warranties fails as a matter of law. For these reasons, Count II of Plaintiffs' Amended Complaint, as against Dakota, must be dismissed.

###### C.      *Plaintiffs' claims for violations of consumer protection and deceptive trade practices laws sound in fraud, and Plaintiffs have failed to plead their claims with particularity.*

[¶15]   Plaintiffs rely on this Court's Order (Doc. 13), denying Essentia's Motion to Dismiss the claims asserted in the *Original* Complaint, to support their argument the allegations against Dakota in the *Amended* Complaint are sufficient. Respectfully, this Court's previous Order is not dispositive.

[¶16]   The Original Complaint named Essentia and John Does as defendants. The allegations of fraudulent acts related specifically to Essentia, the only identified Defendant at the time. Conversely, here, Plaintiffs' Amended Complaint added an additional named party, Dakota. However, Plaintiffs failed to allege any specific fraudulent acts as to Dakota. Plaintiffs instead allege they were injured by the "cumulative and indivisible nature of Defendants' conduct." (Doc. 28, ¶ 118). Plaintiffs overlook that the pleading requirement of 9(b), even in under a more lenient standard, nevertheless requires the allegations specify which particular fraudulent acts are attributable to a specific defendant.

[¶17]   The Eighth Circuit has made this point clear: "Particularly in cases with multiple defendants, 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" Olin v. Dakota Access, LLC, 910 F.3d 1072, 1075 (8th Cir. 2018). (emphasis added). Allegations of fraudulent representations and conduct to multiple defendants generally, in a group pleading fashion, do not satisfy Rule 9(b). Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC, 781 F.3d 1003, 1012-13 (8th Cir. 2015) (explaining broadly

7

alleged various wrongdoings by "Defendants" is insufficient to meet the pleading requirements of 9(b)). For this deficiency alone, Plaintiffs' claims of fraud must be dismissed.[1]

[¶18]   Because Plaintiffs have failed to satisfy the pleading requirements of Rule 9(b) or the Minnesota and North Dakota consumer fraud statutes, Count III of their Complaint cannot survive dismissal.

> **D.      *Plaintiffs have failed to allege facts to support their claim for unjust enrichment against Dakota.***

[¶19]   Plaintiffs cite a series of cases to argue there is no requirement Plaintiffs pay Dakota <u>directly</u> and therefore its claim must move forward. Plaintiffs misconstrue Dakota's argument. It is undisputed Plaintiffs did not pay Dakota for anything. The essential element in recovering under a theory of unjust enrichment is the <u>receipt of a benefit by the defendant</u> from the plaintiff which would be inequitable to retain without paying for its value. <u>Apache Corp. v. MDU Res. Grp., Inc.</u>, 1999 ND 247, ¶ 14, 603 N.W.2d 891 (citations and quotations omitted) (emphasis added). The reason dismissal is appropriate on the unjust enrichment claim is Plaintiffs have failed to even allege that Dakota received any benefit whatsoever.

[¶20]   In their response brief, Plaintiffs argue, specifically citing ¶¶ 6 and 139 of the Amended Complaint, "that they conferred a benefit on Dakota Clinic—as a contracting party and in the chain of distribution with Innovis Health—in the form of payment for the Affected Medications without receiving the benefit of the bargain." (Doc. 51, p. 13). Tellingly, paragraph 6 provides "Plaintiffs and their minor children, as well as Class members, have been injured by paying for the Affected Medicines and associated medical visits without receiving the benefit of

---

[1] Plaintiffs argue Dakota is a person under the consumer fraud acts, which Dakota does not dispute. Such argument is irrelevant to this Motion to Dismiss. The dispositive issue is whether Dakota is a seller as demonstrated by caselaw Plaintiffs were unable to refute.

the bargain." This allegation is not related to Dakota. Indeed, a review of the factual allegations of the Amended Complaint reveals Plaintiffs paid Essentia for medical visits in which they received vaccines. (Doc. 28, ¶ 6).

[¶21]   Plaintiffs also now allege Dakota is Essentia's agent. Nowhere in the Amended Complaint do Plaintiffs allege Dakota is Essentia's agent. Plaintiffs allege **Essentia** sold and administered the Affected Medications. Plaintiffs have not alleged Dakota obtained any benefit at the direct expense of Plaintiffs, directly, through Essentia, or otherwise.

[¶22]   Because Plaintiffs have failed to allege any facts which support the essential elements of a claim for unjust enrichment against Dakota, their claim fails as a matter of law. For these reasons, Count IV of Plaintiffs' Amended Complaint against Dakota must be dismissed.

**CONCLUSION**

[¶23]   For the foregoing reasons as well as those stated in its principal brief, Dakota respectfully requests this Court grant its motion in its entirety, dismissing all claims against Dakota for failure to state a claim upon which relief can be granted.

Dated this 23rd day of March, 2021.

*/s/ Peter W. Zuger*
Peter W. Zuger (ID# 06282)
Ian R. McLean (ID#07320)
SERKLAND LAW FIRM
10 Roberts Street
P.O. Box 6017
Fargo, ND 58108-6017
Telephone: (701) 232-8957
pzuger@serklandlaw.com
*imclean@serklandlaw.com*
***ATTORNEYS FOR DEFENDANT***
***Dakota Clinic Pharmacy, LLC***