**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Jessica Kraft, individually and as parent to minors L.K., S.K., and O.K.; Shelli Schneider, individually and as parent of minors A.S. and W.S.; Anne Bailey, as parent of minor D.B.; Amy Lavelle, individually and as parent of minors Em.L. and El.L.; Elizabeth Beaton, Amanda Fauske, individually and as parent of minors C.R.F. and C.J.F.; Tyler Fauske, individually and as parent of minors C.R.F. and C.J.F.; Jennifer Rein, individually; Jessica Berg, individually and as parent of minors A.B. and S.B., individually and on behalf of all other similarly situated, | **ORDER GRANTING MOTION TO DISMISS** |
| Plaintiffs, | Case No. 3:20-cv-121 |
| vs. | |
| Essentia Health, Innovis Health, LLC d/b/a Essentia Health, Dakota Clinic Pharmacy, LLC, John Doe Manufacturers, and John Doe Distributor, | |
| Defendants. | |

Before the Court is Defendant Dakota Clinic Pharmacy, LLC's ("Dakota Clinic") motion to dismiss the Plaintiffs' first amended complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on February 17, 2021. Doc. No. 36. The Plaintiffs filed a response on March 10, 2021. Doc. No. 51. Dakota Clinic submitted its reply on March 23, 2021. Doc. No. 53. For the reasons discussed below, the motion to dismiss is granted without prejudice.

## I.       BACKGROUND

The factual background, which the Court must accept as true for the purposes of this motion, is taken from the Plaintiffs' first amended complaint.  Doc. No. 28.  The Court is familiar with facts the facts of this case,[1] and as such, the Court provides only a summary of the facts as alleged against Dakota Clinic.

This is an action brought by the Plaintiffs, individually and on behalf of their minor children, alleging that since as early as January 2017, Defendants Essentia Health ("Essentia") and Innovis Health, LLC ("Innovis") sold and administered more than 100 time- and temperature-sensitive pharmaceutical products ("TTSPPs"), which were manufactured by John Doe Manufacturers and distributed by unidentified John Doe Distributors.  Id. ¶ 3.  The first amended complaint alleges the TTSPPs were handled and stored outside the proper temperature ranges and as a result were compromised by temperature excursions (referred to as the "Affected Medications").  Id.  The Plaintiffs claim they were exposed to the Affected Medications and seek to recover damages on contract theories for "economic loss and other injuries."  Id. ¶¶ 95, 107.

Essentia Health identified one of the the John Doe Distributors as Dakota Clinic.[2]  Id. ¶ 5. The Plaintiffs allege Dakota Clinic "stored and distributed" the TTSPPs and Affected Medications to Essentia and Innovis.  Id. ¶ 3.  The Plaintiffs further allege the Affected Medications were compromised by improper temperature storage by Dakota Clinic.  Id. ¶ 4.  Finally, the Plaintiffs offer an allegation that the Affected Medications were "distributed by Dakota Clinic to Essentia" and state broadly as to "Defendants" that they "designed, manufactured, tested, marketed, labeled,

---

[1] The Court previously denied a motion to dismiss filed by Defendant Essentia Health.  See Doc. No. 13.
[2] The first amended complaint also pleads claims against additional unidentified John Doe Distributors.

packaged, handled, distributed, stored, and/or sold the defected Affected Medications to consumers, including Plaintiffs[.]" Id. ¶ 82.

Importantly for the purposes of this motion, the causes of action pleaded by the Plaintiffs sound in contract and include breach of express warranties, breach of implied warranties, violations of the North Dakota Consumer Protection Law and the Minnesota Consumer Fraud Act, and unjust enrichment. See generally Doc. No. 28.

## II.    LAW AND ANALYSIS

Dakota Clinic moves for dismissal of the Plaintiffs' first amended complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiffs respond that their amended complaint sufficiently pleads all claims against Dakota Clinic.

### A.    Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a) requires a pleading only to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Nevertheless, a complaint may be dismissed for "failure to state a claim upon which relief can be granted," and a party may raise that defense by motion. Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A plaintiff must show that success on the merits is more than a "sheer possibility." Id.

> Plausibility is established when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Threadbare recitals supported by conclusory statements, however, do not suffice to meet the plausibility requirement.

Brookins Hybrid Drive Sys., LLC v. M.A.C., Inc., 3:12-CV-101, 2013 WL 12086636, at *2 (D.N.D. May 2, 2013) (cleaned up).  A complaint does not need detailed factual allegations, but it

must contain more than labels and conclusions. Bell Atl. Corp. v. Twombly, 551 U.S. 544, 555 (2007).

As noted above, the Court must accept all factual allegations in the complaint as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 681.  The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Wilson v. Ark. Dep't of Hum. Servs., 850 F.3d 368, 371-72 (8th Cir. 2017).  The burden is on the moving party to prove that no legally cognizable claim for relief exists.

**B.      Breach of Express Warranties**

The Plaintiffs' first claim against Dakota Clinic is for breach of express warranties.  Dakota Clinic argues the express warranty claims fail as to Dakota Clinic because the Plaintiffs (1) have not sufficiently pleaded that Dakota Clinic made any express warranties, and (2) have not sufficiently pleaded that Dakota Clinic is a "seller" as defined under the Uniform Commercial Code (the "U.C.C."), codified in North Dakota Century Code chapter 41-02.  Plaintiffs disagree and respond that they have plausibly alleged Dakota Clinic is a seller and distributed the Affected Medications to Essentia and Innovis, who then in turn sold the Affected Medications to Plaintiffs. The Court agrees with Dakota Clinic.

North Dakota has codified the U.C.C. express warranty provisions in North Dakota Century Code section 41-02-30, which states in relevant part:

1.      Express warranties by the seller are created as follows:

a.      Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

b.      Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(emphasis added).  An element of an express warranty claim, then, is "an affirmation of fact or promise made" or "any description of the goods" made "by the seller."  Id.  "Seller" is defined as "a person who sells or contracts to sell goods."  N.D. Cent. Code § 41-02-03(1)(d).  Additionally, a "'sale' consists in the passing of title from the seller to the buyer for a price."  N.D. Cent. Code § 41-02-06(1)(d).

Beyond the express warranty provisions noted above, North Dakota law also extends a seller's express warranties to third-party beneficiaries of express or implied warranties.  That section of the North Dakota Century Code states:

A seller's warranty, whether express or implied, extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty. A seller may not exclude or limit the operation of this section with respect to injury to the person of an individual to whom the warranty extends.

N.D. Cent. Code § 41-02-35.

As a threshold matter, the first amended complaint fails to identify what, if any, "affirmations of fact," "promises," or "descriptions of the goods" were made by Dakota Clinic as to the Affected Medications.  The Plaintiffs broadly allege, in a single sentence, that "Defendants" made "warranties" through "labels, publications, package inserts, and other written materials intended for consumers and the general public."  Doc. No. 28, ¶ 84.  Yet nowhere do the Plaintiffs allege what "affirmations," "promises," or even "descriptions" were made by Dakota Clinic as to

5

the Affected Medications.  Accordingly, the first amended complaint does not allege what, if any, express warranties were made by Dakota Clinic.

Another element of a breach of express warranties claim is that an express warranty must be made "by the seller."  Dakota Clinic argues the Plaintiffs failed to plausibly plead an express warranty claim because they failed to allege that Dakota Clinic is a "seller."  The Plaintiffs argue that Dakota Clinic, as a distributor, sold the Affected Medications to Essentia, who then in turn sold them to the Plaintiffs.[3]

The first amended complaint alleges Dakota Clinic "stored and distributed" the Affected Medications.  Doc. No. 28, ¶ 3.  While it is clear from the factual allegations that Dakota Clinic had some role in storing the Affected Medications, there are no allegations that Dakota Clinic acted as a "seller" or engaged in a "sale" to the Plaintiffs (or any other party).  Put simply, allegations of a sale by Dakota Clinic are entirely absent from the first amended complaint.

To be clear, distributors and manufacturers may be sellers under the U.C.C. and applicable state law and may create express warranties that track to the consumer in certain cases.[4]  See Durfee v. Rod Baxter Imports, Inc., 262 N.W.2d 349, 357 (Minn. 1977) (discussing consumer relief for express and implied warranties made by manufactures and distributors in the context of automobile sales).  However, that is not the question before the Court in this present motion.  The question in the instant motion is whether, given the facts alleged in the first amended complaint, the Plaintiffs have plausibly pleaded an express warranty claim against an alleged distributor, where there are no allegations of what, if any, express warranties were made by that distributor and where there

---

[3] As Dakota Clinic correctly notes, the problem with the Plaintiffs' argument is that the amended complaint does not actually plead those allegations.

[4] Indeed, in the first amended complaint, the Plaintiffs plead all claims against other John Doe Distributors and John Doe Manufacturers.

are no allegations of any sale by that distributor.  It is axiomatic that a party cannot be a "seller" if there are no allegations of a sale by that party in the complaint.

Finally, the Plaintiffs attempt to use the U.C.C.'s third-party beneficiary statute to save their express warranty claims.  See N.D. Cent. Code § 41-02-35.  But that section also only applies to a "seller's" warranty.  And, as discussed above, the amended complaint does not allege that Dakota Clinic sold anything or engaged in any sale.  Therefore, the third-party beneficiary statute does not save the Plaintiffs' express warranties claim as to Dakota Clinic given the allegations in the amended complaint.

On the facts alleged in this amended complaint, as to Dakota Clinic and the express warranties claim, the Plaintiffs' first amended complaint does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678.  Thus, Dakota Clinic's motion to dismiss the Plaintiffs' express warranties claim is granted.

### C.   Breach of Implied Warranties

Dakota Clinic next moves to dismiss the Plaintiffs' breach of implied warranties claim, again pointing to the lack of any allegation that it is a "seller."  North Dakota codified the U.C.C.'s implied warranties, the warranty of merchantability and warranty of fitness for a particular purpose, in North Dakota Century Code sections 41-02-31 and 41-02-32.  Those statutes provide:

1.   Unless excluded or modified (section 41-02-33), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind[.]

\*\*\*

If the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

N.D. Cent. Code §§ 41-02-31(1), 41-02-32.

Like express warranties, implied warranties are made by a seller. See id. The first amended complaint at most describes Dakota Clinic as an entity that "stored and distributed" the Affected Medications. Doc. No. 28, ¶ 3. As with the express warranty claim, that is not sufficient factual detail to plausibly plead that Dakota Clinic is a "seller" for the purposes of a breach of implied warranty claim. Accordingly, Dakota Clinic's motion to dismiss the Plaintiffs' breach of implied warranties claim is also granted.

**D.     North Dakota Consumer Protection Law and Minnesota Consumer Fraud Act**

Dakota Clinic next moves to dismiss the Plaintiffs' claims under the North Dakota Consumer Protection Law and the Minnesota Consumer Fraud Act. Dakota Clinic asserts the Plaintiffs have failed to plead the consumer fraud claims with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. Doc. No. 36. The Plaintiffs argue they have properly pleaded the "who, what, where, when, and how" of the alleged fraudulent conduct as required by Rule 9(b). The Plaintiffs also cite this Court's prior order denying Essentia's motion to dismiss on similar grounds. Doc. No. 13.

The North Dakota Consumer Protection Law is codified at North Dakota Century Code section 51-15-02 and states in relevant part:

> The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice[.]

N.D. Cent. Code § 51-15-02 (emphasis added). The Minnesota Consumer Fraud Act is codified at Minnesota Statute section 325F.69, subdivision 1 and states:

> The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise,

> whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided in section 325F.70.

Minn. Stat. § 325F.69, subd. 1.

From the outset, North Dakota's Consumer Protection Law and Minnesota's Consumer Fraud Act sound in fraud and are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  See Olin v. Dakota Access, LLC, 910 F.3d 1072, 1076 (8th Cir. 2018) (stating parties alleging claims under the North Dakota Consumer Protection Law must satisfy the requirements of Rule 9(b)); see also Baker v. Best Buy Stores, LP, 812 N.W.2d 177, 182 (Minn. Ct. App. 2012) (noting parties alleging fraud under the Minnesota Consumer Fraud Act the "circumstances constituting fraud . . . shall be stated with particularity.").

Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires a plaintiff to plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." H & Q Props., Inc. v. Doll, 793 F.3d 852, 856 (8th Cir. 2015) (citation omitted).  To do so, a plaintiff must identify the "who, what, where, when, and how" of the alleged fraudulent or deceptive conduct. Freitas v. Wells Fargo Home Mortg., Inc., 703 F.3d 436, 439 (8th Cir. 2013).

Here, the Plaintiffs may have identified the who – Dakota Clinic – but they have failed to specifically plead the what, where, when, and how of the alleged fraud and misrepresentations as it relates to Dakota Clinic.

There are no specific factual allegations in the amended complaint as to what Dakota Clinic did or how any of its conduct was fraudulent.  The Plaintiffs offer conclusory allegations as to a perceived failure to notify consumers of temperature excursions as to the Affected Medications'

9

potency or efficacy. They further allege a perceived failure to comply with Centers for Disease Control, North Dakota Department of Health, and Minnesota Department of Health recommendations. These may be allegations of neglect or carelessness, but they are not allegations of fraud or misrepresentation by Dakota Clinic. Indeed, at its heart, the Plaintiffs appear to allege that because Dakota Clinic had some involvement in the storage and distribution of the Affected Medications, it likewise engaged in some form of fraud. That is not sufficient to meet the Rule 9(b) pleading standard. See BJC Health Sys. v. Columbia Casualty Co., 478 F.3d 908, 917 (8th Cir. 2007) ("Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.").

Moreover, there are no allegations as to where and when Dakota Clinic engaged in any fraud or misrepresentations. Plaintiffs argue that the where and when of the fraud is the location and time the Affected Medications were administered. Even accepting that premise as true, the allegations on where and when the Affected Medications were administered are pleaded as to Essentia, not Dakota Clinic. To satisfy Rule 9(b), a plaintiff must plead facts as to the place and time of each defendant's fraudulent conduct. Olin, 910 F.3d at 1075 ("Particularly in cases with multiple defendants, 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'"). Here, the amended complaint lacks any specificity as to the time or place of Dakota Clinic's alleged fraud or misrepresentations.

The Plaintiffs correctly note that the Court previously denied Essentia's motion to dismiss on Rule 9(b) grounds. See Doc. No. 13. But Essentia and Dakota Clinic stand in different positions as to the specific factual allegations against each of them in the amended complaint. Indeed, as noted in the Court's prior order, the allegations against Essentia are specific as to the who, what,

10

where, when, and how required by Rule 9(b).  By contrast, the factual allegations against Dakota Clinic are minimal at best.

Based on the above and the allegations in the amended complaint, the Plaintiffs have not pleaded their North Dakota Consumer Protection Law and Minnesota Consumer Fraud Act claims against Dakota Clinic with the particularity required by Rule 9(b).  As a result, Dakota Clinic's motion to dismiss these claims is granted.

### E.   Unjust Enrichment

Lastly, Dakota Clinic argues the Plaintiffs have failed to plausibly plead an unjust enrichment claim under North Dakota law.  Doc. No. 36, ¶ 24.  As the North Dakota Supreme Court has explained:

> Unjust enrichment is a broad, equitable doctrine which rests upon quasi or constructive contracts implied by law to prevent a person from unjustly enriching himself at the expense of another.  To recover under a theory of unjust enrichment, the plaintiff must prove: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of a justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law. The theory may be invoked when a person has and retains money or benefits which in justice and equity belong to another.  For a complainant to recover, it is sufficient if another has, without justification, obtained a benefit at the direct expense of the complainant, who then has no legal means of retrieving it.  The essential element in recovering under the theory is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value.

McDougall v. AgCountry Farm Credit Servs., PCA, 937 N.W.2d 546, 553 (N.D. 2020) (citation omitted).  "Claims for relief may be sought under different or alternative theories.  Although a party is generally not entitled to an equitable remedy if there is an adequate remedy at law, a party may seek relief and proceed on both types of claims and the legal claims will generally be resolved first."  McColl Farms, LLC v. Pflaum, 837 N.W.2d 359, 367 (N.D. 2013) (citation omitted).  "The essential element in recovering under the theory is the receipt of a benefit by the defendant from

11

the plaintiff which would be inequitable to retain without paying for its value." Thimjon Farms P'ship v. First Int'l Bank & Tr., 837 N.W.2d 327, 336 (N.D. 2013) (emphasis added) (quoting Hayden v. Medcenter One, Inc., 828 N.W.2d 775, 781 (N.D. 2013)).

Once again, accepting as true the allegations in the amended complaint, the Plaintiffs fail to plausibly plead a claim of unjust enrichment against Dakota Clinic.  There are no allegations as to what, if any, benefit Dakota Clinic received from the Plaintiffs, or any other party for that matter. In their opposition brief, the Plaintiffs attempt to bootstrap their payment to Essentia for the Affected Medications to Dakota Clinic by stating the Plaintiffs "conferred a benefit on Dakota – as a contracting party for in the chain of distribution with Innovis Health."  Doc. No. 51, p.13. However, that allegation is not pleaded in the amended complaint.  In the amended complaint, the Plaintiffs only allege that they paid Essentia for the Affected Medications.  As such, Dakota Clinic's motion to dismiss the Plaintiffs' unjust enrichment claim is granted.

## III.   CONCLUSION

For the reasons discussed above, Dakota Clinic's motion to dismiss (Doc. No. 36) is **GRANTED**.  The first amended complaint against Dakota Clinic is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Dated this 13th day of May, 2021.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court

12