## feganscott

**FeganScott LLC**
ATTORNEYS AT LAW

140 Broadway, 46th Floor
New York, NY 10005

**PHONE**    347.353.1150
**FAX**      312.264.0100

melissa@feganscott.com

May 17, 2021

<u>**Via Email**</u>
Magistrate Judge Alice R. Senechal
United States Dist. Court for the District of North Dakota
NDD_J-Senechal@ndd.uscourts.gov

Re: *Kraft, et al. v. Essentia Health, et al.,* No. 20-cv-121; Plaintiffs' Position Statement

Dear Judge Senechal:

Plaintiffs submit this position statement in advance of the May 19, 2021 status conference.

### 1. Essentia has produced improper, boilerplate objections and few documents.

On January 26, 2021, Plaintiffs served discovery on Essentia. Since then, however, Essentia has produced only boilerplate objections, limited interrogatory responses, and 27 documents.

For example, *none* of Essentia's objections complied with Fed. R. Civ. P. 34's requirements to identify (1) the parts of the requests that are objectionable, (2) the specific grounds for each objection, and (3) whether documents are being withheld. Instead, Essentia made a litany of boilerplate objections, including a list of prefatory "general objections" asserted "to the extent" they apply. The law is well-settled that such objections are "both inappropriate and futile," "fail to preserve any objection," and are akin to not objecting at all.[1] As a result, Plaintiffs do not know what information Essentia has and will produce, what is being withheld, and/or whether Plaintiffs should move to compel. Essentia refused to supplement its objections until the Court scheduled this status conference, and only then did it provide general, still-inadequate information by letter to purportedly "clarify" just half of its objections.

The objections are also substantively unfounded. As one example, in response to a request for policy and practice documents relating to the quality and safety of temperature sensitive pharmaceuticals (RFP No. 6), Essentia incorporated its general objections, asserted myriad boilerplate objections, and concluded "Essentia Health policies do not apply at Dakota Clinic Pharmacy, LLC." Essentia's policies are relevant regardless of whether they "apply at Dakota Clinic Pharmacy" (which is not referenced in the request). Problems like these pervade Essentia's discovery responses.

---

[1] *Kirby v. United Am. Ins. Co.*, No. 08-CV-00338, 2009 U.S. Dist. LEXIS 138938, at *6-7 (E.D. Ark. Feb. 13, 2009); *SPV-LS, LLC v. Transamerica Life Ins. Co.*, No. 14-CV-4092, 2017 U.S. Dist. LEXIS 33213, at *17-19, 30-31 (D.S.D. Mar. 6, 2017); *See also Cold Spring Granite Co. v. Matthews Int'l Corp.*, No. 10-CV-4272, 2012 U.S. Dist. LEXIS 206670, at *12 (D. Minn. Aug. 20, 2012) (collecting cases).

## 2. Essentia misconstrues HIPAA to use it as a discovery shield and harass Plaintiffs.

Essentia has refused to produce documents on the grounds that it "has not received medical authorizations executed by the named Plaintiffs allowing for the disclosure of patient specific information." A covered entity, like Essentia, may disclose protected health information (PHI) upon entry of – or reasonable efforts to secure – a qualified protective order:

> Disclosure of PHI pursuant to [a HIPPA-compliant protective] order is expressly authorized by 45 CFR § 164.512(e)(1)(i). Such an order will enable the parties to exchange information relating to all members of the putative class, including those who are not active participants in this litigation.

*Jenack v. GoshenOperations LLC*, 2019 NY Slip Op 33772(U), ¶ 4 (Sup. Ct.). *See* also 45 CFR § 164.512(e)(1)(ii) (addressing "Uses and disclosures for which an authorization . . . is not required" including "In response to a . . . discovery request . . ."). The Protective Order entered in this case, ECF No. 45, is a qualified protective order.[2] Medical authorizations are not required.

Essentia has previously claimed "state privilege" allows it to decline HIPAA's permissions.[3] But Essentia has acknowledged that the Minnesota Health Records Act allows disclosure upon a "specific authorization in law." HIPAA provides such authorization.[4] Essentia has also cited N.D.C.C. § 28-01-46.1's provision regarding "[w]aiver of privilege," which requires plaintiffs to sign medical authorizations in certain actions. But that provision does not apply here.[5] Nor does it govern a covered entity's treatment of PHI or limit its right to make disclosures under HIPAA.

Essentia's request for medical authorizations – which seek the disclosure of irrelevant "alcohol or drug abuse . . . psychiatric/psychological problems . . . sexually transmitted disease. . . behavior/and or mental health care, alcohol and drug abuse treatment, HIV/AIDS, and genetics" records – serves no purpose other than to delay and harass.

## 3. Essentia's privilege logs are facially inadequate and its assertions are unfounded

On May 11, 2021, Essentia produced a three-row privilege log that fell far short of Rule 26(b)(5)(A)(ii)'s requirements (**Exhibit A**). Indeed, this Court has previously rejected counsel's

---

[2] A qualified protective order (1) prohibits disclosure of PHI for any purpose other than the litigation and (2) requires the return or destruction of PHI after the litigation. 45 CFR § 164.512(e)(1)(v). Those terms appear in the Protective Order at § C(6) (restricting use of confidential documents, including PHI, to the ligation) and § I (requiring destruction or return of protected material after conclusion of the litigation).

[3] Because neither North Dakota nor Minnesota law excuses compliance with HIPAA's disclosure provisions, Plaintiffs do not address HIPAA's preemption in this letter.

[4] *Accounts Receivable Servs., LLC v. Ojika*, No. A16-1536, 2017 Minn. App. Unpub. LEXIS 366, at *11 (Apr. 24, 2017).

[5] Even setting aside whether N.D.C.C. § 28-01-46.1 applies in *any* diversity case ("federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 427 (1996)), the rule would apply only where plaintiffs' "health or medical condition has been placed in controversy," e.g., a medical malpractice case, not a purely economic loss case like this one. And, when it does apply, it is limited to records "reasonably calculated to lead to the discovery of admissible evidence," providing no support for broad medical authorizations.

use of this type of bare-bones privilege log in another case.[6] Plaintiffs requested a proper privilege log by May 13. On May 17, 2021, Essentia provided another deficient log (**Exhibit B**) and explanatory cover letter.

Despite claiming four types of privilege, the letter addresses only the peer/quality review privilege. But, for example, "[r]ecords gathered from an original source" are not privileged, i.e., Essentia cannot withhold documents simply because it also gave them to a peer review organization. N.D. Cent. Code § 23-34-03(1)(a); *see also* Minn. Stat. § 145.64, subd. 1(a) ("information . . . available from original sources shall not be immune from discovery or use in any civil action merely because they were presented during proceedings of a review organization"). Moreover, there is no basis for withholding documents simply because they are related to an "investigation" or were made "with, or at the direction" of an in-house legal department. Nevertheless, Essentia claims that it cannot provide the requisite privilege log detail because doing so would reveal privileged information. There is no support for that claim.

While the parties have not yet conferred regarding these logs, Essentia's conduct reflects a willingness to delay and drag out the process for providing fundamental discovery information.

### 4. Essentia's search terms do not reflect good faith cooperation in discovery.

On May 14, 2021, Essentia provided its proposed search terms (**Exhibit C**). Despite purportedly working on the list for months, it includes just four overly narrow search strings – one of which is entirely encompassed by another. *See* Ex. C.

While the parties have not yet conferred regarding these terms, they are so facially deficient that they are indicative of bad faith. The list effectively shifts the burden to Plaintiffs to work entirely in the dark to craft search terms that would capture Essentia's own documents. In fact, the terms are so narrow, none is found in Essentia's own announcement regarding the temperature excursion, which does not name "Dakota Clinic Pharmacy," but references a "former distribution partner," calls a "temperature excursion" a "temperature issue," and makes no reference to "logs."[7] The terms are designed to avoid responsive materials, not capture them.

### 5. Plaintiffs request that the Court order Essentia to cooperate in discovery.

Plaintiffs respectfully request that Essentia be required to participate in discovery in good faith. Plaintiffs also request the Court enter deadlines for (1) Essentia's production of a proper privilege log; (2) Essentia's production of a good-faith search term list; (3) participation in meet-and-confer to refine any search term disputes for Court intervention; (4) supplementation of Essentia's objections to comport with the Federal Rules; and (5) completion of Essentia's document production.

Sincerely,
Melissa Ryan Clark

---

[6] *Families Advocate, LLC v. Sanford Clinic N.*, No. 3:16-cv-114, 2019 U.S. Dist. LEXIS 234221, at *12-14 (D.N.D. Jan. 9, 2019).

[7] https://bit.ly/3fqCDMK

# EXHIBIT A

**PRIVILEGE LOG**

**Case Name:  Kraft, et. al v Essentia Health, et. al**

**Case No.: 3:20-cv-00121**

| Date | Document Type | Subject Matter | Privilege Asserted |
|---|---|---|---|
| Various | Communications with the Vogel Law Firm and documentation prepared at the request and/or direction of the Vogel Law Firm | Lawsuit | Attorney-client privilege; work product privilege; physican-patient privilege |
| Various; February 2020-Present | Communication and documentation within and with, or at the direction of, Essentia's Legal Department | Investigation; lawsuit | Attorney-client privilege; work product privilege; peer review/quality assurance privilege; physician-patient privilege |
| Various; February 2020-Present | Documentation within Essentia's Pharmacy Department | Investigation | Attorney-client privilege; work product privilege; peer review/quality assurance privilege; physician-patient privilege |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

4414617

1

# EXHIBIT B

**FIRST SUPPLEMENTAL PRIVILEGE LOG**
**Case Name:  Kraft, et. al v Essentia Health, et. al**
**Case No.: 3:20-cv-00121**

| Date | Document Type | Subject Matter | Privilege Asserted | Author | Recipient |
|---|---|---|---|---|---|
| Various | Communications with the Vogel Law Firm and documentation prepared at the request and/or direction of the Vogel Law Firm | Lawsuit | Attorney-client privilege; work product privilege; physician-patient privilege; peer review/quality assurance privilege | | |
| Various; February 2020-Present | Communication and documentation within and with, or at the direction of, Essentia's Legal Department | Investigation; lawsuit | Attorney-client privilege; work product privilege; peer review/quality assurance privilege; physician-patient privilege | | |
| Various; February 2020-Present | Documentation within Essentia's Pharmacy Department | Investigation | Attorney-client privilege; work product privilege; peer review/quality assurance privilege; physician-patient privilege | | |
| 7/29/2020 | Communication and documentation within and with, or at the direction of, Essentia's Legal Department | Litigation Hold | Attorney-client privilege; work product privilege | Frank M. Modich | Potential Evidence and Records Custodians |
| 3/8/2021 | Documentation prepared at the request and/or direction of the Vogel Law Firm; Documentation within and with, or at the direction of Essentia's Legal Department | Patient specific data | Attorney-client privilege; work product privilege; physician-patient privilege | Anthony J. Kaufenberg; Melissa C. Little | Vogel Law Firm |
| 2/24/2021 | Documentation prepared at the request and/or direction of the Vogel Law Firm; Documentation within and with, or at the direction of Essentia's Legal Department | Patient specific data | Attorney-client privilege; work product privilege; physician-patient privilege | Anthony J. Kaufenberg; Jennifer Schlauderaff | Vogel Law Firm |

1

# EXHIBIT C

# Robert B. Stock

Direct Dial: 701 356.6316 | rstock@vogellaw.com

May 14, 2021

Melissa Ryan Clark                                                *Via Email Only*
FAGAN SCOTT                                               *melissa@feganscott.com*
140 Broadway, 46th Floor
New York, NY 10005

**Re:    Kraft, et al. vs. Essentia Health, et al.
        Case No. 3:20-cv-00121
        Our File No.:  036304.20127**

Dear Melissa:

The purpose of this letter is to discuss document search protocols pursuant to the Court's Order Governing Discovery of Electronically Stored Information (Doc. #46) As you know, the Order provides that the parties are to meet and confer concerning search methodologies, including without limitation, the use of keyword search terms and/or the use of technology assisted review. Defendants Essentia Health and Innovis Health LLC believe the use of keyword search terms is the appropriate search methodology. To that end, Defendants propose the following search terms it intends to use to locate responsive documents:

1.      ("Dakota Clinic Pharmacy" OR "DCP") /s (pharmaceutical w/2 management w/2 services);

2.      (temperature OR temp) w/3 (excursion OR excursions);

3.      potential /s ((temperature w/2 (excursion OR excursions)); and

4.      (refrigerator OR refrigeration) w/2 ((temperature OR temp) w/2 (log OR logs)).

Please review and let me know whether you have any modifications or additional terms proposed by the Plaintiffs.



218 NP Avenue | PO Box 1389 | Fargo, ND 58107-1389
Phone: 701.237.6983 | Fax: 701.237.0847 | Toll Free: 800.677.5024

**Fargo • Bismarck • Moorhead •Minneapolis • Grand Forks**          **www.vogellaw.com**

4418889.1

May 14, 2021
Page 2

I look forward to hearing from you soon.

Sincerely,

Robert B. Stock

RBS:dh

cc via email:  Angie Lord
Briana Rummel
Bart Goplerud
Elizabeth Fegan
Brooke Achua

4418889.1