**feganscott**

**FeganScott LLC**
ATTORNEYS AT LAW

140 Broadway, 46th Floor
New York, NY 10005

PHONE    347.353.1150
FAX      312.264.0100

melissa@feganscott.com

May 28, 2021

**VIA EMAIL**
Magistrate Judge Alice R. Senechal
United States Dist. Court for the District of North Dakota
NDD_J-Senechal@ndd.uscourts.gov

Re: *Kraft, et al. v. Essentia Health, et al.,* No. 20-cv-121; Plaintiffs' Position Statement

Dear Judge Senechal:

Plaintiffs respectfully submit this position statement in advance of the June 1, 2021 status conference. While the parties have continued to confer, and Essentia has provided supplemental information, Plaintiffs remain concerned about the progress of discovery and Essentia's engagement.

1. **Essentia's proposed search terms remain inadequate. Plaintiffs ask that Essentia run its proposed terms now, while the parties confer regarding additions.**

At the May 19, 2021 status conference, Plaintiffs raised concerns with Essentia's search terms, which comprised four narrow search strings. Following discussions after the status conference and on May 24, Essentia agreed to update its search term list. Plaintiffs received that list on May 26 (attached as **Exhibit A**) and the parties conferred on May 27.

The list – now containing eight strings – remains inadequate. The search strings don't account for plurals, conjugations, abbreviations, or common misspellings.[1] They are overly formal and narrow and do not reflect natural speech. And there are substantive omissions.

For example, string 2 seeks documents containing "temperature" and "excursion." But it would omit, for example, discussions about a temperature "issue"—the language Essentia itself uses publicly[2]—"problem," or "deviation." Strings 3 and 4 include "refrigerator" but not "fridge." String 8 includes a wildcard on "temp!" to capture "temp, "temps," "temperature," and temperatures," but strings 2, 4, and 7 don't. String 3 is: "(injectable w/3 medication) /s (storage w/3 issue)"; it omits, for example, "meds," "medicine," "medications," "vaccines," "immunizations" "drugs," "injectables," "pharmaceuticals," "flu shots," or "chemotherapy," and

---

[1] While Essentia did not object to the inclusion of these items, it contended that Plaintiffs must undertake these administrative edits – and provided no explanation for omitting these obvious requirements in its own proposals.

[2] As noted in Plaintiffs' May 17 position statement, Essentia's own website refers to a "temperature issue," not excursion. And Essentia has objected in discovery to Plaintiffs' use of the defined term "Disclosed Temperature Excursion" on the grounds that it disputes whether an excursion occurred.

the inclusion of "injectable" is overly restrictive. String 7 includes "(outside /s (recommended w/3 range!))" but not the simpler "out of range."[3]

Essentia must provide a reasonable, good-faith list of search terms *before* Plaintiffs suggest modifications and additions. Order Governing Discovery of Electronically Stored Information ("ESI Order"), ECF No. 46, ¶ V(7)(a). Essentia's approach improperly shifts the burden to Plaintiffs to craft Essentia's own search terms. Nevertheless, given how much time has passed with so little progress, Plaintiffs have agreed to suggest search terms now. Plaintiffs reserve their rights to request additional search terms as they continue to learn through discovery the terms relevant to this case, *see* ESI Order, ¶ V(7)(e), and to conduct discovery, including by Fed. R. Civ. P. 30(b)(6) deposition, as necessary to develop an appropriate search term list.

Plaintiffs have requested that Essentia run its own proposed terms now to advance discovery and facilitate the determination of additional terms. Essentia is considering that request. If Essentia declines (as it previously has), Plaintiffs request that the Court order it to run the agreed-upon search terms now, while the parties negotiate additional terms.[4]

### 2. The parties will continue to meet and confer regarding Essentia's responses and objections. Plaintiffs request permission to file a motion if issues remain.

Yesterday, Essentia provided supplemental responses and objections to Plaintiffs' January 2021 requests for production ("RFPs"). This supplement was provided in response to Plaintiffs' April 16 and 28 letters, the parties' April 27 call, Plaintiffs' May 17 position statement and request at the May 19 status conference, countless emails, and a May 24 meet-and-confer – all requesting that Essentia conform its objections to the requirements of Fed. R. Civ. P. 34. Still, issues remain.

The parties conferred regarding some of these issues yesterday. Plaintiffs agreed to follow up in writing regarding their continued concerns and to confer further. Plaintiffs anticipate a motion to compel will be necessary on at least some RFPs and request permission to file that motion (or lengthier position statement with RFPs attached) if necessary after the meet-and-confer process.

### 3. Ongoing discovery concerns continue to unnecessarily multiply the proceedings.

The parties are in the process of addressing other pending issues. Plaintiffs raise these issues now to provide a status update, and to make the Court aware that discovery issues that should be uncontroversial continue to be drawn out.

---

[3] This list is a very limited subset of omissions within the existing strings. Topical omissions exist as well – e.g., regarding regulatory compliance, patient and third-party communications, policies and procedures, chemotherapy, antibiotics, and revaccination.

[4] Essentia has represented that it is running search terms on a platform after collection. Thus, it may run search terms now, and later run additional terms on the subset of documents not returned by the initial terms, without any duplication of effort in collection or review.

**Employee organization charts** ("org charts"): Plaintiffs have asked Essentia to produce employee org charts (reflecting employee relationships, positions, and relative ranks). Such charts are responsive to RFP No. 1, which seeks "Documents sufficient to show the organizational structure of Essentia."[5] Essentia limited its response to corporate (departmental) org charts and requested a new RFP for employee org charts. Plaintiffs believe a motion to compel and/or additional RFP, response, and objection process will only delay production and waste party and Court resources. Essentia is considering Plaintiffs' request. If Essentia refuses to provide employee org charts for the relevant time period, Plaintiffs request the Court order it to do so.

**Spreadsheets in native Excel form**: Essentia has produced a number of lengthy Excel spreadsheets (several have dozens of pages; one has thousands) in PDF and TIFF form, preventing Plaintiffs from reasonably using the data within or seeing any of the underlying formulas. The ESI Order requires that spreadsheets be produced in native format. ECF No. 46, p. 16. Essentia has noted that the spreadsheets have de-identified data and the native versions could potentially reflect personal data.[6] Essentia is evaluating the issue. If Essentia refuses to produce the spreadsheets in native Excel format, Plaintiffs request that the Court order it to do so.

**Time period for collection**: Yesterday, Essentia informed Plaintiffs that it would limit its search for responsive documents to those created on or after February 2020. This is facially unreasonable. This case concerns affected pharmaceuticals that were administered at least as early as August 2017. It involves Essentia's relationship with Dakota Clinic Pharmacy pursuant to a shared services agreement entered into on August 1, 2017. Plaintiffs have requested a January 1, 2017 start date (with the caveat that this is based on very limited discovery and may be too short). Essentia is considering it. If Essentia refuses to extend its search, Plaintiffs request that the Court order it to do so.

Sincerely,

s/ Melissa Ryan Clark

---

[5] To the extent Essentia claims there is any ambiguity in the request, Plaintiffs reiterated their request for employee org charts in emails on calls on May 21, 24, and 27.

Moreover, the first Google search result for "organizational structure" returns an Investopedia.com article noting that "[a]n organizational structure is a system that outlines," e.g., "roles and responsibilities"; "Successful organizational structures define each employee's job and how it fits within the overall system." The search also returns numerous images reflecting employee organizational charts.

[6] Setting aside whether the native versions of these de-identified documents even contain personal information – Essentia may freely produce personal data pursuant to the protective order entered in this action. Its refusal to do so continues to cause unnecessary burden and delay.

# EXHIBIT A

# Robert B. Stock

Direct Dial: 701.356.6316  |  rstock@vogellaw.com

May 26, 2021

Melissa Ryan Clark                                          *Via Email  Only*
FAGAN SCOTT                                         *melissa@feganscott.com*
140 Broadway, 46th Floor
New York, NY 10005

**Re:    Kraft, et al. vs. Essentia Health, et al.**
        **Case No. 3:20-cv-00121**
        **Our File No.:  036304.20127**

Dear Melissa:

This letter follows my May 14, 2021 correspondence with respect to the keyword search terms that Defendants proposed to use in locating responsive documents. Through the meet and confer process you have asked that Defendants propose additional keyword search terms as Plaintiffs felt the original set was too narrowly tailored. Although Defendants disagree with that position, in the spirit of cooperation and in an attempt to move this process forward both expeditiously and efficiently, Defendants propose the following list of keyword search terms it intends to use to locate responsive documents:

1.    ("Dakota Clinic Pharmacy" OR "DCP") /s (pharmaceutical /s (management w/2 services));

2.    (temperature OR temp) /s (excursion OR excursions);

3.    (injectable w/3 medication) /s (storage w/3 issue);

4.    (refrigerator OR refrigeration) /s ((temperature OR temp) w/2 (log OR logs));

5.    (refrigerated w/3 injectable) /s investigation;

6.    (medication OR vaccine OR vaccinations) /s (refrigeration w/3 issue);

7.    (vaccine OR vaccinations) /s storage /s temperature /s (outside /s (recommended w/3 range!)); and

8.    Former /s (distribution w/3 partner) /s stor! /s temp!.



218 NP Avenue  |  PO Box 1389  |  Fargo, ND 58107-1389
Phone: 701.237.6983  |  Fax:  701.237.0847  |  Toll Free:  800.677.5024

**Fargo • Bismarck • Moorhead •Minneapolis • Grand Forks**        **www.vogellaw.com**

4430293.1

May 26, 2021
Page 2


Please review and let up know whether you have any modifications or additional terms proposed by the Plaintiffs.

Sincerely,

Robert B. Stock

RBS:dh

cc via email:   Angie Lord
                Briana Rummel
                Bart Goplerud
                Elizabeth Fegan
                Brooke Achua

4430293.1