**feganscott**

**FeganScott LLC**
ATTORNEYS AT LAW

140 Broadway, 46th Floor
New York, NY 10005

PHONE    347.353.1150
FAX      312.264.0100

melissa@feganscott.com

June 28, 2021

**VIA EMAIL**
Magistrate Judge Alice R. Senechal
United States Dist. Court for the District of North Dakota
NDD_J-Senechal@ndd.uscourts.gov

      Re: *Kraft, et al. v. Essentia Health, et al.,* No. 20-cv-121; Plaintiffs' Position Statement

Dear Judge Senechal:

Plaintiffs respectfully submit this position statement in advance of the June 29 status conference.

Currently, there are no issues that are ripe for the Court's resolution. Below, Plaintiffs provide a brief update on the items discussed at the last status conference as reflected in the Clerk's Minutes, ECF No. 64.

    1. **Essentia's Search Terms**

**Essentia's initial search terms:** Essentia agreed to Plaintiffs' proposal that Essentia run its proposed search strings while the parties determine additional search terms. On June 24, 2021, Plaintiffs inquired about the status of that search and production. Essentia responded that it hoped to provide an approximate finish date at the June 29, 2021, status conference. Plaintiffs asked for an earlier update if one was available and have not received an update as of the submission of this letter.[1]

**Plaintiffs' proposed search term additions:** On June 11, 2021, Plaintiffs provided Essentia a list of additional proposed search terms. On June 24, 2021, in response to Plaintiffs' status inquiry, Essentia informed Plaintiffs for the first time that it believed some of the terms were overbroad and unduly burdensome because building and running certain search strings, which

---

[1] Plaintiffs continue to be concerned that discovery progress is being stalled, with information and advancements withheld until the status conferences. Plaintiffs informed Essentia of Plaintiffs' view that status conferences should be an opportunity to update the Court regarding progress and identify issues requiring Court resolution, and not a time for the parties to disclose information to one another for the first time.

reference terms in appendices,[2] would be unduly burdensome and not proportionate. Essentia requested that Plaintiffs eliminate those terms.

Plaintiffs disagreed. Plaintiffs were able to (and did) build the searches for Defendant and provide them within two hours of receiving Essentia's email. Plaintiffs requested earlier notice of any similarly broad, easily resolvable issues. The parties have not had any further discussions regarding Plaintiffs' proposed terms. The Order Governing Discovery of Electronically Stored Information requires that Essentia run the proposed terms, or, if it contends some of the terms would recall an excessive number of documents, produce a search term hit list to facilitate further discussion. ECF No. 46, ¶ V.7.

### 2. Essentia's Responses And Objections

As discussed at the last conference, Plaintiffs have some remaining concerns with Essentia's responses and objections and will summarize those remaining issues to Essentia in writing. Plaintiffs hope that the resolution of search terms will shed light on, if not resolve, some of the objection concerns. Plaintiffs thus intend to resume meet-and-confer about the objections after the search terms are resolved (assuming search term discussions advance efficiently and productively).

### 3. Requested Organizational Charts and Native Spreadsheets

In response to Plaintiffs' request, Essentia has produced employee-level organizational charts and native spreadsheets. Plaintiffs are evaluating whether those productions appear complete.

### 4. Timeframe for Essentia's Production

Essentia has agreed to Plaintiffs' proposed time frame for its document search but has suggested the extended time period be limited to four custodians. Plaintiffs are in the process of evaluating the limited custodian list and the need for any additional custodians.

Sincerely,

/s/ Melissa Clark

---

[2] This case involves allegations that pharmaceuticals were administered to patients even though the pharmaceuticals were not stored at proper temperatures. Rather than suggest fewer, broader terms, Plaintiffs crafted narrower search strings with limiting terms. For example, rather than use a single standalone term like "temp!" (to gather relevant documents regarding, *inter alia*, temperature standards, practices, records, concerns, and excursions as they relate to cold storage generally and specifically as to certain pharmaceuticals and manufacturers), Plaintiffs offered several, narrower search strings that limit the search for documents containing "temp!" to those containing other highly relevant terms. To streamline and assist in the assessment of the search terms, Plaintiffs provided two appendices containing relevant medication and manufacturing terms, like the names of the pharmaceuticals and manufacturers that Essentia has identified in discovery.