THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B.; AMY LAVELLE, individual and as parent of minors Em.L.and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F.; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>   Defendants. | Case No. 3:20-CV-00121<br><br><br><br>**ESSENTIA HEALTH'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO STAY COURT'S ORDER REGARDING DISCOVERY DISPUTE (DOC. ID NO. 79)** |

## I.  INTRODUCTION AND PROCEDURAL BACKGROUND

Defendant, Essentia Health ("Essentia"), submits this Memorandum in support of its

Emergency Motion to Stay Magistrate Senechal's Order Regarding Discovery Dispute (Doc.

ID No. 79) which was entered in this matter on August 2, 2021 and subsequently modified by

Order dated August 4, 2021. *See* Doc. ID No. 81, *Order Amending the August 2, 2021 Order.*

The Order Regarding Discovery Dispute directs Essentia to provide a more detailed privilege log for those documents over which Essentia claims application of the peer review/quality assurance privilege to date within fourteen days of the date of the Court's Order, or by August 16, 2021.[1]  (Doc. ID No. 79, *Order Regarding Discovery Dispute*, at p. 13).

Effectively, the Court's Order Regarding Discovery Dispute requires Essentia to produce a more detailed privilege log inconsistent with Essentia's right to seek review of the Order Regarding Discovery Dispute.  *See* FED. R. CIV. P. 72(a); D.N.D. CIV. L. R. 72.1(D)(2) (allowing fourteen days within which to object to/appeal a magistrate judge's determination of a non-dispositive matter).  Essentia intends to serve and file a written notice of appeal as provided for by Rule 72 of the Federal Rules of Civil Procedure and Rule 72.1 of the Local Rules of the United States District Court for the District of North Dakota on or before August 16, 2021.

---

[1] In its initial Order, the Court acknowledged that "Essentia's document production is not yet complete and that it will be completed on a rolling basis" and the Court further ordered Essentia to provide a more detailed privilege log "[w]ith each production." *Id*.  As it relates to Essentia's rolling production, at the July 27, 2021 status conference, the Court requested Essentia to complete the production of documents by August 31, 2021 with a rolling production beginning August 6, 2021, and weekly after that.  (Doc. ID No. 77, *Clerk's Minutes*).  In contrast to the Court's Order Regarding Discovery Dispute, the Court's Order Governing Discovery of Electronically Stored Information, which was entered in this matter on March 1, 2021, allows a producing party 60 days after the production of documents within which to provide a privilege log.  (Doc. ID No. 46, *Order Governing Discovery of Electronically Stored Information,* at ¶ VI 3).  The Court subsequently amended its August 2, 2021 Order and clarified that Essentia is to "produce a privilege log, consistent with the requirements of the August 2nd Order, for each production within sixty days the production of documents for which a privilege is asserted."  (Doc. ID No. 81, *Order Amending the August 2, 2021 Order*).

Accordingly, Essentia seeks a stay of the entirety of the Court's Order Regarding Discovery Dispute, as modified by the Court's August 4, 2021 Order, pending review by the District Judge following Essentia's timely objection/appeal. A stay is appropriate of the Court's Order Regarding Discovery Dispute as the Order's existing deadlines will preclude meaningful review by the District Judge and premature production of a more detailed privileged log, which would include information Essentia maintains is protected from disclosure by the applicable peer review/quality assurance statutes would result in irreparable harm should Essentia prevail upon further review. This is an issue of first impression that implicates a significant public interest. For these reasons, outlined more fully below, Essentia respectfully requests a stay of the Court's Order Regarding Discovery Dispute (Doc. ID No. 79). Given the timing of the matters at issue, Essentia further requests either an accelerated briefing schedule or a delay in the deadline for Essentia to comply with the Court's Order Regarding Discovery Dispute.

## II.   LAW AND ARGUMENT

Rule 72 of the Federal Rules of Civil Procedure and Rule 72.1 of the Local Rules of the United States District Court for the District of North Dakota afford a party the opportunity to object/appeal a magistrate judge's determination of a non-dispositive matter within fourteen days after service of the order. FED. R. CIV. P. 72(a); D.N.D. CIV. L. R. 72.1(D)(2). The district judge must consider timely objections/appeals and "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); D.N.D. CIV. L. R. 72.1(D)(2). "The filing of such an appeal does not operate to stay the magistrate judge's order. A party must seek a stay of a magistrate judge's order pending appeal in the first instance from the magistrate judge upon due notice to all interested parties." D.N.D. CIV. L. R. 72.1. While

3

it is clear that filing an objection pursuant to these Rules does not automatically stay the magistrate judge's order, "[n]othing, of course, prevents a party in an appropriate case from seeking a stay of the effect of a magistrate's order." *Esparza v. Bridgestone/Firestone, Inc.,* 200 F.R.D. 654, 657 (D. Colo. 2001).

Neither Rule 72 of the Federal Rules of Civil Procedure nor Rule 72.1 of the Local Rules of the United States District Court for the District of North Dakota outline the standard to obtain such a stay. However,

> [i]n considering whether to grant a motion to stay the effect of a magistrate judge's order, many courts have applied the same four-factor test that applies to the stay of a district court order pending appellate review: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.

*Alvarez v. Larose,* No. 320CV00782DMSAHG, 2020 WL 5632659, at *1-2 (S.D. Cal. Sept. 21, 2020) (providing string cite). "These factors are not 'rigid,' and the court should make 'individualized judgments in each case.'" *Unity Healthcare, Inc. v. County of Hennepin,* No. CV 14-114 (JNE/JJK), 2015 WL 12977021, at *2 (D. Minn. Sept. 16, 2015), report and recommendation adopted, No. 14-CV-114 (JNE/JJK), 2015 WL 12978156 (D. Minn. Nov. 4, 2015) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987)). "The court must 'consider the relative strength of the four factors, balancing them all.'" *Id.* (quoting *Brady v. Nat'l Football League,* 640 F.3d 785, 789 (8th Cir. 2011) (quoting *Fargo Women's Health Org. v. Schafer,* 18 F.3d 526, 538 (8th Cir. 1994)). "Of these factors, the likelihood of success on the merits and irreparable harm are 'the most critical.'" *Pablovich v. Rooms to Go Louisiana Corp.,* No. CV 20-617, 2021 WL 928030, at *2 (E.D. La. Mar. 11, 2021) (citing *Nken v. Holder,* 556 U.S. 418, 434 (2009)).

Where, as here, a party is in a position to request a stay of enforcement of a magistrate judge's order before the time period to object/appeal has expired, "it would be unfair to penalize" the moving party "for failing to show the likelihood that their forthcoming objections will succeed by providing a rushed preview of the objections in their Motion to Stay," particularly when their "ability to seek a stay at all might be jeopardized if they wait too long to do so." *Alvarez,* No. 320CV00782DMSAHG, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020). On such facts, courts find "it appropriate to stay implementation of the substantive relief" of a non-dispositive order, specifically because the absence of a stay would prevent meaningful review by the district court. *Id.; see e.g. Zagarian v. BMW of N. Am., LLC,* No. CV184857RSWLPLAX, 2019 WL 6111734, *1 (C.D. Cal. Oct. 15, 2019) (granting a motion to stay filed one week after the deadline for compliance because denial "would deny defendant of its right to have Local Rule 72 District Judge review of the Discovery Order"); *Dayco Prod., Inc. v. Walker,* 142 F.R.D. 450, 454 (S.D. Ohio) (1992) (explaining that the purpose of a stay of a non-dispositive discovery order pending appeal "is to preserve critical rights from being lost irretrievably pending objections or to maintain the status quo when a close question of law is involved in the nondispositive matter.").

While Essentia maintains the applicable peer review/quality assurance statutes prohibit the disclosure of a more detailed privilege log as ordered in the Court's Order Regarding Discovery Dispute, it would be premature to require Essentia to establish the likelihood of its success in pursuing review by the District Court given the accelerated timeframe within which its present Motion needed to be filed. In addition, and even in the absence of Essentia's substantive Objection/Appeal, there is no question that this matter involves a legal question of significant import that appears to be a matter of first impression everywhere. (Doc. ID No. 79,

5

*Order Regarding Discovery Dispute,* at pg. 7 ("Neither party cites any cases directly discussing an assertion that providing detailed information in a privilege log cannot be accomplished without disclosing information covered by a peer review privilege.  Nor has the court's research identified case law directly addressing the issue.").  On these facts, "'the balance of the equities…weighs heavily in favor of granting the stay.'"  *Jenkins v. Robotec, Inc.,* No. CIV.A.1:09CV150HSOJM, 2009 WL 5166252, at \*2 (S.D. Miss. Dec. 29, 2009) (quoting *O'Bryan v. McKaskle,* 729 F.2d 991, 993 (5th Cir. 1984)).

What is further evident from the existing record is the fact that irreparable injury will result if the stay is not granted.  Unlike other non-dispositive discovery orders, once privileged information is produced it cannot be undisclosed.  *See e.g. Western Horizons Living Centers v. Feland,* 2014 ND 175, ¶ 7, 852 N.W.2d 36 (North Dakota Supreme Court held exercise of its supervisory authority is appropriate when party has no recourse but to produce privileged documents or be held in contempt); *Trinity Med. Ctr., Inc. v. Holum,* 544 N.W.2d 148, 152 (N.D. 1996) (exercise of supervisory jurisdiction is appropriate where discovery order compels the disclosure of records which party claims are protected by the peer review/quality assurance privilege).  Should a stay of the Order Regarding Discovery Dispute not issue, but the District Court later modifies or sets aside the Order on Essentia's anticipated objection/appeal, Essentia will be entirely without recourse, having produced otherwise privileged information only to comply with the Court Order.  This is irreparable harm which justifies a stay.

A stay was obtained pending the Eighth Circuit Court of Appeals' review of the District Court's summary affirmance of the Magistrate's non-dispositive discovery order on very similar facts in *In re Bieter.*  16 F.3d 929 (8th Cir. 1994).  Bieter claimed certain materials sought in a motion to compel were privileged pursuant to the attorney-client privilege and

6

work product doctrine. *Id.* at 930. Following a hearing on the motion to compel, the Magistrate held that the materials sought were not protected from disclosure. *Id.* at ¶ 931. Bieter then appealed the Magistrate's decision to the District Court, which summarily affirmed the order, finding that it was neither clearly erroneous nor contrary to law. *Id.*

Bieter petitioned the Eighth Circuit Court of Appeals for a writ of mandamus, directing the District Court to vacate the order, which Bieter claimed compelled the discovery of privileged materials. *Id.* While the Petition was pending, Bieter also moved for a stay of the non-dispositive discovery order pending resolution of the Petition. *Id.* at 930. The Eighth Circuit Court of Appeals granted Bieter's Motion to Stay "given the importance of the issues presented." *Id.* at fn. 1. The logic of *Bieter* compels the same conclusion in this case. Essentia asks that the Court issue a stay pending the District Court's review of the Order Regarding Discovery Dispute.

In addition, granting of the stay serves the public interest. The privilege at issue was designed to promote "open discussions and candid-self-analysis…to ensure that medical care of high quality will be available to the public." *Trinity Med. Ctr. Inc. v. Holum,* 544 N.W.2d 148, 154 (N.D. 1996) (quoting *Moretti v. Lowe,* 592 A.2d 855, 857-858 (R.I. 1991)); *see also Larson v. Wasemiller,* 738 N.W.2d 300, 312 (Minn. 2007) (explaining peer review statutes are designed "to promote the strong public interest in improving health care…and to encourage the medical profession to police its own activities with minimal judicial interference."). Certainly, Essentia, as a litigant has an interest in preserving applicable privileges; however, and perhaps more importantly, as a healthcare entity Essentia has a significant interest, and, in fact, an obligation to uphold the peer review/quality assurance privilege. *See* N.D. CENT. CODE § 23-34-01(1) ("Peer review records are confidential and may be used by a peer review

organization and the organization members only for conducting a professional peer review.”); *see also* Minn. Stat. § 145.64, subd. 1 (“[D]ata and information acquired by a review organization, in the exercise of its duties and functions, or by an individual or other entity acting at the direction of the review organization, shall be held in confidence, shall not be disclosed to anyone except to the extent necessary to carry out one or more of the purposes of the review organization”).

## III.   CONCLUSION

A stay of the Court’s Order Regarding Discovery Dispute (Doc. ID No. 79) pending Essentia’s forthcoming Objection/Appeal and the District Court’s review is justified on these facts.  What level of detail is required to assert the peer review/quality assurance privilege in a privilege log is a matter of first impression implicating significant public interests.   In addition, once disclosed, the privilege is effectively destroyed irrespective of Essentia’s right to seek review pursuant to Rules 72 and 72.1.  Absent a stay, Essentia must choose to either disclose information it believes to be privileged under the applicable peer review/quality assurance statutes or risk being held in contempt.  Accordingly, Essentia respectfully requests that its Emergency Motion to Stay Court’s Order Regarding Discovery Dispute (Doc. ID No. 79) pending its forthcoming Objection/Appeal and the District Court’s review be granted.  Should the Court require additional analysis as it relates to Essentia’s present Motion, Essentia requests either an accelerated briefing schedule or a delay in the deadline for Essentia to comply with the Court’s Order Regarding Discovery Dispute.

Dated this 10th day of August, 2021.

**VOGEL LAW FIRM**

*/s/ Robert B. Stock*

BY:   Angela E. Lord (#05351)
Robert B. Stock (#05919)
Briana L. Rummel (#08399)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email:   alord@vogellaw.com
rstock@vogellaw.com
brummel@vogellaw.com
ATTORNEYS FOR ESSENTIA HEALTH
AND INNOVIS HEALTH, LLC