**feganscott**

**FeganScott LLC**
ATTORNEYS AT LAW

140 Broadway, 46th Floor
New York, NY 10005

PHONE    347.353.1150
FAX      312.264.0100

melissa@feganscott.com

August 16, 2021

**VIA EMAIL**
Magistrate Judge Alice R. Senechal
United States Dist. Court for the District of North Dakota
NDD_J-Senechal@ndd.uscourts.gov

Re: *Kraft, et al. v. Essentia Health, et al.,* No. 20-cv-121; Plaintiffs' Position Statement

Dear Judge Senechal:

Plaintiffs respectfully submit this position statement in advance of the August 17, 2021 status conference.

## Disputed Issues

1. **Initial Search Terms: Essentia asserts privilege over nearly all responsive documents.**

As of the July 27, 2021 status conference, Essentia[1] had only produced three documents in connection with the agreed search term list. The Court directed Essentia to move forward with its rolling production.

Essentia claims that all other responsive documents it has reviewed to date are protected by the peer review privileges (and others) and has not produced any additional documents related to the search terms. As the Court knows, the peer review privilege is the subject of an ongoing dispute.

2. **Supplemental Search Terms: Essentia has not yet identified disputed terms or provided the information required by the ESI Order.**

Plaintiffs provided supplemental search terms on June 11, 2021. Essentia has still not identified which, if any, of the supplemental search terms it disputes and/or whether it is running the terms.

At the last status conference, Essentia disclosed that it was unable to provide certain information required by the ESI Order (e.g., unique hit counts). The parties conferred and Essentia believes it may have found a workaround to provide this information.

Plaintiffs again request that Essentia identify any disputed terms and move forward with review and production of documents associated with any undisputed search term additions.

---

[1] Essentia Health and Innovis Health are represented by the same counsel and are producing documents on behalf of both entities. "Essentia" is used to refer to both entities.

3. **DCP Documents: Essentia and Innovis deny possession, custody, and/or control of Dakota Clinic Pharmacy documents.**

As discussed at the July 27, 2021 status conference and in Plaintiffs' July 26 position statement, Essentia and Innovis maintain that Dakota Clinic Pharmacy documents are outside of their possession, custody, and control. Plaintiffs disagree based on the information they have.

On July 27, 2021, Plaintiffs emailed Essentia to confirm Plaintiffs' understanding of Essentia's position (as presented at the status conference) and to ask about the scope of Defendants' production as it relates to Dakota Clinic Pharmacy. Defendants have not responded.

Plaintiffs ask again that Defendants provide responsive information so that Plaintiffs can understand the scope of Defendants' search and raise any concerns with the Court.

While it may be that certain information is discoverable from Dakota Clinic Pharmacy itself, that has not been the case so far through third party discovery, and the boundaries between the two entities are blurred given Innovis's ownership stake in Dakota Clinic Pharmacy and the parties' contractual duties to one another through their shared services agreement. For example, one question Plaintiffs posed to Defendants was whether Innovis would be producing documents stemming from administrative services Innovis's employees provided to Dakota Clinic Pharmacy.

### Status Updates

4. **Proposed Second Amended Complaint**

On August 13, 2021, Plaintiffs filed an unopposed motion for leave to file their proposed second amended complaint in which they re-assert allegations against Dakota Clinic Pharmacy.

Plaintiffs also moved for leave to redact and seal portions of the proposed second amended complaint, as required by the Confidentiality Order for information parties have designated as Confidential or Highly Confidential, but Plaintiffs do not believe the information warrants sealing.

5. **Org Charts, Insurance Policies, Custodians**

Since the last status conference, Essentia produced some additional organization charts and insurance policies. Plaintiffs will review those, as well as Essentia's position on Plaintiffs' proposed additional custodians, and will confer with Defendants regarding any concerns.

*    *    *

### 6.  Peer Review Privilege, Appeal, and Motion to Stay

Defendants have appealed this Court's order regarding peer review privilege to the District Court. Plaintiffs will oppose that appeal.

Defendants have moved to stay the production of more detailed privilege logs pending resolution of that appeal. Plaintiffs will oppose that motion, in part because the appeal lacks any likelihood of success on its merits and a stay will only serve to further delay discovery and resolution of this case.

Sincerely,

/s/ Melissa Clark