**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| JESSICA KRAFT, INDIVIDUALLY AND AS PARENT OF MINORS L.K., S.K., and O.K.; SHELLI SCHNEIDER, INDIVIDUALLY AND AS PARENT OF MINORS A.S. and W.S.; ANNE BAILEY, AS PARENT OF MINOR D.B.; AMY LAVELLE, AS PARENT OF MINORS Em.L. and El.L.; ELIZABETH BEATON, INDIVIDUALLY AND AS PARENT OF MINOR M.B.; AMANDA AND TYRELL FAUSKE, INDIVIDUALLY AND AS PARENTS OF MINORS C.R.F. and C.J.F.; JENNIFER REIN, INDIVIDUALLY; and JESSICA BERG, AS PARENT OF MINORS A.B. and S.B., individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:20-CV-121 <br><br> Hon. Peter D. Welte <br><br> Mag. Alice R. Senechal |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' OPPOSITION TO ESSENTIA HEALTH'S AND INNOVIS HEALTH, LLC'S APPEAL FROM COURT'S ORDER REGARDING DISCOVERY DISPUTE**

**TABLE OF CONTENTS**

I.  INTRODUCTION ......................................................................................................... 1

II.  RELEVANT BACKGROUND ...................................................................................... 1

III.  STANDARD OF REVIEW ........................................................................................... 2

IV.  PRIVILEGES MUST BE CONSTRUED NARROWLY ................................................ 3

V.  ARGUMENT ................................................................................................................ 4

    A.  The Peer Review Privileges protect substantive "records" – not the existence
of the peer review ................................................................................................... 4

    B.  Courts routinely require parties to provide substantive detail – about both the
documents and the peer review itself – to support assertions of privilege. ......................... 5

    C.  Broadening the Peer Review Privileges would be contrary to law and policy
and would burden the Court with the in camera review of thousands of documents ........ 7

    D.  This privilege question is not "determinative of the proceeding" and does not
meet the requirements to certify a question to the North Dakota Supreme Court. ............. 9

VI.  CONCLUSION ........................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**                                                                                   **Page(s)**

*Allred v. Saunders*,
   2014 UT 43, 342 P.3d 204 ................................................................................... 7

*Amaral v. St. Cloud Hosp.*,
   598 N.W.2d 379 (Minn. 1999) ......................................................................... 7, 8

*Ashley Cty. v. Pfizer*,
   552 F.3d 659 (8th Cir. 2009) ............................................................................... 6

*Bachman v. Bachman*,
   No. 19-CV-276, 2021 U.S. Dist. LEXIS 117770 (D. Neb. June 23, 2021) ........... 3

*Bharadwaj v. Mid Dakota Clinic, P.C.*,
   No. 16-cv-262, 2017 U.S. Dist. LEXIS 233609 (D.N.D. Mar. 9, 2017) ............... 3

*Cornejo v. Mercy Hosp. & Med. Ctr.*,
   No. 12-cv-1675, 2014 U.S. Dist. LEXIS 129586 (N.D. Ill. Sep. 15, 2014) ........ 7, 9

*Coutu v. Tracy*,
   No. 00-3720, 2004 R.I. Super. LEXIS 198 (Super. Ct. Nov. 10, 2004) ............... 5

*Earhart v. Elder*,
   No. 18-CV-01000, 2019 U.S. Dist. LEXIS 19427 (S.D. W. Va. Feb. 5, 2019) ......... 5, 7

*Ervin v. Howard Univ.*,
   445 F. Supp. 2d 23 (D.D.C. 2006) ....................................................................... 9

*Fisher v. Cont'l Res., Inc.*,
   No. 13-cv-097, 2015 U.S. Dist. LEXIS 185306 (D.N.D. Sep. 14, 2015) ............... 9

*Gould v. Cheng*,
   No. PC 2011-2085, 2012 R.I. Super. LEXIS 36 (Super. Ct. Mar. 9, 2012) ........... 5

*Johnson v. John Deere Co.*,
   935 F.2d 151 (8th Cir. 1991) ............................................................................. 10

*Jung v. Gen. Cas. Co.*,
   651 F.3d 796 (8th Cir. 2011) ............................................................................. 10

*Justice v. Banka*,
   2014 Phila. Ct. Com. Pl. LEXIS 308 (Pa. C.P. Aug. 29, 2014) ........................... 9

*Kingman v. Dillard's, Inc.*,

    643 F.3d 607 (8th Cir. 2011) ................................................................................... 3

*Powers v. Mem'l Sloan Kettering Cancer Ctr.*,

    No. 20-cv-2625, 2020 U.S. Dist. LEXIS 187204 (S.D.N.Y. Oct. 8, 2020) ........................... 7

*Prudential Ins. Co. of Am. v. Rand & Reed Powers Pshp.*,

    972 F. Supp. 1194 (N.D. Iowa 1997) ...................................................................... 6

*Rochen v. Huang*,

    C.A. No. 87C-JN-96, 1989 Del. Super. LEXIS 19 (Del. Super. Ct. Jan. 9, 1989) ................... 5

*Sherr v. HealthEast Care Sys.*,

    416 F. Supp. 3d 823 (D. Minn. 2019) ...................................................................... 8

*Sherrod v. Williams*,

    No. 14-cv-454, 2021 U.S. Dist. LEXIS 132547 (S.D. Ohio July 14, 2021) ........................... 9

*State v. Expose*,

    872 N.W.2d 252 (Minn. 2015) ............................................................................... 3

*Trammel v. United States*,

    445 U.S. 40 (1980) ............................................................................................ 3

*Trinity Med. Ctr. v. Holum*,

    544 N.W.2d 148 (N.D. 1996) ....................................................................... 3, 6, 7, 8

*United States v. United States Gypsum Co.*,

    333 U.S. 364 (1948) .......................................................................................... 3

*William Beaumont Hosp. & S. Oakland Anesthesia Assocs., P.C. v. Medtronic, Inc.*,

    No. 09-CV-11941, 2010 U.S. Dist. LEXIS 39093 (E.D. Mich. Apr. 21, 2010) ....................... 7

*William Powell Co. v. Nat'l Indem. Co.*,

    No. 14-cv-00807, 2017 U.S. Dist. LEXIS 55148 (S.D. Ohio Apr. 11, 2017) ...................... 9, 10

**Statutes**

735 Ill. Comp. Stat. 5/8-2101 ................................................................................... 7

D.C. CODE § 44-805 ................................................................................................ 7

MICH. COMP. LAWS § 333.20175 ............................................................................... 6

MICH. COMP. LAWS § 333.21515 ............................................................................... 6

MINN. STAT. § 145.64 ...................................................................................... 4, 5, 8

MINN. STAT. § 145.65 ............................................................................................ 5

N.D. Cent. Code § 23-34-01  ........................................................................... 4, 5

N.D. Cent. Code § 23-34-02  ............................................................................. 5

N.D. Cent. Code § 23-34-03  ........................................................................... 4, 5

N.Y. Pub. Health Law § 2805-M  ...................................................................... 7

Utah Code Ann. § 26-25-3 ................................................................................. 7

W. Va. Code § 30-3C-3  ..................................................................................... 7

## Rules

Fed. R. Civ. P. 26  ............................................................................................ 2

Fed. R. Civ. P. 72  ............................................................................................ 2

N.D. R. App. P. 47  ...................................................................................... 9, 10

N.D. R. App. P. 47.1  ...................................................................................... 10

## Other

23A Fed. Prac. & Proc. Evid. § 5435 ............................................................. 10

## I.   INTRODUCTION

Defendants Essentia Health and Innovis Health, LLC ("Defendants") appeal Magistrate Judge Senechal's decision requiring them to log routine administrative information to support their privilege assertions, e.g., dates, custodians, subject matter, and privilege asserted. ECF No. 87 ("Brief"); ECF No. 79 (August 2, 2021 "Order"). The Order requires no more than that required by the Federal Rules of Civil Procedure. And the decision was made after due consideration and thoughtful analysis – including discussion at status conferences, written position statements, full briefing, the Magistrate Judge's own research, her in camera review of withheld documents and a detailed privilege log, and the issuance of a 13-page order. *See generally* Order; ECF No. 66 (Order Directing In Camera Submission); ECF Nos. 63, 68, 70 (briefing).

Defendants have acknowledged that no court has ever issued a decision that would support their omission of the court-ordered information. *See* ECF No. 63, p. 7; Brief, pp. 15-16. Plaintiffs, in contrast, cited cases from numerous jurisdictions demonstrating that courts routinely require disclosure of the information at issue. ECF No. 68, pp. 7-11. Likewise, the Magistrate Judge analyzed the plain language of the relevant privilege statutes and cited multiple decisions in which courts required the information the Order requires. Order, pp. 4-12. Without referencing a single "contrary" case or pointing to any statutory provision supporting their argument, Defendants nevertheless contend that the Order is somehow contrary to law.

For the reasons addressed in Plaintiffs' original briefing, explained in the Order, and further discussed in this brief – Magistrate Judge Senechal's well-reasoned Order should be affirmed.

## II.   RELEVANT BACKGROUND

The underlying dispute concerns Minnesota's and North Dakota's medical peer review privileges (the "Peer Review Privileges"), which shield from discovery certain records prepared for quality review proceedings. Defendants have asserted the Peer Review Privileges as a basis to

1

withhold the vast majority of their responsive documents. In support, they produced a six-line privilege log which described dates as "various"; described subject matter only as "lawsuit" or "investigation"; and left senders and recipients entirely blank. ECF No. 68-1 (rows 1-3).

Federal Rule of Civil Procedure ("Rule") 26(b)(5)(A)(ii) requires that a party "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Plaintiffs asked for more information to allow them to assess the privilege. Defendants refused, claiming, without support, that providing additional detail would reveal privileged information. The Magistrate Judge permitted the parties to brief the issue and, while the briefing was pending, asked Defendants to produce a representative sample of withheld documents and a detailed privilege log for in camera review.

In their briefing, Defendants asked the Magistrate Judge to expand the Peer Review Privileges and hold, for the first time ever, that the mere *existence* of a peer review and peer review organization (i.e., the identities of its members and participants, the dates of its operation and communications, and the subject matter of its inquiry and documents) are all privileged – thus excusing Defendants' failure to provide any information supporting their privilege assertions. But there is no support for that idea. The Peer Review Privileges may (if applicable at all) protect the content and substance of certain documents, but not the administrative information required to assess privilege.

The Magistrate Judge properly ordered that Defendants identify withheld documents by date, identities and position of creators and recipients, subject matter, document identification number, and reference to the asserted privilege. Order, pp. 12-13.

### III.     STANDARD OF REVIEW

District courts may "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Defendants do not contend the Order

2

is "clearly erroneous," and that standard is only met if the Court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bachman v. Bachman*, No. 19-CV-276, 2021 U.S. Dist. LEXIS 117770, at *3 (D. Neb. June 23, 2021) (citation omitted). "The standard of review for an appeal of a magistrate judge's order on nondispositive matters is extremely deferential." *Id.* (citing 28 U.S.C. § 636(b)(1)(A)).

## IV.   PRIVILEGES MUST BE CONSTRUED NARROWLY

The Supreme Court has repeatedly held that privileges must be construed narrowly:

> [P]rivileges contravene the fundamental principle that "the public . . . has a right to every man's evidence." . . . As such, they must be strictly construed and accepted "only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth."

*Trammel v. United States*, 445 U.S. 40, 50-51 (1980) (citations omitted). Federal courts are cautioned against creating or expanding privileges, particularly those grounded in state law. *See Bharadwaj v. Mid Dakota Clinic, P.C.*, No. 16-cv-262, 2017 U.S. Dist. LEXIS 233609, at *6 (D.N.D. Mar. 9, 2017); *Kingman v. Dillard's, Inc.*, 643 F.3d 607, 615 (8th Cir. 2011) ("our role in diversity cases is to interpret state law, not to fashion it.") (internal quotations and citation omitted).

Likewise, as the North Dakota Supreme Court stated in addressing the peer review privilege in particular: "Evidentiary privileges must be narrowly construed because they are in derogation of the search for truth. . . . **We must be particularly vigilant against extending the scope of the [peer review] privilege beyond that warranted by the purpose expressed in the language of the statute**." *Trinity Med. Ctr. v. Holum*, 544 N.W.2d 148, 152, 154 (N.D. 1996) (emphasis added). The same is true for Minnesota. *See State v. Expose*, 872 N.W.2d 252, 260 (Minn. 2015) ("We have long construed evidentiary privileges narrowly.").

3

## V.   ARGUMENT

### A. The Peer Review Privileges protect substantive "records" – not the existence of the peer review.

Defendants contend "the plain language of the applicable peer review/quality assurance statutes" controls, stating there "is nothing ambiguous" about them. Brief, p. 13. The Magistrate Judge thoroughly considered the plain language of the privileges, discussing them at length in the Order. Order, pp. 4-7. Both states' privileges protect certain substantive records – but not information about those records or the peer review process itself.[1]

North Dakota's privilege protects "peer review **records**," i.e.:

> Data, information, reports, documents, findings, compilations and summaries, testimony, and any other records generated by, acquired by, or given to a peer review organization . . . . and [c]ommunications relating to a professional peer review . . . between . . . [p]eer review organization members [and certain others].

N.D. CENT. CODE § 23-34-01(4)(a); N.D. CENT. CODE § 23-34-03(1). Similarly, Minnesota law shields "**data and information acquired by** a review organization . . . ." MINN. STAT. § 145.64 (emphasis added). Neither statute provides a privilege for the peer review itself, the identities of the peer review's participants, peer review procedures, the dates of the peer review's operation, the subject matter of its review, or other procedural information like that required by the Order.[2]

---

[1] Defendants implicitly recognize this at the outset of their discussion of the privileges: "the North Dakota Century Code 'establishes a privilege **for documents** that meet the definition of "peer review records"' . . . ." Brief, p. 7 (quoting *Guttormson v. ManorCare of Minot ND, LLC*, No. 14-cv-36, 2015 WL 11147876, at *2 (D.N.D. Sept. 28, 2015)) (emphasis added).

[2] In fact, the Peer Review Privileges expressly allow certain discovery from peer review organizations. In North Dakota, "[r]ecords gathered from an original source" are excepted from the privilege. N.D. CENT. CODE § 23-34-03(1)(a). This provision does not merely permit discovery *from* an original source – it entirely carves out the peer review organization's own records from the privilege. *See Id.* Both Peer Review Privileges allow review organization members to testify as to their personal knowledge. MINN. STAT. § 145.64; N.D. CENT. CODE § 23-34-03(1)(b). (Under Defendants' construction, the mere assertion of a privilege objection by a peer review member

Defendants quote extensively from the Peer Review Privileges – but they do not point to any provision that suggests, let alone states, that the peer review itself (or administrative privilege log information) is privileged. Brief, pp. 7-11. Later in their brief, Defendants contend, without explanation, that the privilege-log detail "would require Essentia to disclose information regarding peer review *proceedings* and *functions*, protected by the plain language of the applicable statutes." Brief, p. 14 (emphasis added). In support, they cite N.D. CENT. CODE § 23-34-02(1), *id.*, which contains no such language.[3] The terms "procedures" and "functions" are used elsewhere to define "professional peer review," but not to expand the privilege beyond the professional peer review's "records." *See id.* at § 23-34-01(5). The information required by the Order is simply not privileged.

**B. Courts routinely require parties to provide substantive detail – about both the documents and the peer review itself – to support assertions of privilege.**

No case supports the idea that the information required by the Order would reveal privileged information. To the contrary, the Magistrate Judge recognized several cases from other jurisdictions in which courts required the very detail the Order requires. Order, pp. 7-11. Defendants do not claim the Order is contrary to these persuasive decisions, but instead contend

---

would identify a participant and thus waive the privilege.) In Minnesota, "proceedings and records" are only privileged in actions "against a [medical] professional." MINN. STAT. §§ 145.64(1), 145.61(2). And "Guidelines" established by a review organization are discoverable, though inadmissible in certain proceedings. MINN. STAT. § 145.65; *See also* MINN. STAT. § 145.64.

[3] States that do shield "proceedings" shield substantive *records* from proceedings, not the information the Order requires. *E.g.*, *Earhart v. Elder*, No. 18-CV-01000, 2019 U.S. Dist. LEXIS 19427, at *12 (S.D. W. Va. Feb. 5, 2019) (requiring disclosure of name, date, custodian, document description, law supporting privilege claim, document origin, whether it was created and used solely for or by a review committee); *Gould v. Cheng*, No. PC 2011-2085, 2012 R.I. Super. LEXIS 36, at *13-14 (Super. Ct. Mar. 9, 2012) (date, location, attendees, and actions taken in peer review process are not "records or proceedings" and are not privileged); *Coutu v. Tracy*, No. 00-3720, 2004 R.I. Super. LEXIS 198, at *8-9 (Super. Ct. Nov. 10, 2004) (identities of peer review members and participants and "documents brought before" peer review board not privileged); *Rochen v. Huang*, No. 87C-JN-96, 1989 Del. Super. LEXIS 19, at *10 (Del. Super. Ct. Jan. 9, 1989) (procedures, identities of who testified, when committee met, similar information is discoverable).

the cases should be disregarded because state privileges vary. Brief, pp. 11-12.

It is well settled that courts may look to other jurisdictions' decisions for guidance. Where an issue has not been decided by a state supreme court, the federal court should "predict how [the state] would decide the issue." *Ashley Cty. v. Pfizer*, 552 F.3d 659, 665 (8th Cir. 2009) (internal citations and quotations omitted). "[T]hat prediction is not made in a vacuum: When such authorities are helpful, the federal court may turn to the decisions of other jurisdictions for guidance . . ." *Prudential Ins. Co. of Am. v. Rand & Reed Powers Pshp.*, 972 F. Supp. 1194, 1201 (N.D. Iowa 1997) (citing *Gilliam v. Roche Biomedical Lab. Inc.*, 989 F.2d 278, 280 n.3 (8th Cir. 1993)); *see also Ashley Cty*, 552 F.3d at 665.

In support of their proposal to ignore relevant case law, Defendants quote *Trinity*, 544 N.W.2d at 153. Brief, p. 12. But they omit the bolded language: "because of the lack of uniformity among the various states' peer review privilege statutes, caselaw interpreting those statutes is not highly persuasive **in our interpretation of Sections 23-01-02.1 and 31-08-01, N.D.C.C.**" *Id.*; 544 N.W.2d at 153 (emphasis added). Those two provisions addressed quality assurance "committees" and admissibility of "committee" records – issues core to the central questions in *Trinity* regarding the scope of the privilege as it related to "committees." The court compared North Dakota's privilege to those of other states and noted "little consistency" in that regard. 544 N.W.2d at 153.

The issue here does not concern aspects of the privilege that subtly vary from one state to another. Rather, the question is whether the privileges apply beyond "records" to identities, dates, and general subject matter. Just as Defendants recognize the Minnesota and North Dakota privileges share similarities, there is "consistency" with other states' privileges on the issue here.

Michigan, for example, shields "records, data, and knowledge." MICH. COMP. LAWS §§ 333.20175(8), 333.21515. West Virginia shields "proceedings, communications, and documents."

6

W. VA. CODE § 30-3C-3(a), (c). New York shields "records, documentation or committee actions." N.Y. PUB. HEALTH LAW § 2805-M. Utah shields "information, interviews, reports, statements, memoranda, or other data. . . findings or conclusions." UTAH CODE ANN. §26-25-3. Illinois shields "information, interviews, reports, statements, memoranda, recommendations, letters of reference or other third party confidential assessments . . . or other data. . . ." 735 Ill. Comp. Stat. 5/8-2101. Still, courts applying each of these states' privileges (and others) require the detail required by the Order, as well as foundational information regarding the peer review to establish the privilege.[4]

By comparison, the District of Columbia provides, in addition to a privilege over "records," a privilege for "the identity of persons providing information to a peer review body" (though not the recipients of that information). D.C. CODE § 44-805. Neither Minnesota nor North Dakota have any such provision. As the court noted in *Trinity*: "If our legislature had intended to provide a broad[er] statutory privilege . . . it could have said so." 544 N.W.2d at 155.

### C. Broadening the Peer Review Privileges would be contrary to law and policy and would burden the Court with the in camera review of thousands of documents.

Defendants recognize that "the legislature intended to favor a public interest over a private interest." Brief, p. 12 (quoting *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 38[4] (Minn. 1999)). The privileges are designed to "promote the strong public interest of improving quality of medical care and to encourage the medical profession to police its activities with minimal judicial

---

[4] *E.g.*, *William Beaumont Hosp. & S. Oakland Anesthesia Assocs., P.C. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. LEXIS 39093, at *20 (E.D. Mich. Apr. 21, 2010) (date and author is not privileged); *Earhart*, 2019 U.S. Dist. LEXIS 19427, at *12 (requiring detail required by the Order and information about the documents' purpose, use, and disclosure); *Powers v. Mem'l Sloan Kettering Cancer Ctr.*, No. 20-cv-2625, 2020 U.S. Dist. LEXIS 187204, at *6-7 (S.D.N.Y. Oct. 8, 2020) (requiring detail required by the Order and "further assurance" that the privilege applies); *Allred v. Saunders*, 2014 UT 43, ¶ 27, 342 P.3d 204 (requiring foundational information for each document); *Cornejo v. Mercy Hosp. & Med. Ctr.*, No. 12-cv-1675, 2014 U.S. Dist. LEXIS 129586, at *4 (N.D. Ill. Sep. 15, 2014) (requiring a clear and specific description, dates, and reasons for withholding the documents).

interference." *Sherr v. HealthEast Care Sys.*, 416 F. Supp. 3d 823, 837 (D. Minn. 2019).[5] "That public purpose is not served, however, if the privilege . . . is applied beyond what [i]s intended and what is necessary to accomplish the public purpose":

> "The privilege must not be permitted to become a shield behind which a physician's incompetence, impairment, or institutional malfeasance resulting in medical malpractice can be hidden from parties who have suffered because of such incompetence, impairment, or malfeasance."

*Trinity*, 544 N.W.2d at 154 (quoting *Moretti v. Lowe*, 592 A.2d 855, 857-858 (R.I. 1991) and "agree[ing] with [its] rationale").

*Amaral* addressed the public interest of patient well-being over physicians' rights to view materials relating to themselves. 598 N.W.2d at 383, 388. Defendants here seek to shield information related to their administration of potentially ineffective, if not unsafe, pharmaceuticals to tens of thousands of its patients—including infants, children, and cancer patients—to protect themselves. Under no construction would Defendants' unsupported read of the privilege "favor a public interest over a private interest."

Expansion of the privilege also creates practical problems. As the Magistrate Judge noted: "Without a more detailed privilege log, it may be necessary for the court to review each document over which Essentia claims a peer review privilege." Order, p. 13. It may also require the court to undertake its own investigation of the existence and scope of any peer review and whether and how documents were used in contexts unrelated to that review.

The substantive assessment of the Peer Review Privileges is a nuanced once. Defendants bear the burden to demonstrate where the privilege starts and ends, e.g., that the withheld

---

[5] Notably, the decision in *Sherr* reflects that the physician subject to the peer review was notified of the peer review, its subject matter, the dates of meetings, and meeting participants even before any adverse determination or litigation. *Id.* at 832-34 (separately, the provider exception allows providers access to certain substantive records through discovery, MINN. STAT. § 145.64, subd. 2).

8

documents (1) were created exclusively by or for a peer review organization in connection with a professional peer review; (2) were not used for any other purpose; and (3) are not available from an "original source" and (4) that the privilege has not been waived.[6] Without this information, Plaintiffs cannot assess privilege and that analysis would fall entirely upon the Court's shoulders.

**D.  This privilege question is not "determinative of the proceeding" and does not meet the requirements to certify a question to the North Dakota Supreme Court.**

A question of law may be certified to the North Dakota Supreme Court only when "(1) questions of law of [North Dakota] are involved . . . which may be determinative of the proceeding; [and] (2) it appears to the certifying court there is no controlling precedent in the decisions of the supreme court." N.D. R. App. P. 47(a). Defendants have not argued, nor could they, that this dispute regarding privilege log detail is "determinative of the proceeding." *See*, *e.g.*, *Fisher v. Cont'l Res., Inc.*, No. 13-cv-097, 2015 U.S. Dist. LEXIS 185306, at *3-4 (D.N.D. Sep. 14, 2015) (question not determinative where "[s]everal additional questions will remain and trial will be necessary to resolve them"; the court "is frequently faced with difficult and close [state law] questions" and that alone does not warrant certification); *Sherrod v. Williams*, No. 14-cv-454, 2021 U.S. Dist. LEXIS 132547, at *5 (S.D. Ohio July 14, 2021) (a "determinative" question "is one which would form the basis of the Court's disposition of one or more . . . causes of action.") (citations omitted); *William Powell Co. v. Nat'l Indem. Co.*, No. 14-cv-00807, 2017 U.S. Dist.

---

[6] *E.g.*, *Justice v. Banka*, 2014 Phila. Ct. Com. Pl. LEXIS 308, at *15-17 (Pa. C.P. Aug. 29, 2014) (peer review information used "to consult with others to prepare a press release to advise its executives of a potential public relations catastrophe or to make legal decisions . . . los[es] its peer review protection."); *Ervin v. Howard Univ.*, 445 F. Supp. 2d 23, 26-27 (D.D.C. 2006) ("Only those statements made in a *peer review process* are non-discoverable; . . . documentation of problems or concerns are not [necessarily] privileged. . . ."); *Cornejo*, 2014 U.S. Dist. LEXIS 129586, at *6 ("Documents created in the ordinary course of business, to weigh potential liability risk, or for later corrective action by hospital staff are not privileged, even if they are later used by a committee in a peer-review process. . . " nor is "information generated before a peer-review process begins or after it ends.") (internal quotations and citations omitted).

LEXIS 55148, at *59 (S.D. Ohio Apr. 11, 2017) (privilege not determinative).[7]

Moreover, while federal courts have discretion in determining whether to certify a question, "[t]he most important consideration guiding the exercise of this discretion . . . is whether the reviewing court finds itself genuinely uncertain about a question of state law . . . ." *Johnson v. John Deere Co.*, 935 F.2d 151, 153 (8th Cir. 1991) (citation omitted). Without a "close" question of state law – a federal court should determine the issue. *Id.* (citation omitted); *Jung v. Gen. Cas. Co.*, 651 F.3d 796, 801 (8th Cir. 2011) ("federal courts have a duty to address matters of state law, even when that law is unsettled."). The Court is well equipped to evaluate questions about privilege logging, particularly with the unambiguous statutory language setting forth the privileges and unanimous authority from numerous other jurisdictions. Because the issue is neither "determinative" nor a "close" question, Defendants' request should be denied.[8]

## VI.    CONCLUSION

The Order is not contrary to any law. It is entirely consistent with the plain language of the Peer Review Privileges and case law from myriad jurisdictions. The Order should be affirmed.

Dated: August 18, 2021                Respectfully submitted,
                                      /s/ Melissa Ryan Clark

---

[7] Defendants claim that questions from a federal court, unlike those from a North Dakota state court, need not be dispositive. Brief, pp. 16-17. That distinction is more limited than Defendants suggest. Federal courts may certify a question "which **may be** determinative" and state courts may only certify a question "**that is** determinative" N.D. R. App. P. 47(a) and 47.1(a) (emphasis added).

[8] Defendants have not established that North Dakota law even applies. They have not identified which state's privilege they assert. Nor have they provided information about where the withheld documents were created. They simply note that this case involves both Minnesota and North Dakota law and conclude that courts often apply "the forum privilege" when a choice of law scheme for privilege has not been established. Brief, pp. 15-16, n. 3 (citing 23A Fed. Prac. & Proc. Evid. § 5435). But there are "several methods of resolving the choice of law problem. The first is to assume that the state 'which supplies the rule of decision' is the state which should also supply the privilege law. . . ." 23A Fed. Prac. & Proc. Evid. § 5435. (Notably, defendant Essentia is headquartered in Minnesota). Plaintiffs thus respectfully request supplemental briefing on choice of law issues should the court consider certifying a question to a state court.

Melissa Ryan Clark
Brooke A. Achua
FEGAN SCOTT LLC
140 Broadway, 46th Fl.
New York, NY 10005
Ph: 646.502.7910
Fax: 312.264.0100
melissa@feganscott.com
brooke@feganscott.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Mac Schneider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
mac@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD &
WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Counsel for Plaintiffs*

11