**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| JESSICA KRAFT, INDIVIDUALLY AND AS PARENT OF MINORS L.K., S.K., and O.K.; SHELLI SCHNEIDER, INDIVIDUALLY AND AS PARENT OF MINORS A.S. and W.S.; ANNE BAILEY, AS PARENT OF MINOR D.B.; AMY LAVELLE, AS PARENT OF MINORS Em.L. and El.L.; ELIZABETH BEATON, INDIVIDUALLY AND AS PARENT OF MINOR M.B.; AMANDA AND TYRELL FAUSKE, INDIVIDUALLY AND AS PARENTS OF MINORS C.R.F. and C.J.F.; JENNIFER REIN, INDIVIDUALLY; and JESSICA BERG, AS PARENT OF MINORS A.B. and S.B., individually and on behalf of all others similarly situated, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:20-CV-121 <br><br> Hon. Peter D. Welte <br><br> Mag. Alice R. Senechal |
| Plaintiffs, ) ) ) | |
| v. ) ) | |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, ) ) ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO ESSENTIA HEALTH'S AND INNOVIS HEALTH, LLC'S EMERGENCY MOTION TO STAY COURT'S ORDER REGARDING DISCOVERY DISPUTE AND MOTION TO EXPEDITE**

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................... 1

II.     RELEVANT BACKGROUND ................................................................................. 2

III.    LEGAL STANDARD................................................................................................ 3

        A.      Stays should be granted "sparingly" and only when the movant has made a
        strong showing that, *inter alia*, the movant is likely to succeed on the merits. ................... 3

        B.      Courts will modify or set aside a magistrate judge's order only if it is clearly
        erroneous or contrary to law. ........................................................................................... 4

IV.     ARGUMENT............................................................................................................. 5

        A.      Defendants have failed to make a strong showing that they are likely to
        succeed on their appeal. ................................................................................................... 5

        B.      Defendants will not be irreparably injured by complying with the Order
        because the Order does not require disclosure of privileged information. ......................... 7

        C.      A stay would unduly delay this litigation, thus prejudicing Plaintiffs...................... 7

        D.      A stay would not serve the public's significant interest in the timely
        resolution of this case affecting their community............................................................. 10

V.      CONCLUSION......................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*,
490 F.3d 718 (9th Cir. 2007) ..................................................................................... 9

*Copic Ins. Co. v. Wells Fargo Bank, N.A.*,
Civil Action No. 09-cv-00041-WDM-BNB, 2010 U.S. Dist. LEXIS 36476 (D. Colo.
Mar. 11, 2010) ......................................................................................................... 4

*EEOC v. BOK Fin. Corp.*,
No. 11-1132 RB/LFG, 2013 U.S. Dist. LEXIS 191761 (D.N.M. Mar. 22, 2013) ................... 4

*Granato v. City & Cnty. of Denver*,
Civil Action No. 11-cv-0-304-MSK-BNB, 2011 U.S. Dist. LEXIS 40981 (D. Colo.
Apr. 7, 2011 ......................................................................................................... 4, 6

*Harms v. Burlington Res. Oil & Gas Co.*,
No. 4:12-cv-120, 2014 U.S. Dist. LEXIS 195338 (D.N.D. Nov. 4, 2014) .............................. 9

*Hei Res. E. Omg Joint Venture v. S. Lavon Evans, Jr. Operating Co.*,
Civil Action No. 09-cv-00028-MSK-BNB, 2009 U.S. Dist. LEXIS 10294 (D. Colo.
Feb. 3, 2009)........................................................................................................... 4

*In re Bieter Co.*,
16 F.3d 929 (8th Cir. 1994) ..................................................................................... 5, 6

*In re Op. 33 of the Comm. on the Unauthorized Practice of Law*,
160 N.J. 63, 733 A.2d 478 (1999) ............................................................................ 10

*Jacam Chem. Co. 2013, L.L.C. v. Shepard*,
No. 1:19-cv-093, 2020 U.S. Dist. LEXIS 200118 (D.N.D. Aug. 18, 2020) ........................... 5

*Kreuger Int'l, Inc. v. Fed. Ins. Co.*,
647 F. Supp. 2d 1024 (E.D. Wis. 2008) .................................................................... 10

*Pablovich v. Rooms To Go La. Corp.*,
No. 20-617, 2021 U.S. Dist. LEXIS 45691 (E.D. La. Mar. 11, 2021) ........................... 3, 4, 5

*Smith v. Ghana Commer. Bank, Ltd.*,
No. 08-5324 ADM/JJK, 2009 U.S. Dist. LEXIS 95341 (D. Minn. Oct. 13, 2009) ................. 5

*Tolliver v. True*,

    Civil Action No. 06-cv-02574-WDM-BNB, 2007 U.S. Dist. LEXIS 32777 (D. Colo. May 3, 2007) ........................................................................................................................ 7

*United States v. Melton*,

    948 F. Supp. 2d 998 (N.D. Iowa 2013) ................................................................................ 4

*Wells Fargo & Co. v. United States*,

    No. 09-cv-02764-PJS-TNL, 2013 U.S. Dist. LEXIS 188018 (D. Minn. Dec. 6, 2013) ........... 1

*Yucaipa Corp. Initiatives Fund, ILP v. Piccadilly Rests., LLC*,

    No. 14-0609, 2014 U.S. Dist. LEXIS 64083 (W.D. La. May 6, 2014) .................................. 10

**Rules**

Fed. R. Civ. P. 26 ..................................................................................................................... 6

Fed. R. Civ. P. 72 ............................................................................................................. 3, 4, 11

D.N.D. Civ. L. R. 72.1(D)(2) ................................................................................................ 4, 11

## I.    INTRODUCTION[1]

"It is well established that disclosure is strongly favored during the discovery process." *Wells Fargo & Co. v. United States*, No. 09-cv-02764-PJS-TNL, 2013 U.S. Dist. LEXIS 188018, at *2 (D. Minn. Dec. 6, 2013). In moving to stay the Order, however, Defendants continue a pattern of attempting to insulate themselves from discovery based on unsupported, unreasonable arguments and unilaterally imposed delays.

Defendants seek a stay of the Order pending resolution of their Appeal to the District Court. But Defendants' Appeal does not contend that this Court's Order was clearly erroneous. And Defendants do not point to a single statutory provision or case that supports their view, despite claiming the Order was "contrary to law." They simply seek a second bite at the apple to further delay proceedings.

Substantive discovery simply cannot proceed without the information required to assess the privileges that Defendants have asserted over nearly all responsive documents in this litigation. If the Motion to Stay is granted, Plaintiffs and the public will continue to suffer unnecessary and prejudicial delays of discovery and of the resolution of their case – all pending an appeal with no likelihood of success.

For the reasons addressed below, Defendants' Motion to Stay should be denied.

---

[1] Plaintiffs respectfully submit this opposition to defendant Essentia Health's and Innovis Health, LLC's ("Defendants") August 10, 2021 Emergency Motion to Stay Court's Order Regarding Discovery Dispute ("Motion to Stay," ECF Nos. 83-84).

The Motion to Stay seeks to stay enforcement of the Court's August 2, 2021 Order Regarding Discovery Dispute (ECF No. 79, "Order") pending the District Court's resolution of Defendants' August 11, 2021 appeal of the Order (ECF No. 87, "Appeal" or "Defendants' Brief"). On August 18, 2021, Plaintiffs filed their Opposition to the Appeal (ECF No. 96, "Opposition" or "Plaintiffs' Brief").

## II.   RELEVANT BACKGROUND

On July 10, 2020, Plaintiffs filed their original class action complaint. ECF No. 1. Plaintiffs allege that Essentia Health sold and administered more than 100 different types of temperature-sensitive pharmaceutical products to approximately 45,000 individuals over a three-year period. Plaintiffs served their First Set of Requests for the Production of Documents to Essentia on January 26, 2021.

In the nearly seven months since, Defendants[2] have produced only 44 documents, but have withheld thousands. Defendants have asserted the Minnesota and North Dakota peer review privileges (the "Peer Review Privileges") as a basis to withhold most of their responsive documents in this litigation. In support of that privilege claim, Defendants produced a six-line categorical privilege log. ECF No. 68-1 (rows 1-3). In the log, Defendants described dates of withheld documents as "Various"; described subject matter only as "Lawsuit" or "Investigation"; and left authors and recipients entirely blank. *Id.*

Plaintiffs asked for more information to allow them to assess the privilege. Defendants refused, claiming, without support, that providing additional detail would reveal privileged information. The Court permitted the parties to brief the issue and, while the briefing was pending, asked Defendants to produce a representative sample of withheld documents and a detailed privilege log for in camera review.

In their briefing, Defendants asked the Court to expand the Peer Review Privileges and hold, for the first time ever, that the mere *existence* of a peer review and peer review organization (e.g., the identities of its members and participants, the dates of its operation and communications,

---

[2] Innovis Health, LLC is wholly owned by Essentia Health; the two entities are represented by the same counsel; and Essentia is producing documents on behalf of both defendant entities.

and the subject matter of its inquiry and documents) are all privileged – thus excusing Defendants'

failure to provide any information supporting their privilege assertions. But there is no support for

that idea. The Peer Review Privileges may (if applicable at all) protect the content and substance

of certain documents, but not the administrative information required to assess privilege.

On August 2, 2021, the Court issued an order requiring Essentia to provide plaintiffs "a

more detailed privilege log," including at least the following items:

> (1) the date on which it was created, (2) identity of the person who created it and
> the position held by that person at the time the document was created, (3) identity
> of persons who received the document and their positions, (4) a description of the
> subject matter of the document, (5) inclusive document identification numbers, and
> (6) specific reference to the portion of the North Dakota or Minnesota privilege the
> document is asserted to meet.

Order, pp. 12-13.

On August 10, 2021, Defendants filed their Motion to Stay. The next day, Defendants filed

their Appeal. And on August 18, 2021, Plaintiffs filed their Opposition to the Appeal.

Because Defendants are unlikely to succeed on the merits of their Appeal and fail to offer

any evidence in support of their claim that they will suffer irreparable injury absent a stay,

Plaintiffs oppose Defendants' Motion to Stay

### III.    LEGAL STANDARD

**A. Stays should be granted "sparingly" and only when the movant has made a strong showing that, _inter alia_, the movant is likely to succeed on the merits.**

Courts generally apply a four-factor test in determining whether to stay the enforcement of

a magistrate judge's order pending a Rule 72 appeal or objection:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed
> on the merits; (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested
> in the proceeding; and (4) where the public interest lies.

_Pablovich v. Rooms To Go La. Corp.,_ No. 20-617, 2021 U.S. Dist. LEXIS 45691, at *4-6 (E.D.

3

La. Mar. 11, 2021).

In cautioning against "the filing of frivolous objections" and "[i]ll-considered 'strategic' objections," numerous courts have held that stays of a magistrate judge's discovery order should be granted "sparingly." *Granato v. City & Cnty. of Denver,* Civil Action No. 11-cv-0-304-MSK-BNB, 2011 U.S. Dist. LEXIS 40981, at *4-5 (D. Colo. Apr. 7, 2011) (internal citation omitted); *see also EEOC v. BOK Fin. Corp.*, No. 11-1132 RB/LFG, 2013 U.S. Dist. LEXIS 191761, at *5 (D.N.M. Mar. 22, 2013) (denying EEOC's emergency motion to stay relief); *Hei Res. E. Omg Joint Venture v. S. Lavon Evans, Jr. Operating Co.*, Civil Action No. 09-cv-00028-MSK-BNB, 2009 U.S. Dist. LEXIS 10294, at *3 (D. Colo. Feb. 3, 2009) (denying HEI's motion to stay); *Copic Ins. Co. v. Wells Fargo Bank, N.A.*, Civil Action No. 09-cv-00041-WDM-BNB, 2010 U.S. Dist. LEXIS 36476, at *2 (D. Colo. Mar. 11, 2010) (denying Wells Fargo's motion to stay). A stay is "an exercise of judicial discretion," and "is not a matter of right, even if irreparable injury might otherwise result." *Pablovich*, 2021 U.S. Dist. LEXIS 45691, at *5 (internal citation omitted).

**B. Courts will modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law.**

Whether Defendants can meet the standard for the stay turns in large part on their likelihood of success in the pending appeal. District court judges may modify or set aside any part of a magistrate judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); D.N.D. Civ. L. R. 72.1(D)(2). This deferential standard of review allows reviewing judges to reverse "only . . . when the entire record definitely and firmly illustrates that the lower court made a mistake." *United States v. Melton*, 948 F. Supp. 2d 998, 1002 (N.D. Iowa 2013) (internal quotations omitted) (citing *United States v. Marshall*, 411 F.3d 891, 894 (8th Cir. 2005)). In other words, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, must be "left with the definite and firm conviction that a mistake has

4

been committed." *Jacam Chem. Co. 2013, L.L.C.*, 2020 U.S. Dist. LEXIS 200118, at *5 (internal citation omitted). "A decision is contrary to the law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Smith v. Ghana Commer. Bank, Ltd.*, No. 08-5324 ADM/JJK, 2009 U.S. Dist. LEXIS 95341, at *2 (D. Minn. Oct. 13, 2009) (internal citations and quotation omitted).

In fact, "[a] magistrate judge's decision in a discovery dispute is entitled to substantial deference . . . ." *Jacam Chem. Co. 2013*, 2020 U.S. Dist. LEXIS 200118, at *5 (internal citations and quotations omitted). The heavy burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Id.*; *Pablovich,* 2021 U.S. Dist. LEXIS 45691, at *5.

## IV.    ARGUMENT

### A. Defendants have failed to make a strong showing that they are likely to succeed on their appeal.

Defendants' Appeal reasserts arguments that the Court thoroughly considered and rejected in entering the Order. The Court specifically analyzed the plain language of the relevant peer review privilege statutes and cited multiple decisions in which other jurisdictions required the same information the Order requires (and more). *See* Order, pp. 4-12. Consistent with this well-established authority, the Order held that Defendants could and should provide a more detailed privilege log without revealing privileged information. *See id.*, p. 12. The Court's rulings are correct, and the District Court is required to give them substantial deference.

Defendants cite *In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994) as an analogous situation where a stay of an order compelling discovery was granted pending resolution of a petition to the Eighth Circuit Court of Appeals regarding whether that information was protected by the attorney-client privilege and the work-product doctrine. The court offered no analysis of the reasons for granting a stay, merely referencing it in a footnote. *Id*. at n. 1. But a material distinction is apparent

on the decision's face: the underlying petition in *Bieter* was meritorious.

The court in *Bieter* granted a petition for a writ of mandamus and directed the District Court to vacate its order holding the attorney-client privilege inapplicable – finding clear error. *Id.* at 936 (The question concerned "whether an independent consultant can be a representative of the client for purposes of applying the attorney-client privilege."). In contrast, there was no clear error here, and the Appeal is not meritorious.

Nor does this case present an "important" "issue of first impression," as was present in *Bieter*. Existing precedent dictates the answer. The Court acknowledged this existing precedent in its Order. Order, pp. 7-8 (citing *Elkharwily v. Mayo Holding Co.*, Civ. No.12-3062, 2014 WL 3573674, at *3 (D. Minn. July 21, 2014) for the suggestion that "the court expected a detailed log of the documents over which the peer review privilege was claimed"). And the Court additionally recognized an abundance of persuasive case law on this issue, establishing a higher level of detail for peer review privilege assertions than Defendants have offered. Order, pp. 8-10. Those cases are just examples of myriad such decisions. *See, e.g.,* Plaintiffs' Brief, pp. 5-7 (citing additional example decisions). Such level of privilege-log detail is not only common when peer review privileges are asserted, but also so well-accepted that it is rarely in dispute.

In further rejecting Defendants' arguments, this Court did not find the "rare circumstances" contemplated by Fed. R. Civ. P. 26(b)(5)(A) in its review of the documents Defendants submitted for in camera review. Defendants can, therefore, identify withheld documents without disclosing privileged information — and indeed they should. This is plainly not the type of case where "enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like." *Granato*, 2011 U.S. Dist. LEXIS 40981, at *5-6.

In light of the strong legal foundation underlying the Order, it is highly unlikely Defendants will prevail on their Appeal. Accordingly, Defendants' Motion to Stay should be denied.

### B. Defendants will not be irreparably injured by complying with the Order because the Order does not require disclosure of privileged information.

Defendants claim it is "evident from the existing record" that they will suffer irreparable injury if the stay is not granted. ECF No. 84, p. 6. Yet Defendants' inability to identify any authority or any statutory provision that would support their omission of the court-ordered information has remained consistent throughout its original briefing on the matter and its most recent Appeal. *See* ECF No. 63, p. 7; Defendants' Brief, p. 12. In contrast, the existing record provides a well-reasoned legal basis for Defendants' production of a more detailed privilege log without revealing privileged information. *See* Order, p. 12. Defendants are not required to disclose substantive documents; the Order only requires the disclosure of privilege log information.

The more detailed privilege log ordered by this Court would contain only discoverable information and no information covered by peer review privileges. Thus, Defendants face no threat of irreparable injury in complying with the Court's Order.

### C. A stay would unduly delay this litigation, thus prejudicing Plaintiffs.

"Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pre-trial disputes. . . . Ill-considered 'strategic' objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes." *Tolliver v. True*, Civil Action No. 06-cv-02574-WDM-BNB, 2007 U.S. Dist. LEXIS 32777, at *7 (D. Colo. May 3, 2007) (citation omitted). Defendants have produced only 44 documents in this action, which commenced over a year ago. It has produced one, six-line categorical privilege log with such bare-bones descriptions of withheld documents as "Various";

7

of subject matter only as "Lawsuit" or "Investigation"; and of authors and recipients left entirely blank. ECF No. 68-1 (rows 1-3).

In failing to exchange meaningful information and documents, Defendants have continually drawn out their discovery timeline and now cite peer review privilege to withhold the vast majority of responsive documents in this case. Defendants' Motion to Stay is just another step to delay and to withhold information that will lead to discovery and ultimately resolve this case.

Defendants have withheld thousands of documents based on peer review privilege. They have withheld basic information required to assess those privilege assertions based on a reading of the peer review privileges that no court has ever condoned. They have refused to produce Plaintiffs' own information to them in discovery based on a misguided and self-serving construction of HIPAA.[3] These unreasonable positions have stalled discovery in tandem with Defendants' material delays in providing foundational information to even allow the parties to reach the point of a ripe dispute. Defendants took more than three and a half months after receiving document requests to propose initial search terms (starting with only four overly narrow search strings), initially refused to begin their review and production of documents culled by their own terms, and have taken two months (so far) to even preliminarily identify which, if any, of Plaintiffs' proposed search terms they will dispute.

The "more detailed" privilege log information required by the Court's Order is necessary

---

[3] Further reflecting Defendants' ongoing attempt to entirely shield themselves from others' knowledge of their conduct, Defendants recently asked the Court to redact portions of a transcript they argued were "Highly Confidential" pursuant to the Confidentiality Order entered in his action. The portions include a largely qualitative, cursory description of their production and nothing even bordering on confidential. The Court denied Defendants' request. *See* ECF No. 98. Defendants have admitted to administering thousands of affected pharmaceuticals, have lost a motion to dismiss, and have answered the complaint. Discovery must now proceed with public access to judicial proceedings.

for Plaintiffs to undergo even a basic assessment of the claimed privilege and to challenge any overbroad assertions (which appears a certainty based on discovery thus far). The privilege log information is just the beginning of discovery – not the end. The parties will have to confer, raise disputes with the Court, and brief a potentially complex analysis of peer review privileges, which may itself require discovery regarding the extent and scope of a peer review, its procedures, and the use of peer review records. That discovery will inform the scope, strategy, and substance of other discovery – written, documentary, and deposition; decisions to amend the pleadings, join additional parties, or add punitive damages claims; decisions regarding settlement; and other overall litigation strategy. Numerous Court-ordered deadlines are fast approaching, including an already-postponed early settlement conference (October 5, 2021), deadlines to amend the pleadings and join parties (November 15, 2021) or add punitive damages (September 30, 2021), the deadline to complete fact discovery (December 31, 2021), the deadline for Plaintiffs' class certification expert disclosures and reports (January 15, 2022), and the deadline for Plaintiffs' motion for class certification (January 31, 2022).

Neither the parties' nor the Court's resources will be saved by granting Defendants' Motion to Stay. Instead, a stay would contribute to the compounding discovery delays that have thus far roadblocked Plaintiffs' ability to litigate this case. A stay risks that witnesses' memories will fade, evidence will become stale, information will be lost, and key witnesses will become unavailable. *See, e.g., Harms v. Burlington Res. Oil & Gas Co.*, No. 4:12-cv-120, 2014 U.S. Dist. LEXIS 195338, at \*9 (D.N.D. Nov. 4, 2014) (In the context of a motion to dismiss for failure to prosecute the case, the court stated, "prejudice takes two forms: loss of evidence and loss of memory by a witness.") (quoting *Boyle v. Am. Auto Serv.,* 571 F.3d 734, 739 (8th Cir. 2009)); *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007);

*Kreuger Int'l, Inc. v. Fed. Ins. Co.*, 647 F. Supp. 2d 1024, 1042 (E.D. Wis. 2008) ("To stay all proceedings on the underlying claim until the coverage question is resolved will often indefinitely delay the plaintiff's case and risk prejudice as memories fade and potential evidence is lost."). Plaintiffs respectfully request that this Court deny Defendants' Motion to Stay so that they do not face prejudice from Defendants' discovery delays.

**D. A stay would not serve the public's significant interest in the timely resolution of this case affecting their community.**

Likewise, the public has a substantial interest in having allegations of hospital misconduct in their community resolved without undue delay, particularly given the large number of citizens affected. *See*, *e.g.*, *Yucaipa Corp. Initiatives Fund, ILP v. Piccadilly Rests., LLC*, No. 14-0609, 2014 U.S. Dist. LEXIS 64083, at *14-15 (W.D. La. May 6, 2014) (internal quotations and citations omitted) (stating that in the context of bankruptcy proceedings, "[c]ourts recognize the strong public need for finality of decisions. . . ." and "timeliness."); *In re Op. 33 of the Comm. on the Unauthorized Practice of Law*, 160 N.J. 63, 75-76, 733 A.2d 478, 485-86 (1999) (internal citation omitted) (discussing the "overriding influence of the public interest in resolving unauthorized-practice-of-law issues" because they involve "the public's realistic need for protection and regulation.").

Policy favors the public's access to an efficient and open judicial process, as this Court has recognized. *See* ECF No. 98 ("Essentia has not demonstrated that the public should be denied access to the information it seeks to have redacted."). Additional delays in this case as a result of granting Defendants' Motion to Stay would fail to serve the public interest by permitting Defendants to evade disclosure of non-substantive privilege log information. Plaintiffs and class members deserve access to justice and a timely resolution of their case. The public interest is aligned with the efficient progress of this case. Plaintiffs, therefore, oppose Defendants' Motion

10

to Stay.

## V.    CONCLUSION

Defendants have not met their burden to establish a strong likelihood that their appeal will be successful, particularly in light of this Court's clear holding and cited authority, the discretion afforded to magistrate judges in discovery matters, and the limited scope of review under Fed. R. Civ. P. 72 and D.N.D. Civ. L. R. 72.1(D)(2). Defendants have also failed to show any evidence in support of their claim that they will suffer irreparable injury absent a stay. The more detailed privilege log ordered by this Court would contain solely discoverable information.

In contrast, Plaintiffs will suffer unnecessary delay in the preparation and resolution of their case if the stay is granted. Delay is not merely inconvenient – it prejudices Plaintiffs' ability to litigate and resolve their case and increases the risk that they will lose access to valuable information. Finally, granting the stay will harm the interest of the public, who would benefit from the speedy resolution of class claims involving healthcare providers in their community.

Accordingly, Defendants' Motion to Stay should be denied.

Dated: August 24, 2021                    Respectfully submitted,

By: */s/ Brooke A. Achua*
Melissa Ryan Clark
Brooke A. Achua
FEGAN SCOTT LLC
140 Broadway, 46th Floor
New York, NY 10005
Ph: 646.502.7910
Fax: 312.264.0100
melissa@feganscott.com
brooke@feganscott.com

11

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Mac Schneider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
mac@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD &
WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Counsel for Plaintiffs*