THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B.; AMY LAVELLE, individual and as parent of minors Em.L.and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F.; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>      Defendants. | Case No. 3:20-CV-00121<br><br><br><br>**ESSENTIA HEALTH'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Essentia Health

("Essentia") respectfully responds by generally denying all allegations in the Second Amended

Class Action Complaint and Jury Demand ("the Second Amended Complaint") of the

Plaintiffs, Jessica Kraft, individually and as parent to minors L.K., S.K., and O.K.; Shelli

Schneider, individually and as parent of minors A.S. and W.S.; Anne Bailey, individually and

as parent of minor D.B.; Amy Lavelle, individually and as parent of minors Em.L. and El.L;

Elizabeth Beaton, individually and as parent of minor M.B.; Amanda and Tyrell Fauske, individually and as parents of minors C.R.F. and C.J.F.; Jennifer Rein, individually; and Jessica Berg, individually and as parent to minors A.B. and S.B., individually and behalf of all others similarly situated, except as set forth below. Silence as to any allegations shall constitute a denial.

## I.   INTRODUCTION

1.   The allegations contained in Paragraph 1 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 1 of the Second Amended Complaint.

2.   The allegations contained in Paragraph 2 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 2 of the Second Amended Complaint.

3.   Essentia states that at times material to this lawsuit, employees of Innovis Health, LLC, generally, rendered care and services to patients, including the administration of temperature-sensitive pharmaceutical products ("TTSPPs"). The details of the care and services rendered to patients are more accurately set forth in the medical records. Essentia admits that at times material to this lawsuit, Innovis Health, LLC contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services.

4.   Essentia lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 4 of the Second Amended Complaint and therefore denies the same.

2

5.    Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 5 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

6.    Essentia admits that at times material to this lawsuit, Innovis Health, LLC contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services. Answering further, to the extent that the allegations in Paragraph 6 of the Second Amended Complaint refer to Essentia's Answer to Plaintiffs' Complaint, Essentia states that its Answer speaks for itself. Essentia denies the allegations to the extent they misstate or mischaracterize its Answer.

7.    Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 7 of the Second Amended Complaint.

8.    Essentia denies the allegations in Paragraph 8 of the Second Amended Complaint.

9.    Essentia admits that patients who had received TTSPPs that may have been subjected to a temperature excursion were offered revaccination free of charge. Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 9 of the Second Amended Complaint. Essentia asserts the medical services provided were performed with reasonable care and diligence and with the degree of skill and care ordinarily possess and exercised by healthcare providers in good standing in similar communities.

10.    Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 10 of the Second Amended Complaint.

11.    Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 11 of the Second Amended Complaint.

12.    Essentia denies the allegations in Paragraph 12 of the Second Amended Complaint.

13.    Essentia denies the allegations in Paragraph 13 of the Second Amended Complaint.

14.    Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 14 of the Second Amended Complaint.  Answering further, Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 14 of the Second Amended Complaint.

15.    The allegations contained in Paragraph 15 of the Second Amended Complaint are Plaintiffs' characterization of the claims at issue in this action to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 15 of the Second Amended Complaint.  Essentia denies that the Plaintiffs are entitled to any of the relief sought, as alleged in Paragraph 15 of the Second Amended Complaint.

## II.    JURISDICTION

16.    The allegations contained in Paragraph 16 constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 16 of the Second Amended Complaint.

17. The allegations contained in Paragraph 17 constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 17 of the Second Amended Complaint.

### III.    PARTIES

#### A.    PLAINTIFFS

18. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19. Essentia admits Plaintiff Kraft received certain care and services, the details of which are more accurately set forth in the medical records.

20. Essentia admits Plaintiff Kraft received certain care and services, the details of which are more accurately set forth in the medical records.

21. Essentia admits Plaintiff L.K. received certain care and services, the details of which are more accurately set forth in the medical records.

22. Essentia admits Plaintiffs L.K., S.K., and O.K. received certain care and services, the details of which are more accurately set forth in the medical records.

23. Essentia admits Plaintiffs L.K., S.K., and O.K. received certain care and services, the details of which are more accurately set forth in the medical records.

24. Essentia denies the allegations in Paragraph 24 of the Second Amended Complaint.

25. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 25 of the Second Amended Complaint refer to documents not attached

5

to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

26.    Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 26 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

27.    Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 27 of the Second Amended Complaint. Answering further, Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 27 of the Second Amended Complaint.

28.    Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same.

29.    Essentia admits Plaintiff W.S. received certain care and services, the details of which are more accurately set forth in the medical records. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 29 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint,

6

Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

30. Essentia admits Plaintiffs A.S. and W.S. received certain care and services, the details of which are more accurately set forth in the medical records. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 30 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

31. Essentia admits Plaintiffs A.S. and W.S. received certain care and services, the details of which are more accurately set forth in the medical records.

32. Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 32 of the Second Amended Complaint. Answering further, Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 32 of the Second Amended Complaint.

33. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies the same.

34. Essentia admits Plaintiff D.B. received certain care and services, the details of which are more accurately set forth in the medical records.

35. Essentia admits Plaintiff Bailey received certain care and services, the details of which are more accurately set forth in the medical records.

36. Essentia lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies the same.

37. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective.

38. Essentia denies the allegations in Paragraph 38 of the Second Amended Complaint.

39. Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 39 of the Second Amended Complaint. Answering further, Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 39 of the Second Amended Complaint.

40. Essentia admits Plaintiffs Em.L and El.L received certain care and services, the details of which are more accurately set forth in the medical records. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies the same.

41. Essentia denies the allegations in Paragraph 41 of the Second Amended Complaint.

42. Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 42 of the Second Amended Complaint. Answering further, Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 42 of the Second Amended Complaint.

43. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies the same.

8

44.    Essentia admits Plaintiff Beaton received certain care and services, the details of which are more accurately set forth in the medical records.

45.    Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective.

46.    Essentia admits Plaintiff M.B. received certain care and services, the details of which are more accurately set forth in the medical records.

47.    Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 47 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents. Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 47 of the Second Amended Complaint. Answering further, Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 47 of the Second Amended Complaint.

48.    Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies the same.

49.    Essentia admits Plaintiff Amanda Fauske received certain care and services, the details of which are more accurately set forth in the medical records. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less

9

effective. Answering further, to the extent that the allegations in Paragraph 49 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

50. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies the same.

51. Essentia admits Plaintiff C.R.F. received certain care and services, the details of which are more accurately set forth in the medical records.

52. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 52 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

53. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 53 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

10

54. Essentia admits Plaintiff C.J.F. received certain care and services, the details of which are more accurately set forth in the medical records.

55. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 55 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

56. Essentia admits Plaintiffs Amanda Fauske, C.R.F., and C.J.F. received certain care and services, the details of which are more accurately set forth in the medical records.

57. Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 57 of the Second Amended Complaint. Answering further, Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 57 of the Second Amended Complaint.

58. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies the same.

59. Essentia admits Plaintiff Rein received certain care and services, the details of which are more accurately set forth in the medical records.

60. Essentia admits Plaintiff Rein received certain care and services, the details of which are more accurately set forth in the medical records.

61. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature

11

excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 61 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

62. Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 62 of the Second Amended Complaint. Answering further, Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 62 of the Second Amended Complaint.

63. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies the same.

64. Essentia admits Plaintiff A.B. received certain care and services, the details of which are more accurately set forth in the medical records.

65. Essentia admits Plaintiff A.B. received certain care and services, the details of which are more accurately set forth in the medical records.

66. Essentia admits Plaintiff A.B. received certain care and services, the details of which are more accurately set forth in the medical records.

67. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 67 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for

12

themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

68.    Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective.  Answering further, to the extent that the allegations in Paragraph 68 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

69.    Essentia admits Plaintiff S.B. received certain care and services, the details of which are more accurately set forth in the medical records.

70.    Essentia admits Plaintiff S.B. received certain care and services, the details of which are more accurately set forth in the medical records.

71.    Essentia admits that in or around April of 2020, patients who had received certain TTSPPs were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective.  Answering further, to the extent that the allegations in Paragraph 71 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

72.    Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies the same.

73.    Essentia admits Plaintiff Jessica Berg received certain care and services, the details of which are more accurately set forth in the medical records.

74.    Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 74 of the Second Amended Complaint. Answering further, Essentia denies that the Plaintiffs are entitled to the relief sought, as alleged in Paragraph 74 of the Second Amended Complaint.

B.    **DEFENDANTS**

75.    Essentia admits that it is a Minnesota corporation with a principal place of business in Duluth, Minnesota.

76.    Essentia admits it is a nonprofit corporation supporting affiliated organizations providing hospital, clinic, and other healthcare services in Minnesota, North Dakota, and Wisconsin.

77.    Essentia admits Jessica Fetzer is listed as the registered agent for Essentia Health on the North Dakota Secretary of State's website.

78.    Essentia admits Innovis Health, LLC d/b/a Essentia Health West is a Delaware limited liability company doing business in North Dakota with a principal address of 3000 32nd Ave. S. Fargo, North Dakota 58103.

79.    Essentia admits Innovis Health, LLC d/b/a Essentia Health West's principal address is 3000 32nd Ave. S. Fargo, North Dakota 58103. Answering further, to the extent that the allegations in Paragraph 79 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

80.   Essentia admits Innovis Health, LLC was formed in 2008 and that it is the sole member of Innovis Health, LLC.

81.   Essentia admits Jessica Fetzer is listed as the registered agent for Innovis Health, LLC on the North Dakota Secretary of State's website.

82.   Essentia admits it is the sole member of Innovis Health, LLC.

83.   Essentia admits the North Dakota Board of Pharmacy website identifies "Innovis Health LLC % Essentia Health" as a wholesaler hospital offsite warehouse.

84.   Essentia admits the North Dakota Board of Pharmacy website identifies "Innovis Health Pharmacy LLC % Essentia Health MBR" as a Class B-Hospital Pharmacy and that Maari Loy, PharmD is identified as the pharmacist in charge.

85.   Essentia admits that Maari Loy is the Pharmacy Operations Senior Manager for Innovis Health, LLC.

86.   The allegations contained in Paragraph 86 of the Second Amended Complaint purport to quote provisions of the North Dakota Administrative Code to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 86 of the Second Amended Complaint.  Answering further, to the extent the allegations in Paragraph 86 of the Second Amended Complaint refer to provisions of the North Dakota Administrative Code, Essentia states that those provisions speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize the North Dakota Administrative Code.

87.   Essentia admits Dakota Clinic Pharmacy, LLC is a North Dakota limited liability company with a principal address of 1702 University Dr. S., Fargo, North Dakota 58103.

15

88.    Essentia admits Laura Morris is listed as Dakota Clinic Pharmacy, LLC's registered agent on the North Dakota Secretary of State's website.

89.    Essentia admits the allegations contained in Paragraph 89 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 89 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

90.    Essentia admits Dakota Clinic Pharmacy located at 1702 S. University Drive in Fargo, North Dakota and Dakota Clinic Pharmacy on 32 Avenue located at 3000 32nd Ave. S. in Fargo, North Dakota are identified as Class A-Out Patient pharmacies on the North Dakota Board of Pharmacy's website. Essentia admits Robert R. Haskell, RPh, is identified as the pharmacist in charge for Dakota Clinic Pharmacy located at 1702 S. University Drive in Fargo, North Dakota and that Nicole Rohrbeck, PharmD is identified as the pharmacist in charge for Dakota Clinic Pharmacy on 32 Avenue located at 3000 32nd Ave. S. in Fargo, North Dakota on the North Dakota Board of Pharmacy's website.

91.    Essentia admits the allegations contained in Paragraph 91 of the Second Amended Complaint.

92.    The allegations contained in Paragraph 92 of the Second Amended Complaint purport to quote provisions of the North Dakota Administrative Code to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 92 of the Second Amended Complaint. Answering further, to the extent the allegations in Paragraph 92 of the Second Amended Complaint refer to provisions of the North Dakota Administrative Code, Essentia states that those provisions speak for themselves.

16

Essentia denies the allegations to the extent they misstate or mischaracterize the North Dakota Administrative Code.

93.    Essentia denies the allegations in Paragraph 93 of the Second Amended Complaint.

94.    Essentia admits that at times material to this lawsuit Innovis Health, LLC contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services. Answering further, to the extent the allegations in Paragraph 94 of the Second Amended Complaint refer to Essentia's Answer, Essentia states that its Answer speaks for itself. Essentia denies the allegations to the extent they misstate or mischaracterize its Answer.

95.    Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95 of the Second Amended Complaint and therefore denies the same. Answering further, to the extent that the allegations in Paragraph 95 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

## IV.    FACTS

96.    The allegations contained in Paragraph 96 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 96 of the Second Amended Complaint.

97.    The allegations contained in Paragraph 97 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is

17

required, Essentia denies the allegations contained in Paragraph 97 of the Second Amended Complaint.

98. The allegations contained in Paragraph 98 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 98 of the Second Amended Complaint.

99. The allegations contained in Paragraph 99 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 99 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 99 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

100. The allegations contained in Paragraph 100 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 100 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 100 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

101. The allegations contained in Paragraph 101 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 101 of the Second Amended

18

Complaint. Answering further, to the extent that the allegations in Paragraph 101 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

102. The allegations contained in Paragraph 102 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 102 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 102 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

103. Essentia lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 103 of the Second Amended Complaint and therefore denies the same.

104. Essentia lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 104 of the Second Amended Complaint and therefore denies the same.

105. Essentia lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 105 of the Second Amended Complaint and therefore denies the same.

106. Essentia lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 106 of the Second Amended Complaint and therefore denies the same.

19

107.    The allegations contained in Paragraph 107 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 107 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 107 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

108.    The allegations contained in Paragraph 108 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 108 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 108 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

109.    The allegations contained in Paragraph 109 of the Second Amended Complaint and its subparts constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 109 of the Second Amended Complaint and its subparts.  Answering further, to the extent that the allegations in Paragraph 109 of the Second Amended Complaint and its subparts refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

20

110.    The allegations contained in Paragraph 110 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 110 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 110 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

111.    The allegations contained in Paragraph 111 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 111 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 111 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

112.    The allegations contained in Paragraph 112 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 112 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 112 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

113.    The allegations contained in Paragraph 113 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is

required, Essentia denies the allegations contained in Paragraph 113 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 113 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

114. The allegations contained in Paragraph 114 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 114 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 114 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

115. The allegations contained in Paragraph 115 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 115 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 115 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

116. The allegations contained in Paragraph 116 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 116 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 116 of the

Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

117.    The allegations contained in Paragraph 117 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 117 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 117 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

118.    The allegations contained in Paragraph 118 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 118 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 118 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

119.    The allegations contained in Paragraph 119 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 119 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 119 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended

23

Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

120. The allegations contained in Paragraph 120 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 120 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 120 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

121. The allegations contained in Paragraph 121 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 121 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 121 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

122. The allegations contained in Paragraph 122 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 122 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 122 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

123.    The allegations contained in Paragraph 123 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 123 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 123 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

124.    The allegations contained in Paragraph 124 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 124 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 124 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

125.    The allegations contained in Paragraph 125 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 125 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 125 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

126.    The allegations contained in Paragraph 126 of the Second Amended Complaint and its subparts constitute legal conclusions to which no response is required. To the extent

25

that a response is required, Essentia denies the allegations contained in Paragraph 126 of the Second Amended Complaint and its subparts. Answering further, to the extent that the allegations in Paragraph 126 of the Second Amended Complaint and its subparts refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

127. The allegations contained in Paragraph 127 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 127 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 127 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

128. The allegations contained in Paragraph 128 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 128 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 128 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

129. The allegations contained in Paragraph 129 of the Second Amended Complaint and its subparts constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 129 of the

Second Amended Complaint and its subparts. Answering further, to the extent that the allegations in Paragraph 129 of the Second Amended Complaint and its subparts refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

130. The allegations contained in Paragraph 130 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 130 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 130 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

131. The allegations contained in Paragraph 131 of the Second Amended Complaint purport to quote provisions of the North Dakota Administrative Code to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 131of the Second Amended Complaint. Answering further, to the extent the allegations in Paragraph 131 of the Second Amended Complaint refer to provisions of the North Dakota Administrative Code, Essentia states that those provisions speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize the North Dakota Administrative Code.

132. The allegations contained in Paragraph 132 of the Second Amended Complaint purport to quote provisions of the North Dakota Administrative Code to which no response is required. To the extent that a response is required, Essentia denies the allegations contained

in Paragraph 132 of the Second Amended Complaint. Answering further, to the extent the allegations in Paragraph 132 of the Second Amended Complaint refer to provisions of the North Dakota Administrative Code, Essentia states that those provisions speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize the North Dakota Administrative Code.

133. The allegations contained in Paragraph 133 of the Second Amended Complaint purport to quote provisions of the North Dakota Administrative Code to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 133 of the Second Amended Complaint. Answering further, to the extent the allegations in Paragraph 133 of the Second Amended Complaint refer to provisions of the North Dakota Administrative Code, Essentia states that those provisions speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize the North Dakota Administrative Code.

134. The allegations contained in Paragraph 134 of the Second Amended Complaint purport to quote provisions of the North Dakota Administrative Code to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 134 of the Second Amended Complaint. Answering further, to the extent the allegations in Paragraph 134 of the Second Amended Complaint refer to provisions of the North Dakota Administrative Code, Essentia states that those provisions speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize the North Dakota Administrative Code.

135. The allegations contained in Paragraph 135 of the Second Amended Complaint purport to quote provisions of the North Dakota Administrative Code to which no response is

28

required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 135 of the Second Amended Complaint. Answering further, to the extent the allegations in Paragraph 135 of the Second Amended Complaint refer to provisions of the North Dakota Administrative Code, Essentia states that those provisions speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize the North Dakota Administrative Code.

136. The allegations contained in Paragraph 136 of the Second Amended Complaint purport to quote provisions of the North Dakota Administrative Code to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 136 of the Second Amended Complaint. Answering further, to the extent the allegations in Paragraph 136 of the Second Amended Complaint refer to provisions of the North Dakota Administrative Code, Essentia states that those provisions speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize the North Dakota Administrative Code.

137. The allegations contained in Paragraph 137 of the Second Amended Complaint purport to quote provisions of the North Dakota Administrative Code to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 137 of the Second Amended Complaint. Answering further, to the extent the allegations in Paragraph 137 of the Second Amended Complaint refer to provisions of the North Dakota Administrative Code, Essentia states that those provisions speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize the North Dakota Administrative Code.

138. The allegations contained in Paragraph 138 of the Second Amended Complaint purport to quote provisions of the North Dakota Administrative Code to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 138 of the Second Amended Complaint. Answering further, to the extent the allegations in Paragraph 138 of the Second Amended Complaint refer to provisions of the North Dakota Administrative Code, Essentia states that those provisions speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize the North Dakota Administrative Code.

139. The allegations contained in Paragraph 139 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

140. The allegations contained in Paragraph 140 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

141. The allegations contained in Paragraph 141 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

142. The allegations contained in Paragraph 142 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states

30

that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

143.    The allegations contained in Paragraph 143 of the Second Amended Complaint and its subparts refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

144.    Essentia admits that at times material to this lawsuit Innovis Health, LLC contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services. Answering further, to the extent the allegations in Paragraph 144 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

145.    Essentia admits that at times material to this lawsuit Innovis Health, LLC contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services. Answering further, to the extent the allegations in Paragraph 145 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

146.    Essentia admits that at times material to this lawsuit Innovis Health, LLC contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services. Answering further, to the extent the allegations in Paragraph 146 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint,

Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

147. The allegations contained in Paragraph 147 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

148. The allegations contained in Paragraph 148 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

149. The allegations contained in Paragraph 149 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

150. The allegations contained in Paragraph 150 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

151. The allegations contained in Paragraph 151 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

152.    The allegations contained in Paragraph 152 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

153.    The allegations contained in Paragraph 153 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

154.    The allegations contained in Paragraph 154 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

155.    The allegations contained in Paragraph 155 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

156.    Essentia admits that by early 2020, Innovis Health, LLC no longer contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services.

157.    Essentia states that in early 2020, Innovis Health, LLC and Essentia discovered that certain TTSPPs that had been stored and maintained by Dakota Clinic Pharmacy, LLC may have been subjected to a temperature excursion, potentially rendering them less effective.

158.    Essentia admits that by early 2020, Innovis Health, LLC no longer contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services.

33

159. Essentia admits the allegations contained in Paragraph 159 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

160. The allegations contained in Paragraph 160 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

161. The allegations contained in Paragraph 161 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

162. The allegations contained in Paragraph 162 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

163. Essentia admits the allegations contained in Paragraph 163 of the Second Amended Complaint.

164. Essentia admits the allegations contained in Paragraph 164 of the Second Amended Complaint.

165. Essentia admits the allegations contained in Paragraph 165 of the Second Amended Complaint.

166. Essentia admits the allegations contained in Paragraph 166 of the Second Amended Complaint.

167. Essentia admits the allegations contained in Paragraph 167 of the Second Amended Complaint.

168. The allegations contained in Paragraph 168 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

169. The allegations contained in Paragraph 169 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

170. The allegations contained in Paragraph 170 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

171. The allegations contained in Paragraph 171 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

172. Essentia admits the allegations contained in Paragraph 172 of the Second Amended Complaint.

173. The allegations contained in Paragraph 173 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 173 of the Second Amended

35

Complaint. Answering further, to the extent that the allegations in Paragraph 173 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

174. Essentia admits the allegations contained in Paragraph 174 of the Second Amended Complaint.

175. Essentia lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 175 of the Second Amended Complaint and therefore denies the same.

176. Essentia lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 176 of the Second Amended Complaint and therefore denies the same.

177. The allegations contained in Paragraph 177 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

178. The allegations contained in Paragraph 178 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

179. The allegations contained in Paragraph 179 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states

that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

180. The allegations contained in Paragraph 180 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

181. The allegations contained in Paragraph 181 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

182. The allegations contained in Paragraph 182 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

183. The allegations contained in Paragraph 183 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

184. The allegations contained in Paragraph 184 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

185. The allegations contained in Paragraph 185 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

186. The allegations contained in Paragraph 186 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

187. The allegations contained in Paragraph 187 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

188. Essentia admits that in or around April of 2020, patients who had received certain TTSPPs that were stored and maintained by Dakota Clinic Pharmacy, LLC were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 188 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

189. Essentia states patients who had received certain TTSPPs that were stored and maintained by Dakota Clinic Pharmacy, LLC were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. Answering further, to the extent that the allegations in Paragraph 189 of the Second Amended Complaint

38

refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

190. Essentia states patients who had received certain TTSPPs that were stored and maintained by Dakota Clinic Pharmacy, LLC were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective, including on a website. Answering further, to the extent that the allegations in Paragraph 190 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

191. The allegations contained in Paragraph 191 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

192. Essentia states patients who had received certain TTSPPs that were stored and maintained by Dakota Clinic Pharmacy, LLC were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective, including on a website. Answering further, to the extent that the allegations in Paragraph 192 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents. Essentia lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 192 of the Second Amended Complaint and therefore denies the same.

39

193.   Essentia states patients who had received certain TTSPPs that were stored and maintained by Dakota Clinic Pharmacy, LLC were informed that TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective, including on a website.  Answering further, to the extent that the allegations in Paragraph 193 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

194.   Essentia states patients identified as having received TTSPPs that may have been the subject of a temperature excursion were offered revaccinations free of charge. Essentia states the medical services provided by Innovis Health, LLC were performed with reasonable care and diligence and with the degree of skill and care ordinarily possessed and exercised by healthcare providers in good standing in similar communities.  Essentia denies that the Plaintiffs are entitled to any of the relief sought, as alleged in Paragraph 194 of the Second Amended Complaint.

195.   Essentia denies the allegations contained in Paragraph 195 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 195 of the Second Amended Complaint refer to Essentia's Answer to the Complaint, Essentia states that its Answer speaks for itself.  Essentia denies the allegations to the extent they misstate or mischaracterize its Answer.

196.   To the extent that the allegations in Paragraph 196 of the Second Amended Complaint refer to Essentia's Answer to the Complaint, Essentia states that its Answer speaks for itself.  Essentia denies the allegations to the extent they misstate or mischaracterize its Answer.

197.    Essentia denies the allegations contained in Paragraph 197 of the Second Amended Complaint.

198.    Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 198 of the Second Amended Complaint.

199.    Essentia denies that the Plaintiffs were damaged in the manner or to the extent claimed as alleged in Paragraph 199 of the Second Amended Complaint.

200.    Essentia denies the allegations contained in Paragraph 200 of the Second Amended Complaint.

201.    The allegations contained in Paragraph 201 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

202.    The allegations contained in Paragraph 202 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

203.    The allegations contained in Paragraph 203 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

204.    The allegations contained in Paragraph 204 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states

that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

205.   The allegations contained in Paragraph 205 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 205 of the Second Amended Complaint.

206.   The allegations contained in Paragraph 206 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 206 of the Second Amended Complaint.

207.   The allegations contained in Paragraph 207 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 207 of the Second Amended Complaint.

208.   The allegations contained in Paragraph 208 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 208 of the Second Amended Complaint.

209.   The allegations contained in Paragraph 209 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 209 of the Second Amended Complaint.

210. The allegations contained in Paragraph 210 of the Second Amended Complaint and its subparts constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 210 of the Second Amended Complaint and its subparts.

211. Essentia denies the allegations contained in Paragraph 211 of the Second Amended Complaint.

212. The allegations contained in Paragraph 212 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 212 of the Second Amended Complaint.

213. Essentia denies the allegations contained in Paragraph 213 of the Second Amended Complaint.

214. The allegations contained in Paragraph 214 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 214 of the Second Amended Complaint.

215. The allegations contained in Paragraph 215 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 215 of the Second Amended Complaint.

216. The allegations contained in Paragraph 216 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is

required, Essentia denies the allegations contained in Paragraph 216 of the Second Amended Complaint.

217. The allegations contained in Paragraph 217 of the Second Amended Complaint and its subparts constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 217 of the Second Amended Complaint and its subparts.

218. The allegations contained in Paragraph 218 of the Second Amended Complaint and its subparts constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 218 of the Second Amended Complaint and its subparts.

219. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 219 of the Second Amended Complaint and therefore denies the same.

220. Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 220 of the Second Amended Complaint and therefore denies the same.

221. The allegations contained in Paragraph 221 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 221 of the Second Amended Complaint.

222. The allegations contained in Paragraph 222 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is

required, Essentia denies the allegations contained in Paragraph 222 of the Second Amended Complaint.

223. Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 223 of the Second Amended Complaint.

224. Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 224 of the Second Amended Complaint.

225. Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 225 of the Second Amended Complaint.

226. Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 226 of the Second Amended Complaint.

227. Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 227 of the Second Amended Complaint.

228. Essentia denies Plaintiffs are entitled to all applicable statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including equitable tolling, delayed discovery, discovery rule and/or fraudulent concealment, as alleged in Paragraph 228 of the Second Amended Complaint.

229. The allegations contained in Paragraph 229 of the Second Amended Complaint are Plaintiffs' characterization of the putative class to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 229 of the Second Amended Complaint. Essentia denies that the Plaintiffs are entitled to class certification.

230. The allegations contained in Paragraph 230 of the Second Amended Complaint are Plaintiffs' characterization of the putative class to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 230 of the Second Amended Complaint. Essentia denies that the Plaintiffs are entitled to class certification.

231. Essentia denies the allegations contained in Paragraph 231 of the Second Amended Complaint.

232. Essentia denies the allegations contained in Paragraph 232 of the Second Amended Complaint.

233. Essentia denies the allegations contained in Paragraph 233 of the Second Amended Complaint.

234. Essentia denies the allegations contained in Paragraph 234 of the Second Amended Complaint.

235. Essentia denies the allegations contained in Paragraph 235 of the Second Amended Complaint and its subparts.

236. Essentia denies the allegations contained in Paragraph 236 of the Second Amended Complaint.

237. Essentia denies the allegations contained in Paragraph 237 of the Second Amended Complaint.

238. The allegations contained in Paragraph 238 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 238 of the Second Amended Complaint. Essentia denies that the Plaintiffs are entitled to class certification.

## VII. CAUSES OF ACTION

### COUNT I:  BREACH OF EXPRESS WARRANTIES

239. In response to Paragraph 239 of the Second Amended Complaint, Essentia incorporates by reference its responses to the allegations in Paragraphs 1-238 of the Second Amended Complaint.

240. Essentia denies the allegations contained in Paragraph 240 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 240 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

241. The allegations in Paragraph 241 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 241 of the Second Amended Complaint.

47

Answering further, to the extent that the allegations in Paragraph 241 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

242. Essentia denies the allegations contained in Paragraph 242 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 242 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

243. Essentia denies the allegations contained in Paragraph 243 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 243 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

244. Essentia denies the allegations contained in Paragraph 244 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 244 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

245. The allegations in Paragraph 245 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 245 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 245 of the Second Amended

Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

246.    Essentia denies the allegations contained in Paragraph 246 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 246 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

247.    Essentia denies the allegations contained in Paragraph 247 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 247 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

248.    The allegations contained in Paragraph 248 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

249.    The allegations contained in Paragraph 249 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

250.    The allegations contained in Paragraph 250 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

251.    The allegations contained in Paragraph 251 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

252.    Essentia denies the allegations contained in Paragraph 252 of the Second Amended Complaint.

253. Essentia admits the allegations contained in Paragraph 253 of the Second Amended Complaint.

254. The allegations contained in Paragraph 254 of the Second Amended Complaint refer to documents. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

255. Essentia denies the allegations contained in Paragraph 255 of the Second Amended Complaint.

256. Essentia denies the allegations contained in Paragraph 256 of the Second Amended Complaint.

257. Essentia denies the allegations contained in Paragraph 257 of the Second Amended Complaint.

258. Essentia admits it is the sole member of Innovis Health, LLC and that Innovis Health, LLC has a minority interest in Dakota Clinic Pharmacy, LLC.

259. Essentia denies the allegations contained in Paragraph 259 of the Second Amended Complaint.

260. Essentia denies the allegations contained in Paragraph 260 of the Second Amended Complaint.

261. The allegations contained in Paragraph 261 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

262. The allegations contained in Paragraph 262 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 262 of the Second Amended Complaint.

263.    The allegations contained in Paragraph 263 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

264.    Essentia denies the allegations contained in Paragraph 264 of the Second Amended Complaint.

265.    Essentia denies the allegations contained in Paragraph 265 of the Second Amended Complaint.

266.    Essentia denies the allegations contained in Paragraph 266 of the Second Amended Complaint.

267.    Essentia denies the allegations contained in Paragraph 267 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 267 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

268.    Essentia denies the allegations contained in Paragraph 268 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 268 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

269.    Essentia denies the allegations contained in Paragraph 269 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 269 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

51

## COUNT II: BREACH OF IMPLIED WARRANTIES

270.    In response to Paragraph 270 of the Second Amended Complaint, Essentia incorporates by reference its responses to the allegations in Paragraphs 1-269 of the Second Amended Complaint.

271.    Essentia denies the allegations contained in Paragraph 271 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 271 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

272.    The allegations contained in Paragraph 272 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 272 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 272 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

273.    The allegations contained in Paragraph 273 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

274.    The allegations contained in Paragraph 274 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

275.    Essentia denies the allegations contained in Paragraph 275 of the Second Amended Complaint.

276. The allegations contained in Paragraph 276 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

277. Essentia denies the allegations contained in Paragraph 277 of the Second Amended Complaint.

278. Essentia admits the allegations contained in Paragraph 278 of the Second Amended Complaint.

279. The allegations contained in Paragraph 279 of the Second Amended Complaint refer to documents. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

280. Essentia denies the allegations contained in Paragraph 280 of the Second Amended Complaint.

281. Essentia denies the allegations contained in Paragraph 281 of the Second Amended Complaint.

282. Essentia denies the allegations contained in Paragraph 282 of the Second Amended Complaint.

283. Essentia admits it is the sole member of Innovis Health, LLC and that Innovis Health, LLC has a minority interest in Dakota Clinic Pharmacy, LLC.

284. Essentia denies the allegations contained in Paragraph 284 of the Second Amended Complaint.

285. Essentia denies the allegations contained in Paragraph 285 of the Second Amended Complaint.

286. The allegations contained in Paragraph 286 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

53

287.    The allegations contained in Paragraph 287 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 287 of the Second Amended Complaint.

288.    The allegations contained in Paragraph 288 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

289.    Essentia denies the allegations contained in Paragraph 289 of the Second Amended Complaint.

290.    The allegations contained in Paragraph 290 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 290 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 290 of the Second Amended Complaint refer to documents not attached or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

291.    The allegations contained in Paragraph 291 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 291 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 291 of the Second Amended Complaint refer to documents not attached or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

292.    The allegations in Paragraph 292 of the Second Amended Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, Essentia denies the allegations contained in Paragraph 292 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 292 of the Second Amended Complaint refer to documents not attached or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

293.    Essentia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 293 of the Second Amended Complaint and therefore denies the same.  Answering further, to the extent that the allegations in Paragraph 293 of the Second Amended Complaint refer to documents not attached or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

294.    Essentia denies the allegations contained in Paragraph 294 of the Second Amended Complaint.

295.    Essentia denies the allegations contained in Paragraph 295 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 295 of the Second Amended Complaint refer to documents not attached or part of the Second Amended Complaint, Essentia states that such documents speak for themselves.  Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

296.    Essentia denies the allegations contained in Paragraph 296 of the Second Amended Complaint.  Answering further, to the extent that the allegations in Paragraph 296 of the Second Amended Complaint refer to documents not attached or part of the Second

Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

297.    Essentia denies the allegations contained in Paragraph 297 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 297 of the Second Amended Complaint refer to documents not attached or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

## COUNT III:  VIOLATION OF CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAW

298.    In response to Paragraph 298 of the Second Amended Complaint, Essentia incorporates by reference its responses to the allegations in Paragraphs 1-297 of the Second Amended Complaint.

299.    Essentia denies the allegations contained in Paragraph 299 of the Second Amended Complaint.

300.    Essentia denies the allegations contained in Paragraph 300 of the Second Amended Complaint.

301.    Essentia denies the allegations contained in Paragraph 301 of the Second Amended Complaint.

302.    Essentia denies the allegations contained in Paragraph 302 of the Second Amended Complaint.

303.    The allegations contained in Paragraph 303 and its subparts of the Second Amended Complaint constitute legal conclusions to which no response is required. To the

56

extent that a response is required, Essentia denies the allegations contained in Paragraph 303 and its subparts of the Second Amended Complaint.

304.    Essentia admits that at times material to this lawsuit Innovis Health, LLC contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services. Answering further, to the extent that the allegations in Paragraph 304 of the Second Amended Complaint refer to documents not attached or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

305.    Essentia admits that at times material to this lawsuit Innovis Health, LLC contracted with Dakota Clinic Pharmacy, LLC for pharmaceutical management services. Answering further, to the extent that the allegations in Paragraph 305 of the Second Amended Complaint refer to documents not attached or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

306.    The allegations contained in Paragraph 306 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 306 of the Second Amended Complaint.

307.    The allegations contained in Paragraph 307 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

308.    The allegations contained in Paragraph 308 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

309. The allegations contained in Paragraph 309 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

310. The allegations contained in Paragraph 310 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

311. The allegations contained in Paragraph 311 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

312. The allegations contained in Paragraph 312 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

313. The allegations contained in Paragraph 313 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

314. The allegations contained in Paragraph 314 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

315. The allegations contained in Paragraph 315 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

316. Essentia denies the allegations contained in Paragraph 316 of the Second Amended Complaint.

317. The allegations contained in Paragraph 317 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is

required, Essentia denies the allegations contained in Paragraph 317 of the Second Amended Complaint.

318. Essentia denies the allegations contained in Paragraph 318 of the Second Amended Complaint.

319. Essentia denies the allegations contained in Paragraph 319 of the Second Amended Complaint.

320. The allegations contained in Paragraph 320 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 320 of the Second Amended Complaint.

321. The allegations contained in Paragraph 321 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 321 of the Second Amended Complaint.

322. Essentia denies the allegations contained in Paragraph 322 of the Second Amended Complaint.

323. Essentia denies the allegations contained in Paragraph 323 of the Second Amended Complaint.

324. Essentia denies the allegations contained in Paragraph 324 of the Second Amended Complaint.

325. Essentia denies the allegations contained in Paragraph 325 of the Second Amended Complaint.

326. Essentia denies the allegations contained in Paragraph 326 of the Second Amended Complaint.

327. Essentia denies the allegations contained in Paragraph 327 of the Second Amended Complaint.

328. Essentia denies the allegations contained in Paragraph 328 of the Second Amended Complaint.

329. Essentia denies the allegations contained in Paragraph 329 of the Second Amended Complaint.

330. Essentia denies the allegations contained in Paragraph 330 of the Second Amended Complaint.

331. Essentia denies the allegations contained in Paragraph 331 of the Second Amended Complaint.

332. Essentia denies the allegations contained in Paragraph 332 of the Second Amended Complaint and denies that the Plaintiffs are entitled to any of the relief sought specifically including punitive and/or treble damages, as alleged in Paragraph 332 of the Second Amended Complaint.

## COUNT IV:  UNJUST ENRICHMENT

333. In response to Paragraph 333 of the Second Amended Complaint, Essentia incorporates by reference its responses to the allegations in Paragraphs 1-332 of the Second Amended Complaint.

334. The allegations contained in Paragraph 334 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 334 of the Second Amended

60

Complaint. Answering further, to the extent that the allegations in Paragraph 334 of the Second Amended Complaint refer to documents not attached or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

335. Essentia denies the allegations contained in Paragraph 335 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 335 of the Second Amended Complaint refer to documents not attached or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

336. Essentia denies the allegations contained in Paragraph 336 of the Second Amended Complaint. Answering further, to the extent that the allegations in Paragraph 336 of the Second Amended Complaint refer to documents not attached or part of the Second Amended Complaint, Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

337. Essentia denies the allegations contained in Paragraph 337 of the Second Amended Complaint.

338. The allegations contained in Paragraph 338 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

339. The allegations contained in Paragraph 339 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

340. The allegations contained in Paragraph 340 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states

61

that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

341. The allegations contained in Paragraph 341 of the Second Amended Complaint refer to documents not attached to or part of the Second Amended Complaint. Essentia states that such documents speak for themselves. Essentia denies the allegations to the extent they misstate or mischaracterize such documents.

342. The allegations contained in Paragraph 342 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 342 of the Second Amended Complaint.

343. The allegations contained in Paragraph 343 of the Second Amended Complaint constitute Plaintiffs' characterization of anticipated discovery to which no response is required. To the extent that a response is required, Essentia admits it is the sole member of Innovis Health, LLC and that Innovis Health, LLC has a minority interest in Dakota Clinic Pharmacy, LLC. Essentia denies the remaining allegations contained in Paragraph 343 of the Second Amended Complaint.

344. Essentia denies the allegations contained in Paragraph 344 of the Second Amended Complaint.

345. Essentia denies the allegations contained in Paragraph 345 of the Second Amended Complaint.

346. Essentia denies the allegations contained in Paragraph 346 of the Second Amended Complaint and that the Plaintiffs are entitled to any of the relief sought, as alleged in Paragraph 346 of the Second Amended Complaint.

## COUNT V: NEGLIGENCE

347.    In response to Paragraph 347 of the Second Amended Complaint, Essentia incorporates by reference its responses to the allegations in Paragraphs 1-346 of the Second Amended Complaint.

348.    The allegations contained in Paragraph 348 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 348 of the Second Amended Complaint.

349.    The allegations contained in Paragraph 349 of the Second Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Essentia denies the allegations contained in Paragraph 349 of the Second Amended Complaint.

350.    The allegations contained in Paragraph 350 of the Second Amended Complaint are not directed at Essentia and therefore no response is required.

351.    Essentia denies the allegations contained in Paragraph 351 of the Second Amended Complaint.

352.    Essentia denies the allegations contained in Paragraph 352 of the Second Amended Complaint.

353.    Essentia denies the allegations contained in Paragraph 353 of the Second Amended Complaint.

354.    Essentia denies the allegations contained in Paragraph 354 of the Second Amended Complaint and that the Plaintiffs are entitled to any of the relief sought, as alleged in Paragraph 354 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

355.    The Second Amended Complaint, in whole or in part, fails to state a claim or cause of action against Essentia upon which relief can be granted.

356.    Plaintiffs' claims are barred, in whole or in part, by lack of standing.

357.    Plaintiffs failed to plead their fraud claims with particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

358.    Plaintiffs' claims are barred by failure to join necessary and/or indispensable parties.

359.    Applicable statutes of limitations or repose bar Plaintiffs' claims, in whole or in part.

360.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of the assumption of risk.

361.    Plaintiffs' claims are barred, in whole or in part, because the TTSPPs were not adulterated or unreasonably dangerous.

362.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of the Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries.

363.    If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Essentia is neither liable nor responsible. Such acts or omissions on the part of others constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

364. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

365. Plaintiffs' claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

366. Plaintiffs' claims are barred, in whole or in part, because any express and/or implied warranty, which is denied, did not form the basis of the bargain.

367. Notwithstanding Plaintiffs' claims and contentions, Plaintiffs received all or substantially all of the benefit from the products that Plaintiffs hoped and intended to receive, and to that extent, any damages and/or restitution that Plaintiffs might be entitled to recover must be correspondingly reduced.

368. To the extent that the Plaintiffs are entitled to recover damages for medical expenses incurred prior to trial, such recovery is limited to the amounts paid and accepted as payment in full by any insurance benefit.

369. Essentia asserts all available defenses, reductions, and/or mitigation provided by or available pursuant to, or in connection with, the Patient Protection and Affordable Care Act, 42 U.S.C. § 18001 et seq. (2010) ("ACA").

370. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs receive from collateral sources.

371. If Plaintiffs have been injured or damaged, which is denied, such injuries or damages were not caused by any negligence, fault or intentional conduct on the part of Essentia.

372. Plaintiffs' claims for punitive and/or exemplary damages are barred because Plaintiffs have failed to allege conduct warranting imposition of punitive and/or exemplary damages under North Dakota, Minnesota, or other applicable state and/or federal laws.

373. Plaintiffs' claims for punitive and/or exemplary damages are barred, in whole or in part, because Plaintiffs are not entitled to compensatory damages, no fault or other admissions being made.

374. Plaintiffs' claims are barred to the extent that Plaintiffs seek relief under laws of states that do not govern Plaintiffs' claims.

375. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

376. Plaintiffs' claim pursuant to the Minnesota Consumer Fraud Act, Minn. Stat. §§ 325F.60, et. seq. is barred because there is no private right of action.

377. Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

378. Plaintiffs' claims may be preempted, in whole or in part.

379. Plaintiffs' claims are barred, in whole or in part, because there was no transaction for the purchase of goods by the Plaintiffs.

380. Plaintiffs' claims are barred, in whole or in part, because Essentia is not a merchant as defined by applicable law.

381. Plaintiffs' claims are barred, in whole or in part, by exclusion and/or modification, accord and satisfaction, lack of reliance, election of remedies, novation, improper notice of breach, ratification, justification, unjust enrichment, and adequate warning.

382. Essentia asserts comparative fault by application of N.D. Cent. Code § 32-03.2-02 and Minn. Stat. § 604.01.

383.    Essentia hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery, including those set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure, and thus reserves its right to amend this Answer to assert such defenses.

384.    In response to the WHEREFORE Paragraph following Paragraph 354 of the Second Amended Complaint, Essentia demands that judgment be entered in its favor and against the Plaintiffs; that Plaintiffs' Second Amended Complaint be dismissed, with prejudice; and that Essentia be awarded costs of suit and disbursements as allowed by law and such further and additional relief as this Court may deem just and proper.  Essentia specifically denies Plaintiffs are entitled to class certification, punitive damages, treble damages, and/or attorneys' fees.

## DEMAND FOR TRIAL BY JURY

Defendant, Essentia Health, demands a jury trial by the greatest number of jurors allowed by law as to all issues so triable.

Dated this 30th day of August, 2021.

**VOGEL LAW FIRM**

*s/ Angela E. Lord*

BY:    Angela E. Lord (#05351)
Robert B. Stock (#05919)
Briana L. Rummel (#08399)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email:    alord@vogellaw.com
rstock@vogellaw.com
brummel@vogellaw.com
ATTORNEYS FOR ESSENTIA HEALTH
AND INNOVIS HEALTH, LLC

4506616.1

67