**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jessica Kraft, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-121 |
| | ) | |
| vs. | ) | **ORDER DENYING** |
| | ) | **MOTION FOR STAY** |
| Essentia Health, et al., | ) | |
| | ) | |
| Defendants. | ) | |

In this putative class action, plaintiffs allege defendant Essentia Health sold and administered injectable pharmaceuticals—time and temperature sensitive pharmaceutical products (TTSPPs)—that had been stored outside the proper temperature range. Plaintiffs contend the improper storage of TTSPPs resulted in "reduced vaccine potency and the increased risk of vaccine-preventable diseases." (Doc. 28, p. 2). Essentia's answer admits that in April 2020, it advised patients who had received certain TTSPPs that the TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. (Doc. 30, p. 2).

Plaintiffs served various requests for production of documents and assert Essentia withheld documents on privilege grounds without giving sufficient information in privilege logs to allow plaintiffs to determine whether claims of privilege were properly made. It is Essentia's position that it cannot provide more detail without providing information that is itself privileged. This court addressed the dispute in an order of August 2, 2021, requiring Essentia to provide a more detailed privilege log of

documents over which Essentia claims a peer review privilege.[1] As to documents over which Essentia has claimed that privilege to date, the order required production of a more detailed privilege log within fourteen days. (Doc. 79).

On August 10, 2021, Essentia moved for a stay of the August 2, 2021 order pending an appeal to the presiding district judge, and on August 11, 2021, Essentia filed its appeal. An order of August 13, 2021 extended the deadline for Essentia to provide a more detailed privilege log until the court issues a decision on the motion addressed in this order.

### Law and Discussion

In its motion for a stay, Essentia contends the issue on appeal is "a matter of first impression everywhere" which implicates a significant public interest. (Doc. 84, p. 5). Further, Essentia asserts it will suffer irreparable harm if it produces more detailed information and the presiding district judge later overrules the August 2, 2021 order. Plaintiffs respond that existing precedent governs, that Essentia has not shown a likelihood of success on the merits, and that they would be significantly prejudiced by delay of the discovery process that would result from a stay.

When considering a motion for a stay pending appeal, courts generally consider four factors: (1) likelihood of the moving party's success on the merits, (2) irreparable harm to the moving party absent a stay, (3) whether a stay would substantially injure the non-moving party, and (4) potential harm to the public interest. <u>James River Flood</u>

---

[1] More than thirty years ago, Congress changed the title "United States Magistrate" to "United States Magistrate Judge." Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, § 321 (1990) ("After the enactment of this Act, each United States Magistrate . . . shall be known as a United States Magistrate Judge."). Essentia's counsel is reminded to use the correct title in the future.

Control Ass'n v. Watt, 680 F.2d 543, 544 (8th Cir. 1982); Walmart Inc. v. Synchrony Bank, No. 5:18-CV-05216-TLB, 2020 WL 475829, at *1 (W.D. Ark. Jan. 29, 2020). The party seeking a stay pending appeal bears the burden on each of the factors. Of the four factors, likelihood of success on the merits and irreparable harm are the "most critical." Pablovich v. Rooms to Go La. Corp., No. CV 20-617, 2021 WL 928030, at *2 (E.D. La. Mar. 11, 2021). Issuance of a stay is left to the court's discretion, with the court's judgment to be guided by sound legal principles. Nken v. Holder, 556 U.S. 418, 434 (2009).

Though perhaps applied more often in the context of an appeal to a circuit court, courts generally apply the same four factors to a motion to stay a magistrate judge's order regarding discovery pending an appeal to a district judge. See, e.g., Ad Astra Recovery Servs., Inc. v. Heath, No. 18-1145, 2020 WL 3163199, at *4 (D. Kan. June 12, 2020); Express Homebuyers USA, LLC v. WBH Marketing, Inc., No. 18-60166-CIV, 2018 WL 1814198, at *2 (S.D. Fla. March 1, 2018); Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. v. Fed. Ins. Co., No. 13-cv-00079, 2016 WL 9735734, at *2 (D. Colo. June 9, 2016); Jenkins v. Robotec, Inc., No. 1:09cv150, 2009 WL 5166252, at *2 (S.D. Miss. Dec. 29, 2009); Adams v. Gateway, Inc., No. 02-106, 2004 WL 733990, at *2 (D. Utah Jan. 5, 2004).

Essentia cites the four-factor test described above and recognizes that likelihood of success on the merits is a critical factor, but Essentia argues it should not be required to demonstrate likelihood of success on the merits. In support of its position, Essentia cites cases from other districts finding a stay of a magistrate judge's discovery order was warranted because if a stay were not granted, a litigant could be deprived of the right to a district judge's review of a magistrate judge's order. Alvarez v. Larose, No. 3:20-cv-

3

00782, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020); Zagarian v. BMW of N. Am., LLC, No. CV 18-4857-RSWL, 2019 WL 6111734, at *1 (C.D. Cal. Oct. 15, 2019). On the facts present in those cases, the courts concluded it would be unfair to penalize the moving party "for failing to show the likelihood that their forthcoming objections will succeed by providing a rushed preview of the objections in their Motion to Stay." Alvarez, 2020 WL 5632659, at *2.

The court declines to follow the Alvarez and Zagarian cases, viewing them as suggesting an appeal from a magistrate judge's order on a discovery matter invariably results in a stay of that order. That is not the law. See Nelson v. Am. Home Assurance Co., Civil No. 11-1161, 2011 WL 13135769, at *3-5 (D. Minn. Dec. 23, 2011); Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 656 (D. Colo. 2001); D.N.D. Civ. L.R. 72.1(D)(2). Being decisions of other district courts, Alvarez and Zagarian are not binding on this court. The court will instead apply the well-recognized four-factor standard for determining whether to order a stay pending appeal.

**1.      Likelihood of Success on Merits**

In addressing the likelihood Essentia will succeed on its appeal to the district judge, the court considers the standard of review the district judge is to apply on appeal. Under Federal Rule of Civil Procedure 72(a), a district judge "must consider timely objections and modify or set aside any part of a magistrate judge's order that is clearly erroneous or contrary to law." See also D.N.D. Civ. L.R. 72(D)(2). As described in a recent decision in this district:

> A magistrate judge's decision in a discovery dispute is entitled to substantial deference, and will not be disturbed unless the "clearly erroneous" or "contrary to law" standards are met. A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is "left with

the definite and firm conviction that a mistake has been committed." The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal.

Jacam Chem. Co. 2013, LLC v. Shepard, No. 1:19-CV-093, 2020 WL 6263747, at *2 (D.N.D. Aug. 18, 2020) (citations omitted).

Essentia contends the issue on appeal is one "of first impression everywhere." Plaintiffs respond that existing precedent governs the issue. As noted in the August 2, 2021 order, neither party cited cases discussing the detail required in a privilege log claiming a peer review privilege. But that order cited several cases impliedly requiring a detailed privilege log when documents are withheld under an asserted peer review privilege. Additionally, this court's in camera review of representative documents did not support Essentia's claim that it could not provide more detail without revealing privileged information. The likelihood of success on the merits factor favors plaintiffs.

**2.     Irreparable Harm to Essentia and Injury to Plaintiffs if Stay is Not Granted**

Essentia asserts irreparable harm in being required to disclose information it alleges is protected by the peer review privilege. But that would occur only if Essentia succeeds on its appeal, and the court does not conclude Essentia is likely to do so.

Plaintiffs argue they will be harmed by further delay in the document production process if a stay is granted. In their response to the motion, plaintiffs state Essentia has produced only 44 documents to date and is withholding "thousands" of documents based on the asserted peer review privilege. (Doc. 100, p. 12). The process of defining search terms acceptable to both sides has been prolonged, as has Essentia's review of documents identified in its search. The factors of irreparable harm to Essentia and possible injury to plaintiffs favor plaintiffs.

**3.    Public Interest**

Essentia asserts the public interest would be served by a delay because of the importance of upholding the peer review privilege. Plaintiffs, on the other hand, argue the public's interest in an efficient and open judicial process and in prompt resolution of allegations of hospital misconduct in the community. Both plaintiffs and Essentia present valid perspectives of the public interest, and the court cannot conclude one outweighs the other.

### Conclusion

Considering the four factors outline above, the court finds Essentia has not met its burden and its motion is therefore **DENIED**. Under the August 2, 2021 order, Essentia was required to provide more detailed privilege logs as to its claims of peer review privilege to date within fourteen days. The order of August 13, 2021, extended that time though the date of a decision on the motion to stay. The court now extends that time through September 7, 2021.

**IT IS SO ORDERED**.

Dated this 31st day of August, 2021.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

6