THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B.; AMY LAVELLE, individual and as parent of minors Em.L.and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F.; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, <br><br> Defendants. | Case No. 3:20-CV-00121 <br><br><br> **ESSENTIA HEALTH'S AND INNOVIS HEALTH, LLC'S OBJECTION TO AND NOTICE OF APPEAL FROM COURT'S ORDER DENYING MOTION TO STAY (DOC. ID NO. 105)** |

## I.    INTRODUCTION

Defendants, Essentia Health and Innovis Health, LLC d/b/a Essentia Health West (collectively, "Essentia"), submit this Objection to and Notice of Appeal from Magistrate Judge Senechal's Order Denying Motion to Stay (Doc. ID No. 105) which was entered in this matter on August 31, 2021. The Order Denying Motion to Stay directs Essentia to provide a more detailed privilege log contrary to the applicable peer review/quality assurance statutes by

September 7, 2021 and is both contrary to law and clearly erroneous. Essentia, therefore, asks that this Court set aside Magistrate Judge Senechal's Order Denying Motion to Stay pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Rule 72.1 of the United States District Court for the District of North Dakota Local Rules.

## II.    **PROCEDURAL BACKGROUND**

Some of the relevant procedural history is set forth in Essentia's pending Objection to and Notice of Appeal from Magistrate Judge Senechal's Order Regarding Discovery Dispute (Doc. ID No. 79) and will not be repeated here. *See* Doc. ID No. 87, *Essentia Health's and Innovis Health, LLC's Objection to and Notice of Appeal from Court's Order Regarding Discovery Dispute (Doc. ID No. 79)).* Prior to filing its Objection to and Notice of Appeal from the Order Regarding Discovery Dispute, Essentia sought a stay of Magistrate Judge Senechal's Order to the extent it required production before Essentia could be meaningfully heard on its then-forthcoming Appeal. (Doc. ID No. 83, *Essentia Health's Emergency Motion to Stay Court's Order Regarding Discovery Dispute (Doc. ID No. 79)).* By Order dated August 13, 2021, Magistrate Judge Senechal extended Essentia's deadline to provide a more detailed privilege log until such time as the Court issued a decision on Essentia's Motion to Stay. (Doc. ID No. 88, *Order Extending Deadline).* The extension was granted, in part, to allow for the non-dispositive briefing scheduling as provided for by Local Rule 7.1(B). *Id.*

Plaintiffs submitted their Opposition to Essentia Health's and Innovis Health LLC's Emergency Motion to Stay Court's Order Regarding Discovery Dispute and Motion to Expedite on August 24, 2021. *(*Doc. ID No. 100, *Plaintiffs' Opposition to Essentia Health's and Innovis Health, LLC's Emergency Motion to Stay Court's Order Regarding Discovery Dispute and Motion to Expedite).* The Court issued its Order Denying Motion to Stay,

requiring Essentia to produce a more detailed privilege log by September 7, 2021, despite Essentia's pending Appeal regarding the same. *Id.* pg. 6.

Applying the four factors most often analyzed in the context of an appeal to a circuit court, Magistrate Judge Senechal held that likelihood of success on the merits favored denial of the stay, "[t]he factors of irreparable harm to Essentia and possible injury to plaintiffs favor plaintiffs," and that public interest favored neither party. *Id.* at pgs. 4-6. Magistrate Judge Senechal, therefore, found that Essentia had not met its burden in seeking a stay and denied Essentia's Motion. *Id.* at 6. The Order Denying Motion to Stay has the effect of eliminating Essentia's right to seek review of the Order Regarding Discovery Dispute (Doc. ID No. 79) as Essentia is now required to produce information for which it has asserted the peer review/quality assurance privilege absent a ruling on its pending Appeal. The Order Denying Motion to Stay is contrary to law and clearly erroneous. Essentia, therefore, respectfully requests this Court set aside Magistrate Judge Senechal's Order Denying Motion to Stay.

## III.    **LAW AND ARGUMENT**

### A.    **Standard of Review.**

Rule 72(a) of the Federal Rules of Civil Procedure recognizes that non-dispositive pretrial matters may be decided by a magistrate judge. FED. R. CIV. P. 72(a). Rule 72(a) also provides any party the opportunity to object to a magistrate judge's order on a non-dispositive matter within fourteen days following service of a copy of the order. *Id.* Pursuant to Local Rule 72.1(D)(2), "[t]he appealing party must serve and file a written notice of appeal, which must specifically designate the order or part thereof from which the appeal is taken and the grounds for the appeal." D.N.D. CIV. L. R. 72.1(D)(2). "The district judge in the case must consider timely objections." FED. R. CIV. P. 72(a).

Rules 72(a) and 72.1 outline the procedure to appeal from/object to a non-dispositive order issued by a magistrate judge as well as the applicable standard of review. A reviewing district judge is to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see* D.N.D. CIV. L. R. 72.1(D)(2); *Weather Modification LLC v. Brackin,* Case No. 3:20-CV-73, 2020 WL 6867080, at *1 (D.N.D. Oct. 26, 2020). "A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with he definite and firm conviction that a mistake has been committed.'" *Weather Modification,* No. 3:20-CV-73, 2020 WL 6867080, at *1 (D.N.D. Oct. 26, 2020) (quoting *Dixon v. Crete Med. Clinic, P.C.,* 498 F.3d 837, 847 (8th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). "A magistrate judge's order 'is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *In re Blue Cross Blue Shield Antitrust Litig.,* No. 2:13-CV-20000-RDP, 2017 WL 11538508, at *2 (N.D. Ala. Jan. 20, 2017) (quoting *Botta v. Barnhart,* 475 F. Supp. 2d 174, 185 (E.D. N.Y. 2007)). The objecting party bears the burden of demonstrating that the ruling is either clearly erroneous or contrary to law. *Jacam Chem. Co. 2013, LLC v. Shepard,* No. 1:19-CV-093, 2020 WL 6263747, at *2 (D.N.D. Aug. 18, 2020).

**B.      The Order Denying Motion to Stay is Contrary to Law and Clearly Erroneous.**

While the Rules of Civil Procedure and Local Rules do not articulate the standard to obtain a stay pending review of a Magistrate Judge's Order, many courts balance four factors, including

> (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the

stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.

*Alvarez v. Larose,* No. 320CV00782DMSAHG, 2020 WL 5632659, at *1-2 (S.D. Cal. Sept. 21, 2020) (providing string cite). Contrary to the Order Denying Motion to Stay, all four factors support Essentia's request for a stay in this case. In addition, and importantly, the absence of a stay prevents meaningful review of Essentia's Appeal by the District Court. *See Alvarez,* No. 320CV00782DMSAHG, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020).

Magistrate Judge Senechal held the first factor favors plaintiffs, although acknowledging that "neither party cited cases discussing the detail required in a privilege log claiming a peer review privilege." (Doc. ID No. 105, *Order Denying Motion to Stay,* at pg. 5). As the Order Denying Motion to Stay explains, Magistrate Judge Senechal's decision to require Essentia to produce a more detailed privilege log for those documents for which it claims application of the peer review privilege was based on "cases impliedly requiring a detailed privilege log when documents that are withheld under an asserted peer review privilege." *Id.* (emphasis added). This does appear to be a matter of first impression.

"When evaluating a movant's likelihood of success on the merits, the court should 'flexibly weigh the case's particular circumstances to determine 'whether the balances of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'" *Central Specialties, Inc. v. Mountrail Cty., N. Dakota,* No. 1:21-CV-050, 2021 WL 2672043, at*4 (D.N.D. Apr. 12, 2021) (quoting *Calvin Klein Cosmetics Corp. v. Lenox Labs. Inc.,* 815 F.2d 500, 503 (8th Cir. 1987)). In evaluating whether a preliminary injunction should be ordered, which requires a similar inquiry as a request for a stay, "the Eighth Circuit has rejected a requirement...to prove a greater than fifty percent

likelihood that he will prevail on the merits." *Id.* (internal quotations omitted). Indeed, "the Court need not decide whether the party seeking the [stay] will ultimately prevail." *Id.* (citing *PCTV Gold, Inc. v. SpeedNet, LLC*, 508 F.3d 1137, 1143 (8th Cir. 2007)). Likelihood of success is all that Essentia is required to demonstrate, which Essentia has done. *See In re Bieter*, 16 F.3d 929 (8th Cir. 1994) (granting a stay of non-dispositive discovery order involving production of documents claimed to be privileged).

As is outlined in Essentia's Appeal, the Order Regarding Discovery Dispute is contrary to law because it is inconsistent with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, the applicable peer review statutes, and is premised upon case law which does not address this issue and analyzes other states' peer review quality assurance statutes. *See* Doc. ID No. 87, *Essentia Health's and Innovis Health, LLC's Objection to and Notice of Appeal from Court's Order Regarding Discovery Dispute (Doc. ID No. 79).* In addition, this case also does involve a legal question of significant import that is a matter of first impression. The Order Regarding Discovery Dispute itself recognizes this reality. *See* Doc. ID No. 79, *Order Regarding Discovery Dispute,* at pg. 7 ("Neither party cites any cases directly discussing an assertion that providing detailed information in a privilege log cannot be accomplished without disclosing information covered by a peer review privilege. Nor has the court's research identified case law directly addressing the issue."). Magistrate Judge Senechal's holding that the first factor weighs in favor of denying the stay is, therefore, contrary to law.

For similar reasons, Magistrate Judge Senechal concluded the second and third factors favor Plaintiffs. (Doc. ID No. 105, *Order Denying Motion to Stay,* at pg. 5). Although Magistrate Judge Senechal acknowledged Essentia will suffer irreparable harm absent a stay

6

if it succeeds on appeal, Magistrate Judge Senechal concluded that because Essentia is not likely to do so, "possible injury to plaintiffs" weighs in favor of denying the stay. *Id.*

Essentia maintains that the details required by the Court's Order Regarding Discovery Dispute are privileged under the applicable peer review/quality assurance statutes. Regardless of the underlying merits of Essentia's Appeal, if the District Court modifies or sets aside Magistrate Judge Senechal's Order Regarding Discovery dispute following review of Essentia's Appeal, it will be impossible to rectify the premature disclosure of otherwise privileged information in the absence of a stay. This is the very definition of irreparable harm. *See In re Bieter,* 16 F.3d 929 (8th Cir. 1994). Not only has Essentia made a showing of irreparable injury, but if it is required to produce a more detailed privilege log before the District Court issues its decision on Essentia's pending Appeal, it will have the effect of denying Essentia its right to review pursuant to Rule 72 and Local Rule 72.1. *See e.g. Zagarian v. BMW of N. Am., LLC,* No. CV184857RSWLPLAX, 2019 WL 6111734, *1 (C.D. Cal. Oct. 15, 2019); *Dayco Prod., Inc. v. Walker,* 142 F.R.D. 450, 454 (S.D. Ohio) (1992). Indeed, it is possible that it would have the effect of rendering Essentia's pending Appeal moot with respect to those documents at issue in Magistrate Judge Senechal's August 2, 2021 Order.[1] *Ireland v. Anderson,* No. 3:13-CV-3, 2016 WL 7324102, at *2 (D.N.D. July 5, 2016) ("The mootness doctrine emanates from Article III's prohibition against advisory opinions. If events

---

[1] The initial Order acknowledged that "Essentia's document production is not yet complete and that it will be completed on a rolling basis" and the Court further ordered Essentia to provide a more detailed privilege log "[w]ith each production." (Doc. ID No. 79, *Order Regarding Discovery Dispute*). The Court subsequently amended its August 2, 2021 Order and clarified that Essentia is to "produce a privilege log, consistent with the requirements of the August 2nd Order, for each production within sixty days the production of documents for which a privilege is asserted." (Doc. ID No. 81, *Order Amending the August 2, 2021 Order*).

7

subsequent to initiation of the litigation have resolved an issue, a court decision would likely have no effect-it would merely be advisory.").

"[T]he likelihood of success on the merits and irreparable harm are 'the most critical;'" however, Plaintiffs focused primarily on alleged prejudice they claim they will suffer as a result of a stay. *Pablovich v. Rooms to Go Louisiana Corp.,* No. CV 20-617, 2021 WL 928030, at *2 (E.D. La. Mar. 11, 2021) (citing *Nken v. Holder,* 556 U.S. 418, 434 (2009)). Magistrate Judge Senechal's Order Denying Motion to Stay provides, "[t]he process of defining search terms acceptable to both sides has been prolonged, as has Essentia's review of documents identified in its search." (Doc. ID No. 105, *Order Denying Motion to Stay*, at pg. 5). However, Essentia disputes Plaintiffs' characterization of discovery to date.

This action was commenced in July of 2020. The Court issued its decision on Essentia's Motion to Dismiss on December 3, 2020. (Doc. ID No. 13, *Order Denying Motion to Dismiss).* Following the Court's decision, Plaintiffs served Essentia with their First Set of Requests for Production and First Set of Interrogatories in January of 2021. With an extension approved by Plaintiffs, Essentia initially timely responded to Plaintiffs' discovery requests in March of 2021. In response to discovery, Essentia produced thousands of pages of documents. During the same time period, the parties worked on a proposed Confidentiality Order and ESI Protocol, which were issued by the Court on March 1, 2021. (Doc. ID No. 45, *Confidentiality Order;* Doc. ID No. 46, *Order Governing Discovery of Electronically Stored Information).* The ESI Protocol provides for the parties to make ESI disclosures 30 days after the Order and sets forth a protocol for document search. With an extension approved by Essentia, Plaintiffs initially responded to Essentia's discovery requests in April and June of 2021, with a subsequent rolling production in July 2021 and indication that discovery is continuing.

In this complex litigation, discovery disputes arose between the parties, specifically with respect to the contours of HIPAA and state provider-patient privileges, as well as the applicable peer review privilege. (Doc. ID No. 76, *Order Regarding Discovery Disputes;* Doc. ID No. 79, *Order Regarding Discovery Dispute).* These discovery disputes were not of Essentia's creation, but instead were born of the parties' legitimate and irreconcilable disagreement about the scope and parameters of the issues involved. Essentia recognizes that several deadlines are approaching; however, it was Plaintiffs who only recently sought to amend the First Amended Complaint, adding allegations and Dakota Clinic Pharmacy, LLC as a party after Dakota Clinic Pharmacy, LLC's Motion to Dismiss was granted without prejudice. (Doc. ID No. 89, *Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion to File Portions of the Second Amended Complaint Under Seal).* Dakota Clinic Pharmacy, LLC's deadline to Answer is not until October 18, 2021, notably after the Court's rescheduled October 5, 2021, early settlement conference. Plaintiffs' litigation decision, and not the stay Essentia sought, is more likely to impact the progression of this litigation.

More importantly, Magistrate Judge Senechal only found "<u>possible</u> injury to plaintiffs" based on Plaintiffs' claim that they will be harmed by any resulting delay if a stay is granted. (Doc. ID No. 105, *Order Denying Motion to Stay,* at pg. 5) (emphasis added). Contrary to Magistrate Judge Senechal's finding, the standard to be applied requires analysis of "whether a stay <u>would substantially injure</u> the non-moving party." *Id.* at pg. 2 (emphasis added). Plaintiffs did not demonstrate substantial injury would result from the stay Essentia sought and all Magistrate Judge Senechal found was the potential for an injury to Plaintiffs. This is a misapplication of the applicable legal standard and, accordingly, is contrary to law and clearly erroneous.

9

Magistrate Judge Senechal found that the final factor, whether a stay serves the public interest, was neutral.  However, the peer review/quality assurance privilege at issue was designed for the benefit of the public insofar as it promotes "open discussions and candid-self-analysis…to ensure that medical care of high quality will be available to the public." *Trinity Med. Ctr. Inc. v. Holum,* 544 N.W.2d 148, 154 (N.D. 1996) (quoting *Moretti v. Lowe,* 592 A.2d 855, 857-858 (R.I. 1991)); *see also Larson v. Wasemiller,* 738 N.W.2d 300, 312 (Minn. 2007) (explaining peer review statutes are designed "to promote the strong public interest in improving health care…and to encourage the medical profession to police its own activities with minimal judicial interference.").  Although Essentia has asserted the peer review/quality assurance privilege, the public has an equal interest in ensuring that peer review information is not disclosed outside the confines of the applicable statutory exceptions.  This factor, too, weighs in favor of the stay Essentia requested and Magistrate Judge Senechal's decision to the contrary is inconsistent with applicable law and was clearly erroneous.

## IV.    CONCLUSION

For the reasons outlined above, Essentia respectfully requests this Court set aside the Court's Order Denying Motion to Stay pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Rule 72.1 of the United States District Court for the District of North Dakota Local Rules.

10

Dated this 1st day of September, 2021.

**VOGEL LAW FIRM**

*s/ Angela E. Lord*

BY:  Angela E. Lord (#05351)
Robert B. Stock (#05919)
Briana L. Rummel (#08399)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email:  alord@vogellaw.com
rstock@vogellaw.com
brummel@vogellaw.com
ATTORNEYS FOR ESSENTIA HEALTH
AND INNOVIS HEALTH, LLC

4517038.1

11