## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

JESSICA KRAFT, INDIVIDUALLY AND          )
AS PARENT OF MINORS L.K., S.K., and       )
O.K.; SHELLI SCHNEIDER,                   )
INDIVIDUALLY AND AS PARENT OF             )
MINORS A.S. and W.S.; ANNE BAILEY,        )
AS PARENT OF MINOR D.B.; AMY              )
LAVELLE, AS PARENT OF MINORS              )
Em.L. and El.L.; ELIZABETH BEATON,        )
INDIVIDUALLY AND AS PARENT OF             )          No. 3:20-CV-121
MINOR M.B.; AMANDA AND TYRELL             )
FAUSKE, INDIVIDUALLY AND AS               )
PARENTS OF MINORS C.R.F. and C.J.F.;      )          Hon. Peter D. Welte
JENNIFER REIN, INDIVIDUALLY; and          )
JESSICA BERG, AS PARENT OF MINORS         )          Mag. Alice R. Senechal
A.B. and S.B., individually and on behalf of  )
all others similarly situated,            )
                                          )
               Plaintiffs,                )
                                          )
       v.                                 )
                                          )
ESSENTIA HEALTH, INNOVIS HEALTH,          )
LLC d/b/a ESSENTIA HEALTH,                )
DAKOTA CLINIC PHARMACY, LLC,              )
JOHN DOE MANUFACTURERS, and
JOHN DOE DISTRIBUTOR,

               Defendants.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ESSENTIA HEALTH'S MOTION FOR LEAVE TO FILE UNDER SEAL AND MEMORANDUM REGARDING REDACTIONS TO SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.      INTRODUCTION ....................................................................................................1

II.     RELEVANT PROCEDURAL HISTORY ...................................................................2

III.    LEGAL STANDARD FOR SEALING.......................................................................3

IV.     ARGUMENT ..........................................................................................................4

        A.    Essentia's Memo Regarding Complaint Redactions (ECF No. 101-3 and 101-4) does not contain any information that warrants sealing. Essentia's New Sealing Motion (ECF No. 101) should therefore be denied. ...................................4

        B.    The Complaint does not contain any highly sensitive information and Essentia's request to seal Plaintiffs' allegations (ECF No. 101-3 and 101-4) should also be denied...........................................................................................5

              1.    Complaints are judicial records and there is a common-law right to public access of such records............................................................5

              2.    Essentia conflates the standards for confidentiality designations in discovery with those for sealing judicial records and, in doing so, fabricates a bureaucratic challenge procedure with no foundation in the Confidentiality Order. ...............................................................7

              3.    Essentia has not offered any interest that would override the public's interest in access to the judicial record..........................................8

        C.    Plaintiffs request that Defendants be directed to limit future confidentiality designations and requests for sealing to those supported by law and the Confidentiality Order.............................................................................11

V.      CONCLUSION .....................................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                                         **Page(s)**

*Baxter Int'l, Inc. v. Abbott Labs.*,
297 F.3d 544 (7th Cir. 2002) ............................................................................... 9

*Globe Newspaper Co. v. Superior Court*,
457 U.S. 596 (1982) ............................................................................................ 3

*Guttormson v. ManorCare of Minot ND, LLC*,
No. 4:14-cv-36, 2015 WL 11147876 (D.N.D. Sept. 28, 2015) ................................. 4, 5, 6, 7

*Hudock v. LG Elecs. U.S.A., Inc.*,
No. 0:16-cv-1220-JRT-KMM, 2020 U.S. Dist. LEXIS 96593 (D. Minn. June 2, 2020) ........ 3

*IDT Corp v. eBay, Inc.*,
709 F.3d 1220 (8th Cir. 2013) ....................................................................... 3, 5

*Marden's Ark v. Unitedhealth Grp.*,
No. 19-cv-1653, 2021 U.S. Dist. LEXIS 89958 (D. Minn. Apr. 15, 2021) ......... 3, 6, 9, 10, 11

*Shamblin v. Obama for Am.*,
No. 8:13-CV-2428, 2014 U.S. Dist. LEXIS 159130 (M.D. Fla. Nov. 12, 2014) .................. 11

*Steele v. City of Burlington*,
334 F. Supp. 3d 972 (S.D. Iowa 2018) ............................................................... 6

*Trinity Hosps., Inc. v. The Markham Grp., LLC*,
No. 1-17-cv-237, 2018 U.S. Dist. LEXIS 99879 (D.N.D. June 14, 2018) ......................... 3-4

*Zenith Radio Corp. v Matsushita Electric Industrial Co., Ltd.*,
529 F. Supp. 866, 879, n. 18 (E.D. Pa. 1981) ....................................................... 8

**Rules**

Fed. R. Civ. P. 26 ....................................................................................... 8

Plaintiffs respectfully submit this response in opposition to (1) Essentia Health's Motion for Leave to File Under Seal, ECF Nos. 101 and 101-1 ("New Sealing Motion" or "Motion") and (2) Essentia Health's Memorandum Regarding Redactions to Second Amended Complaint, ECF Nos. 101-2 and 101-3 ("Memo Regarding Complaint Redactions" or "Memo"). [1]

## I.    INTRODUCTION

Essentia has not provided any reason to seal information in this case, let alone has it carried its burden to demonstrate why the public's right of access should be disregarded.

In its New Sealing Motion, Essentia moves to seal portions of its Memo Regarding Complaint Redactions. None of the information at issue is sensitive. The referenced information comprises only non-confidential, non-substantive document descriptions. The Court already considered and rejected Essentia's request to seal similar information in connection with a transcript. ECF No. 98. And Essentia does not even attempt to explain the basis for sealing information in the Memo. Instead, Essentia simply refers to the Memo itself, which addresses entirely different material from the complaint. ECF No. 101-1, p. 2; *See generally* ECF No. 101-3. Defendant's Motion should therefore be denied.

Separately, Essentia's Memo Regarding Complaint Redactions asks that the provisionally redacted allegations ("Redacted Information") in the Second Amended Complaint ("Complaint") remain under seal. But again, Essentia does not provide any support for sealing the Redacted Information. Instead, Essentia makes three arguments, each of which focuses on discovery rather than the information actually in the Complaint, and none of which is supported by law.

---

[1] Essentia's Memo Regarding Complaint Redactions was unsigned and filed in two exhibits to Essentia's New Sealing Motion. ECF Nos. 101-2 and 101-3. In the interest of efficiency, however, Plaintiffs submit this response now, rather than waiting for Essentia to file the Memo as its own docket entry.

First, Essentia argues that discovery-derived allegations in a complaint are not part of a judicial record. They plainly are.

Second, Essentia argues that Plaintiffs were required to challenge Essentia's discovery-related confidentiality designations before filing designated material. The Confidentiality Order has no such requirement. *See* ECF No. 45. Nor should it. Even material properly designated as confidential may not warrant sealing.

Third, Essentia argues that its own interests of confidentiality outweigh the public's interests in access to the judicial record. But it doesn't explain why. It doesn't address any of the Complaint's actual allegations. It instead vaguely contends that some of the Redacted Information is "derived" from agreements which are "representative of" commercial agreements or "derived from" data which is "derivative of" the healthcare relationship. Essentia does not even explain why the irrelevant source information Essentia focuses on is so sensitive that it should be shielded from the public eye, let alone does Essentia provide such support regarding the Redacted Information actually at issue in the sealing motion.

Essentia bears the burden to explain why the Redacted Information should remain under seal. It has failed to do so. The Redacted Information is facially non-confidential and should be unsealed.

## II.    RELEVANT PROCEDURAL HISTORY

The Complaint includes information derived from discovery material that Essentia designated as Confidential and/or Highly Confidential pursuant to the Court's Confidentiality Order ("Designated Material"). ECF No. 91 (sealed Complaint); ECF No. 92 (redacted Complaint); ECF No. 45 (Confidentiality Order).

In compliance with the Confidentiality Order, Plaintiffs redacted portions of the Complaint reflecting Designated Material and filed a motion to seal those redacted allegations.

2

ECF No. 89 ("Plaintiffs' Sealing Motion"). Plaintiffs' Sealing Motion noted, however, that Plaintiffs did not believe the redactions or sealing were warranted.

On August 19, 2021, the Court ordered Essentia to "file a memorandum explaining its position that public access to the proposed redacted information should be denied." ECF No. 97. On August 27, 2021, Essentia filed its Memo Regarding Complaint Redactions. ECF Nos. 101-2 (memorandum) and 101-3 (proposed redacted version). Essentia also moved to seal portions of that Memo. ECF Nos. 101-1 (Motion) and 101-2 (memorandum in support of Motion).

Plaintiffs oppose both Essentia's Memo and its Motion.

### III.    LEGAL STANDARD FOR SEALING

"There is a common-law right of access to judicial records. . . ." *IDT Corp v. eBay, Inc.*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted). That right is rooted in the First Amendment to the Constitution of the United States. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982).

A party seeking to seal information "must show that there is a 'compelling reason' to overcome the public's right to access judicial records." *Hudock v. LG Elecs. U.S.A., Inc.*, No. 0:16-cv-1220-JRT-KMM, 2020 U.S. Dist. LEXIS 96593, at *4 (D. Minn. June 2, 2020). It bears the duty to present a factual, non-speculative basis for sealing information. *Marden's Ark v. Unitedhealth Grp.*, No. 19-cv-1653, 2021 U.S. Dist. LEXIS 89958, at *26 (D. Minn. Apr. 15, 2021). That duty is particularly strong here because the information in dispute "is not the type of sensitive information that might typically be subject to an order to seal, such as financial data, proprietary or trade secret information, or personal health details." *See id.* at *23 (quoting *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016)).

Sealing is not warranted simply because a party "prefer[s] not to litigate certain matters in public. . . . ." *See Trinity Hosps., Inc. v. The Markham Grp., LLC*, No. 1-17-cv-237, 2018 U.S.

3

Dist. LEXIS 99879, at *3 (D.N.D. June 14, 2018). Nor is sealing warranted because the material "casts [a party] in a negative light [and] might appropriately be categorized as sensitive commercial information under the terms of the protective order." *Guttormson v. ManorCare of Minot ND, LLC*, No. 4:14-cv-36, 2015 WL 11147876, at *3-4 (D.N.D. Sept. 28, 2015).

## IV.   ARGUMENT

**A. Essentia's Memo Regarding Complaint Redactions (ECF No. 101-3 and 101-4) does not contain any information that warrants sealing. Essentia's New Sealing Motion (ECF No. 101) should therefore be denied.**

Essentia seeks to redact and seal portions of its Memo Regarding Complaint Redactions. The proposed redacted information reflects only non-confidential and largely non-substantive information:

(1) a general description of the subject matter of an Essentia policy, which is not only non-confidential but is highly relevant to this case (Memo, p. 6);

(2) the general scope of an Essentia policy, which is also non-confidential and highly relevant to this case (Memo, p. 6);

(3) brief, general descriptions, akin to titles, of documents produced in this case (Memo, p. 7); *See also* Memo, p. 8 (seeking to redact some of the numbers from that list of document titles);

(4) a general description of the categories of data produced (Memo, p. 9), the confidentiality of which the Court has already considered and rejected in connection with Essentia's request to seal this same information in a transcript (ECF No. 98).

None of this information even reflects substantive content, let alone warrants sealing. Essentia's Motion should be denied.

4

**B. The Complaint does not contain any highly sensitive information and Essentia's request to seal Plaintiffs' allegations (ECF No. 101-3 and 101-4) should also be denied.**

Essentia has also failed to establish any basis to seal the Redacted Information in the Complaint. Essentia makes almost no attempt to explain why the Redacted Information should be concealed from the public. Instead, Essentia raises puzzling and unsupported administrative and procedural arguments.

**1. Complaints are judicial records and there is a common-law right to public access of such records.**

Essentia claims that the Redacted Information in the Complaint is not a "judicial record" warranting the public's right of access because the information has its "genesis" in documents produced by Essentia. Memo, pp. 4-5. That argument fails for several reasons.

First, it makes no sense. All information in court filings has its "genesis" in fact and/or law. Whether facts are derived from discovery or elsewhere does not alter whether the material is a judicial record.[2] Rather, the nature and purpose of the filing determines the public's right to access. *See IDT Corp v. eBay, Inc.*, 709 F.3d 1220, 1224 (8th Cir. 2013) ("the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts.") (internal quotations and citations omitted).

In making this argument, Essentia quotes a decision from this Court, claiming that "[t]he present case demonstrates exactly why '[i]nformation exchanged by the parties during discovery is generally not subject to a public right of access.'" Memo, p. 6 (quoting *Guttormson*, 2015 WL

---

[2] Essentia's claim that allegations are "taken out of [the] context" of Essentia's objections to discovery (Memo, pp. 5-6) have nothing to do with sealing. Essentia is free to dispute and present "context" in discovery and at summary judgment and trial.

11147876, at *1). But Essentia omits the rest of the sentence in *Guttormson*, which continues: "if the documents are filed with the court, a qualified right of public access attaches." *Guttormson*, 2015 WL 11147876, at *1.[3] There is a well-established public right of access to judicial records, even if they are derived from discovery. *Id.*

Second, complaints are objectively judicial records. Essentia's own authority supports this. *E.g.*, *Steele v. City of Burlington*, 334 F. Supp. 3d 972, 976-77, 979 (S.D. Iowa 2018) (even courts with narrower views of "judicial records" include materials that "invoke judicial resolution of the merits," like "complaints," within their definition) (cited by Essentia, Memo, pp. 4, 5).[4]

Finally, the argument is irrelevant. In the Eighth Circuit, "all documents filed in federal court [are] 'judicial records,' some of which enjoy a strong presumption of public access that is difficult to overcome, while others enjoy only a weak presumption that is easily overcome." *Marden's Ark*, 2021 U.S. Dist. LEXIS 89958, at *9 (citing *IDT Corp. v. eBay, Inc.*, 709 F.3d 1220 (8th Cir. 2013)).

---

[3] This is not the first time Essentia has quoted or cited case law without necessary context. *See e.g.,* ECF No. 69, p. 11, n.10 (addressing the omission of the end of a sentence that limited a court's policy concern to a fact-specific situation irrelevant to this case); ECF No. 96, p 6 (addressing the omission of the end of a sentence that limited a court's conclusion to specific statutory provisions); *Infra*, n. 4.

[4] Later in its memorandum, Essentia reiterates its "judicial records" argument, claiming that the Complaint is akin to a discovery motion and the Redacted Information is akin to discovery exhibits. Memo, pp. 5-6. A complaint is not a discovery motion, and it does not become one by including facts learned in discovery. Again, Essentia's cited authority makes the argument for Plaintiffs. The "string cite" Essentia references in support of a distinction between discovery and merits motions (in attempt to analogize the Complaint to a discovery motion) explicitly and repeatedly recognizes that discovery material filed with merits-based filings (whether a motion or complaint) is subject to the common-law right of access. Memo, p. 5; *Steele v. City of Burlington*, 334 F. Supp. 3d 972, 977 (S.D. Iowa 2018).

There can be no serious contention that the Complaint and the Redacted Information within it are not part of the "judicial record" with a presumption of public access.

> **2.    Essentia conflates the standards for confidentiality designations in discovery with those for sealing judicial records and, in doing so, fabricates a bureaucratic challenge procedure with no foundation in the Confidentiality Order.**

Essentia next claims that including Designated Material in a court filing "circumvents" the Confidentiality Order's procedures for challenging designations in discovery. Memo, p. 5. That is not true.

The Confidentiality Order does not require that a party challenge a confidentiality designation before filing a document containing Designated Material. *See* ECF No. 45. Nor would such a requirement make any sense. The standards for confidentiality designations are different from the standards for sealing; even a properly designated document may not warrant sealing and a party may challenge one without challenging another. *Guttormson*, 2015 WL 11147876, at *3 ("the fact that a document qualifies for designation as confidential under the protective order is not sufficient reason to seal it in the court record.").

Essentia knows this. The Court recently rejected Essentia's request to seal portions of a status conference transcript and stated plainly: "Designation as confidential under the protective order is not itself sufficient reason for denial of public access." ECF No. 98. Moreover, a requirement to challenge designations before filing would materially delay such filings, potentially by months.[5]

---

[5] The Confidentiality Order allows 21 days to respond to a challenge, after which the parties would confer, raise disputes with the Court (unless the designation is withdrawn), and await a decision. *See* ECF No. 45, ¶ F(1). And for what purpose? Even properly designated material may not be entitled to sealing. *Supra.*

7

Essentia's claim that, without a pre-filing challenge "the producing party is left the chore of discerning exactly what discovery each of the redacted allegations is derived from," Memo, p. 5, is equally nonsensical. Any other approach would shift Essentia's own discovery burdens to Plaintiffs and delay discovery and the resolution of this case. Essentia should assess whether the Redacted Information objectively warrants sealing.

To the extent the context of the underlying source documents is relevant to that analysis (and it is not), Essentia can hardly suggest Plaintiffs have sent it on a wild goose chase through its own 44-document, text-searchable production. In support of this "chore" of identifying information in its own documents, Essentia compares paragraph 82 of the Complaint, which identifies the source of the allegation by name, and paragraph 120, which includes a drug name that is easily searchable and which allegation is facially non-confidential.[6] The idea that Essentia itself cannot determine whether the information warrants sealing without Plaintiffs' identification of source documents is telling – the information actually at issue raises no confidentiality concern, let alone one that outweighs the right of public access.

### 3. Essentia has not offered any interest that would override the public's interest in access to the judicial record.

Finally, Essentia argues that even if the Complaint and Redacted Information constitute a judicial record, the public's right to access should be overruled in favor of Essentia's own

---

[6] In contradiction to Essentia's proposed multi-phase, document-by-document approach for confidentiality disputes, Essentia later recognizes that the "very purpose" of the Confidentiality Order is "to facilitate discovery by avoiding battles over protection for each individual document." Memo, p. 6. Essentia cites *Zenith Radio Corp. v Matsushita Electric Industrial Co., Ltd.*, 529 F. Supp. 866, 879, n. 18 (E.D. Pa. 1981), *id.*, which supports the opposite of what Essentia suggests should have occurred here. The court commented that confidentiality designations and sealing were overused, but noted the "redeeming" aspect of that overuse in reducing the need for document-by-document confidentiality arguments (by the parties to the court) and assessments (by the court) under Fed. R. Civ. P. 26(c)(7). 529 F. Supp. at 879, n. 18. In any event, Essentia's attempt to rewrite the Confidentiality Order is irrelevant to the standard for sealing.

interests in denying access. Memo, pp. 7-10. But Essentia hasn't carried its burden to explain

what that interest is, let alone has it done so with the requisite specificity.

The proponent of sealing must "analyze in detail, document by document, the propriety

of secrecy, providing reasons and legal citation." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544,

548 (7th Cir. 2002) (quoted in *Micks v. Gurstel Law Firm, P.C.*, No. 17-cv-4659 (ECT/ECW),

2019 U.S. Dist. LEXIS 7756, at *2-3 (D. Minn. Jan. 16, 2019) and cited in *Guttormson*, 2015

WL 11147876 at *1). A party's "bald assertions of its need for sealing devoid of any evidence"

cannot succeed. *Marden's Ark*, 2021 U.S. Dist. LEXIS 89958, at *24-26.

Essentia has not even attempted to carry its burden to demonstrate why the Redacted

Information should remain under seal.  It simply "seeks to preserve the confidentiality

designations it gave to certain discovery." Memo, p 7. That does not suffice.

Instead of specifying why each provisionally redacted allegation warrants sealing –

Essentia focuses on documents that are not even in the Complaint or subject to the motion to

seal. For example, Essentia identifies only four specific Complaint paragraphs in its discussion

regarding Essentia's interests: ¶¶ 119, 120, 252, and 277. Memo, pp. 8-9.[7] Essentia does not

address the actual Redacted Information in those paragraphs or offer any reason that information

should remain sealed. Instead, Essentia summarizes certain discovery documents that contain the

Redacted Information. *Id.* (Claiming those paragraphs "appear to be derivative of data. . .

[which] data is reflective of Essentia's competitiveness within the healthcare market and is

proprietary."). It doesn't matter if the source data is proprietary (although Plaintiffs do not think

---

[7] Essentia claims these four paragraphs were obtained from data Essentia designated as Highly Confidential. Memo, pp. 8-9. Most of that information is also contained in Essentia's response to Interrogatory No. 3 which Essentia designated (improperly, in Plaintiffs' view) as Confidential. But in any event, those designations are irrelevant to sealing.

it is). The actual Redacted Information in those paragraphs only reflects affected pharmaceuticals and aggregate numbers of affected patients – information core to the case, already known to those affected patients and presumably others, and which is not proprietary, competitive, or otherwise worthy of sealing.

Essentia also notes it "has a significant interest in preserving patient data, including patient specific information . . ." Memo, p. 9. None of the Redacted Information reflects patient-specific data or information. Essentia's related contention that "de-identified" data is "derivative of the healthcare relationship," *id.*, is also unavailing. Anonymous, aggregated information like the total number of patients affected cannot be sealed simply because it was "derived" from data that was itself "derived" from a sensitive "healthcare relationship" that is not reflected anywhere in the Redacted Information.

Essentia's argument that "disclosure . . . would be detrimental to the healthcare relationship itself" is again telling. Essentia does not actually argue that the Redacted Information contains anything warranting sealing. It simply doesn't want the public to have any more information about the temperature excursion. That's not a basis to seal information. "Though the information may be embarrassing, it reveals nothing about [defendant's] proprietary system or contracts. Moreover, the information is the very heart of Plaintiff's allegations against [defendant]—it is what the lawsuit is about. The public's interest in the information is manifest. . . ." *Marden's Ark*, 2021 U.S. Dist. LEXIS 89958, at *25. The idea that the public would have concerns about their healthcare relationship with Essentia if they knew the underlying information only supports the public's interest.

Essentia also claims that the disclosure of unidentified information reflecting the "business relationship between the parties" and "internal documents" could potentially result in

10

unfair competitive advantage to competitors or disadvantage to the producing parties. Memo, p. 8. Essentia doesn't explain what information it refers to, how disclosure would be damaging, or why the public's right of access should not prevail. "The statement that 'this proprietary and confidential information, if publicly disclosed, would provide competitors of the Defendant and Defendant's vendors an unfair advantage' without more is not enough to override the common law and First Amendment rights of the public to review court documents." *Shamblin v. Obama for Am.*, No. 8:13-CV-2428, 2014 U.S. Dist. LEXIS 159130, at *5 (M.D. Fla. Nov. 12, 2014) (cited in *Micks*, 2019 U.S. Dist. LEXIS 7756, at *2-3). Indeed, a party's "incantation of buzzwords that provide no substantive justification" do not support a motion to seal. *Marden's Ark*, 2021 U.S. Dist. LEXIS 89958, at *26.

Essentia has failed to carry it burden and its request to seal information in the Complaint should therefore be denied.

### C. Plaintiffs request that Defendants be directed to limit future confidentiality designations and requests for sealing to those supported by law and the Confidentiality Order.

Many of Essentia's discovery-related confidentiality designations are unsupported by the Confidentiality Order. (One such designation is currently under dispute by the parties. Other improper designations are reflected in the disputed information subject to the instant motions to seal. And Defendants have mis-designated other material as well, like blank templates). Likewise, Essentia's requests to seal information have been unsupported by law or equity.

Plaintiffs should not be burdened with confidentiality challenges, administrative redacting and sealing processes, briefing substantive sealing motions, or the associated delays, for designations and sealing requests that are not well-supported and made in good faith.

11

Plaintiffs request that Defendants be directed to limit their future designations and requests for sealing to those supported by law. Plaintiffs intend to seek fees, costs, and/or other relief if Essentia and Innovis continue to make unreasonable assertions that burden Plaintiffs.

## V.    CONCLUSION

.    Each of Essentia's arguments ignores whether the Redacted Information is so sensitive that confidentiality concerns outweigh the public's right of access to the Complaint. Instead, its arguments focus on discovery material that is not being offered into the record – e.g., whether discovery documents are "judicial records," whether documents were appropriately designated as confidential in discovery, whether discovery materials are or were "derived from" sensitive information. That's all irrelevant.

The information actually at issue – the defendants' ownership interests in one another and the innocuous dates of operating agreements (¶¶ 82, 89, 91, 258, 283); an Essentia policy related to temperature and storage (¶¶ 139-143); the relationship between defendants and the services they provided to one another in connection with the incident underlying the complaint (¶¶ 144-155, 249, 261, 274, 286, 304, 305, 338, 340, 341, 342, 350, 351); and information regarding the temperature excursion and its scope (¶¶ 158-172, 174-184, 187, 254, 279, 307, 308, 310) – are all core to this case. There is no countervailing confidentiality interest. Essentia's request to seal this information should therefore be denied.

Dated: September 2, 2021              /s/ Melissa Ryan Clark
                                      Melissa Ryan Clark
                                      Brooke A. Achua
                                      FEGAN SCOTT LLC
                                      140 Broadway, 46th Fl.
                                      New York, NY 10005
                                      Ph: 646.502.7910
                                      Fax: 312.264.0100
                                      melissa@feganscott.com

12

brooke@feganscott.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Mac Schneider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
mac@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD &
WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

Counsel for Plaintiffs

13