**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| JESSICA KRAFT, INDIVIDUALLY AND AS PARENT OF MINORS L.K., S.K., and O.K.; SHELLI SCHNEIDER, INDIVIDUALLY AND AS PARENT OF MINORS A.S. and W.S.; ANNE BAILEY, AS PARENT OF MINOR D.B.; AMY LAVELLE, AS PARENT OF MINORS Em.L. and El.L.; ELIZABETH BEATON, INDIVIDUALLY AND AS PARENT OF MINOR M.B.; AMANDA AND TYRELL FAUSKE, INDIVIDUALLY AND AS PARENTS OF MINORS C.R.F. and C.J.F.; JENNIFER REIN, INDIVIDUALLY; and JESSICA BERG, AS PARENT OF MINORS A.B. and S.B., individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:20-CV-121<br><br>Hon. Peter D. Welte<br><br>Mag. Alice R. Senechal |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' OPPOSITION TO ESSENTIA HEALTH'S AND INNOVIS HEALTH, LLC'S APPEAL FROM COURT'S ORDER DENYING MOTION TO STAY**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     RELEVANT BACKGROUND .......................................................................... 1

III.    STANDARD OF REVIEW ............................................................................... 2

IV.     ARGUMENT...................................................................................................... 3

        A.      Magistrate Judge Senechal applied the appropriate standard in considering
        Defendants' Stay Motion. ............................................................................... 3

        B.      The Order Denying Stay properly determined that Defendants' Privilege Log
        Appeal is not likely to succeed on its merits.................................................. 3

        C.      The Order Denying Stay properly concluded that Defendants would not
        suffer harm without a stay of the Privilege Log Order. .................................. 4

        D.      The finding of "possible injury" to Plaintiffs was both correct and consistent
        with the applicable legal standard................................................................... 5

        E.      The conclusion that the "public interest" factor is neutral was a windfall to
        Defendants and does not support their appeal. ............................................... 5

V.      CONCLUSION................................................................................................... 6

Plaintiffs respectfully submit this opposition to Defendant Essentia Health's and Innovis Health, LLC's ("Defendants") Objection to and Notice of Appeal from Court's Order Denying Motion to Stay ("Stay Appeal," ECF No. 106).

## I.   INTRODUCTION

Defendants' Stay Appeal is yet another step in their protracted dispute regarding privilege logs. They now seek to overturn Magistrate Judge Senechal's denial of their motion to stay an order requiring Defendants to provide routine information to support their privilege assertions.

No court has ever issued a decision supporting Defendants' underlying contention that the privilege log information they have been ordered to produce is privileged. The notion is so uncontroversial that neither the parties nor Magistrate Judge Senechal could find any decision in which a party had challenged the production of this information. In contrast, however, numerous state and federal courts from jurisdictions across the country have required disclosure of the same privilege log detail, and more, as well as affidavits and other substantive evidence to support the existence and scope of the privilege.

Defendants' fabrication of a purported "issue of first impression" on an otherwise universally accepted issue does not create such a unique question that a magistrate judge's sound decision rejecting the argument is automatically "contrary to law." Nor does it justify a stay of that decision pending a groundless appeal.

Magistrate Judge Senechal's stay order was well reasoned. Defendants fail to identify any error or contrary law. The decision should therefore be affirmed.

## II.   RELEVANT BACKGROUND

**Privilege Log Order:** On August 2, 2021, Magistrate Judge Senechal entered an order requiring Defendants to provide more detail in their privilege log ("Privilege Log Order"). ECF

1

No. 79. The order followed briefing by Defendants ("Privilege Log Briefs," ECF Nos. 63 and 70) and Plaintiffs ("Privilege Log Opposition," ECF No. 68).

**Privilege Log Appeal:** On August 11, 2021, Defendants appealed the Privilege Log Order to the District Court ("Privilege Log Appeal"). ECF No. 87. On August 18, 2021, Plaintiffs filed their opposition to that appeal ("Privilege Log Appeal Opposition"). ECF No. 96. The appeal is pending.

**Order Denying Stay and This Appeal:** On August 10, 2021, Defendants moved to stay the Privilege Log Order pending resolution of Defendants' Privilege Log Appeal ("Stay Motion"). ECF Nos. 83, 84. On August 24, 2021, Plaintiffs opposed that motion ("Stay Opposition"). ECF No. 100. On August 31, 2021, Magistrate Judge Senechal denied Defendants' Stay Motion ("Order Denying Stay"). ECF No. 105. Defendants then filed this Stay Appeal. ECF No. 106.

### III.    STANDARD OF REVIEW

District courts may "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A decision is "clearly erroneous" only when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bachman v. Bachman*, No. 19-CV-276, 2021 U.S. Dist. LEXIS 117770, at *3 (D. Neb. June 23, 2021) (citation omitted). "The standard of review for an appeal of a magistrate judge's order on nondispositive matters is extremely deferential." *Id.* (citing 28 U.S.C. § 636(b)(1)(A)).

## IV.   ARGUMENT

Because the parties have fully briefed the underlying privilege log issues and motion to stay now on appeal, Plaintiffs incorporate their prior briefing by reference and limit their argument to any new contentions raised in Defendants' Stay Appeal.[1]

### A.   Magistrate Judge Senechal applied the appropriate standard in considering Defendants' Stay Motion.

Magistrate Judge Senechal looked to four factors in evaluating the Stay Motion: (1) the Privilege Log Appeal's likelihood of success on the merits; (2) the risk of irreparable injury to Defendants if the stay is not granted; (3) whether the stay would substantially harm other parties; and (4) whether the stay would serve the public interest. Order Denying Stay, pp. 2-3. Defendants do not contend that Magistrate Judge Senechal applied the wrong test; they simply disagree with her decision.

### B.   The Order Denying Stay properly determined that Defendants' Privilege Log Appeal is not likely to succeed on its merits.

Regarding likelihood of success on the merits, Defendants contend, once again, that this administrative question of privilege log detail is a "matter of first impression," ignoring myriad cases nationwide that have required disclosure of the same privilege log information Defendants have been ordered to produce (and more). Stay Appeal, p. 5. Even if this issue were truly novel, the Magistrate Judge properly resolved it.

---

[1] Specifically, in addition to the reasons set forth in this brief, Plaintiffs oppose Defendants' Stay Appeal for the reasons set forth in Plaintiffs' Stay Opposition (ECF No. 100) and the Order Denying Stay (ECF No. 105). The Stay Opposition and Order Denying Stay also reference arguments made in the underlying controversy regarding privilege logging – particularly with regard to Privilege Log Appeal's likelihood of success on the merits. Plaintiffs thus further oppose the instant appeal for the reasons set forth in Plaintiffs' Privilege Log Opposition (ECF No. 68), the Privilege Log Order (ECF No. 79), and Plaintiffs' Privilege Log Appeal Opposition (ECF No. 96).

Magistrate Judge Senechal found that the likelihood-of-success factor weighs in Plaintiffs' favor. Defendants argue this is contrary to law. Stay Appeal, p. 6. In their initial motion, they argued they did not have to establish this factor. Stay Motion, pp. 5-6. Now, they rely on their previous arguments regarding "the applicable peer review statutes." Stay Appeal, p. 6. As explained in Plaintiffs' other briefs and the Privilege Log Order, the peer review statutes protect documents, not the mere existence of such documents or information about the peer review like that required to support privilege assertions.[2] Numerous courts considering substantially similar peer review statutes have recognized this.[3]

The reasoning in the Peer Review Order is sound, there is no contrary authority, the Peer Review Order is entitled to deference, and the related appeal is therefore not likely to succeed. The Order Denying Stay is neither clearly erroneous nor contrary to law with regard to this factor.

### C. The Order Denying Stay properly concluded that Defendants would not suffer harm without a stay of the Privilege Log Order.

Regarding harm, Defendants contend compliance with the Privilege Log Order would cause irreparable harm because the order requires disclosure of privileged information. Stay Appeal, p. 7. It does not. It requires only disclosure of dates, custodian names and positions, subject matter, document identification numbers, and privilege asserted. Privilege Log Order, pp. 12-13. There is no support in any statute, rule, or decision that such information is privileged.

The Order Denying Stay is neither clearly erroneous nor contrary to law with regard to this factor.

---

[2] *See* Privilege Log Opposition, pp. 1-7, Privilege Log Order, p. 12, Privilege Log Appeal Opposition, pp. 4-5.

[3] *See* Privilege Log Opposition, pp. 7-11, Privilege Log Order, pp. 7-10, Privilege Log Appeal Opposition, pp. 6-7.

### D. The finding of "possible injury" to Plaintiffs was both correct and consistent with the applicable legal standard.

Regarding prejudice to Plaintiffs, Defendants argue that Plaintiffs will suffer no harm. In support, they set forth a meandering, misleading summary of discovery progress to date. Stay Appeal, pp. 8-9 (e.g., claiming "thousands of pages" of production but ignoring that these many pages are in only 44 documents, some of which are lengthy Excel files). They dispute Magistrate Judge Senechal's conclusions regarding the progress of discovery and associated prejudice even though Magistrate Judge Senechal has closely overseen discovery, including through recurring case status conferences and determinations on multiple disputed issues, and is well informed about discovery status. They contend "Plaintiffs did not demonstrate substantial injury" despite it being *Defendants*' burden to show the stay would *not* cause such injury. Stay Appeal, p. 9. And they suggest that the timing of Plaintiffs' claims against Dakota Clinic Pharmacy – a party with no role in this dispute – is somehow relevant to their own failure to meaningfully participate in discovery in the roughly nine months since requests for production have been served. Stay Appeal, p. 9.

The only purported "error" Defendants point to with regard to this factor is the Order Denying Stay's phrasing of "possible injury" rather than "substantial injury." The two are not mutually exclusive. Of course the injury inflicted by a stay is only "possible." The length of the sought-after stay would be dependent on the timing of the resolution of the appeal; the issuing court cannot know whether the stay would last a single day or several months.

The Order Denying Stay is neither clearly erroneous nor contrary to law with regard to this factor.

### E. The conclusion that the "public interest" factor is neutral was a windfall to Defendants and does not support their appeal.

Regarding the public interest, Defendants disagree with Magistrate Judge Senechal's

conclusion that the factor is neutral. Stay Appeal, p. 10. They note that the peer review privilege is designed for the public interest. *Id.* As Defendants recognize, that interest is "the strong public interest in improving health care." *Id.* (quoting *Larson v. Wasemiller* 738 N.W.2d 300, 312 (Minn. 2007)). An overbroad, unsupported application of the peer review privilege would not improve healthcare:

> We must be particularly vigilant against extending the scope of the privilege beyond that warranted by the purpose expressed in the language of the statute. . . . [Its] public purpose is not served . . . if the privilege created in the peer-review statute is applied beyond what was intended and what is necessary to accomplish the public purpose. The privilege must not be permitted to become a shield behind which a physician's incompetence, impairment, or institutional malfeasance . . . can be hidden from parties who have suffered . . . .

*Trinity Med. Ctr. v. Holum*, 544 N.W.2d 148, 154 (N.D. 1996) (citation and quotations omitted). Nor would a stay allowing Defendants to continue to improperly shield information in discovery serve the public's interest in an open, efficient judicial process. *See id.* at 152 ("Evidentiary privileges must be narrowly construed because they are in derogation of the search for truth.").

To the extent the Order Denying Stay departs from this law regarding public interest, it was a windfall in Defendants' favor. The Order Denying Stay is neither clearly erroneous nor contrary to law with regard to this factor.

## V.   CONCLUSION

The Order Denying Stay was properly decided and should be affirmed.

Dated: September 3, 2021

Respectfully submitted,

/s/ Melissa Ryan Clark
Melissa Ryan Clark
Brooke A. Achua
FEGAN SCOTT LLC
140 Broadway, 46th Fl.
New York, NY 10005
Ph: 646.502.7910
Fax: 312.264.0100
melissa@feganscott.com

brooke@feganscott.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Mac Schneider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
mac@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD &
WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Counsel for Plaintiffs*

7