IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jessica Kraft, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Essentia Health, et al.,<br><br>Defendants. | **ORDER**<br><br>Case No. 3:20-cv-121 |

Before the Court are two Appeals from Magistrate Judge Decision filed by Defendants Essentia Health and Innovis Health, LLC, d/b/a Essentia Health West, (collectively, "Essentia"). The first is Essentia's appeal of United States Magistrate Judge Alice R. Senechal's August 2, 2021 Order Regarding Discovery Dispute[1] (the "Discovery Dispute Order") (Doc. No. 79), filed on August 11, 2021. Doc. No. 87. On August 18, 2021, Plaintiffs Jessica Kraft, et al., ("Plaintiffs") filed a response in opposition. Doc. No. 96.

The second appeal is Essentia's appeal of Judge Senechal's August 31, 2021 Order Denying Motion to Stay (the "Stay Order") (Doc. No. 105), filed on September 1, 2021. Doc. No. 106. Plaintiffs filed a response in opposition on September 3, 2021. Doc. No. 108.

For the following reasons, Essentia's appeal of the Discovery Dispute Order (Doc. No. 87) is denied, and as a result, the Court finds as moot Essentia's appeal of the Stay Order (Doc. No. 106).

## I.    BACKGROUND

The Court is familiar with the allegations and claims in this case. In short, Plaintiffs brought this putative class action alleging that Essentia sold and administered injectable pharmaceuticals—

---

[1] On August 4, 2021, Judge Senechal issued an Order Amending the August 2, 2021, Order. Doc. No. 81. The Amended Order clarified the time period in which Essentia must produce a privilege log. Id.

time and temperature sensitive pharmaceutical products—that had been stored outside the proper temperature range.[2] See Doc. No. 92. Plaintiffs assert multiple claims and seek to recover for economic loss. Id.

This case is currently in the discovery phase of litigation. To that end, as part of the discovery process, Plaintiffs served various discovery requests on Essentia, including requests for production of documents. As part of its response to these discovery requests, Essentia asserted various privileges as to several documents and provided a privilege log and a supplemental privilege log. Doc. No. 57-1, pp. 5, 7. Both the original and supplemental privilege logs assert "the peer review/quality assurance privilege."[3] Id. Essentia claims the peer review privilege protects and applies to over 200 responsive documents. Doc. No. 63, p. 2. Nevertheless, the supplemental privilege log[4] contains only three entries for which Essentia asserts that specific privilege. See Doc. No. 57-1, p. 7. These entries are dated "Various" or "Various; February 2020-Present." Id. The subject matter of each entry at issue consists of "Lawsuit," "Investigation; lawsuit," and "Investigation." Id. Additionally, within each entry, the document types are described as: (i) "Communications with the [law firm] and documentation prepared at the request and/or direction of the [law firm]," (ii) "Communication and documentation within and with, or at the direction of, Essentia's Legal Department," and (iii) "Documentation within Essentia's Pharmacy Department." Id. Essentia did not list any author or recipient for the entries at issue. See id.

---

[2] Plaintiffs first filed their Complaint on July 10, 2020. Doc. No. 1. On January 25, 2021, Plaintiffs filed their Amended Complaint. Doc. No. 28. Plaintiffs then filed a Second Amended Complaint on August 16, 2021, to which the Court refers. Doc. No. 92.

[3] For ease of reference, the Court refers to "the peer review/quality assurance privilege" as "peer review privilege."

[4] Instead of addressing both the original and supplemental privilege logs, the Court will limit its discussion to the supplemental privilege log, which has greater detail. See Doc. No. 57-1, pp. 5, 7.

On May 19, 2021, the parties participated in a status conference which addressed, in part, the adequacy and detail (or lack thereof) of Essentia's privilege logs. See Doc. No. 57. Because the privilege log issue was not resolved during the conference, Judge Senechal authorized briefing. Id.; Doc. No. 79, p. 2. In the interim, Judge Senechal ordered an in-camera submission of ten percent of the documents that Essentia claimed were protected by peer review privilege along with "a detailed privilege log of those documents." Doc. No. 66.

After reviewing the parties' briefs, along with documents submitted in-camera, Judge Senechal issued the Discovery Dispute Order, concluding, among other things, that a "[r]eview of the documents Essentia submitted in camera does not convince the court that Essentia cannot identify withheld documents without disclosing privileged information." Doc. No. 79, p. 12. Judge Senechal then ordered Essentia to:

> provide privilege logs identifying documents over which it claims peer review privilege with at least the following information:
>
> (1) the date on which it was created, (2) identity of the person who created it and the position held by that person at the time the document was created, (3) identity of persons who received the document and their positions, (4) a description of the subject matter of the document, (5) inclusive document identification numbers, and (6) specific reference to the portion of the North Dakota or Minnesota privilege the document is asserted to meet.

Id., p. 12-13. Essentia subsequently filed this appeal.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a) and District of North Dakota Civil Local Rule 72.1(B), a magistrate judge is permitted to hear and determine non-dispositive matters in a civil case. Any party may appeal the determination to the district court judge assigned to the case who "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also D.N.D. Civ. L. R. 72.1(D)(2). "A

district court conducts an 'extremely deferential' review of a magistrate judge's ruling on a nondispositive issue." Carlson v. BNSF Ry. Co., No. 19-CV-1232, 2021 WL 3030644, at *1 (D. Minn. July 19, 2021). As such, a magistrate judge's decision will not be disturbed unless the "clearly erroneous" or "contrary to law" standards are met. See Fed. R. Civ. P. 72(a); see also Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013). A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is "left with the definite and firm conviction that a mistake has been committed." Dixon v. Crete Med. Clinic, P.C., 498 F.3d 837, 847 (8th Cir. 2007) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). "A decision is contrary to law when a court fails to apply or misapplies relevant statutes, case law or rules of procedure." Shank v. Carleton Coll., 329 F.R.D. 610, 613 (D. Minn. 2019). The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

## III.    **LEGAL DISCUSSION**

Essentia contends the Discovery Dispute Order is "based on cases that do not address what level of detail may be included in a privilege log without revealing information itself privilege[d] or protected by the [peer review] privilege and cases interpreting other states' [peer review] statutes" and is "contrary to the plain language of the statutes at issue." Doc. No. 87, p. 5. As such, Essentia argues the Discovery Dispute Order is contrary to law. Id. Alternatively, Essentia seeks certification of the issue to the North Dakota Supreme Court. Id.

Relatedly, Essentia posits that the Stay Order is both contrary to law and clearly erroneous. Doc. No. 106, p. 2. Accordingly, Essentia requests this Court set aside both Orders. The Court turns first to the appeal of the Discovery Dispute Order.

### A.      The Discovery Dispute Order

Essentia's first appeal presents the issue of what level of detail must be included in a privilege log by a party invoking the peer review privilege, consistent with Federal Rule of Civil Procedure 26. Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that a party who "withholds information otherwise discoverable by claiming that the information is privileged" must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and to do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). As the Advisory Committee notes explain:

> The party must also provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection. Although the person from whom the discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or protection applies. Providing information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents.

> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories. A party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing this information would be an unreasonable burden. In rare circumstances some of the pertinent information affecting applicability of the claim, such as the identity of the client, may itself be privileged; the rule provides that such information need not be disclosed.

Fed. R. Civ. P. 26 advisory committee's note to the 1993 amendment.

Further, and relevant to this appeal, pursuant to Federal Rule of Evidence 501 "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Here, the Court has jurisdiction based on diversity of citizenship. Accordingly,

state law provides the rule of decision and governs the existence and scope of any privilege. In re Baycol Prod. Litig., 219 F.R.D. 468, 469 (D. Minn. 2003) (citation omitted).

The parties do not dispute the applicable North Dakota and Minnesota statutory authority and do not assert a conflict of laws issue. Thus, the Court incorporates by reference the relevant North Dakota and Minnesota statutes relied on by Judge Senechal in the Discovery Dispute Order. See Doc. No. 79 pp. 4-7 (citing N.D. Cent. Code § 23-34-03; N.D. Cent. Code § 23-34-01; Minn. Stat. § 145.64; Minn. Stat. § 145.61).

As noted above, the issue here is what level of detail must be included on a privilege log by a party invoking the peer review privilege and whether the peer review privilege protects the following information that the Discovery Dispute Order required Essentia to include in its privilege log:

> (1) the date on which it was created, (2) identity of the person who created it and the position held by that person at the time the document was created, (3) identity of persons who received the document and their positions, (4) a description of the subject matter of the document, (5) inclusive document identification numbers, and (6) specific reference to the portion of the North Dakota or Minnesota privilege the document is asserted to meet.

Doc. No. 79, p. 12-13.

The Court has reviewed and considered the relevant North Dakota and Minnesota statutes and numerous cases cited by both Judge Senechal and the parties. The Court has also independently evaluated Essentia's in-camera submissions, which contained a "detailed privilege log" for ten percent of the documents that Essentia claimed were protected by the peer review privilege.

In its appeal of the Discovery Dispute Order, Essentia argues the above information that Judge Senechal ordered Essentia to include on its privilege log requires Essentia to disclose privileged information. As a result, Essentia contends Judge Senechal's Discovery Dispute Order is contrary to law. The Court, however, disagrees.

6

The information Judge Senechal ordered Essentia to include on its privilege log consists of dates, names, positions, descriptions, and citation to the asserted privilege. The Discovery Dispute Order directs Essentia to describe allegedly privileged documents in such a way that it will enable Plaintiffs to assess the claim of privilege, as envisioned by Federal Rule of Civil Procedure 26. Contrary to Essentia's arguments, this is not one of those "rare" cases where the information on the privilege log is itself privileged. Like Judge Senechal, after a careful review, the Court is not convinced that the peer review privilege (of either North Dakota or Minnesota) protects the information the Discovery Dispute Order requires Essentia to provide on its privilege logs.

As a result, the Court concludes that Judge Senechal's Discovery Dispute Order is not contrary to law. The Court, therefore, declines to set aside the Discovery Dispute Order.

## B.        Certification to the North Dakota Supreme Court

Beyond the appeal, Essentia alternatively argues that the question of what level of detail must be disclosed in a peer review privilege log is a matter of first impression and that the Court should certify the question to the North Dakota Supreme Court. See Doc. No. 87, p. 15.

Under North Dakota Rule of Appellate Procedure 47, the North Dakota Supreme Court may answer certified questions of law "when two conditions are met: (1) the legal question 'may be determinative of the proceeding,' and (2) 'there is no controlling precedent.'" Blasi v. Bruin E&P Partners, LLC, 2021 ND 86, ¶ 6, 959 N.W.2d 872; N.D. R. App. P. 47. As explained by the Eighth Circuit:

> Whether a federal court should certify a question to a state court is a matter of discretion. See Perkins v. Clark Equip. Co., 823 F.2d 207, 209 (8th Cir. 1987). As the D.C. Circuit has stated: "The most important consideration guiding the exercise of this discretion ... is whether the reviewing court finds itself genuinely uncertain about a question of state law...." Tidler v. Eli Lilly & Co., 851 F.2d 418, 426 (D.C. Cir. 1988). We have expressly held that without a "close" question of state law or the lack of state sources, a federal court should determine all the issues before it. Perkins, 823 F.2d at 209.

7

Johnson v. John Deere Co., a Div. of Deere & Co., 935 F.2d 151, 153-54 (8th Cir. 1991).

Here, the certification question largely turns on whether the present issue—what level of detail must be included in a privilege log by a party invoking the peer review privilege—may be determinative of the proceeding. Critically, an answer either for or against Essentia would not be determinative of the proceeding. If Essentia was successful on its appeal, then it would provide less information on its privilege logs; discovery and the underlying case would continue. Conversely, if Essentia was unsuccessful, then it would provide more information on its privilege logs; discovery and the underlying case would continue. Under either scenario, discovery continues, the underlying case continues, and the certification would not materially advance the ultimate termination of the litigation. The issue of what level of detail must be included in a privilege log by a party invoking the peer review privilege, therefore, is not determinative in this case.

Accordingly, the Court declines to exercise its discretion to certify a question to the North Dakota Supreme Court under the facts and circumstances presented in this case. Essentia's motion for certification is, thus, denied.

## IV.   CONCLUSION

The Court has carefully reviewed both the Discovery Dispute Order, the Stay Order, the briefs, the applicable law, and the entire record. The Court finds that Discovery Dispute Order is not contrary to law. Accordingly, Essentia's appeal of the Discovery Disputer Order (Doc. No. 87)

is **DENIED**. Consequently, the Court **FINDS AS MOOT** Essentia's appeal of the Stay Order (Doc. 106).

   **IT IS SO ORDERED**.

   Dated this 7th day of September, 2021.

             */s/ Peter D. Welte*
             Peter D. Welte, Chief Judge
             United States District Court

9