**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jessica Kraft, et al., | ) | |
| | ) | Case No. 3:20-cv-121 |
| Plaintiffs, | ) | |
| | ) | **ORDER REGARDING** |
| vs. | ) | **SEALING OF SECOND** |
| | ) | **AMENDED COMPLAINT AND** |
| Essentia Health, et al., | ) | **SUPPORTING MEMORANDUM** |
| | ) | |
| Defendants. | ) | |

In this putative class action, plaintiffs allege defendant Essentia Health sold and administered injectable pharmaceuticals—time and temperature sensitive pharmaceutical products (TTSPPs)—that had been stored outside the proper temperature range. Plaintiffs contend the improper storage of TTSPPs resulted in "reduced vaccine potency and the increased risk of vaccine-preventable diseases." (Doc. 28, p. 2). Essentia's answer admits that in April 2020, it advised patients who had received certain TTSPPs that the TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. (Doc. 30, p. 2).

Plaintiffs filed a Second Amended Complaint on August 13, 2021, naming Dakota Clinic Pharmacy (DCP) as an additional defendant. In connection with the motion to amend the complaint, plaintiffs moved for leave to file the amended complaint under seal, with a redacted version filed publicly. Plaintiffs stated the second amended complaint includes information Essentia designated as "confidential" or "highly confidential" pursuant to the court's March 1, 2021 Protective Order. Though Plaintiffs brought the motion to seal, they asserted the proposed redacted information does not in fact meet criteria for denial of public access and stated they moved for filing under seal only because of Essentia's confidentiality designations. (Doc. 89-1, p. 5).

The court granted the motion to seal provisionally so that service of the Second Amended Complaint could proceed and directed Essentia to file a memorandum explaining its position that public access to the proposed redacted information should be denied. Essentia filed its memorandum, and requests that memorandum be filed under seal, with a redacted version to be filed publicly. (Doc. 101). Plaintiffs filed a responsive memorandum. (Doc. 107). This order addresses two questions: whether the unredacted Second Amended Complaint should be sealed, and whether Essentia's memorandum on that topic should be sealed.

**Law and Discussion**

Essentia argues plaintiffs' use of information, which had its genesis in discovery documents Essentia had designated confidential, in the Second Amended Complaint "circumvents the provisions of the Confidentiality Order" governing the case. (Doc. 101-2, p. 6). Further, Essentia argues plaintiffs' inclusion of the disputed information in the pleading is more analogous to using the information in a discovery motion than to using the information in a dispositive motion. Essentia points to several allegations in the amended complaint making direct reference to information obtained in the course of discovery. In Essentia's view, plaintiffs use of the information in the amended pleading "undermines the discovery process and the very purpose in entering a Confidentiality Order" and leaves it to Essentia to "discern[ ] exactly what discovery each of the redacted allegations is derived from." Id. at 6-7

Plaintiffs respond that the discovery-related allegations of the amended complaint are plainly part of the judicial record, that the Confidentiality Order did not require them to challenge Essentia's confidentiality designations before filing the amended complaint, that Essentia can easily identify the sources of the disputed

2

information, and that Essentia has not adequately shown why the public should be denied access to the information at issue.

The Eighth Circuit recently described standards for sealing documents filed with the court:

> Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute. The primary rationales for this right are the public's confidence in, and the accountability of, the judiciary. Whether the common-law presumption can be overcome is determined by balancing "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." In order to adjudicate the issue, a court must first decide if the documents in question are "judicial records," and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records. The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so.

Flynt v. Lombardi, 885 F.3d 508, 511 (8th Cir. 2018) (internal citations omitted).[1] Compelling reasons for denial of public access include personal and professional safety, protection of sensitive business information, personal privacy, and national security. See id. at 511-12; IDT Corp. v. eBay, Inc., 709 F.3d 1220, 1224 (8th Cir. 2013); Webster Groves Sch. Dist. v. Pulitzer Publ'g Co, 898 F.2d 1371, 1377 (8th Cir. 1990); CAA Sports LLC v. Dogra, No. 4:18-cv-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018).

---

[1] Plaintiffs cite Marden's Ark, Inc. v. UnitedHealth Group, where the district court found an earlier Eighth Circuit case classified all documents filed in federal court as judicial records, "some of which enjoy a strong presumption of public access that is difficult to overcome, while others enjoy only a weak presumption that is easily overcome." No. 19-cv-1653, 2021 WL 1846803, at *3 (D. Minn. Apr. 15, 2021) (citing IDT Corp., 709 F.3d at 1224). Under the facts present here, it is not necessary to determine whether to apply the two-step approach of Flynt or the approach of Marden's Ark.

Though not questioning that the amended complaint is itself a "judicial record," Essentia posits it should not be treated as such because it includes information derived from discovery designated as confidential. Thus, Essentia argues a presumption of a public right of access does not attach under the Eighth Circuit's Flynt standard. Essentia cites Steele v. City of Burlington, Iowa, 334 F. Supp. 3d 972 (S.D. Iowa 2018), in support of that position. But the amended complaint is not analogous to documents filed in cases resolved without the court's involvement, as was discussed in Steele. The amended complaint is now the central document in this litigation, and its allegations are vigorously contested. At this juncture, it appears the dispute will not be resolved without the court's intervention.

Essentia describes the information it seeks to have redacted as (1) the business relationship between Innovis Health, LLC, and DCP; (2) Innovis Health policies; and (3) Essentia's substantive discovery responses regarding potential temperature excursions. (Doc. 101-2, p. 9). From Essentia's perspective, disclosure of the business relationship between the parties might result in "an unfair competitive, financial or commercial advantage to competitors or disadvantage to the producing parties." Id. But, as plaintiffs argue, Essentia has not specified the information to which it refers or how disclosure might impact competition.

In addition to arguing sealing is necessary because of concerns for competition, Essentia points to having produced "voluminous de-identified data, including detailed financial data," which is proprietary and reflective of its "competitiveness within the healthcare market." Id. at 9-10. But the four paragraphs of the Second Amended Complaint to which Essentia's argument refers include no financial data. The court will, however, allow redaction of monetary terms of the agreements between Essentia and/or

4

Innovis and DCP that are contained in Paragraphs 150, 153, 159, and 341 of the Second Amended Complaint.

Essentia also points to the need to preserve patient data and states the "voluminous de-identified data" it has produced is "derivative of the healthcare relationship and its disclosure would result in an unfair disadvantage to Essentia as it would be detrimental to the healthcare relationship itself." Id. at 10. Essentia, however, has not identified any de-identified patient data that is referenced in the Second Amended Complaint.

Other than the monetary amounts referenced in the paragraphs identified above, Essentia has not met its burden to show a compelling reason to deny public access to information included in the Second Amended Complaint. There is no question the complaint is a judicial record. A party's designation of documents or information as confidential or highly confidential is not, in itself, sufficient reason to deny public access to a judicial record. Since the standards for confidentiality and sealing are different, plaintiffs were not required to follow the Confidentiality Order's challenge process prior to filing the Second Amended Complaint. Essentia has not shown any compelling reason to seal portions of the Second Amended Complaint other than the monetary amounts discussed above. Nor has Essentia met its burden to establish compelling reason to deny public access to its memorandum regarding sealing of the Second Amended Complaint.

In their response, plaintiffs ask that the court direct defendants to "limit their future confidentiality designations and requests for sealing to those supported by law and the Confidentiality Order" (Doc. 107, p. 14). The court always expects the parties to follow its orders and to comply with governing law and will not make the additional order plaintiffs request.

## Conclusion

Essentia's request for redaction of the Second Amended Complaint is **GRANTED IN PART**, but only as to the monetary amounts included in Paragraphs 150, 153, 159, and 341. Plaintiffs are directed to publicly file the Second Amended Complaint, with those amounts redacted, within three business days. Essentia's request is **DENIED** in all other respects. Essentia's request that its memorandum be filed under seal, (Doc. 101), is also **DENIED**. Essentia is directed to publicly file the memorandum within three business days, and the Clerk is directed to unseal plaintiffs' response, (Doc. 107), to that memorandum.

**IT IS SO ORDERED**.

Dated this 17th day of September, 2021.

/s/ Alice R. Senechal

Alice R. Senechal
United States Magistrate Judge