THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B.; AMY LAVELLE, individual and as parent of minors Em.L.and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F.; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated, | Case No. 3:20-CV-00121 |
| Plaintiffs, | **ESSENTIA HEALTH'S MEMORANDUM REGARDING REDACTIONS TO SECOND AMENDED COMPLAINT** |
| vs. | |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, | |
| Defendants. | |

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

Defendant, Essentia Health ("Essentia") submits this Memorandum regarding its

position that public access to the proposed redactions in Plaintiffs' Second Amended

Complaint pursuant to the Court's Order Regarding Sealing of the Second Amended

Complaint, dated August 19, 2021.  Essentia maintains the proposed redactions in Plaintiffs'

Second Amended Complaint are appropriate pursuant to the Court's Confidentiality Order entered on March 1, 2021 (Doc. ID No. 45) and applicable law.

Following status conferences on February 17 and February 25, of 2021, this Court entered a Confidentiality Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. (Doc. ID No. 45, *Confidentiality Order*, at A1). In issuing the Confidentiality Order, this Court recognized that litigation in this case may involve the production of

> trade secrets, proprietary commercial or business information, financial information, personal identifying or personal health information, information subject to one or more U.S. or foreign data privacy laws or regulations, and/or other sensitive and confidential information for which special protection from public disclosure and from use for any purpose other than this proceeding is warranted.

*Id.* at A2. As the Confidentiality Order makes plain, "[i]t is expressly understood by and among the parties that in producing Confidential Information and/or Highly Confidential Information in this proceeding, the parties shall be relying upon the terms and conditions of" the Confidentiality Order. *Id.* at A8. To that end, the Confidentiality Order permits the parties to label information produced in discovery as either "Confidential" or "Highly Confidential" provided such designation is made in good faith. *Id.* at B6-C1.

"Confidential Information" is defined to include trade secrets, sensitive technical or proprietary business information which if disclosed may unfairly disadvantage the Producing Party, protected health information, personal identifying information, and "any other sensitive information or tangible things" requiring protection. *Id.* at B6. "Highly Confidential Information" is Confidential Information which if disclosed would "cause a substantial risk of a significant competitive or commercial disadvantage to the Producing Party." *Id.* at B8.

2

Consistent with and in reliance on the Confidentiality Order, Essentia designated various discovery produced in this action as either "Confidential" or "Highly Confidential."

Following the Court's Order granting Dakota Clinic Pharmacy's ("DCP") Motion to Dismiss without prejudice, Plaintiffs sought to amend the First Amended Complaint and, in doing so, included information derived from Essentia's discovery production which Essentia designated as Confidential or Highly Confidential pursuant to the Court's Confidentiality Order. Consistent with the Confidentiality Order, which requires a party seeking to file material that a party has designated as Confidential or Highly Confidential to first file a Motion for leave to file under seal, Plaintiffs filed a Motion for leave to file a redacted version of the Second Amended Complaint. (Doc. ID No. 89, *Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion to File Portions of the Second Amended Complaint Under Seal*). Plaintiffs acknowledged they had not challenged Essentia's designations pursuant to the procedure outlined in the Confidentiality Order, but nonetheless explained they do not believe the proposed redacted material warrants filing under seal. (Doc. ID No. 89-1, *Memorandum in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion to File Portions of the Second Amended Complaint Under Seal*).

The Court initially granted Plaintiffs' Motion to Seal to allow service of the Second Amended Complaint and subsequently requested Essentia to explain "its position that public access to the proposed redacted information should be denied." (Doc. ID No. 97, *Order Regarding Sealing of the Second Amended Complaint*). This Memorandum follows.

## II.   **LAW AND ARGUMENT**

As this Court has recognized "[t]he public has a well-established, though not absolute, right of access to court records." *Guttormson v. ManorCare of Minot ND, LLC*, No. 4:14-CV-

26, 2015 WL 11147876, at *1 (D.N.D. Sept. 28, 2015).  Rooted in common law, there is "a modern trend in federal cases to treat pleadings in civil litigation (other than discovery motions and accompanying exhibits) as presumptively public, even when the case is pending before judgment." *IDT Corp. v. eBay,* 709 F.3d 1220, 1223 (8th Cir. 2013); *see Guttormson,* No. 4:14-CV-36, 2015 WL 11147876, at*1 (D.N.D. Sept. 28, 2015).  Even where the presumption applies, access is not automatic.  Instead, "[t]he court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT,* 709 F.3d at 1223.

The analysis, therefore, is to twofold.  "In order to adjudicate the issue, [the Court] must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records." *Steele v. City of Burlington, Iowa,* 334 F. Supp. 3d 972, 976 (quoting *IDT,* 709 F.3d at 1222-23).  "The Court 'has supervisory control over its records.'" *Id.* (quoting *Flynt v. Lombardi,* 885 F.3d 508, 511 (8th Cir. 2018)).  Accordingly, the Court has discretion to determine whether filing under seal is appropriate. *Id.* (quoting *Duckworth v. St. Louis Metro. Police Dep't,* 654 F. App's 249, 250 (8th Cir. 2016)).

While there is little dispute that a Complaint is a judicial record to which a qualified right of access attaches, there is similarly no dispute that the redacted portions of the Plaintiffs' Second Amended Complaint have their genesis in Essentia's discovery production designated as Confidential and Highly Confidential pursuant to the Court's Confidentiality Order.  (Doc. ID No. 89-1, *Memorandum in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion to File Portions of the Second Amended Complaint Under Seal,* at pg.

4

4 ("Plaintiffs seek to include information in the SAC that is derived from discovery that defendant Essentia Health has identified as Protected Material."). Framed as a Second Amended Complaint, and corresponding Motion to Seal pursuant to the Confidentiality Order, Plaintiffs' inclusion of such allegations circumvents the provisions of the Confidentiality Order which outline the procedure a receiving party must follow to challenge confidentiality designations. *See* Doc. ID No. 45, *Confidentiality Order,* at F. There is good reason to follow the procedure outlined in the Confidentiality Order to challenge a party's confidentiality designation as it requires the challenging party to "specifically identify each designated document or other material that is the subject of the Receiving Party's challenge." *Id.* at F1. Absent this exchange, and as is the case here, the producing party is left the chore of discerning exactly what discovery each of the redacted allegations is derived from. While the origin of some of the redacted allegations is clear, others are less so. *Compare* Doc. ID No. 89-2, *Exhibit A,* ¶ 82 *with* ¶ 120.

In addition, Plaintiffs' inclusion of such allegations in the Second Amended Complaint is more analogous to a discovery motion and related exhibits, to which no common law right of access attaches, than a dispositive motion and supporting documents, for example, to which there is a presumptive right of access. *See Steele,* 334 F. Supp. 3d at 976-77 (S.D. Iowa 2018) (providing string cite of cases distinguishing between discovery motions and discovery material and merit-based motions as it relates to common law presumption of access). In fact, the redacted allegations refer specifically to discovery produced by Essentia during the course of this litigation as well as what has not been produced during the course of litigation thus far. (Doc. ID No. 89-2, *Exhibit A,* at ¶¶ 82, 89, 91, 119, 120, 139-155, 158-172, 174-184, 187, 249, 252, 254, 258, 261, 274, 277, 279, 283, 286, 304-05, 307-08, 310, 338, 340-342, 350-51).

However, and importantly, Plaintiffs' reference to Essentia's discovery and associated production is taken out of context and says nothing of Essentia's objections to Plaintiffs' corresponding discovery requests.

For example, Paragraphs 139-143 of the Second Amended Complaint reference and, in some places, directly quote Essentia's policies relative to temperature monitoring. *Id.* at ¶¶ 139-143. Plaintiffs allege "Essentia's own policies set forth temperature and storage guidelines that Defendants failed to follow." *Id.* at pg. 25. In discovery, however, Essentia produced the policies subject to several applicable objections and explained that the policies produced do not apply at DCP.[1]

It can hardly be said that the public right to access allows a party to cast aside the discovery process and disclose materials exchanged in discovery, despite their disputed relevance, by simply including them in an initial pleading. Such approach undermines the discovery process and the very purpose in entering a Confidentiality Order, such as the one in this action—to facilitate discovery by avoiding battles over protection for each individual document. *See Senith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.,* 529 F. Supp. 866, 879 n. 18 (E.D. Pa. 1981). The present case demonstrates exactly why "[i]nformation exchanged by the parties during discovery is generally not subject to a public right of access." *Guttormson,* No. 4:14-CV-36, 2015 WL 11147876, at*1 (D.N.D. Sept. 28, 2015). As the discovery referenced in the Second Amended Complaint is not itself a judicial record to which the public has a right of access, good cause exists to seal the proposed redacted portions of the

---

[1] To the extent the specific discovery referenced in this Memorandum would assist the Court in its review of this issue, Essentia asks that it be permitted to provide the same for *in camera* review.

Second Amended Complaint, consistent with the Confidentiality Order which was entered in this action.

Even if properly considered judicial records, the public right to access the information derived from discovery in this case is outweighed when the appropriate balancing test is applied. On balance, the Court must consider those interests supporting access, including any applicable presumptions, and the interests asserted in denying access. *IDT,* 709 F.3d at 1222. The interest in public access naturally varies, depending upon the stage of litigation and nature of the proceedings. Significantly, Essentia does not seek to seal the entirety of the Second Amended Complaint. Rather, Essentia seeks to preserve the confidentiality designations it gave to certain discovery referenced in the Second Amended Complaint. On balance, this approach is supported by the countervailing interests at issue. *See id.* at 1221. (remanding to district court to explain why sealing of entire pleading is warranted or to unseal a redacted version of the complaint).

Based on Essentia's review, the discovery referenced in the Second Amended Complaint appears to be derived from the following information and/or documents produced in discovery: (1) Innovis Health, LLC's Sixth Amended Restated Operating Agreement; (2) DCP's Amended and Restated Operating Agreement; (3) substantive discovery responses regarding the potential temperature excursion, including potentially Affected Medications and the number of potentially impacted patients; (4) Innovis Health's policies; (5) lease agreements between Innovis Health, LLC and DCP; (6) the Shared Services Agreement between Innovis Health, LLC and DCP; (7) termination of DCP's provision of pharmaceutical services; and (8) DCP's temperature logs, all designated either Confidential or Highly Confidential by Essentia pursuant to the Court's Confidentiality Order. Significantly, of these documents, DCP

7

produced documents (2), (5), (6), and (9) in response to Plaintiffs' Subpoena Duces Tecum and similarly designated these materials Confidential pursuant to the Court's Confidentiality Order.

The discovery included in Plaintiffs' Second Amended Complaint falls into three broad categories: (1) information regarding the business relationship between Innovis Health, LLC and DCP and internal business documents (2) Innovis Health's policies; and (3) Essentia's substantive discovery responses regarding the potential temperature excursion. This discovery was designated Confidential or Highly Confidential pursuant to the Confidentiality Order and with the expectation that such discovery would be treated as Confidential or Highly Confidential under the Confidentiality Order. *See* Doc. ID No. 45, *Confidentiality Order,* at A8.

The business relationship between the parties at issue in this case, reduced to writing in the various agreements referenced above, is worthy of protection at this juncture as they are representative of negotiated commercial agreements which, if disclosed, might result in an unfair competitive, financial or commercial advantage to competitors or disadvantage to the producing parties. This is particularly true now that DCP no longer provides pharmaceutical services for Essentia and/or Innovis Health, LLC. The same is true with respect to Innovis's and DCP's internal documents as well. An entity's structure and internal governance, if disclosed, has the potential to result in similar unfair competitive advantage to competitors and such sensitive information warrants protection from public disclosure at this time.

In addition, Essentia produced voluminous de-identified data, including detailed financial data, in response to Plaintiffs' discovery requests, designated as Highly Confidential pursuant to the Confidentiality Order. Paragraphs 119, 120, 252, and 277 of the Second

8

Amended Complaint appear to be derivative of this discovery. *See* Doc. ID No. 89-2, *Exhibit A*. This data reflects charges, payments, patient counts, third party payor data, and medication data by unique patient counts as it relates to the alleged class. This data is reflective of Essentia's competitiveness within the healthcare market and is proprietary. It was developed for the purpose of production in response to Plaintiffs' discovery requests relative to the alleged class and Essentia expended significant time and resources in developing these documents and underlying information. This information has not been disclosed outside of the context of this litigation and was created and produced with the expectation of confidentiality provided for by the Court's Confidentiality Order.

In addition, and as this Court has acknowledged, Essentia has a significant interest in preserving patient data, including patient specific information regarding alleged class members. *See* Doc. ID No. 76, *Order Regarding Discovery Disputes,* at pg. 13. The voluminous de-identified data Essentia produced which is referenced in Plaintiffs' Second Amended Complaint is derivative of the healthcare relationship and its disclosure would result in an unfair disadvantage to Essentia as it would be detrimental to the healthcare relationship itself.

These interests are not outweighed by the common law right to access. Plaintiffs suggest the redacted allegations go to the core of this case "which impacted tens of thousands of patients." (Doc. ID No.89-1, *Memorandum in Support of Plaintiffs' Motion for Leave to File Second Amended Complaint and Motion to File Portions of the Second Amended Complaint Under Seal,* at pg. 5). However, this litigation is still in its preliminary phases, no class has been certified, and the redacted allegations are not currently subject of an evidentiary ruling or the subject of a dispositive ruling and/or opinion such that the public may need access

9

to the same to understand the Court's decisions and assess the validity of those rulings. *See Zenith Radio Corp., v. Matsuhshita Electric Industrial Co., Ltd.,* 529 F. Supp. 866 (E.D. Pa. 1981). Essentia only seeks to maintain redactions which affect less than twenty percent of the Second Amended Complaint. The redactions do not preclude the public from understanding the Plaintiffs' claims or the general alleged factual basis thereof.

## III.    CONCLUSION

For these reasons, Essentia respectfully requests the redactions to the Second Amended Complaint remain.

Dated this 20th day of September, 2021.

**VOGEL LAW FIRM**

*s/ Angela E. Lord*

BY:    Angela E. Lord (#05351)
Robert B. Stock (#05919)
Briana L. Rummel (#08399)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email:    alord@vogellaw.com
rstock@vogellaw.com
brummel@vogellaw.com
ATTORNEYS FOR ESSENTIA HEALTH
AND INNOVIS HEALTH, LLC

4510355.1

10