Jessica Kraft et al

  v.              Case No. 3:20-cv-121

Essentia Health

### Clerk's Minutes
Proceedings: Status Conference

Honorable Alice R. Senechal  Date: 10/13/21
Todd Dudgeon, Deputy Clerk  Time: 2:30 pm
            Recess: 2:52 pm
Digital Recorder:  211013-000 Kraft v. Essentia (JS Chambers Recorder)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Appearances:
Attorneys for plaintiff: Melissa Clark, Brooke Achua, J. Barton Goplerud
Attorneys for defendant(s):Angie Lord, Robert Stock, Briana Rummel - for Defendant Essentia
Health, Innovis Health LLC; Peter Zuger for defendant Dakota Clinic Pharmacy, LLC.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Court opens the record, parties enters appearances, and court states purpose of this conference.

Court reviews issues from the Sept 14 conference and the follow up order.
Court will review some of the issues from that conference

1.  Procedures for named plaintiffs receiving information identified as highly
confidential/attorney eyes only materials - parties have resolved this issue.

2. Essentia confirming chart by chart review to identify requested information.  There may be
some issue here, but the parties will try to resolve this issue through a meet/confer process, or
plaintiff may serve a discovery/interrogatory request.  For now, it seems to be resolved.

3.  Search Terms.  Ms. Clark indicates plaintiffs have Essentia Health's final position on search
terms and will be bringing the disputed terms to the attention of the court by motion.  (Which
will be filed by the end of the month).  Mr. Stock agrees to run again a few of the search terms
and will communicate the results to Ms. Clark.  Court asks this be done soon so any unresolved
issues can be raised in Ms. Clark's motion.

4. Privilege log question.  Ms. Clark - subject matter contains boiler plate information...not
enough detail to challenge or not challenge whether the privilege applies.  Plaintiffs claim the
logs fall short of what the rules require and the order provides.  Plaintiffs would like the court to
order Essentia to take another look at this information.

Ms Lord: re subject matter descriptions, same or similar descriptions were on the in camera logs
- courts order did not note any deficiencies with the information on the in camera logs.  Dfts are
willing to take another look at the logs, and ask the court for guidance in this regard.

Court will issues a short order as soon as possible outlining requirements of the subject matter descriptions.   Court also asks parties to discuss the peer review privilege assertions.

Court also asks if the issue regarding the representative form letters sent to patients potentially impacted by the temperature excursions is resolved - parties indicate this is resolved for now.

Ms. Clark - re: underlying financial data.  Spreadsheets have been provided, any additional details have  been withheld by Essentia.  Plaintiffs cannot assess damages without all the relevant data/underlying documents.  Ms. Lord indicates the information is data driven, not document driven.  Counsel will talk with her client to further address the areas in Ms. Clark's position statement.

Court aks the parties to have real-time discussions in the next two weeks and in advance of the next conference.

Court sets a further status conference for <u>Tuesday, November 16, 2021 at 2:30 pm by phone</u>.

Adjourn.