**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jessica Kraft, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-121 |
| | ) | |
| vs. | ) | **ORDER REGARDING PRIVILEGE** |
| | ) | **LOGS** |
| Essentia Health, et al., | ) | |
| | ) | |
| Defendants. | ) | |

An order of August 2, 2021, required defendant Essentia Health to provide more detailed privilege logs describing documents over which it claims peer review privilege. During an October 13, 2021 status conference, plaintiffs raised an issue of adequacy of Essentia's subject matter descriptions in its privilege logs. Essentia responded that it had used the same subject matter descriptions it used in logs provided for in camera review in connection with the August 2, 2021 order.

The August 2, 2021 order stated:

> Essentia will be required to provide privilege logs identifying documents over which it claims peer review privilege with at least the following information: (1) the date on which it was created, (2) identity of the person who created it and the position held by that person at the time the document was created, (3) identity of persons who received the document and their positions, (4) a description of the subject matter of the document, (5) inclusive document identification numbers, and (6) specific reference to the portion of the North Dakota or Minnesota privilege the document is asserted to meet. The privilege log should be prepared in a manner that will allow plaintiffs to meaningfully assess the claimed privilege and minimize need for in camera review.

(Doc. 79, pp. 12-13).

The court has reviewed the privilege log Essentia provided in connection with the earlier in camera review. Subject matter of almost all of the documents over which peer review privilege is claimed is described only as "investigation and quality assurance."

Although the earlier order did not specifically address Essentia's subject matter descriptions, that order required descriptions sufficient to "allow plaintiffs to meaningfully assess the claimed privilege and minimize need for in camera review." Id. To say that a document concerns "investigation and quality assurance," in reality, is merely stating that Essentia believes the document is covered by the peer review privilege. Essentia must provide additional detail, specific to each document over which it claims the privilege. In the absence of additional detail, plaintiffs might be forced to challenge the privilege claim as to every document. The court would prefer to avoid in camera review of every document over which Essentia claims peer review privilege.

**IT IS SO ORDERED**.

Dated this 14th day of October, 2021.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge