**feganscott**

**FeganScott LLC**
ATTORNEYS AT LAW

140 Broadway, 46th Floor
New York, NY 10005

PHONE    347.353.1150
FAX    312.264.0100

melissa@feganscott.com

November 15, 2021

**VIA EMAIL**
Magistrate Judge Alice R. Senechal
United States Dist. Court for the District of North Dakota
NDD_J-Senechal@ndd.uscourts.gov

Re: *Kraft, et al. v. Essentia Health, et al.,* No. 20-cv-121; Plaintiffs' Position Statement

Dear Judge Senechal:

Plaintiffs respectfully submit this position statement in advance of the November 16 status conference.

1. **Plaintiffs request that the Court order Essentia to produce relevant financial information.**

At the October status conference, Plaintiffs asked that the Court order Essentia to produce responsive documents (to include data, correspondence, audio recordings, etc.) related to information about payments for the Affected Medications and related medical visits. Essentia has produced only self-created spreadsheets of aggregated, de-identified data.

At the October status conference, Essentia suggested that there may be misunderstandings about the Essentia-created data which Essentia could remedy through discussion; the Court thus directed the parties to confer. The parties conferred by Zoom on October 20, 2021. That Zoom call confirmed Plaintiffs' need for relevant financial information beyond the Essentia-created spreadsheets. Plaintiffs followed up by email on October 26, 2021. Essentia did not respond until three hours before this letter was due today. That email did not resolve the issue.

Plaintiffs once again reiterate their request for financial documents and information.

In refusing additional production, Essentia has contended that the financial information Plaintiffs seek is "data, not documents." That is irrelevant. Plaintiffs seek responsive information in any form; data should be produced.

In today's email, Essentia once again acknowledged the data it produced was "extrapolated" from other data. Plaintiffs seek data from the original source (whether that is the "Clarity database" Essentia identified for the first time in its email today or elsewhere) with Plaintiffs' knowledge of and input regarding the search and reporting parameters to allow them and their experts to undertake their own damages analysis.

Plaintiffs also seek other relevant and corroborative documents. Essentia has contended that the data it has produced is not fully reliable in that it incorporates services and charges irrelevant to

this case, thus inflating the picture of relevant damages. Essentia confirmed this in its November 15 email, claiming that "administration charges cannot be parsed to administration of DCP-stored vaccinations" and "line-item payments cannot be determined for hospital billings." Essentia did not respond to questions on the October 20 Zoom regarding whether office visit charges were limited to DCP-stored pharmaceuticals.

In light of the limited utility of the spreadsheets, and because Plaintiffs are entitled to test those spreadsheets and make their own evaluations, Plaintiffs again request other documents and information beyond aggregated payment information – e.g., billing information and detailed date-of-service information – to allow Plaintiffs to determine the charges that relate to this case.

In addition to the above questions about the source(s) of the data and its reliability – Essentia even disputes the combined totals Plaintiffs have calculated from adding up the totals on the Essentia-provided spreadsheets -- though Essentia will not share its own method or totals.[1] Plaintiffs simply cannot rely on what Essentia has provided. They need relevant financial data, documents, and information to support their claims and damages.

> 2. **Plaintiffs have requested Essentia provide additional information about its search and/or reporting capabilities in Epic and/or MyChart. Essentia has not answered these questions.**

Essentia represented to the Court that it could not identify responsive MyChart communications (i.e., communications between Essentia and patients) without undertaking a chart-by-chart manual search. Plaintiffs understand there to be various Epic/MyChart database searching and reporting functions that may facilitate a search for responsive communications.

At the parties' October 20 meet-and-confer by Zoom and by email on October 26, Plaintiffs asked Essentia to follow up on the search and/or reporting options – with several specific questions, including, *inter alia*, whether there exists an alternative method to search the database (e.g. run a database report of all messages and then review those in another format or platform), and whether Essentia discussed these questions with someone with specific knowledge of Epic/MyChart.

By email today, Essentia again claimed, in a single sentence, that a chart-by-chart review would be required, but it did not answer any of Plaintiffs' questions, which were aimed at finding other mutually agreeable solutions.

---

[1] Essentia claimed in its email today that Plaintiffs "were reluctant [on our Zoom call] to provide detail regarding which columns you were using for evaluation . . . ." To the contrary, Plaintiffs identified exactly which columns it was reviewing, and asked Essentia to explain its own totals and/or processes – but Essentia refused, citing work product and that it was engaging in limited discussion only because the Court had encouraged it (although it was Essentia who offered a discussion in order to defer its production of documents Plaintiffs seek).

3

**3. Essentia provided additional information regarding its search terms and privilege assertions last week. Plaintiffs are reviewing that information.**

On Wednesday, November 10, 2021, Essentia completed its production of subject matter descriptions in support of its privilege claims.

On Friday, November 12, 2021, Essentia provided information about the remaining disputed search terms.

Today, about an hour before this position statement was due, Essentia provided information about the DCP-related documents Essentia intends to produce (an issue the parties have been discussing since at least June 2021).

Plaintiffs are reviewing this new information. Plaintiffs will raise privilege challenges and/or search term disputes with the Court by motion and will identify issues regarding Essentia's DCP-related production at the status conference and/or by future letter.

Sincerely,

/s/ Melissa Clark