THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B.; AMY LAVELLE, individual and as parent of minors Em.L.and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F.; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>   Defendants. | Case No. 3:20-CV-00121<br><br><br><br>**ESSENTIA HEALTH'S AND INNOVIS HEALTH, LLC'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL** |

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Defendants, Essentia Health and Innovis Health, LLC d/b/a Essentia Health West (collectively, "Essentia"), submit this Memorandum in support of its position that the proposed redactions in Plaintiffs' Motion to Compel Production of Financial Information, dated December 3, 2021, and accompanying materials should remain sealed as containing information appropriately designated as "Confidential" and/or "Highly Confidential" pursuant

to the Court's Confidentiality Order entered on March 1, 2021 (Doc. ID No. 45).  Essentia

maintains its designations, reflected as proposed redactions in Plaintiffs' Motion to Compel

and accompanying materials, are appropriate pursuant to the Court's Confidentiality Order and

applicable law.

In issuing the Confidentiality Order pursuant to Federal Rule of Civil Procedure 26(c),

this Court recognized that litigation in this case may involve the production of

> trade secrets, proprietary commercial or business information, financial
> information, personal identifying or personal health information, information
> subject to one or more U.S. or foreign data privacy laws or regulations, and/or
> other sensitive and confidential information for which special protection from
> public disclosure and from use for any purpose other than this proceeding is
> warranted.

(Doc. ID No. 45, *Confidentiality Order*, at A2).  As the Confidentiality Order makes plain,

"[i]t is expressly understood by and among the parties that in producing Confidential

Information and/or Highly Confidential Information in this proceeding, the parties shall be

relying upon the terms and conditions of" the Confidentiality Order.  *Id*. at A8.  To that end,

the Confidentiality Order permits the parties to label information produced in discovery as

either "Confidential" or "Highly Confidential" provided such designation is made in good

faith.  *Id*. at B6-C1.

"Confidential Information" is defined to include trade secrets, sensitive technical or

proprietary business information which if disclosed may unfairly disadvantage the Producing

Party, protected health information, personal identifying information, and "any other sensitive

information or tangible things" requiring protection.  *Id*. at B6.  "Highly Confidential

Information" is Confidential Information which if disclosed would "cause a substantial risk of

a significant competitive or commercial disadvantage to the Producing Party."  *Id*. at B8.

Consistent with and in reliance on the Confidentiality Order, Essentia designated various discovery produced in this action as either "Confidential" or "Highly Confidential."

Following a status conference on November 16, 2021, Plaintiffs brought a Motion to Compel Production of Financial Information and, in doing so, included documents and information from Essentia's discovery production which Essentia designated as Confidential or Highly Confidential pursuant to the Confidentiality Order. (Doc. ID No. 135-2, *Plaintiffs' Motion to Compel Defendants Essentia Health and Innovis Health, LLC's Production of Financial Information*).    Specifically, Plaintiffs included as exhibits certain financial spreadsheets and Essentia's Third Supplemental Response to Plaintiffs' First Set of Requests for Production to Essentia.  *Id.*  Plaintiffs also referred to information from those exhibits in their Memorandum in support of their Motion.  *Id.*  Consistent with the Confidentiality Order, which requires a party seeking to file material that a party has designated as Confidential or Highly Confidential to first file a Motion for leave to file under seal, Plaintiffs moved to file their Motion to Compel under seal.  (Doc. ID No. 135, *Plaintiffs' Motion for Leave to File Motion to Compel Under Seal*).  Plaintiffs, however, assert they do not believe the material warrants sealing.  (Doc. ID No. 135-1, *Memorandum in Support of Plaintiffs' Motion for Leave to File Motion to Compel Under Seal*).

The Court has directed Essentia respond to Plaintiffs' Motion to Seal.  (Doc. ID No. 136, *Text Order regarding Deadline for Response).*  This Memorandum follows.

## II.    LAW AND ARGUMENT

The Court "must first decide if the documents in question are 'judicial records,'" *IDT Corp. v. eBay,* 709 F.3d 1220, 1222-23 (8th Cir. 2013), because that decision dictates the standard for sealing.  If the materials at issue are "judicial records," then "compelling reasons"

are required to seal information as the public enjoys a "common-law right of access." *Id.* at 1222. If the materials are not "judicial records," then no such right is implicated, and only good cause is required to seal the information.

Here, Essentia requests the Court to maintain its confidentiality designations and seal certain portions of Plaintiffs' discovery motion and accompanying exhibits. Discovery motions and accompanying exhibits are not "judicial records" and, thus, are not subject to the common-law right of access. *Accord F.T.C. v. Sanford Health*, Case No. 1:17-cv-133, 2017 WL 8682349, *1 (D.N.D. Oct. 10, 2017) (citing *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (finding the same)). Accordingly, the less exacting good-cause standard articulated in Rule 26(c) is applicable. On the facts of this case, good cause exists to seal the material at issue. Alternatively, if the Court finds the common-law right of access applies, compelling reasons warrant sealing of the information at issue.

### A.    Good Cause

The Eighth Circuit has recognized the "modern trend in federal cases to treat pleadings in civil litigation (*other than discovery motions and accompanying exhibits*) as presumptively public." *IDT Corp.*, 709 F.3d at 1223 (emphasis added). However, as numerous courts recognize, discovery motions and accompanying exhibits are not judicial records and, therefore, are not presumptively public pursuant to the common-law right of access. *See, e.g.*, *Ctr. for Auto. Safety v. Chrysler Gr., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *Anderson v. Cyrovac, Inc.*, 805 F.2d 1, 7, 13 (1st Cir. 1986).

This Court should similarly apply "[t]he better rule" that "material filed with discovery motions is not subject to the common-law right of access." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001). Holding otherwise "would make raw discovery, ordinarily inaccessible to the public, [presumptively] accessible merely because it had to be included in motions precipitated by inadequate discovery responses or overly aggressive discovery demands." *Leucadia*, 998 F.2d at 164. Accordingly, this Court should apply the less exacting good-cause standard, rejecting a presumption of public access. *See Chrysler Gr.*, 809 F.3d at 1097; *see also Laughlin v. Stuart*, Case No. 19-cv-2547, 2021 WL 1338086, at *3 (D. Minn. April 9, 2021) (applying the good-cause standard when sealing documents in connection with discovery motions).

This Court holds supervisory power over its own records, and the decision to seal materials is within the Court's discretion. *See Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). Good cause is demonstrated by a showing that prejudice or harm is likely to result if the information in question is not sealed. *See Eberts v. Kawasaki Motors Corp., U.S.A.*, No. A1-02-43, 2003 WL 22097788, at *2 (D.N.D. Sept. 9, 2003); *see also Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1213 (8th Cir. 1973) (same); FED. R. CIV. P. 26(c) (good-cause standard). The necessary showing is met under these circumstances.

The bulk of the information at issue is voluminous de-identified financial data, designated as Highly Confidential pursuant to the Confidentiality Order. *See* Doc. ID No. 135-2, *Exhibit B*; *Id.*, *Exhibit C*. ███████████████████████████

███████████████████████████████████████████████████████

███████████. (Doc. ID. No. 135-2, *Exhibit B*; *Id.*, *Exhibit C*). This data is reflective of

Essentia's competitiveness within the healthcare market and is proprietary.  It was developed for the purpose of production in response to Plaintiffs' discovery requests relative to the alleged class, and Essentia expended significant time and resources in developing these documents.  This information has not been disclosed outside of the context of this litigation and was created and produced with the expectation of confidentiality, as provided by the Court's Confidentiality Order.  Put simply, disclosing this data would result in an unfair disadvantage in the healthcare market, and good cause exists to seal it.

This Court previously considered whether financial data and references to that data should be sealed in analyzing Plaintiffs' Second Amended Complaint.  *See* Doc. ID No. 118, *Order Regarding Sealing of Second Amended Complaint and Supporting Memorandum.*  This Court found compelling reasons exist to "allow redaction of monetary terms" of certain agreements referenced in the Second Amended Complaint.  The Court should likewise seal the financial data (and references to that data) here, as ample authority exists for protecting such confidential business and financial information.  *See, e.g.*, *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021) (cautioning that court records should not be a source for "business information that might harm a litigant's competitive standing" (citations omitted)); *In re Remington Arms Co.*, 952 F.2d 1029, 1032-33 (8th Cir. 1991) (remanding to consider a protective order for confidential business information); *Finan. Info Techs., Inc. v. iControl Sys., USA, LLC*, Case No. 8:17-cv-190-T-23SPF, 2020 WL 11423020, at *1 (M.D. Fla. April 29, 2020) (finding good cause to seal "private, commercial sensitive financial information" included as an exhibit attached to a motion) (collecting cases for the same); *F.T.C. v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *2-3 (N.D. Ill. April 5, 2012) (finding good cause to seal certain confidential

6

commercial data showing competitiveness in the hospital market and pricing information);
*Yakima Valley Mem. Hosp. v. Wash. State Dep't of Health*, No. 09-3032-EFS, 2012 WL
12973657, at *1 (E.D. Wash. April 26, 2012) (same for hospital financial data).

Furthermore, good cause exists to seal Essentia's response to Plaintiffs' First Set of
Requests for Production, designated as confidential and attached as Exhibit D to Plaintiffs'
Motion to Compel. ███████████████████████████, these responses discuss highly
confidential financial data. *See* Doc. ID No. 135-2, *Exhibit D* at 20-22. The responses also
reference Essentia's substantive discovery responses entirely unrelated to the crux of
Plaintiffs' Motion to Compel. For example, the responses reference ███████████████
██. *See id.* at 7-9. The responses also set forth information regarding ███████████
██████████████████████████████████████████████████████████
███████████████████████████████████████████. *See id.* at 3-6.
██████████████████████████████████████████████████████████
███████████████████████████████████████████. That disclosure
would result in unfair competitive and financial or commercial disadvantage to Essentia ████
█████████████

In sum, good cause exists to seal the highly confidential and nonpublic financial data
and other sensitive information in this case to prevent commercial, competitive, and irreparable
harm. Essentia, therefore, respectfully requests the Court maintain its confidentiality
designations and preserve the redactions as proposed in Plaintiffs' filings.

**B.     Compelling Reasons for Confidentiality**

The common-law right of access to judicial records "is not absolute." *Flynt v.
Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). Rather, "[t]he court must consider the degree to

7

which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.,* 709 F.3d at 1223.  In this case, that balance falls firmly on the side of sealing the confidential material at issue.  *See Bair Hugger*, 9 F.4th at 791 (noting the Court's discretion as the Eighth Circuit has rejected a "'strong presumption' favoring access").

For largely the same reasons discussed above, "compelling reasons" exist for keeping the material at issue under seal.  *See Flynt*, 885 F.3d at 511.  Essentia created and produced the voluminous de-identified financial data with the expectation of confidentiality provided by the Court's Confidentiality Order.  Similarly, the information contained in Essentia's discovery responses is confidential, and disclosure would cause irreparable harm.  The harm and salutary interests discussed at length above provide "compelling reasons" for sealing these materials. *Id.*; *see also Bair Hugger*, 9 F.4th at 791 (warning that judicial records should not serve a source for business information and other information that might harm a litigant's competitive standing).

In assessing Essentia's interests in confidentiality, it is again important to note the context in which this information has been filed with the Court.  Even those courts which consider discovery motions and accompanying exhibits to be "judicial records" recognize that a "weaker presumption of public access" exists for materials filed with "non-merits based motions (e.g., non-dispositive discovery motions)" than for materials filed in "proceedings involving a district court judge's exercise of his or her Article III powers over the merits of the case . . . ."  *Krueger v. Ameriprise Finan., Inc.*, Civ. No. 11-2781, 2014 WL 12597948, at *8 n.7 (D. Minn. Oct. 14, 2014).  That is, even assuming a presumption of public access exists,

8

the strength of that presumption depends on "the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (citations omitted). Where—as here—the sealed materials do not "implicate a district court judge's exercise of Article III power in deciding a dispositive motion on the merits," the presumption is low and easily overcome. *Willis Elec. Co., Ltd. v. Polygroup Ltd.*, Case No. 0:15-cv-3443-WMW-KMM, 2019 WL 2574979, at *1 (D. Minn. June 24, 2019); *see also Bair Hugger*, 9 F.4th at 792 (noting that where "documents play only a negligible role in the performance of Article III duties . . . the weight of [any public] presumption is low" (citations omitted)). Given this weaker presumption and lesser public interest, Essentia respectfully requests this Court find that "the salutary interests served by maintaining confidentiality" outweigh the interests served by public access, as demonstrated above. *Flynt*, 885 F.3d at 511.

## III.    CONCLUSION

For the reasons outlined above, Essentia respectfully requests the redactions in Plaintiffs' Motion to Compel and accompanying exhibits remain.

Dated this 9th day of December, 2021.

**VOGEL LAW FIRM**

*s/ Angela E. Lord*

BY:   Angela E. Lord (#05351)
Robert B. Stock (#05919)
Briana L. Rummel (#08399)
MacKenzie L. Hertz (#09392)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email:   alord@vogellaw.com
rstock@vogellaw.com
brummel@vogellaw.com
mhertz@vogellaw.com
ATTORNEYS FOR ESSENTIA HEALTH
AND INNOVIS HEALTH, LLC

10