## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jessica Kraft, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-121 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Essentia Health, et al., | ) | |
| | ) | |
| Defendants. | ) | |

In this putative class action, plaintiffs allege defendant Essentia Health sold and administered injectable pharmaceuticals—time and temperature sensitive pharmaceutical products (TTSPPs)—that had been stored outside the proper temperature range. Plaintiffs contend the improper storage of TTSPPs resulted in "reduced vaccine potency and the increased risk of vaccine-preventable diseases." (Doc. 28, p. 2). Essentia's answer admits that in April 2020, it advised patients who had received certain TTSPPs that the TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. (Doc. 30, p. 2).

The parties have had a series of disputes regarding discovery matters, and plaintiffs filed a motion to compel Essentia to produce certain financial information. Because, however, their memorandum supporting the motion referenced information Essentia designated as protected under the governing confidentiality order, in filing their motion, plaintiffs also filed a motion to seal their supporting memorandum. (Doc. 135-1). Plaintiffs state, however, that they do not consider sealing to be warranted; rather, they state they filed the motion to seal in accordance with the confidentiality order.

The court ordered Essentia to respond to the motion to seal on an expedited basis, and in doing so, Essentia moved for leave to file its responsive memorandum under seal with a redacted version filed publicly. (Doc. 138).

## Law and Discussion

Plaintiffs argue Essentia has designated as confidential information that does not warrant that designation and the information therefore does not warrant sealing from public access. (Doc. 135-1, p. 3). Essentia contends the disputed information does not constitute "judicial records," the information is therefore not subject to the presumptive common law right of public access, and under the standard of Federal Rule of Civil Procedure 26(c), there is good cause to seal the information at issue. (Doc. 138-2, p. 5).

The Eighth Circuit recently described standards for sealing documents filed with the court:

> Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute. The primary rationales for this right are the public's confidence in, and the accountability of, the judiciary. Whether the common-law presumption can be overcome is determined by balancing the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed. In order to adjudicate the issue, a court must first decide if the documents in question are judicial records, and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records. The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so.

Flynt v. Lombardi, 885 F.3d 508, 511 (8th Cir. 2018) (internal citations and quotations omitted); In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig., 9 F.4th 768, 791 (8th Cir. 2021). Compelling reasons for denial of public access include personal and professional safety, protection of sensitive business information, personal privacy, and national security. See Flynt, 885 F.3d at 511-12; IDT Corp. v. eBay, Inc., 709 F.3d 1220,

1224 (8th Cir. 2013); <u>Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.</u>, 898 F.2d 1371, 1377 (8th Cir. 1990); <u>CAA Sports LLC v. Dogra</u>, No. 4:18-cv-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018).

As Essentia argues, some courts have recognized a lesser right to public access to documents filed in conjunction with discovery motions. A recent case in the District of Minnesota discussed that issue, applying a good cause standard to documents filed in connection with discovery motions that did not implicate merits of a case. <u>Laughlin v. Stuart</u>, No. 19-cv-2547, 2021 WL 1338086, at *3 (D. Minn. Apr. 9, 2021).

Regardless of whether the applicable standard is a presumption of public access or good cause, the party advocating for sealing documents has the burden to prove denial of public access is warranted. <u>Flynt</u>, 885 F.3d at 511; <u>Laughlin</u>, 2021 WL 1338086, at *3. The court will apply the good cause standard in determining whether Essentia has met its burden to demonstrate the documents and information at issue should be sealed.

Documents at issue are two attachments to plaintiffs' motion supporting their motion to compel: (1) spreadsheets Essentia provided in discovery and (2) Essentia's third supplemental response to plaintiffs' requests for production of documents, portions of which reference documents Essentia designated as confidential or highly confidential pursuant to the confidentiality order. (Doc. 135-2, pp. 35, 37, 39-62). Information at issue in plaintiffs' brief supporting their motion to compel includes descriptions of the Essentia spreadsheets and selected data contained in those spreadsheets. (Doc. 135-2).

Having considered the documents and information at issue, the court concludes Essentia has shown good cause to seal the spreadsheets attached to plaintiffs'

3

memorandum supporting their motion to compel. Essentia has not, however, shown good cause to seal descriptive information about those spreadsheets included in plaintiffs' memorandum supporting their motion to compel. To the extent plaintiffs' memorandum supporting their motion to compel includes specific data taken from the spreadsheets, Essentia has shown good cause for sealing of that information. As described below, the parties will be required to confer regarding more limited redactions to plaintiffs' memorandum. Also, Essentia has not shown good cause to seal its responses to plaintiffs' requests for production of documents.

On December 10, 2021, the court granted Essentia's motion to seal its response to plaintiffs' motion to seal the memorandum supporting their motion to compel. (Doc. 139). Essentia's motion requested redaction of descriptions of its spreadsheets and of certain responses to plaintiffs' requests for production of documents. But in light of the court's consideration of plaintiffs' motion for leave to seal their memorandum, the court concludes its December 10 order granting Essentia's motion for leave to seal was improvidently granted. The court notes the information Essentia requested to have redacted from its memorandum in support of its motion to seal is discussed in publicly-filed memoranda regarding Dakota Clinic Pharmacy's pending motion to dismiss. Essentia has not shown good cause to seal, in its memorandum in support of its motion to seal, descriptive information about its spreadsheets or descriptions of its responses to plaintiffs' requests for production of documents.

### Conclusion

Plaintiffs' motion to seal, (Doc. 135), is **DENIED IN PART** and **GRANTED IN PART**. Counsel are directed to confer **within five business days** concerning redactions to plaintiffs' memorandum in support of their motion to compel. Monetary

4

amounts and numbers of patients obtained from the spreadsheets must be redacted from that memorandum. Plaintiffs are directed to submit a proposed redacted version of their memorandum to NDD_J-Senechal@ndd.uscourts.gov **within seven business days**. Plaintiffs are further directed to file their motion to compel and the attached spreadsheets under seal **within three business days**. The December 10, 2021 order, (Doc. 139), granting Essentia's motion to seal its responsive memorandum, (Doc. 138), is **RESCINDED** and that motion is **DENIED**. Essentia is directed to file its unredacted memorandum publicly.

 **IT IS SO ORDERED**.

 Dated this 17th day of December, 2021.

*/s/ Alice R. Senechal*

Alice R. Senechal
United States Magistrate Judge

5