# Exhibit D

UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B; AMY LAVELLE, individual and as parent of minors Em.L.and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>Defendants. | Case No. 3:20-CV-00121-PDW-ARS<br><br><br><br>**DEFENDANT ESSENTIA HEALTH'S THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ESSENTIA HEALTH** |

TO:    PLAINTIFFS AND THEIR ATTORNEYS, ELIZABETH A. FEGAN, BROOKE ACHUA, AND MELISSA RYAN CLARK, FEGAN SCOTT LLC, 150 S. WACKER DRIVE, 24TH FLOOR, CHICAGO, IL 60606; MAC SCHNEIDER, SCHNEIDER LAW FIRM, 815 3RD AVENUE SOUTH, FARGO, ND 58103; AND J. BARTON GOPLERUD AND BRIAN MARTY, SHINDLER, ANDERSON, GOPLERUD & WEESE, PC, 5015 GRAND RIDGE DRIVE, SUITE 100, WEST DES MOINES, IA 50265.

Defendant Essentia Health ("Essentia"), for its third supplemental response to

Plaintiffs' First Set of Requests for Production to Defendant Essentia Health, states as follows:

## GENERAL OBJECTIONS

Essentia withdraws previously asserted General Objections to the extent they have not been specifically asserted in the responses below.

## DOCUMENT REQUESTS

### A.    Background

1.    Documents sufficient to show the organization structure of Essentia.

**RESPONSE:**  *See* General Objections above, which are incorporated herein by reference.  Essentia further objects to this Request as it is vague and ambiguous to the extent "sufficient" is undefined.  Essentia further objects to this Request on the basis it seeks information that is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportionate to the needs of this case as it is without limitation or restriction, temporal or otherwise.  Without waiving objection, attached is Essentia Health's organizational chart (**EH 000001**), designated as **"Confidential"** pursuant to the Court's Confidentiality Order (Doc. No. 45).

**SUPPLEMENTAL RESPONSE: Essentia objects to the use of the term "sufficient" as vague and undefined. Essentia further objects to the term "organization structure" as vague and undefined. Essentia has limited its search to documents depicting the corporate organizational structure of Essentia Health and has produced the same.**

2.    Documents sufficient to show Essentia's document retention, destruction, deletion, and disposal policies and practices from January 1, 2016 through the present.

**RESPONSE:**  *See* General Objections above, which are incorporated herein by reference.  Essentia further objects to this Request as it is vague and ambiguous to the extent

2

"sufficient" is undefined. Essentia further objects to this Request on the basis it seeks information that is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportionate to the needs of this case given its temporal scope. Without waiving objection, discovery is continuing.

**SUPPLEMENTAL RESPONSE: Essentia produced responsive documents with its ESI Disclosures (EH002717-002733).**

3.      Documents sufficient to show any relationships or agreements between Essentia and any of the following: Innovis, Dakota, any Medical Provider who administered an Affected Medication, or any manufacturer of an Affected Medication.

**RESPONSE:** *See* General Objections above, which are incorporated herein by reference. Essentia further objects to this Request as it is vague and ambiguous to the extent "sufficient" is undefined. Essentia also objects to this Request on the basis it seeks information which is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportionate to the needs of this case as it is without limitation or restriction, temporal or otherwise. The following corporate documents are attached and designated as **"Confidential"** pursuant to the Court's Confidentiality Order (Doc. No. 45): Innovis Health, LLC Sixth Amended and Restated Operating Agreement (dated 12/19/17) **(EH 000002-000033)**; Lease between Innovis Health, LLC, and DCP, LLC (dated 3/2/16) **(EH 000034-000062)**; Lease between Innovis Health, LLC, and DCP, LLC (dated 7/1/15) **(EH 000063-000085)**; Amended and Restated Operating Agreement of Dakota Clinic Pharmacy, LLC (dated 5/1/16) **(EH 000086-000119)**; Shared Services Agreement between Innovis Health, LLC, and Dakota

3

Clinic Pharmacy, LLC (**EH 000120-000125**); Notification Letter from Kyle Dorow to DCP, LLC, giving notice of termination of services described in Exhibit A of Shared Services Agreement, effective 2/28/20 (**EH 000126**); Joint Unanimous Written Action in Lieu of Meeting of the Board of Governors and Members of Dakota Clinic Pharmacy, LLC, effective 12/31/19 (**EH 000127-000130**).

**SUPPLEMENTAL RESPONSE: Essentia objects to the portion of Request No. 3 requesting agreements between Essentia and Medical Providers who administered an Affected Medication, or any manufacturer of an Affected Medication as seeking discovery outside the scope permitted by Rule 26(b)(1) as it seeks discovery that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the parties' relative access to the requested information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Essentia has limited its search and subsequent production to agreements between Essentia, Innovis and DCP.**

4.      All Documents in which you, Innovis, or Dakota represented, directly or indirectly, to the public that Innovis or Dakota are Essentia, do business as Essentia, or are owned by Essentia.

**RESPONSE:**   *See* General Objections above, which are incorporated herein by reference. Essentia further objects to this Request as it is vague, ambiguous, overly broad, and confusing so as to prevent a meaningful response. Essentia further objects to this Request as it seeks a response from Essentia on behalf of other entities. Essentia also objects to this Request on the basis it seeks information that is not relevant or material to the issues in this

4

lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportionate to the needs of this case as it is without limitation or restriction, temporal or otherwise.

**SUPPLEMENTAL RESPONSE: Essentia objects to the phrases "represented, directly or indirectly" "do business" and "are owned" as vague, ambiguous and unintelligible so as to make a response impossible without speculation as to what information and/or documents are being requested. Essentia further objects to Request No. 4 as seeking discovery outside the scope permitted by Rule 26(b)(1) as it seeks discovery that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the parties' relative access to the requested information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Essentia has not searched for responsive materials based on these objections.**

5.    All documents reflecting any insurance coverage, indemnification agreements, assignments of liability, hold harmless agreements, or other agreements relating to the facts alleged in the Action.

**RESPONSE:** *See* General Objections above, which are incorporated herein by reference. Essentia further objects to this Request as it is vague, ambiguous, overly broad, and confusing so as to prevent a meaningful response. Essentia further objects to this Request as it seeks a response from Essentia on behalf of other entities. Essentia also objects to this Request on the basis it seeks information that is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportionate to the needs of this case as it is without

limitation or restriction, temporal or otherwise. Without waiving objection, Essentia Health produced Certificates of Insurance with Exclusions with Essentia Health's Rule 26(a)(1) Initial Disclosures pursuant to the parties' stipulation.

**SUPPLEMENTAL RESPONSE: Essentia objects to that portion of Request No. 5 seeking "all documents reflecting any insurance coverage, indemnification agreements, assignments of liability, hold harmless agreements, or other agreements relating to the facts alleged in the Action." Essentia has limited its production to the Certificates of Insurance with Exclusions pursuant to the parties' stipulation. Essentia is withholding the full insurance policies based on this objection and the parties' previous agreement regarding the same. Essentia has produced the Shared Services Agreement between Innovis Health, LLC, and Dakota Clinic Pharmacy, LLC (EH 000120-000125), which does contain indemnification and insurance requirements relating to the facts alleged in this action.**

**B.    TTSPPs**

6.    All documents relating to your policies or practices relating to, and your role with respect to, the quality or safety of TTSPPs and distributors of TTSPPs.

**RESPONSE:**   *See* General Objections above, which are incorporated herein by reference. Essentia further objects to this Request on the basis it seeks information which is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportionate to the needs of this case as it is without limitation or restriction, temporal or otherwise. Without waiving objection, Essentia Health policies do not apply at Dakota Clinic Pharmacy, LLC.

6

**SUPPLEMENTAL RESPONSE:**  Without waiving the above General Objections and objections previously stated in Essentia's Response to Request No. 6, the following supplementation is provided.  Attached is Temperature Monitoring for Refrigerators Policy, revised 1/19/17 **(EH002734-EH002735)**, and Temperature Monitoring for Refrigerators Policy, revised 12/21/17 **(EH002736-EH002737)**, both designated as **"Confidential"** pursuant to the Court's Confidentiality Order (Doc. No. 45).  These are policies for Innovis Health, LLC, d/b/a Essentia Health West and do not apply at Dakota Clinic Pharmacy, LLC.

**SECOND SUPPLEMENTAL RESPONSE:  Essentia objects to the phrase "All documents relating to your policies or practices relating to" as overly broad and seeking documents protected by the peer review/quality assurance privileges as well as calling for the discovery of physician/provider/medical-patient privileged information and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. Essentia also objects to the Request as seeking the discovery of information protected by the attorney/client privilege and work product doctrine/privilege. Essentia is withholding responsive documents based on these objections. Essentia has searched for and produced general policies relating to the quality or safety of TTSPPs and distributors of TTSPPs.**

7.    All documents relating to Dakota's facilities, practices, or quality control as each relates to TTSPPs.

**RESPONSE:**  *See* General Objections above, which are incorporated herein by reference. Essentia further objects to this Request on the basis it seeks information which is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to

the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportionate to the needs of this case as it is without limitation or restriction, temporal or otherwise and seeks a response from Essentia on behalf of another entity. Without waiving objection, attached is a copy of temperature logs that were provided to Innovis Health's Pharmacy Operations Senior Manager, Maari Loy, on February 24, 2020, by Laura Morris, a Pharmacist-Owner of Dakota Clinic Pharmacy, LLC. **(EH 000131-000157)**, designated as "**Confidential**" pursuant to the Court's Confidentiality Order (Doc. No. 45).

**SUPPLEMENTAL RESPONSE: Essentia objects to Request No. 7 as seeking documents protected by the peer review/quality assurance privileges as well as calling for the discovery of physician/provider/medical-patient privileged information and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. Essentia also objects to the Request as seeking the discovery of information protected by the attorney/client privilege and work product doctrine/privilege. Essentia is withholding responsive documents based on these objections. Essentia further objects to the phrase "all documents relating to Dakota's facilities, practices, or quality control as each relates to TTSPPs" as vague and not describing with reasonable particularity each item or category of items requested. Essentia has not withheld any documents based on this specific objection. Essentia has produced a copy of temperature logs that were provided to Innovis Health's Pharmacy Operations Senior Manager, Maari Loy, on February 24, 2020, by Laura Morris, a Pharmacist-Owner of Dakota Clinic Pharmacy, LLC. (EH 000131-000157) as responsive**

8

**to this Request. See also documents produced in response to Request No. 3 as responsive to this Request.**

8.    Documents sufficient to identify all regulations of any Government Agency relevant to the alleged facts in the FAC, including but not limited to Your responsibility for quality control of TTSPPs or the distribution chain for TTSPPs.

**RESPONSE:**  *See* General Objections above, which are incorporated herein by reference. Essentia further objects to this Request on the basis it attempts to shift the burden of proof to Essentia. It is the Plaintiffs' burden to identify and prove the elements of their claims. Essentia further objects to this Request as it is overly broad, unduly burdensome, and an abuse of the discovery process because it seeks information publicly available and accessible equally to all parties. Essentia also objects to this Request as it is vague and ambiguous to the extent "sufficient" is undefined.

**SUPPLEMENTAL RESPONSE:    Essentia objects to Request No. 8 as the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, as the Request seeks publically available information and asks Essentia to decide what regulations from any Government Agency might be relevant to the allegations in Plaintiffs' First Amended Class Action Complaint. Essentia has not searched for responsive materials based on these objections.**

C.    **Temperature Excursion and Affected Medications**

9.    All documents relating to the Disclosed Temperature Excursion.

**RESPONSE:**  *See* General Objections above, which are incorporated herein by reference. Essentia further objects to this Request as it is overly broad and unduly burdensome. Essentia also objects to this Request on the basis it seeks information subject to attorney/client

9

privilege, work product privilege, peer review/quality assurance privilege, and physician/provider/medical-patient privilege and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. Essentia has not received medical authorizations executed by the named Plaintiffs allowing for the disclosure of patient-specific information. Upon receipt of legally-sufficient medical authorizations, Essentia will seasonably supplement this interrogatory as to the named Plaintiffs. Discovery is continuing. To the extent not objectionable, non-privileged de-identified information will be supplemented.

**SUPPLEMENTAL RESPONSE: Essentia objects to Plaintiffs' definition of "Disclosed Temperature Excursion" to the extent it assumes a temperature excursion occurred. A response to a Request that includes this definition would similarly assume a temperature excursion occurred, which is disputed. Essentia further objects to Request No. 9 as seeking documents protected by the peer review/quality assurance privileges as well as calling for the discovery of physician/provider/medical-patient privileged information and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. Essentia also objects to the Request as seeking the discovery of information protected by the attorney/client privilege and work product doctrine/privilege. Essentia is withholding responsive documents based on these objections. Essentia has produced non-privileged de-identified information responsive to this Request.**

10.    All documents relating to any Temperature Excursion at Dakota.

10

**RESPONSE:**  *See* General Objections above, which are incorporated herein by reference. Essentia further objects to this Request on the basis it seeks information which is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportionate to the needs of this case as it is without limitation or restriction, temporal or otherwise and seeks a response from Essentia on behalf of another entity.

Essentia also objects to this Request on the basis it seeks information subject to attorney/client privilege, work product privilege, peer review/quality assurance privilege, and and physician/provider/medical-patient privilege and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information.

Essentia has not received medical authorizations executed by the named Plaintiffs allowing for the disclosure of patient-specific information. Upon receipt of legally-sufficient medical authorizations, Essentia will seasonably supplement this interrogatory as to the named Plaintiffs. Discovery is continuing. To the extent not objectionable, non-privileged de-identified information will be supplemented.

**SUPPLEMENTAL RESPONSE:  Essentia objects to Plaintiffs' definition of "Disclosed Temperature Excursion" to the extent it assumes a temperature excursion occurred. A response to a Request that includes this definition would similarly assume a temperature excursion occurred, which is disputed. Essentia further objects to Request No. 10 as seeking discovery outside the scope permitted by Rule 26(b)(1) as it seeks discovery that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the parties' relative access to the requested information,**

11

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Essentia further objects to Request No. 10 as seeking documents protected by the peer review/quality assurance privileges as well as calling for the discovery of physician/provider/medical-patient privileged information and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. Essentia also objects to the Request as seeking the discovery of information protected by the attorney/client privilege and work product doctrine/privilege. Essentia is withholding responsive documents based on these objections. Essentia has produced non-privileged de-identified information responsive to this Request.

11.    Documents sufficient to identify the types of Affected Medications, including but not limited to their names; NDC, J-Codes or other unique FDA-designated identifiers; and manufacturer.

**RESPONSE:**  *See* General Objections above, which are incorporated herein by reference. Essentia also objects to this Request as it is vague and ambiguous to the extent "sufficient" is undefined. Essentia further objects to this Request on the basis it seeks information which is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportionate to the needs of this case as it is without limitation or restriction, temporal or otherwise.

Essentia also objects to this Request on the basis it seeks information subject to attorney/client privilege, work product privilege, peer review/quality assurance privilege, and

12

physician/provider/medical-patient privilege and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information.

Essentia has not received medical authorizations executed by the named Plaintiffs allowing for the disclosure of patient-specific information. Upon receipt of legally-sufficient medical authorizations, Essentia will seasonably supplement this interrogatory as to the named Plaintiffs. Without waiving objection, *see* Answer to Interrogatory No. 3 of Defendant Essentia Health's Answers to Plaintiffs' First Set of Interrogatories to Defendant Essentia Health.

**SUPPLEMENTAL RESPONSE: Essentia objects to Plaintiffs' definition of "Affected Medications" to the extent it assumes TTSPPS were subjected to a temperature excursion. A response to a Request that includes this definition would similarly assume TTSPPs were subjected to a temperature excursion, which is disputed. Essentia further objects to Request No. 11 to the extent is seeks NDC, J-Codes or other unique FDA-designated identifiers as seeking discovery outside the scope permitted by Rule 26(b)(1) as it seeks discovery that is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the parties' relative access to the requested information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Essentia has provided the names of TTSPPs used. Essentia objects to Request No. 11 on the basis it seeks information subject to attorney/client privilege, work product privilege, peer review/quality assurance privilege, and physician/provider/medical-patient privilege and information subject to privacy**

13

**protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. Essentia has withheld documents on the basis of these objections. Essentia has produced non-privileged, de-identified information responsive to this Request.**

### D.  Communications

12.  All Documents relating to any information, guidance, or recommendation given by you or on your behalf to any Medical Provider relating to the treatment of or follow-up for patients who received an Affected Medication relating to the Affected Medications or Disclosed Temperature Excursion.

**RESPONSE:**  *See* General Objections above, which are incorporated herein by reference.  Essentia further objects to this Request on the basis it seeks information which is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportionate to the needs of this case as it is without limitation or restriction, temporal or otherwise.

Essentia also objects to this Request on the basis it seeks information subject to attorney/client privilege, work product privilege, peer review/quality assurance privilege, and physician/provider/medical-patient privilege and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information.

**SUPPLEMENTAL RESPONSE:  Essentia objects to Plaintiffs' definition of "Disclosed Temperature Excursion" to the extent it assumes a temperature excursion occurred. A response to a Request that includes this definition would similarly assume a temperature excursion occurred, which is disputed. Essentia further objects to Request**

14

**No. 12 as seeking documents protected by the peer review/quality assurance privileges as well as calling for the discovery of physician/provider/medical-patient privileged information and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. Essentia also objects to the Request as seeking the discovery of information protected by the attorney/client privilege and work product doctrine/privilege. Essentia is withholding responsive documents based on these objections.**

13.    All Documents relating to any submissions, filings, or reports – whether made by you or another entity – to any Government Agency relating to the Temperature Excursion or Affected Medications.

**RESPONSE:**  *See* General Objections above, which are incorporated herein by reference.  Essentia further objects to this Request on the basis it seeks information which is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, unduly burdensome, and not proportionate to the needs of this case as it seeks a response from Essentia on behalf of other entities.

Essentia also objects to this Request on the basis it seeks information subject to attorney/client privilege, work product privilege, peer review/quality assurance privilege, and physician/provider/medical-patient privilege and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information.

**SUPPLEMENTAL RESPONSE:   Essentia objects to Plaintiffs' definition of "Disclosed Temperature Excursion" to the extent it assumes a temperature excursion**

15

occurred. A response to a Request that includes this definition would similarly assume a temperature excursion occurred, which is disputed. Essentia objects to Plaintiffs' definition of "Affected Medications" to the extent it assumes TTSPPS were subjected to a temperature excursion. A response to a Request that includes this definition would similarly assume TTSPPs were subjected to a temperature excursion, which is disputed. Essentia further objects to Request No. 13 as seeking documents protected by the peer review/quality assurance privileges as well as calling for the discovery of physician/provider/medical-patient privileged information and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. Essentia also objects to the Request as seeking the discovery of information protected by the attorney/client privilege and work product doctrine/privilege. Essentia is withholding responsive documents based on these objections.

14. All Communications relating to the Temperature Excursion or Affected Medications between You and any person on your behalf and any of the following:

    a.    Dakota;

    b.    Innovis;

    c.    the FDA;

    d.    the CDC;

    e.    the North Dakota Department of Health;

    f.    the Minnesota Department of Health;

    g.    any Government Agency;

    h.    any Medical Provider;

16

i.  any person who paid for or received an Affected Medication;

j.  any third parties retained by you in connection with or to perform services relating to the Temperature Excursion or Affected Medications;

k.  the news media, including organizations, reporters, and journalists, whether in television, print, radio, or Internet.

**RESPONSE:** *See* General Objections above, which are incorporated herein by reference. Essentia further objects to this Request on the basis it seeks information which is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, and unduly burdensome. Essentia also objects to this Request as it is vague and ambiguous to the extent "sufficient" is undefined.

Essentia also objects to this Request on the basis it seeks information subject to attorney/client privilege, work product privilege, peer review/quality assurance privilege, and physician/provider/medical-patient privilege and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information.

Essentia has not received medical authorizations executed by the named Plaintiffs allowing for the disclosure of patient-specific information. Upon receipt of legally-sufficient medical authorizations, Essentia will seasonably supplement this interrogatory as to the named Plaintiffs.

Discovery is continuing. To the extent not objectionable, non-privileged de-identified information will be supplemented.

**SUPPLEMENTAL RESPONSE:** Without waiving the above General Objections and objections previously stated in Essentia's Response to Request No. 14, the following supplementation is provided. Attached is a July 31, 2020 Preservation Notice which was sent

17

to Dakota Clinic Pharmacy, LLC by Frank Modich, Associate General Counsel for Essentia **(EH002738-EH002739)**, designated as **"Confidential"** pursuant to the Court's Confidentiality Order (Doc. No. 45).

**SECOND SUPPLEMENTAL RESPONSE:** **Essentia objects to Plaintiffs' definition of "Disclosed Temperature Excursion" to the extent it assumes a temperature excursion occurred. A response to a Request that includes this definition would similarly assume a temperature excursion occurred, which is disputed. Essentia objects to Plaintiffs' definition of "Affected Medications" to the extent it assumes TTSPPS were subjected to a temperature excursion. A response to a Request that includes this definition would similarly assume TTSPPs were subjected to a temperature excursion, which is disputed. Essentia further objects to Request No. 14 as seeking documents protected by the peer review/quality assurance privileges as well as calling for the discovery of physician/provider/medical-patient privileged information and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. Essentia also objects to the Request as seeking the discovery of information protected by the attorney/client privilege and work product doctrine/privilege. Essentia is withholding responsive documents based on these objections. Essentia has produced the July 31, 2020 Preservation Notice which was sent to Dakota Clinic Pharmacy, LLC by Frank Modich, Associate General Counsel for Essentia (EH002738-EH002739).**

**E.    Putative Class Members**

15.    Documents and data sufficient to identify;

18

a.    Each person or entity who paid, directly or indirectly, whether in whole or in part, for an Affected Medication;

b.    The person who was administered the Affected Medication;

c.    The date of birth of the patient administered the Affected Medication;

d.    The Affected Medication received by the patient;

e.    The date the Affected Medication was administered;

f.    The Medical Provider who administered the Affected Medication;

g.    The entity and location where the Affected Medication was administered;

h.    The payment(s) made for the Affected Medication, whether or not made by the patient;

i.    The payment (s) made for the visit at which the Affected Medication was provided;

j.    Any refunds, credits or other remuneration provided by you to any patient, payor or guarantor relating to the Affected Medications; and

k.    Any free vaccinations or other services provided by you.

**RESPONSE:** *See* General Objections above, which are incorporated herein by reference. Essentia further objects to this Request on the basis it seeks information which is not relevant or material to the issues in this lawsuit, is not reasonably calculated to the lead to the discovery of admissible evidence, is overbroad, and unduly burdensome.

Essentia also objects to this Request on the basis it seeks information subject to attorney/client privilege, work product privilege, peer review/quality assurance privilege, and physician/provider/medical-patient privilege and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information.

19

Essentia has not received medical authorizations executed by the named Plaintiffs allowing for the disclosure of patient-specific information. Upon receipt of legally-sufficient medical authorizations, Essentia will seasonably supplement this interrogatory as to the named Plaintiffs.

Discovery is continuing. To the extent not objectionable, non-privileged de-identified information will be supplemented.

**SUPPLEMENTAL RESPONSE:** Without waiving the above General Objections and objections previously stated in Essentia Health's Answer to Request No. 15, the following supplementation is provided.

De-identified data is being supplemented with production of Professional Billings Flu and Vaccine Putative Class With CPT Code **(EH002659-EH002716)** and Professional Billings Flu and Vaccine Putative Class Without CPT Code **(EH000219-EH000220)**, both designated as **"Highly Confidential - Attorneys' Eyes Only - Subject to Protective Order"** pursuant to the Court's Confidentiality Order (Doc. No. 45). The Professional Billing de-identified data includes "Total Account Charges on Day of Service"; "Total Office Visit, Administration, and Vaccine Charges"; and "Total Account Administration Charges." The "Total Account Administration Charges" includes charges for all vaccination administration activity for dates of service, including administration of vaccinations not stored by DCP in the de-identified data because segregating charges for administration of DCP-stored vaccinations cannot be accurately ascertained or, alternatively, would be unreasonable and would impose undue burden and expense upon Essentia. Under Federal Rule of Civil Procedure Rule 26(b)(2)(C), the rule of proportionality applies. The Professional Billing de-identified data includes

20

aggregated insurance payments and patient payments for the above referenced Professional Billing data.

De-identified data is being supplemented with production of Hospital Billings Flu and Vaccine Putative Class With CPT Code (**EH000164-EH000199**) and Hospital Billings Flu and Vaccine Putative Class Without CPT Code (**EH000200-EH000202**), both designated as **"Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order"** pursuant to the Court's Confidentiality Order (Doc. No. 45). Unique Patients may be included in both Professional Billings and Hospital Billings. For Hospital Billings, "Total Account Charges on Day of Service"; "Vaccine Charges"; "Administration Charges"; and "Office Visit Charges" are included in the de-identified data. The "Administration Charges" include administration activity for dates of service, including administration of vaccinations not stored by DCP in the de-identified data because segregating charges for administration of DCP-stored vaccinations cannot be accurately ascertained or, alternatively, would be unreasonable and would impose undue burden and expense upon Essentia. Under Federal Rule of Civil Procedure Rule 26(b)(2)(C), the rule of proportionality applies. For Hospital Billings, payments are made as to accounts and not as to specific charges. De-identified data of insurance and patient payments as to account totals has been provided.

De-identified data is being supplemented with production of Professional Billings CAM Putative Class With CPT Code (**EH000211-EH000217**); Professional Billings CAM Putative Class Without CPT Code (**EH000218**); Hospital Billings CAM Putative Class With CPT Code (**EH000158-EH000162**); Hospital Billings CAM Putative Class Without CPT Code (**EH000163**); Professional Billings Medications Putative Class With CPT Code (**EH000221-EH000229**); Professional Billings Medications Putative Class Without CPT Code

21

(EH000230); Hospital Billings Medications Putative Class With CPT Code (**EH000203-EH000209**); and Hospital Billings Medications Putative Class Without CPT Code (**EH000210**), all designated as **"Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order"** pursuant to the Court's Confidentiality Order (Doc. No. 45). Essentia incorporates by reference the statements and objections made above as to Professional Billings and Hospital Billings for Flu and Vaccine.

With respect to the above-referenced de-identified financial data, unique patient counts are provided by row for data identified by row. Unique patients may be included in more than one row; the total unique patients for Professional Billings or Hospital Billings, respectively, are identified in the Grand Totals.

De-identified data is being supplemented for De-identified Flu and Vaccine Data for Patients Receiving Letters (**EH000309-EH002658**), designated as **"Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order"** pursuant to the Court's Confidentiality Order (Doc. No. 45). The de-identified data includes "Immunization ID"; "Immunization Name"; "Immunization Abbreviation"; "Year"; and location by State. De-identified data is being supplemented for De-Identified Medication Data to include the "Order Medication"; "Year"; and location by State. (**EH000260-EH000308**), designated as **"Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order"** pursuant to the Court's Confidentiality Order (Doc. No. 45). De-identified data is being supplemented for De-Identified CAM data to include "Medication Description"; "Medication ID"; "Year" and location by State. (**EH000231-EH000259**), designated as **"Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order"** pursuant to the Court's Confidentiality Order (Doc. No. 45).

22

Discovery is continuing.

**SECOND SUPPLEMENTAL RESPONSE:**    Essentia objects to Plaintiffs' definition of "Affected Medications" to the extent it assumes TTSPPS were subjected to a temperature excursion. A response to a Request that includes this definition would similarly assume TTSPPs were subjected to a temperature excursion, which is disputed. Essentia further objects to Request No. 15 as calling for the discovery of physician/provider/medical-patient privileged information and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. Essentia is withholding responsive documents based on these objections. Essentia has produced non-privileged, de-identified information responsive to this Request.

Dated this 27ᵗʰ day of May, 2021.

ESSENTIA HEALTH

By: _Marye Olson_
Its: _Insurance & Claims Manager_

Subscribed and sworn to before me this __27__ day of May, 2021.

_Tammy Lamirande_
Notary Public
My commission expires:    __1/31/2025__
[SEAL]

> TAMMY L. LAMIRANDE
> Notary Public
> Minnesota
> My Commission Expires
> Jan 31, 2025

23

**AS TO OBJECTIONS:**

Dated this 27th day of May, 2021.

**VOGEL LAW FIRM**

*/s/ Robert B. Stock*

BY:   Angela E. Lord (#05351)
      Robert B. Stock (#05919)
      Briana L. Rummel (#08399)
      218 NP Avenue
      PO Box 1389
      Fargo, ND  58107-1389
      701.237.6983
      Email:   alord@vogellaw.com
                rstock@vogellaw.com
                brummel@vogellaw.com
      ATTORNEYS FOR ESSENTIA HEALTH
      AND INNOVIS HEALTH, LLC

4428649.1

24

UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B; AMY LAVELLE, individual and as parent of minors Em.L.and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>    Defendants. | Case No. 3:20-CV-00121<br><br><br><br><br>**CERTIFICATE OF ELECTRONIC SERVICE** |

| | | |
|---|---|---|
| STATE OF NORTH DAKOTA | ) | |
| | ) ss. | |
| COUNTY OF CASS | ) | |

Dawne Mogck, being first duly sworn, does depose and state that she is of legal age and not a party to the above-entitled matter. That on May 27, 2021, Affiant emailed the following document(s):

**Defendant Essentia Health's Third Supplemental Response to Plaintiffs' First Set of Requests for Production to Defendant Essentia Health**

to:

Elizabeth A. Fegan
beth@feganscott.com

Mac Schneider
mac@schneiderlawfirm.com

Brooke Achua
brooke@feganscott.com

J. Barton Goplerud
goplerud@sagwlaw.com

Melissa Ryan Clark
melissa@feganscott.com

Brian O. Marty
marty@sagwlaw.com

To the best of Affidant's knowledge, the email addresses above given are the actual email addresses of the parties intended to be so served.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*s/ Dawne Mogck*
Dawne Mogck

4415278.1

2