**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jessica Kraft, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 3:20-cv-121 |
| vs. | ) | |
| | ) | **ORDER** |
| Essentia Health, et al., | ) | |
| | ) | |
| Defendants. | ) | |

In this putative class action, plaintiffs allege defendant Essentia Health sold and administered injectable pharmaceuticals—time and temperature sensitive pharmaceutical products (TTSPPs)—that had been stored outside the proper temperature range. Plaintiffs contend the improper storage of TTSPPs resulted in "reduced vaccine potency and the increased risk of vaccine-preventable diseases." (Doc. 28, p. 2). Essentia's answer admits that in April 2020, it advised patients who had received certain TTSPPs that the TTSPPs may have been subjected to a temperature excursion, potentially rendering them less effective. (Doc. 30, p. 2).

Plaintiffs filed a motion to compel Essentia to produce certain financial information. Essentia moves to file its response to the motion and an accompanying affidavit under seal, with redacted versions to be filed publicly. (Doc. 149). Essentia contends its license agreement with a software provider requires that it treat information regarding the software as proprietary trade secrets. Plaintiffs oppose the motion to seal, asserting the information which Essentia seeks to have redacted does not include proprietary or trade secret information and is largely publicly available. (Doc. 150).

**Law and Discussion**

The Eighth Circuit recently described standards for sealing documents filed with the court:

> Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute. The primary rationales for this right are the public's confidence in, and the accountability of, the judiciary. Whether the common-law presumption can be overcome is determined by balancing "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." In order to adjudicate the issue, a court must first decide if the documents in question are "judicial records," and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to such records. The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so.

Flynt v. Lombardi, 885 F.3d 508, 511 (8th Cir. 2018) (internal citations omitted); In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig., 9 F.4th 768, 791 (8th Cir. 2021). Compelling reasons for denial of public access include personal and professional safety, protection of sensitive business information, personal privacy, and national security. See Flynt, 885 F.3d at 511-12; IDT Corp. v. eBay, Inc., 709 F.3d 1220, 1224 (8th Cir. 2013); Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1377 (8th Cir. 1990); CAA Sports LLC v. Dogra, No. 4:18-cv-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018).

Some courts have recognized a lesser right to public access to documents filed in conjunction with discovery motions that did not implicate the merits of a case, applying a good cause standard to determine whether the documents should be sealed. See Laughlin v. Stuart, No. 19-cv-2547, 2021 WL 1338086, at *3 (D. Minn. April 9, 2021). Regardless of whether the applicable standard is a presumption of public access or good cause, the party advocating for sealing documents has the burden to prove denial of

public access is warranted. <u>Flynt</u>, 885 F.3d at 511; <u>Laughlin</u>, 2021 WL 1338086, at *3. The court will apply the good cause standard in determining whether Essentia has met its burden to demonstrate the information at issue should be sealed.

Having considered the information at issue, the court concludes Essentia has not shown good cause to seal its memorandum in opposition to plaintiffs' motion to compel or the accompanying affidavit. The information Essentia requests to redact comprises, as plaintiffs describe, "general descriptions of commercially available software." (Doc. 150, p. 2). Plaintiffs support that assertion with cites to the software provider's public website and other public websites and, as plaintiffs assert, the substance of the proposed redacted information is included on those websites.

### Conclusion

Essentia's motion to seal, (Doc. 149), is **DENIED**. Essentia is directed to publicly file its memorandum in opposition to plaintiffs' motion to compel and the accompanying affidavit within **three business days**.

**IT IS SO ORDERED**.

Dated this 5th day of January, 2022.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

3