## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jessica Kraft, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 3:20-cv-121 |
| vs. | ) | |
| | ) | **ORDER** |
| Essentia Health, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The parties jointly submitted proposed amendments to the court's scheduling order, agreeing to extend several deadlines but disagreeing as to one. Their disagreement concerns whether a deadline for substantial completion of document production should be set in advance of the deadline for completing all fact discovery.

Plaintiffs propose a deadline for substantial completion of document discovery 90 days before the close of fact discovery. In support of their position, plaintiffs point to three discovery motions that are currently pending and allege their receipt of foundational documents needed to prepare for those motions took "an inordinate amount of time." (Doc. 164, p. 2). Plaintiffs assert an interim deadline for document production would allow for "an opportunity for review, follow-up discovery, and an efficient and informed deposition process" after document production has been substantially completed. Id.

Defendants Essentia Health and Innovis Health LLC (collectively, Essentia) oppose plaintiffs' proposal. Essentia argues neither the current scheduling order nor the court's template for scheduling orders includes a similar deadline and asserts its document production has been timely. Further, Essentia contends additional document production may be warranted after depositions are conducted.

Though this court has typically not set a document production deadline separate from the deadline for completion of all fact discovery, it has sometimes done so in complex cases. As a putative class action involving a large number of potential class members, this case is complex. If document production were not completed until the end of the fact discovery period, effective deposition discovery might be hampered. That could result in a request for additional depositions of witnesses who had already testified or a later request to extend a deadline to complete depositions. Here, three significant discovery motions are pending, each of which may impact Essentia's document production.

Under Federal Rule of Civil Procedure 16(b)(4), the court finds good cause to amend the scheduling order to establish an interim deadline for substantial completion of document production and to adopt the parties' proposals for extension of other deadlines. Accordingly, the scheduling order is amended as follows:

(1)    substantial completion of document production must be completed by May 3, 2022;

(2)    the parties shall have until June 2, 2022, to move to amend the pleadings or to join additional parties;

(3)    the parties shall have until July 15, 2022, to move to add claims for punitive damages;

(4)    fact discovery shall be completed by August 1, 2022;

(5)    the parties shall have until August 16, 2022, to file discovery motions;

(6)    plaintiffs' class certification expert disclosures and reports and motion for class certification are due by September 15, 2022;

(7)    defendants' class certification expert disclosures and reports and response

to plaintiffs' motion for class certification are due by October 31, 2022;

and

(8)    plaintiffs' reply in support of their motion for class certification and

rebuttal class certification expert reports are due by December 5, 2022.

In their joint motion, the parties recognize, as does the court, that further revision of the various deadlines may be necessary after the district judge rules on the pending motion to dismiss filed by defendant Dakota Clinic Pharmacy LLC.

**IT IS SO ORDERED**.

Dated this 27th day of January, 2022.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge