**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| JESSICA KRAFT, INDIVIDUALLY AND AS PARENT OF MINORS L.K., S.K., and O.K.; SHELLI SCHNEIDER, INDIVIDUALLY AND AS PARENT OF MINORS A.S and W.S.; ANNE BAILEY, AS PARENT OF MINOR D.B.; AMY LAVELLE, AS PARENT OF MINORS Em.L. and El.L.; ELIZABETH BEATON, INDIVIDUALLY AND AS PARENT OF MINOR M.B.; AMANDA AND TYRELL FAUSKE, INDIVIDUALLY AND AS PARENTS OF MINORS C.R.F. and C.J.F.; JENNIFER REIN, INDIVIDUALLY; and JESSICA BERG, AS PARENT OF MINORS A.B. and S.B., individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:20-CV-121<br><br>Hon. Peter D. Welte |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS ESSENTIA HEALTH AND INNOVIS HEALTH LLC TO APPLY DISPUTED SEARCH TERMS**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................1

II.    ARGUMENT ......................................................................................................2

        A.    The Low-Hit Terms are proportionate and should be run.....................................2

        B.    The Higher-Hit Terms are proportionate, too.........................................................3

                1.   Essentia's few substantive challenges lack credibility. ..................................3

                2.   Plaintiffs' search strings target specific information and cannot be eliminated simply because other strings share common terms.................................................6

                3.   Essentia's complaints about proportionality are unsupported and unwarranted given the needs of the case and the terms' relevance. ...........................................6

## I.    INTRODUCTION

Plaintiffs' goal in developing search terms and bringing their motion is to facilitate the prompt and efficient production of relevant documents. They crafted the bulk of Essentia's search terms on its behalf, built the syntax for several of those searches when Essentia claimed it was too burdensome, troubleshooted ways for Essentia to provide unique hit counts when its vendor was unable to, waited months for Essentia to identify the terms it disputed, and narrowed their own proposals when Essentia complained about hit counts without offering counterproposals or guidance of its own. Plaintiffs gave this process eight months before moving to compel.[1]

Essentia has not made any legitimate challenge to any term's relevance. Instead, it complains that the terms collectively return what Essentia believes to be a large quantity of documents, some of which are irrelevant. As in every case, there are inevitably ways that the terms could be improved upon to benefit either party, particularly with more collaboration and transparency (or hindsight). When search terms are used, some irrelevant documents will have to be reviewed and some relevant documents will be missed. But discovery was served a year ago. Plaintiffs' search terms reduced the document pool by 90%. Essentia has opted not to use technology assisted review. It has not provided information that would allow the search terms to be reasonably narrowed any further. At some point, document production must proceed. Plaintiffs' proposed terms are relevant, reasonable, and proportionate, and they should be applied.

---

[1] Some of Essentia's brief and much of its declaration are dedicated to the parties' meet-and-confer discussions. To be sure, Plaintiffs contend that Essentia's dilatory conduct is all the more reason it should apply the handful of disputed search terms and allow discovery to advance. But this reply brief focuses on Essentia's more substantive contentions. Plaintiffs note, however, that Essentia's declaration makes a number of objectively false statements, some of which blame Plaintiffs for Essentia's own delays. Those issues are addressed in the accompanying reply declaration.

## II.   ARGUMENT

### A.  The Low-Hit Terms are proportionate and should be run.

Half of the disputed terms (the 14 Low-Hit Terms) encompass just 5,750 unique documents. ECF No. 162 ("Opp."), p. 14. Even at Essentia's below-average estimate of 30 documents reviewed per hour,[2] it would take two reviewers fewer than two-and-a-half weeks to review these documents. That is reasonable and proportionate to the needs of this case given the relevance of the terms at issue. (Certainly, the parties have spent significant time just analyzing, disputing, and now briefing these terms).

Essentia complains "these searches recall documents that are not responsive to Plaintiffs' discovery requests." Opp., p. 14. Search terms are imperfect. They are not designed to eliminate every irrelevant document. The goal is to help Essentia avoid a page-by-page review of its three-million-document pool.[3] The terms achieve that goal.

For most of the Low-Hit Terms, Essentia challenges the relevance of certain issues at the heart of this case – e.g., temperature issues, storage practices, the excursion, the cold chain, labeling – because "DCP" (not Essentia) "was responsible for the storage and temperature issues." Essentia Opp., Ex. A (regarding 13 of the 14 terms). That is an unreasonably narrow and

---

[2] *Compare* Opp., p. 10 (over 5,069 hours for 152,061 documents) *with, e.g.,* https://e-discoveryteam.com/2013/10/01/my-basic-plan-for-document-reviews-the-bottom-line-driven-approach/ (first-pass relevancy review typically 50 to 100 files per hour); https://percipient.co/electronic-discovery-and-esi-document-review-calculator/ (relevance review up to 100 documents per hour or more; closer to 25 for "heavy redaction"); https://www.biaprotect.com/blog/legal-document-review-q-a/ (70-80 emails per hour; 20-30 spreadsheets per hour if review of formulas in native format required).

[3] Essentia cites the ESI Order in emphasizing that search methodologies have: "the goal of limiting the scope of review for production." Opp., p. 2 (quoting ECF No. 46 ("ESI Order"), § V.6) (emphasis added in Opp.). The search terms limit the scope of review by more than 90%. Moreover, Essentia omits the preceding sentence of the ESI Order, noting that search terms must also "help identify ESI that is subject to production in discovery and filter out ESI that is not." § V.6 (emphasis added).

misleading interpretation of relevance.

DCP managed Essentia's inventory, operated out of Essentia's space, and distributed the pharmaceuticals that Essentia administered to its own patients. Essentia is DCP's largest owner. The DCP "pharmacist-owner" named in Essentia's interrogatory responses is the same "Pharmacy Manager, Innovis Health, LLC" named in its privilege logs. Even if the two entities were not so intertwined, the excursion affected Essentia's patients. Essentia's policies, knowledge, and oversight are relevant, as are case-related documents with and about DCP.

Finally, Essentia claims other searches suffice in lieu of the disputed terms. As addressed in **Exhibit A**, they do not. The terms target discrete issues, and similarities across the terms are designed to capture the various ways in which defendants and their employees refer to relevant information (e.g., "problem" instead of "excursion"; "chemo" instead of by pharmaceutical name).

### B.  The Higher-Hit Terms are proportionate, too.

#### 1.  Essentia's few substantive challenges lack credibility.

Essentia makes few substantive challenges to the search terms. Regarding **Search 138**, Essentia suggests "cold /s chain!" is an "overbroad standalone search term[]." Opp., p. 19. Essentia's cited authority criticizes overbroad terms like a party's business name and its website address, or the name of a city. *No Spill, LLC v. Scepter Can., Inc.*, No. 18-cv-2681, 2021 U.S. Dist. LEXIS 200811, at *25-27 (D. Kan. Oct. 19, 2021); *Ramos v. Whole Hemp Co. LLC*, No. 19-cv-03268, 2020 U.S. Dist. LEXIS 185619, at *8 (D. Colo. Oct. 6, 2020). A search for "cold chain" in a case stemming from an ineffective and problematic cold chain (for a company whose business is much broader than cold chain compliance) is not akin to an "overbroad standalone" search for "Essentia" or "Essentia.com" or "Duluth."

Regarding **Searches 52a-55a**, **Searches 52b-55b**, **Search 99**, and **Search 138**, Essentia claims the "temperature excursion at issue took place at DCP facilities" and "documents about

3

Essentia's storage and monitoring of vaccines . . . is, frankly, irrelevant." Opp., p. 19. Essentia's practices regarding vaccines it administered to its own patients, from a pharmacy on its premises, which it partially owned and with which it had a contractual relationship, are objectively relevant, as are case-related discussions by, with, and about that pharmacy. *Supra*, pp. 2-3.

For **Search 47**, **Search 99**, and **Search 45b**, Essentia identifies – for the first time – concerns about certain words in the strings. Opp., pp. 16-17.[4] For **Search 47**, Essentia's newfound concern about the word "flu" ignores that the search contains two dozen drug names taken directly from Essentia's production, most of which are less common (e.g., Eculizumab and Latanoprost), and limits them to within 30 words of other relevant terms. Essentia has not even provided a document count for this search. It instead cites a hit count (3,880 documents) for a prior version of the string, which was broader because (1) it included several additional, more common terms that Plaintiffs have since withdrawn (e.g., issue! OR fail! OR warm! OR ultra-cold! OR rang! OR improper! OR potent!), and (2) Essentia ran the term using "AND" instead of "w/30."[5] The count

---

[4] Previously, Essentia's sole input was to say the original proposals were "Recalling excessive number[s] of documents" (with no mention of whether those documents were relevant) and then, once Plaintiffs narrowed them, to claim 45b "is retrieving [an] excessive amount of non-responsive documents" and simply that "Defs maintain prior objections" as to the other two terms.

[5] Plaintiffs did not "criticize" (Opp., pp. 4-5) Essentia for using "AND" connectors in place of Plaintiffs' numerical connectors for most terms. Plaintiffs have no objection to using "AND." They merely noted Essentia's change because it increases hit counts, and Essentia points to those counts to justify rejecting Plaintiffs' narrower terms.

That said, Essentia's explanation for making this substitution (Opp., p. 4, Stock Decl., ¶ 21) makes no sense. None of the disputed terms contain the problem (multiple numerical connectors in a single string) that Essentia says requires its purported workaround. *See also* **Exhibit A, n. 1.**

Even if they did, the increased document count is a problem of Essentia's own making. Essentia chose its document platform; refused to provide requested information about it (which Plaintiffs repeatedly asked for, including when sending the terms (ECF No. 158-1, p. 18 of PDF)); disclosed the issue a month after Plaintiffs sent their proposals; neither modified the terms to overcome the platform's shortcomings nor asked Plaintiffs to do so; applied its hit-inflating quick fix; and now complains of the results. Plaintiffs should not be prejudiced for Essentia's chosen approach.

4

now is undoubtedly lower, and the term was and is proportionate. (Even if that were not true, Essentia's belated concerns about two of the string's terms do not warrant excluding it altogether).

Moreover, Essentia's sample "irrelevant" document for Search 47 is a "Clinical Profile" for a vaccine similar to an Affected Medication. It includes information about the drug manufacturer, vaccine's purpose, billing and national drug codes, storage and handling temperatures, and excursion guidelines. This is the type of information Plaintiffs seek (albeit for Affected Medications), and the search term should not be disregarded because some documents from related but case-irrelevant drugs must be reviewed.

Regarding **Search 99**, Essentia complains about safety and potency terms in the string. Documents about the Affected Medications' safety, efficacy, purpose, and intended and post-excursion potency – including Essentia's knowledge and representations to Plaintiffs about those issues – are relevant. 92% of the documents returned by this string are <u>not</u> unique, indicating that the term is most often present with other relevant terms. The sample non-responsive document was an email about a vaccine similar to those at issue in this case and is not so irrelevant that it warrants rejecting the search.

Plaintiffs recognize that **Search 45b** recalls a substantial proportion (about 29,000) of the disputed documents. Essentia has not provided any non-conclusory information to help identify whether the term simply returns a large number of relevant documents, or, if largely irrelevant, how to appropriately tailor the term. Essentia now raises concerns about irrelevant chemo-potency and drug-harm documents. Documents regarding the potency of impacted chemotherapy drugs are relevant. That aside, had Essentia raised these issues in the seven months since the terms were proposed, Plaintiffs would have discussed those aspects of the string or suggested that Essentia review a statistically significant sample of documents (about 10% given the count) and confer

5

further. Nevertheless, given the nature of the case and the string's relevance, it is proportionate notwithstanding that it returns a larger number of documents than some other terms. The burden of responding to discovery "often . . . lies heavier on the party who has more information, and properly so." Fed. R. Civ. P. 26(b)(1) (2015 advisory committee note).

### 2. Plaintiffs' search strings target specific information and cannot be eliminated simply because other strings share common terms.

For most searches, Essentia claims other, agreed searches will reach the sought-after information. But it is not enough that some of the strings share similarities – particularly when searching emails, which requires Plaintiffs to blindly anticipate how Essentia's employees and others used plain language to discuss relevant issues. Plaintiffs tailored their proposals to target relevant information, avoiding exactly the problem identified in *Kemps LLC v. IPL, Inc.*, No. 19-0753, 2020 U.S. Dist. LEXIS 260545, at *16 (W.D. Mo. Nov. 6, 2020), cited by Essentia.

In *Kemps*, the plaintiff proposed the term "Clear AND (Result or Test)" – which used overly common words and was unrelated to any test or product at issue. *Id.* at *15-17. "Clear" was already contained in agreed-upon strings with other, case-specific words in proximity. *Id.* at *17. The court found that the term "will most likely duplicate information that will be produced by searching other, more specific terms." *Id.* Plaintiffs here avoided overly common terms (like temperature) in favor of strings with several case-specific modifiers in close proximity – like the terms approved in *Kemps*. And we know duplication is not an issue because the terms are narrowly tailored (*see, e.g.*, **Exhibit A**) and result in unique, i.e., non-duplicative, documents.

### 3. Essentia's complaints about proportionality are unsupported and unwarranted given the needs of the case and the terms' relevance.

Essentia has not supported its claims that certain searches return too many irrelevant documents, let alone has it provided any information that would allow the search strings to be modified in a way that ensures the baby is not thrown out with the bathwater.

6

At best, Essentia discloses for the first time that it "qualitatively sampled" documents. Stock Decl., ¶ 46. It does not provide any qualitative (or quantitative) information from this sampling, though (e.g., how many documents were sampled; what percentage were false hits; how many documents would be missed by excluding a term; what aspects of the search string are problematic; categories of returned documents that are responsive, or not). Essentia does not say whether it reviewed a statistically significant number of documents or how those documents were selected, beyond sampling "numerous" documents across various "hit ratings" correlated to the quantity of a string's individual terms appearing in a document. *Id.* But a string's terms are often unrelated to one another (e.g., a list of independent manufacturers, or terms from different subject areas).

As to proportionality, the parties disagree about the damages in this case, but, at the very least, it is a multimillion-dollar matter affecting tens of thousands of class members. The review of the 150,000 disputed documents is reasonable.[6] And to save time and Essentia's expense, Plaintiffs are willing to accept the documents without any relevance review. The documents can be produced pursuant to a Federal Rule of Evidence 502(d) order and/or Essentia can conduct a limited, privilege-only review based on parties to the communications.

Plaintiffs respectfully request that the Court order Essentia to apply the disputed search terms and produce the resulting documents.

Dated: February 1, 2022                         Respectfully submitted,

                                                  /s/ Melissa Ryan Clark
                                                Melissa Ryan Clark

---

[6] *See, e.g., In re Target Corp. Customer Data Sec. Breach Litig.*, No. 14-2522, 2015 U.S. Dist. LEXIS 198496, at *26-27 (D. Minn. May 5, 2015) (in a case that ultimately settled for $10 million, defendant collected over 1.7 million documents; reviewed 230,000; produced 39,000); *In re Am. Apparel S'holder Litig.*, No. 10-06352, 2014 U.S. Dist. LEXIS 184548, at *13, 26 (C.D. Cal. July 28, 2014) ($4.8 million settlement; 1.5 million pages produced by defendant).

Brooke A. Achua
FEGAN SCOTT LLC
140 Broadway, 46th Fl.
New York, NY 10005
Ph: 646.502.7910
Fax: 312.264.0100
melissa@feganscott.com
brooke@feganscott.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Mac Schneider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
mac@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD &
WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@saglaw.com

Counsel for Plaintiffs