**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

JESSICA KRAFT, INDIVIDUALLY AND ) 
AS PARENT OF MINORS L.K., S.K., AND )
O.K.; SHELLI SCHNEIDER, )
INDIVIDUALLY AND AS PARENT OF )
MINORS A.S. AND W.S.; ANNE BAILEY, )
AS PARENT OF MINOR D.B.; AMY )
LAVELLE, AS PARENT OF MINORS )
EM.L. AND EL.L.; ELIZABETH BEATON, )
INDIVIDUALLY AND AS PARENT OF )   NO. 3:20-CV-121
MINOR M.B.; AMANDA AND TYRELL )
FAUSKE, INDIVIDUALLY AND AS )
PARENTS OF MINORS C.R.F. AND C.J.F.; )   HON. PETER D. WELTE
JENNIFER REIN, INDIVIDUALLY; AND )
JESSICA BERG, AS PARENT OF MINORS )   MAG. ALICE R. SENECHAL
A.B. AND S.B., INDIVIDUALLY AND ON )
BEHALF OF ALL OTHERS SIMILARLY )
SITUATED, )
  )
           PLAINTIFFS, )
  )
    V. )
  )
ESSENTIA HEALTH, INNOVIS )
HEALTH, LLC D/B/A ESSENTIA )
HEALTH, DAKOTA CLINIC )
PHARMACY, LLC, JOHN DOE )
MANUFACTURERS, AND )
JOHN DOE DISTRIBUTOR, )
  )
           DEFENDANTS.

**REPLY DECLARATION OF MELISSA CLARK IN SUPPORT OF MOTION TO COMPEL APPLICATION OF SEARCH TERMS**

I, MELISSA CLARK, declare as follows:

1.      I am an attorney with Fegan Scott LLC and counsel for Plaintiffs and the putative

class in this case.

1

2.      On January 11, 2022, I submitted a declaration in support of Plaintiffs' Motion to Compel Defendants Essentia Health and Innovis Health LLC to Apply Disputed Search Terms ("Clark Decl.," ECF No. 158-1).

3.      My declaration summarized the protracted search term negotiation process that has delayed discovery and led Plaintiffs to file their motion to compel.

4.      On January 25, 2022, in connection with its opposition to Plaintiffs' motion to compel, Essentia submitted the Declaration of Attorney Robert B. Stock ("Stock Declaration" or "Decl.," ECF No. 163).

5.      The Stock Declaration makes inaccurate statements, some of which suggest that Plaintiffs contributed to delays in the search term process. This reply declaration addresses some of those mischaracterizations and/or false statements.

6.      I have personal knowledge of the facts stated herein.

A.  **False and misleading statements in Essentia's declaration.**

7.      The Stock Declaration claims Plaintiffs "agreed to allow" Essentia to move forward with the review of the eight search terms Essentia proposed on May 26, 2021. Stock Decl., ¶ 14.

8.      In truth, Plaintiffs repeatedly requested that Essentia run the undisputed search terms. For example, on May 20, 2021, I wrote to Essentia: "Will Essentia run its existing search term list now, while the parties resolve disputes as to additional terms and/or modifications, to advance its production?" On May 26, 2021, after receiving Essentia's second search term list, I wrote: "Plaintiffs request that Essentia run these terms now to get thing moving." I also asked Essentia to do so by phone. Essentia refused until Plaintiffs asked the Court to order Essentia to do so. *See* Plaintiffs' 5/28/21 Position Statement, p. 2. ("Plaintiffs have requested that Essentia

run its own proposed terms now . . . . If Essentia declines (as it previously has), Plaintiffs request that the Court order it to run the agreed-upon search terms now, while the parties negotiate additional terms."); 6/1/21 Clerk's Minutes, ECF No. 64 ("Plaintiff[s] request that Essentia run the proposed search terms while the parties continue to meet and confer.").

\*　　\*　　\*

9.      Essentia notes that "Plaintiffs did not raise issues with the search terms at the September 14, 2021 Status Conference. *See* DCD No.116." Stock Decl., ¶ 29.

10.     That is misleading, at best. Plaintiffs first raised issues regarding Essentia's search terms in May 2021 and continued to do so at later status conferences. At the time of the September 14, 2021 status conference, Plaintiffs were still awaiting Essentia's responses to Plaintiffs' September 2, 2021 proposals. Stock Decl., ¶¶ 28, 30.

11.     Plaintiffs' September 13, 2021 Position Statement informed the Court that the parties were meeting and conferring regarding search terms.

12.     The September 14, 2021 Clerk's Minutes that Essentia cites (ECF No. 116) reflect that a discussion regarding search terms *was* held and that the Court authorized Plaintiffs to file a motion if the search terms were not resolved by the end of September:

> Discussion held regarding record custodian and proposed search terms. Attorney Stock states counsel are still in the meet and confer process on those issues. Court states if the issues do not get resolved by the end of the September, Attorney Clark can bring it to the Court's attention.

\*　　\*　　\*

13.     The Stock Declaration suggests Plaintiffs delayed their motion to compel and belatedly requested updated data, claiming:

> On October 13, 2021, Plaintiffs advised the Court that they had Essentia's final position on the search terms and that Plaintiffs were going to bring a motion to compel application of further search terms

3

by the end of the month. DCD No. 128. Instead, on October 26, 2021, Plaintiffs requested updated data related to the search terms.

Stock Decl., ¶ 31.

14.    That suggestion is not true. Essentia revealed at the October 13 status conference that it intended to provide additional search term information to Plaintiffs. The Court asked that Essentia do so as soon as possible so that the information could be incorporated into Plaintiffs' motion. The Clerk's Minutes reflect that:

> Search Terms. Ms. Clark indicates plaintiffs have Essentia Health's final position on search terms and will be bringing the disputed terms to the attention of the court by motion. (Which will be filed by the end of the month). **Mr. Stock agrees to run again a few of the search terms and will communicate the results to Ms. Clark. Court asks this be done soon so any unresolved issues can be raised in Ms. Clark's motion.**

ECF No. 128, ¶ 3 (emphasis added).

15.    Plaintiffs did not receive that information until January 2022, *infra*, and Essentia sent it only after Plaintiffs informed Essentia they were moving forward with their motion, Clark Decl., ¶¶ 40, 41.

\*       \*       \*

16.    Plaintiffs did not, as Essentia claims (Stock Decl., ¶ 31), "request[] updated data related to the search terms" on October 26. On that day, I sent an email to defense counsel "to follow up on our meet-and-confer discussion last week" (October 20) and memorialize that discussion, which concerned the information Essentia promised at the October 13 status conference.

17.    Regarding Essentia's search terms, my email noted that Plaintiffs were still awaiting information from Essentia and that Plaintiffs had asked for a timeframe for that information (which Essentia never provided); regarding search terms, I wrote:

4

**Modified search term results.** Essentia does not have results yet. Rob will reach out to Essentia's vendor and provide an update. Plaintiffs requested an anticipated timeframe so they could plan accordingly for their search term motion, noting the Court's preference to address them all at once

\*　　\*　　\*

18.　　The Stock Declaration claims: "In December, Plaintiffs advised that they had no issues to raise at a status conference with the Court, failing once again to raise issues with disputed search strings. *See* DCD No. 137; Essentia Ex. 7." Stock Decl., ¶ 33

19.　　Plaintiffs did not "fail[]" to raise search term issues. The Court had already authorized Plaintiffs to file a motion regarding the disputed search terms. In that regard, Plaintiffs' email to the Court (requesting an adjournment on behalf of all parties) noted: "The parties . . . have received direction from the Court on our previously discussed disputes." Essentia Ex. 7, ECF No. 163-7. And Plaintiffs were still awaiting information from Essentia, as discussed at the October 13 status conference, in the parties' October 20 meet-and-confer call, in my October 26 email, and in Essentia's November 12 email promising further information from Essentia "as soon as able." Stock Decl., ¶ 32. There was no issue for the Court to address at a December 2021 conference.

\*　　\*　　\*

20.　　Essentia claims that, on January 4, 2022, "Essentia noted that Plaintiffs had yet to respond to four modified searches proposed by Essentia. Essentia Ex. 8." Stock Decl., ¶ 34.

21.　　That is not true. It was *Essentia* who "had yet to respond" regarding its proposals, not Plaintiffs. Essentia's own exhibits make this clear.

22.　　On November 12, 2021, Essentia emailed an updated, but still incomplete, search term spreadsheet. Stock Decl., ¶ 32. Essentia's cover email noted, in relevant part: "**The further modified searches highlighted in orange are being ran and I will provide the results from**

5

**those searches as soon as able.**" Essentia Exhibit 6 (ECF No. 163-6) (emphasis added). Those orange-highlighted searches were Essentia's new proposals for terms 22a, 52b, 84, and 85.

23.     On January 4, 2022, Essentia sent its "final spreadsheets" with a cover email noting: "**There were four searches (highlighted in orange) still hanging out there that had not been responded to.**" Essentia's Exhibit 8, ECF No 163-8 (emphasis added). Those terms "had not been responded to" by *Essentia*; they were the same four orange-highlighted terms Essentia referenced in its November 12 email. Essentia Exhibit 6 (ECF No. 163-6)).

24.     Essentia's January 4 spreadsheet added five new columns, including one for "Defendant's Jan. 3, 2022 final objections and comments," in which Essentia withdrew two of its proposals. *See* Essentia's Exhibit 2, pp. 57-66 (ECF No. 163-2) (terms 22a, 52b, 84, and 85; columns N through S[1]).

25.     There was no information that Plaintiffs "had yet to respond to." In fact, Plaintiffs promptly reviewed the information Essentia provided on January 4, adjusted their draft motion to compel accordingly, and filed the motion within a week.

**B.  The parties' negotiations were not "transparent, informative, and responsive."**

26.     The Stock Declaration states that "This correspondence and the final form of the comprehensive spreadsheet, *see* Essentia Ex. 2, demonstrate that Essentia has been very transparent, informative, and responsive with respect to the status of each search string, whether contested or uncontested." Stock Decl. ¶ 36.

27.     I disagree.

---

[1] Column letters and tab titles, referenced *infra*, are visible in the Excel version of the exhibit, which Essentia sent to the Court on January 25, 2022.

28.     The Stock Declaration reflects that basic document hit counts, required by the ESI Order, and which should have taken days, were shared in piecemeal fashion over months, with Court discussion required to advance progress. *E.g.,* Stock Decl. ¶ 17 (partial objections on June 24); ¶ 19 (agreement to comply with the ESI Order on June 29); ¶ 20 (partial hit list on July 7); ¶ 23 (partial hit list on July 15); ¶ 25 (partial hit list on August 3); ¶ 26 (complete hit list with objections on August 24, more than two months after Plaintiffs' proposals on June 11).

29.     The same sort of delays occurred after Plaintiffs' proposed modifications. *Id.* at ¶ 28 (Plaintiffs sent modifications on Sept. 2); ¶ 32 (Essentia sent partial hit list and objections on November 12); ¶ 34 (Essentia sent final objections on January 4, more than four months after Plaintiffs' modified proposals).

30.     The "Comprehensive Spreadsheet," Essentia's Exhibit 2 (ECF No. 163-2), reflects that Essentia provided no support for its objections and made no attempt to suggest modifications for the vast majority of the disputed search terms.

31.     The "Aug. 24" tab reflects that Essentia objected to 28 terms, with boilerplate language that the terms were "Recalling excessive number of documents. . ." and proposed modifications for just four. Essentia's Exhibit 2, pp.1-56 (ECF No. 163-2).

32.     The "Sept. 2" tab reflects that:

- in September 2021: Plaintiffs moved the disputed terms to a collaborative spreadsheet (Columns A through C) and made modifications to narrow disputed terms and provided feedback on some (Columns D and E) (additional feedback was sent by cover email);

- in October and November 2021: Essentia refused to run some of the modified proposals to provide hit counts (Columns H through L), maintained its objections

7

as to most terms (Column M), and suggested only a few, very narrow

modifications (Column N); and

- in January 2022: Essentia provided hit counts for its four proposed modifications, and rejected two of its own proposals at that time (Columns O through S).

Essentia's Exhibit 2, pp.57-66 (ECF No. 163-2).

33.     Ten weeks after Plaintiffs' initial proposals, Essentia provided a single example non-responsive document for each original disputed term.

34.     For disputed terms, the ESI Order requires "a general description and/or **examples** of **some of the types** of irrelevant documents that each disputed term is returning." ECF No. 46, p. 6 (emphasis added).

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 1, 2022                    _____/s/ Melissa Ryan Clark_____