# Exhibit A

STATE OF NORTH DAKOTA

IN DISTRICT COURT

COUNTY OF  BURLEIGH

SOUTH CENTRAL JUDICIAL DISTRICT

08-2019-CV-00640

Kevin McKibbage,

        Plaintiff,

vs.

**ORDER ON MOTION
TO COMPEL**

Daniel Dixon, M.D.;
The Bone & Joint Center, P.C.;
St. Alexius Medical Center;
CHI St. Alexius Health Bismarck,

        Defendant.

[¶1]    Kevin McKibbage (McKibbage), the Plaintiff in the above entitled matter has filed a motion to compel discovery asserting that Defendant CHI St. Alexius Health Bismarck (CHI) has not included sufficient information in a privilege and redaction log provided to McKibbage. CHI asserts it has identified all the required information it can provide under law without violating the confidentiality of peer review records.  McKibbage requests attorney's fees for the discovery violation.

[¶2]    CHI has filed with the Court two separate privilege logs which had been disclosed to McKibbage.  The logs note a brief description of the items and the privilege claimed.  Under the descriptor, "Peer-review records" a number of items are separately listed including committee meeting minutes, correspondence, and other documents.

[¶3]    A privilege log, is intended to "describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

N.D.R.Civ.P. 26(b)(5)(A)(ii).  Peer review records are confidential and are only to be used for conducting a professional peer review.  N.D.C.C. § 23-34-02.  Peer review records are:

> (1) Data, information, reports, documents, findings, compilations and summaries, testimony, and any other records generated by, acquired by, or given to a peer review organization as a part of any professional peer review, regardless of when the record was created; and (2) Communications relating to a professional peer review, whether written or oral, between: (a) Peer review organization members; (b) Peer review organization members and the peer review organization's staff; or (c) Peer review organization members and other individuals participating in a professional peer review, including the individual who is the subject of the professional peer review.

N.D.C.C. § 23-34-01(4).  These records do not include original patient source documents.  *Id.*

[¶4]    McKibbage asserts the logs should include detail including the date on which the information was created, who created it, who received it, the subject matter of the document, identification numbers, and a specific privilege reference.  CHI has provided reference to the privilege asserted and identification numbers.  However, no dates, authors, recipients or details surrounding the subject matter have been provided.

[¶5]    CHI is correct in its assessment it must exercise care when determining what to disclose given the confidential nature of peer review records, however, this Court does find additional disclosures are permitted under law.  Specifically, the date(s) the documents described were created are not protected and shall be disclosed.  The identity of the person who created it and the position at the time of creation would not be protected under law.  This also includes who received the document along with their position for peer review, which shall be disclosed.  This does not include any actual communications between members or to a member from someone outside of the peer review organization.

[¶6]    The area covered by privilege does include the subject matter of the documents as that would encompass information subject to a peer review.  The disclosure of this information is prohibited by law which is written so broadly to include "data, information, reports, documents,

findings, compilations and summaries." *Id.* Most certainly disclosure of the general subject is a violation of the even the most basic "summary" and is prohibited by law.

[¶7]    The Court does not find an award of attorney's fees are warranted at this time. CHI did supplement the log when requested. The Court finds CHI conducted a reasonable inquiry as required under law. CHI did not provide more information under the belief the information was protected by privilege. The request for attorney's fees are denied.

[¶8]    Based upon the foregoing, CHI must provide the additional information as referenced above within seven days of this order.

Dated on this the 8th day of November, 2021.

BY THE COURT:
Signed: 11/8/2021 8:13:04 AM

_____
District Judge