# Exhibit B

STATE OF NORTH DAKOTA        IN DISTRICT COURT

COUNTY OF BURLEIGH      SOUTH CENTRAL JUDICIAL DISTRICT

|  |  |
|---|---|
| Gene Nagle,<br><br>           Plaintiff,<br><br>v.<br><br>The Bone and Joint Center, P.C.,<br><br>           Defendant. | **Case No. 08-2019-CV-01908**<br><br><br>**ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM NICOLETTE JOHNSON, A NONPARTY** |

## BACKGROUND

[¶1]    This matter is before the Court on a motion filed by Nagle to have Nicolette Johnson provide another deposition and to produce a privilege log.  Nagle also asks for attorney's fees to compel this discovery.  As the motion has progressed, Johnson provided a privilege log that Nagel argues is lacking in any substance.

[¶2]    Johnson filed a response to the motion that all discovery sought by Nagle is privileged and non-discoverable.  Johnson stated in her response she "would" produce a privilege log consistent with NDRCIVP 26(b)(5)(A).

[¶3]    A hearing was held on January 3, 2022.  The hearing was held by reliable electronic means, specifically the Zoom platform; attorneys for Nagle, Bone & Joint, and Johnson appeared.  Having considered the briefs filed and the arguments of counsel at the hearing, the Court makes the following findings and order.

## LAW AND DECISION

[¶4]    Rule 26 of the North Dakota Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order the discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

N.D.R.Civ.P. 26(b)(1)(A). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." N.D.R.Evid. 401.

[¶5] A privilege log is intended to "describe the nature of the documents, communications, or tangible things not produced or disclosed, and docs in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim." NDRCivP 26(b)(5)(A)(ii). Peer review records are confidential and are only to be used for conducting a professional peer review. NDCC 23-34-02. Peer review records are:

> (1) Data, information, reports, documents, findings, compilations and summaries, testimony, and any other records generated by, acquired by, or given to a peer review organization as a part of any professional peer review, regardless of when the record was created; and (2) Communications relating to a professional peer review, whether written or oral, between: (a) Peer review organization members; (b) Peer review organization members and the peer review organization's staff; or (c) Peer review organization members and other individuals participating in a professional peer review, including the individual who is the subject of the professional peer review.

NDCC 23-34-01(4).

[¶6] The Court was provided that Johnson was served a subpoena duces tecum along with notice of her deposition subpoena. Johnson indicates through email and letter, Nagle was informed privilege would be invoked. When the deposition was taken in July of 2021, no documents were provided and Johnson availed herself of the peer privilege for a majority of questions asked. No privilege log was submitted for these claimed privileges.

Johnson's response to the motion to compel states a privilege log will be provided. During argument, the parties indicated a privilege log was provided, which Nagel claims is inadequate. Privilege was invoked at the time of the deposition without the required log being disclosed.

[¶7]    Nagle objects to the privilege log filed by Johnson as not having sufficient detail to determine if the privilege applies. Nagle directs this Court to rulings by the North Dakota Supreme Court in *Trinity Medical Center v. Holum*, 544 N.W.2d 148, (ND1996) and the United States District Court for the District of North Dakota in *Kraft v. Essentia Health*, No. 20-CV-121 as to how parties must disclose nonprivileged information in a privilege log to allow the opposing party and possibly the Court to determine if the privilege should apply.

[¶8]    Both of these cases recognize the necessity of the peer review privilege and of the necessity of a privilege log that allows the parties, including the Court, the ability to review the privilege log to determine if the materials are, indeed, privileged.

[¶9]    The rule is clear; the party claiming the privilege must provide a privilege log. If one is going to rely on peer privilege, the log must be created and disclosed.

[¶10]   To that end, Johnson will create a privilege log for each piece of information claimed as privileged under peer review privilege. This will include date(s) any documents described were created, the identity of the person who created the document and their position at the time of creation of the document. This will also allow disclosure of who received the document along with their position for peer review being disclosed.

[¶11]   The Court would like to point out that this issue has been circulated in the other companion cases involving the same treating physician, and the parties should attempt to

find a way to resolve these matters short of such a motion. As the party at issue is a nonparty, the Court will not order fees in this instance.

[¶12] If Johnson desires to continue to claim the privilege, she shall create a privilege log in such a fashion and detail to comply with the advice found in both North Dakota case law, *Trinity Medical Center v. Holum*, and the Federal Magistrates order in *Kraft v. Essentia Health*, No. 20-CV-121. Should the Court need to become involved with the use of in-cameral review, this can also be accommodated to move this case along.

## CONCLUSION

[¶13] For the foregoing reasons, Nagle's *Motion to Compel* is hereby GRANTED. Johnson shall sit for another deposition after providing documents pursuant to the subpoena duces tecum or a satisfactory privilege log to invoke privilege as to the documents requested.

[¶14] Fees are not ordered at this time.

IT IS SO ORDERED.

Dated this _11_ day of January, 2022.

BY THE COURT:

Bruce Romanick, District Judge
South Central Judicial District