UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B.; AMY LAVELLE, individual and as parent of minors Em.L. and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F.; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>      Defendants. | Case No. 3:20-CV-00121<br><br><br>**ESSENTIA HEALTH'S AND INNOVIS HEALTH, LLC'S MEMORANDUM REGARDING THE IMPACT OF THE NORTH DAKOTA SUPREME COURT'S DECISION IN 2022 ND 65** |

## I.    INTRODUCTION

Defendants, Essentia Health and Innovis Health, LLC d/b/a Essentia Health West (collectively, "Essentia"), submit this Memorandum in accordance with the Court's direction provided at the March 18, 2022, status conference to address the impact of the North Dakota Supreme Court's decision in *St. Alexius Medical Center, a North Dakota Corporation, d/b/a CHI St. Alexius Health Bismarck v. The Honorable Pam Nesvig, Judge of the Court, South*

*Central Judicial District; Kevin McKibbage, Daniel Dixon, M.D.; and The Bone & Joint Center, P.C.* as it relates to the peer review/quality assurance privilege in this case. As outlined below, this Court's Orders dated August 2, 2021, and October 14, 2021, requiring the disclosure of additional details in Essentia's privilege logs for documents for which Essentia asserted application of the peer review/quality assurance privilege are inconsistent with the North Dakota Supreme Court's decision in *McKibbage.* Accordingly, Essentia respectfully requests this Court vacate its August 2, 2021, and October 14, 2021, Orders, order Plaintiffs' destruction of Essentia's supplemental privilege logs, precluding their further use in this case or otherwise, and seal any reference to the privileged information contained in Essentia's supplemental privilege logs already filed of record to prevent further dissemination of such privileged information. Essentia also seeks a stay of this Court's August 2, 2021, and October 14, 2021, Orders as they relate to the requirement to produce supplemental privilege logs pursuant to the Court's Order Governing Discovery of Electronically Stored Information.

## II.    **FACTUAL AND PROCEDURAL BACKGROUND**

As previously outlined, a discovery dispute arose between the parties during the course of this litigation as to what level of detail is required to assert the peer review/quality assurance privilege in a privilege log. Following initial briefing on this issue, including Essentia's in-camera submission of a representative sample of documents for which it claimed application of the peer review/quality assurance privilege, this Court issued its Order Regarding Discovery Dispute on August 2, 2021. (Doc. ID No. 79). The Court recognized the relevant inquiry turns on the applicable state substantive privilege and acknowledged the broad nature of the peer review/quality assurance privilege as asserted. *Id.* at pg. 4. Ultimately, however, the Court

2

compelled Essentia to provide a more detailed privilege log for those documents for which it

claims application of the peer review/quality assurance privilege, including the following:

> (1) the date on which it was created, (2) identity of the person who created it and the position held by that person at the time the document was created, (3) identity of persons who received the document and their positions, (4) a description of the subject matter of the document, (5) inclusive document identification numbers, and (6) specific reference to the portion of the North Dakota or Minnesota privilege the document is asserted to meet.

*Id*. at pp. 12-13.

Essentia appealed the Order Regarding Discovery Dispute on August 2, 2021, and

Judge Welte affirmed the Order on September 7, 2021, similarly recognizing state law governs

the scope of the applicable privilege.  (Doc. ID No. 109, at pg. 6).  Essentia filed a Petition for

Writ of Mandamus with the Eighth Circuit Court of Appeals, seeking review of the Court's

Order.  The Eighth Circuit Court of Appeals declined to accept Essentia's Petition for Writ of

Mandamus on September 20, 2021.  Accordingly, Essentia produced supplemental privilege

logs, including the detail identified by the Court's Order Regarding Discovery Dispute.

Plaintiffs subsequently challenged the adequacy of Essentia's subject matter

descriptions during an October 13, 2021, status conference.  (Doc. ID No. 129, at pg. 1).  The

Court acknowledged that Essentia "had used the same subject matter descriptions it used in

logs provided for in camera review in connection with the August 2, 2021 Order."  *Id.*  The

Court also acknowledged its earlier Order did not specifically address the subject matter

descriptions.  *Id.* at pg. 2.  The Court's October 14, 2021, Order required Essentia to "provide

additional detail, specific to each document over which it claims the privilege."  *Id.*

In compliance with the Court's October 14, 2021, Order, and consistent with the

Court's Order Governing Electronic Discovery in this case, Essentia again produced

supplemental privilege logs, including more detailed subject matter descriptions on a rolling basis. Despite Essentia's compliance with the Court's various Orders, Plaintiffs again challenged the sufficiency of Essentia's supplemental privilege logs and also claimed that the detailed subject matter descriptions demonstrate the asserted privileges, including the peer review/quality assurance privilege, are not applicable.[1]

While Plaintiffs' Motion to Compel Production of Documents Withheld as Privileged was pending before this Court, the North Dakota Supreme Court issued its decision in *McKibbage*. 2022 ND 65. The North Dakota Supreme Court specifically held that date of creation is irrelevant to the assertion of the peer review/quality assurance privilege under North Dakota law and need not be included in a privilege log identifying documents for which the peer review/quality assurance privilege is asserted. *Id*. at ¶¶ 14-15. In addition, the North Dakota Supreme Court specifically held that the identities of authors and recipients, as well as their respective titles, are protected from disclosure by the peer review/quality assurance privilege under North Dakota law. *Id*. at ¶¶ 16-20.

The North Dakota Supreme Court's decision in *McKibbage* directly impacts this Court's previous Orders, including those dated August 2, 2021 (Doc. ID No. 79) and October 14, 2021 (Doc. ID No. 129), requiring the disclosure of privileged information, including date of creation, identity of creator and recipient, as well as their positions, and more

---

[1] Plaintiffs challenged Essentia's assertion of the work product doctrine, attorney-client privilege, and physician-patient privilege, in addition to the peer review/quality assurance privilege. The North Dakota Supreme Court's decision in *McKibbage* only addressed the peer review/quality assurance privilege. As to Plaintiffs' remaining challenges, Essentia rests on its Memorandum in Opposition to Plaintiffs' Motion to Compel Production of Documents Withheld as Privileged. *See* Doc. ID No. 169.

detailed subject matter descriptions.  Indeed, as outlined below, this Court's previous Orders are contrary to the unanimous opinion of the North Dakota Supreme Court in *McKibbage,* holding this very information is in and of itself privileged.

Essentia, therefore, respectfully requests this Court vacate its August 2, 2021, and October 14, 2021, Orders, requiring the disclosure of information prohibited by the applicable statutory peer review/quality assurance privilege, and deny Plaintiffs' Motion to Compel Production of Documents Withheld as Privileged to the extent it seeks production of documents protected from disclosure by the peer review/quality assurance privilege.  Essentia further requests this Court order that Plaintiffs immediately destroy Essentia's supplemental privilege logs and preclude their use for any purpose in this case.  Essentia produced its supplemental privilege logs in compliance with this Court's Orders, issued absent the benefit of the *McKibbage* opinion.  Essentia also respectfully requests any and all references to the privileged information currently of record be sealed so as to prevent further public dissemination of otherwise protected information.  Lastly, Essentia requests a stay of this Court's August 2, 2021, and October 14, 2021, Orders as they relate to Essentia's continued obligation to produce supplemental privilege logs following document production while the issue is pending before this Court.

III.    **LAW AND ARGUMENT**

      A.    **This Court ought to vacate its August 2, 2021, and October 14, 2021, Orders compelling the disclosure of privileged information as the North**

**Dakota Supreme Court's decision in *McKibbage* demonstrates these Orders are incorrect.**

"Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case."[2] *Richardson v. United States,* No. 86-4095, 1988 WL 20438 (9th Cir. Mar. 14, 1988), amended, No. 86-4095, 1988 WL 115762 (9th Cir. Nov. 2, 1988).   "There is a well-established exception, however, which allows reexamination when 'controlling authority has made a contrary decision of law applicable to such issues.'"  *Id.* (quoting *Kimball v. Callahan,* 590 F.2d 768, 771-72 (9th Cir.), cert. denied, 444 U.S. 826 (1979)).  In such a case, "federal courts have uniformly held that an intervening decision of the highest state court in a case governed by state law is grounds for reconsidering the law of the case."  *Id.*

Indeed, "the duty rests upon federal courts to apply state law under the Rules of Decision statute in accordance with the then controlling decision of the highest state court." *Vandenbark v. Owens-Illinois Glass Co.,* 311 U.S. 538, 543 (1941).  Federal courts must reverse on review "if in the meantime the state courts have disapproved of [their] former

---

[2] Essentia asserted application of the peer review/quality assurance privilege under both North Dakota and Minnesota law and maintains no choice-of-law analysis is required as there is no conflict between the states' respective statutory privileges on these facts.  For those reasons outlined in Essentia's Memorandum in Opposition to Plaintiffs' Motion to Compel, Essentia also maintains that if a choice of law analysis is necessary, North Dakota's peer review/quality assurance privilege controls.  *See* Doc. ID No. 169, at pgs. 7-9.  More importantly, however, it is possible that both privileges are applicable, particularly given the fact that they are intended to apply interstate, in which case it is the most restrictive of the states' privileges which controls what level of detail need and may be included in a privilege log asserting the same.  *See* Hearing on S.B. 2403, Before the S. Human Servs. Comm'n, 61st Leg. Assem. (2009) (Testimony of John C. Kapsner, Counsel to N.D. Healthcare Association). Accordingly, the North Dakota Supreme Court's decision in *McKibbage* requires reversal of this Court's August 2, 2021, and October 14, 2021, Orders.

rulings and adopted different ones." *Kansas Pub. Employees Ret. Sys. v. Russell,* 140 F.3d 748, 751 (8th Cir. 1998). Here, the North Dakota Supreme Court is the correct tribunal to decide what information is protected by the peer review/quality assurance privilege under North Dakota law. *See id.* at 751 (providing state supreme court is a superior tribunal to decide whether state statute applies retroactively); *Global Reinsurance Corp. of Am. v. Century Indem. Co.,* 22 F.4th 83, 101 (2d Cir. 2021) (explaining "the highest court of a state has the final word on the meaning of state law" and, in that regard, federal courts are in the same position as lower state courts in construing state substantive law). The North Dakota Supreme Court's decision in *McKibbage* demonstrates that this Court's August 2, 2021, and October 14, 2021, Orders are incorrect, requiring reconsideration and, ultimately, vacation.

The underlying action in *McKibbage v. Daniel Dixon, M.D.*, et al. is one of medical malpractice. 2022 ND 65, at ¶ 2. As part of discovery in that case, CHI, a healthcare entity, produced a privilege log, asserting application of the peer review/quality assurance privilege. *Id.* at ¶ 3. Expressly citing this Court's decision, McKibbage sought to compel the disclosure of additional information, including the date each document was created, the identity of the authors and recipients, as well as their respective titles, and more detailed subject matter descriptions. *Id.* at ¶ 12. Ultimately, the District Court required the disclosure of the date of creation, identity of the creator, and their position, and the identity of the recipients, and their position. *See McKibbage v. Daniel Dixon, M.D. et. al.*, Case No. 08-2019-CV-00640, Doc. ID No. 322, *Order on Motion to Compel*, at ¶ 5. The District Court in *McKibbage* did not, however, require the disclosure of detailed subject matter descriptions, finding that the "[t]he disclosure of this information is prohibited by law." *Id.* at ¶ 6. In that case, the District Court

7

opined, "[m]ost certainly disclosure of the general subject is a violation of even the most basic 'summary' and is prohibited by law." *Id.*

Following the District Court's Order, CHI filed a Petition for Supervisory Writ with the North Dakota Supreme Court, seeking to vacate the District Court's erroneous Order. 2022 ND 65, at ¶¶ 6-7. CHI argued that the District Court's Order was inconsistent with North Dakota's statutory peer review/quality assurance privilege and the requirements of Rule 26 of the North Dakota Rules of Civil Procedure.[3] *Id.* at ¶ 8.

Of particular relevance here, the North Dakota Supreme Court recognized that the District Court in *McKibbage* followed this Court's decision as it relates to the very same issues. *Id.* at ¶ 12. The North Dakota Supreme Court distinguished its approach from this Court's decision, stating, "[t]he federal court's analysis, particularly that of the Magistrate Judge, focused on other federal court rulings on peer review privilege claims, and in particular relying on Rule 26, Fed. R. Civ. P., instead of the substance of the underlying state-based peer review privileges." *Id.* at ¶ 13. The North Dakota Supreme Court took "the opposite approach, looking first to the words of the peer review statute, and then determining how they apply to the procedure established by N.D. R. Civ. P. 26." *Id.*

---

[3] The fact the North Dakota Supreme Court analyzed the peer review statutes in the context of the North Dakota Rules of Civil Procedure, as opposed to the federal analog at issue here, is of no consequence. The pertinent portions of Rule 26 of the Federal Rules of Civil Procedure are identical to that of North Dakota's Rule. *Compare* FED. R. CIV. P. 26(b)(5)(A)(ii) *with* N.D. R. CIV. P. 26(b)(5)(A)(ii). In fact, it is the Advisory Committee Notes to the Federal Rule which provide that under certain circumstances, as is the case here, "some of the pertinent information affecting applicability of the claim…may itself be privileged." FED. R. CIV. P. 26(b)(5)(A)(ii) Advisory Committee's Note to 1993 Amendment. "[T]he rule provides that such information need not be disclosed." *Id.*

Recognizing "the peer review privilege applies regardless of record date, [and thus] the disclosure of document dates will not assist other parties in assessing a peer review privilege claim," the North Dakota Supreme Court reversed the District Court's Order requiring the disclosure of document date. *Id.* at ¶ 15. Indeed, the North Dakota Supreme Court specifically held date of creation is irrelevant to the assertion of the peer review/quality assurance privilege under North Dakota law and need not be included in a privilege log identifying documents for which the peer review/quality assurance privilege is asserted. *Id.* at ¶¶ 14-15. In addition, the North Dakota Supreme Court held that the identities of authors and recipients, as well as their positions, do not assist other parties, or the Court, in assessing the assertion of the peer review/quality assurance privilege and, indeed more importantly, is the very type of "information the legislature has determined falls within the privilege itself." *Id.* at ¶ 19. Accordingly, the North Dakota Supreme Court reversed the District Court's Order requiring the disclosure of such details, finding such information is protected from disclosure by the peer review/quality assurance privilege under North Dakota law. *Id.* at ¶ 20.

There is no dispute that state substantive law governs Essentia's assertion of the peer review/quality assurance privilege in this case. It is equally clear that the North Dakota Supreme Court's decision in *McKibbage* is directly contrary to the August 2, 2021, and October 14, 2021, Orders of this Court as it relates to the date of creation, authors, recipients, and their respective titles, requiring the disclosure of privileged information, thus necessitating reconsideration and reversal. *See Morris v. Am. Nat. Can. Corp.,* No. 92-2612EM, 1993 WL 52845 (8th Cir. Mar. 3, 1993) (providing string cite for when an intervening decision from a superior tribunal clearly demonstrates the law of the case is wrong, requiring reversal).

Although the North Dakota Supreme Court did not explicitly address more detailed subject matter descriptions as contemplated by this Court's Orders because the District Court in *McKibbage* found this information to be protected from disclosure by the peer review/quality assurance privilege, undoubtedly, if disclosure of dates, authors, and recipients is prohibited by the peer review/quality assurance statute so, too, are detailed subject matter descriptions. *See* N.D. CENT. CODE § 23-34-01(4)(A)(1).  Importantly, to justify reversal "[t]he intervening state court decision does not need to contradict [federal] precedent outright." *Global Reinsurance,* 22 F.4th at 101.  In fact, "there need only be a 'a conflict, incompatibility, or inconsistency between [federal] precedent and the intervening state court decision" to compel the conclusion that a previously issued decision is no longer good law. *Id.*  Here, there is no question that this Court's August 2, 2021, and October 14, 2021, Orders directly contradict the North Dakota Supreme Court's decision in *McKibbage* as it relates to dates, authors, recipients, and their respective titles.  It is also evident that this Court's Orders are clearly incompatible and inconsistent with the *McKibbage* opinion more broadly, specifically as it relates to detailed subject matter descriptions.

Under these circumstances, reversal is required, and the only appropriate remedy is to order that Plaintiffs be required to destroy the supplemental privilege logs Essentia produced solely to comply with this Court's Orders because they necessarily include information which the North Dakota Supreme Court has unanimously held is privileged under North Dakota's peer review/quality assurance privilege.  To hold otherwise "would but perpetuate the confusion and injustice arising from inconsistent federal and state interpretations of state law." *Vandenbark*, 311 U.S. at 541.  Essentia also requests any and all references to this privileged

10

information currently of record be sealed to prevent further public dissemination of otherwise protected information.

In addition, Essentia seeks a stay of the Court's August 2, 2021, and October 14, 2021, Orders, pending resolution of this issue, as it relates to the Court's Order Governing Discovery of Electronically Stored Information. (Doc. ID No. 46). More specifically, Section VI of the Court's ESI Order requires production of a privilege log within 60 days after the production of documents for which a privilege is asserted. (Doc. ID No. 46, at pg. 8). Following this Court's Order dated February 25, 2022, Essentia was required to review the documents identified through 15 low-hit search strings and produce documents responsive to Plaintiffs' discovery requests. (Doc. ID No. 173, at pg. 11). Essentia's production, consistent with the Court's Order, occurred on March 28, 2022, making Essentia's next supplemental privilege log due May 27, 2022. Essentia should not be required to expend the resources necessary to meet this deadline while this Court considers the impact of the *McKibbage* decision. In addition, a stay is the only effective means by which to prevent further prejudice to Essentia resulting from the continued disclosure of privileged information. Accordingly, Essentia respectfully requests a stay of its obligation to produce a supplemental privilege log consistent with the Court's ESI Order and its August 2, 2021, and October 14, 2021, Orders. Relatedly, given the significant privilege log disclosures since its initial production, Essentia requests 60 days from the date of the Court's Order within which to produce a privilege log consistent with the *McKibbage* decision.

11

**B.      The *McKibbage* decision also unequivocally compels denial of Plaintiffs' Motion to Compel Production of Documents for which the peer review/quality assurance privilege was asserted.**

The entirety of Plaintiffs' Motion to Compel the production of documents for which Essentia asserted the peer review/quality assurance privilege is premised upon the very detail that the North Dakota Supreme Court declared is protected from disclosure by the peer review/quality assurance privilege, including dates of creation, authors, recipients, and subject matter descriptions. *See* Doc. ID No. 161, at pg. 21-27. It would be a miscarriage of justice to permit Plaintiffs to use information, which is without question privileged, particularly following the *McKibbage* decision, to challenge Essentia's assertion of the peer review/quality assurance privilege. Accordingly, Plaintiffs' Motion to Compel Production of Documents as it relates to the peer review/quality assurance privilege should be denied.[4]

More fundamentally, Plaintiffs' Motion is based on an erroneous interpretation of the peer review/quality assurance statutes, as explained in greater detail by the North Dakota Supreme Court in *McKibbage*. Going further than even this Court's August 2, 2021, and October 14, 2021, Orders, Plaintiffs suggest that to establish the applicability of the peer review/quality assurance privilege, Essentia was required to disclose

> dates of the peer review; the members of the peer review organization; the subject matter and scope of the peer review; that the withheld documents are the

---

[4] Essentia anticipates Plaintiffs will advance the opposite argument, in other words, that it would be unfair to preclude them from using privileged information disclosed in response to this Court's Orders. While the law of the case doctrine is designed to prevent the relitigation of issues, "thus protecting the settled expectations of the parties, ensuring uniformity of decisions, and promoting judicial efficiency" the law of the case doctrine, and these related concerns, are simply inapplicable "when an intervening decision from a superior tribunal clearly demonstrates the law of the case is wrong." *Morris.,* No. 92-2612EM, 1993 WL 52845 (quoting *Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. & Urban Dev.,* 807 F.2d 1433, 1441 (8th Cir. 1986)).

12

type of 'data and information' governed by the peer review privilege; that the withheld documents were acquired by peer review members in the exercise of their peer review duties; that the withheld documents were created or provided to the peer review organization solely for the purpose of the peer review; that the withheld documents were not used for purposes other than the peer review process; and that the withheld documents are not original sources documents.

(Doc. ID No. 161, at pgs. 20-21). However, as the North Dakota Supreme Court in *McKibbage* explained, "[t]o prove information falls under the peer review privilege, a party must demonstrate it was 'generated by, acquired by, or given to a peer review organization as part of any professional peer review' or is a communication regarding professional peer review." 2022 ND 65, at ¶ 17 (quoting N.D. CENT. CODE § 23-34-01(4)). A "peer review organization" certainly "includes a committee of the hospital that conducts professional peer review" as was the case in *McKibbage*, but is also much broader to encompass healthcare organizations, hospitals, pharmacies, clinics, as well as healthcare providers, employees, consultants, and agents, or any combination of these entities and/or individuals.[5] *Id.*; *see* N.D. CENT. CODE. §§ 23-34-01(3)(a) & (b). As the *McKibagge* Court recognized, "[a] 'professional peer review' is broadly defined under North Dakota law to include all procedures an organization uses or functions it performs to 'monitor, evaluate, and take action to review the medical care provided to patients.'" 2022 ND 65, at ¶ 17 (quoting N.D. CENT. CODE § 23-34-01(5)).

In *McKibbage,* CHI identified privileged documents by broad category, including such descriptors as "Peer Review Committee correspondences," "Peer Review Committee regularly monthly meeting minutes," and "Peer Review Committee Documents." *Id.* at ¶ 18. The North Dakota Supreme Court held both that "[t]he descriptions of those documents fall under 'peer

---

[5] As the Court previously made clear, "plaintiffs do not contest Essentia's inclusion under" the definition of health care organization. (Doc. ID No. 79, at pg. 6).

review records'" and "place the documents in the hands of 'peer review organizations' under N.D.C.C. § 23-34-01(3)(b))." *Id.* (citing N.D. CENT. CODE § 23-34-01(4) (defining "Peer review records" as "Data, information, reports, documents, findings, compilations, and summaries, testimony, and any other records generated by, acquired by or given to a peer review organization as part of any professional peer review.")).

In light of *McKibbage,* Essentia's supplemental privilege logs irrefutably demonstrate that the documents for which Essentia asserted the peer review/quality assurance privilege are peer review records generated by, acquired by, given to a peer review organization as part of any professional peer review. Accordingly, Plaintiffs' Motion to Compel the production of such documents ought to be denied. Importantly, this conclusion is equally true with respect to Essentia's initial privilege log. The fundamental difference between the two is that the former includes data and information which is protected from disclosure by the peer review/quality assurance privilege under North Dakota law. In other words, the format of Essentia's initial privilege log was sufficient to assert the peer review/quality assurance privilege, without revealing information, which is itself privileged, consistent with *McKibbage* and Rule 26 of the Federal Rules of Civil Procedure.

## IV.   **CONCLUSION**

This Court's August 2, 2021, and October 14, 2021, Orders, which require the disclosure of privileged information protected from disclosure by the applicable peer review/quality assurance privilege, must be vacated in light of the North Dakota Supreme Court's decision in *McKibbage.* This Court's Orders directly conflict with and are irreconcilable with the *McKibbage* Court's analysis, holding date, author, recipient, and their respective titles are protected from disclosure by the peer review/quality assurance privilege

14

under North Dakota law. As this Court is bound to apply state substantive law as to the application and scope of the state statutory privilege, it must yield to the authority of the state's highest court. On this issue, the North Dakota Supreme Court has spoken. Accordingly, and consistent with *McKibbage*, Essentia respectfully requests this Court vacate its August 2, 2021, and October 14, 2021, Orders, order Plaintiffs' destruction of Essentia's supplemental privilege logs, precluding their further use in this case or otherwise, and seal any reference to the privileged information contained in Essentia's supplemental privilege logs already filed of record to prevent further dissemination of such privileged information. Essentia also seeks a stay of its continuing obligation to produce supplemental privilege logs following document production while this issue is pending before this Court. In light of *McKibbage,* a stay is the only way to avoid the injustice which results from the ongoing disclosure of otherwise privileged information.

Dated this 1st day of April, 2022.

**VOGEL LAW FIRM**

*/s/ Angie E. Lord*

BY:   Angela E. Lord (#05351)
Robert B. Stock (#05919)
Briana L. Rummel (#08399)
MacKenzie L. Hertz (#09392)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email:   alord@vogellaw.com
rstock@vogellaw.com
brummel@vogellaw.com
mhertz@vogellaw.com
ATTORNEYS FOR ESSENTIA HEALTH
AND INNOVIS HEALTH, LLC

4710092.4