![feganscott]

**FeganScott LLC**
ATTORNEYS AT LAW

140 Broadway, 46th Floor
New York, NY 10005

PHONE   347.353.1150
FAX     312.264.0100

melissa@feganscott.com

May 9, 2022

**VIA EMAIL**
Magistrate Judge Alice R. Senechal
United States Dist. Court for the District of North Dakota
NDD_J-Senechal@ndd.uscourts.gov

      Re: *Kraft, et al. v. Essentia Health, et al.,* No. 20-cv-121; Plaintiffs' Position Statement

Dear Judge Senechal:

Plaintiffs respectfully submit this position statement in advance of the May 10, 2022 status conference.

**Essentia's Search Terms**

**Hit Counts**

The Court's February 25, 2022 Order (ECF No. 173) directed Essentia to provide unique hit counts for Plaintiffs' proposed higher-hit search strings by March 25, 2022.[1] More than six weeks after that deadline, Plaintiffs still do not have accurate hit counts.

On March 25, Essentia emailed a chart of hit results for eight of the roughly 14 search strings.[2] In the same email, Essentia said it would run 10 additional strings and provide the results as soon as possible, promising a detailed timeframe early the following week.

Plaintiffs followed up on April 6, 2022. Essentia responded on April 12, 2022 with an updated hit list containing six additional search strings, but two were low-hit strings Essentia was already ordered to review, and two higher-hit strings were (and remain) missing.[3]

---

[1] Essentia had not yet provided hit counts (or had done so using broader connectors than Plaintiffs had proposed) for at least 14 strings: 12, 22a, 45b, 47, 52a, 52b, 53a, 53b, 54a, 54b, 55a, 55b, 84, and 138. Strings 85 and 99 are also higher-hit strings, but Essentia did not specify that it ran them with different connectors than Plaintiffs had proposed.

[2] The March chart included counts for searches 47, 53a, 53b, 54a, 54b, 55a, 55b, and 138.

[3] The April chart included counts for the following additional searches: 22a, 22b (a low-hit search), 45a (a low-hit search), 45b, 52a, and 52b. Essentia has not provided updated hit counts for searches 12 or 84.

Although Essentia was to run Plaintiffs' *narrower* searches (using Plaintiffs' narrower, numerical proximity connectors instead of "AND"), its new hit counts were *higher* than those Essentia previously reported.

On April 13, 2022, Plaintiffs inquired into the higher hit counts. Plaintiffs also asked whether Essentia agreed to run any of the terms based on the new hit counts. On April 14, 2022, Essentia replied that it would have a response that day, but then later said it misspoke and would not have an answer that day.

Plaintiffs requested an update from Essentia on May 2, 2022.

On May 5, 2022, Essentia replied with additional information about the hit count discrepancy. It claimed it had remedied the issue and would provide new hit numbers as soon as possible. Essentia did not respond regarding whether it will agree to run any of the terms based on the new hit counts.

As of this letter, Plaintiffs do not have updated hit counts from Essentia.

Plaintiffs will continue conferring with Essentia to determine whether Essentia will run any of the remaining terms in dispute, and, to the extent needed, propose possible additional modifications to the search strings.

**Document Production**

The February 25 order also directed Essentia to review and produce responsive documents identified through each of the 15 low-hit search strings by March 25. Essentia has not produced any such documents.

**Essentia's Production of Financial Information and Related Records**

On April 25, 2022, Plaintiffs requested additional information from Essentia relating to its spreadsheets of data and documents regarding the named plaintiffs – noting that some of the information about the named plaintiffs appeared to be missing, incomplete, or incorrect.

Plaintiffs also reiterated their previous request that Essentia produce lot numbers and NDC codes for its list of affected medications. Plaintiffs offered to confer on the those issues that same week. Plaintiffs also noted they would reach out separately regarding their request for additional data in the putative class financial spreadsheets and are working with a consultant on that request.

Essentia replied on April 26, 2022, stating it would follow up on these questions and get back as soon as possible. On May 5, 2022, Essentia proposed a call to discuss theses issue, and Plaintiffs responded with availability. As of this letter, Plaintiffs are awaiting Essentia's availability to meet and confer.

**<u>Amendment to Scheduling Order</u>**

Given the outstanding discovery issues discussed above, and the pending briefing related to Essentia's privilege assertions and Plaintiffs' challenges to those assertions, the parties agree that it would be appropriate to request a 60-day extension of the deadlines in the Court's scheduling order. The parties plan to submit a stipulation with proposed order reflecting that request. Plaintiffs have provided Essentia with a draft stipulation.

Respectfully Submitted,

/s/ Melissa Clark