# Angie E. Lord

Direct Dial: 701.356.6321 | alord@vogellaw.com

May 9, 2022

**VIA EMAIL ONLY**
ndd_j-senechal@ndd.uscourts.gov

Magistrate Judge Alice R. Senechal
655 1st Avenue North, Suite 440
Fargo, North Dakota 58102-4952

**Re:    Jessica Kraft et al. v. Essentia Health, et al.  Case No. 3:20-cv-121**

Dear Magistrate Judge Senechal:

Defendants Essentia Health and Innovis Health, LLC d/b/a Essentia Health West (collectively, "Essentia") provide this position statement in advance of the status conference on May 10, 2022.

**North Dakota Supreme Court's Decision's Regarding Peer Review/Quality Assurance Privilege**

Since the last status conference, the parties submitted supplemental briefing on the impact of the North Dakota Supreme Court's decision in *St. Alexius Medical Center, a North Dakota Corporation, d/b/a CHI St. Alexius Health Bismarck v. The Honorable Pam Nesvig, Judge of the Court, South Central Judicial District; Kevin McKibbage, Daniel Dixon, M.D.; and The Bone & Joint Center, P.C.,* as requested by the Court.

Of note, based on the *McKibbage* decision, Essentia respectfully requested this Court to vacate its August 2, 2021 and October 14, 2021 Orders (Doc. ID Nos. 79 and 129). As outlined in Essentia's Memorandum, Essentia also seeks a stay of these orders as they relate to the requirement to produce supplemental privilege logs pursuant to the Court's Order Governing Discovery of Electronically Stored Information (Doc. ID No. 46). Briefly, the Court's ESI Order requires Essentia to produce a privilege log within 60 days after the production of documents for which a privilege is asserted. Essentia produced documents on March 28, 2022 following its review of the 15 low-hit search strings as required by the Court's Order dated February 25, 2022. Accordingly, Essentia's next supplemental privilege log is due May 27, 2022. Essentia respectfully reiterates its request for a stay of its obligation to produce a supplemental privilege log pending the Court's review and consideration of the parties' supplemental briefing on this issue.

In response to Essentia's Memorandum, Plaintiffs contend the Court in *Nagle v. The Bone & Joint Center, P.C.* required the production of subject matter descriptions and that there is no intervening decision that has held otherwise. *See* Doc. ID No. 180, fn. 8. However, following the North Dakota Supreme Court's decision in *McKibbage,* the *Nagle* Court vacated its previous order in its entirety. Case No. 08-2019-CV-01908, Doc. ID No. 192. Accordingly, Essentia is not aware of any North Dakota decision requiring the production of subject matter descriptions. Indeed, such a decision would be contrary to the unanimous opinion in *McKibbage.*



218 NP Avenue | PO Box 1389 | Fargo, ND 58107-1389
Phone: 701.237.6983 | Fax: 701.237.0847 | Toll Free: 800.677.5024

Fargo • Bismarck • Moorhead •Minneapolis • Grand Forks          www.vogellaw.com

Magistrate Judge Alice R. Senechal
May 9, 2022
Page 2

## Search Terms

Pursuant to the Court's February 25, 2022, Order granting in part, the Plaintiffs' motion concerning search terms (Doc. No. 173), Defendants were directed to determine the number of unique resources that would be identified through each of the "high-hit search strings", as modified by Plaintiffs, and provide that information to Plaintiffs within 30 days. Defendants timely provided the required information on March 25, 2022, via email. During the process of providing the ordered information, Defendants were informed that its discovery vendor was able to now apply requested search terms with the use of a numerical connector, such as "w/30." Defendants had previously been informed that the use of a numerical connector was not possible using the current search platform, and therefore the use of "and" as a connector was applied instead of the numerical connector "w/30."

Defendants re-ran Plaintiffs' modified searches that had previously been run using the "and" connector instead of the numerical "w/30" connector and provided those results to Plaintiffs' counsel on April 12, 2022. The reported hit counts for the "re-ran" searches resulted in higher hit counts than prior, broader versions of the same search terms. This anomaly caused Defendants to further review previously ran search strings, and it was discovered that "wildcard"[1] search terms were not consistently applied. Defendants have now remedied this issue and will provide updated hit results for all previously ran searches to Plaintiffs' counsel as soon as possible.

Thank you for your consideration.

Very truly yours,

*/s/ Angie E. Lord*

Angie E. Lord

AEL:nem

---

[1] For example, applying the wildcard search *Rela*\* will find words such as *relax, relay, relaxing, relate, and related*.