THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B.; AMY LAVELLE, individual and as parent of minors Em.L.and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F.; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>       Defendants. | Case No. 3:20-CV-00121<br><br><br><br>**ESSENTIA HEALTH AND INNOVIS HEALTH'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO STAY COURT'S ORDER (DOC. ID NO. 181)** |

I.    **INTRODUCTION AND PROCEDURAL BACKGROUND**

Defendants, Essentia Health and Innovis Health, LLC d/b/a Essentia Health West (collectively, "Essentia"), submit this Memorandum in Support of its Emergency Motion to Stay Court's Order (Doc. ID No. 181) entered on May 9, 2022.  The Order determined that North Dakota law does not apply to Essentia's assertion of the peer review/quality assurance

privilege. In so holding, the Order declined to vacate prior orders or follow the North Dakota Supreme Court's recent decision in *St. Alexius Medical Center, a North Dakota Corporation, d/b/a CHI St. Alexius Health Bismarck v. The Honorable Pam Nesvig, Judge of the Court, South Central Judicial District; Kevin McKibbage, Daniel Dixon, M.D.; and The Bone & Joint Center, P.C.*, 2022 ND 65. The Order further requires the parties to select sample documents for the Court's in-camera review to assess the merits of Essentia's privilege assertions. As it stands, that in-camera review would apply only Minnesota—not North Dakota—law for Essentia's claims of peer review/quality assurance privilege.

Essentia intends to serve and file a written notice of appeal as provided for by Rule 72 of the Federal Rules of Civil Procedure and Rule 72.1 of the Local Rules of the United States District Court for the District of North Dakota on or before May 23, 2022. Accordingly, Essentia seeks a stay of the entirety of the Court's Order, pending review by the District Judge following Essentia's timely objection/appeal. A stay is appropriate of the Court's Order as the Order's existing deadlines will preclude meaningful review by the District Judge and threaten premature determination of the merits of Essentia's assertions of privilege under Minnesota rather than North Dakota law, resulting in irreparable harm should Essentia prevail upon further review. As North Dakota has not yet articulated a choice-of-law rule in the context of applicable privileges, this involves an issue of first impression under North Dakota law that implicates a significant public interest. For these reasons, outlined more fully below, Essentia respectfully requests a stay of the Court's Order. Given the timing of the matters at issue, Essentia further requests either an accelerated briefing schedule or a delay in the deadline for the parties to select sample documents for in-camera review to comply with the Court's Order.

## II.    LAW AND ARGUMENT

Rules 72 and 72.1 afford a party the opportunity to object/appeal a magistrate judge's determination of a non-dispositive matter within fourteen days after service of the order. FED. R. CIV. P. 72(a); D.N.D. CIV. L. R. 72.1(D)(2).  The district judge must consider timely objections/appeals and "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); D.N.D. CIV. L. R. 72.1(D)(2).  "The filing of such an appeal does not operate to stay the magistrate judge's order.  A party must seek a stay of a magistrate judge's order pending appeal in the first instance from the magistrate judge upon due notice to all interested parties."  D.N.D. CIV. L. R. 72.1.  While it is clear that filing an objection pursuant to these Rules does not automatically stay the magistrate judge's order, "[n]othing, of course, prevents a party in an appropriate case from seeking a stay of the effect of a magistrate's order."  *Esparza v. Bridgestone/Firestone, Inc.,* 200 F.R.D. 654, 657 (D. Colo. 2001).

Neither Rule 72 nor Rule 72.1 outlines the standard to obtain such a stay.  However,

[i]n considering whether to grant a motion to stay the effect of a magistrate judge's order, many courts have applied the same four-factor test that applies to the stay of a district court order pending appellate review:  (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest.

*Alvarez v. Larose,* No. 320CV00782DMSAHG, 2020 WL 5632659, at *1-2 (S.D. Cal. Sept. 21, 2020) (providing string cite).  "These factors are not 'rigid,' and the court should make 'individualized judgments in each case.'" *Unity Healthcare, Inc. v. County of Hennepin,* No. CV 14-114 (JNE/JJK), 2015 WL 12977021, at *2 (D. Minn. Sept. 16, 2015), report and recommendation adopted, No. 14-CV-114 (JNE/JJK), 2015 WL 12978156 (D. Minn. Nov. 4,

2015) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 777 (1987)). "The court must 'consider the relative strength of the four factors, balancing them all.'" *Id.* (quoting *Brady v. Nat'l Football League,* 640 F.3d 785, 789 (8th Cir. 2011) (quoting *Fargo Women's Health Org. v. Schafer,* 18 F.3d 526, 538 (8th Cir. 1994)). "Of these factors, the likelihood of success on the merits and irreparable harm are 'the most critical.'" *Pablovich v. Rooms to Go Louisiana Corp.,* No. CV 20-617, 2021 WL 928030, at *2 (E.D. La. Mar. 11, 2021) (citing *Nken v. Holder,* 556 U.S. 418, 434 (2009)).

Where, as here, a party is in a position to request a stay of enforcement of a magistrate judge's order before the time period to object/appeal has expired, "it would be unfair to penalize" the moving party "for failing to show the likelihood that their forthcoming objections will succeed by providing a rushed preview of the objections in their Motion to Stay," particularly when their "ability to seek a stay at all might be jeopardized if they wait too long to do so." *Alvarez,* No. 320CV00782DMSAHG, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020). On such facts, courts find "it appropriate to stay implementation of the substantive relief" of a non-dispositive order, specifically because the absence of a stay would prevent meaningful review by the district court. *Id.*; *see also Zagarian v. BMW of N. Am., LLC,* No. CV184857RSWLPLAX, 2019 WL 6111734, *1 (C.D. Cal. Oct. 15, 2019) (granting a motion to stay filed one week after the deadline for compliance because denial "would deny defendant of its right to have Local Rule 72 District Judge review of the Discovery Order"); *Dayco Prod., Inc. v. Walker,* 142 F.R.D. 450, 454 (S.D. Ohio) (1992) (explaining that the purpose of a stay of a non-dispositive discovery order pending appeal "is to preserve critical rights from being lost irretrievably pending objections or to maintain the status quo when a close question of law is involved in the nondispositive matter.").

While Essentia maintains that North Dakota law governs its claims of peer review/quality assurance privilege, it would be premature to require Essentia to establish the likelihood of its success in pursuing review by the District Court given the accelerated timeframe within which its present Motion needed to be filed.  In addition, and even in the absence of Essentia's substantive Objection/Appeal, it is undisputed that the appropriate choice-of-law framework for privileges under North Dakota law is matter of first impression in North Dakota.  On these facts, "'the balance of the equities…weighs heavily in favor of granting the stay.'"  *Jenkins v. Robotec, Inc.,* No. CIV.A.1:09CV150HSOJM, 2009 WL 5166252, at *2 (S.D. Miss. Dec. 29, 2009) (quoting *O'Bryan v. McKaskle,* 729 F.2d 991, 993 (5th Cir. 1984)).

What is further evident from the existing record is the fact that irreparable injury will result if the stay is not granted.  Unlike other non-dispositive discovery orders, once privileged information is produced it cannot be undisclosed.  *See e.g. Western Horizons Living Centers v. Feland,* 2014 ND 175, ¶ 7, 852 N.W.2d 36 (North Dakota Supreme Court held exercise of its supervisory authority is appropriate when party has no recourse but to produce privileged documents or be held in contempt); *Trinity Med. Ctr., Inc. v. Holum,* 544 N.W.2d 148, 152 (N.D. 1996) (exercise of supervisory jurisdiction is appropriate where discovery order compels the disclosure of records which party claims are protected by the peer review/quality assurance privilege).  Should a stay of the Order not issue, but the District Court later modifies or sets aside the Order on Essentia's anticipated objection/appeal, Essentia will be entirely without recourse if the Court orders any production of documents based solely on the sample documents and/or Minnesota law that would otherwise be privileged.  Moreover, a stay will conserve judicial resources.  It would be wasteful to require the parties to select and the Court

review in-camera sample documents under Minnesota law, if the District Judge later orders that North Dakota law governs Essentia's claims of peer review/quality assurance privilege.

In addition, granting of the stay serves the public interest.  North Dakota's peer review/quality assurance privilege was designed to promote "open discussions and candid-self-analysis…to ensure that medical care of high quality will be available to the public." *Trinity Med. Ctr. Inc. v. Holum,* 544 N.W.2d 148, 154 (N.D. 1996) (quoting *Moretti v. Lowe,* 592 A.2d 855, 857-858 (R.I. 1991)).  Certainly, Essentia, as a litigant has an interest in ensuring application of applicable privileges; however, and perhaps more importantly, as a healthcare entity Essentia has a significant interest, and, in fact, an obligation to uphold the peer review/quality assurance privilege.  *See* N.D. CENT. CODE § 23-34-01(1) ("Peer review records are confidential and may be used by a peer review organization and the organization members only for conducting a professional peer review.").

## III.    CONCLUSION

For the foregoing reasons, a stay of the Court's Order (Doc. ID No. 181) pending Essentia's forthcoming Objection/Appeal and the District Court's review is justified on these facts.  Accordingly, Essentia respectfully requests that its Emergency Motion to Stay Court's Order be granted.  Should the Court require additional analysis as it relates to Essentia's present Motion, Essentia requests either an accelerated briefing schedule or a delay in the deadline for the parties to comply with the Court's Order to select sample documents for in-camera review.

Dated this 23rd day of May, 2022.

**VOGEL LAW FIRM**

*/s/ Angela E. Lord*
BY:    Angela E. Lord (#05351)
       Robert B. Stock (#05919)
       Briana L. Rummel (#08399)
       MacKenzie L. Hertz (#09392)
       218 NP Avenue
       PO Box 1389
       Fargo, ND  58107-1389
       701.237.6983
       Email:    alord@vogellaw.com
                 rstock@vogellaw.com
                 brummel@vogellaw.com
                 mhertz@vogellaw.com
       ATTORNEYS FOR ESSENTIA HEALTH
       AND INNOVIS HEALTH, LLC

4761534.2