**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| JESSICA KRAFT, INDIVIDUALLY AND AS PARENT OF MINORS L.K., S.K., and O.K.; SHELLI SCHNEIDER, INDIVIDUALLY AND AS PARENT OF MINORS A.S. and W.S.; ANNE BAILEY, AS PARENT OF MINOR D.B.; AMY LAVELLE, AS PARENT OF MINORS Em.L. and El.L.; ELIZABETH BEATON, INDIVIDUALLY AND AS PARENT OF MINOR M.B.; AMANDA AND TYRELL FAUSKE, INDIVIDUALLY AND AS PARENTS OF MINORS C.R.F. and C.J.F.; JENNIFER REIN, INDIVIDUALLY; and JESSICA BERG, AS PARENT OF MINORS A.B. and S.B., individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:20-CV-121<br><br>Hon. Peter D. Welte<br><br>Mag. Alice R. Senechal |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' OPPOSITION TO ESSENTIA HEALTH AND INNOVIS HEALTH'S
EMERGENCY MOTION TO STAY COURT'S ORDER**

Essentia has moved for a stay of the Court's May 9, 2022 order (ECF No. 181, the

"Privilege Order") pending Essentia's objection to and/or appeal of that order. ECF Nos. 186-87

(the "Stay Motion"). The Privilege Order held, *inter alia*, that Essentia's assertions of the peer

review privilege should be analyzed under Minnesota law. The Privilege Order also directed the

parties to select documents withheld as privileged for in camera review and allowed the parties

to brief their respective positions. Essentia's motion to stay the Privilege Order should be denied because (1) Essentia has not met its burden to establish the need for a stay and (2) no such need exists.

First, Essentia has failed to provide any basis for the requested stay. Essentia recognizes that the "likelihood of success on the merits [of the objection/appeal] and irreparable harm are the most critical" factors, among others, in assessing a motion to stay, yet it fails to establish those elements or any other. Stay Motion, p. 4 (citations and quotations omitted).

Essentia suggests it is excused from meeting its burden because Essentia requested a stay "before the time period to object/appeal has expired." Stay Motion, p. 4. It argues that a "rushed preview" of its forthcoming objection would be "unfair" and "premature." *Id.* at 4-5. As Essentia acknowledges, however, its objection and/or appeal was due May 23, 2022 – the same day Essentia filed its Stay Motion. Stay Motion, p. 2. Indeed, Essentia filed its objection/appeal that day. ECF No. 188. There was no reason why Essentia could not support its Stay Motion, and there would have been no "rushed preview" of an objection/appeal that was due and filed the very same day as the Stay Motion. Moreover, the first selection of documents for in camera review is not due until June 2, 2022. ECF No. 185. Essentia could have filed its Stay Motion later, after filing its objection/appeal. Accordingly, Essentia has both failed to meet its burden to establish that a stay is warranted and failed to establish that it is excused from making that showing. Its Motion to Stay should therefore be denied.

Second, Essentia's objection/appeal does not warrant a stay of the Privilege Order. The basis for Essentia's objection/appeal is that Essentia believes North Dakota law should apply to its assertion of the peer review privilege, not Minnesota law. That argument is not likely to succeed. Both the parties and the Court undertook conflict of law and choice of law analyses, and

2

the result was not a close question: Minnesota law applies. In its appeal/objection brief, Essentia does not demonstrate that the Privilege Order was contrary to any law, let alone does Essentia establish that the decision was so erroneous that the District Court Judge would disregard the deference afforded to magistrate judge decisions. Instead, Essentia continues to advocate for the creation of new state law with self-serving, policy-based arguments.

Nevertheless, if the Court believes Essentia's objection is likely to succeed on its merits (based on arguments Essentia did not even bother to make), the parties may select documents for in camera review now, brief Minnesota law, and provide supplemental analysis and briefing under North Dakota law should the District Court Judge overturn the Privilege Order. In any event, Plaintiffs believe it will be apparent on the face of many, if not all, of the documents that no state's privilege law applies.

Accordingly, Plaintiffs respectfully request that Essentia's Stay Motion be denied.

Dated: May 24, 2022

Respectfully submitted,
/s/ Melissa Ryan Clark
Melissa Ryan Clark
Brooke A. Achua
FEGAN SCOTT LLC
140 Broadway, 46th Fl.
New York, NY 10005
Ph: 646.502.7910
Fax: 312.264.0100
melissa@feganscott.com
brooke@feganscott.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Mac Schneider
SCHNEIDER LAW FIRM

3

815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
mac@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD &
WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Counsel for Plaintiffs*