## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jessica Kraft, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-121 |
| | ) | |
| vs. | ) | **ORDER DENYING** |
| | ) | **MOTION TO STAY** |
| Essentia Health, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Essentia Health and Innovis Health, LLC, doing business as Essentia

Health, (collectively Essentia), move to stay this court's order of May 9, 2022, pending

appeal to the presiding district judge.[1] (Doc. 187). Plaintiffs oppose the requested stay.

(Doc. 189).

The May 9 order addressed plaintiffs' motion to compel Essentia's production of

documents over which Essentia claimed one or more privileges. Plaintiffs' motion

asserted that Essentia had not established any of the documents on its extensive

privilege log were indeed privileged and that Essentia has waived any privilege because

of its failure to more fully describe those documents. (Doc 160). Much of the dispute

centers on Essentia's claims of a broad medical peer review privilege under North

Dakota law.

The May 9 order concluded Minnesota law, rather than North Dakota law,

governs Essentia's privilege claims. The order denied plaintiffs' motion insofar as it

requested that Essentia be ordered to disclose all documents identified on its privilege

---

[1] In the brief supporting its appeal, Essentia makes an alternative request for certification of a choice of law question to the North Dakota Supreme Court. The alternative request is not mentioned in the brief regarding the motion to stay and so is not addressed in this order.

log and also denied plaintiffs' request for an award of fees and costs incurred in connection with the motion. (Doc. 181, p. 31). The May 9 order held plaintiffs' motion in abeyance pending completion of in camera review of a representative sample of the documents Essentia asserts are privileged.

Documents to be submitted for in camera review are to be selected by the parties, with plaintiffs allowed to select up to fifty documents and Essentia being allowed to select a like number of documents. The deadlines for document selection and briefing that had been set in the May 9 order were extended by agreement of the parties. Plaintiffs now have until June 2, 2022, to select documents for in camera review and submit an accompanying brief, Essentia has until June 9, 2022, to submit the documents plaintiffs have selected to the court, and Essentia has until June 23, 2022, to submit its selected documents and its brief. (Doc. 185).

In its appeal to the presiding district judge, filed the same day as its motion for a stay, Essentia asserts this court erred in its choice of law analysis and should have concluded North Dakota privilege law governs. In Essentia's view, "A stay is appropriate of the Court's Order as the Order's existing deadlines will preclude meaningful review by the District Judge and threaten premature determination of the merits of Essentia's assertions of privilege under Minnesota rather than North Dakota law, resulting in irreparable harm should Essentia prevail upon further review." (Doc. 187, p. 2). Essentia requests delay in the deadlines for selection of representative documents for in camera review.

An earlier order, addressing Essentia's motion for stay of an earlier decision of this court pending appeal to the presiding district judge, discussed factors considered when determining whether to stay an order:

When considering a motion for a stay pending appeal, courts generally consider four factors: (1) likelihood of the moving party's success on the merits, (2) irreparable harm to the moving party absent a stay, (3) whether a stay would substantially injure the non-moving party, and (4) potential harm to the public interest. James River Flood Control Ass'n v. Watt, 680 F.2d 543, 544 (8th Cir. 1982); Walmart Inc. v. Synchrony Bank, No. 5:18-CV-05216-TLB, 2020 WL 475829, at *1 (W.D. Ark. Jan. 29, 2020). The party seeking a stay pending appeal bears the burden on each of the factors. Of the four factors, likelihood of success on the merits and irreparable harm are the "most critical." Pablovich v. Rooms to Go La. Corp., No. CV 20-617, 2021 WL 928030, at *2 (E.D. La. Mar. 11, 2021). Issuance of a stay is left to the court's discretion, with the court's judgment to be guided by sound legal principles. Nken v. Holder, 556 U.S. 418, 434 (2009).

Though perhaps applied more often in the context of an appeal to a circuit court, courts generally apply the same four factors to a motion to stay a magistrate judge's order regarding discovery pending an appeal to a district judge. See, e.g., Ad Astra Recovery Servs., Inc. v. Heath, No. 18-1145, 2020 WL 3163199, at *4 (D. Kan. June 12, 2020); Express Homebuyers USA, LLC v. WBH Marketing, Inc., No. 18-60166-CIV, 2018 WL 1814198, at *2 (S.D. Fla. March 1, 2018); Nat'l Union Fire Ins. Co. of Pittsburgh, Penn. v. Fed. Ins. Co., No. 13-cv-00079, 2016 WL 9735734, at *2 (D. Colo. June 9, 2016); Jenkins v. Robotec, Inc., No. 1:09cv150, 2009 WL 5166252, at *2 (S.D. Miss. Dec. 29, 2009);, No. 02-106, 2004 WL 733990, at *2 (D. Utah Jan. 5, 2004).

Essentia cites the four-factor test described above and recognizes that likelihood of success on the merits is a critical factor, but Essentia argues it should not be required to demonstrate likelihood of success on the merits. In support of its position, Essentia cites cases from other districts finding a stay of a magistrate judge's discovery order was warranted because if a stay were not granted, a litigant could be deprived of the right to a district judge's review of a magistrate judge's order. Alvarez v. Larose, No. 3:20-cv-00782, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020); Zagarian v. BMW of N. Am., LLC, No. CV 18-4857-RSWL, 2019 WL 6111734, at *1 (C.D. Cal. Oct. 15, 2019). On the facts present in those cases, the courts concluded it would be unfair to penalize the moving party "for failing to show the likelihood that their forthcoming objections will succeed by providing a rushed preview of the objections in their Motion to Stay." Alvarez, 2020 WL 5632659, at *2.

The court declines to follow the Alvarez and Zagarian cases, viewing them as suggesting an appeal from a magistrate judge's order on a discovery

3

matter invariably results in a stay of that order. That is not the law. See Nelson v. Am. Home Assurance Co., Civil No. 11-1161, 2011 WL 13135769, at *3-5 (D. Minn. Dec. 23, 2011); Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 656 (D. Colo. 2001); D.N.D. Civ. L.R. 72.1(D)(2). Being decisions of other district courts, Alvarez and Zagarian are not binding on this court. The court will instead apply the well-recognized four-factor standard for determining whether to order a stay pending appeal.

(Doc. 105, pp. 3-4). In its brief on the current motion to stay, Essentia again cites Alvarez and Zagarian, and the court again declines to follow those cases.

Essentia asserts, and the May 9 order recognized, that the North Dakota Supreme Court has not yet articulated a choice of law framework applicable to privileges. Because the state supreme court has not yet decided that issue, Essentia contends it would be premature to require it to establish the likelihood of its success on appeal to the presiding district judge. Essentia further argues irreparable injury will result if the stay is not granted because "once privileged information is produced it cannot be undisclosed." (Doc. 187, p. 5). Essentia also argues a stay will conserve judicial resources, should the presiding district judge agree with Essentia's position that North Dakota law governs. And Essentia views a stay as serving the public interest by ensuring the medical peer review privilege is upheld.

In opposing the motion to stay, plaintiffs assert Essentia is not likely to succeed on the merits of its appeal and has not established any of the four factors the court is to consider when deciding this motion. Plaintiffs further argue that document selection and briefing can proceed, with supplemental briefing in the event Essentia is successful on its appeal.

Essentia has shown no irreparable harm. The May 9 order does not require production of any documents at this time. Essentia has not demonstrated likelihood of

4

success on its appeal, and the court anticipates in camera review will be necessary even if there is an ultimate determination that North Dakota privilege law applies. Granted, if North Dakota privilege law is found applicable, some conservation of judicial resources might be achieved by delaying in camera review. But repeated discovery disputes have delayed this litigation and postponement of the in camera review process would delay it even further. That delay would be harmful to plaintiffs, and is not in the public interest.

Essentia's motion to stay, (Doc. 186), is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of May, 2022.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

5