**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| JESSICA KRAFT, INDIVIDUALLY AND AS PARENT OF MINORS L.K., S.K., and O.K.; SHELLI SCHNEIDER, INDIVIDUALLY AND AS PARENT OF MINORS A.S. and W.S.; ANNE BAILEY, AS PARENT OF MINOR D.B.; AMY LAVELLE, AS PARENT OF MINORS Em.L. and El.L.; ELIZABETH BEATON, INDIVIDUALLY AND AS PARENT OF MINOR M.B.; AMANDA AND TYRELL FAUSKE, INDIVIDUALLY AND AS PARENTS OF MINORS C.R.F. and C.J.F.; JENNIFER REIN, INDIVIDUALLY; and JESSICA BERG, AS PARENT OF MINORS A.B. and S.B., individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:20-CV-121

Hon. Peter D. Welte

Mag. Alice R. Senechal |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' CONFIDENTIAL BRIEF PURSUANT TO MAY 9, 2022 ORDER**
**REGARDING PLAINTIFFS' PRIVILEGE CHALLENGES**

# Table of Contents

I.     SCOPE OF THE MINNESOTA PEER REVIEW PRIVILEGE........................................ 1

    A.     Data and information are sometimes privileged. ...................................................... 2

    B.     Peer review proceedings and records, peer review guidance, original source documents, and ordinary course of business documents are not privileged. ...................... 2

II.    ARGUMENT............................................................................................................... 6

    A.     The peer review privilege does not apply to Essentia's documents in this case ................................................................................................................................ 6

        1.     This is not an action against a professional, and the privilege thus does not protect peer review proceedings or records................................ 6

        2.     Even if the privilege applied, Essentia has not established a protected committee................................................................................... 8

        3.     Essentia's withheld documents are also substantively beyond the scope of the privilege. .............................................................................. 10

    B.     Essentia improperly claimed the attorney-client privilege. .................................... 14

    C.     Essentia misapplied the work product doctrine. ..................................................... 15

    D.     Essentia cannot withhold physician-patient documents. ........................................ 15

i

Pursuant to the Court's May 9, 2022 order (ECF No. 181, the "Privilege Order") Plaintiffs have selected 50 documents from Essentia's privilege log for the Court's in camera review. Those documents are identified in bold font below and are listed in **Exhibit A**. The excerpted privilege log entries for the sample documents are in **Exhibit B.**

Plaintiffs also provide the below analysis of the Minnesota peer review privilege. The peer review statute was designed to encourage candid "peer" discussion to improve future healthcare without fear that participating peers would face allegations of defamation or be called to testify against their colleagues in malpractice actions. It was not, however, intended to shield healthcare entities from economic liability. Thus, the statute *allows* discovery of peer review "proceedings and records" in actions like this one, which was not brought against a healthcare professional.

As a result, despite extensive research regarding the privilege, <u>Plaintiffs cannot conceive of *any* document in this case that would be protected by the peer review privilege</u>. Still, Plaintiffs respectfully submit this brief addressing the contours of the peer review privilege and briefly explaining their challenges to Essentia's other privilege and work product assertions as well.

I.    **SCOPE OF THE MINNESOTA PEER REVIEW PRIVILEGE**

"The function of peer review is to provide critical analysis of the competence and performance of physicians and other health care providers in order to decrease incidents of malpractice and to improve quality of patient care." *Larson v. Wasemiller*, 738 N.W.2d 300, 312 (Minn. 2007). "The purpose . . . is to assure that the discussions necessary to improve patient care are carried on, despite threats of malpractice and defamation actions." *In re Fairview-University Med. Ctr.*, 590 N.W.2d 150, 153 (Minn. Ct. App. 1999) (internal quotations and citation omitted). *See also Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 387 (Minn. 1999) (recognizing concerns about being compelled to testify against a colleague in a malpractice suit or being subjected to a defamation suit by another professional).

1

Thus, Minnesota's statute provides the broadest level of confidentiality in actions by and/or against a medical "professional," and it provides certain legal immunity to peer review organizations and those who provide information to them. *See generally* Minn. Stat. § 145.61, *et. seq*. It does not, however, render all peer review documents and discussions privileged. *See id.* and *infra*. Nor does the statute extend all of its protections to actions against healthcare entities like Essentia (as opposed to healthcare professionals). *See id.*

### A. Data and information are sometimes privileged.

Minnesota's statutory peer review privilege generally protects information from "subpoena or discovery" when it is: (1) "**data and information**"; (2) "**acquired by a review organization** . . . or by an individual or other entity acting at the direction of a review organization"; (3) "in the exercise of [the review organization's] **duties and functions**." Minn. Stat. § 145.64, subd. 1(a).[1]

A "Review organization" is: (1) "a **committee**"; (2) "whose membership is **limited** to professionals, administrative staff, and consumer directors"; (3) "**established** by . . . a hospital [or] a clinic"; (4) "**to gather and review** information"; (5) "relating to the care and treatment of patients **for the purposes of**" an enumerated list of quality assurance purposes, including, for example, "**evaluating and improving** the quality of health care" and "developing and publishing guidelines designed to improve the safety of care provided to individuals." Minn. Stat. § 145.61, subd. 5.

However, as discussed below, this privilege is limited by other statutory provisions.

### B. Peer review proceedings and records, peer review guidance, original source documents, and ordinary course of business documents are <u>not</u> privileged.

The Minnesota peer review statute identifies several categories of information that are *not* privileged here, either because those categories are entitled to a more limited type of protection (e.g., general confidentiality, inadmissibility, or privilege in only certain types of actions) or

---

[1] Unless otherwise noted, emphasis in this brief is added.

because they fall into exceptions to the privilege. For example:

"The **proceedings and records** of a review organization" are only privileged in a "civil action <u>against a professional</u> arising out of the . . . matters which are the subject of consideration by the review organization." Minn. Stat. § 145.64, subd. 1(a). This matter is not "against a professional," and thus proceedings and records are not privileged here. *See* Minn. Stat. § 145.61, subd. 2 (a professional is a "person licensed . . . to practice a healing art under chapter 147 or 148," like a doctor or nurse, but not a hospital or clinic).[2]

Likewise, "what **transpired at a meeting** of a review organization" must be kept confidential by committee members, but it is not privileged. Minn. Stat. § 145.64, subd. 1(a). *See Kalish v. Mount Sinai Hospital*, 270 N.W.2d 783, 786 (Minn. 1978) (Minnesota's peer review provisions have "different degrees of confidentiality."); *Levitin v. Nw. Cmty., Hosp.*, No. 13 C 5553, 2014 U.S. Dist. LEXIS 154715, at *12 (N.D. Ill. Oct. 31, 2014) (There is an "important distinction between privilege and protection of documents, [with] the former operating to shield the documents from production in the first instance, [and] the latter operating to preserve confidentiality when produced.") (internal citations and internal quotations omitted).

"**Guidelines** . . . established by a review organization" are inadmissible in "proceeding[s] brought by or against a professional." Minn. Stat. § 145.65. This matter was not brought by or against a professional. *Supra*. And this provision does not provide confidentiality or privilege in any matter; it only limits evidentiary admissibility. *Kalish*, 270 N.W.2d at 786 ("[G]uidelines . . . prepared by a protected 'review organization' . . . may be discovered.").

---

[2] In contrast, Ohio's peer review statute, for example, renders "proceedings and records" privileged in "civil action[s] against a health care <u>entity</u>," Ohio Rev. Code Ann. § 2305.252(A), and Pennsylvania's statute applies to actions against "individuals or <u>organizations</u>," including "a <u>corporation</u> . . . operating a hospital," 63 Pa. Stat. Ann. § 425.2(xi). Minnesota has no such provisions.

"**Information, documents or records otherwise available from original sources**" are not privileged "merely because they were presented during proceedings of a review organization." Minn. Stat. § 145.64, subd. 1(a). While some jurisdictions require that "original source" information be discovered from the original source, Minnesota's Supreme Court has suggested that discovery may be obtained directly from the peer review organization:

> [T]he statute allows disclosure and discovery of any information--such as incident reports, patient charts, records, billing information, and general medical error and safety information--available from an original source . . . . Thus, it is only documents originally created by the peer review organization that are truly off-limits.[3] "[D]espite current immunity and confidentiality legislation, **it is not uncommon for a large portion of the peer review documents to be considered discoverable** in a medical malpractice action."

*Larson*, 738 N.W.2d at 315 (quoting *Quality Assurance and Hospital Structure: How the Physician-Hospital Relationship Affects Quality Measures*, 12 Ann. Health L. 235, 243).[4] "Of course, **limiting the privilege in this manner prevents hospitals faced with a malpractice suit from hiding incriminating information by funneling it through the peer review committee.**" *Id.* (citing *May by May v. Wood River Township Hosp.*, 629 N.E.2d 170, 174 (Ill. App. Ct. 1994)).[5]

---

[3] Of importance here, a committee's documents, i.e., its "proceedings and records," are only "off-limits" in *actions against a healthcare professional*; this is not such a case.

[4] In contrast, Ohio's statute has additional language specifying that such discovery is "available only from the original sources and cannot be obtained from the peer review committee's proceedings or records." Ohio Rev. Code § 2305.252. Minnesota does not have this provision.

[5] *See, e.g., Morrissey v. GCMC Geisinger Cmty. Med. Ctr.*, No. 3:19-CV-894, 2020 U.S. Dist. LEXIS 219391, at *9 (M.D. Pa. Nov. 20, 2020) (ordering production of original source material – e.g., doctor's notes, electrocardiogram, x-ray – from PowerPoint created "solely for the 'Systems Peer Review Committee'"); *Bessette v. Miriam Hosp.*, No. PC 10-898, 2010 R.I. Super. LEXIS 152, at *5-6 (Super. Ct. Oct. 29, 2010) (ordering production of a timeline and summary prepared for and presented to a peer review committee because it did not contain information "synthesized at the peer review meeting" and because "[t]o oblige a plaintiff to track down the original source of unprivileged information that is within the custody of a party to the dispute would be to require burdensome labor for no good reason") (internal quotations and citation omitted).

Even were that not the case, Plaintiffs propounded discovery on Essentia and Innovis, i.e., the nonprivileged, original sources of the information, and that being so, the information is discoverable from those parties. *See, e.g., State ex rel. Wheeling Hosp., Inc. v. Wilson*, 782 S.E.2d 622, 634 (2016) ("If a health care entity itself is the original source, it cannot shield documents from disclosure just by circulating them during peer review proceedings.") (internal citation omitted); *Spurgeon v. Mercy Health-Anderson Hosp., LLC*, 155 N.E.3d 103, 109 (Ohio Ct. App., Hamilton County 2020) ("The records and proceedings of the peer-review committee are not coextensive with all the records of the facility in which the committee operates. It is possible for the health care entity itself to be an original source. Documents that are accessible to the staff of the facility separate and apart from any role on a review committee are not protected by the privilege.") (internal citations and quotations omitted). *See also supra*, n.5.[6]

In addition, **ordinary course of business documents**—even if related to investigations, errors, or incidents—are discoverable. *E.g., McKee v. St. Paul Eye Clinic, P.A.*, No. A14-0681, 2015 Minn. App. Unpub. LEXIS 376, at \*18 (Minn. App. Apr. 20, 2015) (nurses' incident report was original source document); *Cornejo v. Mercy Hosp. & Med. Ctr.*, No. 12-cv-1675, 2014 U.S. Dist. LEXIS 129586, at \*6 (N.D. Ill. Sept. 15, 2014) ("Documents created in the ordinary course of business, to weigh potential liability risk, or for later corrective action . . . are not privileged, even if they are later used . . . in a peer-review process.").

**Information shared outside of the peer review committee or used for other purposes** is not privileged. *Chavez v. Lovelace Sandia Health Sys.*, 2008-NMCA-104, 189 P.3d 711, 715

---

[6] Essentia has previously suggested *Fairview-University*, 590 N.W.2d at 154, allows healthcare providers to "purposefully amass[] original [copies of original source] documents in review organization files," leaving no original source. But Essentia has not established any such review organization files or claimed that it destroyed any original files. Moreover, the Minnesota Supreme Court's later decision in *Larson* rejects this bad-faith approach. *Supra*.

("[D]ata and information acquired by a review organization in the exercise of its duties and functions" is that which "was generated exclusively for peer review and for no other purpose.") (citations omitted); *Justice v. Banka*, No. 04850, 2014 Phila. Ct. Com. Pl. LEXIS 308, at \*15-17 (Pa. Aug. 29, 2014) (Documents used for investigation, to advise patients, to minimize public relations damage, to prepare a press release, for damage control, or to make legal decisions are "beyond peer review activity"; "Even information initially created or obtained for peer review is treated as an original source and loses peer review protection if used for another purpose.").

## II.    ARGUMENT

### A.  The peer review privilege does not apply to Essentia's documents in this case.

#### 1.  This is not an action against a professional, and the privilege thus does not protect peer review proceedings or records.

First, in light of the provisions outlined above, Minnesota's peer review privilege does not apply to Essentia's withheld documents here. The privilege makes nuanced—but important—distinctions between the (1) "data and information" that is typically privileged, (2) categories of information that are *not* privileged in cases like this one (e.g., proceedings, records, guidelines), and (3) information that is *never* privileged (e.g., original source information). Here, it is difficult to conceive of any withheld document that would be privileged in this case, because all of a committee's "proceedings and records" are discoverable, and "data and information" acquired by a peer review committee become its "proceedings and records." The statute plainly contemplates that the same peer review documents that are privileged in one matter may not be privileged in another. *Supra*; *see also, e.g.,* Minn. Stat. § 145.64, subd. 2 (Peer review documents are not privileged in an action "brought by the professional to challenge an action relating to the professional's medical staff privileges or participation status.").

6

Even if "data and information" derived from a third party were somehow considered distinct from the committee's "proceedings and records" (and Plaintiffs have found no support for that idea), that information is discoverable as "original source" information. That is particularly true where, as here, Essentia and Innovis *are* the original sources, and must produce their documents even if they also obtained them in their purported role as a peer review "committee."

Although that exposes peer review documents to discovery in cases like this one, that result makes sense, because the privilege was designed with defamation and malpractice litigation in mind. It was crafted with the understanding that facts needed to support allegations of malpractice would be discovered from medical providers, witnesses, and patient records—shielding only the peer review committee's unique analysis of those facts, and only in actions by or against a professional, to protect peer review participants from allegations of defamation or being compelled to testify against professional colleagues. Accordingly, several courts have recognized that the privilege does not apply to peer review documents in cases, like this one, that fall outside the statute's scope.[7] This reading is also consistent with decisions declining to recognize the privilege

---

[7] *See, e.g., Toyos v. Northwestern Mut. Life Ins. Co.*, 1 F. Supp. 2d 1462, 1464 (S.D. Fla. 1998) (peer review documents not privileged in action by doctor against insurance company for breach of contract); *Tartaglia v. Paul Revere Life Ins. Co.*, 948 F. Supp. 325, 328-29 (S.D.N.Y. 1996) (similar); *Dade Cnty. Med. Ass'n v. Hlis*, 372 So. 2d 117, 119 (Fla. 3d DCA 1979) (peer review documents not privileged in action for damages against those who negligently caused a car accident); *Levin v. WJLA-TV*, 51 Va. Cir. 57, 60-62 (Va. 1999) (peer review documents not privileged in lawsuit by doctor against television station for defamation, conspiracy, and trespass unrelated to the peer review process); *Roberts v. Legacy Meridian Park Hosp., Inc.*, 299 F.R.D. 669, 671, 674-75 (D. Or. 2014) (peer review documents not privileged in case against hospital and doctors related to restrictions of plaintiff's clinical privileges); *Natkin v. Am. Osteopathic Ass'n*, No. 3:16-cv-01494-SB, 2021 U.S. Dist. LEXIS 34517, at *7 (D. Or. Feb. 24, 2021) (same).

altogether in contexts where the statute's purposes are not furthered—like in federal discrimination, antitrust, and civil rights cases.[8]

"Courts should not interpret a statute to create a privilege going beyond the statute's purpose, when an equally plausible construction will create a privilege which, although narrower, serves the statute's purpose." *Fairview-University*, 590 N.W. 2d at 153. "In the absence of the privilege, 'district courts are well-equipped with a variety of mechanisms' to ensure that peer review materials are protected," like confidentiality orders. *Levitin,* 2014 U.S. Dist. LEXIS 154715, at *12 (quoting *Adkins v. Christie*, 488 F.3d 1324, 1329 (11th Cir. 2007)).

In sum, the privilege does not apply here.

### 2. Even if the privilege applied, Essentia has not established a protected committee.

Even if Essentia possesses peer review "data and information" that somehow falls outside of "proceedings and records," Essentia has never supported that any peer review committee, established for the limited purpose of evaluating care, existed and acquired that information as part of its "duties and functions." *See Powers v. Mem'l Sloan Kettering Cancer Ctr.*, No. 20-cv-2625, 2020 U.S. Dist. LEXIS 187204, at *6-7 (S.D.N.Y. Oct. 8, 2020) (requiring "further assurance" of privilege though "an affidavit indicating (1) whether Defendants have an official review procedure in place, and if so, providing a description of the procedure, (2) whether withheld statements or reports were made during a review procedure and (3) whether the review procedure was conducted

---

[8] *See, e.g., Ray v. Pinnacle Health Hosps., Inc.*, No. 07-CV-0715, 2008 U.S. Dist. LEXIS 40836, at *3 (M.D. Pa. May 22, 2008) (The purpose of "encourag[ing] candor . . . by shielding the information from disclosure in medical malpractice suits . . . is not furthered by recognizing the privilege in civil rights cases."); *Benson, M.D. v. St. Joseph Reg'l Health Ctr.*, No. 04-04323, 2005 U.S. Dist. LEXIS 47128, at *8 (S.D. Tex. Dec. 22, 2005) ("Peer review documents are . . . vital to the prosecution of discrimination and antitrust claims, and the rationale behind the state peer review privileges does not apply in such cases."); *Mattice v. Mem'l Hosp. of S. Bend*, 203 F.R.D. 381 (N.D. Ind. 2001) (declining to apply privilege in Americans with Disabilities Act case).

as part of the evaluation of an individual physician"); *Ungurian v. Beyzman*, 2020 PA Super 105, 232 A.3d 786, 799 (2020) (conclusory affidavit claiming the "Committee meets for the purpose of reviewing and assessing the quality of patient care at [hospital]" was insufficient).

Essentia's prior contentions that its entire entity (including all of its employees, Innovis and its employees, and third-party consultants) is the peer review "committee," and all of its acts were peer review "duties and functions," must fail. That claim does not meet the privilege's statutory requirements, and it would entirely contravene the privilege's purpose:

> If the simple act of furnishing a committee with earlier-acquired information were sufficient to cloak that information with the statutory privilege, a hospital could effectively insulate from disclosure virtually all adverse facts known to its medical staff, with the exception of those matters actually contained in a patient's records. As a result, it would be substantially more difficult for patients to hold hospitals responsible for their wrongdoing through medical malpractice litigation. So protected, those institutions would have scant incentive for advancing the goal of improved patient care. The purpose of the act would be completely subverted.

*May by May*, 629 N.E.2d at 174 (cited by Minnesota Supreme Court in *Larson*, *supra*).[9]

Information obtained or created for investigations, crisis management, press and public relations, and financial, legal, and other business purposes, is not peer review material. *Supra*. *Compare, e.g., Joe v. Prison Health Servs.*, 782 A.2d 24, 33 (Pa. Commw. Ct. 2001) (privilege does not apply to medical professional's evaluations of a doctor's performance because they were not "produced by a 'review committee' during "the course of a 'peer review'") *with Brink v. Mallick*, 47 Pa. D. & C.5th 496, 2015 Pa. Dist. & Cnty. Dec. LEXIS 21526, at *4-17 (C.P. 2015) (privilege does apply to committee's event report and root cause analysis created to "assess" and "improve" the quality of care and "eliminate or substantially reduce" repeat occurrences "rather

---

[9] In addition, accepting Essentia's framing of the privilege could subject the thousands of individuals on its privilege log, most of whom are likely unaware that Essentia considers them to be "peer review" members, to criminal liability if they reveal any information in the withheld documents (many of which include public and patient communications). *See* Minn. Stat. § 145.66.

9

than to facilitate the investigation or defense of a prospective tort claim"; distinguishing such documents from, e.g., nonprivileged "incident reports . . . prepared on behalf of a hospital's risk management department" and documents "designed to facilitate the investigation of potential claims") (internal quotations and citations omitted).[10]

Accordingly, Essentia has failed to carry its burden to establish that the peer review privilege applies to *any* of the thousands of documents it has withheld on that basis.

### 3. Essentia's withheld documents are also substantively beyond the scope of the privilege.

Finally, Essentia's withheld documents fall outside the privilege for other, additional reasons. Peer review "is essentially a teaching and learning process used to guide the establishment of standards and goals for the provision of improved future health care," *Amaral*, 598 N.W.2d at 388, not a crisis management, adverse event assessment, incident reporting, financial analysis, or public relations function. Even if Essentia gave such documents to a "committee" for peer review, they remain discoverable "original source" documents.

When boilerplate language (e.g., "investigation and quality assurance") and generic file descriptors (e.g., email, PowerPoint) are removed from the privilege log descriptions, most of the withheld documents relate to the subject area categories identified in this section. Plaintiffs identify examples from each category for in camera review. Notably, it was difficult to select so few examples because Essentia withheld thousands of documents with the same boilerplate language. For example, nearly 4,000 entries relate in some way to "patient data," and over 3,200 relate to "revaccination." Many relate simply to "guidance" or "update" regarding "investigation and

---

[10] Pennsylvania's privilege is similar to Minnesota's in some regards. *E.g.*, 63 Pa. Stat. Ann. § 425.2 (A "Review organization" is a committee engaged in peer review "to gather and review information relating to the care and treatment of patients for the purposes of (i) evaluating and improving the quality of health care rendered," among other purposes.).

quality assurance." There are also many entries related to meeting invites on various subjects. Thus, while one document may appear more review-oriented, thousands of others may not be.[11]

| Category | Example Documents |
|---|---|
| Clinic data, locations, status | **EHPRIV005631\*\***[12] (September 2019 "PowerPoint regarding clinics and immunization" between operations, physician, and employees with unidentified titles, pre-dating discovery of excursion)<br><br>**EHPRIV000061** (March 2020 "spreadsheet regarding medication and clinic data" from Acute Care Pharmacy Senior Director to Program Manager – Process Excellence) |
| Financials, fiscal impact | **EHPRIV000285\*\*** (May 2020 email between Labor Productivity Manager and Operations Administrator "regarding potential fiscal impact and revaccination")<br><br>**EHPRIV001122\*** (May 2020 email regarding "fiscal impact" to members of treasury, revenue, controller, finance, and legal)<br><br>**Row 8088\*\*** (September 2020 "Spreadsheet regarding financial results" between finance and business employees)<br><br>**EHPRIV002536\*\*** (January 2021 email "regarding potential fiscal impact" between business and operations employees)<br><br>**Row 8083\*\*** (March 2021 "Spreadsheet regarding draft financial report" between billing, payment, revenue, and coding employees) |
| Immunizations & immunization data | **EHPRIV000004** (undated "Screenshot of Epic regarding immunization" with no recipients identified)<br><br>**EHPRIV000133** (April 2020 "Spreadsheet regarding immunization data" between pharmacy and clinical applications employees)<br><br>**EHPRIV005906\*\*** (July 2020 "PowerPoint regarding immunization" exchanged with various nursing, process, and operations employees) |

---

[11] Each category fails to warrant application of the peer review privilege for multiple reasons described above. For example, call center scripts are not data or information; were not acquired by a peer review committee in the exercise of peer review duties and functions; and were not created for the purpose of improving quality care or any other statutory purpose. Rather, they are nonprivileged guidelines; nonprivileged proceedings and records; nonprivileged original source material; and/or nonprivileged documents used for non-peer review purposes (e.g., communications). They were also shared with and/or created by third parties. (Notably, other "draft call center script" privilege log entries were shared with numerous other employees in, e.g., communications, patient relations, and operations). However, none of these challenges is necessary to rebut Essentia's privilege assertion because this is not an action against a professional.

[12] An asterisk indicates that Essentia also asserts the attorney-client privilege over that document; a second asterisk indicates the document has no apparent attorney sender or recipient.

| | |
|---|---|
| **Internal notification & communications** | **EHPRIV000611\*\*** (April 2020 "Draft document regarding internal communications and notifications plans" among third-party consultants and Senior Director of Marketing and Communications)<br><br>**EHPRIV000729\*\*** (February 2021 email "regarding internal communications" between communications employees) |
| **Investigation & updates** | **EHPRIV000295** (October 2017 document regarding "quality control" between project, office, and program managers)<br><br>**EHPRIV000037\*\*** (February 2020 "Memorandum regarding update" shared with communications and pharmacy employees)<br><br>**EHPRIV00429\*** (April 2020 email "regarding memorandum regarding update" from an Executive Assistant to over 450 recipients in nursing, security, billing, financial, technical, legal, human resources, chaplaincy, home healthcare, pharmacy, telehealth, nutrition services, supply chain logistics, and others)<br><br>**EHPRIV000150\*\*** (July 2020 memorandum "regarding update" from Senior Director Marketing and Communications to communications, reputation, and finance employees, among others)<br><br>**EHPRIV004372\*** (September 2020 email "regarding update and guidance on patient data and revaccination" from Billing Manager to various clinical, revenue, operations, and other employees)<br><br>**EHPRIV004174\*\*** (November 2020 "PowerPoint regarding SBAR regarding guidance for staffing" among HR, nursing, operations, and communications employees)<br><br>**EHPRIV004346\*\*** (May 2021 "Memorandum regarding update" from Chief Medical Officer and operations employees to Listserv of thousands) |
| **Media, public communications, social media** | **EHPRIV001279\*\*** (July 2020 "Screenshot of social media" shared with Innovis President, Essentia CEO, and various communications, finance, pharmacy, and operations employees)<br><br>**EHPRIV001538\*\*** (August 2020 email "regarding public communications" between communications, marketing, and online reputation employees)<br><br>**EHPRIV006364\*\*** (September 2020 "Draft media statement relative to investigation and quality assurance" sent to former Media Relations Specialist by physician) |
| **Medication data & documentation** | **EHPRIV005661\*\*** (February 2020 email "regarding medication data and guidance" among operations and pharmacy employees)<br><br>**EHPRIV000145** (May 2020 "Spreadsheet regarding medication and fiscal data" between Acute Care Pharmacy Director and Labor Productivity Manager) |
| **Medication storage** | **EHPRIV000991\*** (February 2020 email "regarding vaccination storage" between pharmacy employees) |

| | |
|---|---|
| | **Row 7446\*\*** (April 2020 email "regarding guidance for revaccination and medication storage" from pharmacy VP to Marketing & Communications Director)<br><br>**Row 7182\*\*** (April 2020 email "regarding physician update on medication storage" to and from listserv)<br><br>**Row 7006\*\*** (July 2020 "Draft PowerPoint regarding medication storage" between program manager and laboratory and pharmacy employees) |
| **Meeting notes & agendas** | **EHPRIV005905\*\*** (July 2020 email "regarding meeting notes on immunization" between process, operations, and nursing employees) |
| **Mitigation** | **Row 7187\*\*** (February 2020 email "regarding mitigation plan" between nursing and pharmacy employees) |
| **Patient data & information** | **Row 7974\*\*** (February 2021 "spreadsheet regarding patient data" sent to over 100 recipients) |
| **Patient notification & correspondence** | **EHPRIV000984\*** (April 2020 email "regarding patient correspondence" shared with various operations and risk employees)<br><br>**EHPRIV000106\*** (March 2020 email regarding "draft patient notification letter" between third-party consultants, marketing employees, and several others)<br><br>**EHPRIV000609\*\*** (April 2020 "Draft call center script" between consultant and communications employee) |
| **Payer notification & correspondence** | **EHPRIV001777\*\*** (April 2020 email "regarding payers" between Marketing Director and Chief Population Health Officer)<br><br>**EHPRIV001740\*\*** (April 2020 "Draft payer notification" by Senior Director Marketing and Communications) |
| **Pharmacy** | **EHPRIV000241\*\*** (February 2020 email "regarding pharmacy memo and draft statement" between communications employees)<br><br>**EHPRIV005599\*\*** (July 2020 email between Analytics Manager and various employees "regarding pharmacy planning") |
| **Provider notification & correspondence** | **Row 6883\*\*** (April 2020 email "regarding provider communication" between media and communications employees) |
| **Refrigeration; refrigerators; equipment** | **EHPRIV001202\*** (January 2018 "Draft PowerPoint regarding medication refrigeration" created years before Essentia discovered the temperature excursion)<br><br>**EHPRIV003528\*\*** (March 2020 spreadsheet regarding "equipment information" shared among pharmacy and operations employees)<br><br>**EHPRIV000355\*\*** (April 2020 email between Revenue Integrity Senior Manager, Coding Director, and "News Alert" listserv regarding refrigeration) |
| **Revaccination (including** | **EHPRIV000277** (April 2020 email "regarding revaccination guidance" to over 50 recipients, including unidentified listserv recipients) |

13

| training, planning, staffing, guidance) | **EHPRIV000279\*\*** (May 2020 email between Operations and Labor Productivity "regarding revaccination data")<br>**EHPRIV006322\*\*** (September 2020 "Screenshot regarding revaccination" among nursing employees, including listserv) |
|---|---|
| **Systems & technology** | **EHPRIV005469\*\*** (November 2020 "Document regarding guidance on patient data system" exchanged with third-party consultants)<br>**Row 7234\*\*** (March 2021 email "regarding patient data system . . ." to over 4,000 recipients) |
| **Temperature monitoring** | **Row 7400\*\*** (November 2017 document "regarding temperature monitoring" exchanged with numerous employees)<br>**Row7075\*\*** (May 2020 "SBAR with guidance for temperature monitoring" between Program Manager, COO, and Nursing Director) |
| **Training** | **EHPRIV005801\*\*** (April 2020 operations and nursing email "regarding training for patient data and revaccination") |

## B.  Essentia improperly claimed the attorney-client privilege.

The attorney-client privilege applies only to confidential communications; involving a lawyer acting in her capacity as a lawyer; where the communication's "primary purpose" is legal advice. *Triple Five of Minn. v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002); *Johnson v. Bd. of Pensions of the Evangelical Luthern Church,* No. 11-23, 2012 U.S. Dist. LEXIS 174230, at \*10-12 (D. Minn. Sept. 5, 2012). It does not apply to communications involving routine business advice or internal investigations, or communications on which an attorney is merely copied. *See Mission Nat'l Ins. Co. v. Lilly*, 112 F.R.D. 160, 163 (D. Minn. 1986).

Many of the documents improperly withheld by Essentia appear to be non-privileged communications that only evince business discussions regarding, e.g., the financial impact of the temperature excursion (**EHPRIV000285**, **EHPRIV001122**); revaccinations (**EHPRIV006322**); patient outreach (**EHPRIV000984**); media outreach (**EHPRIV006364**); informing patients about the temperature excursion (**EHPRIV000609**, **EHPRIV000106**); correspondence to payers about the temperature excursion (**EHPRIV001740**); revaccination guidance (**EHPRIV000277**); and periodic   updates   about   the   temperature   excursion   investigation   (**EHPRIV000429,**

14

**EHPRIV004346**, **EHPRIV000037**), as well as the many other documents identified above (as indicated by asterisks) and thousands of others on the privilege log.

### C. Essentia misapplied the work product doctrine.

Information created "in anticipation of litigation or in preparation for trial may be qualifiedly privileged." *Triple Five of Minn.*, 212 F.R.D. at 527 (internal citation omitted). However, "[t]he mere possibility that litigation may result is not sufficient to trigger the protection of the work product doctrine." *Gillespie v. Charter Communs.*, 133 F. Supp. 3d 1195, 1201 (E.D. Mo. 2015) (citing *Diversified Indus. v. Meredith*, 572 F.2d 596, 604 (8th Cir. 1977)). Essentia improperly extended the work product doctrine to general business discussions.

For example, Essentia claimed work product over documents created years before the excursion was even discovered, including **EHPRIV001202**, a 2018 "PowerPoint regarding medication refrigeration," **Row 7400**, a 2017 document "regarding temperature monitoring" sent to 50+ individuals and medical centers, and **EHPRIV005631**, a 2019 "PowerPoint regarding clinics and immunization." Essentia also claimed work product protection over all but two of the other general business documents identified above, as well as thousands of others.

### D. Essentia cannot withhold physician-patient documents.

Essentia cannot shield documents based on the physician-patient privilege because such documents can be produced under the protections of the HIPAA-qualified protective order in this action. *See* Privilege Order, pp. 29-30. Plaintiffs have no objection to the redaction of patient names (other than those of named plaintiffs) and use of unique, anonymous identifiers (although that is not required in light of the protective order and should not serve as a basis to delay production). Essentia cites this privilege in connection with **Row 7974**, addressed above, as well as hundreds of other entries.

15

Dated: June 2, 2021

Respectfully submitted,

/s/ Melissa Ryan Clark
Melissa Ryan Clark
Brooke A. Achua
FEGAN SCOTT LLC
140 Broadway, 46th Fl.
New York, NY 10005
Ph: 646.502.7910
Fax: 312.264.0100
melissa@feganscott.com
brooke@feganscott.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Mac Schneider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
mac@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD &
WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

Counsel for Plaintiffs

**EXHIBIT A**

**Plaintiffs' Examples for In Camera Review**

**(Pursuant to ECF No. 181)**

1. EHPRIV000004
2. EHPRIV000037
3. EHPRIV000061
4. EHPRIV000106
5. EHPRIV000133
6. EHPRIV000145
7. EHPRIV000150
8. EHPRIV000241
9. EHPRIV000277
10. EHPRIV000279
11. EHPRIV000285
12. EHPRIV000295
13. EHPRIV000355
14. EHPRIV000429
15. EHPRIV000609
16. EHPRIV000611
17. EHPRIV000729
18. EHPRIV000984
19. EHPRIV000991
20. EHPRIV001122
21. EHPRIV001202
22. EHPRIV001279
23. EHPRIV001538
24. EHPRIV001740
25. EHPRIV001777
26. EHPRIV002536
27. EHPRIV003528
28. EHPRIV004174
29. EHPRIV004346
30. EHPRIV004372
31. EHPRIV005469
32. EHPRIV005599
33. EHPRIV005631
34. EHPRIV005661
35. EHPRIV005801
36. EHPRIV005905
37. EHPRIV005906
38. EHPRIV006322
39. EHPRIV006364
40. Row 6883
41. Row 7006
42. Row 7075
43. Row 7182
44. Row 7187
45. Row 7234
46. Row 7400
47. Row 7446
48. Row 7974
49. Row 8083
50. Row 8088

**EXHIBIT B**

**Excerpts of Privilege Log for Plaintiffs' Selected Examples (Pursuant to ECF No. 181)**

| Bates / Row | Date of Creation | Creator(s) (Title) | Recipient(s) (Title) | Description of Subject Matter | Privilege |
|---|---|---|---|---|---|
| EHPRIV 000004 | Unknown | Unknown | Unknown | Screenshot of Epic regarding immunization relative to investigation and quality assurance | Work product privilege; peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34, N.D. Admin. Code. § 61-02-09-02 and Minn. Stat. § 145.61-145.66 |
| EHPRIV 000037 | 2/28/2020 | Holly O. (Consultant); Dahnke, Shannon (Communications Director, Essentia Health) | Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health); Witten, Dianne (Former Vice President, Pharmacy, Essentia Health); Loy, Maari (Pharmacy Operations, Senior Manager, Innovis Health, LLC); Ekren, Tara (Former Media Relations Specialist, Essentia Health); Deiss, Kim (Senior Director Marketing and Communications, Essentia Health) | Memorandum regarding update relative to investigation and quality assurance | Attorney-client privilege; work product privilege; peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34, N.D. Admin. Code. § 61-02-09-02 and Minn. Stat. § 145.61-145.66 |
| EHPRIV 000061 | 3/10/2020 | Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health) | Carlstad, Megan (Program Manager - Process Excellence, Essentia Health) | Spreadsheet regarding medication and clinic data relative to investigation and quality assurance | Work product privilege; peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34, N.D. Admin. Code. § 61-02-09-02 and Minn. Stat. § 145.61-145.66 |

| EHPRIV 000106 | 3/27/2020 | Girouard, Spencer (Consultant); Baldridge, David (Consultant) | Deiss, Kim (Senior Director Marketing and Communications, Essentia Health); Ekren, Tara (Former Media Relations Specialist, Essentia Health); Dahnke, Shannon (Communications Director, Essentia Health); McLaughlin, Jennifer M. (Marketing Director, Essentia Health); Wagness, William (Online Reputation Specialist, Essentia Health); Sell, Kathy A (Marketing Manager, Essentia Health); Witten, Dianne (Former Vice President, Pharmacy, Essentia Health); Hurley, Al (Chief Operating Officer, Innovis Health, LLC); Modich, Frank (Associate General Counsel, Essentia Health); Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health); Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC); Buckley, Sandra (Senior Project Manager - Process Excellence, Essentia Health); Baldridge, David (Consultant); Girouard, Spencer (Consultant) | Draft patient notification letter relative to investigation and quality assurance | Attorney-client privilege; work product privilege; peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66 |
| EHPRIV 000133 | 4/9/2020 | Leerssen, Rachel (Clinical Applications Analyst III, Essentia Health); Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health) | Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health) | Spreadsheet regarding immunization data relative to investigation and quality assurance | Work product privilege; peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34, N.D. Admin. Code. § 61-02-09-02 and Minn. Stat. § 145.61-145.66 |
| EHPRIV 000145 | 5/5/2020 | Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health) | Kreeger, Andrew (Labor Productivity Manager, Essentia Health) | Spreadsheet regarding medication and fiscal data investigation and quality assurance | Work product privilege; peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34, N.D. Admin. Code. § 61-02-09-02 and Minn. Stat. § 145.61-145.66 |
| EHPRIV 000150 | 7/14/2020 | Holly O. (Consultant); Deiss, Kim (Senior Director Marketing and Communications, Essentia Health) | Zylka, Melissa (Office Manager, Essentia Health); Dhanke, Shannon (Communications Director, Essentia Health); St. George, Louis (External Communications Manager, Essentia Health); Sell, Kathy A. (Marketing Manager, Essentia Health); Ekren, Tara (Former Media Relations Specialist, Essentia Health); Wagness, William (Online Reputation Specialist, Essentia Health); Gasele (Kaiser), Kim, (Executive Communications Manager, Essentia Health); Dorow, Kyle (Vice President, Finance, Essentia Health); Morris, Traci (Chief Financial Officer, Essentia Health); Gazda, Alyssa | Draft memorandum regarding update relative to investigation and quality assurance, as well as class litigation | Attorney-client privilege; work product privilege;peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23- |

2

| | | | | | |
|---|---|---|---|---|---|
| | | | (Former Project Planner, Essentia Health); Gustafson, Sarah (Former Vice President, Controller, Essentia Health) | | 34 and Minn. Stat. § 145.61-145.66 |
| EHPRIV 000241 | 2/26/2020 | Dahnke, Shannon (Communications Director, Essentia Health) | Deiss, Kim (Senior Director Marketing and Communications, Essentia Health) | Email exchange regarding pharmacy memo and draft statement relative to investigation and quality assurance | Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation; Privileged - Attorney Client; |
| EHPRIV 000277 | 4/6/2020 | Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC) | DivisionalNursingSupervisors@EssentiaHealth.org; Hanson, Kayla (Radiation Oncology Supervisor, Innovis Health, LLC); Stoltman, Erin (Administrator, Bridges Medical Center - EH Ada); Johnson, Lynnsie (Registered Nurse - Nurse Care Line Supervisor, Essentia Health); Hegseth, Mary (Registered Nurse-Clinical Coordinator, Innovis Health, LLC); Schenck, Barbara (Registered Nurse-Ambulatory Care, Innovis Health, LLC); Clemens, Lisa (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Dahlen, Kirsten (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Rice, Tess (Registered Nurse - Ambulatory Care Supervisor II, St. Mary's Regional Health Center); Olson, Barbara (Operations Manager II, Innovis Health, LLC); Lingwall, Sara (Operations Manager III, Innovis Health, LLC); Rosenberg, Julie (Administrator, Graceville Health Center); Waite, Colton (RN-Ambulatory Care Supervisor, Innovis Health, LLC); Hanson, Sara (Director of Nursing for Ambulatory Clinics); Hovland, Laura (Operations Director, Innovis Health, LLC); Fuhrman, Ashley (Clinical Assistant - LPN, Graceville Health Center); Bjertness, Joan M (Registered Nurse-Clinical Coordinator, Innovis Health, LLC); Olauson, Christy (Clinical Assistant-LPN, Innovis Health, LLC); Satrom, Beth (Telecare Services Director, Essentia Health); Huschka, Ashley (Operations Manager III, Innovis Health, LLC); Bevins, Vikki (Registered Nurse - Ambulatory Care Supervisor II, St. Mary's Regional Health Center); Hagen, Naomi (Registered Nurse - Ambulatory Care Supervisor II, Essentia Health - Fosston); Muhonen, Emalee (Operations Manager III, Innovis Health, LLC); Zeltinger, Suzanne (Operations | Email exchange regarding revaccination guidance relative to investigation and quality assurance | Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; |

3

| | | | | | |
|---|---|---|---|---|---|
| | | | Administrator, Innovis Health, LLC); Finseth, Lynae (Operations Manager II, Essentia Health - Fosston); Hauf, Tami (Registered Nurse-Ambulatory Care, Innovis Health, LLC); Byron, Heather (Registered Nurse - Ambulatory Care Supervisor, Bridges Medical Center - EH Ada); Stokke, Sandra (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Haecherl, Alison (Operations Manager II, Innovis Health, LLC); Wendt, Joseph (Operations Administrator, Innovis Health, LLC); Olson, Angela (Operations Director, St. Mary's Regional Health Center); Simon, Shelby (Registered Nurse – Ambulatory Care Supervisor, Innovis Health, LLC); May, Kimberley (Operations Director, St. Mary's Regional Health Center); Haugen, Abbey (Registered Nurse - Ambulatory Care, Innovis Health, LLC); Cavett, Val (Clinical Assistant-LPN, Innovis Health, LLC); Gustafson Martineau, Kristina (Former Registered Nurse - Ambulatory Care, Innovis Health, LLC); Luttio, Kristin (Operations Manager III, Innovis Health, LLC); Carlson, Kerry (Operations Administrator, Innovis Health, LLC); Adamek, Melissa (Registered Nurse-Ambulatory Care, Innovis Health, LLC); Johnson, Teresa (Operations Manager II, Innovis Health, LLC); Schweitzer, Renee (Operations Manager III, Innovis Health, LLC); Fetsch (Pierce), Katelyn (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Nefzger, Kelsey (Registered Nurse-Program Manager, Innovis Health, LLC); Morse, Sarah (Registered Nurse - Ambulatory Care Supervisor II, St. Mary's Regional Health Center); Schultz, Kristen (Operations Manager III, Innovis Health, LLC); Lyon, Kirsten (Registered Nurse - Clinical Coordinator, Innovis Health, LLC); Rucinski, Amanda (Former Operations Manager II, Innovis Health, LLC); Dube, Danielle (Registered Nurse, Innovis Health, LLC); Eberhart, Rachel (Registered Nurse - Ambulatory Care Supervisor II, St. Mary's Regional Health Center); Heffron, Ken (Former Operations Administrator, Innovis Health, LLC); Eaton, Chandra (Operations Manager II, Innovis Health, LLC); Tangedal, Ashley (Operations Manager II, Innovis Health, LLC) | | |
| EHPRIV 000279 | 5/5/2020 | Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC) | Kreeger, Andrew (Labor Productivity Manager, Essentia Health) | Email exchange regarding revaccination data relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | in anticipation of litigation; |
| EHPRIV 000285 | 5/5/2020 | Kreeger, Andrew (Labor Productivity Manager, Essentia Health) | Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC) | Email exchange regarding potential fiscal impact and revaccination relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation; |
| EHPRIV 000295 | 10/4/2017 | Zylka, Melissa (Office Manager, Essentia Health) | Buckley, Sandra (Senior Project Manager - Process Excellence, Essentia Health); Pfannenstein (Carlstad), Megan (Program Manager – Process Excellence, Essentia Health) | Document regarding quality control relative to investigation and quality assurance | Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; |
| EHPRIV 000355 | 4/10/2020 | Anderson, Trista (Revenue Integrity Senior Manager, Innovis Health, LLC) | Williams, Carlee D. (Coding Director, Essentia Health); essentianewsalerts@essentiahealth.org | Email exchange regarding update regarding refridgeration relative to investigation and quality assurance | Privileged - Attorney Client; Privileged -Peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |

| EHPRIV 000429 | 4/6/2020 | Kennell, Cassandra (Executive Assistant, Innovis Health, LLC) | [Recipients omitted by Plaintiffs due to space limitations. Over 450 recipients and listservs from various seniority levels and departments. More detailed entry in privilege log filed at ECF No. 161-1, p. 97. Full entry can be provided in Excel at the Court's request.] | Email exchange regarding memorandum regarding update relative to investigation and quality assurance | Privileged - Attorney Client; Privileged -Peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation; |
| EHPRIV 000609 | 4/2/2020 | Baldridge, David (Consultant) | Girouard, Spencer (Consultant); Deiss, Kim (Senior Director Marketing and Communications, Essentia Health) | Draft call center script relative to investigation and quality assurance | Privileged - Attorney Client; Privileged -Peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation; |
| EHPRIV 000611 | 4/2/2020 | Girouard, Spencer (Consultant) | Deiss, Kim (Senior Director Marketing and Communications, Essentia Health); Baldridge, David (Consultant) | Draft document regarding internal communications and notifications plans relative to investigation, quality assurance and class litigation | Privileged - Attorney Client; Privileged -Peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation; |

6

| | | | | | |
|---|---|---|---|---|---|
| EHPRIV 000729 | 2/8/2021 | Dahnke, Shannon (Communications Director, Essentia Health) | Deiss, Kim (Senior Director Marketing and Communications, Essentia Health) | Email exchange regarding memoranda and other documents regarding internal communications relative to investigation and quality assurance | Privileged - Attorney Client; Privileged -Peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation; |
| EHPRIV 000984 | 4/16/2020 | Luttio, Kristin (Operations Manager III, Innovis Health, LLC) | Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC); Moore, Candice D. (Patient Relations & Risk Management Director, Essentia Health); Vetter, Richard, Dr. (Chief Medical Officer, Innovis Health, LLC); Modich, Frank (Associate General Counsel, Essentia Health); Fetzer, Jessica (Risk Manager, Essentia Health); Hurley, Al (Chief Operating Officer, Innovis Health, LLC) | Email exchange regarding patient correspondence relative to investigation and quality assurance | Privileged - Attorney Client; Privileged -Peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation; |
| EHPRIV 000991 | 2/25/2020 | Loy, Maari (Pharmacy Operations, Senior Manager, Innovis Health, LLC) | Bubach, Julie (Pharmacy Manager-Clinical, Innovis Health, LLC); Hoernemann, Jordann (Pharmacist-Acute Care, Innovis Health, LLC); Kreft, Sierra (Pharmacist-Acute Care, Innovis Health, LLC); Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health); | Email exchange regarding vaccination storage relative to investigation and quality assurance | Privileged - Attorney Client; Privileged -Peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |

| EHPRIV 001122 | 5/20/2020 | Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC) | Modich, Frank (Associate General Counsel, Essentia Health); Kreeger, Andrew (Labor Productivity Manager, Essentia Health); Ferguson, Marlene (Accounting Services Manager, Essentia Health); Roy, Patricia M. (Financial Reporting Senior Manager, Essentia Health); Ludwig, Erica L. (Finance Supervisor, Essentia Health); Anderson, Trista (Revenue Integrity Senior Manager, Innovis Health, LLC); Wilson, Melanie (Vice President-Revenue Services, Essentia Health); Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health); Gustafson, Sarah (Vice President Controller, Essentia Health); Dorow, Kyle (Vice President, Finance, Essentia Health); Morris, Traci (Chief Financial Officer, Essentia Health); Stagg, LeaAnn (VP, Treasury, Essentia Health); | Email exchange regarding fiscal impact relative to investigation and quality assurance | Privileged - Attorney Client; Privileged -Peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation; |
| --- | --- | --- | --- | --- | --- |
| EHPRIV 001202 | 1/4/2018 | Smith, Naomi M. (Senior Graphic Designer, Essentia Health) | McLaughlin, Jennifer (Marketing Director, Essentia Health); Ekren, Tara (Former Media Relations Specialist, Essentia Health); Deiss, Kim (Senior Director Marketing and Communications, Essentia Health); Baldridge, David (Consultant); Fields, Ken (Consultant); Bollinger, Amy (Consultant); Girouard, Spencer (Consultant); Watters, Michael (Chief Legal Officer, Essentia Health); Modich, Frank (Associate General Counsel, Essentia Health); Witten, Dianne (Former Vice President, Pharmacy, Essentia Health); Hurley, Al (Chief Operating Officer, Innovis Health, LLC) | Draft PowerPoint regarding medication refrigeration relative to investigation and quality assurance | Privileged - Attorney Client; Privileged -Peer review/quality assurance privilege pursuant to N.D. Cent. Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| EHPRIV 001279 | 7/14/2020 | Deiss, Kim (Senior Director Marketing and Communications, Essentia Health) | Dorow, Kyle (Vice President, Finance, Essentia Health); Witten, Dianne (Former Vice President, Pharmacy, Essentia Health); Modich, Frank (Associate General Counsel, Essentia Health); Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health); Hurley, Al (Chief Operating Officer, Innovis Health, LLC); Vetter, Richard, Dr. (Chief Medical Officer, Innovis Health, LLC); Christensen, Nicole (Chief Nursing Officer, Innovis Health, LLC); Heegaard, William Dr. (President, Innovis Health, LLC); Moore, Candice D. (Patient Relations & Risk Management Director, Essentia Health); Hart, Sheila (Senior Vice President, Integrated Care Delivery, Essentia Health); Herman, David Dr. (Chief Executive Officer, Essentia Health); Mansfield, Jodi (Executive Vice President, Chief Operating Officer, Essentia Health); Watters, Michael (Chief Legal Officer, Essentia Health); Dahnke, Shannon (Communications Director, Essentia Health); Ekren, Tara (Former Media Relations Specialist, Essentia Health) | Screenshot of social media post regarding class litigation | Privileged - Work Product/Prepared in anticipation of litigation; Privileged - Attorney Client |

8

| | | | | | |
|---|---|---|---|---|---|
| EHPRIV 001538 | 8/20/2020 | Wagness, William (Online Reputation Specialist, Essentia Health) | Deiss, Kim (Senior Director Marketing and Communications, Essentia Health); Dahnke, Shannon (Communications Director, Essentia Health) | Email exchange regarding public communications relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality Assurance privilege pursuant to N.D. Cent Code Ch. 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| EHPRIV 001740 | 4/6/2020 | Deiss, Kim (Senior Director Marketing and Communications, Essentia Health) | | Draft payer notification relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| EHPRIV 001777 | 4/6/2020 | Deiss, Kim (Senior Director Marketing and Communications, Essentia Health) | Welle-Powell, Debbie L. (Chief Population Health Officer, Essentia Health) | Email exchange regarding payers relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |

9

| EHPRIV 002536 | 1/15/2021 | Gunderson, Debra K. (Senior Business Analyst, St. Mary's Regional Health Center) | Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health); Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC); Anderson, Trista (Revenue Integrity Senior Manager, Innovis Health, LLC); Schlauderaff, Jennifer (Senior Clinical Applications Analyst, Essentia Health); Dockendorf, Brandon; Ferrell, Ryan (Business Intelligence Analyst II, Essentia Health) | Email exchange regarding potential fiscal impact relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34, N.D. Admin. Code § 61-02-09-02, and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| EHPRIV 003528 | 3/10/2020 | Pfannenstein (Carlstad), Megan (Program Manager – Process Excellence, Essentia Health); Witten, Dianne (Former Vice President, Pharmacy, Essentia Health) | Crandall, Lori (Pharmacy Technician Supervisor, Innovis Health, LLC); Loy, Maari (Pharmacy Operations Senior Manager, Innovis Health, LLC) | Spreadsheet regarding equipment relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34, N.D. Admin. Code § 61-02-09-02, and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| EHPRIV 004174 | 11/17/2020 | Gasele (Kaiser), Kim, (Executive Communications Manager, Essentia Health); Mayfield, Kristen L. | Luttio, Kristin (Operations Manager III, Innovis Health, LLC); Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC); Nowotny, Allison (Senior Human Resources Business Partner, Innovis Health, LLC); Hanson, Sara (Director of Nursing for Ambulatory Clinics) | PowerPoint regarding SBAR regarding guidance for staffing relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |

| EHPRIV 004346 | 5/5/2021 | Holly O. (Consultant); Vetter, Richard, Dr. (Chief Medical Officer, Innovis Health, LLC); Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC); Luttio, Kristin (Operations Manager III, Innovis Health, LLC) | Innovis Listserv as of May 5, 2021, *see* Exhibit A Recipient Supplement[13] | Memorandum regarding update on investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
|---|---|---|---|---|---|
| EHPRIV 004372 | 9/23/2020 | Livdahl, Tanya (Billing Manager, Essentia Health) | Jacobson, Tara (Clinical Applications Supervisor, Essentia Health); Pocrnich, Amy (Business Services Director, Essentia Health); Schlauderaff, Jennifer (Senior Clinical Applications Analyst, Essentia Health); Persons, Paul (Senior Clinical Applications Analyst, Essentia Health); Cunningham, Shannon (Clinical Applications Manager, Essentia Health); Burgess, R. (Epic); Klopper, Aron (Epic); Lundeen, Greg J. (Revenue Integrity Manager, Essentia Health); Hansmeier, Tracy (Senior Revenue Integrity Analyst, Essentia Health); Good, Joyce (Business Services Director, Essentia Health); Majerle, Jeffrey (Payment Posting Manager, Essentia Health); Leerssen, Rachel (Clinical Applications Analyst III, Essentia Health); Griffiths, Jesse (Epic); Grunewald, Julie (Billing Manager, Essentia Health); Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health); Ferrell, Ryan (Business Intelligence Analyst II, Essentia Health); Luttio, Kristin (Operations Manager III, Innovis Health, LLC); Haecherl, Alison (Operations Manager II, Innovis Health, LLC); Olafson, Claudia (Business Intelligence Analyst II, Essentia Health); Desautel, Becky (Coding Manager, Essentia Health); Strand, Crystal (Billing Supervisor, Essentia Health); Simon, Shelby (Registered Nurse – Ambulatory Care Supervisor, Innovis Health, LLC); Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC); Anderson, Trista (Revenue Integrity Senior Manager, Innovis Health, LLC); Schramm, Torri (Chief Compliance Officer-Interim, Essentia Health); Coleman, Jill M. (Analytics Manager, Essentia Health); Willey, Sarah (System Support Analyst I, Essentia Health); Hanson, Sara (Director of Nursing for Ambulatory Clinics); Kofal, Kailee (Quality Director, Essentia Health); Fennessey, Dustin (Clinical Applications Manager, Essentia Health); Modich, Frank (Associate General Counsel, | Email exchange regarding update and guidance on patient data and revaccination relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34, N.D. Admin. Code § 61-02-09-02, and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |

---

[13] This recipient supplement is available at ECF No. 161-2 and includes thousands of individuals.

| | | | | | |
|---|---|---|---|---|---|
| | | | Essentia Health); Amato, Jeanne (Health Information Services Manager, Essentia Health); Marlatt, Pam (Clinical Applications Director, Essentia Health); Buchberger, Danielle (Chief Audit Officer, Essentia Health) | | |
| EHPRIV 005469 | 11/25/2020 | Langer, Joshua (Olive) | Simon, Will; Bortolotto, Mandy (Amanda) (Olive); Pocrnich, Amy (Business Services Director, Essentia Health); Schlauderaff, Jennifer (Senior Clinical Applications Analyst, Essentia Health); Buckley, Sandra (Senior Project Manager - Process Excellence, Essentia Health) | Document regarding guidance on patient data system relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| EHPRIV 005599 | 7/6/2020 | Coleman, Jill M. (Analytics Manager, Essentia Health) | Witten, Dianne (Former Vice President, Pharmacy, Essentia Health); Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health); Mattson, Krister T. (Enterprise Analytics Director, Essentia Health); Cernohous, Timothy (Former Ambulatory Care Pharmacy Senior Director, Essentia Health); Lundberg, Bryan (Former 340B Senior Program Coordinator, Essentia Health); Hines, Roseann R. (Sr. Operations Manager-Medications Use Management, Essentia Health); Tellinghuisen, Kevin (Senior Business Analyst, SMDC Medical Center); Boettcher, Pamela (Former Executive Assistant, Essentia Health); Kohlhaas, Dan; Kreeger, Andrew (Labor Productivity Manager, Essentia Health) | Email exchange regarding pharmacy planning relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34, N.D. Admin. Code § 61-02-09-02, and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| EHPRIV 005631 | 9/9/2019 | Muhonen, Emalee (Operations Manager III, Innovis Health, LLC) | Heffron, Ken (Former Operations Administrator, Innovis Health, LLC); Hurley, Al (Chief Operating Officer, Innovis Health, LLC); Olson, Kristine (Physician & Professional Services Senior Director, Essentia Health); Diegel, Tanya (Physician-Division Chair, Innovis Health, LLC); Whited, Christopher; Reardon, Kristen | PowerPoint regarding clinics and immunization relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work |

| | | | | | Product/Prepared in anticipation of litigation |
|---|---|---|---|---|---|
| EHPRIV 005661 | 2/28/2020 | Loy, Maari (Pharmacy Operations Senior Manager, Innovis Health, LLC) | Cantone, Chad (Buyer-Pharmacy, Innovis Health, LLC); Muhonen, Emalee (Operations Manager III, Innovis Health, LLC); Hanson, Sara (Director of Nursing for Ambulatory Clinics); Crandall, Lori (Pharmacy Technician Supervisor, Innovis Health, LLC); Rucinski, Amanda (Former Operations Manager II, Innovis Health, LLC); Carrisalez, Brittany (Pharmacy Technician-Automation, Innovis Health, LLC); Fetsch (Pierce), Katelyn (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Schweitzer, Renee (Operations Manager III, Innovis Health, LLC) | Email exchange regarding medication data and guidance relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34, N.D. Admin. Code § 61-02-09-02, and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| EHPRIV 005801 | 4/9/2020 | Luttio, Kristin (Operations Manager III, Innovis Health, LLC) | Rice, Tess (Registered Nurse - Ambulatory Care Supervisor II, St. Mary's Regional Health Center); Larson, Megan E.; Kelly, Kathryn M.; Englund, Jessica; Olson, Angela (Operations Director, St. Mary's Regional Health Center); Schlauderaff, Jennifer (Senior Clinical Applications Analyst, Essentia Health); <DivisionalNursingSupervisors@EssentiaHealth.org> | Email exchange regarding training for patient data and revaccinaition relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| EHPRIV 005905 | 7/1/2020 | Pfannenstein (Carlstad), Megan (Program Manager – Process Excellence, Essentia Health) | Pfannenstein (Carlstad), Megan (Program Manager – Process Excellence, Essentia Health); Luttio, Kristin (Operations Manager III, Innovis Health, LLC); Heffron, Ken (Former Operations Administrator, Innovis Health, LLC); Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC); Simon, Shelby (Registered Nurse – Ambulatory Care Supervisor, Innovis Health, LLC); Haecherl, Alison (Operations Manager II, Innovis Health, LLC); Hanson, Sara (Director of Nursing for Ambulatory Clinics); Fetsch (Pierce), Katelyn (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Eaton, Chandra (Operations Manager II, Innovis Health, LLC) | Email exchange regarding meeting notes on immunization relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work |

13

| | | | | | Product/Prepared in anticipation of litigation |
|---|---|---|---|---|---|
| EHPRIV 005906 | 7/1/2020 | Pfannenstein (Carlstad), Megan (Program Manager – Process Excellence, Essentia Health) | Pfannenstein (Carlstad), Megan (Program Manager – Process Excellence, Essentia Health); Luttio, Kristin (Operations Manager III, Innovis Health, LLC); Heffron, Ken (Former Operations Administrator, Innovis Health, LLC); Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC); Simon, Shelby (Registered Nurse – Ambulatory Care Supervisor, Innovis Health, LLC); Haecherl, Alison (Operations Manager II, Innovis Health, LLC); Hanson, Sara (Director of Nursing for Ambulatory Clinics); Fetsch (Pierce), Katelyn (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Eaton, Chandra (Operations Manager II, Innovis Health, LLC) | PowerPoint regarding immunization relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| EHPRIV 006322 | 9/4/2020 | Dube, Danielle (Registered Nurse, Innovis Health, LLC) | Olsen, Danielle E. (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Simon, Shelby (Registered Nurse – Ambulatory Care Supervisor, Innovis Health, LLC); Luttio, Kristin (Operations Manager III, Innovis Health, LLC); Hanson, Sara (Director of Nursing for Ambulatory Clinics); Fmclinicleadership@essentiahealth.org; Sheeley, Kelli (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Fetsch (Pierce), Katelyn (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Dittmann, Payton; Eaton, Chandra (Operations Manager II, Innovis Health, LLC); Wheeler, Mark (Ryan) (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Otto, Brenda; Schlauderaff, Jennifer (Senior Clinical Applications Analyst, Essentia Health); Johnson, Susan L. | Screenshot regarding revaccination relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| EHPRIV 006364 | 9/1/2020 | Scherrer, Patricia (Physician, Innovis Health, LLC) | Ekren, Tara (Former Media Relations Specialist, Essentia Health) | Draft media statement relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared |

14

| | | | | | |
|---|---|---|---|---|---|
| | | | | | in anticipation of litigation |
| Row 6883 | 4/8/2020 | Dahnke, Shannon (Communications Director, Essentia Health) | Ekren, Tara (Former Media Relations Specialist, Essentia Health); Wagness, William (Online Reputation Specialist, Essentia Health) | Email exchange regarding provider communication relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| Row 7006 | 7/16/2020 | Pfannenstein (Carlstad), Megan (Program Manager – Process Excellence, Essentia Health) | Rauvola, Mary (VP, Laboratory-Essentia Health); Witten, Dianne (Former Vice President, Pharmacy, Essentia Health) | Draft PowerPoint presentation regarding medication storage relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34, N.D. Admin. Code § 61-02-09-02, and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| Row 7075 | 5/6/2020 | Pfannenstein (Carlstad), Megan (Program Manager – Process Excellence, Essentia Health) | Hurley, Al (Chief Operating Officer, Innovis Health, LLC); Hanson, Sara (Director of Nursing for Ambulatory Clinics) | SBAR with guidance for temperature monitoring relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work |

15

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Product/Prepared in anticipation of litigation |
| Row 7182 | 4/8/2020 | STAT@EssentiaHealth.org | STAT@EssentiaHealth.org | Email exchange regarding physician update on medication storage relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| Row 7187 | 2/28/2020 | Hanson, Sara (Director of Nursing for Ambulatory Clinics) | Witten, Dianne (Former Vice President, Pharmacy, Essentia Health) | Email exchange regarding mitigation plan relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34, N.D. Admin. Code § 61-02-09-02, and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| Row 7234 | 3/10/2021 | Gjestvang, Jennifer (Executive Assistant, Innovis Health, LLC) | Innovis Listserv as of March 10, 2021, *see* Exhibit C Recipient Supplement | Email exchange regarding patient data system relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34, N.D. Admin. Code § 61-02-09-02, and Minn. Stat. § |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| **Row 7400** | 11/14/2017 | Ernst, Gail L. (Executive Assistant, Essentia Health) | Ernst, Gail L. (Executive Assistant, Essentia Health); Boyce, Mark W. (Physician-SMDC Medical Center); Bubach, Julie (Pharmacy Manager-Clinical, Innovis Health, LLC); Budahn, Suzette M. (Clinical Applications Analyst II, Essentia Health); Carlson, Colleen P. (Peds) (Nurse Practitioner, SMDC Medical Center); Daggett, Sarah (Former Nurse Practitioner, SMDC Medical Center); Dahlen, Kirsten (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Davidson, Wendy B. (Former Operations Manager-OB/GYN, Pediatrics, Brainerd Medical Center, Inc.); Ehlert, Candace R. (Former Infection Prevention Specialist, Essentia Health); Francis, Ellie (Elinor) (Clinical Assistant-LPN, St. Mary's Regional Health Center); Hansmeier, Tracy (Senior Revenue Integrity Analyst, Essentia Health); Hanson, Heather M. (Infection Prevention) (Infection Prevention Specialist, St. Joseph's Medical Center); Helbling, Nicholas J. (Pharmacy Operations Senior Manager, St. Mary's Regional Health Center); Hovis, Lance J. (Clinical Applications Analyst III, Essentia Health); Iverson, Tabitha (Former Compliance Manager, Essentia Health); Johnson, Brietta K. (Clinical Assistant-LPN, Innovis Health, LLC); Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health); Kuhn, Jessica (Nurse Practitioner, Essentia Health); Luttio, Kristin (Operations Manager III, Innovis Health, LLC); Lomen, Kari (Clinical Assistant-LPN, Essentia Health-Fosston); Martensen, Jessica M. (VP, Population Care Management Programs, Essentia Health); Mueller, Joyce E. (Operations Manager III, Brainerd Medical Center); Pykkonen, Jeff L. (Pharmacist-Acute Care, St. Mary's Medical Center); Randolph, Marjorie R. (Former Clinic Manager II, SMDC Medical Center); Rossiter, Camella A. (RN-Program Manager, Essentia Health); Russell, Kari (Infection Prevention Director, Essentia Health); Schuety, Carrie; Sethre, Linda S. (Former Pharmacist-Acute Care, St. Mary's Regional Health Center); Sislo, Renee M. (Revenue Integrity Analyst I, Essentia Health); Smithers, Carly M. (Pharmacist-Ambulatory Care, Innovis Health, LLC); Stone, Kirsten L. (Pharmacy Clinical Senior Manager, Essentia Health); Thornton, Teryl J. (Clinical Assistant-LPN, Bridges Medical Center); Vetter, Richard, Dr. (Chief Medical Officer, Innovis Health, LLC); Zager, Timothy D. (Former Physician, SMDC Medical Center); Streff, Randi K. (Former Operations Manager II, Innovis Health, LLC); Bennington-Aasland, | Document regarding temperature monitoring relative to quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34, N.D. Admin. Code § 61-02-09-02, and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |

17

| | | | | | |
|---|---|---|---|---|---|
| | | | Kristi M. (Former RN-Ambulatory Care, Innovis Health, LLC); Hetletvedt, Katrina K. (RN-Ambulatory Care-Team Lead, Innovis Health, LLC); Flemming, Sarah B. (Former Physician, Essentia Health Virginia); Linn, Rebecca (Clinical Assistant-LPN, Innovis Health, LLC); Hines, Roseann R. (Sr. Operations Manager-Medications Use Management, Essentia Health); Young, Kayla (Utilization Management Reviewer, Essentia Health); Talarico, Tara M. (Operations Manager III, SMDC Medical Center); Hanson, Elisabeth A. (Pharmacist-Acute Care, St. Mary's Medical Center); Hohman, Kenzie G. (Ambulatory Care Pharmacy Senior Director, Essentia Health); Larson, Tina L. (Access Coordinator, Essentia Health); Wysuph, Kalee I. (Nurse Manager, Innovis Health, LLC); Erickson, Jane M. (Clinical Assistant-SMDC Medical Center)Sebestl, Cathy M. (Former RN-Ambulatory Care, Innovis Health, LLC); Kaufenberg, Anthony (Acute Care Pharmacy Senior Director, Essentia Health); Hansmeier, Tracy (Senior Revenue Integrity Analyst, Essentia Health); Sethre, Linda S. (Former Pharmacist-Acute Care, St. Mary's Regional Health Center); Carlson, Colleen P. (Peds) (Nurse Practitioner, SMDC Medical Center); Budahn, Suzette M. (Clinical Applications Analyst II, Essentia Health); Sislo, Renee M. (Revenue Integrity Analyst I, Essentia Health); Pykkonen, Jeff L. (Pharmacist-Acute Care, St. Mary's Medical Center); | | |
| Row 7446 | 4/9/2020 | Witten, Dianne (Former Vice President, Pharmacy, Essentia Health) | Deiss, Kim (Senior Director Marketing and Communications, Essentia Health) | Email exchange regarding guidance for revaccination and medication storage relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34, N.D. Admin. Code § 61-02-09-02, and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |
| Row 7974 | 2/18/2021 | Motter, Jordyn | Koskiniemi, Amy; Lamoreaux, Robyn R.; Reuss, Elizabeth M. (Telecare Services Manager, Essentia Health); Hansen, Katherine (Physical Therapist, Polinsky Medical Rehab Center); Satrom, Beth (Telecare Services Director, Essentia Health); Wrazidlo, Kathryn (Patient Access Director, Essentia Health); Nelson, Sheri; Horning, Deborah K.; Steffen, Ali; Williams, Michael R.; Hennen Tupy, Lisa A.; Lindell, Michelle M. (Operations Director, Brainerd Medical Center, Inc.); Mueller, Joyce E. (Operations Manager III, Brainerd | Spreadsheet regarding patient data relative to investigation and quality assurance | Privileged - Medical Patient; Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. |

18

| | | | | | |
|---|---|---|---|---|---|
| | | | Medical Center); Peterson, Karen (Operations Manager III, Brainerd Medical Center, Inc.); Palmer, Bill; Noonkesser, Jessica L. (Operations Manager II, Brainerd Medical Center, Inc); Patton, Sara A.; Moreland, Traci L.; Schade, Janice L.; Popham, Samuel; Dobbs, Jennifer K. (Operations Administrator, SMDC Medical Center); Gertsema, Richard; Talarico, Tara M. (Operations Manager III, SMDC Medical Center); Cressman, Gwen F.; Whiting, Meghann J.; Runquist, Jean M.; Yuretich, Kimberly J.; Fauchald, Jill; Young, Elizabeth L. (Nursing Director-Ambulatory and Transition Care, St. Mary's Medical Center); Jeanetta, Joan K. (Rehabilitation Services Director, SMDC Medical Center); Bauman, Katie; Linnell, Jeffrey; Doberstein, Jill (Program Manager-Community Outreach, Essentia Health); Cochran, Nicole; Halverson, Shara; Haugrud, John W.; Johnston, Dillon C.; Vogel, Linda E.; Thorsvik, Laura E.; Radke, Kurt; Siebert. Ron A.; Costley, Kyle; Hanson, Glen; Mcgrath, Kyle; Esser, Timothy P.; Kloehn, Colleen A.; Youso, Jack (Operations Manager II, SMDC Medical Center); Luedloff, Kellie R.; Ekstrom, Paige; Lourey, Jamie A.; Bieniek, Katelyn A.; Madill, Karlene; Feltman, Steven; Nigon, Scott F.; Ackman, Laura J. (Administrator, Northern Pines Medical Center); Dettle, Nancy L.; Parker, Linda A. (Operations Director, Duluth Clinic); Pelowski, Robyn; Nash, Cynthia; Beeksma, Kathrine A.; Singler, Peter; Estep, Matthew P. (Operations Director, SMDC Medical Center); Hinnenkamp, Todd G.; Stone, Sam W.; Learn, Julia A.; Konz, Matthew; Kritzer, Tammy; Sindlinger, Julie; Fox, Monique M.; Volgren, Klare; Reed, Amanda E. (Operations Director, Essentia Health Deer River); Lewandowski, Jennifer; Lingwall, Sara (Operations Manager III, Innovis Health, LLC); Schultz, Kristen (Operations Manager III, Innovis Health, LLC); Huschka, Ashley (Operations Manager III, Innovis Health, LLC); Muhonen, Emalee (Operations Manager III, Innovis Health, LLC); Zeltinger, Suzanne (Operations Administrator, Innovis Health, LLC); Enockson, Michelle (Rehabilitation Services Director, Innovis Health, LLC); Ulrich, Chuck (Operations Manager I, Innovis Health, LLC); Luttio, Kristin (Operations Manager III, Innovis Health, LLC); Schweitzer, Renee (Operations Manager III, Innovis Health, LLC); Pavlacky, Chelsey (Operations Manager II, St. Mary's Regional Health Center); Hanson, Kayla (Radiation Oncology Supervisor, Innovis Health, LLC); Hovland, Laura (Operations Director, Innovis Health, LLC); Rosenberg, Julie (Administrator, Graceville Health Center); Stoltman, Erin (Administrator, Bridges Medical Center - EH Ada); Gish, Kevin (Former Administrator, Essentia Health-Fosston); May, Kimberley (Operations Director, St. Mary's Regional Health Center); Kiefer, Megan (Rehabilitation Services Manager, Innovis Health, LLC); Haecherl, Alison (Operations Manager II, Innovis Health, LLC); Olson, Angela (Operations Director, St. Mary's | | Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |

19

| | | | | | |
|---|---|---|---|---|---|
| | | | Regional Health Center); Brinkman, Christy (Operations Administrator, St. Mary's Regional Health Center); Hanson, Sara (Director of Nursing for Ambulatory Clinics); Hurley, Al (Chief Operating Officer, Innovis Health, LLC); Beach, Bret (Diagnostic Imaging Manager, Innovis Health, LLC); Larson, Dena (Diagnostic Imaging Director-West, Innovis Health, LLC); Bjoralt, Marilyn (Former Diagnostic Imaging Director, Innovis Health, LLC); Finseth, Lynae (Operations Manager II, Essentia Health - Fosston); Hansen, Katherine (Physical Therapist, Polinsky Medical Rehab Center); Carlson, Kerry (Operations Administrator, Innovis Health, LLC); Olson, Barbara (Operations Manager II, Innovis Health, LLC); Nefzger, Kelsey (Registered Nurse-Program Manager, Innovis Health, LLC); Hagen, Naomi (Registered Nurse - Ambulatory Care Supervisor II, Essentia Health - Fosston); Wendt, Joseph (Operations Administrator, Innovis Health, LLC); Eaton, Chandra (Operations Manager II, Innovis Health, LLC); Fetsch (Pierce), Katelyn (RN-Ambulatory Care Supervisor II, Innovis Health, LLC); Tangedal, Ashley (Operations Manager II, Innovis Health, LLC); Wagner, Holly (Patient Access Supervisor, Essentia Health-Fosston); Farrell, Matthew (Access Management Senior Director, Essentia Health); Proetz, Michael A.; Pochucha, Zachary; Motter, Jordyn | | |
| Row 8083 | 3/1/2021 | Hawkinson, Megan (Revenue Services Analytics Manager, Essentia Health) | Desautel, Becky (Coding Manager, Essentia Health); Grunewald, Julie (Billing Manager, Essentia Health); Hines, Randi (Billing Supervisor, Essentia Health); Horning, Deborah K.; Livdahl, Tanya (Billing Manager, Essentia Health); Lundeen, Greg J. (Revenue Integrity Manager, Essentia Health); Madrinich, Jamie (Pre-Service Nursing Manager, Essentia Health); Majerle, Jeffrey (Payment Posting Manager, Essentia Health); Nelson, Sheri; Patronas, George (Billing Manager, Essentia Health); Pavich, Theresa (Billing Supervisor, Essentia Health); Pocrnich, Amy (Business Services Director, Essentia Health); Storbeck, Dawn (Patient Access Supervisor, Essentia Health); Strand, Crystal (Billing Supervisor, Essentia Health); Tretter, Tracy (Billing Supervisor, Essentia Health); Wrazidlo, Nancy (Billing Manager, Essentia Health); Anderson, Trista (Revenue Integrity Senior Manager, Innovis Health, LLC); Bozovsky, Jeffrey J.; Nelson, Todd J.; Good, Joyce (Business Services Director, Essentia Health); Lund, Christie (Director of Financial Pre-Services, Essentia Health); Wrazidlo, Kathryn (Patient Access Director, Essentia Health); Williams, Carlee D. (Coding Director, Essentia Health) | Spreadsheet regarding draft financial report relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |

| Row 8088 | 9/8/2020 | Gunderson, Debra K. (Senior Business Analyst, St. Mary's Regional Health Center) | Dorow, Kyle (Vice President, Finance, Essentia Health); Bodensteiner, Kimberly (Finance Senior Manager, Essentia Health-Fosston); Chaput, Nick A. (Business Partnering Manager, Innovis Health, LLC) | Spreadsheet regarding financial results relative to investigation and quality assurance | Privileged - Attorney Client; Privileged - Peer Review/Quality assurance pursuant to N.D. Cent. Code 23-34 and Minn. Stat. § 145.61-145.66; Privileged - Work Product/Prepared in anticipation of litigation |

21