## Angie E. Lord

Direct Dial: 701.356.6321 | alord@vogellaw.com

July 19, 2022

VIA EMAIL ONLY
ndd_j-senechal@ndd.uscourts.gov

Magistrate Judge Alice R. Senechal
655 1st Avenue North, Suite 440
Fargo, North Dakota 58102-4952

**Re:    Jessica Kraft et al. v. Essentia Health, et al.  Case No. 3:20-cv-121**

Dear Magistrate Judge Senechal:

Defendants Essentia Health and Innovis Health, LLC d/b/a Essentia Health West (collectively, "Essentia") provide this position statement in advance of the status conference on July 19, 2022.

### Search Terms

On February 25, 2022, this Court ordered Essentia to review the resources recalled by Plaintiffs' "low-hit" searches—that is, searches that recalled less than 1,000 resources (Searches 22b, 23-25, 45a, 46, 48, 56, 63, 101, 115, 118, 123, and 140).  Essentia timely completed the review of the resources recalled by those "low-hit" searches.

In addition, the Court ordered Essentia to run additional modified "high-hit" searches proposed by Plaintiffs.  Essentia also timely ran those searches and provided Plaintiffs those results on March 25, 2022.  As discussed at the May 10, 2022, status conference, an anomaly was identified with the wildcard search terms when those modified "high-hit" searches were ran, which required Essentia to rerun all the original searches.  Essentia provided Plaintiffs the rerun search results on June 1, 2022.  Plaintiffs now raise issues and allegations following the rerun search results.

First, Plaintiffs suggest that Essentia did not comply with the Court's February 25, 2022, Order to run the modified "high-hit" searches by March 28, 2022.  As noted, however, Essentia did in fact run those searches and provided Plaintiffs those results on March 25, 2022.  Separately, Essentia then provided the rerun search results on June 1, 2022, well after Essentia had already complied with the Court's Order to run the modified "high-hit" searches.

Second, Plaintiffs assert that, prior to rerunning the original searches, "Essentia did not retain a vendor or use widely available tools that would allow use of common search connectors."  That assertion is false.  Essentia has had an E-Discovery vendor retained since the beginning of this case, and that vendor has performed the proposed ESI searches in this case using an industry standard E-Discovery platform.  Due to complicating circumstances with that vendor, the anomaly arose with the wildcard search terms.  Similarly, as has been explained, the vendor initially did not have capabilities to apply certain numerical connectors, which were substituted with "AND" connectors.  However, the vendor has now remedied both of these issues and has rerun all the original searches with those fixes in place.



218 NP Avenue | PO Box 1389 | Fargo, ND 58107-1389
Phone: 701.237.6983 | Fax:  701.237.0847 | Toll Free:  800.677.5024

Fargo • Bismarck • Moorhead •Minneapolis • Grand Forks          www.vogellaw.com

Magistrate Judge Alice R. Senechal
July 19, 2022
Page 2

Third, Plaintiffs take issue with what searches Essentia has agreed to "run" or not "run." For clarity's sake, Essentia has *run* all the searches proposed by Plaintiffs. In addition, Essentia has now *rerun* all of Plaintiffs' originally proposed searches to address the wildcard anomaly. However, Essentia has objected to some of rerun searches as recalling excessive number documents, as is permissible under the Court's Order Governing Electronically Stored Information.

Essentia has agreed to review some of the rerun searches. In particular, Essentia has agreed to review (1) the rerun searches that have recalled less than 500 resources and (2) the specific searches that were considered "low-hit" under the Court's February 25, 2022, Order, except Searches 24 and 63, which are no longer "low-hit" searches because they now recall more than 1,000 resources. Importantly, in reviewing the resources recalled by the second category of searches, to date, <u>no</u> resources have been responsive.

In addition, Essentia indicated to Plaintiffs that it would review samples from the rerun searches recalling between 500 and 1,000 resources <u>for responsiveness</u>. However, notwithstanding Plaintiffs' assertion to the contrary, Essentia has not agreed to review every rerun search that now recalls less than 1,000 resources, particularly given that the rerun searches are recalling non-responsive documents.

Although Essentia was hopeful the parties could resolve this issue without Court intervention, Essentia anticipated that the parties would likely need to discuss with the Court some of the issues regarding the rerun searches, given that the Court did not consider the rerun searches in issuing its February 25, 2022, Order. More specifically, Essentia understood that Court guidance may be necessary for the rerun searches that were previously "low-hit" searches under the Court's Order but that now recall more than 1,000 resources and those resources now returning less than 1,000 resources that were not previously considered by the Court. The non-responsiveness of the resources that Essentia has reviewed is also a new, but relevant, consideration for all the rerun searches, including those that now recall less than 1,000 resources.

**Putative Class Financial Spreadsheets**

In regard to the putative class financial spreadsheets, Essentia is actively working to respond to Plaintiffs' most recent request.

**Named Plaintiff Records**

Early in this case, Essentia requested that the named-Plaintiffs sign authorizations to allow Plaintiffs' counsel to obtain the named Plaintiffs' medical records from January 1, 2017, to the present. Plaintiffs, however, objected. On September 21, 2021, in an Order Regarding Authorizations for Release of Medical Records, this Court ordered that Essentia could respond to Plaintiffs' "interrogatories and requests for production of documents insofar as they request PHI of the named plaintiffs without signed authorizations of the named plaintiffs." That is, the Order did not require production of all medical records but instead required production of records or data specifically

Magistrate Judge Alice R. Senechal
July 19, 2022
Page 3

requested by Plaintiffs' formal discovery requests.  Essentia has complied with that Order's specific requirements and fully responded to Plaintiffs' formal discovery requests.

On May 11, 2022, counsel had a meet-and-confer.  Plaintiffs made several inquiries regarding the named-Plaintiffs' financial data.  With the meet-and-confer, Plaintiffs also sought all the named-Plaintiffs medical records dating back to January 1, 2017, the production of which they had previously advocated against.  In response, Essentia indicated that Plaintiffs' current formal discovery requests did not include a request for medical records dating back to January 1, 2017, and requested that Plaintiffs make a formal discovery request to receive those records.  Plaintiffs stated that they would consider Essentia's request for formal discovery, noting hesitation that a formal discovery request would allow Essentia 30 days to respond.  However, Plaintiffs indicated that they understood the "ball was in [their] court" to decide whether to make a formal discovery request.

On June 7, 2022, Essentia provided Plaintiffs supplementation of the named-Plaintiffs' financial data as well as detailed responses to Plaintiffs' questions about that data.  Essentia again reiterated its request for Plaintiffs to make a formal discovery request to receive full medical records dating back to January 1, 2017.   Since that time, Plaintiffs have not followed-up with Essentia regarding any further questions regarding the named Plaintiffs' financial data; nor have Plaintiffs made a formal discovery request for all medical records from January 2017 to the present.

At this time, Essentia does not have a specific request for production, authorization, or Court Order to provide the medical records that Plaintiffs now request.  Thus, Essentia reiterates its position that it will provide the requested medical records upon receipt of a formal discovery request or some other authority for providing the same.  If Plaintiffs' concern with making a formal discovery request for the full medical records was the fact that it would allow Essentia 30 days to respond, it is notable that now more than 60 days have passed since the May 11, 2022, meet-and-confer.

Finally, it is unclear what Plaintiffs mean by "financial records," which have not been the topic of the parties' meet-and-confers.  Essentia has provided full financial *data*, including the data it recently supplemented on June 7, 2022, for which no further questions or concerns have been raised by Plaintiffs.

Thank you for your consideration.

Very truly yours,

*/s/ Angie E. Lord*

Angie E. Lord