**feganscott**

**FeganScott LLC**
ATTORNEYS AT LAW

140 Broadway, 46th Floor
New York, NY 10005

PHONE    347.353.1150
FAX    312.264.0100

melissa@feganscott.com

July 18, 2022

**VIA EMAIL**
Magistrate Judge Alice R. Senechal
United States Dist. Court for the District of North Dakota
NDD_J-Senechal@ndd.uscourts.gov

Re: *Kraft, et al. v. Essentia Health, et al.,* No. 20-cv-121; Plaintiffs' Position Statement

Dear Judge Senechal:

Plaintiffs respectfully submit this position statement in advance of the July 19, 2022 status conference.

**Essentia's Search Terms**

The Court's February 25, 2022 order directed Essentia to run Plaintiffs' higher-hit search strings (those yielding more than 1,000 unique resources) and provide hit counts within 30 days, i.e., by March 28, 2022. ECF No. 173, pp. 11-12. Essentia did not provide Plaintiffs with an accurate hit count until June 1, 2022. That list is included with this letter.

Once Essentia ran the terms Plaintiffs initially proposed, the results demonstrated that the months of search term negotiation and motion practice the parties engaged in were a tremendous waste of resources, all because Essentia did not retain a vendor or use any number of widely available tools that would allow the use of common search connectors (until they somehow figured out how to do so after the Court's order).

In contrast to Essentia's prior claims about unreasonably high hit counts, the majority of the search strings (126 of 138), when properly run, had unique hit counts below 1,000. At Plaintiffs' request, and in light of the Court's prior order, Essentia will run those terms.

Still, despite the extensive delay and waste of resources to get search term hit counts that Essentia should have provided more than a year ago, and despite the counts demonstrating that Plaintiffs' requests have been reasonable throughout this process, Essentia continues to take other unreasonable positions.

First, Essentia has stated that it will not run two searches that the Court already ordered Essentia to run (Searches 24 and 63) because, after Essentia's revised search, Essentia claims they now return more than 1,000 unique resources. Essentia should not be permitted to unilaterally revise the Court's order, months after it was issued, for unexplained errors of its own making. The terms are relevant and should be run.

Second, regarding the 12 search terms that remain in dispute, Plaintiffs proposed that Essentia run the six highly relevant, lower hit count terms (Strings 12, 24, 37, 52, 84, and 138, totaling fewer than 31,000 documents). After taking three weeks to respond, Essentia refused.

Third, Plaintiffs requested that Essentia sample 1,000 documents from two of the six remaining strings (Strings 63 through 68, which are related to one another, and which had higher hit counts) so the parties could evaluate and, if necessary, narrow the terms. (Note, however, that the Court already ordered Essentia to review and produce documents for Search 63.) Essentia refused, though it stated it would review an unspecified "sufficient number of resources to determine whether the searches are returning relevant documents and will provide examples of the types of irrelevant documents . . . ." Essentia's sampling should be random (except to the extent it ensures documents are selected from multiple sources and custodians) and should include a statistically significant number of documents.

Given this unnecessarily protracted process and Plaintiffs' reasonable requests, Plaintiffs ask that the Court direct Essentia to review and produce all responsive documents returned by Plaintiffs' search terms, except with regard to Strings 64 through 68, which should be sampled in accordance with Plaintiffs' proposal.

The Court's prior order was "without prejudice to plaintiffs filing a later motion after the steps described above," regarding the exchange of hit counts, "have been completed." If further motion practice is necessary, Plaintiffs intend to move for fees and costs associated with the search terms dispute, which would have been largely, if not completely, mooted had Essentia simply run the terms as Plaintiffs proposed in June 2021.

**Putative Class Financial Spreadsheets**

In accordance with the Court's Order Granting Plaintiffs' Motion to Compel the Production of Financial Information (ECF No. 166), the parties' subsequent meet-and-confer discussions, and further conferences with the Court, Plaintiffs retained a consultant and identified the supplemental data that Essentia needed to add to resolve the issues in its previously produced spreadsheets.

Plaintiffs sent that request to Essentia on June 23, 2022. Essentia has not responded.

**Essentia's Production of Named Plaintiff Records**

Plaintiffs and Essentia have conferred regarding the documents and data that Essentia has produced for the named plaintiffs.

Essentia has supplemented certain data for the named Plaintiffs; Plaintiffs are evaluating that supplement.

With regard to documents, Essentia has provided some, but not all, relevant medical records for the named plaintiffs. Plaintiffs sought these documents long ago. For example, Request Number 9 seeks "All documents relating to the Disclosed Temperature Excursion" and Request Number

2

15 seeks "Documents and data . . . identify[ing] . . . [e]ach person or entity who paid . . . for an Affected Medication[,] . . . payment(s) made for the Affected Medication[,] . . . [p]ayments made for the visit[,] . . . refunds, credits, or other remuneration[,] . . . [and] [a]ny free vaccinations or other services provided by [Essentia]."

In light of inconsistencies in the documents and spreadsheet data Essentia provided for the named plaintiffs, Plaintiffs requested that Essentia simply produce the named plaintiffs' full medical and financial records for Essentia visits during the relevant time period (from January 1, 2017 through the present).

Essentia has refused, absent additional requests for production, and has pointed out that Plaintiffs have previously contended that this is an economic loss case and medical history unrelated to the excursion is not at issue. That remains true.

While Plaintiffs would welcome a complete production of records reflecting visits for affected medications and related follow-ups (e.g., retreatment, revaccination, consultation), Essentia has not provided those documents. Plaintiffs have concerns about the reliability of the spreadsheets Essentia has provided – both in their accuracy and in the ability to discern relevant versus irrelevant visits from those spreadsheets. Moreover, patient records may have relevant physician notes.

Essentia should have produced the named plaintiffs' medical and financial records reflecting visits and payments related to the excursion. Essentia has not done so, and has instead provided incomplete and inconsistent information. It has further claimed that additional production requires tedious, manual patient-record review. To avoid this burden and any further delay, Essentia should produce the named plaintiffs' complete financial and medical records for the relevant time period and should do so within 14 days.

Respectfully Submitted,

/s/ Melissa Clark

3