**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jessica Kraft, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-121 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Essentia Health, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Following a series of disputes regarding discovery matters, the court ordered further submissions regarding defendant Essentia Health's peer review organization structure. Essentia filed a brief and affidavits in support of its position in response to that order. Because plaintiffs' responsive brief and a deposition transcript they wish to file in support of their response reference information Essentia designated as protected under the governing confidentiality order, plaintiffs request to file those documents under seal. (Doc. 232). Plaintiffs state, however, that they do not consider sealing to be warranted; rather, they state they filed the motion to seal in accordance with the confidentiality order.

The Eighth Circuit described standards for sealing documents filed with the court:

> Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute. The primary rationales for this right are the public's confidence in, and the accountability of, the judiciary. Whether the common-law presumption can be overcome is determined by balancing the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed. In order to adjudicate the issue, a court must first decide if the documents in question are judicial records, and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to

such records. The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so.

Flynt v. Lombardi, 885 F.3d 508, 511 (8th Cir. 2018) (internal citations and quotations omitted); In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig., 9 F.4th 768, 791 (8th Cir. 2021). Compelling reasons for denial of public access include personal and professional safety, protection of sensitive business information, personal privacy, and national security. See Flynt, 885 F.3d at 511-12; IDT Corp. v. eBay, Inc., 709 F.3d 1220, 1224 (8th Cir. 2013); Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1377 (8th Cir. 1990); CAA Sports LLC v. Dogra, No. 4:18-cv-01887-SNLJ, 2018 WL 6696622, at *1 (E.D. Mo. Dec. 20, 2018).

Some courts have recognized a lesser right to public access to documents filed in conjunction with discovery motions. A recent case in the District of Minnesota discussed that issue, applying a good cause standard to documents filed in connection with discovery motions that did not implicate merits of a case. Laughlin v. Stuart, No. 19-cv-2547, 2021 WL 1338086, at *3 (D. Minn. Apr. 9, 2021).

Regardless of whether the applicable standard is a presumption of public access or good cause, the party advocating for sealing documents has the burden to prove denial of public access is warranted. Flynt, 885 F.3d at 511; Laughlin, 2021 WL 1338086, at *3.

As stated in the March 1, 2021 Protective Order:

> If a party seeks to file documents designated as "Highly Confidential," or "Confidential," the party must first file a motion for leave to file under seal, accompanied by a memorandum in support, setting forth the legal basis for sealing the documents, in accordance with the Administrative Policy Governing Electronic Filing and Service. If only portions of the documents designated as "Highly Confidential" or "Confidential" contain sensitive information, and a party seeks to file the

documents with the court, that party must (1) file a motion for leave to file under seal and a memorandum in support of the motion, which provides an explanation of the legal basis for redacting information from the document, and (2) attach to the motion for leave to file under seal an unredacted copy of the document and a proposed redacted copy of the document. The proposed redactions shall be highlighted or otherwise identified in a manner that enables the Court and the other party to easily review the proposed redactions.

(Doc. 45, p. 13).

Since plaintiffs assert it is Essentia claiming a basis to seal plaintiffs' responsive brief and the deposition transcript, Essentia is directed to respond to plaintiffs' motion for leave to file under seal by **March 27, 2023**. If only portions of plaintiffs' response and the deposition transcript in support of that response include sensitive information, Essentia must submit proposed redactions to those documents. And Essentia must, of course, describe a satisfactory basis for denial of public access. Essentia is to file its response to the plaintiffs' motion and its proposed redactions as <u>sealed documents</u>. If Essentia has any filing questions, it should contact the Clerk's Office at 701-297-7000.

**IT IS SO ORDERED**.

Dated this 21st day of March, 2023.

/s/ Alice R. Senechal

Alice R. Senechal
United States Magistrate Judge

3