UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B; AMY LAVELLE, individual and as parent of minors Em.L.and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,<br><br>        Defendants. | Case No. 3:20-CV-00121<br><br><br>**RESPONSE TO REPORT AND RECOMMENDATION OF SPECIAL MASTER** |

      Essentia Health and Innovis Health, LLC d/b/a Essentia Health West (collectively, "Essentia"), submit this Response in accordance with the Special Master's Report and Recommendation, filed July 10, 2024. (Doc. ID No. 255). This Response will address the factual and procedural background related to the Special Master's work before addressing each of the asserted privileges addressed in the Report and Recommendation in turn.

I.     **FACTUAL AND PROCEDURAL BACKGROUND.**

On October 3, 2023, Magistrate Judge Senechal issued an Order Regarding Discovery Dispute and Referring this case to a Special Master. (Doc. ID No. 242). The Order addressed various aspects of Essentia's Supplemental Privilege Log and privilege assertions, including the peer review/quality assurance privilege and work product/attorney client privileges. The Court directed Essentia to review its claims of privilege, considering both the standards outlined in the October 3, 2023 Order, as well as the Court's Order dated January 13, 2023 (Doc. ID No. 225). *Id*. An Order was entered on November 7, 2023, appointing Retired Magistrate Judge Karen K. Klein as Special Mater for purposes of reviewing documents and making recommendations with respect to Essentia's privilege assertions. (Doc. ID No. 247). The Order Appointing Special Master required Essentia to submit the documents over which it maintained a claim of privilege to the Special Master by January 5, 2024. *Id*. The Order further required Essentia to produce documents for which privilege was no longer maintained following review of the Court's January 13 and October 3, 2023 Orders, respectively. *Id*.

Prior to receipt of the October 3, 2023 Order, Essentia asserted one or more privileges over 9,105 total documents. Following the Court's October 3, 2023 Order, Essentia revised and served a Supplemental Privilege Log on January 5, 2024, which reduced the number of documents Essentia claimed as privileged to 5,485. Essentia also produced more than 3,600 documents it previously had claimed privilege over to Plaintiffs in January 2024, in accordance with the Court's October 3, 2023 Order. Consequently, Essentia narrowed its privilege claims by approximately 40% following the Court's various directives, as evidenced by the document production served on Plaintiffs in January 2024 and the significantly smaller Supplemental Privilege Log entries.

Following service of Essentia's January 2024 Supplemental Privilege Log, Special Master Klein (1) invited further analysis regarding communications with third-party consultants that Essentia asserted attorney-client and/or work product privileges over; and (2) asked Essentia to identify the specific Committees that qualified for such privilege, as determined by the Court.  Essentia subsequently submitted its Supplemental Memorandum regarding the Scope and Application of the Attorney-Client Privilege, specifically as it relates to communications with third-party consultants, on February 29, 2024.  On March 1, 2024, Essentia also served a revised Supplemental Privilege Log to include an additional column with the specific name of the peer review committee, in addition to the committee memberships that had been previously identified.  With the exception of adding the "committee name" column, Essentia's March 1, 2024 Supplemental Privilege Log is otherwise identical to the Supplemental Privilege Log served on January 5, 2024.

Of the 5,485 documents that were remaining on the Supplemental Privilege Log, Essentia asserted the peer review/quality assurance privilege over only 665 documents. Essentia asserted the medical-patient privilege for 2,477 documents.  Of these documents, the medical-patient privilege was the sole privilege asserted for 1,924 documents.

Essentia also held conferences with the Special Master to facilitate her review.  It was Essentia's understanding that the Special Master intended to provide recommendations by category of documents, rather than review every individual document on the Supplemental Privilege Log, and Essentia would then apply the Special Master's recommendations to each of the individual documents.  Consistent with this understanding, Essentia provided certain documents in hard copy to the Special Master to facilitate her review.  Essentia also provided

the Special Master exclusive access to its document review discovery platform, enabling the Special Master to electronically review documents in their native form as she saw appropriate.

At all times relevant to this dispute, the discovery process in this case has been subject to the Court's Order Governing Discovery of Electronically Stored Information ("ESI Order") (Doc. ID No. 46).  This Order sets forth parameters for discovery production, including identification of documents on an applicable privilege log.  For example, the ESI Order provides that deduplication is expected, but only as "to exact duplicates (as determined by matching a document or document family)". *Id*. at Section IV(4).  In other words, documents, although similar, may not be exact duplicates, and were required to be identified and separately noted on a privilege log.  An unintended effect of this requirement may be perceived repetition, but it is nonetheless a requirement under the ESI Order.  Similarly, pursuant to the ESI Order, families or parent and child documents are to be maintained together.  *Id*.; *see also* Appendix A to the ESI Order.

## II.    THE SPECIAL MASTER'S REPORT AND RECOMMENDATION

The Special Master made various findings in its Report and Recommendation regarding Essentia's claims of privilege. Below is Essentia's proposed course of action moving forward in light of the Special Master's Report and Recommendation, separated by category of privilege asserted.

### A.    Physician-Patient Privilege

The Special Master's Report and Recommendation confirms the applicability of the physician-patient privilege with respect to at least some of the documents identified on Essentia's Supplemental Privilege Log, recognizing that patient names, photos, and/or patient numbers qualify as privileged.  Essentia appreciates the Special Master's challenge in

4

reviewing these records, exacerbated by the requirements of the ESI Order in this case. For example, while individually identifiable information may not be readily apparent on the face of a cover email, the physician-patient or medical-patient privilege may still be applicable given the cover email's relationship to the attachment that does contain such information.

Essentia interprets the Special Master's Report and Recommendation as dispensation with the ESI Order with respect to maintenance of families for production. Accordingly, Essentia intends to separate families for production and produce to Plaintiffs those documents that do not contain protected health information on their face, regardless of their relationship with documents that do, unless they are otherwise privileged. Essentia further proposes that for the remaining documents for which it has asserted only the medical-patient privilege it will produce redacted versions, to the extent redactions are reasonably feasible, with redactions for the following individually identifiable information: patient name, patient address, day and month of service, medical record numbers, and any other unique identifying number, characteristic or code. The intended effect of this approach is to de-identify the documents at issue prior to production.

**B.    Third-Party Consultants**

Essentia appreciates the Special Master's recognition of the Legal and Regulatory Services ("LRS") Department's involvement in addressing the potential temperature excursion. Consistent with the Special Master's Report, Essentia will produce communications with third-party consultants identified on its Supplemental Privilege Log. In this regard, there are documents for which a third-party consultant is identified as a creator and documents for which a third-party consultant is identified as a recipient. There is overlap

5

between these two groups, such that there are some documents for which a third-party consultant is identified as both a creator and a recipient.

## C. Work Product and Attorney-Client Privilege

Again, Essentia appreciates the Special Master's recognition of LRS's involvement in addressing the potential temperature excursion. Essentia will follow the Special Master's recommendation to further narrow and tailor its privilege log as it relates to the work product and attorney-client privileges and will supplement its production accordingly.

## D. Peer Review/Quality Assurance Privilege

In its October 3, 2023 Order, the Court limited application of the peer review/quality assurance privilege to documents of the following committees: Patient Relations and Risk Management Committee; Essentia System Quality Committee; Essentia Clinical Practice Committee; and Clinical Alerts Subgroup. As noted above, Essentia substantially modified its Supplemental Privilege Log following the Court's October 3, 2023 Order, eliminating privileges previously asserted for thousands of documents. As of January 5, 2024, Essentia only claimed applicability of the peer review/quality assurance privilege with respect to 665 documents. In contrast, prior to the October 3, 2023 Order, Essentia asserted the peer review/quality assurance privilege for over 8,000 documents. In other words, Essentia's assertion of the peer review/quality assurance privilege was substantially reduced following the Court's directives.

In revising its privilege designations, Essentia was careful to limit its assertion to only those committees specified in the Court's October 3, 2023 Order. At the Special Master's request, these committee designations were subsequently included in Essentia's March 2024 Supplemental Privilege Log. In doing this work, Essentia was mindful of Magistrate Judge

6

Senechal's analysis and conclusion that the Subcommittee of Patient Relations and Risk Management was not a qualifying peer review committee for purposes of privilege and did not intend to include that Subcommittee. With the Special Master's request for verification, Essentia will undertake additional review of the documents for which the peer review/quality assurance privilege was maintained to ensure they exclude the Subcommittee of the Patient Relations and Risk Management Committee. Following this work, Essentia will confirm for Plaintiffs that the assertion of the peer review/quality assurance privilege is limited to one of the four approved peer review committees, at the exclusion of the Subcommittee of the Patient Relations and Risk Management Committee.

Dated this 24th day of July, 2024.

**VOGEL LAW FIRM**

*/s/ Briana L. Rummel*
BY: Angela E. Lord (#05351)
Briana L. Rummel (#08399)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
Telephone:  701.237.6983
Email:    alord@vogellaw.com
          brummel@vogellaw.com

**BASSFORD REMELE**
*A Professional Association*

Christopher R. Morris (ND #6407)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone:  612.333.3000
cmorris@bassford.com

ATTORNEYS FOR DEFENDANTS ESSENTIA HEALTH AND INNOVIS HEALTH, LLC