# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S and W.S.; ANNE BAILEY, as parent of minor D.B.; AMY LAVELLE, as parent of minors Em.L. and El.L; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F  and C.J.F.; JENNIFER REIN, individually; and JESSICA BERG, as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:20-CV-121<br><br>Hon. Peter D. Welte<br><br>JURY TRIAL DEMANDED |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO JULY 10, 2024 REPORT
## AND RECOMMENDATION OF SPECIAL MASTER

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 3

II.     ARGUMENT ...................................................................................................... 4

      A.      This Court should order Essentia to produce documents withheld on the basis of the physician-patient privilege where the Special Master found that"[i]n all but a very few instances," the documents "do not contain any identifying information about individual patients." ................................................................ 4

      B.      The Special Master found that Essentia's communications with third party public relations consultants are not privileged, and thus should be produced................... 7

      C.      Essentia should be deemed to have waived the attorney-client privilege and work product protection where its definitions of the protections were "grossly over-inclusive." ................................................................................................... 8

      D.      This Court should order Essentia to produce documents withheld on the basis of the peer review/quality assurance privilege where the Special Master found that "most of the documents" "are not related to the committees the Court has found to qualify for the protection." ............................................................. 8

III.    CONCLUSION.................................................................................................. 10

On July 10, 2024, the Special Master filed a Report and Recommendation of Special Master ("SM Report") concerning an *in camera* review of documents claimed as privileged by Defendants Essentia Health and Innovis Health, LLC d/b/a Essentia Health West (collectively, "Essentia") (ECF 255). On July 24, 2024, Essentia filed a Response to Report and Recommendation of Special Master ("Essentia Resp.") (ECF 260), suggesting a different course of action from the recommendations of the Special Master. Plaintiffs file this response.

## I.    INTRODUCTION

Essentia produced its first privilege log – containing just three categorical entries – on May 11, 2021. For the last three-plus years, Essentia has stymied Plaintiffs' attempts to compel the production of documents and this Court's Orders requiring Essentia to comply with its discovery obligations.

This Court has provided Essentia every opportunity to cure the deficiencies in its privilege logs and produce non-privileged documents – and yet the Special Master still found that:

- "[i]n all but a very few instances, these documents [withheld on the basis of the physician-patient privilege] do not contain any identifying information about individual patients," SM Report at 3;

- "Essentia has failed to prove its entitlement to attorney-client privilege for any of the communications between the public relations consultants and Essentia employees, including LRS Department employees," SM Rep. at 5;

- "the number and type of documents withheld by Essentia" under a claim of attorney-client privilege or work product protection "indicates that its definition[s]" are "grossly over-inclusive," SM Rep. at 6; and

- Essentia's revised privilege log "show[ed] that most of the documents for which Essentia asserts a peer review/quality assurance privilege are not related to the committees the Court has found to qualify for the protection," SM Rep. at 9.

Thus, the Special Master's recommendations "would require no more than the Court has already directed Essentia to do, although the Special Master recognizes it will take some time for Essentia to legitimately complete this task." SM Rep. at 10.

3

It is time for this case to proceed in discovery on the merits – and not be stuck in another six-month cycle of Essentia providing window-dressing to its privilege logs and then Plaintiffs having to further brief Essentia's repeated deficiencies. Essentia has accomplished a three-year delay at great expense to Plaintiffs and the Class – both in attorney resources and lack of justice for patients who received medications (including chemotherapy) that were not properly stored. Accordingly, Plaintiffs request that this Court find that Essentia has waived its assertions of privilege, order Essentia to produce all withheld documents given the three years of unjustified delay and inexcusable conduct,[1] and award Plaintiffs their fees and costs in responding to Essentia's repeated and groundless privilege assertions.

## II.    ARGUMENT

### A. This Court should order Essentia to produce documents withheld on the basis of the physician-patient privilege where the Special Master found that"[i]n all but a very few instances," the documents "do not contain any identifying information about individual patients."

As noted in Plaintiffs' Motion To Compel Essentia Health's And Innovis Health, LLC's Production Of Documents Withheld As Privileged ("Mot. to Compel") (ECF 161) – *filed two and a half years ago after eight months of protracted motion practice*:

> medical information, including protected health information (PHI), may be confidentially produced pursuant to the HIPAA-compliant protective order in this case. ECF No. 45 (protective order); ECF No. 122 (Court's order finding that protective order meets the requirements of HIPAA and permits the disclosure of PHI).

Mot. to Compel, at 26. Despite this Court's Orders and the Special Master's finding that "[i]n all

---

[1] *NLRB v. Npc Int'l, Inc.*, No. 13-0010, 2017 U.S. Dist. LEXIS 23138, at *25 (W.D. Tenn. Feb. 16, 2017) ("When a party supplies an inadequate privilege log . . . [t]he court can (1) provide the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) conduct an in camera inspection of the withheld documents; or (4) conduct an in camera inspection of a subset of the withheld documents. . . . Courts have generally found that waiver is appropriate where 'unjustified delay, inexcusable conduct, or bad faith are present.'") (internal quotations and citations omitted).

4

but a very few instances, these documents [withheld on the basis of the physician-patient privilege] do not contain any identifying information about individual patients," SM Report at 3, Essentia now proposes an overly complicated production plan and overly expansive redaction plan.[2]

First, all documents withheld on the basis of physician-patient privilege should be produced. The Special Master found that the vast majority of the documents "do not contain any identifying information about individual patients." SM Report at 3. The few that do can be produced under the governing qualified protective order. *Id.*

Second, all family relationships among the documents should be maintained. The Special Master's order does not dispense with the ESI Order with respect to maintenance of families for production as Essentia contends. Essentia Resp. at 5. *See* Order Governing Discovery of Electronically Stored Information (ECF 46), App. A, p. 10 ("Attachments, enclosures, and/or exhibits to any parent documents should also be produced and proximately linked to the respective parent documents containing the attachments, enclosures, and/or exhibits."); p. 15 ("Parent and child documents. Attachments, enclosures, and/or exhibits to any parent documents should also be produced sequentially after the respective parent documents containing the attachments, enclosures, and/or exhibits."). Having Essentia decouple parent documents from their attachments for production makes little sense and will remove important and relevant information. For example, removing a cover email identifying the date sent, sender, and recipient from an attachment will remove important context, such as, for example, when Essentia learned or shared information and with whom Essentia shared such information.

---

[2] Since 2021, Plaintiffs "have had a longstanding offer to confer with Essentia regarding the use of anonymous identifiers in lieu of PHI." Mot. to Compel at 26. Nonetheless, Essentia did not confer with Plaintiffs before its newest proposal. While such a conference is preferred, Plaintiffs request that this Court bring this years-long obstruction by Essentia to the production of plainly relevant documents to an end.

Courts and e-discovery experts uniformly recognize that parent and child, or family, relationships between documents should be maintained. *See, e.g., Najarian Holdings LLC v. Corevest Am. Fin. Lender LLC*, No. 20-cv-00799, 2021 U.S. Dist. LEXIS 144196, *2–3 (N.D. Cal. Aug. 2, 2021) (ordering the plaintiff to "re-produce all e-mail communications and all attachments thereto, and they must do so as families—i.e., with the attachments following the e-mails so that defendant can ascertain which e-mail a particular document was attached to" because "it is not unreasonable to expect production of emails and attachments in such a way as to identify which attachments correspond to which email messages."); Mathai, "What Are eDiscovery File Families? And Should I Be Protecting Them?" Goldfynch (Sept. 4, 2019) ( "File families are groups of associated files. And splitting up these 'families' can spoil your eDiscovery data."), available at https://goldfynch.com/blog/2019/09/04/what-are-ediscovery-file-families-and-should-i-be-protecting-them.html (last accessed July 29, 2024).

Third, for those "few instances" where documents contain "identifying information about individual patients," SM Rep. at 3, any redactions (if permitted at all) should be limited to information "that identifies the individual" or "with respect to which there is a reasonable basis to believe the information can be used to identify the individual." *See* 45 C.F.R. 160.103 (excerpt of HIPAA definition of "individually identifiable health information"). However, it should not include clearly relevant information that ties directly to the allegations in this case.

| Essentia's Proposed Redaction | Plaintiffs' Position | Basis for Plaintiffs' Objection |
| --- | --- | --- |
| Patient Name | Agreed, unless it is one of the Plaintiffs' names | N/A |
| Patient Address | Agreed | N/A |

| Essentia's Proposed Redaction | Plaintiffs' Position | Basis for Plaintiffs' Objection |
|---|---|---|
| Day and month of service | Objection | The day and month of service is directly relevant to whether the medications delivered to the patient were affected by the temperature excursion or what Essentia was communicating to patients or their providers at particular points in time. |
| Medical Record Numbers | Objection, in part | Plaintiff has no objection to the redaction of medical record numbers so long as they are replaced by a unique identifier for that medical record such that communications about or in a particular medical record can be tied together. |
| "Any other unique identifying number, characteristic, or code" | Objection | Only unique and defined codes tied to a person's identity (social security number or birthdate) should be redacted. For example, procedure codes (CPT) and medication codes (NDC)[3] should not be redacted.<br><br>Essentia should not be able to unilaterally determine whether a number, characteristic, or code may be redacted without Plaintiffs' agreement or this Court's approval. |

In sum, all documents withheld by Essentia on the basis of physician-patient privilege should be produced in the form required by the Order Governing Discovery of Electronically Stored Information with narrow redactions limited to patient name, address, birthdate, social security number, and medical record number (with the medical record number replaced by a unique identifier for that patient).

### B. The Special Master found that Essentia's communications with third party public relations consultants are not privileged, and thus should be produced.

The Special Master found "that Essentia has failed to prove its entitlement to attorney-

---

[3] https://www.ama-assn.org/practice-management/cpt/cpt-overview-and-code-approval (last accessed July 29, 2024); https://www.fda.gov/drugs/drug-approvals-and-databases/national-drug-code-directory (last accessed July 29, 2024).

client privilege for any of the communications between the public relations consultants and Essentia employees, including LRS Department employees." SM Rep. at 5. Plaintiffs request that the Court order that all communications between public relations consultants and Essentia employees be produced, regardless of the privilege log on which they appear.

**C. Essentia should be deemed to have waived the attorney-client privilege and work product protection where its definitions of the protections were "grossly over-inclusive."**

The Special Master found that "the number and type of documents withheld by Essentia" under a claim of attorney-client privilege or work product protection "indicates that its definition[s]" are "grossly over-inclusive." SM Rep. at 6 (referring to Essentia's definition of work product protection as "grossly over-inclusive" and stating "[t]he same holds true for attorney-client privilege."). This Court has already ordered Essentia to pare down its logs and provide more detail to justify privilege. Essentia has repeatedly failed to do so. *See* Order Regarding In Camera Review (ECF 225), at fn. 1 (detailing the history dating back to an August 2, 2021 Order). This Court should not reward Essentia with additional time for delay and obfuscation. As requested in their January 24, 2022 Motion to Compel (ECF 160), Plaintiffs renew their request that the Court order the production of the withheld documents and award Plaintiffs their fees and costs incurred with respect to Essentia's repeated privilege assertions.

**D. This Court should order Essentia to produce documents withheld on the basis of the peer review/quality assurance privilege where the Special Master found that "most of the documents" "are not related to the committees the Court has found to qualify for the protection."**

As a result of this Court's October 3, 2023 Order (ECF 242), Essentia withdrew its assertion of the privilege from more than 7,000 documents and maintained it as to 665 documents. Essentia Resp. at 6. The Special Master requested that Essentia revise its privilege log to identify the committees for the documents for which it maintained the privilege, and then found that

8

Essentia's revised privilege log "show[ed] that most of the documents for which Essentia asserts a peer review/quality assurance privilege are not related to the committees the Court has found to qualify for the protection." SM Rep. at 9. The Special Master thus recommended that Essentia be required to revise its privilege log again, and produce to Plaintiffs any documents "that are not attributable to one of the four peer review committees approved by the Court." *Id.* at 10.

Like with the other privilege assertions, this Court should not reward Essentia with additional time for delay and obfuscation. Plaintiffs understand that the Special Master's recommendation was based on the fact that this was her first report. However, this report comes after three years of motion practice and court orders on these very same topics with multiple opportunities for Essentia to revise its logs and revisit its positions. To that end, the Special Master recognized her recommendation was to require Essentia to do "***no more than the Court has already directed Essentia to do***, although the Special Master recognizes it will take some time for Essentia to legitimately complete this task." SM Rep. at 10 (emphasis added). The fact that the Special Master found, after three years, that Essentia is still grossly overinclusive in its designations – and that Essentia had already been instructed by this Court to fix each of the issues addressed in her report – demonstrates Essentia's bad faith. As requested in their January 24, 2022 Motion to Compel, Plaintiffs renew their request that the Court order the production of the withheld documents and award Plaintiffs their fees and costs incurred with respect to Essentia's repeated privilege assertions.

## III.   CONCLUSION

Plaintiffs respectfully request that the Court order as follows:

(1) all documents withheld by Essentia on the basis of physician-patient privilege should be produced in the form required by the Order Governing Discovery of Electronically Stored Information with narrow redactions limited to patient name, address, birthdate, social security number, and medical record number (with the medical record number replaced by a unique identifier for that patient);

(2) all communications between public relations consultants and Essentia employees should be produced, regardless of the privilege log on which they appear;

(3) Essentia waived the attorney-client privilege and work product doctrine, and all documents withheld on those bases should be produced; and

(4) all documents withheld by Essentia on the basis of the peer review/quality assurance privilege should be produced.

Plaintiffs request that the Court order that the productions be made within 14 days.

Finally, Plaintiffs request that this Court provisionally award Plaintiffs their attorneys' fees and costs incurred over the last three years relating to Essentia's privilege assertions, grant Plaintiffs leave to file a detailed showing of the time and expense incurred relating to Essentia's privilege assertions within 14 days, and grant such other and further relief as this Court deems appropriate.

Dated: July 31, 2024                    Respectfully Submitted,


/s/ *Elizabeth A. Fegan*

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

10

Michael von Klemperer
FEGAN SCOTT LLC
1763 Columbia Rd. NW, Suite 100
Washington, D.C. 20009
Ph: 202.921.0002
Fax: 312.264.0100
mike@feganscott.com

Scott Haider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
scott@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD &
WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

Counsel for Plaintiffs

11

**CERTIFICATE OF SERVICE**

I, Elizabeth A. Fegan, an attorney, caused the foregoing pleading to be filed on July 31, 2024 via the Court's ECF system, which will serve all counsel of record.


Dated: July 31, 2024

/s/ *Elizabeth A. Fegan*

12