IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jessica Kraft, et al, ) | |
| ) | |
| Plaintiffs, ) | Case No. 3:20-cv-121 |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Essentia Health, et al, ) | |
| ) | |
| Defendants. ) | |

In this putative class action, which alleges defendants' improper storage of certain pharmaceuticals and administration of those pharmaceuticals, the parties have had recurring disputes about application of various privileges. With the parties' agreement, the court appointed a special master to review the vast number of documents involved in the disputes and to make recommendations to this court as to whether defendants met their burden of establishing their claims of privilege.[1] (Doc. 242).

The Special Master filed her Report and Recommendation on July 10, 2024, (Doc. 255), and the parties filed their respective responses on July 24, 2024, and July 31, 2024. (Doc. 260; Doc. 262). The court conducted status conferences with counsel on September 13, 2024, and October 4, 2024, during which the parties discussed actions taken since filing of the Special Master's Report and Recommendation.

The Special Master made the following recommendations:

> Due to the overwhelming size of Essentia's privilege log and the demonstrated overinclusiveness of its claims of privilege, **IT IS RECOMMENDED** that Essentia be required to submit a new privilege log that eliminates the overinclusive listing in all categories. This would require

---

[1] The history of the privilege disputes is detailed in earlier documents, including the October 3, 2023 order. (Doc. 242).

no more than the Court has already directed Essentia to do, although the Special Master recognizes it will take some time for Essentia to legitimately complete this task. While this recommendation applies to every type of privilege claimed by Essentia, **IT IS RECOMMENDED** in particular that Essentia be required to eliminate all peer review/quality assurance privilege claims that are not attributable to one of the four peer review committees approved by the Court. Further, Essentia should be required to clarify that it no longer claims a privilege for documents relating to the Subcommittee of Patient Relations and Risk Management.

**IT IS FURTHER RECOMMENDED** that to the extent Essentia no longer claims a privilege to documents previously listed on its log, Essentia be required to produce those documents to the plaintiffs.

Once Plaintiffs have had an opportunity to review the produced documents and review the revised privilege log, **IT IS FURTHER RECOMMENDED** that plaintiffs be required to advise Essentia to what extent they still challenge Essentia's claims of privilege. If the parties are unable in good faith to resolve the privilege issues at that point, plaintiffs should so advise the Court. At that point a determination can be made whether further *in camera* review by the Special Master is necessary.

(Doc. 255, pp. 10-11).

Though not included as a formal recommendation, the Special Master concluded communications between Essentia and third-party public relations consultants are not entitled to attorney-client privilege or work product protection. Id. at 6.

In response to the Special Master's Report and Recommendation, Essentia advised that, in response to the court's October 3, 2023 order, it had (1) revised and served a Supplemental Privilege Log on January 5, 2024, which reduced the number of documents over which it asserted privilege from 9,105 to 5,485; and (2) produced more than 3,600 documents over which it had previously claimed privilege. (Doc. 260, p. 2). Further, Essentia advised it had served another revised Supplemental Privilege Log on March 1, 2024, to include specific references to the peer review committees it asserted gave rise to privilege. Id. at 3. In summary, Essentia described the 5,485 documents

remaining on its Supplemental Privilege Log as including 665 over which it asserted a peer review privilege and 2,477 over which it asserted a medical-patient privilege, with the medical-patient privilege being the sole privilege asserted over 1,924 documents. Id.

Essentia's response to the Special Master's Report and Recommendation stated it would produce communications with third-party consultants. It stated it would "further narrow and tailor its privilege log" regarding asserted work product and attorney-client privileges." Id. at 6. Essentia further stated it would "undertake additional review of the documents for which the peer review/quality assurance privilege was maintained" to confirm assertion of that privilege is limited to one of the four peer review committees recognized in the October 3 order. Id. at 7.

As to the medical-patient privilege, in its response to the Special Master's Report and Recommendation, Essentia raised an issue regarding separation of document families:

> Essentia interprets the Special Master's report and Recommendation as dispensation with the ESI [Electronically Stored Information] Order with respect to maintenance of families for production. Accordingly, Essentia intends to separate families for production and produce to Plaintiffs those documents that do not contain protected health information on their face, regardless of their relationship with documents that do, unless they are otherwise privileged. Essentia further proposes that for the remaining documents for which it has asserted only the medical-patient privilege it will produce redacted versions, to the extent redactions are reasonably feasible, with redactions for the following individually identifiable information: patient name, patient address, day and month of service, medical record numbers, and any other unique identifying number, characteristic or code. The intended effect of this approach is to de-identify the documents at issue prior to production.

Id. at 5.

Reacting to Essentia's response, plaintiffs requested the court find Essentia has waived all asserted privileges and award plaintiffs fees and costs in responding to

3

Essentia's "repeated and groundless privilege assertions." (Doc. 262, p. 4). Plaintiffs describe Essentia's plan regarding the medical-patient privilege as overly complicated and an overly expansive redaction plan. Plaintiffs contend that family relationships among documents must be maintained and argue the Special Master's Report and Recommendation does not dispense with the ESI order. Id. at 5.

As further support for their request for an order for production of all withheld documents and an award of fees and costs, plaintiffs point to the Special Master's characterization of Essentia's work product and attorney-client privileges as "grossly over-inclusive" and to the Special Master's observation that her recommendations would require nothing more than what this court has already ordered. Id. at 8-9.

During the September 13 status conference, Essentia's counsel described a plan for rolling production of documents and stated Essentia expected to complete that production by November 27, 2024, the established deadline for substantial completion of document production. Plaintiffs' counsel expressed concerns about the volume of documents to be produced, Essentia's plans for redactions, and Essentia's plans for decoupling of document families.

During the October 4 status conference, the parties advised they had resolved the dispute regarding decoupling of document families. Essentia confirmed it will not decouple documents and will preserve parent-child relationships among documents going forward. Essentia advised it had produced approximately 2100 additional documents and that most of the documents still under review were those over which Essentia has claimed attorney-client and/or work product privilege. The parties agree the extent of the special master's further involvement in privilege review cannot yet be determined.

The parties continue to disagree regarding extent of redaction of individually identifying information from patient records. The court directed submission of briefs addressing those issues.

The court finds, as the Special Master concluded, communications between Essentia and third-party public relations consultants are not entitled to attorney-client privilege or work product protection.

The court will not yet address plaintiffs' request that Essentia be found to have waived all asserted privileges or plaintiffs' request that Essentia be ordered to pay plaintiffs' fees and costs in responding to Essentia's privilege assertions.

**IT IS SO ORDERED**.

Dated this 7th day of October, 2024.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge