## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S and W.S.; ANNE BAILEY, as parent of minor D.B.; AMY LAVELLE, as parent of minors Em.L. and El.L; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F  and C.J.F.; JENNIFER REIN, individually; and JESSICA BERG, as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:20-CV-00121-PDW-ARS<br><br>Hon. Peter D. Welte<br><br>Mag. Alice R. Senechal<br><br><br>JURY TRIAL DEMANDED |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) |  |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, | ) ) ) ) ) ) ) |  |
| Defendants. | ) |  |

## PLAINTIFFS' SUPPLEMENTAL BRIEFING
## REQUESTED BY OCTOBER 4, 2024 ORDER

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................... 1

II.    PROCEDURAL BACKGROUND........................................................................ 2

III.   ARGUMENT .................................................................................................. 2

       A.    Standard ........................................................................................... 2

       B.    Dates of Service are relevant to the claims and defenses concerning time/temperature-sensitive medications.................................................. 3

       C.    Medical record numbers are relevant to Plaintiff's claims and there is no burden to their production.................................................................. 6

       D.    HIPAA permits the disclosure of PHI during judicial proceedings under a protective order. ................................................................................. 8

IV.   CONCLUSION................................................................................................ 9

## I.    INTRODUCTION

Defendants are producing relevant medical records, but propose to redact the dates of service and medical record numbers ("MRNs") claiming they constitute protected health information ("PHI") protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA"). This Court should reject redactions of dates of service or MRNs.

First, dates of service are relevant to claims and defenses in this litigation, which concern time- and temperature-sensitive pharmaceutical products that were exposed to temperatures outside the proper range. *See, e.g.,* Second Class Action Amended Compl. (ECF 119), ¶¶ 1-2. Just by way of example, dates of service may be relevant to whether the medications delivered to the patient were affected by the temperature excursion and may be connected to when Essentia knew or should have known of the temperature excursions as well as the representations that Essentia made to patients or their providers at particular points in time regarding the medications and service. Importantly, when asked by the Court whether Essentia would waive any time-based defenses, Essentia's counsel said it would not – thus conceding the relevance of this information.

Similarly, MRNs are relevant to claims and defenses in this litigation. Just by way of example, MRNs may be used to tie all affected medications and services any one particular class member received, such as a flu vaccine in the fall and a chemotherapy drug in the spring, with the billing records for that patient.

Third, Plaintiffs are merely requesting unredacted copies of the medical records that Essentia has already agreed to produce. Accordingly, there is no burden to producing the original source documents without the redactions. Any burden incurred by Essentia because it rushed to redact the documents before the Court ruled – over Plaintiff's objections – should not result in prejudice to Plaintiffs.

Finally, HIPAA provides no basis to withhold this data. HIPAA expressly permits production of PHI in response to a court order or where a qualified protective order is in place. 45 C.F.R. § 164.512(e)(1)(i)-(ii). A court order resolves any dispute. Moreover, this Court has already concluded that the Confidentiality Order (ECF 45) in this case meets the requirements of a qualified protective order under the HIPAA regulations. *See* Order Regarding Discovery Disputes at 4–5 & n.1 (ECF No. 76). Thus, the existing Confidentiality Order is sufficient to maintain the confidentiality of PHI, including dates of service and MRNs

Accordingly, Plaintiffs respectfully request that this Court order Essentia to produce medical records without redactions of the dates of service or MRNs.

## II.    PROCEDURAL BACKGROUND

On July 10, 2024, the Special Master filed a Report and Recommendation of Special Master ("SM Report") concerning an *in camera* review of documents claimed as privileged by Defendants Essentia Health and Innovis Health, LLC d/b/a Essentia Health West (collectively, "Essentia") (ECF 255). On July 24, 2024, Essentia filed a Response to Report and Recommendation of Special Master ("Essentia Resp.") (ECF 260), suggesting a different course of action from the recommendations of the Special Master. Plaintiffs filed their response on July 31, 2024. (ECF 262). After oral argument, the Magistrate Judge entered an Order on October 7, 2024 (ECF 269), requesting additional briefing "regarding extent of redaction of individually identifying information from patient records." *Id.* at 5. Specifically, Essentia insists that dates of service and MRNs must be redacted from the medical records it is producing because the information constitutes PHI protected under HIPAA. Plaintiffs have objected.

## III.    ARGUMENT

### A. Standard.

Federal Rule of Civil Procedure 26(b) allows for discovery of information that is "relevant

2

to any party's claim or defense and proportional to the needs of the case." Relevancy should be "broadly" construed at the discovery stage of litigation. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). *See also Rychner v. Cont'l Res., Inc.*, 2021 U.S. Dist. LEXIS 102175, \*5 (D.N.D. June 1, 2021) ("The scope of discovery under Rule 26(b) is extremely broad.") A party opposing discovery bears the burden of showing that a particular discovery request has no bearing on the subject matter of the litigation or is otherwise objectionable. *Mead Corp. v. Riverwood Nat. Res. Corp.*, 145 F.R.D. 512, 515 (D. Minn.1992).

The party opposing disclosure "has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Rychner*, 2021 U.S. Dist. LEXIS 102175, \*6 (citations omitted). "The party must demonstrate that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosures." *Id.* (internal quotations omitted). "Relevancy in this context 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case.'" *Id.* (quoting *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo 2014)).

**B. Dates of Service are relevant to the claims and defenses concerning time/temperature-sensitive medications.**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). *See also Helmick v. BNSF Ry. Co.*, 2024 U.S. Dist. LEXIS 110951, \*3 (D.N.D. June 24, 2024) (same). Essentia knows and readily has available the dates that class members received time- and temperature-sensitive medications

3

during the class period. These dates of service may be relevant to whether the time- and temperature-sensitive medications delivered to the patient were affected by the temperature excursion. Importantly, Defendant has not conceded in this litigation that all of the medications were affected such that Class members should receive a refund.

Dates of service may also be relevant to, *inter alia,* the juxtaposition of the dates class members received medications versus when Essentia knew or should have known of the temperature excursions as well as the representations that Essentia made to patients or their providers at particular points in time regarding the medications and service. It is fundamental that timelines and chronologies are a standard way of presenting information to juries.[1] Presenting information to Plaintiffs – or this Court – without dates makes little sense.

While Defendant argues that it may be difficult to compare the date and time information to other data sets, it does not dispute that dates and times are relevant to the parties' claims and defenses. In fact, at the October 4, 2024 hearing, in response to a direct question from the Court, Defendant asserted that it would not waive any defenses that it may have, including but not limited to those based on dates of service – thus conceding the relevance of this information. **Ex. A**, Oct. 4, 2024 Hr'g Tr. at 13:12-19 (The Court: "Mr. Riddle, can you respond as to the time-based defense question?" Essentia Counsel: "Essentia preserves all rights to raise any defense applicable and available to it in this lawsuit . . . ."). Defendant's tactics echo those found to be inappropriate in

---

[1] *See Berkley Ins. Co. v. Suffolk Constr. Co.,* 2023 U.S. Dist. LEXIS 192844, *14 (S.D. Fla. Oct. 23, 2023) ("… Federal courts in Florida routinely allow factual timeline demonstratives for use at trial."). *See also* "Enhance Comprehension with Timelines," The Huseby Journal (March 6, 2024) (Timelines "place all of the detailed evidence and events surrounding your case into a logical order, and facilitate comprehension for the Judge or jury."), available at https://www.huseby.com/blog/2024/enhance-comprehension-with-timelines (last accessed Oct. 9, 2024).

4

countless "sword-and-shield" cases.[2] Defendant cannot have it both ways – both refusing to produce plainly relevant information and also maintaining its right to assert defenses that may be based on this information. *See, e.g., Batchelor v. Geico Cas. Co.*, 2016 U.S. Dist. LEXIS 85326, *3 (M.D. Fla. June 30, 2016) (ordering a retrial and deeming defense counsel's actions "litigation misconduct" where it withheld and redacted documents during discovery, only to rely on them at trial).

Finally, Defendant has not claimed that it would be burdensome to produce dates of service. Rather it rushed to redact the information before this Court could rule, and now claims it would be burdensome to produce the unredacted documents. Like all of the discovery gamesmanship in this case, any burden here is of Defendants' own making – the redactions themselves. *Reed v. Envirotech Remediation Servs.*, 2010 U.S. Dist. LEXIS 147726, *8 (D. Minn. July 20, 2010) ("redaction is an expensive procedure, and if the plaintiffs have any doubts about the redactions, it may cause more motion practice. Redactions can only increase the burden associated with responding to" discovery.)

Despite the plain relevance of the information and lack of burden to producing original documents, Defendant argues that its (and Dakota Pharmacy's) record-keeping was so messy that Plaintiffs will not be able to connect the medications that class members received on particular

---

[2] *See, e.g., Nat'l Coal. on Black Civic Participation v. Wohl*, 2023 U.S. Dist. LEXIS 181622, *5 (S.D.N.Y. Oct. 5, 2023) ("The Fifth Amendment cannot be used as both a shield and a sword. The Federal Rules' liberal discovery regime would be frustrated if parties could strategically invoke constitutional privileges to deprive opponents of information, and then turn around and testify on the same subjects at a civil trial. See generally Fed. R. Civ. P. 26; 30; 33."); *Rieser v. Clayton (In re Equity Land Title Agency, Inc.)*, 326 B.R. 427, 433–34 (Bankr. S.D. Ohio 2005) ("parties cannot avail themselves of the shield of the Fifth Amendment and having refused to respond to proper discovery requests, collapse, at moments of their choosing, that shield into a sword to be used to attempt to stab holes in the opponent's case"); *United States v. Duke Energy Corp.*, 208 F.R.D. 553, 558 (M.D.N.C. 2002) ("A party may not use a privilege (or work product) as a shield during discovery and then hammer it into a sword for use at the trial.") (citation omitted).

dates with the dates of temperature excursions. What Plaintiffs and their experts can do with such information, or the inferences that can be drawn, is not for Defendant to decide. Moreover, poor record-keeping is not a basis on which to withhold relevant information. Rather, just the opposite – allowing Defendant to withhold information because of poor recordkeeping incentivizes the conduct. *See, e.g., Sasikumar v. Brooklyn Hosp. Ctr.,* 2011 U.S. Dist. LEXIS 46768, *12 (E.D.N.Y. April 29, 2011) ("It would be unfair to allow [defendant] to derive a benefit from its poor recordkeeping, especially given that it has not submitted any competent evidence to substantiate the burden that production would impose on it. *Cent. Ill. Carpenters Health & Welfare Tr. Fund v. Struben*, No. 05-1094, 2009 U. S. Dist. LEXIS 14234, *28 (C.D. Ill. Feb. 24, 2009) ("[A]n employer cannot escape liability 'by hiding behind his failure to keep records as statutorily required.'") (quoting *Brick Masons Pension Tr. v. Indus. Fence & Supply Inc.*, 839 F.2d 1333, 1338 (9th Cir. 1988)). And any argument about the purported usefulness of the data goes to weight not relevance. *See, e.g.*, *Bartis v. Biomet, Inc.*, No. 4:13-CV-00657-JAR, 2021 U.S. Dist. LEXIS 97376, at *7 (E.D. Mo. May 24, 2021) (finding data relevant and discoverable after rejecting arguments about its utility and reliability, as these arguments "clearly go[] to admissibility and weight, not discoverability").

### C. Medical record numbers are relevant to Plaintiff's claims and there is no burden to their production.

"A medical record number (MRN) is a unique identifier assigned to a patient in an electronic health record (EHR), practice management, or healthcare IT system."[3] An MRN is important because it "serves as a reference point for all o[f] the patient's medical records. MRNs

---

[3] https://www.tempdev.com/glossary/what-is-a-medical-record-number-mrn (last accessed Oct. 10, 2024).

are used to access and update the patient's health information across multiple visits and interactions with the healthcare system."[4] "Patients can find their Medical Record Number on items such as discharge instructions, billing statements, care notes, and other documents generated by their practice or hospital."[5]

Here, MRNs may be used to tie all affected medications and services any one particular class member received, such as a flu vaccine in the fall and a chemotherapy drug in the spring, with the billing records for that patient. Otherwise, Defendant is producing multiple pieces of disparate information from which Plaintiff cannot tell the story of, or economic impact to, any particular class member.

Plaintiffs have suggested, as is done in other cases, that MRNs could be replaced with unique identifiers for this litigation that permit Plaintiffs to track a particular patient's or guarantor's documents – including health and payment records – throughout the record. "Health information, once de-identified, no longer meets the standard of individually identifiable health information subject to HIPAA's protection." *Chi. Sun-Times v. Cook Cnty. Health & Hosps. Sys.*, 215 N.E.3d 963, 970 (Ill. 2022) (citing 45 CFR § 164.514(a) ("Health information that does not identify an individual and with respect to which there is no reasonable basis to believe that the information can be used to identify an individual is not individually identifiable health information.")). *See also* Order Regarding Discovery Disputes at 5 (ECF No. 76) ("the governing regulations allow for use and disclosure of 'de-identified' PHI"). Defendant has rejected this compromise. But Defendant cannot both refuse to provide MRNs *and* refuse to replace them with

---

[4] *Id.*

[5] https://www.tempdev.com/blog/2024/02/15/understanding-importance-mrn-healthcare (last accessed Oct. 10, 2024).

a litigation-specific tracking mechanism and thereby deny Plaintiffs any ability to cross-reference data and documents on a class-member by class-member basis.

### D. HIPAA permits the disclosure of PHI during judicial proceedings under a protective order.

Dates of service and MRNs may constitute PHI if "there is a reasonable basis to believe the information can be used to identify the individual." *See* 45 C.F.R. 160.103 (excerpt of HIPAA definition of "individually identifiable health information"). There is no basis on which to assert that dates of service or MRNs could be used here to identify class members in this case. But this Court need not resolve this issue, because HIPAA permits the production of PHI (i) "In response to an order of a court," or (ii) "In response to a subpoena, discovery request, or other lawful process" provided there is a "qualified protective order" in place. Order Regarding Discovery Disputes at 4–5 (ECF No. 76) (quoting 45 C.F.R. § 164.512(e)(1)).

Accordingly, an order from this Court compelling production resolves any HIPAA-based objection. But even absent an order from this Court, the data should be produced in response to Plaintiffs' discovery requests because there is a qualified protective order in place. Indeed, this Court found over three years ago that the existing Confidentiality Order (ECF No. 45) "meets all requirements of the regulation." Order Regarding Discovery Disputes at 5 & n.1 (ECF No. 76). "Essentia d[id] not dispute" that conclusion then, *id.*, and should not be heard to dispute it now.[6]

---

[6] Nor is the Court's conclusion disputable: the Confidentiality Order (ECF No. 45) plainly meets the requirements of a qualified protective order under the HIPAA regulations because (i) it prohibits the use of confidential information for any purpose other than the litigation, *compare* 45 C.F.R. § 164.512(e)(1)(v)(A) *with* Confidentiality Order, ¶ D.2, and (ii) requires the return or destruction of confidential material at the end of the litigation, *compare* 45 C.F.R. § 164.512(e)(1)(v)(B) *with* Confidentiality Order, ¶ I.2. Where it meets the requirements of the regulations, the name of the order is irrelevant. *See Est. of Price v. Turn Key Health Clinics, LLC*, No. 2:23-cv-2008, 2024 U.S. Dist. LEXIS 63366, *4 (W.D. Ark. April 5, 2024) ("While not

Thus, the existing Confidentiality Order is sufficient to maintain the confidentiality of PHI, including dates of service and MRNs.

Whether in response to a court order or Plaintiffs' discovery requests, Essentia has no basis to withhold or redact them on the basis of HIPAA. *Unitedhealth Group v. Columbia Cas. Co.*, No. 05-1289 (PJS/SRN), 2010 U.S. Dist. LEXIS 158457, *24 (D. Minn. Dec. 14, 2010) ("Redaction of any responsive confidential/highly confidential documents will not be necessary, as the protective order will provide protection against the disclosure of this information.").

\* \* \*

In sum, dates of service and MRNs are plainly relevant to the claims and defense in this litigation, the production of original documents without redactions would not be burdensome, and the existing Confidentiality Order protects PHI. This Court should order Defendants to include dates of service and MRNs in its production of medical records and any other documents or data in which they appear.

### IV.    CONCLUSION

For the reasons set forth above and in their July 31, 2024 response to the Special Master's Order (ECF 262), Plaintiffs respectfully request that this Court order Defendants to produce medical records without redactions of dates of service or medical record numbers and such other an further relief as this Court deems appropriate.

---

a HIPAA protective order in name, the protective order entered here meets the requirements of a qualified protective order under the HIPAA regulations.").

9

Dated: October 11, 2024

Respectfully Submitted,

/s/ Elizabeth A. Fegan
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Michael von Klemperer
FEGAN SCOTT LLC
1763 Columbia Rd. NW, Suite 100
Washington, D.C. 20009
Ph: 202.921.0002
Fax: 312.264.0100
mike@feganscott.com

Scott Haider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
Fax: 701-235-1107
scott@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD &
WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Counsel for Plaintiffs*

10

## CERTIFICATE OF SERVICE

I, Elizabeth A. Fegan, an attorney, caused the foregoing pleading to be filed on October 11, 2024 via the Court's ECF system, which will serve all counsel of record.

Dated: October 11, 2024

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan

11