## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jessica Kraft, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-121 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Essentia Health, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This is the fourteenth order addressing the parties' various discovery disputes.[1] The current dispute involves redaction of certain information from patients' medical records.

In a putative class action, plaintiffs allege defendants Essentia Health and Innovis Health, LLC, doing business as Essentia Health (hereafter, collectively Essentia) improperly stored certain injectable pharmaceuticals and administered pharmaceuticals that had been stored improperly. With the parties' agreement, the court appointed a special master to review the vast number of documents involved in various privilege disputes and to make recommendations to this court as to whether defendants met their burden of establishing their privilege claims.[2] (Doc. 242). The Special Master filed her Report and Recommendation, (Doc. 255), the parties filed their respective responses, (Doc. 260; Doc. 262), and the court conducted two status conferences during which counsel discussed actions taken since the Special Master filed her Report and Recommendation.

---

[1] (See Docs. 76, 79, 121, 122, 129, 166, 173, 181, 214, 219, 225, 242, 269).

[2] The history of the privilege disputes is detailed in earlier documents, including an October 3, 2023 order. (See Doc. 242).

Essentia had claimed a physician-patient privilege over 2,477 documents; of the 2,477 documents, Essentia claimed only the physician-patient privilege over 1,924 documents. (Doc. 260, p. 3). The Special Master found Essentia had been overly inclusive in asserting the physician-patient privilege:

> Many of the documents listed by Essentia as privileged patient records are emails between Essentia employees, often with attached screenshots, about billing/coding questions concerning patients involved in the temperature excursion. In all but a very few instances, these documents do not contain any identifying information about individual patients. The few documents that contain patient names, photos, and/or patient numbers do qualify as privileged, although as Magistrate Judge Senechal has already indicated, such documents may be subject to disclosure under the governing qualified protective order. Even if not subject to disclosure under the qualified protective order, those documents without photos may be subject to production in redacted form with no identifying information.
>
> Essentia's approach in claiming privilege seems to be that any document referring to one or more patients, even anonymously or collectively, is protected patient information. Often the claim of patient privilege is combined with a claim of work product and quality assurance. In nearly every instance, none of the three privileges applies to the documents in question. Essentia should be required to pare down its claim of physician-patient privilege/patient identifying information to only those documents that include information identifying a particular patient.

(Doc. 255, pp. 3-4).

In response to the Special Master's Recommendations, Essentia proposed to produce redacted versions of documents over which it has asserted only the physician-patient privilege[3] "to the extent redactions are reasonably feasible, with redactions for the following individually identifiable information: patient name, patient address, day and month of service, medical record numbers [MRNs], and any other unique identifying number, characteristic or code." (Doc. 260, p. 5). Essentia described the

---

[3] Essentia refers to the privilege as the "medical-patient privilege." Though recognizing the privilege may involve medical providers who are not physicians, the court refers to "physician-patient privilege" throughout this order.

intended effect of that approach as de-identification of documents prior to production. Plaintiffs agreed to redaction of names of patients who are not currently parties to the case and to redaction of patient addresses. (Doc. 262, p. 6).

During an October 4 status conference, the parties advised they had resolved some of their disputes but continued to disagree regarding redaction of MRNs and dates of service from patient records that Essentia agreed to produce. As to redaction of MRNs, plaintiffs agreed to redaction "so long as they are replaced by a unique identifier . . . such that communications about or in a particular medical record can be tied together." Id. at 7.

The court directed submission of briefs addressing those issues and has now thoroughly considered the briefs, the parties' responses to the Special Master's Report and Recommendation, and arguments of counsel during the status conferences.

## Law and Discussion

Federal Rule of Civil Procedure 26(b) defines the scope of discoverable information as that which is "relevant to any party's claim or defense and proportional to the needs of the case." As Essentia acknowledges, "A discovery request is relevant unless the information sought can have no possible bearing on the claims or defenses of the case." (Doc. 276, p. 4) (citing Lynch v Experian Info. Sols., Inc., 569 F. Supp. 3d 959, 963 (D. Minn. 2021)). Rule 26(b) outlines factors the court is to consider in determining proportionality: importance of the issues at stake, amount in controversy, parties' relative access to relevant information, parties' resources, importance of the discovery in resolving the issues, and "whether the burden or expense of the proposed discovery outweighs its likely benefit."

After the party seeking discovery makes a threshold showing of relevance, the burden shifts to the party resisting discovery "to establish the requested information falls outside 'the broad scope of relevance.'" Beganovic v. Tyson Fresh Meats, Inc., No. 22-CV-2052-LTS-KEM, 2023 WL 9503379, at *4 (N.D. Iowa May 12, 2023) (citation omitted). Plaintiffs assert both dates of service and MRNs are relevant to their claims and to their responses to Essentia's defenses. If plaintiffs have made a threshold showing of relevance, Essentia bears the burden of demonstrating production of the patient records without redaction of dates of service and MRNs is not within the scope of Rule 26(b).

Essentia contends dates of service information would "not serve to achieve Plaintiffs' intended purpose any more than the information already produced in discovery does." (Doc. 276, p. 5). As to redaction of MRNs, Essentia asserts burdensomeness and lack of proportionality.

### HIPAA Qualified Protective Order

Early in this litigation, the court entered a Confidentiality Order, (Doc. 45), which meets requirements of a qualified protective order under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §§ 1320d to 1320d-9, (Doc. 76). Essentia does not argue that the Confidentiality Order does not meet HIPPA requirements or that the Confidentiality Order would not permit disclosure of dates of service and MRNs. Rather, Essentia's opposition to production of unredacted dates of service and substitute or unredacted MRNs focuses on relevance, burdensomeness, and proportionality. Essentia also contends the Confidentiality Order does not mandate disclosure of patient information, but plaintiffs do not argue disclosure is mandated under the Confidentiality Order.

4

The Confidentiality Order is a HIPAA Qualified Order. It permits, but does not require, Essentia to disclose protected health information (PHI) of potential class members. The Confidentiality Order is sufficient to maintain confidentiality of potential class members' PHI, including their MRNs and the dates they received service from Essentia.

### Dates of Service

The primary dispute concerning redaction of dates of service is whether that information is relevant to any claims or defenses. Plaintiffs contend,

> Just by way of example, dates of service may be relevant to whether the medications delivered to the patient were affected by the temperature excursion and may be connected to when Essentia knew or should have known of the temperature excursion as well as the representations that Essentia made to patients or their providers at particular points in time regarding the medications and service.

(Doc. 274, p. 3). Since Essentia has agreed to produce the records over which it claimed only physician-patient privilege, plaintiffs argue there is no burden to Essentia in producing those records without redactions.

Plaintiffs further assert the dates of service could be used to create timelines and chronologies for presentation to the jury. Id. at 6. And plaintiffs characterize Essentia as "both refusing to produce plainly relevant information and also maintaining its right to assert defenses that may be based on this information."[4] Id. at 7. Finally, plaintiffs assert any burden to Essentia in producing records without redaction of dates of service is a

---

[4] During an October 4, 2024 status conference, in response to the court's question of whether Essentia would waive time-based defenses, counsel stated Essentia intended to preserve the right to raise any applicable and available defense. (Doc. 274-1, p. 14).

burden Essentia created by beginning a redaction process before the court ruled on the question. Id.

Essentia argues dates of service information will not enable plaintiffs to identify a particular medication stored at the location of the alleged temperature excursion on a particular date or at a particular temperature. To support that argument, Essentia describes that the pharmaceuticals at issue were stored by another entity—Dakota Clinic Pharmacy (DCP)—between September 2017 and February 2020 and that Essentia terminated its pharmaceutical management services agreement with DCP effective February 28, 2020. Essentia goes on to describe that it learned of the possible temperature excursion in the process of moving refrigerators from a DCP location to an Essentia location, requested temperature logs from DCP, learned the DCP temperature logs were incomplete, and produced those incomplete temperature logs to plaintiffs. Essentia argues, "Because these temperature logs were not complete, there is no way to definitively state one way or the other that any of the stored products were actually subjected to a temperature excursion." (Doc. 276, p. 6). Essentia describes having previously produced "voluminous de-identified financial data to include year of service, CPT Codes, procedure names, ICD Codes, administration, office visit, and CAM medication charges, as well as lot numbers where available, among other data, both for the population potentially impacted by the temperature excursion and those that received free revaccination."[5] Id. Essentia contends the dates of service would not contribute to discernment "that a particular patient received a particular medication or

_____

[5] In April 2020, Essentia advised patients of a potential temperature excursion and offered revaccination to patients at no charge.

vaccination stored by DCP on a particular date at a particular temperature which would constitute a temperature excursion." Id. at 7.

Plaintiffs argue DCP's "messy record-keeping" is not sufficient reason to redact dates of service and allowing redaction of dates of service would incentivize poor record-keeping. Further, plaintiffs assert they and their experts should have an opportunity to decide how dates of service information can be used and what inferences might be drawn from the information. (Doc. 274, p. 8). Essentia responds that the data plaintiffs request is not "too difficult to ascertain" but that it "does not generally exist." Id. at 9.

As to plaintiffs' assertion they could use dates of service information to prepare timelines and chronologies, Essentia characterizes that as a red herring in light of the documents Essentia has produced. Essentia argues plaintiffs ignore certain facts—the relevant time period spanning approximately two-and-one-half years and Essentia not having knowledge of the alleged temperature excursion until early 2020. (Doc. 276, p. 7). Essentia further contends dates of service are not relevant to any defenses Essentia may raise. Id. at 8.

### MRNs

Plaintiffs argue MRNs are relevant because, by way of example, MRNs may be used to link medications and services a potential class member received on various dates with that individual's billing records. Plaintiffs suggest Essentia could replace MRNs with unique identifiers that would permit plaintiffs to tie together "all affected medications and services any one particular class member received" throughout that individual's records. (Doc. 274, p. 9). If de-identified, PHI is not subject to protection under HIPAA. And without de-identification or redaction, MRN information would nonetheless be subject to the Confidentiality Order.

Essentia argues producing unredacted MRNs is "not proportional to the needs of the case in light of numerous financial spreadsheets that have already been produced that detail unique account identifiers, CPT codes, medications, vaccinations (and revaccinations), and financial data for the entire putative class." (Doc. 276, pp. 2, 12). Essentia asserts it "internally evaluated the feasibility of overlaying unique patient identifiers over class members' MRNs" and found that was not feasible across the entirety of document production. Id. at 3. Essentia describes that, having been advised use of substitute MRNs was not feasible, because of an approaching deadline for substantial completion of document production, it began redaction of dates of service and MRNs and began to produce "otherwise responsive" redacted patient records. Describing most documents including MRNs as already produced in redacted form, Essentia argues the time and expense (including an asserted psychological cost to patients) involved in requiring Essentia to now produce those documents without redaction outweighs any benefit to plaintiffs in obtaining the MRNs.

Plaintiffs argue Essentia rushed to redact the MRNs before the court ruled on the issue and the court therefore should not consider any burden Essentia argues it would incur in producing the unredacted documents. (Doc. 274, p. 7).

**Conclusion**

Essentia does not contend the Confidentiality Order would not permit disclosure of patient records without redaction of dates of service or MRNs. Plaintiffs have adequately described potential relevance of dates of service and MRNs. Essentia has not demonstrated dates of service and MRNs have no possible bearing on the claims or defenses at issue. Though the court recognizes production of unredacted records (or with substitute MRNs) will pose some burden to Essentia, Essentia was aware of

plaintiffs' objection to producing the records in redacted form soon after the Special Master filed her report. Had Essentia brought that issue to the court's attention earlier, any burden to Essentia might well have been avoided or minimized.

However, to address Essentia's asserted burdensomeness concerns, at this time the court will not require production of all unredacted documents over which Essentia claimed solely physician-patient privilege. Rather, Essentia will be required to produce **ten percent** of those documents, randomly selected, without redaction of dates of service or MRNs. That will allow plaintiffs to consult with their experts and assess how the documents might be used to prove their claims or to respond to Essentia's defenses.

The parties previously agreed document production would be substantially completed by November 27, 2024. Because of delay caused by the current dispute, the court will except Essentia's production of documents over which it had claimed solely physician-patient privilege from that deadline. Counsel are directed to confer, **within ten days** of the date of this order, to discuss a schedule for Essentia's production of the documents described above. The court will schedule another status conference with counsel to address that schedule.

The court will not yet address plaintiffs' earlier request that Essentia be found to have waived all asserted privileges or plaintiffs' request that Essentia be ordered to pay plaintiffs' fees and costs in responding to Essentia's privilege assertions.

**IT IS SO ORDERED**.

Dated this 21st day of November, 2024.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge