

EXHIBIT B





Phone:  701.258.7899
200 N 3rd St, Ste 201 | Bismarck, ND 58501
PO Box 2097 |Bismarck, ND  58502-2097
Fax: 701.258.9705
brummel@vogellaw.com

April 8, 2025

**Via Email Only**

Mike Von Klemperer                                              mike@feganscott.com
Elizabeth Fegan                                                    beth@feganscott.com
Ashali Chimata                                                  ashali@feganscott.com
Scott Haider                                          scott@schneiderlawfirm.com
J. Barton Goplerud                                           goplerud@sagwlaw.com
Brian O. Marty                                                   marty@sagwlaw.com

Re:      **Notice of Rule 30(b)(6) Deposition**
         **Our File No.:  036304.20127**

Dear Counsel:

The purpose of this letter is to address Plaintiffs' Notice of Deposition to Essentia Health Pursuant to Fed. R. Civ. P. 30(b)(6), and in follow-up to the meet and confer regarding the same, which occurred on Wednesday, April 2, 2025.  We appreciate the opportunity to discuss the scope of the anticipated Rule 30(b)(6) deposition so that Essentia may preserve objections where necessary and also determine the most appropriate designee(s) for the topics so identified.

At the outset we wish to note Essentia's objection to the defined terms, specifically including "Affected Medications," "Temperature Excursion," and "Excursion."  These terms, used throughout the deposition topics, are defined in such a way so as to assume a temperature excursion occurred impacting certain temperature sensitive pharmaceutical products.  As has been articulated throughout this litigation, Essentia makes no concessions that any of the vaccinations and/or pharmaceuticals/medications/biologics stored by DCP pursuant to the Shared Services Agreement between September 2017 and February 2020, were indeed exposed to a temperature excursion.  In an abundance of caution, patients were provided notification of a potential temperature excursion and offered revaccination at no cost.

Essentia also takes issue with some of the topics as outlined in the Notice and as asserted during the meet and confer.  Rule 30(b)(6) of the Federal Rules of Civil Procedure requires a party to describe the matters for examination with "reasonable particularity."  Essentia has concerns, as discussed at the meet and confer, with the breadth of some of the designated topics on the face of the Notice,

April 8, 2025
Page 2

including 1(a), (2), (5)-(7), (15)-(18).  Essentia seeks clarification regarding these topics and has identified the following for confirmation or reconsideration as set forth below:

- Topic 1(a):  This topic seeks to explore "any documentation" reflecting the potential temperature excursion.  This is overly broad given the potential for breadth of interpretation and volume of discovery to date.  Essentia sought clarification whether this is seeking designation regarding the temperature logs of DCP that were produced in discovery.  Our understanding from the meet and confer is that the temperature logs provided by DCP and produced in discovery at the outset of this litigation are the focus of this area of inquiry.  If any additional documents will be addressed, further description with reasonable particularity will be required.  With this caveat, Essentia will designate a witness to testify as to this topic.

- Topic 2:  This topic relates to an alleged temperature excursion separate and apart from the one at issue in this case.  Essentia continues to maintain that this is irrelevant to the claims and defenses at issue in this case.  All discovery, including Rule 30(b)(6) topics are limited in scope by the parameters of Rule 26.  As was explained in written discovery and articulated during the meet and confer, the only refrigerators at issue in this lawsuit are the DCP refrigerators that stored product at DCP pursuant to the Shared Services Agreement.  Whether and to what extent Essentia experienced internal temperature excursions prior to the potential temperature excursion at the center of this case, does not make any fact of consequence more or less probable.  In this regard, this topic is not only irrelevant but also disproportionate to the needs of the case considering the importance of the discovery in resolving the issues.  Essentia requests that Plaintiffs reconsider this topic in its entirety.

- Topics (5)-(7):  These topics seek discovery regarding regulations, recommendations, and guidance relative to storage and potential temperature excursions published by various regulatory bodies.  Respectfully, these categories are overly broad and not described with reasonable particularity.  Moreover, the topics are not well-suited for a Rule 30(b)(6) deposition because this information is publicly available.  In other words, the discovery sought is already accessible to Plaintiffs and Essentia should not be required to designate a witness for this purpose, particularly because those designated must testify both to their personal knowledge and also that which is reasonably available to the organization.  Put simply, these topics are overbroad and not proportionate to the needs of the case given the parties' relative access to the information sought.  Essentia requests that Plaintiffs reconsider these topics in their entirety.

- Topics (15)-(18):  These topics generally seek discovery regarding various discovery responses by Essentia in their entirety, including supplementation.  As mentioned, and in consideration of the volume of discovery, these topics are not described with reasonable particularity as required by Rule 30.  However, we appreciate the clarification provided during the meet and confer that the intention in designating these matters was to simply verify the previously executed responses and that they are accurate as prepared.  With this clarity, Essentia will designate a witness for such limited purpose.  If additional information will be sought, Essentia requests further description with reasonable particularity.

April 8, 2025
Page 3

- Topic (4): Essentia expressed similar concern regarding breadth and depth of this topic. With the clarification provided through the meet and confer process, we understand that this topic is intended to elicit testimony regarding Essentia's efforts to determine pharmaceutical efficacy of medications exposed to a potential temperature excursion following discovery of the potential temperature excursion at issue. If we have misinterpreted this topic, please advise; otherwise, we intend to designate a witness for this purpose.

The commentary above and during the meet and confer conference with respect to Topic 2 also relates to Topics 1(c), (d), (i), (k), (l), 8, 13, and 14 in that there are only two refrigerators at issue- both of which were in the exclusive possession of DCP and for which DCP was responsible. It is our understanding that you have been in contact with counsel for DCP and it is our position that a DCP representative is more appropriate to address these areas of inquiry, if at all. Respectfully, Essentia's own policies and practices regarding temperature monitoring are irrelevant and DCP is better suited to speak to its own policies and procedures. Similarly, Essentia cannot speak to DCP's marketing and outreach efforts. There has been much discussion regarding the One Essentia Fridge Project, which Essentia has maintained and continues to maintain is irrelevant to this proceeding, again, because the only refrigerators at issue are the DCP refrigerators. What steps Essentia took, separate and apart from this potential temperature excursion, to implement and/or modify temperature monitoring systems internally has nothing to do with whether DCP appropriately monitored its own refrigerators and whether DCP experienced an actual temperature excursion. With these comments, Essentia requests that Plaintiffs reconsider these topics and, if pursued, narrow their scope.

We were only able to briefly touch on Topics 11 and 12 during the meet and confer due to time limitations, but Essentia continues to seek more detail regarding these categories. As stated, these categories are overly broad and lack the reasonable particularity contemplated by Rule 30(b)(6). Moreover, Plaintiffs bear the burden of proof in this case. To that extent, Plaintiffs are required to demonstrate what warranties, promises, statements, or representations, if any, regarding safety and efficacy *they* relied on. With these comments, Essentia requests that Plaintiffs reconsider these topics and, if pursued, which alleged warranties, promises, statements or representations are contemplated by Topics 11 and 12.

We indicated that the additional follow-up, including the response from Bryce Riddle in March appeared to adequately address Topics 3(c), (d), and (f), such that no designee would be required. Please confirm following your opportunity to review.

Similarly, we discussed Topic 19. Essentia will designate a witness to testify regarding the sources from which the data was extracted. As explained, the financial spreadsheets were generated in response to Plaintiffs' discovery requests and with multiple meet and confers and compromises to add column headings based on those discussions. In other words, it would be overly broad and not relevant or proportional to the needs of the case to have a topic exploring "any data fields available in that database that were omitted from production." Also, it was clarified that Plaintiffs are seeking the definitions of the column headings for the financial spreadsheets and this is being supplemented. Essentia will designate a witness to testify regarding the definitions for the column headings, as well.

April 8, 2025
Page 4

Last, we believed that the additional clarification provided after initial receipt of the Notice addressed Topic 20, such that it would not be an appropriate topic for Rule 30(b)(6), but understood there may be more targeted follow-up questions.  We look forward to receiving this additional follow-up, if any, and addressing any additional questions that pertain to Topic 20.

We recognize that the time for the meet and confer conference was limited and appreciate that additional follow-up may be helpful in narrowing the areas of division.  Having said that, we have also been working diligently to address those areas with Essentia to which designations will be made and are working on scheduling several designees for April 23rd and 24th in Duluth, Minnesota.  We will be in further communication with you regarding the scheduling.

We also suggest for those topics that we cannot reach agreement after additional discussion that we seek the Court's assistance but move ahead with those we are able to reach agreement on April 23rd and 24th.  We believe the Court would also appreciate this approach.

Very truly yours,

Briana L. Rummel

BLR:kfs