# EXHIBIT C

**feganscott**

**FeganScott LLC**
ATTORNEYS AT LAW
1763 Columbia RD NW, Ste.100
Washington, DC 20009
PHONE    202.921.0002
FAX    312.264.0100
mike@feganscott.com

April 10, 2025

**Via Email**

Christopher R. Morris
Bryce D. Riddle
BASSFORD REMELE, PA
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254

Angie E. Lord
Briana L. Rummel
VOGEL LAW FIRM
2180 NP Ave.
P. O. Box 1389
Fargo, ND 58107-1389

Re:    *Kraft, et al. vs. Essentia Health, et al.*
U.S. District Court for District of North Dakota
Case No. 3:20-cv-00121
Follow-up Regarding Rule 30(b)(6) Notice

Dear Counsel:

I write to follow-up on the parties' April 2 meet and confer conference and your April 8 letter concerning Plaintiffs' Rule 30(b)(6) deposition notice.

As an initial matter, I would like to remind Essentia of its obligation to present a witness or witnesses fully prepared to address all noticed topics (unless withdrawn or narrowed). The failure to present an adequately prepared witness constitutes a failure to appear under Rule 37(d)(1)(A)(i) and may subject Essentia to sanctions under Rule 37(d)(3). *See Cooley v. Target Corp.*, No. 20-cv-2152 (DWF/DTS), 2021 U.S. Dist. LEXIS 253610, at *11 (D. Minn. Sept. 17, 2021). "[T]he failure to produce a prepared witness 'is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).'" *Id.* (quoting Fed. R. Civ. P. 37(d)(2)). Essentia's letter, while helpful in advancing the meet and confer process, does not alleviate Essentia's obligation to present a prepared witness.

Regarding Topic 1(a), you are correct that this topic addresses the temperature logs. We may also inquire into the existence of any other formal documentation of the excursion, e.g., an internal investigative report or a report to a federal or state health agency.

Regarding Topic 2, as discussed during the meet and confer, we strongly disagree that prior temperature excursions at Essentia facilities are irrelevant. "A

# feganscott

discovery request is relevant unless the information sought can have no possible bearing on the claims or defenses of the case." Doc. 277 at 3 (Discovery Order) (quoting *Lynch v. Experian Info. Sols., Inc.*, 569 F. Supp. 3d 959, 963 (D. Minn. 2021)). Here, we allege the existence of a prior temperature excursion in the complaint. We are entitled to inquire about the circumstances of that excursion (as well as any others) and what "measures" Essentia allegedly put in place "so this does not occur again," given that it *did* happen again. Plaintiffs are entitled to inquire into, for instance, the frequency and severity of temperature excursions at Essentia's facilities, Essentia's understanding of proper temperature monitoring procedures, and what it did to implement and/or change those procedures as excursions came to light.

While you argue that other excursions are irrelevant because the excursion at issue in this case happened with "DCP refrigerators that stored product at DCP," that puts that cart before the horse, essentially assuming that only facts that support Essentia's narrative and defense are discoverable. This argument is also counterfactual. It ignores the close working and legal relationship between DCP and Essentia/Innovis, ignores the fact that DCP operated within an Essentia/Innovis facility, ignores the fact that Innovis personnel staffed DCP's pharmacy, and ignores the obligation of all entities within the distribution chain to ensure proper pharmaceutical handling.

Any effort to limit "Topics 1(c), (d), (i), (k), (l), 8, 13, and 14" because "there are only two refrigerators at issue-both of which were in the exclusive possession of DCP and for which DCP was responsible," would likewise be improper for the same reason. Essentia's blame-DCP defense only highlights why inquiry into this area is essential. It's hard to envision a subject matter more squarely within the broad scope of relevance. *See* Doc. 277 at 3; Fed. R. Civ. P. 26(b)(1).

**feganscott**

As to the One Essentia Fridge Project (Topic 14), Essentia's suggestion that it has nothing to do with the excursion at issue here is belied by Essentia's own documents which expressly reference the excursion as the "situation" prompting Essentia's action:

**Essentia Health**

**SBAR – One Essentia Refrigerator Replacement and Temperature Monitoring**

**Author: Al Hurley**

5/6/2020

| Situation | · February 28, 2020, the West Market discovered a temperature excursion for the refrigeration of medications via a distributor partner |
| --- | --- |
| | · March 17, 2020, Dr. Herman and Jodi asked that Al Hurley lead a team to review the current state of refrigeration across the system and report any gaps and recommendations. |

This project is certainly fair game for inquiry.

Regarding Topic 4, we agree that it "is intended to elicit testimony regarding Essentia's efforts to determine pharmaceutical efficacy of medications exposed to a potential temperature excursion following discovery of the potential temperature excursion at issue." But it also includes Essentia's position on the efficacy of medications stored outside of their manufacturer recommended range and the efficacy of the affected medications specifically if stored outside of their recommended range.

Topics 11 and 12 should be viewed in conjunction with RFPs 22-30. So, for instance, Topics 11 and 12 (along with 13) cover Essentia's relevant marketing (see RFP 22), any instructions or warnings provided before administering the Affected Medications (see RFP 26), and efforts to obtain informed consent (see RFP 28). If "Essentia cannot speak to DCP's marketing and outreach efforts," (Topics 12 and 13) notwithstanding Innovis' 49% ownership stake in DCP, a witness can simply so state.

We would be open to deferring Topics 11-13 until Essentia completes its production of documents in response to RFPs 22-30 but would like to discuss this further with you to ensure we come to an agreed upon timeline.

For Topics 15-17, we intend to confirm that Essentia's responses are complete

# feganscott

and accurate, as you suggest. We may also inquire into the source of the data provided. As for Topic 18, as it states, we seek a description of the role of each individual listed in Essentia's initial disclosures in the Excursion and/or Essentia's response to the Excursion.

Thank you for confirming that Essentia will designate a witness to cover Topic 19. In light of the further clarification Essentia has provided with respect to Topic 20, the Topic is withdrawn.

Finally, regarding Topics 5-7, we are still considering ways to narrow and/or clarify these topics and plan to get back to you by COB tomorrow (4/11).

We would be happy to schedule another call to discuss any of the foregoing further in advance of the conference with the Court on April 15.

Sincerely,

Michael von Klemperer
Of Counsel