

Phone: 701.258.7899
200 N 3rd St, Ste 201 | Bismarck, ND 58501
PO Box 2097 |Bismarck, ND  58502-2097
Fax: 701.258.9705
brummel@vogellaw.com

April 18, 2025


Magistrate Judge Alice R. Senechal
655 1st Avenue North, Suite 440
Fargo, North Dakota 58102-4952

**Re:     Jessica Kraft et al. v. Essentia Health, et al.
            Case No. 3:20-CV-121**

Dear Magistrate Judge Senechal:

Defendants Essentia Health and Innovis Health, LLC d/b/a Essentia Health West (collectively, "Essentia") provide this position statement in advance of the status conference on April 21, 2025.

On March 24, 2025, Essentia received Plaintiffs' Rule 30(b)(6) Notice of Deposition, noticing the corporate deposition of Essentia for April 9, 2025, or other mutually agreeable date, and outlining 20 broad areas of anticipated inquiry, including multiple subparts.  As is reflected in the correspondence provided to the Court via email on April 14, 2025, the parties engaged in the meet and confer process and were able to reach a reasonable compromise on several areas of initial disagreement.  There remains a dispute, however, as to some of the noticed topics, specifically including 1(c); 1(d); 1(i); 1(k); 1(l), 2; 8; 11; 12; 13; 14; 15; 16; 17; and 18.  Each will be addressed in turn.

All discovery, including depositions taken pursuant to Rule 30(b)(6), are limited in scope by the parameters of Rule 26 of the Federal Rules of Civil Procedure.  In other words, while broad, discovery may only be undertaken if it is relevant to any party's claim or defense *and* it is proportional to the needs of the case.  In context, many of the disputed topics do not meet this standard.

For background, as has been disclosed in written discovery, Dakota Clinic Pharmacy, LLC ("DCP") contracted with Innovis Health, LLC, to provide pharmaceutical management services to Innovis Health, LLC, which included the storage of vaccines and medications.  The scope of services DCP was to provide to Innovis Health, LLC, are specified in Exhibit A to the Shared Services Agreement entered into between DCP and Innovis Health, LLC, in August of 2017.  Later, Innovis Health, LLC, terminated DCP's pharmaceutical services with an effective date of February 28, 2020, and in conjunction with this change, the two refrigerators storing vaccines and medications were moved from DCP to Innovis Health, LLC's space.  In the process, Innovis Health, LLC, requested the temperature logs DCP had maintained for the two refrigerators holding the DCP-stored vaccines and medications during the contractual period.  Based upon DCP's temperature logs, in an abundance of

Page 2

caution, patients were given notification of a potential temperature excursion and offered revaccination at no cost.  Put simply, there are only two refrigerators at issue in this lawsuit, both of which were in the exclusive possession of DCP and for which DCP was responsible during the time period at issue.  Accordingly, Essentia's own policies and practices regarding temperature monitoring and storage (topics 1(c) and 8) are irrelevant to any of the claims or defenses at issue, as is the availability of automated temperature monitoring systems, both before and after the potential temperature excursion (topics 1(d) and 14).  What steps Essentia took within its own organization to implement and/or modify temperature monitoring systems within Essentia's facilities has nothing to do with DCP's monitoring and practices with the two refrigerators at its pharmacy that stored vaccines and medications pursuant to pharmaceutical management services it agreed to provide to Innovis Health, LLC, under the Shared Services Agreement.

Essentia has designated a witness to discuss its understanding of DCP's temperature logs that were provided by DCP to Innovis Health, LLC, after the pharmaceutical management services being provided by DCP to Innovis Health, LLC, were terminated.  Notably, Plaintiffs are deposing DCP's President and pharmacist-owner, Laura Morris, under subpoena, on May 8, 2025, in this litigation.  Several of the disputed topics identified in the notice are topics for DCP, including any other entity's role in and responsibility for the potential temperature excursion (topic 1(i)); the refrigerators involved, including their purchase, breakdown, and maintenance request history (topic 1(k)); the obligation to keep accurate logs (part of topic 1(l)); and DCP's marketing or other outreach efforts (part of topic 13).  Importantly, Rule 30(b)(6) does not limit testimony to that within a given witness's personal knowledge.  Instead, the Rule requires designees to testify about information known or reasonably available to the organization.  It is an improper use of this Rule to request Essentia to designate a witness to testify as to DCP's policies, procedures, and practices, particularly given the Shared Services Agreement, which contractually obligated DCP and DCP's representative is being deposed in this case.

Topic 2 seeks discovery regarding *any* prior temperature excursions at Essentia facilities.  However, as noted above and explained in written discovery, the *only* refrigerators at issue in this lawsuit are the DCP refrigerators that stored product at DCP pursuant to the Shared Services Agreement.  Whether and to what extent Essentia has experienced internal temperature excursions prior to DCP's potential temperature excursion does not make any fact of consequence more or less probable. In this regard, this topic is not only irrelevant, but also disproportionate to the needs of the case considering the importance of the discovery in resolving the actual issues.

Topics 11 and 12 do not meet the "reasonable particularity" standard of Rule 30(b)(6).  Plaintiffs seek "all warranties, promises, statements, or representations, whether express or implied," made to patients, both Essentia's *and* DCP's, regarding safety and efficacy of their care, generally, and with respect to the potentially impacted vaccinations/medications.  As phrased, Essentia cannot possibly designate a witness to address these topics, even if it were narrowed to statements made.  Essentia provided notice of the potential temperature excursion to a patient population in excess of 50,000. However, care is, of course, individualized and unique to meet the needs and wishes of each patient. By way of example only, "statements" made regarding safety and efficacy of care could and likely

Page 3

would vary depending upon a patient's clinical presentation, the professional judgment of individual providers, and the patient's own questions, comments, and/or concerns. There is simply no way Essentia can designate a witness to address this overly broad topic in the manner stated. Nor would that endeavor be proportionate to the needs of the case. In addition, Plaintiffs have asserted a breach of warranty claim. They bear the burden of proof in demonstrating what warranties, promises, statements, or representations, if any, they relied on but have not otherwise provided any greater specificity enabling Essentia to identify a witness to address this topic.

Topics 15-18 all relate to Essentia's discovery responses. These topics, too, lack particularity of any sort as is required by Rule 30(b)(6). As a result of the meet and confer process, it was understood that Plaintiffs merely intended to verify the responses and Essentia intended to designate a witness for this limited purpose. However, Plaintiffs' communications demonstrate a much broader scope and have not articulated with reasonable particularity the topics sought. Moreover, this is not proportionate given the volume of written discovery and production in this case. In addition, Topic 18 seeks a designation for the subject matter of discoverable information for all Essentia or Innovis employees identified in the Initial Disclosures, including supplements, including any role of the individuals. This, too, is overly broad and not stated with reasonable particularity. Moreover, this request for designation is inconsistent with Rule 26(a)(1) specific to initial disclosures and is an unreasonable request in the context of a Rule 30(b)(6) deposition.

Thank you for the Court's consideration.

Very truly yours,

Briana L. Rummel