# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| JESSICA KRAFT, INDIVIDUALLY AND AS PARENT OF MINORS L.K., S.K., and O.K.; SHELLI SCHNEIDER, INDIVIDUALLY AND AS PARENT OF MINORS A.S and W.S.; ANNE BAILEY, AS PARENT OF MINOR D.B.; AMY LAVELLE, AS PARENT OF MINORS Em.L. and El.L; ELIZABETH BEATON, INDIVIDUALLY AND AS PARENT OF MINOR M.B.; AMANDA AND TYRELL FAUSKE, INDIVIDUALLY AND AS PARENTS OF MINORS C.R.F  and C.J.F.; JENNIFER REIN, INDIVIDUALLY; and JESSICA BERG, AS PARENT OF MINORS A.B. and S.B., individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 3:20-CV-121<br><br>Hon. Peter D. Welte |
| v. | ) ) | |
| ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH | ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT TO DESIGNATE RULE 30(B)(6) WITNESSES

# TABLE OF CONTENTS

I.  ARGUMENT ........................................................................................................ 1

    A.  Essentia Does Not Dispute, and Thereby Concedes, The Vast Majority of Operative Facts .................................................................................................. 1

    B.  Essentia Largely Ignores, and Thereby Concedes, The Vast Majority of Plaintiffs' Relevance Arguments ...................................................................................... 2

    C.  Essentia's Relevance Arguments Are Misplaced. ................................................ 2

    D.  Essentia's Has Not, And Cannot, Satisfy Its Burden to Show Injury or Disproportionality ............................................................................................ 4

    E.  Recent Testimony Highlights Why The Rule 30(b)(6) Deposition is so Critical ... 6

II.  CONCLUSION .................................................................................................... 6

Essentia concedes the vast majority of operative facts, fails seriously to contest relevance, and makes effectively no effort to establish injury or disproportionality. Instead, and contrary to well-established Eighth Circuit law, Essentia's response hinges on its view that only evidence supporting its theories and defenses is discoverable.

## I.   ARGUMENT

### A. Essentia Does Not Dispute, and Thereby Concedes, The Vast Majority of Operative Facts

It is well-established that failure to dispute an argument results in concession. *See, e.g.*, *Turner v. ILG Techs., LLC*, No. 2:21-CV-04192-NKL, 2023 U.S. Dist. LEXIS 87141, at *4 (W.D. Mo. May 18, 2023) ("Ours is an adversarial system of litigation; if a party does not refute the opposing party's argument, then it is deemed a concession."); *accord Grieme v. Andrew Cnty. Courthouse & Court Clerk*, No. 5:23-cv-06164-DGK, 2024 U.S. Dist. LEXIS 92962, at *9 (W.D. Mo. May 24, 2024).

In Plaintiffs' opening brief, they explained, and offered extensive evidence to support, the following propositions: (1) Essentia paid for the Electro Watchman temperature monitoring system associated with the fridges throughout the relevant time period; (2) Essentia split DCP's ownership with pharmacist members solely to comply with state law (3) Essentia was responsible for maintenance of the fridges; (4) Essentia performed maintenance on the fridges; (5) DCP cannot make significant business decisions without the approval of Essentia leadership; (6) Essentia collected the purchase and maintenance history of the fridges as a part of its investigation of the excursions; and (7) Essentia did not compensate Dakota Pharmacy Clinic ("DCP") in any form when it moved the fridges, confirming its ownership of them.

Essentia fails even to respond, let alone rebut, the foregoing thereby conceding their veracity.

1

The handful of factual representations in Essentia's brief are either misleading, contradicted by other evidence, or at best, in dispute, and therefore, highlight the necessity of the testimony sought. For instance, Essentia's own records indisputably and explicitly state that the One Essentia Fridge Project to investigate and replace fridges and monitoring systems was prompted by the excursions at issue in this case. *See* ECF 296-1 at 13. Essentia's only response is the dubious assertion that the project, while triggered by the excursions, had no substantive connection to them. *See* Opp. Br. at 11-12.

Similarly, DCP's own contracts with Essentia and personnel records reflect that Essentia policies applied to DCP and those Innovis employees who worked there. *See* ECF 296-1 at 2-3. Yet incredibly, Essentia claims "it is undisputed that Essentia's policies and procedures are not applicable or relevant to DCP." Opp. Br. at 7.

### B. Essentia Largely Ignores, and Thereby Concedes, The Vast Majority of Plaintiffs' Relevance Arguments

Similarly, Essentia fails to even address, let alone rebut, Plaintiffs' arguments that the testimony sought is relevant to the existence and scope of Essentia's duty, the appropriate standard of care, breach, and whether Essentia's conduct was fraudulent, deceptive, and unconscionable. *See* ECF 296-1 at 4, 9, 14. Again, Essentia's failure to address these arguments results in a concession. *See, e.g.*, *Turner*, 2023 U.S. Dist. LEXIS 87141, at *4; *Grieme*, 2024 U.S. Dist. LEXIS 92962, at *9.

### C. Essentia's Relevance Arguments Are Misplaced.

Essentia's handful of relevance arguments are misplaced. As the Court has already explained, discovery is relevant unless it "can have no possible bearing on the claims or defenses." *Kraft v. Essentia Health*, No. 3:20-cv-121, 2024 U.S. Dist. LEXIS 238467, at *5-6 (D.N.D. Nov.

2

21, 2024) (quoting *Lynch v. Experian Info. Sols., Inc.*, 569 F. Supp. 3d 959, 963 (D. Minn. 2021) (Senechal, M.J.).

As to Topics 1(c) and 8, Essentia repeats its familiar argument that *only DCP's* temperature monitoring policies and practices are relevant. To accept Essentia's argument would, in effect, be to rule on the merits of Essentia's core defense in the course of a discovery dispute. *But see InCompass IT, Inc. v. XO Commc'ns Servs.*, No. 10-3864 (SRN/JJG), 2011 U.S. Dist. LEXIS 173695, at *6 (D. Minn. Apr. 15, 2011) ("[A] factual dispute cannot be resolved in the context of a discovery motion"). Moreover, Essentia's argument ignores most of Plaintiffs' arguments for relevance (e.g., duty, standard of care), as well as much of the evidence that directly contradicts Essentia's position (e.g., the unrebutted evidence that Innovis employees staffed DCP and were subject to Essentia's policies).

As to Topics 1(d) and 14, Essentia concedes that temperature monitoring improvements may be relevant but, without citing any authority, only if Plaintiffs first demonstrate "more than a tangential relationship" between any improvements and the claims and defenses at issue. Opp. Br. at 13. Even if such a standard existed, Plaintiffs have gone far beyond such a showing: the fridges housing the affected medications were owned and maintained by Essentia at an Essentia facility staffed by Innovis-employed personnel. Ex. B at 62:21-66:9. Even further, numerous Essentia documents describe the One Essentia Fridge Project as a direct offshoot of the excursions at issue. *See, e.g.*, ECF 288-2; ECF 284-7. Sworn testimony indicates that Essentia paid for the Electro Watchman system associated with these fridges and that the fridges were located in a room not included in Essentia's lease agreement with DCP. Ex. B at 36:25-38:9, 49:21-25; 224:12-225:10; Ex. K. Accordingly, the availability of better systems and practices, and Essentia's efforts to implement and adopt them after the excursion at issue in this case, are of undoubted relevance.

3

As to Topic 2, Essentia again appears to concede that prior excursions may be relevant but only if "substantially similar in time, place, or circumstance to be considered." Opp. Br. at 14-15. Essentia ignores Plaintiffs' argument that Essentia's reassurances to the public about prior temperature excursions, including that they would not happen again, are relevant to unconscionability.

Regarding foreseeability, Essentia's reliance on the substantial similarity doctrine is misplaced. That doctrine largely concerns admissibility at trial, not discoverability, which is a far broader standard. *See Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 637 (8th Cir. 2007). And even if it did apply, the topic in question does seek substantially similar evidence—other temperature excursions at Essentia. The fact that a prior excursion concerned a temperature *above* the recommended maximum rather than *below* the recommended minimum is hardly material, let alone sufficient to render such evidence irrelevant.

### D. Essentia's Has Not, And Cannot, Satisfy Its Burden to Show Injury or Disproportionality

Essentia has not satisfied its burden of showing a clearly defined and serious injury warranting the issuance of a protective order. Nor has it come close to demonstrating that the highlight relevant testimony Plaintiffs seek would be disproportionate.

Injury must be shown with specificity and supported by evidence. *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 502 (D.S.D. 2009) (requiring a "particular and specific demonstration" of the "clearly defined and serious injury" that would result from the sought Rule 30(b)(6) testimony for issuance of protective order); *Carlson v. Freightliner, LLC*, 226 F.R.D. 343, 370 (D. Neb. 2004) ("An objection that discovery is overly broad and unduly burdensome must be supported by affidavits or evidence revealing the nature of the burden and why the discovery is objectionable.") Essentia does not even attempt to meet this standard, failing to identify *any harm* whatsoever if

4

required to present a witness on the disputed topics. Opp. Br. at 16-18. This is fatal to its opposition.

Nor has Essentia come close to showing that the testimony sought would be disproportionate. Proportionality is determined by "considering (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

First, the issues at stake in this litigation are highly important and include the safety and efficacy of medications and vaccines for a class of over 50,000 individuals throughout North Dakota and Minnesota, and whether a hospital can shirk its responsibility and pass off liability to an entity staffed by its own employees and managed by its own executives.

Second, the amount in controversy is well into the millions of dollars.

Third, the information sought is exclusively within Essentia's control.

Fourth, Plaintiffs are individual patients, including numerous children, with modest resources. Defendants are a major healthcare system with nearly $3 billion in annual revenue, over 15,000 employees, 14 hospitals, 79 clinics, 20 retail pharmacies, and a research institute.[1]

Fifth and sixth, the discovery is highly relevant, as discussed above and in Plaintiffs' opening brief. On the other hand, Essentia fails to identify (let alone substantiate) the existence of *any burden*, let alone a burden that outweighs the relevance of the sought discovery.[2]

---

[1] Essentia Health Facts & Figures, https://www.essentiahealth.org/about/facts-figures (last visited May 23, 2025).

[2] At best, Essentia points to the fact that it has produced some documents in discovery. That is entirely inapposite—the question is the burden of the discovery sought versus its relevance—not some already incurred, and completely unrelated, burden.

**E.  Recent Testimony Highlights Why The Rule 30(b)(6) Deposition is so Critical**

A core purpose behind Rule 30(b)(6) is to prevent "bandying' by which various organizational officers or agents, while being deposed, disclaim knowledge of facts clearly known by some other officer or agent of the organization." *Murphy*, 255 F.R.D. at 506. In Plaintiffs' opening brief, Plaintiffs noted that Essentia's individual deponents have been largely unprepared and forgetful, even regarding documents and actions they personally drafted or took. The May 22, 2025 deposition of Al Hurley shows just how problematic this has become and highlights why the requested Rule 30(b)(6) testimony is so essential for Plaintiffs to obtain testimony on core issues. Mr. Hurley reviewed no documents and spoke to no individuals (other than counsel) to prepare for his testimony. **Ex. O** at 14:15-23 (Al Hurley Rough Dep. Tr.). Then, as but one example, despite being identified as the author of the One Essentia Fridge Project memo, for almost every question asked about that memo, Mr. Hurley stated he was not the right person to ask and directed Plaintiffs to a host of other Essentia individuals who purportedly knew more about the subject. *Id.* at 96:12-97:20, 100:1-8, 102:5-104:22, 105:21-25, 106:6-107:15, 115:9-116:8, 120:5-125:20, 129:1-16, 130:1-11, 131:2-134:9. He largely disclaimed any knowledge regarding the memo he purportedly authored. *Id.*

## II.  CONCLUSION

For the foregoing reasons and those in Plaintiffs' Motion to Compel, the disputed topics far surpass the minimum threshold for relevance, and Essentia has not and cannot come close to meeting its burden of demonstrating the serious prejudice that would result if discovery on these topics is permitted. Accordingly, Plaintiffs respectfully request that the Court grant this motion and order Essentia to prepare and present a witness on Topics 1(c), 1(d), 1(k), 2, 8, and 14.

Dated: May 23, 2025

Respectfully submitted,

/s/*Michael von Klemperer*
Michael von Klemperer
Ashali P. Chimata
FEGAN SCOTT LLC
1763 Columbia Rd. NW, Suite 100
Washington, D.C. 20009
Ph: 202.921.0002
Fax: 312.264.0100
mike@feganscott.com
ashali@feganscott.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Scott A. Haider
SCHNEIDER LAW FIRM
815 3rd Ave. S.
Fargo, ND 58103
Ph: 701-235-4481
scott@schneiderlawfirm.com

J. Barton Goplerud
Brian Marty
SHINDLER, ANDERSON, GOPLERUD &
WEESE, PC
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
Ph: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@saglaw.com

*Counsel for Plaintiffs*

7