**≶ feganscott**

**FeganScott LLC**
ATTORNEYS AT LAW

1763 Columbia RD NW, Ste.100
Washington, DC 20009

PHONE   202.921.0002
FAX   312.264.0100

mike@feganscott.com

June 13, 2025

<u>**VIA EMAIL**</u>
The Honorable Alice R. Senechal
United States District Court for the District of North Dakota
NDD_J-Senechal@ndd.uscourts.gov

      Re: *Kraft, et al. v. Essentia Health, et al.,* No. 20-cv-121; Essentia's February 2025 Privilege Log

Dear Judge Senechal:

      Plaintiffs write regarding their June 5 challenge to Essentia's privilege withholdings. Plaintiffs respectfully request that the Court (a) impose a June 19 deadline for Essentia's substantive response, and (b) refer any subsequent dispute to Special Master Klein.

      Given the extensive number of Essentia's privilege claims that had been overruled, in January 2025, Plaintiffs requested that Defendants provide an updated privilege log that includes only the documents that are still being withheld for Plaintiffs to determine whether any further privilege challenges are necessary. **Ex. A** (Email from M. von Klemperer to Court and Defs., Jan. 17, 2025). Essentia provided that updated log on February 4, 2025. It still contained nearly 1,400 entries.

      Given the extensive and largely improper nature of the log, Plaintiffs sampled a subset of approximately 350 entries. Plaintiffs' review revealed several issues that either the Special Master or this Court have already addressed in prior privilege disputes, primarily concerning Essentia's assertion of the peer review/quality assurance, physician-patient, attorney-client, and attorney work product privileges.

      Plaintiffs emailed Essentia on June 5, challenging this subset of entries and requesting that Essentia either agreed to produce the challenged entries, or confirm impasse, by June 12. **Ex. B** (Email from A. Chimata to Defs., June 5, 2025); **Ex. C** (Priv. Log. With Challenges).

      However, Essentia replied on June 12 that while it was reviewing the privilege log and Plaintiffs' challenges, it will "not be in a position to substantively respond" by that date. Essentia provided no date by which Plaintiffs could expect to receive a substantive response. **Ex. B** (Email from B. Riddle to Pls., June 12, 2025).

      Whether intentional or not, delay has become Essentia's regular practice throughout this litigation. Essentia has often taken months to respond to Plaintiffs' simplest inquiries, even exceeding their own proposed response deadlines by weeks or more. The concurrently submitted dispute on Essentia's document search and collection is only the latest example of this practice.

      In light of Essentia's past conduct, their lack of any promised response date, and the close of fact discovery in several days, Plaintiffs ask that the Court order Essentia to provide its substantive position on Plaintiffs' privilege challenges by June 19 (two weeks after Plaintiffs' challenge) and refer any subsequent dispute to Special Master Klein for resolution.



June 13, 2025
Page 2

Sincerely,

Michael von Klemperer
Of Counsel