# EXHIBIT B

| | |
|---|---|
| **From:** | Bryce D. Riddle |
| **To:** | Ashali Chimata; alord@vogellaw.com; brummel@vogellaw.com; Christopher R. Morris; Kristin F. Syverson |
| **Cc:** | Mike von Klemperer |
| **Subject:** | RE: Kraft et al. v. Essentia - Essentia Health February 2025 Privilege Log |
| **Date:** | Thursday, June 12, 2025 5:59:30 PM |
| **Attachments:** | image001.png |

Ashali,

We are reviewing the privilege log with an eye towards the deficiencies identified in your email below. However, we will not be in a position to substantively respond to your concerns by the June 12 deadline you requested. Once our review is completed, we will provide responses as to whether documents will be produced, entries updated, or if the parties are at an impasse.

Bryce

**From:** Ashali Chimata <ashali@feganscott.com>
**Sent:** Thursday, June 5, 2025 3:54 PM
**To:** alord@vogellaw.com; brummel@vogellaw.com; Christopher R. Morris <cmorris@bassford.com>; Bryce D. Riddle <BRiddle@bassford.com>; Kristin F. Syverson <KSyverson@vogellaw.com>
**Cc:** Mike von Klemperer <mike@feganscott.com>
**Subject:** [EXTERNAL] Kraft et al. v. Essentia - Essentia Health February 2025 Privilege Log

Counsel,

Plaintiffs write regarding deficiencies with Essentia's February 2025 privilege log. Given the lengthy and largely improper nature of this log and its claims, we sampled a subset of entries, amounting to roughly 350 privilege claims. As such, attached is Essentia's February 2025 privilege log with Plaintiffs' challenges to this subset of entries (see Column H).

Most of the privilege assertions contravene many determinations already made in Judge Senechal's and Special Master Karen Klein's orders and reports. See ECF 79, 122, 129, 225, 242, and 255. This log falls far short of Rule 26(b)(5)(A)(ii)'s requirements that withholding parties "describe the nature of the documents . . . not produced or disclosed—and do so in a manner that . . . will enable other parties to assess the claim." The Court has already rejected prior attempts by Essentia to serve this type of bare-bones privilege log. Moreover, there is no basis for withholding documents simply because they are related to an "investigation," "quality assurance," or were made "with, or at the direction" of in-house legal personnel.

Additionally, it is well-settled that a covered entity, like Essentia, may disclose PHI – without medical authorizations – in response to a discovery request if reasonable efforts have been made to secure a qualified protective order. See 45 CFR § 164.512(e)(1)(ii)(B). This extends to information not only of the parties, but all members of the putative class. The Protective Order in this case constitutes a qualified protective order. ECF 45, 122. Further, to the extent that the

qualified PO does not apply to a document, it is still subject to disclosure with identifying information redacted. ECF 255.

Essentia's peer review privilege claims contain several issues, including that they relate to several documents made by or sent broadly to individuals who are not members of the purported committee(s), concern the same subject matter as scores of other documents already produced in this case, and concern subject matter unrelated to a peer review purpose. Moreover, the special master has already determined that skeletal subject matter descriptions like "investigation and quality assurance" are insufficient to assert the privilege. ECF 129.

Finally, the majority of Essentia's attorney-client and work product privilege claims were for documents involving no attorneys or regarding topics that are wholly unrelated to anticipated litigation or requests for legal advice

Accordingly, Plaintiffs request that <u>by June 12</u>,  Essentia review Plaintiffs' challenged entries and confirm that the documents will be produced or confirm that the parties are at an impasse so that Plaintiffs can promptly raise the matter with the Court and/or Special Master. Given the sheer volume of Essentia's privilege claims, Plaintiffs merely sampled a significant portion of Essentia's withholdings. However, Plaintiffs reserve the right to request that the Court or Special Master overrule all similarly improper withholdings, particularly given Essentia's well-established pattern of frivolous, bad faith withholdings throughout this litigation.

Thank you,

Ashali Chimata | Associate
Fegan Scott LLC
1763 Columbia Road NW, Suite 100
Washington, DC 20009
Direct: 771.244.6729 | Fax: 312.264.0100
www.feganscott.com

feganscott

CONFIDENTIALITY NOTICE This electronic message contains information that is or may be legally privileged, confidential, proprietary in nature, or otherwise protected by law from disclosure, and is intended only for the use of the addressee(s) named below. If you are not the intended recipient, an addressee, or the person responsible for delivering this to an addressee, please be advised that reading, using, copying, or distributing any part of this message is strictly prohibited. If you have received this electronic mail message in error, please contact me immediately and delete this message permanently from your system.