**feganscott**

**FeganScott LLC**
ATTORNEYS AT LAW
1763 Columbia RD NW, Ste.100
Washington, DC 20009
PHONE 202.921.0002
FAX 312.264.0100
mike@feganscott.com

June 13, 2025

**VIA EMAIL**
The Honorable Alice R. Senechal
United States District Court for the District of North Dakota
NDD_J-Senechal@ndd.uscourts.gov

      Re: *Kraft, et al. v. Essentia Health, et al.,* No. 20-cv-121; Plaintiffs' Position Statement

Dear Judge Senechal:

      Plaintiffs write to address Essentia's refusal to produce a witness to address Rule 30(b)(6) topics 11, 12, and 13 (ECF 284-1 at 3; 284-2 at 8-9). and their failure to conduct a reasonable search for documents responsive to RFPs 22 through 33. **Ex. A** (Pls.' 5th Set of RFPs).[1]

      Plaintiffs served these RFPs on March 27, 2025. In large part, this set sought documents relevant to Plaintiffs' breach of warranty claims. *See* ECF 119, ¶¶ 239-97 (2nd Am. Compl.). Specifically, documents concerning (i) Essentia's communications to the public and to patients about the Affected Medications and services related to their administration; (ii) the identity or number of individuals who received such communications; (iii) the strategy, plan, efficacy, or intent of such communications; (iv) Essentia's policies and standards for the administration of Affected Medications; (v) warnings or instructions regarding the Affected Medications; (vi) informed consent forms associated with administration of the Affected Medications; (vii) the packaging and labeling for Affected Medications; (viii) the storage and handling instructions or requirements for Affected Medications; and (ix) all express or implied warranties, promises, representations, or statements made to patients about the safety, efficacy, or standard of care they would receive.

      Essentia responded to the RFPs on April 28, along with a production of only 69 documents (produced as a single PDF in violation of the ESI protocol). **Ex. B (**Defs.' Resp. to Pls.' 5th Set of RFPs). Essentia's counsel signed the responses, subject to Rule 26(g). *Id.* at 13. Plaintiffs immediately requested a meet and confer, along with a reproduction in the correct format.

      That meet and confer took place on May 6. Given the paltry size of Essentia's production, Plaintiffs primarily focused on the scope of the search Essentia conducted for each RFP. Essentia's counsel was unable to provide any detail on the scope of that search, stating that her client had conducted it. To provide any detail, she stated she would need to contact her client. She promised a written follow-up to Plaintiffs.

      When no follow-up came, Plaintiffs wrote Essentia on May 15, summarizing the meet and confer and addressing the outstanding, unanswered questions. **Ex. C (**Email from A. Chimata to Defs., May 15, 2025). Essentia first promised a follow-up by May 28. Plaintiffs requested an earlier response, and, once this hearing was scheduled, a response by June 6. **Ex. D** (Email from M. von Klemperer to Defs., June 3, 2025). But Essentia did not actually provide one until June 12 at 5:23

---

[1] Consideration of these Rule 30(b)(6) topics was deferred pending Essentia's production of documents responsive to these RFPs. *See* ECF 288 (Minute Entry).

**feganscott**

p.m.—less than 24 hours before this letter was due and well over a month after the parties' May 6 meet and confer. **Ex. E (**Defs.' June 12, 2025 Letter).[2]

Essentia's letter confirmed Plaintiffs' concerns: the search was conducted entirely by non-lawyer Essentia employees, principally Kim Deiss. *Id.* The letter provided **no details** on the search actually conducted. *See generally id.* For instance, no information was provided on the sources searched, how those sources were selected, the search methodology, the criteria used to determine responsiveness, or who made those responsiveness decisions. There was no indication that counsel supervised or participated in the search at all. Rather, it appears Ms. Deiss was left to her own devices, which explains the paltry production of only 69 documents in the incorrect format, and counsel's inability to explain the search conducted during the parties' May 6 meet and confer.

Rule 34 imposes an obligation to conduct a diligent search for responsive documents from all sources within a party's possession, custody, or control. *Farmers Ins. Exch. v. West*, No. 11-2297 (PAM/JJK), 2012 U.S. Dist. LEXIS 200518, at *15 (D. Minn. Sept. 21, 2012). Rule 26(g) requires that the party's counsel supervise and participate in that search and certify its completeness. *Storeworks Techs. v. Aurus, Inc*., No. 19-cv-1527 (HB), 2020 U.S. Dist. LEXIS 259925, at *9-11 (D. Minn. Dec. 23, 2020). Courts have consistently found that simply leaving document collection responsibilities in the hands of "a layperson or interested client" is unreasonable and fails to satisfy the party's and counsel's discovery obligations. *Id.* (ordering new search under counsel's close supervision followed by certification of completeness where client, not counsel, conducted initial search); *Darmer v. State Farm Fire & Cas. Co.*, No. 17-cv-4309-JRT-KMM, 2019 U.S. Dist. LEXIS 185862, at *23-26 (D. Minn. Oct. 28, 2019) (collecting cases and imposing sanctions for counsel's "abdication" of responsibility to oversee and supervise document collection).

Essentia's paltry production confirms Ms. Deiss's search was insufficient. For instance, RFP 22 seeks Essentia's marketing materials, brochures, communications to the public, website pages, and similar materials about the Affected Medications and associated services. Essentia produced only 50 documents for this Request. The production did not include any advertisements regarding immunizations before 2019, only included one website page, and did not include certain categories of responsive materials, such as mass emails and mailers. During the May 6 meeting, counsel did not even know if her client's unsupervised search included such materials.

RFP 23 asked for data on the reach of the materials responsive to RFP 22 (e.g., data reflecting the number of people who viewed a particular advertisement). Essentia maintains that it does not collect or keep any such data. However, it is simply implausible that a major healthcare system with billions in revenue and over 100 facilities across multiple states would not collect any metrics on its promotional efforts. Moreover, Essentia utilizes both an internal marketing department and the services of professional advertising firm Fleishman Hillard, making their claim here even more

---

[2] Essentia's letter was accompanied by a production of a handful of nine additional documents responsive to RFP 25.

# feganscott

dubious.

RFP 24 seeks documents reflecting Essentia's marketing objectives and strategies for the documents responsive to RFP 22. Essentia produced only three documents, and only for flu vaccines.

RFPs 26-28 seek documents sufficient to show any warnings provided to Plaintiffs and class members or their healthcare providers regarding the Affected Medications, and all informed consent forms for Plaintiffs and the class. Essentia produced only eight documents (five chemotherapy policies, two consent policies, and a single, blank informed consent form).

Essentia also stated that Plaintiffs should review their own medical records but has refused to produce class member medical records (including any informed consent forms). Plaintiffs asked Essentia to stipulate that it would not rely on or advance arguments based on information in class member medical records to oppose class certification, Ex. C, but on June 12, Essentia refused. Ex. E, at 3 ("Essentia does not agree to forgo arguments based on this discovery."). In other words, Essentia may advance arguments to oppose class certification while simultaneously refusing to produce the discovery necessary to rebut those arguments.

RFPs 29 and 30 seek all forms of the Affected Medications' packaging, labeling, and storage and handling instructions. Essentia produced no responsive documents and claims it has none.

RFP 33 calls for the production of ESI from any individual identified on Essentia's initial disclosures whose files are within Essentia's possession, custody, or control, regarding the subject matter of discoverable information Essentia identified in its disclosures. Essentia identified DCP owners Laura Morris and Rob Haskell, **Ex. F** (Essentia Initial Discls.), who are Essentia employees, whose files are maintained by Essentia HR, and who have Essentia-issued email addresses. *See, e.g.* **Ex. G** (EH031233). While Essentia produced Ms. Morris's HR file (and the HR files of other DCP-associated personnel), Essentia now refuses to produce emails from Morris and Haskell's Essentia-issued email accounts. But these files are indisputably within Essentia's possession and Essentia therefore has an obligation to search for and produce responsive documents. *See McElgunn v. CUNA Mut. Grp.*, No. 06-5061-KES, 2008 U.S. Dist. LEXIS 53893, at *5 (D.S.D. July 10, 2008) ("[A] party responding to the production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control.").

Essentia claims that Morris and Haskell's Essentia-issued email accounts are beyond its possession, custody, or control but provides no legal or factual support for this proposition. *See* **Ex. E**, at 3-4. It also contends that reviewing and producing Morris and Haskell's files would create "practical and ethical" problems because DCP has retained its own counsel. *Id.* But again, Essentia cites no authority that this eliminates its obligation to produce relevant documents in its possession.

For the foregoing reasons, Plaintiffs respectfully request that Essentia be ordered to conduct a thorough search by counsel, produce all responsive documents, and then designate Rule 30(b)(6) witnesses to testify on Topics 11, 12, and 13.

**feganscott**

Sincerely,

Michael von Klemperer
Of Counsel