# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

Case No.: 3: 20-CV-00121

JESSICA KRAFT, individually and as parent of
minors L.K., S.K., and O.K.; SHELLI
SCHNEIDER, individually and as parent of
minors A.S. and W.S.; ANNE BAILEY,
individually and as parent of minor D.B; AMY
LAVELLE, individual and as parent of minors
Em.L.and El.L.; ELIZABETH BEATON,
individually and as parent of minor M.B.;
AMANDA    AND    TYRELL    FAUSKE,
individually and as parents of minors C.R.F. and
C.J.F; JENNIFER REIN, individually; and
JESSICA BERG, individually and as parent of
minors A.B. and S.B, individually and on behalf
of all others similarly situated,

        Plaintiffs,

vs.

ESSENTIA HEALTH, INNOVIS HEALTH,
LLC d/b/a ESSENTIA HEALTH, DAKOTA
CLINIC PHARMACY, LLC, JOHN DOE
MANUFACTURERS, and JOHN DOE
DISTRIBUTOR,

        Defendants.

**DEFENDANT ESSENTIA HEALTH'S
RESPONSES TO PLAINTIFFS'
FIFTH SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT
ESSENTIA HEALTH**

TO:    Plaintiffs above-named and their counsel of record

      Defendant Essentia Health, for its Answers to Plaintiffs' Fifth Set of Requests for

Production of Documents, states and alleges as follows:

## GENERAL OBJECTIONS

      Essentia asserts the following general objections, which are hereby incorporated into and

made part of each specific response, set forth below:

1.      Essentia is responding to these Requests for Production of Documents as specifically provided in Rules 26 and 34 of the Federal Rules of Civil Procedure. To the extent these Requests seek to impose upon Essentia a requirement to respond in any other manner through "Definition," or on behalf of other persons, Essentia objects.

2.      Essentia objects to Plaintiffs' definition of "Affected Medications" to the extent it assumes TTSPPs were subjected to a temperature excursion.  A response to a Request for Production which includes this definition would similarly assume TTSPPs were subjected to a temperature excursion, which is disputed.

3.      Essentia objects to Plaintiffs' definition of "Disclosed Temperature Excursions" to the extent it assumes a temperature excursion occurred.  A response to a Request for Production which includes this definition would similarly assume a temperature excursion occurred, which is disputed.

4.      Essentia objects to these Requests to the extent the attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure. Essentia also objects to these Requests to the extent they call for unreasonable investigation by Essentia and would impose undue burden and expense upon Essentia. Under Federal Rule of Civil Procedure Rule 26(b)(2)(C), the rule of proportionality requires discovery to be restricted where the burden or expense outweighs the proposed benefit. Essentia reserves the right to seek cost-shifting measures for the costs of responding to Plaintiffs' overbroad and unduly burdensome discovery requests.

5.      Essentia objects to this Request to the extent it calls for the discovery of information protected by the attorney/client privilege and/or work product doctrine/privilege. Essentia will construe all Requests as extending only to information and documentation that are not protected by the attorney-client privilege and/or work product doctrine/privilege.

6.      Essentia objects to this Request to the extent it calls for the discovery of information protected by the peer review/quality assurance privileges acknowledged by the Special Master and the Court. Essentia will construe all Requests as extending only to information and documentation that are not protected by one of the recognized categories of peer review/quality assurance privileges in this case.

7.      Essentia objects to these Requests to the extent they call for the discovery of information protected by the physician/provider/medical-patient privilege and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information.

8.      Essentia's responses are made without waiving the right to supplement, correct, add to, or clarify these responses as permitted by the Federal Rules of Civil Procedure.

These General Objections apply to the following responses and are incorporated by reference therein.

### RESPONSE TO DOCUMENT REQUESTS

**REQUEST NO. 22:**     Documents sufficient to show the form of all of Your marketing, advertising, promotional materials, website pages, pamphlets, brochures, and other communications to the public and/or patients concerning (a) the Affected Medications, (b) services in which the Affected Medications may be administered (e.g., chemotherapy, vaccinations), (c) the efficacy and safety of the services and medications You provide, (d) the quality of care You provide, or (e) Your provision of vaccinations.

**RESPONSE:**     Essentia objects to this Request on the basis it is overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it seeks documents concerning "the efficacy and safety of the services and medications [Essentia] provides," the quality of care [Essentia] provides," or "[Essentia's] provision of vaccinations," and it is without temporal or subject matter limitation or restriction.  Subject to and without waiving these objections, including the General Objections, noted above, Essentia Health does not itself provide

3

healthcare services and does not employ healthcare providers. *See* various advertisements relative to immunizations from the 2019-2021 time period as well as cancer screenings and oncology services from the 2017-2021 time period (EH057806-057853). *See also* web copy from May 1, 2020 relative to the potential temperature excursion (EH057970-057971). Templates for patient notification informing the potentially impacted patient population of the potential temperature excursion were previously produced (EH003021-003028), as were communications with the named Plaintiffs (EH003032-003573). Essentia is not withholding responsive documents in its custody, possession, or control subject to its asserted objections aside from the medical records of patients other than those named as Plaintiffs in this action. Such records are protected by the physician/provider/medical-patient privilege and privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. In addition, individual chart review for the putative class members, which would be required, is not proportionate to the needs of the case.

**REQUEST NO. 23:**    All documents reflecting the identity and/or number of individuals who received or viewed the marketing, advertising, promotional materials, website pages, pamphlets, brochures, and other communications responsive to Request 22.

**RESPONSE:**    Essentia objects to this Request on the basis it is overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent Request No. 22 seeks documents concerning "the efficacy and safety of the services and medications [Essentia] provides," the quality of care [Essentia] provides," or "[Essentia's] provision of vaccinations," and it is without temporal or subject matter limitation or restriction. Subject to and without waiving these objections, including the General Objections, noted above, Essentia Health does not itself provide healthcare services and does not employ healthcare providers. Answering further, Essentia does not have responsive documents in its custody, possession or control as Essentia does not collect or maintain the type of data sought by this Request. Essentia is not withholding

4

responsive documents in its custody, possession, or control subject to its asserted objections aside from the medical records of patients other than those named as Plaintiffs in this action. Such records are protected by the physician/provider/medical-patient privilege and privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. In addition, individual chart review for the putative class members, which would be required, is not proportionate to the needs of the case.

**REQUEST NO. 24:**    All documents regarding the objective, strategy, plan, intent behind, and efficacy of the marketing, advertising, promotional materials, website pages, pamphlets, brochures, and other communications responsive to Request 22.

**RESPONSE:**    Essentia objects to this Request on the basis it is overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent Request No. 22 seeks documents concerning "the efficacy and safety of the services and medications [Essentia] provides," the quality of care [Essentia] provides," or "[Essentia's] provision of vaccinations," and it is without temporal or subject matter limitation or restriction. Subject to and without waiving these objections, including the General Objections, noted above, Essentia Health does not itself provide healthcare services and does not employ healthcare providers. *See* marketing plans for the 2017-2019 flu campaigns (EH057878-057892). The Pharmacy Storage Communications Plan specific to the potential temperature excursion at issue and related documentation were previously produced (*see* EH034500-036664 as representative of this category of records). Essentia is not withholding responsive documents in its custody, possession, or control subject to its asserted objections.

**REQUEST NO. 25:**    Documents sufficient to show your policies concerning, and standard of care for, the administration of the Affected Medications.

**RESPONSE:**    Essentia objects to this Request to the extent it seeks documents that are irrelevant to any party's claim or defense and it is not proportional to the needs of the case considering the importance of the discovery in resolving the issues in that Plaintiffs have only asserted allegations regarding the alleged improper storage of certain TTSPPs; Plaintiffs have not made any allegations regarding improper administration.  Subject to and without waiving these objections, including the General Objections, noted above, *see* Immunization Practices Policies (EH057854-57877).

**REQUEST NO. 26:**    Documents sufficient to show any warnings or instructions regarding the Affected Medications You provided to any Plaintiff, or the health care providers who administered the Affected Medications.

**RESPONSE:**    Essentia objects to this Request on the basis it is vague and confusing to the extent "warnings and instructions" are undefined.  Subject to and without waiving these objections, as a matter of routine practice, patients who were administered vaccinations and/or immunizations from September 2017-February 2020 at Essentia Health West facilities were provided Vaccine Information Sheets as published and updated by the U.S. Centers for Disease Control and Prevention.  As a matter of routine practice, patients who were administered chemotherapy from September 2017-February 2020 at Essentia Health West facilities were provided information available at chemocare.com.  Essentia does not maintain archived copies of these documents.  In addition, as a matter of routine practice, patients at Essentia Health West facilities are provided the following materials when they begin chemotherapy (EH057893-057965, EH057968-057969, EH057972-058031, EH058046-058052, EH058065-058141).   While these documents were generally utilized during the September 2017-February 2020 time period, they have since been periodically updated.  Essentia does not maintain archived copies of prior versions of these documents.  Answering further, *see* the named Plaintiffs' medical records previously produced

6

reflective of informed consent where noted.  Essentia is not withholding responsive documents in its custody, possession, or control subject to its asserted objections.

**REQUEST NO. 27:**    Documents sufficient to show any warnings or instructions regarding the Affected Medications You provided to any Class Member, or the health care providers who administered the Affected Medications.

**RESPONSE:**    Essentia objects to this Request on the basis it is vague and confusing to the extent "warnings and instructions" are undefined.  Essentia also specifically objects to this Request to the extent it seeks production of the medical records of all putative class members.  Such request is overly broad, unduly burdensome, and not proportionate to the needs of the case considering the importance of the discovery in resolving the issues and that the burden and expense of the proposed discovery outweighs its likely benefit, if any, which is disputed.  Subject to and without waiving these objections, as a matter of routine practice, patients who were administered vaccinations and/or immunizations from September 2017-February 2020 at Essentia Health West facilities were provided Vaccine Information Sheets as published and updated by the U.S. Centers for Disease Control and Prevention.  As a matter of routine practice, patients who were administered chemotherapy from September 2017-February 2020 at Essentia Health West facilities were provided information available at chemocare.com.  Essentia does not maintain archived copies of these documents.  In addition, as a matter of routine practice, patients at Essentia Health West facilities are provided the following materials when they begin chemotherapy (EH057893-057965, EH057968-057969, EH057972-058031, EH058046-058052, EH058065-058141).  While these documents were generally utilized during the September 2017-February 2020 time period, they have since been periodically updated.  Essentia does not maintain archived copies of prior versions of these documents.  Essentia is not withholding responsive documents in its custody, possession, or control subject to its asserted objections aside from the medical records of patients other than those named as Plaintiffs in this action.  Such records, to the extent they may be responsive to this

request, are protected by the physician/provider/medical-patient privilege and privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. In addition, individual chart review for the putative class members, which would be required, is not proportionate to the needs of the case.

**REQUEST NO. 28:**    All informed consent forms associated with the administration of the Affected Medication provided to any Plaintiff or Class Member.

**RESPONSE:**    Essentia specifically objects to this Request to the extent it seeks production of the medical records of all putative class members. Such request is overly broad, unduly burdensome, and not proportionate to the needs of the case considering the importance of the discovery in resolving the issues and that the burden and expense of the proposed discovery outweighs its likely benefit, if any, which is disputed. Subject to and without waiving these objections, including the General Objections, noted above, *See* Essentia policy on Informed Consent for Therapeutic and Diagnostic Procedures (EH058032-058045; EH058053-058064), Essentia Consent for Chemotherapy/Biotherapy Administration (EH057966-057967); *see also* the named Plaintiffs' medical records previously produced reflective of informed consent where noted. Essentia is not withholding responsive documents in its custody, possession, or control subject to its asserted objections aside from the medical records of patients other than those named as Plaintiffs in this action. Such records, to the extent they may be responsive to this request, are protected by the physician/provider/medical-patient privilege and privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information.

**REQUEST NO. 29:**    Documents sufficient to show all forms of the Affected Medications' packaging and labeling from January 1, 2017 through the present.

8

**RESPONSE:**        Essentia objects to this Request on the basis it is vague and confusing to the extent "all forms" is undefined.  Essentia further objects to this Request to the extent it seeks packaging and labeling information beyond the relevant time period at issue.  In that respect, this Request seeks information which is irrelevant to any party's claim or defense, is overly broad, and not proportionate to the needs of the case.  Essentia further objects to this Request as it is more appropriately directed at DCP.  Pursuant to the Shared Services Agreement (EH000120-000125), DCP was responsible for procurement, storage, and distribution of medications to Essentia Health West facilities.  With the limited exception of the potentially impacted products quarantined from the two DCP refrigerators at issue following discovery of the potential temperature excursion, Essentia does not have responsive documents in its custody, possession, or control as all packaging and labeling was disposed of following administration.  The packaging and labeling of the quarantined products is not readily produceable in response to this Request.  Essentia is not withholding responsive documents in its custody, possession, or control subject to its asserted objections.

**REQUEST NO. 30:**    Documents sufficient to show all of the Affected Medications' storage and handling instructions and requirements from January 1, 2017 through the present.

**RESPONSE:**        Essentia objects to this Request on the basis it is vague and confusing to the extent "storage and handling instructions and requirements" is undefined.  Essentia further objects to this Request to the extent it seeks storage and handling instructions and requirements beyond the relevant time period at issue.  In that respect, this Request seeks information which is irrelevant to any party's claim or defense, is overly broad, and not proportionate to the needs of the case.  Essentia further objects to this Request as it is more appropriately directed at DCP.  Pursuant to the Shared Services Agreement (EH000120-000125), DCP was responsible for procurement, storage, and distribution of medications to Essentia Health West facilities.  Notwithstanding these

9

objections, Essentia previously produced documentation reflective of information received from various manufacturers in response to the potential temperature excursion (*see* EH054547, EH055848, EH055845, and EH054544 as examples). Essentia is not withholding responsive documents in its custody, possession, or control subject to its asserted objections.

**REQUEST NO. 31:**    To the extent not already encompassed in the foregoing Requests, documents sufficient to show all warranties, promises, statements, or representations, whether express or implied, made to Your patients about the safety, efficacy, standard, or quality of the care they will receive generally, and to Your patients who received the Affected Medications concerning the safety, efficacy, standard, or quality of the medications and associated services specifically.

**RESPONSE:**    Essentia objects to this Request on the basis it is overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it seeks documents concerning "the safety, efficacy, standard, or quality of the are they will receive generally," and it is without temporal or subject matter limitation or restriction. Subject to and without waiving these objections, including the General Objections, noted above, Essentia Health does not itself provide healthcare services and does not employ healthcare providers. *See* Responses to Request Nos. 22-30, above. Essentia is not withholding responsive documents in its custody, possession, or control subject to its asserted objections aside from the medical records of patients other than those named as Plaintiffs in this action. Such records, to the extent they may be responsive to this request, are protected by the physician/provider/medical-patient privilege and privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information. In addition, individual chart review for the putative class members, which would be required, is not proportionate to the needs of the case.

**REQUEST NO. 32:**    To the extent not already produced, all documents referenced in Your Initial Disclosures, including any Supplemental Disclosures.

10

**RESPONSE:**     Essentia objects to this Request to the extent it is inconsistent with the

requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Essentia is not withholding

responsive documents in its custody, possession, or control subject to its asserted objections.

**REQUEST NO. 33:**     To the extent not already produced, all documents from each individual You identify in your Initial Disclosures, including any Supplemental Disclosures, concerning the subject matter of their discoverable information You provided for that individual. If a particular individual's documents are not within your possession, custody, or control, please identify each such individual.

**RESPONSE:**     Essentia objects to this Request to the extent it is inconsistent with the

requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Essentia is not withholding

responsive documents in its custody, possession, or control subject to its asserted objections.

11

**AS TO REQUESTS FOR PRODUCTION RESPONSES:**

I, Marlys Olson, am the Insurance & Claims Manager of Essentia Health. I am authorized to verify these Responses to Plaintiffs' Fifth Set of Requests for Production to Defendant Essentia Health. I believe the Responses to be complete and accurate to the best of my knowledge, although not personal knowledge, based upon the information provided to me and available at this time. On that basis, I declare under penalty of perjury that everything I have stated in this document is true and correct.

Signed on _April 28_, 2025, in the State of _MN_, County of _St Louis_.

**ESSENTIA HEALTH**

By: _Marlys Olson_

12

**AS TO FORM AND OBJECTIONS:**

<b>VOGEL LAW FIRM</b>

Date: April 28, 2025                    By:   */S/ BRIANA L. RUMMEL*
                                              Angela E. Lord (#05351)
                                              Briana L. Rummel (#08399)
                                              Vogel Law Firm
                                              218 NP Avenue
                                              PO Box 1389
                                              Fargo, ND 58107-1389
                                              Telephone: (701) 237-6983
                                              alord@vogellaw.com
                                              brummel@vogellaw.com


                                              Christopher R. Morris (ND #6407)
                                              Bryce D. Riddle
                                              100 South 5th Street, Suite 1500
                                              Minneapolis, MN 55402-1254
                                              Telephone:   (612) 333-3000
                                              cmorris@bassford.com
                                              briddle@bassford.com

                                              ***Attorneys for Defendant Essentia Health***