

**FeganScott LLC**
ATTORNEYS AT LAW

1763 Columbia RD NW, Ste.100
Washington, DC 20009

PHONE    202.921.0002
FAX      312.264.0100

mike@feganscott.com

June 20, 2025

**VIA EMAIL**
The Honorable Alice R. Senechal
United States District Court for the District of North Dakota
NDD_J-Senechal@ndd.uscourts.gov

> Re: *Kraft, et al. v. Essentia Health,* No. 20-cv-121;
> Plaintiffs' Supplemental Position Statement re: Disputed Rule 30(b)(6) Topics and RFPs

Dear Judge Senechal:

Plaintiffs write to address further Essentia's refusal to designate witnesses for R. 30(b)(6) Topics 11, 12, and 13, ECF 284-002, as well as Essentia's failure to conduct a reasonable search for documents responsive to Plaintiffs' Fifth Set of RFPs. The parties met and conferred further on June 17 but remain at impasse.

1.  Rule 30(b)(6) Topics 11, 12, and 13

Consideration of Rule 30(b)(6) Topics 11, 12, and 13 was deferred pending Essentia's production of documents responsive to Plaintiffs' Fifth Set of RFPs as many of the Requests related these topics. ECF 288, Minute Entry. Despite multiple meet and confer efforts and the exchange of numerous letters, the production and the responses remain deficient as explained in Plaintiffs' June 13 Position Paper. These topics far surpass the minimum threshold for relevancy, and Plaintiffs respectfully request that the Court order Essentia to designate witnesses to testify on these topics.

As emphasized by this Court, a discovery request is relevant "unless the information sought can have no possible bearing on the claims or defenses." ECF 277, at 3. Plaintiffs bring five claims: breach of express and implied warranties (Counts I-II), violation of Minnesota and North Dakota consumer protection laws (Count III), unjust enrichment (Count IV), and negligence (Count V). SAC, ECF 119. Most relevant here are the warranty claims, which require a showing that Essentia made assurances, or omitted material facts. Further, Plaintiffs' consumer protection claims require a showing that Essentia engaged in a deceptive act or practice, fraud, misrepresentation, or unconscionable conduct. N.D. Cent. Code § 51-15-02; Minn. Stat. § 325F.69. Plaintiffs allege that they were deceived into believing the Affected Medications—including Essentia's administration of those Medications—were effective and safe.

Courts routinely find that discovery of promotional materials and marketing practices for a product are relevant where consumers assert breach of warranty and consumer protection claims. *See, e.g., In re Hardieplank Fiber Cement Siding Litig.*, No. 12-MD-2359, 2014 U.S. Dist. LEXIS 10205, at *8-9 (D. Minn. Jan. 28, 2014). Promotional materials often contain some factual claim, promise, or description of the service, which form the basis of the bargain that consumers may rely on when choosing to receive affected medications from Essentia, going to the heart of Plaintiffs'



warranty claims. *See Podpeskar v. Makita U.S.A. Inc.*, 247 F. Supp. 3d 1001, 1008-09 (D. Minn. 2017).

Essentia's representations to the class and public about the safety, efficacy, care for their patients, and the like, and their representations to the class about the excursion also bear on the unconscionability of its conduct, as well as Plaintiffs' negligence claims. *See Williams v. United Techs. Corp.*, No. 2:15-cv-04144-NKL, 2015 U.S. Dist. LEXIS 159814, at *7 (W.D. Mo. Nov. 30, 2015) (noting that evidence that defendant had knowledge of a defect risk supports unconscionability); *Hodges v. Pfizer, Inc.*, 2015 U.S. Dist. LEXIS 195058, at *30 ("[P]romotional activities, distribution of promotional materials, sales and marketing practices concerning a particular drug have been deemed relevant to what and when the manufacturer knew about certain risks."); *Nicholson v. Biomet, Inc.*, No. 18-cv-3057-CJW-KEM, 2020 U.S. Dist. LEXIS 110280, at *58-59 (N.D. Iowa Mar. 6, 2020) (denying summary judgment on punitive damages in part because discovery revealed that defendant's director of marketing was aware of a defect and other marketing documents that showed discussions on how to report adverse effects).

Additionally, the information sought is relevant to issues that bear on class certification. *See In re Hardieplank Fiber Cement Siding Litig.*, No. 12-md-2359, at *8-9 (D. Minn. Jan. 28, 2014) (reasoning that discovery of marketing materials is relevant to warranty claims, consumer protection claims, and to questions of commonality and predominance).

During the June 17 meet and confer, Essentia was able to identify only a single specific portion of Topics 11-13 to which they objected: the inclusion of "…the safety and efficacy of the care they will receive generally." Plaintiffs agreed to strike this language from the topic, yet Essentia still refuses to present a witness to address any portion of the three topics. But these topics far surpass the minimal threshold for relevance and Essentia has not met, and cannot, meet its burden to show that producing witnesses to address them would result in serious prejudice. Accordingly, it should be ordered to do so.

2. Essentia's Production and Responses to Plaintiffs' Fifth Set of RFPs

Plaintiffs' address the deficiencies with Essentia's responses, and the inadequate search it conducted for responsive documents in its June 13 letter. ECF 305-005. The parties met and conferred further on June 17. During the meeting, Essentia confirmed that the search and collection was done by Essentia's non-lawyer staff, in violation of black letter law. *Id.* at 2. Essentia refused to provide any further information about the scope of the search, such as what oversight, if any, its counsel had over the search or how Essentia's non-lawyer staff went about determining what to collect and turn over. Essentia contended that such information constituted work product or was privileged.

Once again, Essentia's privilege claims lack legal support: disclosure of search and collection efforts is not only *not privileged*, it is *mandatory*. The ESI protocol in this case provides that "[t]he parties are to cooperate in good faith regarding discovery in general, including more specifically,



June 20, 2025
Page 3

the disclosure… of appropriate search methodologies, custodians, and potentially relevant sources of ESI in advance of any search and/or collection." ECF 46, at 2. Courts routinely find transparency in search efforts is essential and that such information does not fall within either the attorney-client or the work product privileges, particularly where a governing ESI protocol explicitly provides the same. *See, e.g.*, ECF 173, at 4-5 (Order); *Walton v. Medtronic USA, Inc.*, No. 22-cv-50 (PJS/JFD), 2023 U.S. Dist. LEXIS 136520, at *13 (D. Minn. Aug. 7, 2023) ("Discovery on search terms and search methodology does not infringe on work product… the ESI Protocol requires Medtronic to work with [] Walton to formulate search methodology, terms, and protocols. Accordingly, Medtronic must supply their ESI search terms...."); *Aurora Coop. Elevator Co. v. Aventine Renewable Energy – Aurora West, LLC*, No. 4:12-cv-230, 2015 U.S. Dist. LEXIS 177331, at *5-6 (D. Neb. Jan. 6, 2015) (emphasizing the need for transparency in parties' ESI processes).

In Plaintiffs' June 13 letter, they discussed Essentia's obligations when responding to discovery requests, their repeated delays in responding to Plaintiffs' meet and confer efforts, their inability to provide information on the search for documents, and their scarce production.[1] Essentia's continued refusal to meet and confer in good faith, and their new, frivolous reliance on privilege claims to excuse disclosing the patent inadequacy of its search for responsive documents, only further demonstrates that Essentia should be ordered to conduct a new search, with counsel's close supervision and involvement, a full disclosure to Plaintiffs of the search methodology, and a signed certification by counsel that all responsive documents have been located and produced.

Respectfully,

Michael von Klemperer
Of Counsel

---

[1] For the Court's convenience, Plaintiffs attach as **Appendix A** a summary of the obvious and identifiable deficiencies with Essentia's collection and production.