**Appendix A**

| Request (*see* ECF 305-007) | No. of Documents Produced | Categories of Identifiable Deficiencies | Information provided about search (*see* ECF 305-010) |
|---|---|---|---|
| **No. 22** sought documents sufficient to show the form of all of Essentia's marketing, advertising, promotional materials, website pages, pamphlets, brochures, and other communications to the public and/or patients concerning (a) the Affected Medications, (b) services in which the Affected Medications may be administered (e.g., chemotherapy, vaccinations), (c) the efficacy and safety of the services and medications Essentia provides, (d) the quality of care Essentia provides, or (e) Essentia's provision of vaccinations. | 42 | In addition to the limited production, there are several categories of documents that should reasonably exist but are missing: (1) mass emails; (2) educational pamphlets and brochures commonly available at healthcare facilities; (3) Essentia Health has numerous marketing videos published on its YouTube account, such as one advertising its breast cancer diagnosis and treatment, yet no videos or transcripts were produced; (4) Essentia has active social media accounts, such as an Instagram, yet no responsive documents relating to social media posts have been produced; (5) Essentia's response to Request 24 implies the existence of a flu vaccine campaign between 2017 and 2019, yet no documents relating to such efforts were produced; (6) there are no marketing documents relating to any of the over 100 affected medications other than the flu vaccine and cancer screenings over only 2 or 4 years, respectively; (7) prior discovery indicates that Essentia sought partnerships with large employers to provide on-site vaccines to their employees yet no promotional documents relating to such partnerships were produced; and (8) Essentia has hosted an annual health fair in Ada, MN since at least 2016, yet the production contains promotional materials for only the 2020 Ada health fair. | Essentia non-attorney employee, Kim Deiss, searched for and "compiled the responsive documents." |
| **No. 23** sought all documents reflecting the identity and/or number of individuals who received or viewed the marketing, advertising, promotional materials, website pages, pamphlets, | 0 | Essentia has an entire marketing & communications department, as well as Fleishman Hillard, a professional marketing agency, so information on the efficacy of Essentia's marketing efforts should reasonably exist. | Essentia "enlisted" the services of non-attorney employee, Kim Deiss, in responding to this request. Essentia claims no |

| | | | |
|---|---|---|---|
| brochures, and other communications responsive to Request 22. | | Essentia Health has YouTube videos and other social media posts that are responsive to Request No. 22, and social media platforms commonly provide "reach" information for business accounts, yet no such information has been produced. Similarly, data on the visits to each page on Essentia's website that is responsive to Request 22 should be available. Additionally, Essentia should possess information relating to the reach of any mass emails and mass mailings, but no such information was produced. | responsive documents exist. |
| **No. 24** sought all documents regarding the objective, strategy, plan, intent behind, and efficacy of the marketing, advertising, promotional materials, website pages, pamphlets, brochures, and other communications responsive to Request 22. | 3 | In addition to the limited production, there are several categories of documents that should reasonably exist but are missing: (1) there are no emails whatsoever in which Essentia's marketing team discussed any efforts described in Request No. 22; (2) there are no documents provided relating to Essentia's flu campaigns after 2019, despite the production for Request 22 containing flu-related marketing up to 2021; (3) there are no documents concerning Essentia's plan for mass mailings, despite their production for Request 22 containing mailers; and (4) there are no documents concerning Essentia's plan for social media marketing, despite their social media accounts containing multiple posts that would be responsive to Request 22. | Essentia "enlisted" the services of non-attorney employee, Kim Deiss, in responding to this request. |
| **No. 25** sought documents sufficient to show your policies concerning, and standard of care for the administration of the Affected Medications. | 10 | In addition to the limited production, only policies regarding the administration of immunizations and chemotherapy medications were producing, despite there being over 100 affected medications, many of which were neither vaccines nor chemotherapy medications. | No information on Essentia's search efforts provided. |
| **Nos. 26-27** sought documents sufficient to show any warnings or instructions regarding the Affected Medications Essentia provided to any named Plaintiff, Class Member, or | 17 total | In addition to the limited production, there are categories of documents that should reasonably exist but are missing, such as post-administration instructions or warnings that | No information on Essentia's search efforts provided. |

| | | | |
|---|---|---|---|
| health care providers who administered the Affected Medications. | | are commonly provided before or after treatment or generally available in healthcare facilities. | |
| **No. 28** sought all informed consent forms associated with the administration of the Affected Medication provided to any Plaintiff or Class Member. | 3 | Essentia produced a policy regarding informed consent, which requires such a form when a patient is receiving chemotherapy. Essentia also produced a blank informed consent form for chemotherapy. Yet, no such completed form for the named Plaintiffs who received chemotherapy has been produced. | No information on Essentia's search efforts provided. |
| **No. 29-30** sought documents sufficient to show all forms of the Affected Medications' Packaging and labeling, and storage and handling instructions from January 1, 2017 through the present. | 0 | Essentia produced no documents in responsive to this Request, but packaging and labeling for the Affected Medications should reasonably exist. Although Essentia argues that DCP was responsible for storage, the Affected Medications were distributed to various Essentia Health facilities. Moreover, Essentia has segregated and retained all medications that it received from DCP in February 2020 as part of the storage transition that resulted in the discovery of the temperature excursions. These are all maintained in the basement of its Fargo campus. | Essentia "enlisted" the services of non-attorney employee, Anthony Kaufenberg, in responding to this request. |
| **No. 33** seeks the discovery of documents from the individuals identified in Essentia's initial disclosures. | 0 | Essentia refuses to produce emails from Laura Morris and Robert Haskell (both of whom it identified on its disclosures), despite having possession of their email accounts. | Essentia indicated that "neither Laura Morris' nor Robert Haskell's emails were collected or searched." |