

**BASSFORD REMELE**

**BRYCE D. RIDDLE**
SHAREHOLDER
Licensed in MN and CA

T  612.376.1624
F  612.746.1224
BRIDDLE@BASSFORD.COM

June 20, 2025

*VIA EMAIL*

Magistrate Judge Alice R. Senechal
655 1st Avenue North, Suite 440
Fargo, North Dakota 58102-4952

Re:    *Jessica Kraft, et al. v. Essentia Health, et al.*
       Court File No.:  3:20-CV-121
       Our File No.:  30-436

Dear Magistrate Judge Senechal:

Defendants Essentia Health and Innovis Health, LLC d/b/a Essentia Health West (collectively, "Essentia") provide this position statement in advance of the status conference on June 23, 2025.

Since the June 16, 2025 status conference in this matter, the parties met and conferred on several topics, including a discussion on amending the scheduling order, Plaintiffs' challenge to Essentia's privilege log, outstanding 30(b)(6) deposition topics, and Essentia's responses to Plaintiffs' Fifth set of Requests for Production of Documents. Each is discussed in turn below.

**Amending the Scheduling Order.** The parties have stipulated to amending the scheduling order (Dkt. No. 286). A proposed stipulation to this effect will be presented to your Honor in a standalone filing. While the parties have agreed in principle to new dates for the scheduling order, the parties disagree over the scope of permissible discovery that can occur between June 20, 2025 and August 1, 2025 (the newly-proposed deadline for close of fact discovery) and seek the Court's input.

Plaintiffs propose that discovery be limited to outstanding discovery disputes, and should either party wish to conduct additional discovery, the party seeking such discovery be required to seek leave of the Court. Essentia disagrees with Plaintiffs' position and does not think such a limitation is necessary. As of the date of this letter, six (6) of the nine (9) named plaintiffs have yet to be deposed. Additionally, the deposition of DCP employee Rob Haskell is scheduled for July 10, 2025. In short, discovery is still ongoing and testimony remains to be elicited. While Essentia acknowledges Plaintiffs' concern about inundating the opposing party with additional discovery, the fact remains that it is unknown what testimony may be elicited in those depositions and whether additional discovery may be warranted in response thereto. Essentia does not agree to waive its

**BASSFORD REMELE**

Magistrate Judge Alice R. Senechal
June 20, 2025
Page 2


rights to engage in relevant discovery—whether between the parties or from third parties—in defending itself in this lawsuit and does not believe a limitation on the scope of discovery is warranted. Essentia has represented to Plaintiffs, and does so again here, that it does not have intentions of serving Plaintiffs with additional discovery requests at this time. However, it must also be acknowledged that additional discovery may be warranted in light of these outstanding depositions. Essentia therefore requests that no limitations be placed on the scope of discovery between now and August 1, 2025.

**Plaintiffs' Privilege Log Challenge.** The parties have agreed that Essentia will produce a response to Plaintiffs' privilege log challenges by July 18, 2025. Essentia considers this matter to be settled.

**Outstanding Rule 30(b)(6) Deposition Topics.** The parties also met and conferred on outstanding Rule 30(b)(6) deposition topics 1(k) and 11-13. With respect to topic 1(k), Essentia represented that it was still working on this and would provide an answer to Plaintiffs once an individual was identified.

With regard to topics 11-13, Plaintiffs asked if Essentia would designate an individual for these topics. Plaintiffs previously indicated they would defer these topics until they reviewed Essentia's document productions. Essentia has not received confirmation that its productions have been reviewed, but it now appears Plaintiffs still want testimony on these topics. Essentia maintains its objections to these topics, as it would require a comprehensive putative class records review.

As drafted, topics 11 and 12 do not meet the "reasonable particularity" standard of Rule 30(b)(6). Plaintiffs seek "all warranties, promises, statements, or representations, whether express or implied," made to patients, both Essentia's *and* DCP's, regarding safety and efficacy of their care, generally, and with respect to the potentially impacted vaccinations/medications specifically. As phrased, Essentia cannot possibly designate a witness to address these topics, even if it were narrowed to statements made. Essentia provided notice of the potential temperature excursion to a patient population in excess of 50,000. This notice covered a large number of vaccines and medications, and applied to patients with various health conditions and medical knowledge. There is simply no way Essentia can designate a witness to address this overly broad topic in the manner stated, nor would that endeavor be proportionate to the needs of the case. Patient care is individualized and unique to meet the needs and wishes of each patient, and can vary from patient to patient. Moreover, Plaintiffs are the ones who asserted breach of express and implied warranty claims. They bear the burden of proof in demonstrating what warranties, promises, statements, or representations, if any, they relied on, but to date have not identified any representations made by Essentia which would enable Essentia to identify a witness to address this topic. This is significant, particularly in light of the fact that Essentia has asked for such information from Plaintiffs on several occasions, most recently on June 17, 2025.

Topic 13 seeks information on DCP's marketing or other outreach efforts. Rule 30(b)(6) does not limit testimony to that within a given witness's personal knowledge. Instead, the Rule requires

**BASSFORD REMELE**

Magistrate Judge Alice R. Senechal
June 20, 2025
Page 3

designees to testify about information known or reasonably available to the organization. It is an improper use of this Rule to have Essentia designate a witness to testify on DCP's policies, procedures, and practices, particularly given the Shared Services Agreement. DCP and DCP's representative is the proper entity to make this request to – not Essentia.

**Essentia's Responses to Plaintiffs' Fifth Set of Requests for Production.** Lastly, the parties discussed Essentia's responses and production to Plaintiffs' Fifth Set of Requests for Production. Plaintiffs again raised concerns regarding the sufficiency of Essentia's endeavors to ensure that a thorough and complete investigation was undertaken in responding to Plaintiffs' requests.

Plaintiffs may not like the contents of Essentia's production, but that does not mean Essentia's efforts were lacking in searching for responsive documents. As explained in Essentia's June 12, 2025 letter to Plaintiffs, Essentia enlisted the services of Ms. Deiss in responding to these discovery requests. Ms. Deiss is the current VP of Marketing and Communications at Essentia, and she, along with her team, are the individuals most familiar with Essentia's marketing efforts. In responding to these requests, several conversations occurred between Essentia's outside counsel and in-house counsel to ensure that responsive documents were located and produced. These conversations were conveyed to Ms. Deiss, who then held meetings with individuals on Essentia's Marketing team to determine where responsive documents were located and searched through project management platforms, departmental and personnel drives and files for responsive documents, even where employees were no longer with Essentia. This was an iterative process that occurred over several weeks in order to confirm that all potentially relevant documents were located.

Essentia also explained that certain categories of documents, such as documents sought in Request Nos. 23 and 24, are not kept or maintained by Essentia. Essentia further noted that Plaintiffs' medical records indicate whether they were given vaccine information statements or provided informed consent, but Essentia does not keep specific documents related to each patient; the notations in their medical records are the extent of such information. In summary, any allegation that Essentia did not conduct a diligent search for responsive documents is unfounded.

Thank you for the Court's consideration.

Very truly yours,

Bryce D. Riddle

BDR:drs