

Phone:  701.258.7899
200 N 3rd St, Ste 201 | Bismarck, ND 58501
PO Box 2097 |Bismarck, ND  58502-2097
Fax: 701.258.9705
brummel@vogellaw.com

June 12, 2025

**Via Email Only**

Mike Von Klemperer                                         mike@feganscott.com
Elizabeth Fegan                                               beth@feganscott.com
Ashali Chimata                                             ashali@feganscott.com
Scott Haider                                      scott@schneiderlawfirm.com
J. Barton Goplerud                                      goplerud@sagwlaw.com
Brian O. Marty                                               marty@sagwlaw.com

**Re:        Alleged Discovery Deficiencies**
**              Our File No.:  036304.20127**

Dear Counsel:

The purpose of this letter is to address the alleged deficiencies in Essentia's Responses to Plaintiffs' Fifth Set of Requests for Production and related follow-up correspondence.

**Request No. 22:**  This Request seeks documents regarding Essentia's marketing, advertising, promotional materials, pamphlets, brochures, and other communications to the public and/or patients regarding the potentially Affected Medications and related services, as well as the efficacy, safety, and quality of the services and vaccinations/medications provided.  While Essentia objected to this Request, Essentia also produced various advertisements related to immunizations, cancer screenings, and oncology services (ranging from 2017-2021), as well as web copy relative to the potential temperature excursion at issue.  Templates for patient notification and communications with the named Plaintiffs were previously produced.

You have asked details regarding the scope of Essentia's search for responsive documents.  In responding to this Request, Essentia enlisted the services of Kim Deiss, current VP of Marketing and Communications at Essentia.  Ms. Deiss has held that title since 2022, before which she was the Senior Director of Marketing and Communications at Essentia.  She and her team, who are the individuals most familiar with Essentia's marketing efforts, compiled the responsive documents. We are working to clarify and confirm whether any batch emails or mass mailings were disseminated during the time period at issue and will provide that detail upon receipt.

June 12, 2025
Page 2

**Request No. 23:**  This Request seeks documents reflecting the identity and/or number of individuals who received or viewed the materials produced in response to Request No. 22.  In response, Essentia indicated it does not collect or maintain the type of data sought in response to this Request.

You have asked Essentia to detail the extent and scope of its search for responsive records and to confirm whether any responsive data exists.  Essentia similarly enlisted the services of Ms. Deiss in responding to this request.  This is to confirm that Essentia does not have data or information regarding the number and/or identity of people who accessed or viewed the materials in response to Request No. 22, with the exception of the discovery already produced to date with respect to the putative class.  More specifically, Essentia identified the template patient notification letters in response to Request No. 22.  Details regarding the number of individuals who were provided notification has previously been produced in several different iterations as part of discovery already completed in this case.

**Request No. 24:**  This Request seeks documents regarding objectives, strategy, and plans behind the documents produced in response to Request No. 22.  While Essentia interposed an objection, Essentia produced marketing plans for the 2017-2019 flu campaigns and referred Plaintiffs to the Pharmacy Storage Communications Plan developed specifically in response to the potential temperature excursion at issue.  It should also be noted that while not specifically referenced in response to this Request, Essentia also previously produced various drafts of the Pharmacy Storage Communications Plan and related correspondence, including correspondence with FleishmanHillard, who served as an extension of the marketing team in responding to the potential temperature excursion.

In follow-up, you have asked for similar information regarding the scope of Essentia's search for responsive records, noting there were other medications/vaccinations potentially impacted as a result of the potential temperature excursion.  Again, Essentia enlisted the services of Ms. Deiss in responding to this Request.  Essentia also recognizes that the universe of potentially impacted medications/vaccinations is not limited to the flu vaccine.  Essentia's approach in this regard is, however, unique to the flu vaccine as vaccination is preventative medicine, potentially impacting Essentia's entire patient population.  Essentia did not otherwise advertise or market for a specific medication because patient care is necessarily informed by a patient's clinical presentation and provider judgment.

**Request Nos. 26-28:**  These Requests generally seek documents regarding warnings, instructions, and informed consent, for the named Plaintiffs and putative class.  In response, Essentia produced two versions of its Informed Consent for Therapeutic and Diagnostic Procedures and Essentia's Consent for Chemotherapy/Biotherapy Administration.  Essentia also referred Plaintiffs to the medical records previously produced for the named Plaintiffs.

In follow-up, you have indicated that upon your review, you were unable to locate informed consent forms in the named Plaintiff records.  It should be noted that affirmation of consent forms are not completed for immunizations or vaccines.  The policies previously produced identify when affirmation of consents are completed and immunizations or vaccinations are not specified.  Having

June 12, 2025
Page 3

said that, documentation of informed consent can still be found within the named Plaintiff's medical records. *See* EH008936 and EH008953 as demonstrative examples. As previously indicated, informed consent is itself informed by a patient's clinical presentation, inquiry, and provider judgment. It may include both written documentation and a verbal exchange.

You have also asked Essentia to clarify the information Essentia provided regarding chemocare.com. This is to confirm that the healthcare team printed off information from chemocare.com and provided it to the patient. Essentia did not retain a copy or include a copy in the patient's medical record.

In addition, you have asked Essentia to address these Requests with respect to the putative class. It should be noted that Essentia did not simply refuse to produce the protected health information of the putative class members. Rather, that issue was previously raised and addressed with the Court. Essentia maintains production of the medical records of the putative class whether en masse or in response to specific discovery requests is not proportionate to the needs of the case. Essentia has produced, however, voluminous discovery regarding the putative class largely in de-identified form. Essentia does not agree to forgo arguments based on this discovery.

**Request Nos. 29-30:** These Requests seek discovery regarding packaging, labeling, and storage and handling instructions for the potentially impacted products. In its response Essentia noted that pursuant to the Shared Services Agreement, DCP was responsible for the procurement, storage, and distribution of medications to Essentia Health West facilities. Aside from that which was quarantined following the discovery of the potential temperature excursion, Essentia indicated it did not otherwise have responsive documents in its custody, possession, or control.

You have indicated that this response is implausible. Nonetheless, this is to confirm that Essentia did not retain the packaging, labeling, or storage and handling instructions nor did anyone at Essentia otherwise create an electronic record of these materials either unless and to the extent this information may have been included in a patient's electronic medical record. Essentia enlisted the services of Anthony Kaufenberg, Vice President of Pharmacy, in responding to this Request.

**Request No. 33:** This Request seeks the discovery of documents from those individuals identified in Essentia's Initial Disclosures. In follow-up, you indicated that Essentia should collect and search Laura Morris's and Robert Haskell's emails as part of the discovery in this case if it had not already done so. Neither Laura Morris's nor Robert Haskell's emails were collected or searched as part of Essentia's discovery efforts, nor would it be appropriate for Essentia to do so. The Court issued its Order Governing Discovery of Electronically Stored Information in March of 2021. Pursuant to that Order, Essentia made its ESI disclosures on March 31, 2021. Neither Laura Morris nor Robert Haskell were identified in Essentia's ESI disclosures. There was significant back and forth previously between the parties regarding record custodians and Essentia has always maintained that DCP's documents are outside of their possession, custody, and control. This too has been a previous topic of discussion between the parties and with the Court, one that Essentia believed had been resolved.

June 12, 2025
Page 4

DCP was previously a named party to this proceeding. As a named party, the Plaintiffs had opportunity through normal avenues of discovery to obtain documents directly from DCP. Plaintiffs also previously subpoenaed DCP for documents as well. The Federal Rules of Civil Procedure provide specific limitations on the discovery of electronically stored information including considerations for whether the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive and the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Fed. R. Civ. P. 26(b)(2). Both of these considerations apply in this case.

In addition, there are practical and ethical considerations which would prevent Essentia from searching DCP's emails, including that DCP and its representatives have been and are separately represented. Essentia and its counsel could not ethically review Laura Morris's or Robert Haskell's emails as doing so would invade the attorney-client, work product, and peer review and continuous quality improvement privileges, as asserted by DCP.

Very truly yours,

Briana L. Rummel

BLR