## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | |
|---|---|
| JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S and W.S.; ANNE BAILEY, as parent of minor D.B.; AMY LAVELLE, as parent of minors Em.L. and El.L; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F and C.J.F.; JENNIFER REIN, individually; and JESSICA BERG, as parent of minors A.B. and S.B., individually and on behalf of all others similarly situated,, <br><br>       Plaintiffs, <br><br> vs. <br><br> ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR, <br><br>       Defendants. | Civil File No.: 3:20-cv-00121-PDW-ARS <br> Hon. Peter D. Welte <br> Mag. J. Alice R. Senechal <br><br><br> **ESSENTIA HEALTH AND INNOVIS HEALTH, LLC'S RESPONSE TO MOTION TO WITHDRAW OF COUNSEL FOR BAILEY** |

## BACKGROUND

On July 24, 2025, counsel for named Plaintiffs (who allege claims and damages purportedly typical of a wider class) filed a motion to withdraw from representing three Plaintiffs – Jennifer Rein, Anne Bailey, and D.B. – based on the representation of attorney J. Barton Goplerud that these Plaintiffs have essentially ghosted their own lawyers. (*See*

Dkt. Nos. 314 and 314-1). On July 29, 2025, counsel subsequently withdrew their motion as it relates to Plaintiff Rein. (Dkt. No. 316). A subsequent motion to withdraw as counsel for Plaintiffs Anne Bailey and D.B. Bailey was refiled with the court on July 30, 2025. (Dkt. Nos. 317 and 318).

Specifically, attorney Goplerud testifies by way of Declaration filed in support of the motion that after he and unnamed office staff at his firm started reaching out to their clients this year to schedule depositions,[1] two of them, Ms. Bailey and Ms. Rein "unequivocally" stated "that they no longer wish to participate as Named Plaintiffs in this case." (Doc. 314-1, ¶ 4.) Counsel's filing of their motion to withdraw on July 24, 2025 was the first Defendants heard of the fact that Ms. Bailey actually had no interest in participating in her own case.

Defendants expended much effort this spring and summer responding to discovery specifically propounded by Plaintiffs' counsel on behalf of Ms. Bailey. (*See* Declaration of Bryce D. Riddle ("Riddle Decl."), ¶¶2-4.) For example, Essentia and its counsel spent time preparing responses to Plaintiff Bailey's specific Interrogatories, which Essentia served on April 21, 2025. (Riddle Decl., ¶3) In addition, Plaintiffs served 200 Requests for

---

[1]    Plaintiffs' counsel misplace blame for their own clients' disinterest by faulting Essentia for "waiting" until April 8th to note depositions. (Doc. 314, p. 1.) In fact, no depositions were noted by either side until this spring, which is not unusual in the slightest. Depositions of named parties typically and logically follow completion of written discovery. Now that the facts of their own clients' disinterest in the case have been revealed, however, it is evident why Plaintiffs' counsel expressed such frustration this spring with the simple request to conduct short depositions of each adult named Plaintiffs. None of these depositions took more than a couple hours, all were conducted remotely for convenience of the Plaintiffs as requested by Plaintiffs' counsel, and most struggled to identify any injury cognizable in a class action. (Riddle Decl., ¶ 5.)

Admissions, among other discovery, on May 21, 2025, at least 17 of which were specific to Ms. Bailey and Ms. Bailey's minor child. (Riddle Decl., ¶ 4). Although attorney Goplerud does not identify the actual dates on which Ms. Bailey unequivocally stated she no longer wished to participate in the case, it seems possible (if not likely) that this was communicated while Essentia was expending effort to defend and respond to discovery from and regarding Ms. Bailey. Similarly, it is unclear when Ms. Bailey became "entirely uncommunicative" with plaintiffs' counsel. (Dkt. No. 317, at 1). If so, timely notice of the fact that they wanted out of the case could have saved Essentia from expending unnecessary resources.

## **ARGUMENT**

In North Dakota state courts, whether or not to grant a motion to withdraw as counsel is within the discretion of the trial court, and notice to the clients' last known address is required. *See In re I.B.A*., 2008 ND 89, ¶ 10, 748 N.W.2d 688, 690 (N.D. 2008); N.D.R.Ct. 11.2. Federal courts similarly review a district court's denial of counsel's motion to withdraw for abuse of discretion, and look to the state rules governing professional conduct for guidance. *Sanford v. Maid-Rite Corp*., 816 F.3d 546, 549 (8th Cir. 2016).

While Defendants do not question that Ms. Bailey no longer wishes to pursue her claims, and note that counsel's certificate of service indicates that the motion was mailed and emailed to Ms. Bailey (although her address was not specified), Defendants object to her counsel's request to withdraw under the circumstances of this putative class action case unless Ms. Bailey's claims are dismissed at the same time. Permitting withdrawal, without dismissal of the claims, would place the Court and Defendants' counsel in the difficult

3

position of serving notice of all further discovery and motion pleadings on two persons who are unrepresented and may be unresponsive. *See Homestead Mortg. Corp. v. Universal Mortg. Corp., Inc.*, No. CV 07-1477 (PJS/RLE), 2008 WL 11461745, at *3 (D. Minn. Mar. 19, 2008) ("we are deeply concerned that this action will not be able to progress in an orderly fashion were we to permit the withdrawal. . . . This case is nearly one (1) year old, and discovery has been ongoing, and contentious.").

Given the representation in the declaration of counsel as to his own client's desires to exit this case, and her failure to appear for her deposition, dismissal of the claims is well justified for lack of prosecution. *See Bighorn Constr. & Reclamation, LLC v. RES Am. Constr. Inc.*, No. 1:21-CV-00113, 2023 WL 4643800, at *1 (D.N.D. July 20, 2023); *Mathers v. Abney*, No. 1:15-CV-107, 2017 WL 2371135, at *2 (D.N.D. May 31, 2017) (plaintiff's failures "paint a portrait of an individual . . . whose interest in prosecuting this matter has waned"); Fed. R. Civ. P. 41(a)(2) and (b).

Alternatively, if this Court is inclined to permit withdrawal alone, leaving Ms. Bailey and her minor child D.B. as named Plaintiffs, Defendants respectfully request that this Court further issue an Order requiring Ms. Bailey to appear for depositions in August. If she remains a party, Ms. Bailey must be required to participate with basic discovery requirements, so that Defendants can fully prepare their defenses to any motion to certify class and for trial. Failure to appear for such depositions would then constitute further basis to dismiss the claims, for failure to cooperate in discovery and failure to prosecute.

4

## CONCLUSION

For the reasons set forth above, and to be explained at any hearing on this motion, Defendants request that counsel's motion to withdraw be DENIED, unless at the same time the claims of Ms. Bailey and her minor child are dismissed.

Alternatively, if counsel are allowed to withdraw while Ms. Bailey remains as parties, Defendants request that this Court Order Ms. Bailey to appear for a deposition in August.


/S/ Bryce D. Riddle

Dated: July 30, 2025          BY:  Christopher R. Morris (#230613)
                                   Bryce D. Riddle (#398019)
                                   Bassford Remele, PA
                                   100 South 5th Street, Suite 1500
                                   Minneapolis, MN 55402-1254
                                   Telephone: 612.333.3000
                                   cmorris@bassford.com
                                   briddle@bassford.com

                                   Angela E. Lord (#05351)
                                   Briana L. Rummel (#08399)
                                   VOGEL LAW FIRM
                                   218 NP Avenue
                                   PO Box 1389
                                   Fargo, ND 58107-1389
                                   Ph: 701.237.6983
                                   Fax: 701.237.0847
                                   alord@vogellaw.com
                                   brummel@vogellaw.com

                                   ATTORNEYS FOR DEFENDANTS
                                   ESSENTIA HEALTH AND INNOVIS
                                   HEALTH, LLC