**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Jessica Kraft, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:20-cv-121 |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Essentia Health, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs' counsel moved to withdraw as counsel for plaintiffs Anne Bailey and her minor child, D.B., asserting good cause within the meaning of North Dakota Rule of Professional Conduct 1.16(b). (Doc. 313). In an affidavit in support of the motion, an attorney representing plaintiffs stated Bailey "unequivocally stated that she no longer wished to participate as a Named Plaintiff in this case" and "became entirely unresponsive." (Doc. 318-1, p. 2). Plaintiffs' counsel filed proof of service of the motion on Bailey and D.B., as required by General Local Rule 1.3(F)(3). (Doc. 313, p. 3).

Defendants responded to the motion to withdraw, stating they objected "to [Bailey's] counsel's request to withdraw under the circumstances of this putative class action case <u>unless</u> Ms. Bailey's claims are <u>dismissed</u> at the same time." (Doc. 319, p. 3). Defendants asserted, "Permitting withdrawal, without dismissal of the claims, would place the Court and Defendants' counsel in the difficult position of serving notice of all further discovery and motion pleadings on two persons who are unrepresented and may be unresponsive." (Doc. 319, pp. 3-4). Defendants noted Bailey had failed to appear for her deposition and argued dismissal of Bailey and D.B.'s claims was warranted for lack of prosecution. <u>Id.</u> at 4.

This court, finding good cause under Rule 1.16(b), granted the motion to withdraw. (Doc. 324). And this court ordered Bailey to show cause why Bailey and D.B.'s claims should not be dismissed for failure to prosecute. The court directed plaintiffs' counsel to serve the order to show cause on Bailey and D.B., file proof of having done so, and provide Bailey and D.B.'s contact information to the court. The court permitted Bailey until September 2, 2025, to respond to the order to show cause on behalf of herself and her minor child and stated that if Bailey failed to respond to the order to show cause by September 2, 2025, Bailey and D.B.'s claims may be dismissed. Id. at 2.

Plaintiffs' counsel filed a declaration stating his office sent, via certified mail, a copy of the order to show cause to Bailey at her address but it was not delivered to her despite delivery attempts. (Doc. 326). The declaration also states that on September 4, 2025, his office sent a copy of the order to show cause to Bailey again, via overnight delivery, and also emailed a copy of the order to her. Id.

Bailey has not responded to the order to show cause or otherwise communicated with the court. Accordingly, this court **RECOMMENDS** Bailey and D.B.'s claims be dismissed for failure to prosecute.

The Clerk is directed to mail and email this report and recommendation to Bailey at the addresses provided. See id.

Dated this 16th day of September, 2025.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

2

**NOTICE OF RIGHT TO OBJECT**[1]

Any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **October 3, 2025**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[1] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.