# EXHIBIT 38

# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

Case No.: 3: 20-CV-00121

JESSICA KRAFT, individually and as parent of minors L.K., S.K., and O.K.; SHELLI SCHNEIDER, individually and as parent of minors A.S. and W.S.; ANNE BAILEY, individually and as parent of minor D.B; AMY LAVELLE, individual and as parent of minors Em.L.and El.L.; ELIZABETH BEATON, individually and as parent of minor M.B.; AMANDA AND TYRELL FAUSKE, individually and as parents of minors C.R.F. and C.J.F; JENNIFER REIN, individually; and JESSICA BERG, individually and as parent of minors A.B. and S.B, individually and on behalf of all others similarly situated,

       Plaintiffs,

vs.

ESSENTIA HEALTH, INNOVIS HEALTH, LLC d/b/a ESSENTIA HEALTH, DAKOTA CLINIC PHARMACY, LLC, JOHN DOE MANUFACTURERS, and JOHN DOE DISTRIBUTOR,

       Defendants.

**DEFENDANT ESSENTIA HEALTH'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT ESSENTIA HEALTH**

TO:    Plaintiffs above-named and their counsel of record

Defendant Essentia Health, for its Responses to Plaintiffs' Requests for Admission, states and alleges as follows:

## GENERAL OBJECTIONS

Essentia asserts the following general objections, which are hereby incorporated into and made part of each specific response, set forth below:

1.    Essentia is responding to these Requests for Admission as specifically provided in Rules 26 and 36 of the Federal Rules of Civil Procedure. To the extent these Requests seek to impose

upon Essentia a requirement to respond in any other manner through "Definition," or on behalf of other persons, Essentia objects.

2.      Essentia objects to Plaintiffs' definition of "Affected Medications" to the extent it assumes TTSPPs were subjected to a temperature excursion. A response to a Request for Admission which includes this definition would similarly assume TTSPPs were subjected to a temperature excursion, which is disputed.

3.      Essentia objects to Plaintiffs' definition of "Disclosed Temperature Excursions" to the extent it assumes a temperature excursion occurred. A response to a Request for Admission which includes this definition would similarly assume a temperature excursion occurred, which is disputed.

4.      Essentia objects to these Requests to the extent the attempt to impose obligations beyond those imposed by the Federal Rules of Civil Procedure. Essentia also objects to these Requests to the extent they call for unreasonable investigation by Essentia and would impose undue burden and expense upon Essentia. Under Federal Rule of Civil Procedure Rule 26(b)(2)(C), the rule of proportionality requires discovery to be restricted where the burden or expense outweighs the proposed benefit. Essentia reserves the right to seek cost-shifting measures for the costs of responding to Plaintiffs' overbroad and unduly burdensome discovery requests.

5.      Essentia objects to this Request to the extent it calls for the discovery of information protected by the attorney/client privilege and/or work product doctrine/privilege. Essentia will construe all Requests as extending only to information and documentation that are not protected by the attorney-client privilege and/or work product doctrine/privilege.

6.      Essentia objects to this Request to the extent it calls for the discovery of information protected by the peer review/quality assurance privileges acknowledged by the Special Master and the Court. Essentia will construe all Requests as extending only to information and documentation

2

that are not protected by one of the recognized categories of peer review/quality assurance privileges in this case.

7.      Essentia objects to these Requests to the extent they call for the discovery of information protected by the physician/provider/medical-patient privilege and information subject to privacy protections afforded under state and federal law for patients of healthcare providers and systems in the absence of patient authorization for the disclosure of patient information.

8.      Essentia's responses are made without waiving the right to supplement, correct, add to, or clarify these responses as permitted by the Federal Rules of Civil Procedure.

These General Objections apply to the following responses and are incorporated by reference therein.

## REQUESTS FOR ADMISSION

### A. General Requests for Admission

**REQUEST NO. 1:**   Admit that all documents You have produced in discovery are authentic. If you admit this Request only in part and deny it in part, identify those documents that you admit are authentic and those you deny are authentic in accordance with your obligation under Fed. R. Civ. P. 36(a).

**RESPONSE:**   Essentia objects to this Request on the basis it is inconsistent with Rule 36 of the Federal Rules of Civil Procedure insofar as it does not sufficiently describe the particular documents to which Plaintiffs ask Essentia admit authenticity.  Essentia further objects to this Request on the basis it is unduly burdensome and not proportionate to the needs of the case considering the importance of the discovery in resolving the issues and that the burden or expense outweighs its likely benefit given the sheer volume of document production in this case.

**REQUEST NO. 2:**   Admit that the documents designated as EH052463, EH052464, and EH052465 represent a full and accurate record of all TTSPPs subject to the Disclosed Temperature

3

Excursion that were administered to the Plaintiffs identified therein and the administration and visit charges associated with these TTSPPs.

**RESPONSE:**  Essentia admits EH052463, EH052464, and EH052465 represent the full and accurate record of all TTSPPs subject to the potential temperature excursion that were administered to the Plaintiffs identified therein and the administration and visit charges associated with the TTSPPs. There is no concession that any of the vaccinations and/or medications stored by DCP pursuant to the Shared Services Agreement between September 2017 and February 2020 were indeed exposed to a temperature excursion.

**REQUEST NO. 3:**  Admit that all TTSPPs identified in EH052463, EH052464, and EH052465 were stored in the Refrigerators.

**RESPONSE:**  Essentia cannot truthfully admit or deny this Request.  Essentia admits the TTSPPs identified in documents EH052463, EH052464, and EH052465 were supplied by DCP and believed to have been stored in the Refrigerators.  Pursuant to the Shared Services Agreement (EH000120-000125), DCP was responsible for procurement, storage, and distribution of medications to Essentia Health West facilities.

**REQUEST NO. 4:**  Admit that all the TTSPPs identified in documents EH052463, EH052464, and EH052465 were subject to the Disclosed Temperature Excursion.

**RESPONSE:**  Essentia cannot truthfully admit or deny this Request.  Pursuant to the Shared Services Agreement (EH000120-000125), DCP was responsible for procurement, storage, and distribution of medications to Essentia Health West facilities.  Essentia admits the TTSPPs identified in documents EH052463, EH052464, and EH052465 were supplied by DCP and potentially impacted by a potential temperature excursion, discovery of which occurred in February of 2020.  There is no concession that any of the vaccinations and/or medications stored by DCP pursuant to the Shared Services Agreement between September 2017 and February 2020, were indeed exposed to a temperature excursion.

**REQUEST NO. 5:**  Admit that "Innovis employ[ed] and furnish[ed] to DCP all pharmacists, technicians, and clerical staff" from August 1, 2017 through February 21, 2020 as provided in Exhibit A of the Shared Services Agreement (EH000120).

**RESPONSE:**  Admit that Exhibit A of the Shared Services Agreement (EH000120-000125) provides that as part of the Staffing Services, "Innovis shall employ and furnish to DCP all pharmacists, technicians and clerical staff needed to operate DCP's pharmacy business."  Pursuant to the Shared Services Agreement, Innovis Health, LLC provided an HR solution and served as the administrator for payroll and benefits for DCP.  For example, as Laura Morris testified, she is employed by DCP.  Section 5 of the Shared Services Agreement specifically provides "The parties to

4

this Agreement are at all times performing as independent contractors. Nothing in this Agreement as to the respective roles of the parties under this Agreement shall constitute or be construed as the creation of an employment relationship, partnership, or joint venture between Innovis and DCP or any of their agents or employees."

**REQUEST NO. 6:**  Admit that Essentia owned the Refrigerators from August 1, 2017 through February 2020.

**RESPONSE:**  Deny

**REQUEST NO. 7:**  Admit that Essentia did not compensate DCP when it moved the Refrigerators in February 2020.

**RESPONSE:**  Admit

**REQUEST NO. 8:**  Admit that Essentia performed maintenance on the Refrigerators between August 1, 2017 and February 21, 2020.

**RESPONSE:**  Deny.

**REQUEST NO. 9:**   Admit that Essentia was responsible for maintenance of the Refrigerators between August 1, 2017 and February 21, 2020.

**RESPONSE:**  Deny.

**REQUEST NO. 10:** Admit that the ElectroWatchman system installed on the 2-door refrigerator: 314-837 Lab-Line Environeers Inc. was set to a 20 to 54 degrees Fahrenheit range at the time Essentia moved it in February 2020.

**RESPONSE:**   Essentia cannot truthfully admit or deny this Request.  Pursuant to the Shared Services Agreement (EH000120-000125), DCP was responsible for procurement, storage, and distribution of medications to Essentia Health West facilities.  Essentia admits an ElectroWatchman representative indicated following Essentia's discovery of the potential temperature excursion in February of 2020 after the Refrigerators were relocated from DCP's leased space to Essentia that the range was set to 20 to 54 degrees Fahrenheit.

**REQUEST NO. 11:** Admit that 3-Door Refrigerator: 5022687, True Manufacturing had no temperature monitoring system installed at the time Essentia moved it in February 2020.

**RESPONSE:**   Essentia cannot truthfully admit or deny this Request.  Pursuant to the Shared Services Agreement (EH000120-000125), DCP was responsible for procurement, storage, and distribution of medications to Essentia Health West facilities.

**REQUEST NO. 12:** Admit that throughout the Relevant Time Period, U.S. Pharmacopeia standards require that TTSPPs necessitating refrigerator storage be stored in a refrigerator set to a temperature range "between 2 [degrees] and 8 [degrees]" Celsius, or 36 to 46 degrees Fahrenheit.

**RESPONSE:**   Essentia objects to this Request on the basis it seeks an admission to quoted material without providing the full context in which the statement was made, thereby rendering the Request vague, ambiguous, and potentially misleading.

**REQUEST NO. 13:** Admit that the Refrigerators do not meet the CDC's definition of pharmaceutical- grade refrigerators as those that are "designed to either refrigerate or freeze biologics, including vaccines."

**RESPONSE:**   Deny.

**REQUEST NO. 14:** Admit that, throughout the Relevant Time Period, You had a duty to ensure that TTSPPs You administer to patients are stored in accordance with guidelines required by each medication's manufacturer.

**RESPONSE:**   Admit insofar as Essentia had a duty to ensure TTSPPs administered to patients were stored in accordance with manufacturer guidelines while said TTSPPs were in Essentia's possession.

**REQUEST NO. 15:** Admit that, throughout the Relevant Time Period, You had a duty to ensure that TTSPPs You administer to patients were stored at the Recommended Temperature.

**RESPONSE:**   Admit insofar as Essentia had a duty to ensure TTSPPs administered to patients were stored at the Recommended Temperature while said TTSPPs were in Essentia's possession.

**REQUEST NO. 16:** Admit that, throughout the Relevant Time Period, under 21 C.F.R. 211.142(b), You had a duty to store TTSPPs under manufacturer-recommended temperatures such that their strength and purity were not affected.

**RESPONSE:**   Deny.

6

**REQUEST NO. 17:** Admit that You took no steps to ensure that DCP stored the Affected Medications at the manufacturer-recommended temperatures between August 1, 2017 and February 21, 2020.

**RESPONSE:**  Deny.

**REQUEST NO. 18:** Admit that, throughout the Relevant Time Period, You had a duty to ensure that the Affected Medications were stored in accordance with N.D. Admin Code 75-03-40-43.

**RESPONSE:**  Deny.

**REQUEST NO. 19:** Admit that, throughout the Relevant Time Period, You had a duty to ensure that the Affected Medications were stored in accordance with Minn. Admin. R. 2911.6500.

**RESPONSE:**  Deny.

**REQUEST NO. 20:** Admit that, throughout the Relevant Time Period, under U.S. Pharmacopeia standards, all entities in the drug supply chain must "work together to establish proper distribution and product handling requirements for the purpose of ensuring appropriate product maintenance."

**RESPONSE:**  Essentia objects to this Request on the basis it seeks an admission to quoted material without providing the full context in which the statement was made, thereby rendering the Request vague, ambiguous, and potentially misleading.

**REQUEST NO. 21:** Admit that, under U.S. Pharmacopeia standards, "suitable training should be provided to all persons who handle [pharmaceuticals] with special storage temperature requirements."

**RESPONSE:**  Essentia objects to this Request on the basis it seeks an admission to quoted material without providing the full context in which the statement was made, thereby rendering the Request vague, ambiguous, and potentially misleading.

**REQUEST NO. 22:** Admit that You earned revenue from payments made for Affected Medications.

7

**RESPONSE:** Essentia admits it earned revenue from payments made for potentially Affected Medications.

**REQUEST NO. 23:** Admit that You earned revenue from charges for office visits at which Affected Medications were administered.

**RESPONSE:** Essentia admits it earned revenue from charges for office visits at which potentially Affected Medications were administered.

**REQUEST NO. 24:** Admit that You earned revenue from fees for the administration of Affected Medications.

**RESPONSE:** Essentia admits it earned revenue from fees for the administration of potentially Affected Medications.

**REQUEST NO. 25:** Admit that You did not offer refunds to patients who were informed that they had received an Affected Medication.

**RESPONSE:** Deny.

**REQUEST NO. 26:** Admit that some Affected Medications cannot be re-administered safely.

**RESPONSE:** Admit that re-administration was not recommended for some of the potentially Affected Medications.

**REQUEST NO. 27:** Admit that patients who preferred to receive a revaccination at facilities unaffiliated with the Essentia Health system were required to bear the out-of-pocket costs associated with revaccination.

**RESPONSE:** Admit that patients who elected to receive a revaccination at facilities unaffiliated with the Essentia Health system may have incurred out-of-pocket costs associated with revaccination.

**REQUEST NO. 28:** Admit that You have discovered previous temperature excursions at Essentia facilities prior to the Disclosed Temperature Excursion.

**RESPONSE:** Essentia objects to this Request to the extent it seeks discovery that is irrelevant to any party's claim or defense and it is not proportional to the needs of the case considering the importance of the discovery in resolving the issues. Subject to and without waiving these objections, Admit that Essentia facilities have experienced potential temperature excursions prior to the discovery of the potential temperature excursion.

**REQUEST NO. 29:** Admit that all documents produced by Dakota Clinic Pharmacy in discovery, bates stamped DCP 000001-000122, are authentic.

**RESPONSE:** Essentia objects to this Request on the basis it seeks an admission regarding documents not authored, prepared or produced by Essentia. Accordingly, Essentia is without sufficient knowledge or information to admit or deny the authenticity of the documents so specified.

**REQUEST NO. 30:** Admit that all documents produced by Amgen is discovery, bates stamped AMG10909-0000000001 - AMG10909-00000000046, are authentic.

**RESPONSE:** Essentia objects to this Request on the basis it seeks an admission regarding documents not authored, prepared or produced by Essentia. Accordingly, Essentia is without sufficient knowledge or information to admit or deny the authenticity of the documents so specified.

**REQUEST NO. 31:** Admit that all documents produced by Merck Sharp & Dohme Corp. in discovery, bates stamped MERCK-KRAFT- 00000001-00000004, are authentic.

**RESPONSE:** Essentia objects to this Request on the basis it seeks an admission regarding documents not authored, prepared or produced by Essentia. Accordingly, Essentia is without sufficient knowledge or information to admit or deny the authenticity of the documents so specified.

**REQUEST NO. 32:** Admit that all documents produced by Pfizer Inc. in discovery, bates stamped PFI00000001 through PFI00000663, are authentic.

**RESPONSE:** Essentia objects to this Request on the basis it seeks an admission regarding documents not authored, prepared or produced by Essentia. Accordingly, Essentia is without sufficient knowledge or information to admit or deny the authenticity of the documents so specified.

**REQUEST NO. 33:** Admit that all documents produced by Sanofi Pasteur Inc. in discovery, bates stamped SANOFIPASTEUR000000001 through SANOFIPASTEUR000000205, are authentic.

**RESPONSE:** Essentia objects to this Request on the basis it seeks an admission regarding documents not authored, prepared or produced by Essentia. Accordingly, Essentia is without sufficient knowledge or information to admit or deny the authenticity of the documents so specified.

**REQUEST NO. 34:** Admit that all documents produced by Bristol-Myers Squibb Company in discovery, bates stamped BMS_KRAFT_00005 – BMS_KRAFT_00012, are authentic.

**RESPONSE:** Essentia objects to this Request on the basis it seeks an admission regarding documents not authored, prepared or produced by Essentia. Accordingly, Essentia is without sufficient knowledge or information to admit or deny the authenticity of the documents so specified.

**B. Requests for Admission Specific to Plaintiff Jennifer Rein**

**REQUEST NO. 35:** Admit that, on November 2, 2017 at Essentia's West Fargo Clinic, Plaintiff Jennifer Rein received a flu vaccine that was later invalidated by the North Dakota Department of Health.

**RESPONSE:** Admit that on November 2, 2017 at Essentia's West Fargo Clinic, Plaintiff Jennifer Rein received a flu vaccine that was potentially impacted by a potential temperature excursion.

**REQUEST NO. 36:** Admit that, on November 2, 2017 at Essentia's West Fargo Clinic, Plaintiff Jennifer Rein receive a Tdap vaccine that was later invalidated by the North Dakota Department of Health.

**RESPONSE:** Admit that, on November 2, 2017 at Essentia's West Fargo Clinic, Plaintiff Jennifer Rein received a Tdap vaccine that was potentially impacted by a potential temperature excursion.

**REQUEST NO. 37:** Admit that Plaintiff Jennifer Rein paid directly or indirectly for the November 2, 2017 visit and services rendered during that visit.

**RESPONSE:** Admit that Plaintiff Jennifer Rein paid directly for a portion of the charges associated with the November 2, 2017 visit; insurance paid for the remaining amounts due and owing.

**REQUEST NO. 38:** Admit that Plaintiff Jennifer Rein had no ability to determine that the flu and Tdap vaccines she received on November 2, 2017 had been subject to a Temperature Excursion that may have reduced their efficacy prior to receiving those vaccines.

**RESPONSE:** Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response assumes a temperature excursion occurred, which is not conceded. Essentia admits that Plaintiff Jennifer Rein had no ability to determine that the flu and Tdap vaccines she received on November 2, 2017 had been subject to a potential temperature excursion that may have reduced their efficacy prior to receiving those vaccines because the potential temperature excursion was not discovered until February of 2020.

**REQUEST NO. 39:** Admit that You did not provide Plaintiff Jennifer Rein with any information or warning that the flu and Tdap vaccines she received on November 2, 2017 may have

10

been subject to a Temperature Excursion that may have reduced their efficacy prior to administering those vaccines.

**RESPONSE:**   Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response would assume Essentia had an obligation to disclose a potential temperature excursion of which it was unaware at the time of administration.  Essentia admits it did not disclose the potential temperature excursion to Plaintiff Jennifer Rein prior to administration of the flu and Tdap vaccines on November 2, 2017 because it did not discover the potential temperature excursion until February of 2020.

**REQUEST NO. 40:** Admit that Plaintiff Jennifer Rein used the flu and Tdap vaccines she received on November 2, 2017 in their intended manner.

**RESPONSE:**   Admit.

**REQUEST NO. 41:** Admit that You did not receive Plaintiff Jennifer Rein's informed consent to receive flu and Tdap vaccines on November 2, 2017 that may have been subject to a Temperature Excursion.

**RESPONSE:**   Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response would assume Essentia had an obligation to disclose a potential temperature excursion of which it was unaware at the time of administration.  Essentia admits it did not disclose the potential temperature excursion to Plaintiff Jennifer Rein prior to administration of the flu and Tdap vaccines on November 2, 2017 because it did not discover the potential temperature excursion until February of 2020.

**REQUEST NO. 42:** Admit that You did not offer Plaintiff Jennifer Rein a full refund for the flu and Tdap vaccines she received on November 2, 2017.

**RESPONSE:**   Admit.

**C. Requests for Admission Specific to Plaintiffs Jessica Kraft, L.K., S.K., and O.K.**

**REQUEST NO. 43:** Admit that You administered all vaccines identified in Tab "JLK" of EH052465 to Plaintiff Jessica Kraft.

**RESPONSE:**   Admit.

**REQUEST NO. 44:** Admit that all vaccines identified in Tab "JLK" of EH052465 were invalidated by the North Dakota Department of Health.

11

**RESPONSE:**   Admit that all vaccines identified in Tab "JLK" of EH052465 were potentially impacted by the potential temperature excursion.

**REQUEST NO. 45:** Admit that You recommended Plaintiff Jessica Kraft receive revaccinations of all the vaccines identified in Tab "JLK" of EH052465.

**RESPONSE:**   Admit Plaintiff Jessica Kraft was offered revaccination at no charge for eligible vaccinations potentially impacted by the potential temperature excursion.

**REQUEST NO. 46:** Admit that Plaintiff Jessica Kraft paid directly or indirectly for each of the visits and each of the services identified in Tab "JLK" of EH052465.

**RESPONSE:**   Admit that Plaintiff Jessica Kraft paid directly for a portion of the charges as is reflected in the "JLK" Tab of EH052465; insurance paid for the remaining amounts due and owing.

**REQUEST NO. 47:** Admit that You did not provide Plaintiff Jessica Kraft with any information or warning that the vaccines and medications identified in Tab "JLK" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response would assume Essentia had an obligation to disclose a potential temperature excursion of which it was unaware at the time of administration.  Essentia admits it did not disclose the potential temperature excursion to Plaintiff Jessica Kraft prior to administration because it did not discover the potential temperature excursion until February of 2020.

**REQUEST NO. 48:** Admit that Plaintiff Jessica Kraft had no ability to determine whether the vaccines and medications identified in Tab "JLK" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response assumes a temperature excursion occurred, which is not conceded.  Essentia admits that Plaintiff Jessica Kraft had no ability to determine whether the vaccines and medications identified in Tab "JLK" of EH052465 had been subject to a potential temperature excursion that may have reduced their efficacy prior to administration because the potential temperature excursion was not discovered until February of 2020.

**REQUEST NO. 49:** Admit that Plaintiff Jessica Kraft used the vaccines and medications identified in Tab "JLK" of EH052465 in their intended manner.

12

**RESPONSE:** Admit.

**REQUEST NO. 50:** Admit that You did not receive Plaintiff Jessica Kraft's informed consent to receive the vaccines and medications identified in Tab "JLK" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:** Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response would assume Essentia had an obligation to disclose a potential temperature excursion of which it was unaware at the time of administration. Essentia admits it did not disclose the potential temperature excursion to Plaintiff Jessica Kraft prior to administration because it did not discover the potential temperature excursion until February of 2020.

**REQUEST NO. 51:** Admit that You did not offer Plaintiff Jessica Kraft a full refund for the vaccines and medications identified in Tab "JLK" of EH052465.

**RESPONSE:** Admit.

**REQUEST NO. 52:** Admit that, on October 9, 2018, at Essentia's West Fargo Clinic, Plaintiff S.K. received a flu vaccine that was later invalidated by the North Dakota Department of Health.

**RESPONSE:** Admit that, on October 9, 2018, at Essentia's West Fargo Clinic, Plaintiff S.K. received a flu vaccine that was potentially impacted by the potential temperature excursion.

**REQUEST NO. 53:** Admit that Plaintiff S.K. paid directly or indirectly for the October 9, 2018 visit and services rendered during that visit.

**RESPONSE:** Admit that Plaintiff S.K. paid directly for a portion of the charges associated with the October 9, 2018 visit; insurance paid for the remaining amounts due and owing.

**REQUEST NO. 54:** Admit that Plaintiff S.K. had no ability to determine whether the flu vaccine she received on October 9, 2018 had been subject to a Temperature Excursion that may have reduced their efficacy prior to receiving those vaccines.

**RESPONSE:** Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response assumes a temperature excursion occurred, which is not conceded. Essentia admits that Plaintiff S.K. had no ability to determine that the flu vaccine she received on October 9, 2018 had been subject to a potential temperature excursion that may have reduced their efficacy prior to receiving those vaccines because the potential temperature excursion was not discovered until February of 2020.

13

**REQUEST NO. 55:** Admit that You did not provide Plaintiff S.K. with any information or warning that the flu vaccine she received on October 9, 2018 may have been subject to a Temperature Excursion that may have reduced its efficacy prior to administering those vaccines.

**RESPONSE:** Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response would assume Essentia had an obligation to disclose a potential temperature excursion of which it was unaware at the time of administration. Essentia admits it did not disclose the potential temperature excursion to Plaintiff S.K. prior to administration on October 9, 2018 because it did not discover the potential temperature excursion until February of 2020.

**REQUEST NO. 56:** Admit that Plaintiff S.K. used the flu vaccine she received on October 9, 2018 in its intended manner.

**RESPONSE:** Admit.

**REQUEST NO. 57:** Admit that You did not receive Plaintiff S.K.'s informed consent to receive a flu vaccine that may have been subject to a Temperature Excursion.

**RESPONSE:** Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response would assume Essentia had an obligation to disclose a potential temperature excursion of which it was unaware at the time of administration. Essentia admits it did not disclose the potential temperature excursion to Plaintiff S.K. prior to administration on October 9, 2018 because it did not discover the potential temperature excursion until February of 2020.

**REQUEST NO. 58:** Admit that You did not offer Plaintiff S.K. a full refund for the flu vaccine that she received on October 9, 2018.

**RESPONSE:** Admit.

**REQUEST NO. 59:** Admit that, on October 9, 2018, at Essentia's West Fargo Clinic, Plaintiff O.K. received a flu vaccine that was later invalidated by the North Dakota Department of Health.

**RESPONSE:** Admit that, on October 9, 2018, at Essentia's West Fargo Clinic, Plaintiff O.K. received a flu vaccine that was potentially impacted by the potential temperature excursion.

**REQUEST NO. 60:** Admit that Plaintiff O.K. paid directly or indirectly for the October 9, 2018 visit and services rendered during that visit.

**RESPONSE:** Admit that Plaintiff O.K. paid directly for a portion of the charges associated with the October 9, 2018 visit; insurance paid for the remaining amounts due and owing.

14

**REQUEST NO. 61:** Admit that Plaintiff O.K. had no ability to determine whether the flu vaccine she received on October 9, 2018 had been subject to a Temperature Excursion that may have reduced its efficacy prior to receiving those vaccines.

**RESPONSE:**   Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response assumes a temperature excursion occurred, which is not conceded.  Essentia admits that Plaintiff O.K. had no ability to determine that the flu vaccine received on October 9, 2018 had been subject to a potential temperature excursion that may have reduced its efficacy prior to receiving the vaccine because the potential temperature excursion was not discovered until February of 2020.

**REQUEST NO. 62:** Admit that You did not provide Plaintiff O.K. with any information or warning that the flu vaccine she received on October 9, 2018 may have been subject to a Temperature Excursion that may have reduced its efficacy prior to administering those vaccines.

**RESPONSE:**   Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response would assume Essentia had an obligation to disclose a potential temperature excursion of which it was unaware at the time of administration.  Essentia admits it did not disclose the potential temperature excursion to Plaintiff O.K. prior to administration on October 9, 2018 because it did not discover the potential temperature excursion until February of 2020.

**REQUEST NO. 63:** Admit that Plaintiff O.K. used the flu vaccine she received on October 9, 2018 in its intended manner.

**RESPONSE:**   Admit.

**REQUEST NO. 64:** Admit that You did not receive Plaintiff O.K.'s informed consent to receive a flu vaccine that may have been subject to a Temperature Excursion.

**RESPONSE:**   Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response would assume Essentia had an obligation to disclose a potential temperature excursion of which it was unaware at the time of administration.  Essentia admits it did not disclose the potential temperature excursion to Plaintiff O.K. prior to administration on October 9, 2018 because it did not discover the potential temperature excursion until February of 2020.

**REQUEST NO. 65:** Admit that You did not offer Plaintiff O.K. a full refund for the flu vaccine that she received on October 9, 2018.

**RESPONSE:**   Admit.

**REQUEST NO. 66:** Admit that You administered all vaccines identified in Tab "LRK" of EH052465 to Plaintiff L.K.

**RESPONSE:**   Admit.

**REQUEST NO. 67:** Admit that all vaccines identified in Tab "LRK" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:**   Admit that the vaccines identified in Tab "LRK" of EH052465 were potentially impacted by the potential temperature excursion.

**REQUEST NO. 68:** Admit that You recommended Plaintiff L.K. receive revaccinations of all the vaccines identified in Tab "LRK" of EH052465.

**RESPONSE:**   Admit that Plaintiff L.K. was offered revaccination at no charge for eligible vaccinations potentially impacted by the potential temperature excursion.

**REQUEST NO. 69:** Admit that Plaintiff L.K. paid directly or indirectly for each of the visits and each of the services identified in Tab "LRK" of EH052465.

**RESPONSE:**   Admit that Plaintiff O.K. paid directly for a portion of the charges associated with the services identified in Tab "LRK" of EH052465; insurance paid for the remaining amounts due and owing.

**REQUEST NO. 70:** Admit that You did not provide Plaintiff L.K. with any information or warning that the vaccines and medications identified in Tab "LRK" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response would assume Essentia had an obligation to disclose a potential temperature excursion of which it was unaware at the time of administration.  Essentia admits it did not disclose the potential temperature excursion to Plaintiff L.K. prior to administration because it did not discover the potential temperature excursion until February of 2020.

**REQUEST NO. 71:** Admit that Plaintiff L.K. had no ability to determine whether the vaccines and medications identified in Tab "LRK" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

16

**RESPONSE:**    Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response assumes a temperature excursion occurred, which is not conceded.  Essentia admits that Plaintiff L.K. had no ability to determine that the vaccines and medications she received identified in Tab "LRK" of EH052465 had been subject to a potential temperature excursion that may have reduced their efficacy prior to receiving those vaccines because the potential temperature excursion was not discovered until February of 2020.

**REQUEST NO. 72:** Admit that Plaintiff L.K. used the vaccines and medications identified in Tab "LRK" of EH052465 in their intended manner.

**RESPONSE:**   Admit.

**REQUEST NO. 73:** Admit that You did not receive Plaintiff L.K.'s informed consent to receive the vaccines and medications identified in Tab "LRK" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:**    Essentia cannot reasonably admit or deny this Request as it is phrased in such a way that either response would assume Essentia had an obligation to disclose a potential temperature excursion of which it was unaware at the time of administration.  Essentia admits it did not disclose the potential temperature excursion to Plaintiff L.K. prior to administration because it did not discover the potential temperature excursion until February of 2020.

**REQUEST NO. 74:** Admit that You did not offer Plaintiff L.K. a full refund for the vaccines and medications identified in Tab "LRK" of EH052465.

**RESPONSE:**   Admit.

 **D. Requests for Admission Specific to Plaintiffs Shelli Schneider, A.S., and W.S.**

**REQUEST NO. 75:** Admit that You administered all vaccines identified in Tab "SLLS" of EH052465 to Plaintiff Shelli Schneider.

**RESPONSE:**   Admit.

**REQUEST NO. 76:** Admit that all vaccines identified in Tab "SLLS" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

17

**REQUEST NO. 77:** Admit that You recommended Plaintiff Shelli Schneider receive revaccinations of all the vaccines identified in Tab "SLLS" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 78:** Admit that Plaintiff Shelli Schneider paid directly or indirectly for each of the visits and each of the services identified in Tab "SLLS" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 79:** Admit that You did not provide Plaintiff Shelli Schneider with any information or warning that the vaccines identified in Tab "SLLS" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 80:** Admit that Plaintiff Shelli Schneider had no ability to determine whether the vaccines identified in Tab "SLLS" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 81:** Admit that Plaintiff Shelli Schneider used the vaccines identified in Tab "SLLS" of EH052465 in their intended manner.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 82:** Admit that You did not receive Plaintiff Shelli Schneider's informed consent to receive the vaccines identified in Tab "SLLS" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

18

**REQUEST NO. 83:** Admit that You did not offer Plaintiff Shelli Schneider a full refund for the vaccines identified in Tab "SLLS" of EH052465.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 84:** Admit that You administered all vaccines identified in Tab "AJS" of EH052465 to Plaintiff A.S.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 85:** Admit that all vaccines identified in Tab "AJS" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 86:** Admit that You recommended Plaintiff A.S. receive revaccinations of all the vaccines identified in Tab "AJS" of EH052465.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**RESPONSE:** Admit that Plaintiff A.S. paid directly or indirectly for each of the visits and each of the services identified in Tab "AJS" of EH052465.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 87:** Admit that You did not provide Plaintiff A.S. with any information or warning that the vaccines identified in Tab "AJS" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

19

**REQUEST NO. 88:** Admit that Plaintiff A.S. had no ability to determine whether the vaccines identified in Tab "AJS" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 89:** Admit that Plaintiff A.S. used the vaccines identified in Tab "AJS" of EH052465 in their intended manner.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 90:** Admit that You did not receive Plaintiff A.S.' informed consent to receive the vaccines identified in Tab "AJS" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 91:** Admit that You did not offer Plaintiff A.S. a full refund for the vaccines identified in Tab "AJS" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 92:** Admit that You administered all vaccines identified in Tab "WDS" of EH052465 to Plaintiff W.S.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 93:** Admit that all vaccines identified in Tab "WDS" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 94:** Admit that You recommended Plaintiff W.S. receive revaccinations of all the vaccines identified in Tab "WDS" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 95:** Admit that Plaintiff W.S. paid directly or indirectly for each of the visits and each of the services identified in Tab "WDS" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 96:** Admit that You did not provide Plaintiff W.S. with any information or warning that the vaccines identified in Tab "WDS" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 97:** Admit that Plaintiff W.S. had no ability to determine whether the vaccines identified in Tab "WDS" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 98:** Admit that Plaintiff W.S. used the vaccines identified in Tab "WDS" of EH052465 in their intended manner.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 99:** Admit that You did not receive Plaintiff W.S.' informed consent to receive the vaccines identified in Tab "WDS" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

21

**REQUEST NO. 100:**        Admit that You did not offer Plaintiff W.S. a full refund for the vaccines identified in Tab "WDS" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

### E. Requests for Admission Specific to Plaintiffs Anne Bailey and D.B.

**REQUEST NO. 102:**        Admit that You administered all vaccines identified in Tab "AEB" of EH052465 to Plaintiff Anne Bailey.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 103:**        Admit that all vaccines identified in Tab "AEB" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 104:**        Admit that You recommended Plaintiff Anne Bailey receive revaccinations of all the vaccines identified in Tab "AEB" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 105:**        Admit that Plaintiff Anne Bailey paid directly or indirectly for each of the visits and each of the services identified in Tab "AEB" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 106:**        Admit that You did not provide Plaintiff Anne Bailey with any information or warning that the vaccines identified in Tab "AEB" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 107:**   Admit that Plaintiff Anne Bailey had no ability to determine whether the vaccines identified in Tab "AEB" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 108:**   Admit that Plaintiff Anne Bailey used the vaccines identified in Tab "AEB" of EH052465 in their intended manner.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 109:**   Admit that You did not receive Plaintiff Anne Bailey's informed consent to receive the vaccines identified in Tab "AEB" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 110:**   Admit that You did not offer Plaintiff Anne Bailey a full refund for the vaccines identified in Tab "AEB" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 111:**   Admit that You administered all vaccines identified in Tab "DEB" of EH052465 to Plaintiff D.B.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 112:**   Admit that all vaccines identified in Tab "DEB" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

23

**REQUEST NO. 113:**        Admit that You recommended Plaintiff D.B. receive revaccinations of all the vaccines identified in Tab "DEB" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 114:**        Admit that Plaintiff D.B. paid directly or indirectly for each of the visits and each of the services identified in Tab "DEB" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 115:**        Admit that You did not provide Plaintiff D.B. with any information or warning that the vaccines identified in Tab "DEB" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 116:**        Admit that Plaintiff D.B. had no ability to determine whether the vaccines identified in Tab "DEB" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 117:**        Admit that Plaintiff D.B. used the vaccines identified in Tab "DEB" of EH052465 in their intended manner.

**ANSWER**:  Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 118:**        Admit that You did not receive Plaintiff D.B.'s informed consent to receive the vaccines identified in Tab "DEB" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

24

**REQUEST NO. 119:**        Admit that You did not offer Plaintiff D.B. a full refund for the vaccines identified in Tab "DEB" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

### F. Requests for Admission Specific to Plaintiffs Amy Lavelle, Em.L., and El.L.

**REQUEST NO. 120:**        Admit that, on February 7, 2018, at Essentia's West Fargo Clinic, Plaintiff Em.L. received a flu vaccine that was later invalidated by the North Dakota Department of Health.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 121:**        Admit that Plaintiff Em.L. paid directly or indirectly for the February 7, 2018 visit and services rendered during that visit.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 122:**        Admit that Plaintiff Em.L. had no ability to determine whether the flu vaccine she received on February 7, 2018 had been subject to a Temperature Excursion that may have reduced its efficacy prior to receiving those vaccines.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 123:**        Admit that You did not provide Plaintiff Em.L. with any information or warning that the flu vaccine she received on February 7, 2018 may have been subject to a Temperature Excursion that may have reduced its efficacy prior to administering those vaccines.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 124:**        Admit that Plaintiff Em.L. used the flu vaccine she received on February 7, 2018 in its intended manner.

25

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 125:**        Admit that You did not receive Plaintiff Em.L. informed consent to receive a flu vaccine that may have been subject to a Temperature Excursion.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 126:**        Admit that You did not offer Plaintiff Em.L. a full refund for the flu vaccine that she received on February 7, 2018.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 127:**        Admit that, on February 7, 2018, at Essentia's West Fargo Clinic, Plaintiff El.L. received a flu vaccine that was later invalidated by the North Dakota Department of Health.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 128:**        Admit that Plaintiff El.L. paid directly or indirectly for the February 7, 2018 visit and services rendered during that visit.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 129:**        Admit that Plaintiff El.L. had no ability to determine whether the flu vaccine she received on February 7, 2018 had been subject to a Temperature Excursion that may have reduced its efficacy prior to receiving those vaccines.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 130:**        Admit that You did not provide Plaintiff El.L. with any information or warning that the flu vaccine she received on February 7, 2018 may have been subject to a Temperature Excursion that may have reduced its efficacy prior to administering those vaccines.

26

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 131:**          Admit that Plaintiff El.L. used the flu vaccine she received on February 7, 2018 in its intended manner.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 132:**          Admit that You did not receive Plaintiff El.L. informed consent to receive a flu vaccine that may have been subject to a Temperature Excursion.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 133:**          Admit that You did not offer Plaintiff El.L. a full refund for the flu vaccine that she received on February 7, 2018.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

### G. Requests for Admission Specific to Plaintiffs Elizabeth Beaton and M.B.

**REQUEST NO. 134:**          Admit that, on September 4, 2019 at Essentia's West Fargo Clinic, Plaintiff M.B. received a meningococcal vaccine that was later invalidated by the North Dakota Department of Health.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 135:**          Admit that Plaintiff M.B. paid directly or indirectly for the September 4, 2019 visit and services rendered during that visit.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 136:**          Admit that Plaintiff M.B. had no ability to determine whether the meningococcal vaccine she received on September 4, 2019 had been subject to a Temperature Excursion that may have reduced its efficacy prior to receiving those vaccines.

27

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 137:**        Admit that You did not provide Plaintiff M.B. with any information or warning that the meningococcal vaccine she received on September 4, 2019 may have been subject to a Temperature Excursion that may have reduced its efficacy before administration.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 138:**        Admit that Plaintiff M.B. used the meningococcal vaccine she received on September 4, 2019 in its intended manner.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 139:**        Admit that You did not receive Plaintiff M.B.'s informed consent to receive a meningococcal vaccine on September 4, 2019 that may have been subject to a Temperature Excursion.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 140:**        Admit that You did not offer Plaintiff M.B. a full refund for the meningococcal vaccine that she received on September 4, 2019.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 141:**        Admit that Plaintiff Elizabeth Beaton paid directly or indirectly for each of the visits and each of the services identified in EH052463 and EH052464.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 142:**        Admit that You did not provide Plaintiff Elizabeth Beaton with any information or warning that the medications identified in EH052463 and EH052464 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

28

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 143:** Admit that Plaintiff Elizabeth Beaton had no ability to determine whether the medications identified in EH052463 and EH052464 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 144:** Admit that Plaintiff Elizabeth Beaton used the medications identified in EH052463 and EH052464 in their intended manner.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 145:** Admit that You did not receive Plaintiff Elizabeth Beaton informed consent to receive the medications identified in EH052463 and EH052464 that may have been subject to a Temperature Excursion.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 146:** Admit that You did not offer Plaintiff Elizabeth Beaton a full refund for the medications identified in EH052463 and EH052464.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**H. Requests for Admission Specific to Plaintiffs Amanda Fauske, Tyrell Fauske, C.R.F., and C.J.F.**

**REQUEST NO. 147:** Admit that You administered all vaccines identified in Tab "ALF" of EH052465 to Plaintiff Amanda Fauske.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 148:**        Admit that all vaccines identified in Tab "ALF" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 149:**        Admit that You recommended Plaintiff Amanda Fauske receive revaccinations of all the vaccines identified in Tab "ALF" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 150:**        Admit that Plaintiff Amanda Fauske paid directly or indirectly for each of the visits and each of the services identified in Tab "ALF" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 151:**        Admit that You did not provide Plaintiff Amanda Fauske with any information or warning that the vaccines identified in Tab "ALF" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 152:**        Admit that Plaintiff Amanda Fauske had no ability to determine whether the vaccines identified in Tab "ALF" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 153:**        Admit that Plaintiff Amanda Fauske used the vaccines identified in Tab "ALF" of EH052465 in their intended manner.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 154:**         Admit that You did not receive Plaintiff Amanda Fauske informed consent to receive the vaccines identified in Tab "ALF" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 155:**         Admit that You did not offer Plaintiff Amanda Fauske a full refund for the vaccines identified in Tab "ALF" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 156:**         Admit that You administered all vaccines identified in Tab "CJF" of EH052465 to Plaintiff C.J.F.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 157:**         Admit that all vaccines identified in Tab "CJF" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 158:**         Admit that You recommended Plaintiff C.J.F. receive revaccinations of all the vaccines identified in Tab "CJF" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 159:**         Admit that Plaintiff C.J.F. paid directly or indirectly for each of the visits and each of the services identified in Tab "CJF" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

31

**REQUEST NO. 160:**     Admit that You did not provide Plaintiff C.J.F. with any information or warning that the vaccines identified in Tab "CJF" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 161:**     Admit that Plaintiff C.J.F. had no ability to determine whether the vaccines identified in Tab "CJF" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 162:**     Admit that Plaintiff C.J.F. used the vaccines identified in Tab "CJF" of EH052465 in their intended manner.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 163:**     Admit that You did not receive Plaintiff C.J.F. informed consent to receive the vaccines identified in Tab "CJF" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 164:**     Admit that You did not offer Plaintiff C.J.F. a full refund for the vaccines identified in Tab "CJF" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 165:**     Admit that You administered all vaccines identified in Tab "CRF" of EH052465 to Plaintiff C.R.F.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

32

**REQUEST NO. 166:**        Admit that all vaccines identified in Tab "CRF" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 167:**        Admit that You recommended Plaintiff C.R.F. receive revaccinations of all the vaccines identified in Tab "CRF" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 168:**        Admit that Plaintiff C.R.F. paid directly or indirectly for each of the visits and each of the services identified in Tab "CRF" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 169:**        Admit that You did not provide Plaintiff C.R.F. with any information or warning that the vaccines identified in Tab "CRF" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 170:**        Admit that Plaintiff C.R.F. had no ability to determine whether the vaccines identified in Tab "CRF" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 171:**        Admit that Plaintiff C.R.F. used the vaccines identified in Tab "CRF" of EH052465 in their intended manner.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

33

**REQUEST NO. 172:**    Admit that You did not receive Plaintiff C.R.F. informed consent to receive the vaccines identified in Tab "CRF" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 173:**    Admit that You did not offer Plaintiff C.R.F. a full refund for the vaccines identified in Tab "CRF" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

### I. Requests for Admission Specific to Plaintiffs Jessica Berg, A.B., and S.B.

**REQUEST NO. 174:**    Admit that You administered all vaccines identified in Tab "JRB" of EH052465 to Plaintiff Jessica Berg.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 175:**    Admit that all vaccines identified in Tab "JRB" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 176:**    Admit that You recommended Plaintiff Jessica Berg receive revaccinations of all the vaccines identified in Tab "JRB" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 177:**    Admit that Plaintiff Jessica Berg paid directly or indirectly for each of the visits and each of the services identified in Tab "JRB" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

34

**REQUEST NO. 178:**         Admit that You did not provide Plaintiff Jessica Berg with any information or warning that the vaccines identified in Tab "JRB" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 179:**         Admit that Plaintiff Jessica Berg had no ability to determine whether the vaccines identified in Tab "JRB" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 180:**         Admit that Plaintiff Jessica Berg used the vaccines identified in Tab "JRB" of EH052465 in their intended manner.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 181:**         Admit that You did not receive Plaintiff Jessica Berg informed consent to receive the vaccines identified in Tab "JRB" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 182:**         Admit that You did not offer Plaintiff Jessica Berg a full refund for the vaccines identified in Tab "JRB" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 183:**         Admit that You administered all vaccines identified in Tab "AEB" of EH052465 to Plaintiff A.B.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

35

**REQUEST NO. 184:**    Admit that all vaccines identified in Tab "AEB" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 185:**    Admit that You recommended Plaintiff A.B. receive revaccinations of all the vaccines identified in Tab "AEB" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 186:**    Admit that Plaintiff A.B. paid directly or indirectly for each of the visits and each of the services identified in Tab "AEB" of EH052465.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 187:**    Admit that You did not provide Plaintiff A.B. with any information or warning that the vaccines identified in Tab "AEB" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 188:**    Admit that Plaintiff A.B. had no ability to determine whether the vaccines identified in Tab "AEB" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 189:**    Admit that Plaintiff A.B. used the vaccines identified in Tab "AEB" of EH052465 in their intended manner.

**RESPONSE:**    Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

36

**REQUEST NO. 190:**         Admit that You did not receive Plaintiff A.B. informed consent to receive the vaccines identified in Tab "AEB" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 191:**         Admit that You did not offer Plaintiff A.B. a full refund for the vaccines identified in Tab "AEB" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 192:**         Admit that You administered all vaccines identified in Tab "SRB" of EH052465 to Plaintiff S.B.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 193:**         Admit that all vaccines identified in Tab "SRB" of EH052465 were invalidated by the North Dakota Department of Health.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 194:**         Admit that You recommended Plaintiff S.B. receive revaccinations of all the vaccines identified in Tab "SRB" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 195:**         Admit that Plaintiff S.B. paid directly or indirectly for each of the visits and each of the services identified in Tab "SRB" of EH052465.

**RESPONSE:**   Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

37

**REQUEST NO. 196:** Admit that You did not provide Plaintiff S.B. with any information or warning that the vaccines identified in Tab "SRB" of EH052465 may have been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 197:** Admit that Plaintiff S.B. had no ability to determine whether the vaccines identified in Tab "SRB" of EH052465 had been subject to a Temperature Excursion that may have reduced their efficacy before administration.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 198:** Admit that Plaintiff S.B. used the vaccines identified in Tab "SRB" of EH052465 in their intended manner.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 199:** Admit that You did not receive Plaintiff S.B. informed consent to receive the vaccines identified in Tab "SRB" of EH052465 that may have been subject to a Temperature Excursion.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

**REQUEST NO. 200:** Admit that You did not offer Plaintiff S.B. a full refund for the vaccines identified in Tab "SRB" of EH052465.

**RESPONSE:** Essentia objects to this Request on the basis it exceeds the numerical limitation placed on Requests for Admission in the Court's Order dated February 18, 2021 (Doc. ID No. 41).

38

## AS TO REQUESTS FOR ADMISSIONS:

I, Marlys Olson, am the Insurance & Claims Manager of Essentia Health. I am authorized to verify these Responses to Plaintiffs' First Set of Requests for Admission to Defendant Essentia Health. I believe the Responses to be complete and accurate to the best of my knowledge, although not personal knowledge, based upon the information provided to me and available at this time. On that basis, I declare under penalty of perjury that everything I have stated in this document is true and correct.

Signed on _June 27_, 2025, in the State of _MN_, County of _St Louis_.

**ESSENTIA HEALTH**

By: _Marlys Olson_

39

**AS TO FORM AND OBJECTIONS:**

<b>VOGEL LAW FIRM</b>

Date: June 27, 2025                    By:   */S/ BRIANA L. RUMMEL*
                                             Angela E. Lord (#05351)
                                             Briana L. Rummel (#08399)
                                             Vogel Law Firm
                                             218 NP Avenue
                                             PO Box 1389
                                             Fargo, ND 58107-1389
                                             Telephone: (701) 237-6983
                                             alord@vogellaw.com
                                             brummel@vogellaw.com


                                             Christopher R. Morris (ND #6407)
                                             Bryce D. Riddle
                                             100 South 5th Street, Suite 1500
                                             Minneapolis, MN 55402-1254
                                             Telephone:  (612) 333-3000
                                             cmorris@bassford.com
                                             briddle@bassford.com

                                             ***Attorneys for Defendant Essentia Health***

40